THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>　　　　　Plaintiff<br><br>v.<br><br>NETFLIX, INC.,<br><br>　　　　　Defendant. | CASE NO. 6:21-cv-00947-ADA |

**DECLARATION OF CHARLOTTE BOWERS IN SUPPORT OF DEFENDANT NETFLIX, INC'S MOTION TO DISMISS FOR IMPROPER VENUE OR IN THE ALTERNATIVE, TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

I, Charlotte Bowers, declare as follows:

1. I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would competently do so under oath.

2. I am a paralegal working in the legal group of Netflix, Inc. ("Netflix"). I provide this declaration in support of Netflix's motion to dismiss or transfer. Unless otherwise indicated below, the statements in this declaration are based upon my personal knowledge or corporate records maintained by Netflix in the ordinary course of business.

3. Attached as **Exhibit 1** is a true and correct copy of the website U.S. District Court, Northern District of California, Jurisdiction Map, https://www.cand.uscourts.gov/about/jurisdiction-map/, as it appeared on December 13, 2021. I reviewed Exhibit 1 to familiarize myself with the geographic regions that make up the Northern District of California. I understand Los Gatos to be in the Northern District of California.

4. Netflix is incorporated in Delaware and is headquartered in Los Gatos, California. Netflix has always maintained its headquarters in the Northern District of California. When founded in 1997, Netflix had its headquarters in Scotts Valley, California. Approximately two years later, Netflix moved its headquarters to nearby Los Gatos, California, where its headquarters remain today.

5. Netflix makes its product development and business management decisions at its Los Gatos, California headquarters, where its management, engineering, product design and development, marketing, and finance staff are based.

6. I understand that plaintiff Valjakka accuses Netflix's Open Connect program ("Accused Technology") of patent infringement.

7. I have personally investigated where the Accused Technology and the technology and systems that support it were and are designed and developed. My investigation revealed that Netflix developed the accused Open Connect technology in its Los Gatos headquarters, and those products are also managed there. Because Netflix's product and engineering teams are based in Los Gatos, its source code is maintained from there, as is any other documentation about the research, design, and development of its streaming service and Open Connect service. To my knowledge, hard-copy documentation is not maintained in any other Netflix location.

8. Netflix maintains its financial documentation in the Los Gatos headquarters, where Netflix's primary corporate decision making takes place.

9. Netflix has advertised for "remote" positions, but these positions may be held at any location in the United States. Since the filing of Valjakka's complaint, Netflix has not marketed or advertised for positions based in Texas, and it has not marketed employment opportunities specifically to residents of the Western District.

10. Based on plaintiff's accusations in this case, Netflix believes the following Netflix employees are relevant to the Accused Technology:

      a. Alex Gutarin, Director of Engineering, Content Delivery

      b. Michael Costello, Director of Engineering

      c. Ellen Livengood, Technical Project Manager

      d. Mohit Vora, Director, Content Delivery

      e. Lara Deek, Software Engineer

      f. Ishaan Shastri, Engineering Manager

11. All of the above-listed individuals are product or engineering employees and located in Northern California. Based on an initial investigation, we believe these employees will have relevant information regarding this case.

12. Renee Rodriguez is Netflix's Vice President, Corporate Controller. She has knowledge of Netflix's finances. She is also based out of Netflix's Los Gatos headquarters. Should it become necessary, Renee Rodriguez would testify concerning revenues and profits for damages purposes.

13. Attached as **Exhibit 2** is a true and correct copy of the website of the U.S. Marshals Service, which shows a map of the Western District of Texas and lists the counties, https://www.usmarshals.gov/district/tx-w/general/area.htm, as it appeared on December 13, 2021. I reviewed Exhibit 2 to familiarize myself with the geographic regions that make up the Western District of Texas.

14. Netflix does not have any offices or physical locations in Western Texas, or in the State of Texas.

15. Netflix has never leased any property at 2008 Alexander Ave., Austin, TX 78722. I investigated this alleged lease myself, and I was informed that Netflix never leased this property or used it for any purpose.

16. Netflix has only forty-nine employees who reside in the Western District of Texas.

17. Netflix does not require any of these forty-nine employees to live in the Western District of Texas, nor does Netflix require them to seek or obtain Netflix's approval before moving their homes out of the District. Were any or all of these employees to terminate their employment with Netflix or move elsewhere, Netflix would have no reason to replace them with new employees

in the Western District of Texas.  Indeed, Netflix does not care whether these employees live in the Western District of Texas.

18.  Netflix does not expect the forty-nine employees who live in the Western District of Texas to meet customers or partners in their homes or for their homes to be used as storage or distribution centers.  Netflix does not require the employees to maintain product literature at their homes.  Netflix does not own, lease, or subsidize the employees' homes, market or advertise their homes as being Netflix locations, or put Netflix signs on their homes.  Netflix does not pay any of these employees for use of their homes.  If any of these employees were to leave Netflix's employment, the company would have no claim or residual rights to any space in their homes.

19.  Of the forty-nine employees residing in the Western District of Texas, only two of the employees are on the Content Delivery team that involves the Accused Technology.  Netflix has determined that these two employees are not relevant to the accused functionality, and do not possess information material to this matter.  Netflix would have no reason to rely upon any information from either of them or call either as a witness in this case.

20.  It would be significantly more burdensome for Netflix to have any employees or witnesses attend trial, or other proceedings, in the Western District of Texas as compared to the Northern District of California.  For proceedings in the Northern District of California, employees based out of Los Gatos would not have to travel out of the Bay Area.  In contrast, if any Los Gatos employees were required to attend trial or other proceedings in the Western District of Texas, they would have to travel by plane and spend at least one night at a hotel, which would be more costly and could interfere with their normal responsibilities at Netflix, as well as with responsibilities related to their families.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 13th day of December 2021, Maricopa, Arizona.

DocuSigned by:
*Charlotte Bowers*
D3CA3EFF3F0E49E...

CHARLOTTE BOWERS

5