Susan S.Q. Kalra, CA SBN167940
Email: susan@m-iplaw.com
MAHAMEDI IP LAW LLP
910 Campisi Way, Suite 1E
Campbell, CA 95008
Telephone: (408) 236-6640
Fax: (408) 236-6641

William P. Ramey, III (*pro hac vice* anticipated)
Email: wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorneys for Plaintiff*
LAURI VALJAKKA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LAURI VALJAKKA,<br><br>                 Plaintiff,<br>    v.<br><br>NETFLIX, INC.,<br><br>                 Defendant. | Case No.: 4:22-cv-01490-JST<br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Lauri Valjakka ("Lauri" or "Plaintiff"), files this Complaint for Patent Infringement against Netflix, Inc. ("Netflix" or "Defendant"), and would respectfully show the Court as follows:

## PARTIES

1. Plaintiff is a citizen of Finland having an address located at Valtakatu 51, Vapaudenaukio Technopolis 2, 53100 Lappeenranta, Finland.

2. On information and belief, Defendant is a Delaware corporation with a principal address of 100 Winchester Cir., Los Gatos, CA 95032.

3. On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Northern District of California, and otherwise directs infringing activities to this District in connection with its products and services.

## JURISDICTION

4. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5. This United States District Court for the Northern District of California has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of California.

6. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of California.

7. Defendant has committed acts of infringing the patents-in-suit within this District and the State of California by making, using, selling, offering for sale, and/or importing in or into this

District and elsewhere in the State of California, products claimed by the patents-in-suit, including without limitation products made by practicing the claimed methods of the patents-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of California. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of California.

8. This Court has personal jurisdiction over Defendant. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of California and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within California and this District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Northern District of California that Defendant knew would be used within this District, and by soliciting business from the residents of the Northern District of California. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the patents-in-suit. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of California.

9. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising with this District, Defendant has also made its

products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

10. The amount in controversy exceeds $75,000 exclusive of interests and costs.

11. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District.

## THE PATENTS-IN-SUIT

12. On July 23, 2013, United States Patent No. 8,495,167 ("the '167 Patent"), entitled "Data Communications Networks, Systems, Methods and Apparatus" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '167 Patent claims patent-eligible subject matter and is valid and enforceable. Lauri is the exclusive owner by assignment of all rights, title, and interest in the '167 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '167 Patent. Defendant is not licensed to the '167 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '167 patent whatsoever. A true and correct copy of the '167 patent is attached hereto as **Exhibit A**.

13. On July 28, 2020, United States Patent No. 10,726,102 ("the '102 Patent"), entitled "Method Of and System For Providing Access to Access Restricted Content to a User" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '102 Patent claims patent-eligible subject matter and is valid and enforceable. Lauri is the exclusive owner

by assignment of all rights, title, and interest in the '102 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '102 Patent. Defendant is not licensed to the '102 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '102 patent whatsoever. A true and correct copy of the '102 patent is attached hereto as **Exhibit B**.

14. The '167 Patent and the '102 Patent are referred to herein as the "patents-in-suit."

15. Plaintiff Lauri is the owner of the entire right, title, and interest in and to the patents-in-suit. The patents-in-suit are presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

16. The term "Accused Instrumentalities" or "Accused Products" refers to, by way of example and without limitation, Netflix's Open Connect program and Netflix websites (*e.g.* https://www.netflix.com).

## COUNT I

## PATENT INFRINGEMENT OF THE '167 PATENT

17. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

18. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '167 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

19. Defendant has knowledge that its activities concerning the Accused Products infringe one or more claims of the '167 Patent. Further, Defendant provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations,

and website materials encouraging its customers to purchase and instructing them to use Defendant's Accused Products (which are acts of direct infringement of the '167 Patent). Alternatively, Defendant knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '167 Patent but took deliberate actions to avoid learning of these facts.

