Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Janice L. Ta, Bar No. 24075138
  (pro hac vice pending)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300


*Attorneys for Defendant*
*NETFLIX, INC.*

Susan S.Q. Kalra
(California State Bar No. 167940)
Email: susan@m-iplaw.com
MAHAMEDI IP LAW LLP
910 Campisi Way, Suite 1E
Campbell, CA 95008
Telephone: (408) 236-6640
Fax: (408) 236-6641

William P. Ramey, III (pro hac vice)
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175
Email: wramey@rameyfirm.com

*Attorneys for Plaintiff*
LAURI VALJAKKA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

|  |  |
|---|---|
| **LAURI VALJAKKA,** | |
| Plaintiff, | Case No. 4:22-cv-01490-JST |
| v. | **JOINT RULE 26(F) REPORT** |
| **NETFLIX, INC.,** | Judge:    The Honorable Jon S. Tigar |
| Defendant. | |

Counsel for Plaintiff Lauri Valjakka ("Valjakka") and Netflix, Inc. ("Netflix") have met and conferred as required by Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, the Parties hereby submit the following Joint Rule 26(f) Report.

## I.     JURISDICTION AND SERVICE

This is a patent infringement action under the patent laws of the United States, Title 35 of the United States Code.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. The Parties do not contest that this Court has personal jurisdiction over the Parties or that venue is proper and convenient.  No parties remain to be served in this case.

## II.     FACTUAL BACKGROUND

### Valjakka's Statement

Plaintiff Valjakka is a citizen of Finland having an address located at Valtakatu 51, Vapaudenaukio Technopolis 2, 53100 Lappeenranta, Finland.  Defendant Netflix is a Delaware corporation with a principal address of 100 Winchester Cir., Los Gatos, CA 95032.  Defendant was served via its registered agent at CT Corporation System, located at 1999 Bryan St., STE 900 Dallas, TX 75201.

Valjakka sued Netflix in the Western District of Texas on September 13, 2021 for allegedly infringing claims of United States Patent No. 8,495,167 ("the '167 Patent") and claims of United States Patent No. 10,726,102 ("the '102 Patent") for its Netflix's Open Connect program and Netflix websites (e.g. https://www.netflix.com).   After agreement between the Parties, the case was transferred to the Northern District of California on March 8, 2022.

### Netflix's Statement

Netflix is a U.S. subscription streaming service and production company that launched on August 29, 1997.  Since starting as a mail-based DVD rental business, Netflix has become a pioneer in digital streaming and video on demand services while also growing as a content producer.  Netflix is headquartered in Los Gatos, California and currently employs over 12,000 employees across all its offices.  Every year, Netflix invests billions of dollars in researching and developing the technologies that enable and support its streaming services.   Netflix's

substantial investments have led to a large and substantive patent portfolio of more than 1,000 patents worldwide, spanning 233 unique patent families.

In contrast to Netflix, plaintiff Valjakka does not appear to be involved in the development or sale of any products. To the extent Valjakka was previously involved in any research, development, or sale of technology or products related to the Asserted Patents, this side of Valjakka's business ended many years ago. Valjakka's only motivation is to monetize its stale technology to extract a fee from Netflix for technologies it neither practices nor commercializes.

Netflix independently develops its own innovative technologies, while valuing and respecting the intellectual property rights of others. Netflix has not infringed the Asserted Patents, which are also invalid, and Netflix is not liable for any damages.

## III.        DISPUTED LEGAL ISSUES

The principal disputed legal issues in this case are:

1. The proper construction of disputed claim terms in the '167 patent and the '102 patent.

2. Whether Netflix directly infringes any claims of the '167 patent and the '102 patent under 35 U.S.C. § 271(a) and/or indirectly infringes any claims of the '167 patent and the '102 patent under 35 U.S.C. §§ 271(b) or (c).

3. Whether the asserted claim(s) of the '167 or '102 patents are invalid.

4. If infringement is found, whether Netflix owes any damages under 35 U.S.C. § 284 and 35 U.S.C. § 287.

5. Whether this case is exceptional under 35 U.S.C. § 285, entitling the prevailing party to attorneys' fees.

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this actions.

## IV.        MOTIONS

Plaintiff filed its Complaint against Netflix in the Western District of Texas on September 13, 2021. On December 13, 2021, Netflix moved to dismiss for improper venue, or, in the

alternative, to transfer to the Northern District of California based on convenience factors. ECF No. 13. Following Netflix's Motion to Dismiss, Plaintiff filed its First Amended Complaint (FAC) on January 3, 2022, which added allegations of infringement of the '102 patent. ECF No. 14. On March 3, 2022, the parties jointly moved the court to transfer the case to NDCA, and Judge Albright granted the transfer on March 8, 2022. Valjakka filed its Second Amended Complaint (SAC) on May 12, 2022. ECF No. 39. The SAC removed claims for indirect infringement and Valjakka's request for injunctive relief,

### Valjakka's Statement

Valjakka may seek leave to file one or more dispositive motions, as well as motions to compel discovery as necessary.

