Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta (appearance *pro hac vice*)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

*Attorneys for Defendant*
NETFLIX, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>NETFLIX, INC.,<br><br>　　　　*Defendant*. | **Case No. 4:22-cv-01490-JST**<br><br>**NETFLIX, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S WILLFUL INFRINGEMENT CLAIMS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　August 25, 2022<br>Time:　2:00 PM<br>Place:　Courtroom 6<br>Judge:　Hon. Jon S. Tigar |

# **TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ..................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................2

I.  INTRODUCTION ...........................................................................................................2

II. STATEMENT OF FACTS ..............................................................................................2

III. LEGAL STANDARDS....................................................................................................3

IV. ARGUMENT ...................................................................................................................4

    A.  Valjakka's Pre-Suit Willful Infringement Claims Should Be Dismissed Because Valjakka Fails to Plead That Netflix Had Sufficient Knowledge of Infringement or Intent to Infringe the '167 Patent. ....................................................4

    B.  Valjakka's *Post-Suit* Allegations of Willful Infringement Should Also Be Dismissed Because They Are Based Solely on Notice Provided by the Complaint. ...............................................................................................................6

    C.  Valjakka's Willful Infringement Allegations Should Be Dismissed with Prejudice. ................................................................................................................7

V.  CONCLUSION ................................................................................................................8

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Anderson v. Intel Corp. Inv. Pol'y Comm.*,
   No. 19-CV-04618-LHK, 2022 WL 74002 (N.D. Cal. Jan. 8, 2022) ...................................... 7, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................... 3

*Bench Walk Lighting LLC v. LG Innotek Co.*,
   530 F. Supp. 3d 468 (D. Del. 2021) ....................................................................................... 5

*BillJCo, LLC v. Apple Inc.*,
   No. 6:21-CV-00528-ADA, 2022 WL 299733 (W.D. Tex. Feb. 1, 2022) ............................... 5

*CAP Co. v. McAfee, Inc.*,
   Nos. 14–cv–05068–JD, 14–cv–05071–JD, 2015 WL 3945875 (N.D. Cal. June
   26, 2015) ................................................................................................................................ 6

*Fluidigm Corp. v. IONpath, Inc.*,
   No. C 19-05639 WHA, 2020 WL 408988 (N.D. Cal. Jan. 24, 2020) .............................. 4, 5, 6

*MasterObjects, Inc. v. Amazon.com, Inc.*,
   No. C 20-08103 WHA, 2021 WL 4685306 (N.D. Cal. Oct. 7, 2021) ................................. 4, 8

*Salameh v. Tarsadia Hotel*,
   726 F.3d 1124 (9th Cir. 2013) ............................................................................................ 4, 7

*Sonos, Inc. v. Google LLC*,
   No. C 21-07559 WHA, 2022 WL 799367 (N.D. Cal. Mar. 16, 2022) ........................ 4, 5, 6, 7

*Teradyne, Inc. v. Astronics Test Sys., Inc.*,
   No. CV 20-2713-GW-SHK, 2020 WL 8173024 (C.D. Cal. 2020) ..................................... 5, 6

*Välinge Innovation AB v. Halstead New Eng. Corp.*,
   No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ..................................... 4

*Välinge Innovation AB v. Halstead New Eng. Corp.*,
   No. CV 16-1082-LPS-CJB, 2018 WL 11013901 (D. Del. Nov. 6, 2018) .............................. 4

*Valjakka v. Netflix, Inc.*,
   No. 21-cv-00947 (W.D. Tex., Sept. 13, 2021) ....................................................................... 3

*Windy City Innovations, LLC v. Microsoft Corp.*,
   193 F. Supp. 3d 1109 (N.D. Cal. 2016) ................................................................................. 3

*Wrinkl, Inc. v. Facebook, Inc.*,
   No. 20-cv-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021) .......................................... 7

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   528 F. Supp. 3d 247 (D. Del. 2021) ........................................................................................ 7

**STATUTES**

28 U.S.C. § 1292(b) .......................................................................................................................... 7

35 U.S.C. § 101, *et seq.* ................................................................................................................... 1

**RULES**

FED. R. CIV. P. 12(b)(6) ............................................................................................................. 1, 3

