Susan S.Q. Kalra, CA SBN167940
Email: susan@m-iplaw.com
MAHAMEDI IP LAW LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (408) 236-6640
Fax: (408) 236-6641

William P. Ramey, III (*pro hac vice*)
Email: wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorneys for Plaintiff*
LAURI VALJAKKA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>      Plaintiff,<br>v.<br><br>NETFLIX, INC.,<br><br>      Defendant. | Case No.: 4:22-cv-01490-JST<br><br>**PLAINTIFF LAURI VALJAKKA'S RESPONSE TO MOTION TO DISMISS WILLFUL INFRINGEMENT CLAIMS FOR FAILURE TO STATE A CLAIM DEMAND FOR JURY TRIAL**<br><br>**PATENT CASE**<br><br>Date: August 25, 2022<br>Time: 2:00 PM<br>Place: Courtroom 6<br>Judge: Hon. Jon S. Tigar |

Plaintiff respectfully files this Response ("Opposition") To Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint ("Defendant's Motion")[1] showing the Court that Defendant's Motion should be denied because Valjakka has plausibly plead its allegations of willful infringement. In the alternative, Valjakka seeks leave to replead its allegations.

## I. BACKGROUND

Netflix's argument that Valjakka has failed to plausibly plead willful infringement in the Second Amendment Complaint[2] is unpersuasive.[3] First, Netflix's request to dismiss willful infringement should be denied because willful infringement is not a "claim" under Fed. R. Civ. P. 8(a)(2) that may be resolved on a Rule 12(b)(6) motion. Second, in accusing Valjakka of "rank speculation, based solely on the mere mention of the patent," Netflix ignores the obvious risk of infringement that would be apparent to Netflix General Counsel and Chief Streaming and Partnerships Officer upon receipt of the September 2014 Notice.[4] Finally, Netflix impermissibly attempts to argue the merits and purporting to require Valjakka to fully prove his case at this initial pleading stage.

For all these reasons, Defendant's Motion should be denied. In the alternative, Valjakka is respectfully asking for leave to replead the complaint.

---

[1] Doc. No. 51.
[2] Doc. No. 39.
[3] Motion at 4.
[4] Doc. No. 39, Ex. D.

## II. ARGUMENT

### A. Willful Infringement is Not a "Claim" Within the Meaning of Fed. R. Civ. P. 8(A)(2)

Netflix's request to dismiss willful infringement is procedurally improper because willful infringement is not an independent "claim" within the meaning of Fed. R. Civ. P. 8(a)(2) that may be dismissed under Fed. R. Civ. P. 12(b)(6). *Veto Pro Pac, LLC v. Custom Leathercraft Mfg. Co.*, No. 08-00302, 2009 WL 276369, at *3 (D. Conn. Feb. 5, 2009); *cf. City of Los Angeles v. Lyons*, 461 U.S. 95, 130 (1983) ("The question whether a plaintiff has stated a claim turns not on whether [he] has asked for the proper remedy but whether he is entitled to any remedy.")(quotations omitted). Valjakka's "claim" for direct infringement is under 35 U.S.C. § 271 and Valjakka's request for relief—attorney fees under 35 U.S.C. § 285—is a remedy falling within Fed. R. Civ. P. 8(a)(3). *Veto*, 2009 WL 276369, at *3-*4; *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (demand for relief "is not itself a part of the plaintiff's claim"). Because Valjakkas's attorney-fees demand is not a "claim," neither are its allegations of willful infringement, which is a derivative issue relevant to Valjakka's § 285 fee request.[5]

Here, Valjakka's willful infringement allegations are not pled as a separate claim but rather to support its claim for damages on the ground that the case is "exceptional," pursuant to 35 U.S.C. § 285.[6]

Netflix's Motion to Dismiss must therefore be denied.

