Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta (appearance *pro hac vice*)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

*Attorneys for Defendant*
*NETFLIX, INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURI VALJAKKA,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>NETFLIX, INC.,<br><br>　　　　*Defendant*. | **Case No. 4:22-cv-01490-JST**<br><br>**NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date:　　August 25, 2022<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 6<br>Judge:　　Hon. Jon S. Tigar |

## I. INTRODUCTION

Valjakka's Response to Netflix's Motion to Dismiss ("Response" or "Resp." [Dkt. 53]) fails to address Netflix's substantive and legal arguments in three key respects. First, rather than engaging with the legal precedent Netflix cites, demonstrating dismissal of willful infringement allegations, Valjakka relies on outdated, non-precedential caselaw to argue that willful infringement allegations are not claims that can be dismissed. Second, Valjakka tacitly admits that the letter it attaches does not accuse Netflix of infringement and fails to distinguish the authority Netflix cites dismissing willful infringement allegations where a notice letter is deemed insufficient. Instead, Valjakka baselessly asserts that its notice letter is per se sufficient to plead willfulness, because it allegedly creates an "obvious risk of infringement." Resp. at 5. Valjakka not only applies the incorrect standard for assessing willful infringement allegations at the pleading stage, but it also ignores the fact that its notice letter provided no notice of infringement. Third, Valjakka simply does not respond to Netflix's legal arguments about post-suit willful infringement.

Because Valjakka's Response provides no legal grounds to sustain its willful infringement allegations, and no reason why it should be allowed a fourth attempt, these allegations should be dismissed with prejudice.

## II. ARGUMENT

### A. Willfulness Allegations Must Be Pled Sufficiently

Jurisprudence for willful infringement has evolved significantly in recent years, with the Supreme Court abrogating the prior *Seagate* standard in *Halo*, and holding that willful infringement is reserved for "egregious infringement behavior" that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs, Inc.*, 579 U.S. 93, 103–04 (2016). Since *Halo*, the Federal Circuit further explained that "[t]he question of enhanced damages is addressed by the court once an affirmative finding of willfulness has been made [by a jury]." *See Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020). For willfulness to be considered by the jury, it "should be plausibly pled in the complaint," and courts have frequently dismissed willful

infringement allegations for failing to do so. *Sonos, Inc. v. Google LLC*, No. C 21-07559, --- F. Supp. 3d ---, 2022 WL 799367, at *3 (N.D. Cal. Mar. 16, 2022) (citing *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1372–74 (Fed. Cir. 2009); *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103, 2021 WL 4685306, at *2 (N.D. Cal. Oct. 7, 2021); *BillJCo, LLC v. Apple Inc.*, No. 21-cv-00528, 2022 WL 299733, at *2 (W.D. Tex. Feb. 1, 2022); *Välinge Innovation AB v. Halstead New England Corp.*, No. 16-1082, 2018 WL 2411218, at *3–9 (May 29, 2018), *report and recommendation adopted by* 2018 WL 11013901 (D. Del. Nov. 6, 2018)); *see also NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-CV-02352, 2018 WL 4510737 (N.D. Cal. Sept. 18, 2018) ("granting [Defendant]'s motion to dismiss Plaintiffs' willful . . . ." (emphasis added) (capitalization omitted)).

Valjakka sidesteps this authority dismissing insufficient willful infringement allegations, and instead proposes that willful allegations are not subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). Resp. at 3. In support, Valjakka solely cites a 2009 case from the District of Connecticut that relies on the (now) outdated *Seagate* standard, a 1983 Supreme Court dissent about standing in a civil rights case, and a 2002 tort case from the Seventh Circuit. Valjakka's theory is thus unsupported by any post-*Halo* authority. And adopting this theory would require casting aside the myriad of cases addressing sufficiency of willfulness pleadings, which demonstrate that to progress to a jury, the willfulness pleadings (which are contained in Valjakka's Count I), must be evaluated to determine whether "knowledge of the patent and knowledge of infringement [are] pled with plausibility." *Sonos*, 2022 WL 799367, at *2.

