| | |
|---|---|
| William P. Ramey, III (appearance *pro hac vice*)<br>wramey@rameyfirm.com<br>RAMEY LLP<br>5020 Montrose Blvd., Suite 800<br>Houston, Texas 77006<br>Telephone:   +1.713.426.3923<br>Facsimile:   +1.832.689.9175 | Sarah E. Piepmeier, Bar No. 227094<br>SPiepmeier@perkinscoie.com<br>Elise Edlin, Bar No. 293756<br>EEdlin@perkinscoie.com<br>PERKINS COIE LLP<br>505 Howard Street, Suite 1000<br>San Francisco, California 94105<br>Telephone:   +1.415.344.7000<br>Facsimile:   +1.415.344.7050 |
| Susan S.Q. Kalra, Bar No. 167940<br>susan@m-iplaw.com<br>MAHAMEDI IP LAW LLP<br>303 Twin Dolphin Drive, Suite 600<br>Redwood City, California 94065<br>Telephone:   +1.408.236.6640<br>Facsimile:   +1.408.236.6641 | Janice L. Ta (appearance *pro hac vice*)<br>JTa@perkinscoie.com<br>PERKINS COIE LLP<br>405 Colorado Street, Suite 1700<br>Austin, Texas 78701<br>Telephone:   +1.737.256.6100<br>Facsimile:   +1.737.256.6300 |
| Attorneys for Defendant<br>*LAURI VALJAKKA* | Attorneys for Defendant<br>*NETFLIX, INC.* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>       Plaintiff,<br><br>   v.<br><br>NETFLIX, INC.,<br><br>       Defendant. | **Case No. 4:22-cv-01490-JST**<br><br>**DECLARATION PURSUANT TO PARAGRAPH H OF THE STANDING ORDER FOR ALL CIVIL CASES BEFORE DISTRICT JUDGE JON S. TIGAR**<br><br>Judge:   Hon. JON S. TIGAR |

**Declaration of Elise S. Edlin, Esq.**

I, Elise Edlin, hereby declare:

1. I am an attorney with the law firm Perkins Coie LLP, based in San Francisco, California, and counsel representing Defendant Netflix, Inc. I have personal knowledge of the facts set forth in this declaration and am competent to testify.

2. I am submitting this declaration in support of the [Proposed] Stipulated Protective Order ("Stipulated PO"), pursuant to Judge Tigar's Standing Order for All Civil Cases, Paragraph H, option (b) for modifications to the model order.

3. The parties' agreement as to the terms of the Stipulated PO is the product of negotiations in good faith and reflects the unique and complex nature of this action.

4. The Stipulated PO is based on and modified from the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. This declaration describes how the Stipulated PO has been modified from the Model PO. The Stipulated PO is attached hereto as Exhibit A. A redline comparing the Stipulated PO and the Model PO is attached hereto as Exhibit B.

5. The parties agree that several modifications are necessary, for example, in Sections 2, 5.2, 7.4(a), 8, 9, 10, to reflect the parties' agreement that the Stipulated PO should include, in addition to the "CONFIDENTIAL" designation, both "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" and "HIGHLY CONFIDENTIAL AEO – SOURCE CODE" confidentiality designations.

6. The parties agree that disclosure attachments, witness testimony, court filings, oral argument, depositions, and court exhibits should be included within the definition of "Disclosure or Discovery Material" in Section 2.5.

7. The parties agree that it is necessary and appropriate to include the designation "HIGHLY CONFIDENTIAL AEO – SOURCE CODE," with the designation's definition set forth in the Stipulated PO Section 2.8, to protect the Parties' highly confidential information and

items. Specifically, the parties agree to include "computer source code or human-readable programming language that defines software, firmware, or electronic hardware descriptions" in this category of extremely sensitive information, where Source Code "includes, without limitation, scripts; assembly code; listings of Source Code files and descriptions of Source Code; listings of object code files and descriptions of object code; files and/or documents containing text written in "C," "C++," Java, JavaScript, assembler, VHDL, Verilog, and digital signal processor ("DSP") programming languages; and ".include files," "make" files, link files, XML files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP" in order to protect all the Parties' potentially discoverable yet extremely sensitive information in this category.

