# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURI VALJAKKA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NETFLIX, INC.,<br><br>　　　　　　Defendant. | Case No.  4:22-cv-01490-JST<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1　<u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2　<u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated,

stored or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c).    2.3

Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL AEO– SOURCE CODE".

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, generated, or provided in disclosures, in discovery, witness testimony (at deposition or trial), court filings or oral argument, deposition, or court exhibits in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    "HIGHLY CONFIDENTIAL AEO – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" comprising or containing computer source code or human-readable programming language text that defines software, firmware, or electronic hardware descriptions, as well as associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs. Source Code includes, without limitation, scripts; assembly code; listings of Source Code files and descriptions of Source Code; listings of object code files and descriptions of object code; files and/or documents containing text written in "C," "C++," Java, JavaScript, assembler, VHDL, Verilog, and digital signal processor ("DSP") programming languages; and ".include files," "make" files, link files, XML files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP.

2

2.9 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or as "HIGHLY CONFIDENTIAL AEO – SOURCE CODE."

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to

United States District Court
Northern District of California

the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is

4

1    disclosed or produced.

2         Designation in conformity with this Order requires:

3         (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding

4    transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

5    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

6    CONFIDENTIAL AEO – SOURCE CODE" to each page that contains protected material. If only a portion

7    or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify

8    the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

9    portion, the level of protection being asserted.

10        A Party or Non-Party that makes original documents or materials available for inspection need not

11   designate them for protection until after the inspecting Party has indicated which material it would like copied

12   and produced. During the inspection and before the designation, all of the material made available for

13   inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

14   inspecting Party has identified the documents it wants copied and produced, the Producing Party must

15   determine which documents, or portions thereof, qualify for protection under this Order. Then, before

16   producing the specified documents, the Producing Party must affix the appropriate legend

17   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

18   CONFIDENTIAL AEO– SOURCE CODE) to each page that contains Protected Material. If only a portion

19   or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify

20   the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

21   portion, the level of protection being asserted.

22        (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating

23   Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected

24   testimony and specify the level of protection being asserted. When it is impractical to identify separately each

25   portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may

26   qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or

27   other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony

28   as to which protection is sought and to specify the level of protection being asserted. Only those portions of

United States District Court
Northern District of California

the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL AEO - SOURCE CODE."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL AEO – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this

Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if

1    there is good cause for doing so, including a challenge to the designation of a deposition transcript or any

2    portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent

3    declaration affirming that the movant has complied with the meet and confer requirements imposed by the

4    preceding paragraph.

5          The burden of persuasion in any such challenge proceeding shall be on the Challenging Party.

6    Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses

7    and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party

8    has waived the confidentiality designation by failing to file a motion to retain confidentiality as described

9    above, all parties shall continue to afford the material in question the level of protection to which it is entitled

10   under the Producing Party's designation until the court rules on the challenge.

11   7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

12         7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced

13   by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting

14   to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under

15   the conditions described in this Order. When the litigation has been terminated, a Receiving Party must

16   comply with the provisions of section 15 below (FINAL DISPOSITION).

17         Protected Material must be stored and maintained by a Receiving Party at a location and in a secure

18   manner that ensures that access is limited to the persons authorized under this Order.

19         7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the

20   court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or

21   item designated "CONFIDENTIAL" only to:

22         (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said

23   Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation

24   and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

25   A;

26         (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom

27   disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

28   Agreement to Be Bound" (Exhibit A);

United States District Court
Northern District of California

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

1    Agreement to Be Bound" (Exhibit A); and

2        (e) the author or recipient of a document containing the information or a custodian or other person

3    who otherwise possessed or knew the information.

4        7.4  <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL –</u>

5    <u>ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL AEO – SOURCE CODE"] Information or</u>

6    <u>Items Experts.</u>

7

8        (a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party

9    that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated

10   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

11   CONFIDENTIAL AEO – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request

12   to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her

13   primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current

14   employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding

15   for work in his or her areas of expertise or to whom the expert has provided professional services, including

16   in connection with a litigation, at any time during the preceding five years,[1] and (5) identifies (by name and

17   number of the case, filing date, and location of court) any litigation in connection with which the Expert has

18   offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during

19   the preceding five years.

20       (b) A Party that makes a request and provides the information specified in the preceding respective

21   paragraphs may disclose the subject Protected Material to the identified Designated Expert unless, within 14

22   days of delivering the request, the Party receives a written objection from the Designating Party. Any such

23   objection must set forth in detail the grounds on which it is based.

24       (c) A Party that receives a timely written objection must meet and confer with the Designating Party

25

26   _____

27   [1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the
     Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality

28   agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating
     Party regarding any such engagement.

(through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated Expert.

