UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAURI VALJAKKA,

    Plaintiff,

v.

NETFLIX INC,

    Defendant.

Case No. 22-cv-01490-JST

**ORDER GRANTING MOTION TO DISMISS; CONTINUING CASE MANAGEMENT CONFERENCE**

Re: ECF No. 51

In this patent infringement action, Defendant Netflix Inc. moves to dismiss Plaintiff Lauri Valjakka's willful infringement claim. ECF No. 51. The Court will grant the motion.[1]

## I.   BACKGROUND

Netflix is a Delaware corporation headquartered in Los Gatos, California. Plaintiff is the named inventor of United States Patent Nos. 8,495,167 (the "'167 Patent") and 10,726,102 (the "'102 Patent"). Plaintiff alleges that in September 2014, he sent a letter to Netflix notifying it of the '167 patent. He further alleges that Netflix, upon receiving the letter, has willfully infringed the patent through its use of and improvement to its products.

Plaintiff filed this lawsuit in the Western District of Texas in September 2021, ECF No. 1, after which the parties agreed to transfer the case to this Court, ECF No. 17. Netflix now moves to dismiss Plaintiff's claim for willful infringement as to the '167 patent.

## II.   LEGAL STANDARD

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," where facial plausibility turns on providing enough "factual

---

[1] The Court finds the motion suitable for disposition without oral argument and hereby vacates the November 3, 2022 motion hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts accept well-pled factual allegations in the complaint as true and "construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## III.   DISCUSSION

"Willful infringement is reserved for 'egregious infringement behavior,' which is typically described as 'willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or indeed – characteristic of a pirate.'" *NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-CV-02352-EJD, 2018 WL 4510737, at *2 (N.D. Cal. Sept. 18, 2018) (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103-04 (2016)). "To establish willful patent infringement, the patent owner must prove knowledge of the patent and knowledge of infringement." *Sonos, Inc. v. Google LLC*, No. C 21-07559 WHA, 2022 WL 799367, at *2 (N.D. Cal. Mar. 16, 2022) (citing *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016); *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987-88 (Fed. Cir. 2021)), *leave to appeal denied*, No. 2022-134, 2022 WL 1486359 (Fed. Cir. May 11, 2022).

Netflix moves to dismiss Plaintiff's claim for pre- and post-suit willful infringement of the '167 patent. Plaintiff responds that Netflix's request is procedurally improper at the pleadings stage because willful infringement is not an independent claim within the meaning of Federal Rule of Civil Procedure 8(a)(2). However, none of the cases Plaintiff cites to for support overcomes the weight of authority indicating that courts may consider requests to dismiss claims for willful infringement at the pleading stage. *See Sonos*, 2022 WL 799367, at *3 (collecting cases). As the *Sonos* court explained, because the jury must decide the question of willfulness, issues go to the jury only if they are properly framed by the pleadings. *Id.* (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020)). The Court finds the *Sonos* reasoning persuasive and applies it here. Accordingly, the Court considers the merits of Netflix's motion to dismiss Plaintiff's willful infringement claim.

**A.      Pre-Suit Infringement**

Plaintiff fails to adequately plead pre-suit willful infringement because he does not plausibly allege that Netflix had the specific intent to infringe the '167 patent. *See Bayer*, 989 F.3d at 987-88 ("To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct.").

Plaintiff's willful infringement theory turns on a September 2014 letter he sent to Netflix notifying it of the '167 patent. Plaintiff's complaint alleges that upon receiving the letter, Netflix began to infringe the patent and "knew that this conduct amounted to infringement because [Netflix] was aware of the patent and its strategic advantage to Defendant's patent portfolio from the information provided in a [sic] October 2014 letter to Defendant's headquarters in Los Gatos, California."[2] ECF No. 39 ¶ 20.

However, the letter does not accuse Netflix of infringement of the '167 patent. It only identifies the '167 patent and explains that "Netflix, as the leading content delivery network, is a potential licensee of the aforementioned patent." ECF No. 39-1 at 69. "[A]llegations that a patent owner sent a letter merely notifying a . . . party of the existence of a particular patent, without accusing that . . . party of infringement, is, by itself, insufficient" to plead knowledge of infringement. *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2021 WL 4685306, at *4 (N.D. Cal. Oct. 7, 2021); *see also Fluidigm Corp. v. IONpath, Inc.*, No. C 19-05639 WHA, 2020 WL 408988, at *5 (N.D. Cal. Jan. 24, 2020) (dismissing willful infringement claim where letter informing defendant of the '104 patent's issuance "allegedly notified defendant of the '104 patent" but "the complaint never alleges that the letter accused defendant of infringement, much less detailed how defendants allegedly infringed"). Plaintiff's remaining allegation that Netflix knew from the letter that its conduct constituted infringement does not support the plausible inference that Netflix had the specific intent to infringe the '167 patent. *See MasterObjects*, 2021 WL 4685306, at *2 ("[A] claim for enhanced damages for willful infringement is not adequately stated when all that is alleged is knowledge of the patent and direct

---

[2] While Plaintiff's complaint refers to this letter as an October 2014 letter, the letter (attached to Plaintiff's complaint as Exhibit D, ECF No. 39-1 at 69) is dated September 29, 2014.

infringement.").

Plaintiff's claim for pre-suit willful infringement is dismissed. Because the Court cannot conclude that amendment would be futile, dismissal is with leave to amend.

### B. Post-Suit Infringement

Netflix also challenges Plaintiff's claim to the extent it seeks post-suit willful infringement. ECF No. 51 at 10-11. Plaintiff's opposition brief does not address this argument.

Because Plaintiff fails to adequately plead specific intent to infringe the '167 patent, *see supra* Section III.A, Netflix's motion to dismiss Plaintiff's claim for post-suit willful infringement is likewise granted. *See MasterObjects*, 2021 WL 4685306, at *6 ("While the Court of Appeals for the Federal Circuit has recognized that post-suit misconduct can support a claim for enhanced damages, as explained, willfulness requires pleading more than knowledge of the patent and direct infringement — it requires a specific intent to infringe." (citing *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295 (Fed. Cir. 2017); *Bayer*, 989 F.3d at 987)).

## CONCLUSION

For the reasons above, Netflix's motion is granted with leave to amend. Plaintiff may re-file an amended complaint, solely to cure the deficiencies identified by this order, within twenty-eight (28) days from the date of the order.

The case management conference currently scheduled for October 18 is continued to December 13, 2022 at 2:00 p.m. A joint case management statement is due December 6, 2022.

**IT IS SO ORDERED.**

Dated: October 11, 2022

JON S. TIGAR
United States District Judge