20. On information and belief, Defendant's infringement of the '167 Patent has been willful and merits increased damages. As outlined below, Defendant knew of the '167 Patent since at least October 2014. After learning of the '167 Patent in October 2014, Defendant infringed the patent through its use of and improvements made to products including, but not limited to, Netflix Open Connect. Finally, in doing so Defendant knew that this conduct amounted to infringement because Defendant was aware of the patent and its strategic advantage to Defendant's patent portfolio from the information provided in a October 2014 letter to Defendant's headquarters in Los Gatos, California.

21. On information and belief, Defendant has known that its activities concerning the Accused Products could infringe one or more claims of the '167 Patent since at least October 2014 when Lauri Valjakka as CEO of SC Intelligent Holding OY sent a letter via United States Postal Service Certified Mail to Gregory K. Peters, Chief Streaming and Partnerships Officer of Netflix, informing him of the '167 Patent. A copy of the letter and receipt of delivery from October 2014 is attached herein as **Exhibit D**.

22. Alternatively, if Defendant claims to not have knowledge of the '167 Patent by receiving the October 2014 letter delivered to Netflix's headquarters, Defendant was willfully blind by taking deliberate action to avoid learning of the notice letter delivered to Defendant's headquarters and addressed to one of Defendant's Chief Officers.

23. On information and belief, Defendant has made no attempt to design around the claims of the '167 Patent.

24. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '167 Patent were invalid.

25. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of California, including in this District.

26. Lauri has been damaged as the result of Defendant's willful infringement.

27. The claim chart attached hereto as **Exhibit C** describes how the elements of an exemplary claim 1 from the '167 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## COUNT II

### PATENT INFRINGEMENT OF THE '102 PATENT

28. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

29. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 10 of the '102 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

30. Defendant has knowledge that its activities concerning the Accused Products infringe one or more claims of the '102 Patent. Further, Defendant provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Defendant's Accused Products (which are acts of direct infringement of the '102 Patent). Alternatively, Defendant knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '102 Patent but took deliberate actions to avoid learning of these facts.

31. On information and belief, Defendant has made no attempt to design around the claims of the '102 Patent.

32. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '102 Patent were invalid.

33. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of California, including in this District.

34. Lauri has been damaged as the result of Defendant's infringement.

35. The claim chart attached hereto as **Exhibit C** describes how the elements of an exemplary claim 10 from the '102 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lauri respectfully requests the following relief:

A. A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the patents-in-suit;

B. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284 including past damages based on, *inter alia*, any necessary compliance with 35 U.S.C. §287, treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

C. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

D. A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

E. A judgment and order awarding a compulsory ongoing royalty;

F. A judgment and order awarding Plaintiff costs associated with bringing this action; and

G. Such other and further relief as the Court deems just and equitable.

Dated: May 12, 2022                           Respectfully submitted,

                                              MAHAMEDI IP LAW LLP

                                              /s/ Susan S.Q. Kalra
                                              Susan S.Q. Kalra, CA SBN 167940
                                              910 Campisi Way, Suite 1E
                                              Campbell, CA 95008
                                              Telephone: (408) 236-6640
                                              Fax: (408) 236-6641
                                              Email: susan@m-iplaw.com

RAMEY LLP

/s/ William P. Ramey, III
William P. Ramey, III (*pro hac vice* anticipated)
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175
Email: wramey@rameyfirm.com

Attorneys for Plaintiff
LAURI VALJAKKA

## **DEMAND FOR JURY TRIAL**

Pursuant to FED. R. CIV. P. 38, Plaintiff Lauri Valjakka hereby demands a trial by jury on all issues so triable.

Dated: May 12, 2022                Respectfully submitted,

MAHAMEDI IP LAW LLP

/s/ Susan S.Q. Kalra
Susan S.Q. Kalra, CA SBN 167940
910 Campisi Way, Suite 1E
Campbell, CA 95008
Telephone: (408) 236-6640
Fax: (408) 236-6641
Email: susan@m-iplaw.com


RAMEY LLP

/s/ William P. Ramey, III
William P. Ramey, III (*pro hac vice* anticipated)
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175
Email: wramey@rameyfirm.com

Attorneys for Plaintiff
LAURI VALJAKKA