### Netflix's Statement

Netflix may file a motion to dismiss. Netflix also anticipates filing at least one motion for summary judgment on issues related to liability and/or damages.

## V.      AMENDMENT OF PLEADINGS

Plaintiff does not currently intend to amend the operative Complaint but reserves the right to do so should it discover additional information.

## VI.      EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and intend to meet and confer under Federal Rule of Civil Procedure 26(f) on or before May 17, 2022, regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in these cases.

The Parties are negotiating an ESI stipulation and stipulated Protective Order based on the District's Model ESI Stipulated Order and Model Protective Order for litigation involving patents, highly sensitive confidential information, and/or trade secrets.

### Netflix's Statement

Netflix timely issued a litigation hold to individuals related to this action.

VII.    DISCLOSURES

No initial disclosures have been made yet, as the deadlines for initial disclosures under Fed. R. Civ. P. 26 and the Local Patent Rules fall after the deadline for submitting this Joint Case Management Conference Statement to the Court.  The parties plan to serve disclosures on or before May 31, 2022, pursuant to Fed. R. Civ. P. 26.

VIII.    DISCOVERY

Discovery has not yet commenced.

a.    *Changes to the timing, form, or requirement for disclosures (Fed. R. Civ. P. 26(f)(3)(A)):*

The parties propose serving initial disclosures by May 31, 2022. The parties do not propose any change to the form or requirement for disclosures.

b.    *The subjects on which discovery may be needed (Fed. R. Civ. P. 26(f)(3)(B)):*

Valjakka anticipates seeking discovery on at least the following topics:

- Netflix's infringement of the claims of the '167 patent and the '102 patent;
- Netflix's revenue or other inured benefit from its infringement of '167 patent and the '102 patent;
- Netflix's first knowledge of Valjakka and/or the '167 patent and the '102 patent;
- Netflix's infringement analysis of the '167 patent and the '102 patent;
- Netflix's invalidity analysis of the '167 patent and the '102 patent;
- Netflix's revenue model for Netflix; and,
- Other issues that arise in asserting its anticipated counterclaims.

Netflix anticipates taking discovery on at least the following topics:

- Valjakka's commercial efforts and lack of commercial success;
- Valjakka's corporate history;
- The ownership, assignment, and transfer of interest rights of the Asserted Patents;
- The inventorship, conception, and reduction to practice of the Asserted Patents;

- Valjakka's licensing practices and activities (if any);
- Prior art in the field and invalidity and/or unenforceability of the Asserted Patents;
- The inventor(s) of the Asserted Patents;
- Any attempts by Valjakka or its predecessors to make and sell products purportedly embodying the Asserts Patents;
- The factual basis of any damages or other relief sought by Valjakka; and
- Other relevant issues that may arise during the course of discovery.

The parties reserve the right to amend these topics pending further discovery.

c. *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced (Fed. R. Civ. P. 26(f)(3)(C)):*

The Parties anticipate presenting an ESI order to the Court to govern the discovery of electronically stored information.

d. *Any issues about claims of privilege or of protection as trial-preparation materials (Fed. R. Civ. P. 26(f)(3)(D)):*

The Parties agree that absent a specific showing of need, documents created on or after the filing of the Complaint that are subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity do not need to be included in the Parties' privilege log.

e. *Changes that should be made to the limitations on discovery (Fed. R. Civ. P. 26(f)(3)(E)):*

The parties agree to serve interrogatories, document requests, deposition notices, requests for admission, and responses thereto, on each other via email. The parties further agree that service of a complete copy of these documents via email on or before midnight Pacific Time shall count as same-day service. The parties agree to the discovery limits set forth in the Federal Rules of Civil Procedure.

f. *Any other orders that the court should issue under Rule 26(c) or under Rule 16(b)*

*and (c):*

The parties anticipate presenting a stipulated protective order governing the discovery of confidential information to the Court.

## IX.    CLASS ACTION

This case is not a class action.