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on August 25, 2022 at 2 pm, in Courtroom 6, Second Floor, United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, Defendant Netflix, Inc. ("Netflix" or "Defendant") moves for an order dismissing the claims of willful infringement in Plaintiff Lauri Valjakka's ("Valjakka" or "Plaintiff") Second Amended Complaint ("SAC"). Dkt. 39. Netflix seeks an order dismissing Valjakka's willful infringement allegations (SAC ¶¶ 20–22 and references to "willful infringement" in ¶ 26 and the Prayer for Relief) pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. The issue to be decided is whether Valjakka's SAC alleges sufficient facts to plead willful infringement of U.S. Patent No. 8,495,167 ("the '167 Patent") under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.*

Defendant's motion is based on this notice of motion, the accompanying memorandum of points and authorities, the pleadings and other papers submitted in this action, any oral argument or other material that may come before the Court at hearing, as well as any additional matters as to which this Court may take judicial notice.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Valjakka's allegations of willful infringement, which relate solely to the '167 Patent, are insufficient as a matter of law. Valjakka rests these serious allegations—and the entire basis for its willful infringement claims against Netflix—on the slender reed of a single letter sent to Netflix, over eight years ago, that contains no allegation of infringement. SAC at ¶¶ 20–22; SAC Exhibit D. Dkt. 39-1. Simply put, the letter fails to provide a factual basis for claims that Netflix had knowledge of infringement or a plausible inference that Netflix had the specific intent to infringe the '167 Patent. And there are no other plausible allegations to support willfulness. Thus, because Valjakka failed to plead what is required to sustain a claim for willful infringement, those allegations must be dismissed.

## II.  STATEMENT OF FACTS

Defendant Netflix is a U.S. subscription streaming service and production company headquartered in Los Gatos, California. Plaintiff and named inventor Lauri Valjakka is a citizen of Finland. SAC ¶ 1. Valjakka brought this suit in the Western District of Texas on September 13, 2021, but the parties agreed to jointly transfer this case to the Northern District of California after Netflix filed a Motion to Dismiss for improper venue.

Valjakka alleges that Netflix willfully infringes the '167 Patent and seeks treble damages.[1] Valjakka pleads:

> Defendant knew that this conduct amounted to infringement because Defendant was aware of the patent and its strategic advantage to Defendant's patent portfolio from the information provided in a October 2014 letter [sic] to Defendant's headquarters in Los Gatos, California.

SAC at ¶ 20.

> Defendant has known that its activities concerning the Accused Products could infringe one or more claims of the [']167 Patent since

---

[1] Valjakka does not allege willful infringement of United States Patent No. 10,726,102 ("the '102 Patent") or indirect infringement of either Asserted Patent. Valjakka previously alleged induced and contributory infringement of the '102 Patent, but its Second Amended Complaint withdrew those conclusory and unsupported allegations.

> at least October 2014 when Lauri Valjakka as CEO of SC Intelligent Holding OY sent a letter via United States Postal Service Certified Mail to Gregory K. Peters, Chief Streaming and Partnerships Officer of Netflix, informing him of the '167 Patent.

SAC at ¶ 21.

> Alternatively, if Defendant claims to not have knowledge of the [']167 Patent by receiving the October 2014 letter delivered to Netflix's headquarters, Defendant was willfully blind by taking deliberate action to avoid learning of the notice letter delivered to Defendant's headquarters and addressed to one of Defendant's Chief Officers.

SAC at ¶ 22.

While the letter attached as Exhibit D to Valjakka's SAC mentions the '167 Patent, it contains no allegations of infringement, fails to identify any Netflix product that allegedly infringes, and makes no request to cease and desist any allegedly infringing activity. SAC, Exhibit D at 1–2. The SAC is Valjakka's third attempt at pleading willful infringement. Valjakka initially pleaded "[o]n information and belief, Defendant has known that its activities concerning the Accused Products infringed one or more claims of the [']167 Patent since at least 2013." Complaint for Patent Infringement, *Valjakka v. Netflix, Inc.*, No. 21-cv-00947 (W.D. Tex., Sept. 13, 2021) at ¶ 21, ECF 1. In its First Amended Complaint, Valjakka pleaded "[o]n information and belief, Defendant has known that its activities concerning the Accused Products infringed one or more claims of the [']167 Patent since at least October 2014." First Amended Complaint For Patent Infringement, *Valjakka v. Netflix, Inc.,* No. 21-cv-00947 (W.D. Tex., Jan. 3, 2022) at ¶22, ECF 14. On its third bite at the apple, Valjakka included the current allegations and attached the letter as Exhibit D to the SAC.