### B. Valjakka Sufficiently Alleges Facts Plausibly Establishing Netflix Knew of The Risk of Infringement

Defendant's knowledge of the '167 Patent cannot be credibly disputed. A copy of the

---

[5] *See* Doc. No. 39 at 9.
[6] *Id.*

'167 Patent header along with a notice letter was sent via Certified Mail to multiple Netflix executives including the Chief Streaming and Partnerships Officer Gregory K. Peters and General Counsel David Hyman of in September 2014.[7] Despite this knowledge, Defendant continued to practice and create data communication networks that it knew Valjakka would allege infringe. This meets the standard Defendant cited in *Sonos*[8] The standard set by *Sonos* is that knowledge of the patent and knowledge of the infringement must be pled *with plausibility*.[9]

Since there is no dispute over the knowledge of the '167 patent in 2014, the sole issue is whether it is plausible that Netflix knew of its infringement based on the 2014 letter. Under Defendant's cited case *MasterObjects, Inc. v. Amazon.com, Inc.*[10] provides that "when the alleged infringer acted despite a risk of infringement that was either known or so obvious it should be known" willfulness can be established to support an enhanced damages award.[11]

Here, Valjakka provided sufficient evidence to plausibly plead that Netflix knew of the risk of infringement or that the risk of infringement was so obvious it should have been known. Specficailly, a copy of the 2014 letter was sent to Netflix General Counsel David Hyman suggesting that the contents of the letter pertaining specifically to the '167 patent were of legal significance. To assert Valjakka's willful infringement allegation as "rank speculation"[12] when Netflix's General Counsel received a formal notice letter discussing a specific patent with an

---

[7] Doc. No. 39, Ex. D.
[8] Doc. No. 51 citing *Sonos, Inc. v. Google LLC*, No. C 21- 07559 WHA, 2022 WL 799367 (N.D. Cal. Mar. 16, 2022).
[9] *Sonos* at *2 (emphasis added).
[10] Doc. No. 51 citing *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2021 WL 4685306 (N.D. Cal. Oct. 7, 2021).
[11] *Id.* at *2.
[12] Doc. No. 51 at 9.

invitation to provide "more detailed information under an NDA"[13] is misguided. These circumstances sufficient establish that there was an obvious risk of infringement on the basis of the 2014 letter and its recipients.

Thus, this is not a case where mere conclusory statements were provided to support willful infringement as two professionals familiar with possible patent infringement within Defendant's organization received the 2014 Notice Letter and proceeded to completely ignore the '167 Patent and any accompanying risk of infringement. Valjakka's allegations that Netflix knew of the '167 patent and the risk of infringement are plausible at this stage.

Defendant's Motion to Dismiss should be denied.

## III. REQUEST TO FILE AMENDED COMPLAINT

Valjakka believes that willful infringement is not a "claim" under Fed. R. Civ. P. 8(a)(2) that may be resolved on a Rule 12(b)(6) motion. However, should the Court be inclined to grant any portion of Netflix's Motion, Valjakka respectfully requests an opportunity to file an amended complaint to correct any identified pleading issues and to remove willful infringement without prejudice.

## IV. CONCLUSION

For all the above reasons, Valjakka respectfully requests that the Court deny Defendant's Motion to Dismiss. In the alternative, Valjakka request the Court to grant leave for Valjakka to

---

[13] Doc. No. 39, Ex. D.

1 | amend his Complaint without prejudice.

2 | Dated: June 23, 2022

Respectfully submitted,

MAHAMEDI IP LAW LLP

/s/ Susan S.Q. Kalra
Susan S.Q. Kalra, CA SBN 167940
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (408) 236-6640
Fax: (408) 236-6641
Email: susan@m-iplaw.com


RAMEY LLP

/s/ William P. Ramey, III
William P. Ramey, III (*pro hac vice*)
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175
Email: wramey@rameyfirm.com

Attorneys for Plaintiff
LAURI VALJAKKA

PLAINTIFF'S RESPONSE TO MOTION T0 DISMISS – CASE NO. 4:22-CV-01490-JST

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of June 23, 2022, with a copy of the foregoing via ECF.

Dated: June 23, 2022                         RAMEY LLP

/s/ William P. Ramey, III