### B.   Valjakka's Letter Is Insufficient as a Basis to Plead Willful Infringement Allegations

As an initial matter, Valjakka does not dispute that the letter contains no charge of infringement or explanation of how Netflix allegedly infringed. *See* Resp. at 3–5. This failure operates as a waiver and is alone dispositive. *See, e.g.*, *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 477–78 (D. Del. 2021) (finding plaintiff conceded that the notice letter did not provide knowledge of infringement because plaintiff did not respond to analysis of the contents of the letter in its opposition brief)); *see also In re Google Assistant Priv. Litig.*, 457 F.

Supp. 3d 797, 842 (N.D. Cal. 2020) ("[b]ased on Plaintiffs' lack of response, the Court considers. . . the argument conceded").

Rather than analyzing the contents of the letter, Valjakka merely asserts that it "sufficiently alleges facts plausibly establishing Netflix knew of the risk of infringement." Resp. at 3 (Section B) (capitalization omitted). But the standard is not whether a plaintiff has pleaded that the accused infringer knew "of the risk of infringement." It is whether Valjakka plausibly pleaded that Netflix knew it was infringing or had specific intent to infringe. *Sonos*, 2022 WL 799367, at *2. Recent cases provide guidelines on how the court should assess a letter to determine whether its contents are sufficient to infer a specific intent to infringe by its receiver, and whether the facts of the letter can provide a basis for pleading willful infringement. *See, e.g.*, *Teradyne, Inc. v. Astronics Test Sys., Inc.*, No. CV 20-2713, 2020 WL 8173024, at *3–5 (C.D. Cal. Nov. 6, 2020); *Fluidigm Corp. v. IONpath, Inc.*, No. 19-05639, 2020 WL 408988, at *5 (N.D. Cal. Jan. 24, 2020). Valjakka addresses none of them.

Valjakka quotes *MasterObjects* to support its argument that "Netflix knew of the risk of infringement or that the risk of infringement was so obvious it should have been known." Resp. at 4. But *MasterObjects* actually *contrasts* that avenue to pleading willfulness with the allegations presented in Valjakka's SAC:

> Willfulness requires both knowledge of the infringed patent and knowledge of infringement. Subjective willfulness — when the alleged infringer acted despite a risk of infringement that was either known or so obvious it should have been known — *can* support an enhanced damages award. But, *a claim for enhanced damages for willful infringement is not adequately stated when all that is alleged is knowledge of the patent and direct infringement.*

*MasterObjects*, 2021 WL 4685306, at *2 (some emphasis added). Here, just as in *MasterObjects*, Valjakka's allegations of knowledge of the patent (via the letter) and direct infringement are insufficient to infer knowledge of infringement without allegations providing a nexus between the patent and the accused products. *Id.* at *4 ("Knowledge of infringement does not arise from knowledge of the asserted patent as a matter of course; it must be the subject of discrete, albeit

related, allegations."). Valjakka's Second Amended Complaint ("SAC") and letter are devoid of such allegations, so willfulness has not been sufficiently pled.

Because the facts (which Valjakka does not dispute) do not meet the legal standard, Valjakka invents its own standard. More specifically, Valjakka argues that a professional receiving "a formal notice letter discussing a specific patent with an invitation to provide 'more detailed information under an NDA,'" as it alleges here, is itself a plausible basis "sufficient [to] establish that there was an obvious risk of infringement." Resp. at 4–5. Put another way, receipt of a letter identifying a patent by a "professional[] familiar with possible patent infringement" creates an "obvious risk of infringement," (Resp. at 5), so identifying or attaching such a letter meets this (new) standard. Valjakka relies on *MasterObjects* for this assertion, but that case does not support or apply such a broad standard. Indeed, the *MasterObjects* court found that allegations that defendant's Chief IP Counsel had knowledge of the patent were *insufficient* to plead knowledge of infringement without any allegation or link to the accused product. 2021 WL 4685306, at *4; *id.*, at *6 ("Even considering all of MasterObjects' miscellany of allegations of Amazon's familiarity with the '024 patent together, the second amended complaint fails to allege Amazon had pre-suit knowledge of infringement of the '024 patent."). Valjakka's letter is insufficient to establish the requisite plausible knowledge of infringement and specific intent because it does not contain any charge of infringement, does not explain how Netflix allegedly was infringing, and does not identify any accused product as infringing any claim.[1]