8. The parties agree, as documented in Section 6.3, that it is appropriate to shift the burden of persuasion when challenging a confidentiality designation from the Designating Party to the Challenging Party, given the breadth of the potentially discoverable information to the Parties that are expected to fall within the confidentiality designations.

9. The parties agree it is necessary and appropriate to strike the term "Designated House Counsel" from Section 2 and the term's references throughout, removing any such person as potential recipients of designated highly confidential information under Sections 7.3-4, and removing any such person from the process for approving disclosures of designated information under Sections 7.4(a)-(c), due to the highly sensitive nature of the potentially discoverable information that the Parties seek to protect.

10. The parties agree that it is necessary and appropriate to further clarify the bounds of the prosecution bar set forth in Section 8. Specifically, the parties agree that the bar should extend to "the prosecution of patents or patent applications relating to the subject matter of this action" (emphasis added for modification). Additionally, the parties agree the prosecution bar does not include representing a party challenging a patent before a domestic or foreign agency, only to the extent that the representation does not include directly or indirectly crafting or amending patent claims as may be possible in such proceedings.

11. The parties agree that it is necessary and appropriate to specify in greater detail the

definition and procedures of handling source code ("Source Code") throughout discovery in Section 9 to provide additional confidentiality safeguards for the parties' highly sensitive information.

12. Regarding a first clarification for Source Code handling, per Section 9.2, the parties agree that to facilitate efficient discovery, any information or item designated Source Code should be accessed and reviewed only by qualified individuals ("Source Code Qualified Persons") defined broadly to include the Receiving Party's Outside Counsel and their staff supporting the litigation.

13. Regarding a second clarification for Source Code handling, the parties agree that such "Source Code Qualified Persons" should be allowed to include the Receiving Party's disclosed and consenting necessary Experts, persons who possessed or knew of the original Source Code document, as well as the Court and its personnel, pursuant to additional criteria set forth in Sections 9.2(a)-(e).

14. Regarding a third clarification for Source Code handling, the parties agree to improve protection of Parties' highly confidential information by using a secured, "stand-alone" "Source Code Computer," with access to such computer specified in Section 9.3.

15. Regarding a fourth clarification for Source Code handling, the parties agree in the interest of ordered discovery that there should be a Format for Source Code production, specified in Section 9.4, including a delivery schedule of any reasonably required software tools to ensure production availability to the Receiving Party.

16. Regarding a fifth clarification for Source Code handling, the parties agree in the interest of ordered discovery that there should be a regular schedule of access to the Source Code Computer, with expectations for proper notice and behavior when using the Source Code Computer, as set forth in Section 9.5.

17. Regarding a sixth clarification for Source Code handling, the parties agree in the interest of secure discovery to a written notification procedure for identifying and securing access for Source Code Qualified Persons in advance of Source Code review(s), as detailed in Section 9.6.

18. Regarding a seventh clarification for Source Code handling, in the interest of secure review of the Parties' highly sensitive source code documentation, the parties agree it is necessary and appropriate to set expectations prohibiting alteration of the Source Code Computer (see Section 9.7) or copying the Source Code in any form (see Section 9.8) while accessing the Source Code Computer, and additional security monitoring procedures allowed to the Producing Party to ensure compliance with these and other agreed Source Code protections (see Section 9.9).

19. Regarding a final eighth clarification for Source Code handling, in the interest of efficient yet secure discovery, the parties further agree to a procedure and format for obtaining limited quantities of Source Code Printouts as necessary for litigation documents, as set forth in Sections 9.10-12.

20. The parties agree it is necessary and appropriate to follow a special procedure, as set out in Section 13, in the event of inadvertent disclosure of documents given their highly sensitive nature, to provide for ways for either party to reasonably correct their error and minimize the effect of such error.

21. The parties agree that the optional standard Export Control section is not justified for this case, and therefore agree that it should not be included in the Order.

22. In the interest of protecting the parties' technology from disclosure, the parties agree that the obligation to return documents containing Protected Material after the final disposition of the litigation shall extend to Counsel's archival copies of litigation documents, as described in Section 15, where a minimum threshold of either consecutive or nonconsecutive Source Code lines exists in the subject litigation document.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed on July 21, 2022 in Oakland, California.

　　　　　　　　　　　　　　　　　　　　/s/ Elise S. Edlin
　　　　　　　　　　　　　　　　　　　　Elise S. Edlin