8.    <u>PROSECUTION BAR</u>

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL AEO – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to the subject matter of this action , including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination) so long as the representation does not include directly or indirectly crafting or amending patent claims. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

United States District Court
Northern District of California

9.    <u>SOURCE CODE</u>

9.1 To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL AEO - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

9.2    Protected Material designated as "HIGHLY CONFIDENTIAL AEO– SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL AEO – SOURCE CODE" and shall only be accessed and reviewed by Source Code Qualified Persons. Source Code Qualified Persons shall mean the following:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) who have been disclosed pursuant to Paragraph 7, above;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

9.3    The Source Code Computer. All Source Code shall be made available by the Producing Party to Source Code Qualified Persons on a secured, "stand-alone" computer that may not be linked to any network—including without limitation any local area network ("LAN"), intranet, or the Internet—and may not be connected to any printer (except as otherwise permitted in paragraphs 11.9 & 11.10) or any storage device other than the internal hard disk drive of the computer (the "Source Code Computer"). Except as necessary to create printouts pursuant to paragraphs 11.9 & 11.10 of this Protective Order, all access ports on the Source Code Computer shall be disabled as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of Source Code outside or away from the Source Code Computer on which the Source Code is provided for inspection. The Source Code Computer shall be kept in a secure, mutually agreed upon location in Northern California. The Source Code Computer

may be password protected and shall have the Source Code stored on a hard-drive contained inside the computer. The Producing Party, at its sole discretion, may choose to waive any or all of the default requirements in this paragraph 11 for its own convenience.

9.4    Format for Producing Source Code. The Producing Party shall produce Source Code in computer-searchable format on the Source Code Computer. The Receiving Party may request that commercially-available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that such software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with such licensed software tool(s) at least three (3) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. To the extent that such tools record local working files or other records reflecting the work performed by the Receiving Party, such files and records shall not be reviewed, altered or deleted by the Producing Party.

9.5    Access to the Source Code Computer. Access to the Source Code Computer shall be granted during normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time at the reviewing location on 24 hours' notice except as set forth below. Upon reasonable notice from the Receiving Party, which shall be not less than one (1) business days in advance, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer outside of normal business hours. Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 8:00 p.m. local time at the reviewing location. While the Producing Party may accommodate reasonable exceptions to the notice requirements mentioned above, the hours that the Source Code will be made available shall not be extended based solely upon the timing of the notice provided by the Receiving Party.

Outside computers (including laptops), smartphones, and cell phones are permitted in the room containing the Source Code Computer. Internet connectivity and camera functionality shall be disabled or otherwise inaccessible on all outside computers, and the Producing Party shall have the right to randomly inspect such outside computers at reasonable intervals to monitor that Internet connectivity and camera functionality remain disabled or otherwise inaccessible. Such monitoring, however, shall not entail review

of any work product generated by the Receiving Party (e.g., continuous monitoring of the screens of the outside computers or monitoring any notes or work product of the receiving party). Smartphones and cell phones brought into the room containing the Source Code Computer shall be placed away from the Source Code Computer and may not be used in the room containing the Source Code Computer. The Producing Party shall provide a separate room in close proximity to the room containing the Source Code Computer from which the Receiving Party may make phone calls.

9.6     Identification of Source Code Qualified Persons. All Source Code Qualified Persons who will review Source Code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least two (2) business days in advance of the first time that such person reviews such Source Code. The Producing Party may require proper identification of all Source Code Qualified Persons before any access to the Source Code Computer, and each and every time a person accesses the Source Code Computer, the Producing Party may require each Source Code Qualified Person to complete a Source Code review log identifying: (1) the person's name; (2) the date and time access began; and (3) the date and time access ended.

9.7     Alteration of the Source Code Computer. No person other than the Producing Party may alter, dismantle, disassemble, or modify the Source Code Computer in any way, or attempt to circumvent any security feature of the Source Code Computer.

9.8     No Copies of Source Code. No copies shall be made of Source Code, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the Source Code on the Source Code Computer, except for: (1) printouts of reasonable portions of the Source Code requested in accordance with the provisions of paragraph 11.9 of this Protective Order; and (2) such other uses to which the parties may agree or that the Court may Order.

9.9     Monitoring of Source Code Review. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission.  Such monitoring, however, shall not entail review of any work product generated by the Receiving Party, e.g., monitoring the screens of the stand-alone computers, monitoring any surface reflecting any notes or work product of the receiving party, or monitoring the key strokes of the receiving party. There will be no video supervision by any Producing Party.

9.10    Creation of Source Code Printouts.  The Receiving Party may request paper copies of limited

14

portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically in the first instance. If the Producing Party objects to the creation of a print out for the requested Source Code because the request is excessive or for any other reason it shall notify the Receiving Party of its objection within the allotted two (2) business days pursuant to this paragraph. In the event of a dispute, the parties will meet and confer within two (2) business days of the objection being raised and if they cannot resolve the dispute the parties will raise it with the Court.