## X.    RELATED CASES

The '167 patent and the '102 patent are also at issue in the following related proceedings pending in Western District of Texas: *Valjakka v. Cisco Systems, Inc.*, Case No. 6:21-cv-00944; *Valjakka v. Amazon.com, Inc. et al.*, Case No. 6:21-cv-00945; *Valjakka v. Apple, Inc.*, Case No. 6:22-cv-00003; *Valjakka v. Google LLC*, Case No. 6:22-cv-00004; *Valjakka v. Intertrust Tech. Corp.*, Case No. 6:22-cv-00234; *Valjakka v. Philips North America LLC*, Case No. 6:22-cv-00224; and *Valjakka v. Sony Interactive Entertainment LLC*, Case No. 6:22-cv-00005.

## XI.    RELIEF

Valjakka respectfully requests that this Court:

i.   enter judgment that Defendant has infringed the Patents-in-Suit (if Valjakka filed its counterclaim);

ii.   award Valjakka damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit, in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

iii.   award Valjakka an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

iv.   declare this case to be "exceptional" under 35 U.S.C. § 285 and award Valjakka its attorneys' fees, expenses, and costs incurred in this action;

v.   declare Defendant's infringement to be willful and treble the damages, including

attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. §284;

vi.     (ii) award damages for future infringement in lieu of an injunction, in an amount consistent with the fact that for future infringement the Defendant will be adjudicated infringers of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

vii.    award Valjakka such other and further relief as this Court deems just and proper.

**Netflix's Statement**

Netflix denies that Valjakka is entitled to any relief described above or otherwise.  Netflix disagrees it has any liability to Valjakka or that Valjakka is entitled to any damages.  Netflix requests a declaration that Valjakka's claims merit no relief and that Netflix is entitled to an award of its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285.  In addition, Netflix may seek a declaratory judgment that the Asserted Patents are not infringed and are invalid.

**XII.      SETTLEMENT AND ADR**

The parties have had preliminary settlement discussions but have not been able to achieve a resolution.  The Parties will file ADR certification forms in accordance with Civil Local Rule 16-8(b) and ADR Local Rule 3-5(b).  The Parties intend to stipulate to an ADR process to occur a reasonable amount of time following the Court's claim construction order.

**XIII.     CONSENT TO MAGISTRATE JUDGE**

The Parties have declined to consent to a magistrate judge.

**XIV.     OTHER REFERENCES**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.    NARROWING OF ISSUES

The Parties do not anticipate any requests to bifurcate issues, claims, or defenses in this case.  The Parties agree to confer in good faith after the discovery period as to ways to expedite the presentation of evidence at trial.

## XVI.    EXPEDITED TRIAL PROCEDURE

The Parties do not propose that this case proceed under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII.    SCHEDULE

The Parties propose a modified schedule below that departs slightly from the local patent rules of this Court.

| Event | Agreed Proposed Deadlines |
|---|---|
| Initial disclosures and 26(f) Report [14 days after Rule 26(f) conference; FRCP 26(a)(1)(C)] | 5/31/2022 |
| Netflix to serve invalidity contentions and accompanying document production [45 days after service of infringement contentions; Pat. L.R. 3-3, 3-4] | 7/1/2022 |
| Exchange of list of claim terms [14 days after service of invalidity contentions; Pat. L.R. 4-1] | 7/15/2022 |
| Exchange of proposed constructions and extrinsic evidence [21 days after exchange of list of claim terms; Pat. L.R. 4-2] | 8/5/2022 |
| Damages contentions [not later than 50 days after service of invalidity contentions; Pat. L.R. 3-8] | 8/22/2022 |
| Joint claim construction prehearing statement [60 days after invalidity contentions; Pat. L.R. 4-3] | 8/30/2022 |
| Deadline for rebuttal damages contentions [30 days after service of damages contentions; Pat. L.R. 3-9] | 9/21/2022 |
| Close of claim construction discovery [30 days after prehearing statement; Pat. L.R. 4-4] | 9/29/2022 |
| Opening claim construction briefs [45 days after prehearing statement; Pat. L.R. 4-5(a)] | 10/14/2022 |
| Responsive claim construction briefs [14 days after opening briefs; Pat. L.R. 4-5(b)] | 10/28/2022 |
| Reply claim construction briefs [7 days after responsive briefs; Pat. L.R.4-5(c)] | 11/4/2022 |
| Claim construction hearing and technology tutorial [subject to Court's availability, 14 days after reply claim construction briefs; Pat. L.R. 4-6] | Subject to the convenience of the Court's calendar |

| | |
|---|---|
| Final election of asserted claims to no more than 10 claims. | 28 days after the Court's Claim Construction Order |
| Parties to submit proposed schedule for fact discovery deadline, expert discovery, dispositive and Daubert motions, pretrial, and trial. | 14 days after the Court's Claim Construction Order |
| | |