### III. LEGAL STANDARDS

Valjakka's SAC cannot survive a motion to dismiss because it fails to plead sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 12(b)(6). Such a dismissal is proper where, as here, there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1112 (N.D. Cal. 2016) (internal citations omitted). A dismissal for

failure to state a claim should be with prejudice where the plaintiff has previously amended its complaint, or where it is clear that the complaint cannot be saved by amendment. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124 at 1133 (9th Cir. 2013); *see also MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2021 WL 4685306, at *7 (N.D. Cal. Oct. 7, 2021) (dismissal with prejudice where plaintiff "has twice amended its complaint to revise its willful infringement allegations. . . [and t]he second amended complaint fails to sufficiently address knowledge of infringement[, . . . a]ny further amendment is accordingly futile.").

IV.    **ARGUMENT**

   A.    **Valjakka's Pre-Suit Willful Infringement Claims Should Be Dismissed Because Valjakka Fails to Plead That Netflix Had Sufficient Knowledge of Infringement or Intent to Infringe the '167 Patent.**

Valjakka does not plausibly or sufficiently plead knowledge of infringement or intent to infringe the '167 Patent. To sustain a willful infringement allegation, a plaintiff must assert that the alleged infringer had knowledge both of (1) the patent, and (2) its alleged infringement. *See Sonos, Inc. v. Google LLC*, No. C 21-07559 WHA, 2022 WL 799367, at *2 (N.D. Cal. Mar. 16, 2022). Specifically, any "allegations of an infringer's knowledge of the patent and of infringement must raise a plausible inference that the defendant had the specific intent to infringe. Allegations of mere direct infringement are insufficient." *Id.* at *3.[2] Similarly, mere knowledge of the existence of an Asserted Patent is not enough. *Id.*; *see also MasterObjects*, 2021 WL 4685306, at *4 ("allegations that a patent owner sent a letter merely notifying a third party of the existence of a particular patent, without accusing that third party of infringement, is, by itself, insufficient."). To plead knowledge of infringement, or specific intent to infringe, based on correspondence between the parties, the correspondence must contain specific allegations of infringement. *Fluidigm Corp.*

---

[2] The *Välinge* test requires a plaintiff to plead facts showing that the accused infringer "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Välinge Innovation AB v. Halstead New Eng. Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018), report and recommendation adopted, No. CV 16-1082-LPS-CJB, 2018 WL 11013901 (D. Del. Nov. 6, 2018). While the Northern District of California has not formally adopted the *Välinge* test used in many jurisdictions, the *Sonos* court cites *Välinge* favorably in summarizing the pleading requirement. *See Sonos*, 2022 WL 799367, at *3.

*v. IONpath, Inc.,* No. C 19-05639 WHA, 2020 WL 408988, at *5 (N.D. Cal. Jan. 24, 2020) ("The complaint does not plausibly allege any egregious conduct, nor does it plausibly allege knowledge of infringement. Patent owners did allegedly notify defendant of the '104 Patent. But notably, the Complaint never alleges that the letter accused defendant of infringement, much less detailed *how* defendants allegedly infringed.").[3] Thus, the salient question is whether Valjakka pleaded sufficient facts alleging that its 2014 correspondence addressed to Netflix provided knowledge of the patent *and of its infringement*. *Id; see Sonos*, 2022 WL 799367, at *3.