But Valjakka's pleadings do not even meet the improper standard it has invented: Valjakka still never pleaded that the letter created an "obvious risk of infringement," or that Netflix was willfully blind *to infringement* by allegedly ignoring the risk after receiving the letter, as it now argues. *See* SAC ¶¶ 20–22; Resp. at 3–5. Valjakka's only mention of willful blindness in its SAC

---

[1] Analysis of the letter is not an impermissible attempt to argue the merits, as Valjakka claims. Valjakka attached the letter in full to its SAC, so the Court may consider it when determining if the pleadings are sufficient. *See Anderson v. Intel Corp. Inv. Pol'y Comm.*, No. 19-CV-04618, 2022 WL 74002, at *11–12, *15 (N.D. Cal. Jan. 8, 2022) (dismissing with prejudice because "the document on which Plaintiffs rely, which is incorporated by reference into the FAC, unambiguously shows … [that] Plaintiffs fail to allege a meaningful benchmark"); *see also Bench Walk Lighting*, 530 F. Supp. 3d at 492.

alleges willful blindness to *knowledge of the patent* if Netflix claims not to have received the letter. SAC ¶ 22 ("Alternatively, if Defendant claims to not have **knowledge of the '167 Patent** by receiving the October 2014 letter delivered to Netflix's headquarters, Defendant was willfully blind by taking deliberate action to **avoid learning of the notice letter** delivered to Defendant's headquarters and addressed to one of Defendant's Chief Officers.") (emphases added). Again, this echoes *MasterObjects*, where the court found that plaintiff failed to sufficiently allege willful blindness because "[t]he only applicable allegation is a conclusory sentence generally alleging willful blindness as to all the patents-in-suit," and "there are no specific allegations that Amazon took deliberate actions to avoid *learning of infringement* nor that it can be reasonably inferred Amazon should have known of infringement." *MasterObjects*, 2021 WL 4685306, at *6 (emphasis added). Even if Netflix had avoided learning of the notice letter, that would not constitute willful blindness to infringement because the letter did not provide any allegations of infringement, as discussed above. At most, just as in *MasterObjects*, these allegations only relate to willful blindness of knowledge of the patent that was disclosed in the letter, which this District has held insufficient to support a plausible inference of willful infringement. *Id.*

### C. Valjakka's Willfulness Allegations Should Be Dismissed with Prejudice

Valjakka apparently seeks a fourth bite at the apple but provides no reason why it would have good cause to amend or what it would plead. Valjakka does not respond to any of Netflix's arguments that amendment would be futile or include any cases supporting its position that further attempts should be granted.[2] Valjakka's request should be denied.

---

[2] Valjakka also entirely fails to respond to Netflix's arguments that post-suit willfulness should be dismissed. If the Court finds that pre-suit willfulness was not sufficiently pled, it should also dismiss post-suit willfulness as Valjakka has conceded any responsive argument. *See, e.g.*, *Citizens for Free Speech, LLC v. County of Alameda*, 338 F. Supp. 3d 995, 1005 (N.D. Cal. 2018), *aff'd*, 953 F.3d 655 (9th Cir. 2020) ("By failing to respond to the County's contention, Plaintiffs have effectively conceded its validity.") (citing *Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 984 (N.D. Cal. 2014) ("Plaintiff failed to address these arguments in his opposition brief, and therefore conceded these claims.")). Valjakka should not be allowed to amend its pleading to add allegations of post-suit willfulness that rely on its original Complaint as a sole basis for post-suit knowledge of the patent and alleged infringement.

## III. CONCLUSION

For at least the foregoing reasons, Netflix respectfully requests the Court dismiss Valjakka's claims of willful infringement with prejudice.

Dated: June 30, 2022

Respectfully submitted,

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta (appearance *pro hac vice*)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

**Attorneys for Defendant**
**NETFLIX, INC.**