9.11    Format of Source Code Printouts. The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. To the extent paper copies of source code are provided to Source Code Qualified Persons under Section 11.1(b), such Source Code Qualified Persons shall maintain paper copies in a secured, locked area. To the extent any paper copies of source code are maintained in a location other than the Receiving Party's Outside Counsel of Record, the Receiving Party shall maintain a log, which the Producing Party may request at any time, identifying the location and Source Code Person(s) in possession of each such copy. The Receiving Party may also temporarily keep the printouts at: (a) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (b) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); (c) the location of an Expert for the purpose of preparing court filings, pleadings, or other papers (including an expert's expert report and (d) any intermediate location reasonably necessary to transport the printouts (e.g., a hotel prior to a Court proceeding or deposition). The Receiving Party shall exercise due care in maintaining the security of the printouts at these temporary locations. The Receiving Party is not required to maintain a log for copies kept at any temporary locations. For avoidance of doubt, an access restricted location within the facilities of Outside Counsel of Record or the residence or offices of a Source Code Qualified Person, such as a conference room within an access-restricted office or a locked drawer or cabinet, shall constitute a secured, locked area.

The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. Hard copy printouts of Source Code shall be provided on Bates-numbered, watermarked, and colored paper clearly labeled "

HIGHLY CONFIDENTIAL AEO – SOURCE CODE" on each page.

The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise reasonably necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

Only the pages reasonably necessary for deciding the issue for which the portions of the Source Code are being filed or offered shall be copied under this subsection. To the extent portions of Source Code are quoted in a Court filing, the front of the document will be stamped as "CONTAINING HIGHLY CONFIDENTIAL AEO – SOURCE CODE." All hard copies of pages of a Court filing containing quoted Source Code are to be printed on watermarked paper and shall be stamped and treated as "HIGHLY CONFIDENTIAL AEO – SOURCE CODE." Hard copies of pages that do not contain quoted Source Code are not required to be printed on watermarked paper.

9.12    No Electronic Copies.  Electronic copies of Source Code may only be made to be included in documents which, pursuant to the Court's rules, procedures, and order(s), cannot be filed or served in hard copy form and must be filed or served electronically. Only the necessary amount of electronic copies to effectuate such filing or service may be stored on any Receiving Party server, hard drive, or other electronic storage device at any given time. After any such electronic filing or service, the Receiving Party shall delete all electronic copies from all receiving party electronic storage devices.

10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL AEO– SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the

other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL AEO– SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL AEO– SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

1        3.      make the information requested available for inspection by the Non-Party.

2        (c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

The parties hereby agree that pursuant to Federal Rule of Evidence 502(d), the inadvertent disclosure or production of document(s) shall not be deemed a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, provided that the Producing Party notifies the Receiving Party in writing promptly after discovery of such inadvertent production. All copies of such document(s) shall be returned to the producing party or destroyed within five (5) days of such notice, except to the extent that inaccessible copies were created through the routine operation of the recipient's standard archival and backup procedures. In the event documents are returned to the producing party pursuant to this paragraph, and to the extent that there is any dispute over the privileged nature of such documents, the producing party shall maintain the referenced documents until the parties resolve the dispute or the Court rules on the privileged nature of the documents. If a dispute arises concerning the privileged nature of the document(s) demanded or returned, the parties shall

United States District Court
Northern District of California

meet and confer in good faith in an effort to resolve the dispute. If the parties are unable to resolve the dispute, the receiving party may file a motion to compel the production of such document(s). In the event of such a motion to compel, the producing party shall have the burden to demonstrate the claimed privilege, work product immunity, or other immunity. However, in no case will the return of any demanded document be delayed or refused by reason of a party's objection to the demand or by the filing of a motion to compel, nor may a party base a motion to compel solely on the fact that the document was inadvertently produced. The parties further agree that the receiving party will not use or refer to any information contained within the document(s) at issue, including in deposition or at trial or in any Court filing, unless and until such a motion to compel that document is granted by a Court, except as such information may appear in any applicable privileged document log.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

United States District Court
Northern District of California

15.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material except for any such materials containing more than 20 consecutive lines of Source Code—or more than 100 total lines of Source Code—from hard copy printouts produced pursuant to the provisions regarding Source Code to be entered in this case as referenced in paragraph 11, above. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: July 21, 2022                    */s/ William P. Ramey, III*
                                         William P. Ramey, III (appearance pro hac vice)
                                         wramey@rameyfirm.com
                                         RAMEY LLP
                                         5020 Montrose Blvd., Suite 800
                                         Houston, Texas 77006
                                         Telephone:    +1.713.426.3923
                                         Facsimile:    +1.832.689.9175

                                         Susan S.Q. Kalra, Bar No. 167940
                                         susan@m-iplaw.com
                                         MAHAMEDI IP LAW LLP
                                         303 Twin Dolphin Drive, Suite 600
                                         Redwood City, California 94065
                                         Telephone:    +1.408.236.6640
                                         Facsimile:    +1.408.236.6641

                                         ***Attorneys for Plaintiff LAURI VALJAKKA***

DATED: July 21, 2022

/s/ Sarah E. Piepmeier
Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone:     +1.415.344.7000
Facsimile:     +1.415.344.7050

Janice L. Ta (appearance pro hac vice)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Telephone:     +1.737.256.6100
Facsimile:     +1.737.256.6300

**Attorneys for Defendant NETFLIX, INC.**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____     _____
                                                            Hon. Jon S. Tigar
                                                            United States District Judge

United States District Court
Northern District of California

21

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]

United States District Court
Northern District of California

22