The Parties agree that it is not necessary to enter a schedule beyond the dates above at this early stage of the case.  However, to the extent the Court intends to enter additional deadlines, the Parties submit the proposal below:

| Event | Agreed Proposed Deadlines |
|---|---|
| Proposed Date for Designation of Experts | Estimated 90 days after the Court's claim construction ruling |
| Close of fact discovery | Estimated 150 days after the Court's claim construction ruling |
| Deadline to file discovery motions relating to fact discovery | 7 days after the close of fact discovery |
| Opening expert reports | 21 days after the close of fact discovery |
| Rebuttal expert reports | 42 days after opening expert reports |
| Close of expert discovery | 28 days after rebuttal expert reports |
| Opening summary judgment/Daubert briefs | 28 days after close of expert discovery |
| Responsive summary judgment/Daubert briefs | 14 days after Opening summary judgment/Daubert briefs |
| Reply summary judgment/Daubert briefs | 7 days after Answering summary judgment/Daubert briefs |
| Hearing on summary judgment/Daubert briefs | Subject to the convenience of the Court's calendar |

| Event | Agreed Proposed Deadlines |
|---|---|
| Pretrial Conference | Subject to the convenience of the Court's calendar |
| Trial | Subject to the convenience of the Court's calendar |

## XVIII.    TRIAL

Both Parties have requested trial by jury. The Parties expect that a trial for infringement and invalidity will last 3-5 court days, but because Netflix has yet to learn which and how many claims Valjakka will assert in this case, it reserves its right to revise this estimate.

## XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On April 26, 2022, Valjakka filed a Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. (Dkt. 36).

## XX.    PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.    OTHER ISSUES

The parties do not believe that any other issues are appropriate for inclusion in this Joint Case Management Statement.

## XXII.    ADDITIONAL INFORMATION PURSUANT TO PATENT LOCAL RULE 2-1(B)

**Proposed Modifications to the Obligations or Deadlines Set Forth in the Patent Local Rules.**

The parties' proposed schedule is set forth in Section XVII, above.

**Scope and Timing of Any Claim Construction Discovery.**

The parties' proposed schedule set forth in Section XVII, above, includes a proposed deadline for claim construction discovery.  Not later than 30 days after service of the "Joint

Claim Construction and Prehearing Statement" (Patent L.R. 4-4), unless otherwise ordered by the Court, any party that intends to rely on any witness who will give expert testimony to support that party's proposed constructions shall serve the other party or parties with a claim construction expert report for that witness at the time specified in Patent L.R. 4-2. Such reports shall comply with the disclosure requirements of Fed. R. Civ. P. 26(A)(2)(B).

**Format of the Claim Construction Hearing.**

The parties propose that the Claim Construction Hearing consist of a three-hour presentation, with 90 minutes allotted to Netflix and 90 minutes allotted to Valjakka.

**How the Parties Intend to Educate the Court on the Technology at Issue.**

The parties propose educating the Court on the technology at issue through a tutorial immediately preceding the Claim Construction Hearing.

**Non-Binding, Good-Faith Estimate of Damages Range.**

Valjakka contends that damages include at least a reasonable royalty, which damages may be trebled if determined egregious. Valjakka has not yet computed total damages.

Netflix denies that Valjakka is entitled to any relief described above or otherwise. Netflix disagrees that it has any liability to Valjakka, and reserves its right to respond to Valjakka's damages request after it has been provided.

The parties expect to be able to provide an estimate and explanation after the parties have exchanged Pat. L.R. 3-8 Damages Contentions and Pat. L.R. 3-9 Responsive Damages Contentions.

Dated: May 31, 2022                    Respectfully submitted,

                                       RAMEY LLP

                                       /s/William P. Ramey, III (pro hac vice)
                                       William P. Ramey, III

MAHAMEDI IP LAW LLP
Susan S.Q. Kalra, CA SBN 167940

**Attorneys for Plaintiff Lauri Valjakka**

Dated: May 31, 2022

PERKINS COIE, LLP

*/s/ Sarah E. Piepmeier -*
Sarah E. Piepmeier, CA SBN 227094

**Attorney for Defendant Netflix, Inc.**

## ATTESTATION

This document is being filed through the Electronic Case Filing (ECF) system by attorney William P. Ramey, III. Pursuant to Civ. L.R. 5-1(h)(3), by his signature, Mr. Ramey attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

DATED: April 21, 2022

Ramey LLP

/s/William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

## [PROPOSED] ORDER

The above Joint Case Management Statement & [Proposed] Order is approved as the Case Management Order for this case and the parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated: _____, 2022

_____
Hon. Jon S. Tigar

1

United States District Judge

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28