Valjakka's pleading is plainly insufficient in this regard: The SAC contains no factual support that Netflix had knowledge of infringement or a specific intent to infringe the '167 Patent. More specifically, Valjakka's SAC asserts that Netflix "was aware of the ['167] patent and its strategic advantage to Defendant's patent portfolio" based on information provided in a September 29, 2014 letter that SC Intelligent Holding Oy sent to Netflix's headquarters. *See* SAC at ¶ 20; SAC Exhibit D. But this is simply an allegation that Netflix was *aware of the patent*. To be clear, the pleading contains no facts connecting that alleged knowledge of the patent to the conclusory claim that Netflix "knew that this conduct amounted to infringement." SAC at ¶ 20. Similarly, Valjakka's allegation that Netflix has "known that its activities concerning the Accused Products *could* infringe one or more claims of the [']167 Patent" is rank speculation, based solely on the mere mention of the patent, and not on any allegation that Netflix knew it was infringing or had a specific intent to infringe. SAC at ¶ 21 (emphasis added). Thus, the pleadings do not allege that the letter provided notice of infringement.

---

[3] *See also, e.g. Teradyne, Inc. v. Astronics Test Sys., Inc.*, No. CV 20-2713-GW-SHK, 2020 WL 8173024, at *3–5 (C.D. Cal. 2020) (applying the test for sufficiency of a letter to plead indirect infringement to willfulness claims: "a letter must include a specific charge of infringement and identify an accused product at issue in this case"); *BillJCo, LLC v. Apple Inc.*, No. 6:21-CV-00528-ADA, 2022 WL 299733, at *4 (W.D. Tex. Feb. 1, 2022) ("The Complaint does not allege that BillJCo's June 2019 Letter notified Apple that it infringed the Asserted Patents or identified Apple products accused of infringement here."); *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 492 (D. Del. 2021) ("Nor does the Court understand how the letter could have provided Defendants with notice of how they infringed any patent-in-suit, since the letter made no attempt to do so.").

That is because the letter that Valjakka attached to the SAC does not even suggest—much less allege—that Netflix is infringing the patent. *See* SAC Exhibit D; *see Teradyne*, 2020 WL 8173024, *3–5 (dismissing willful infringement allegations when letter did not "include a specific charge of infringement and identify an accused product at issue in this case"); *see also Fluidigm*, 2020 WL 408988, at *5. Although the letter identifies the '167 Patent, it does not identify the accused product (Netflix Open Connect) or any Netflix product; does not identify any Netflix product that it believes to infringe; does not identify any claims or limitations that it believes are infringed; and does not request that Netflix cease and desist any current or future activity. *See* SAC Exhibit D. Instead, the letter merely states that "it seemed apparent that Netflix was considering an R & D project on digital push distribution through P2P networks" and suggests that Netflix license Valjakka's patent and use the SC Intelligent Holding Oy's "75,000 well designed lines of code" in a P2P distribution system to "decrease its dependency on CDN platform providers and strengthen its position as the leading content delivery network." *Id.* at 1. This speculative R&D project on "digital push distribution through P2P networks" is not even remotely related to the subject matter of Valjakka's current allegations against Netflix's streaming service. In short, the letter cannot form a plausible factual basis that Netflix had knowledge of alleged infringement or a specific intent to infringe.

**B.    Valjakka's *Post-Suit* Allegations of Willful Infringement Should Also Be Dismissed Because They Are Based Solely on Notice Provided by the Complaint.**

Valjakka's post-suit willfulness claim should also be dismissed because Valjakka fails to plead pre-suit willful infringement, and the Complaint alone is not sufficient to sustain a claim for post-suit willful infringement. Although there is a split regarding whether a complaint for direct infringement alone can provide the requisite knowledge of the patent and of infringement to sustain willful infringement allegations after the date of the complaint, multiple decisions from this district (and elsewhere) have found that it does not. *See Sonos*, 2022 WL 799367, at *2, n. 3. To state a claim for *post-suit* willfulness, recent cases require a plaintiff to plead sufficient pre-suit facts that plausibly allege knowledge of the patent and a specific intent to infringe (i.e., knowledge of infringement). *See Sonos*, 2022 WL 799367, at *5; *CAP Co. v. McAfee, Inc.*, Nos. 14–cv–05068–

-6-

JD, 14–cv–05071–JD, 2015 WL 3945875, at *3 (N.D. Cal. June 26, 2015); *Wrinkl, Inc. v. Facebook, Inc.*, No. 20-cv-1345-RGA, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021); *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 252 (D. Del. 2021).

In *Sonos*, for example, Judge Alsup noted that "allowing the complaint to serve as notice would circumvent the worthwhile practice to send a cease-and-desist letter before suit." 2022 WL 799367, at *5.[4]  Similarly, Judge Andrews reasoned that "if all that is required is the filing of a complaint and a plausible allegation of infringement, then every case would be a willful infringement case." *Wrinkl*, 2021 WL 4477022, at *8.  Allowing otherwise would permit a plaintiff to simply file a complaint for direct infringement and then amend it to allege the requisite knowledge for willfulness since the date of the original complaint.  *Id.* at *7 ("Willful patent infringement is the rare exception, not the rule. . . . [W]hen there is no pre-suit knowledge, it is not sufficient merely to allege the defendant has knowledge since the filing of the original complaint and has not ceased doing whatever the infringing behavior is alleged to be.").  These recent cases demonstrate that post-suit willfulness claims cannot be sustained when there are no allegations of pre-suit willful infringement.

### C. Valjakka's Willful Infringement Allegations Should Be Dismissed with Prejudice.

There is no reason to allow Valjakka a *fourth* opportunity to plead willful infringement sufficiently because "it is clear" that the SAC cannot "be saved by amendment." *Salameh*, 726 F.3d at 1133.  Valjakka has known about the 2014 letter for eight years; it has amended its pleadings twice; and it has had "ample opportunity" to include all relevant facts to plead willful infringement allegations.  *Id.*  Yet Valjakka has still failed to do so.  *Id.*  As explained above, the October 2014 letter is Valjakka's only basis for these allegations, but the letter does not allege infringement of any claim by any Netflix product and instead speculates about development that is not even remotely related to Valjakka's current allegations.  *See Anderson v. Intel Corp. Inv. Pol'y Comm.*, No. 19-CV-04618-LHK, 2022 WL 74002, at 12 (N.D. Cal. Jan. 8, 2022) (dismissing with prejudice

---

[4] In *Sonos*, Judge Alsup recognized "that reasonable minds may differ as to the ground rules set forth above for pleading willfulness and indirect infringement (on the knowledge point. . . )," and certified this issue for interlocutory appeal under 28 U.S.C. § 1292(b).  2022 WL 799367 at *8.

because "the document on which Plaintiffs rely, which is incorporated by reference into the FAC, unambiguously shows…[that] Plaintiffs fail to allege a meaningful benchmark"). And here, like in *Anderson*, the full scope of any potential allegations is apparent in the plain text of the attachment to the SAC, and it cannot sustain Valjakka's claims. *Id.*; *see also MasterObjects*, 2021 WL 4685306, at *7 (dismissing with prejudice because plaintiff "ha[d] twice amended its complaint to revise its willful infringement allegations… [and since t]he second amended complaint fails to sufficiently address knowledge of infringement[, …a]ny further amendment is accordingly futile"). Valjakka cannot cure its allegations with further amendment, and they should be dismissed with prejudice.

## V.     CONCLUSION

Because Valjakka's SAC and attached letter are insufficient to plead knowledge of infringement, the Court should dismiss Valjakka's willful infringement allegations with prejudice and strike paragraphs 20–22 of Valjakka's SAC, and references to "willful infringement" in paragraph 26 and the Prayer for Relief.

| | | |
|---|---|---|
| 1 | Dated: June 9, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Sarah E. Piepmeier<br>Sarah E. Piepmeier, Bar No. 227094 |
| 4 | | Elise S. Edlin, Bar No. 293756<br>PERKINS COIE LLP |
| 5 | | 505 Howard Street, Suite 1000<br>San Francisco, California 94105 |
| 6 | | SPiepmeier@perkinscoie.com<br>EEdlin@perkinscoie.com |
| 7 | | Telephone: +1.415.644.7000<br>Facsimile: +1.415.344.7050 |
| 8 | | |
| 9 | | Janice L. Ta (appearance *pro hac vice*)<br>JTa@perkinscoie.com |
| 10 | | PERKINS COIE LLP<br>405 Colorado Street, Suite 1700 |
| 11 | | Austin, Texas 78701<br>Telephone: +1.737.256.6100 |
| 12 | | Facsimile:  +1.737.256.6300 |
| 13 | | |
| 14 | | **Attorneys for Defendant**<br>***NETFLIX, INC.*** |

-9-