Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise S. Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta, (appearance *pro hac vice*)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Jassiem N. Moore, (appearance *pro hac vice*)
JassiemMoore@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

*Attorneys for Defendant*
*NETFLIX, INC.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX, INC.,<br><br>Defendant. | Case No. 4:22-cv-01490-JST<br><br>**DEFENDANT NETFLIX, INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT, ADDITIONAL DEFENSES, AND COUNTERCLAIMS**<br><br>Judge:   Hon. Jon S. Tigar |

Defendant Netflix, Inc. ("Netflix") hereby files its Answer, Additional Defenses, and Counterclaims to Lauri Valjakka's ("Valjakka's" or "Plaintiff's") Third Amended Complaint for Patent Infringement ("Complaint"). The response below reflects the current status of Netflix's knowledge and belief regarding the subject matter of the allegations. Unless specifically admitted below, Netflix denies each and every allegation, claim, and prayer for relief contained in the Complaint. Netflix's use of titles and headings found in the Complaint is solely for ease of reference and should not be construed to admit any allegations contained in them.

## PARTIES

1. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies on that basis.

2. Admitted.

3. Denied.

## JURISDICTION

4. To the extent paragraph 4 of the Complaint consists of conclusions of law, no response is required. Netflix admits that the Complaint purports to bring an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, but denies that it has committed any acts that would give rise to any cause of action asserted in the Complaint. For purposes of this action only, Netflix admits that this Court has subject matter jurisdiction over this action, but denies all other allegations.

5. To the extent paragraph 5 of the Complaint consists of conclusions of law, no response is required. For the purposes of this action only, Netflix does not contest personal jurisdiction in this Court with respect to the particular products and particular allegations identified in the Complaint. Netflix denies that it has committed any acts that would give rise to any cause of action asserted in the Complaint. Netflix denies all remaining allegations in this paragraph.

6. To the extent paragraph 6 of the Complaint consists of conclusions of law, no response is required. Netflix does not contest personal jurisdiction in this Court with respect to the particular products and particular allegations identified in the Complaint. Netflix denies that it has

committed any acts in this District or in the State of California that would give rise to any cause of action asserted in the Complaint. Netflix denies all remaining allegations in this paragraph.

7. Netflix admits that it is registered to do business in the State of California and has transacted business in this District. Netflix denies that it has committed any acts that would give rise to any cause of action asserted in the Complaint. Netflix denies all remaining allegations in this paragraph.

8. To the extent paragraph 8 of the Complaint consists of conclusions of law, no response is required. Netflix does not contest personal jurisdiction in this Court with respect to the particular products and particular allegations identified in the Complaint. Netflix denies that it has committed any acts that would give rise to any cause of action asserted in the Complaint. Netflix denies all remaining allegations in this paragraph.

9. To the extent paragraph 9 of the Complaint consists of conclusions of law, no response is required. Netflix does not contest personal jurisdiction in this Court with respect to the particular products and particular allegations identified in the Complaint. Netflix admits that it advertises and makes its products available within this District. Netflix admits that it has advertised to hire employees to be located in this District. Netflix denies that it has committed any acts that would give rise to any cause of action asserted in the Complaint. Netflix denies all remaining allegations in this paragraph.

10. Denied.

11. To the extent paragraph 11 of the Complaint consists of conclusions of law, no response is required. Netflix does not contest that venue is proper in this Court with respect to the particular products and particular allegations identified in the Complaint. Netflix admits that its principal address is 100 Winchester Circle, Los Gatos, CA 95032. Netflix denies that it has committed any acts that would give rise to any cause of action asserted in the Complaint. Netflix denies all remaining allegations in this paragraph.

**THE PATENTS-IN-SUIT**

12. To the extent paragraph 12 of the Complaint consists of conclusions of law, no response is required. Netflix admits that what purports, on its face, to be United States Patent No.

8,495,167 ("the '167 Patent") entitled "Data Communications Networks, Systems, Methods and Apparatus" and issued on July 23, 2013, naming inventor Lauri Valjakka, is attached to the Complaint as Exhibit A. Netflix lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12 of the Complaint and therefore denies on that basis.

13. To the extent paragraph 13 of the Complaint consists of conclusions of law, no response is required. Netflix admits that what purports, on its face, to be United States Patent No. 10,726,102 ("the '102 Patent") entitled "Method of and System for Providing Access to Access Restricted Content to a User" and issued on July 28, 2020, naming inventor Lauri Valjakka, is attached to the Complaint as Exhibit B. Netflix lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13 of the Complaint and on that basis denies them.

14. Netflix admits that the Complaint uses the term "patents-in-suit" to refer to the '167 and '102 patents but denies that the '167 and '102 patents are valid or enforceable under the United States Patent Laws.

15. Netflix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint and on that basis denies them.

## ACCUSED INSTRUMENTALITIES

16. Netflix admits that the Complaint uses the terms "Accused Instrumentalities" or "Accused Products" to refer to "Netflix's Open Connect program and Netflix websites (e.g., https://www.netflix.com)," but denies that Netflix's Open Connect program and Netflix's website (https://www.netflix.com) or any other Netflix products and/or services infringe any valid or enforceable claim of the Patents-in-Suit.

## COUNT I

## (ALLEGED PATENT INFRINGEMENT OF THE '167 PATENT)

17. Netflix incorporates its responses to the preceding paragraphs as if fully set forth herein.

18. Denied.

19. Denied.

20. Denied.

21. Netflix admits that Exhibit D to the Complaint attaches a letter from Lauri Valjakka dated September 29, 2014, purportedly sent via United States Postal Service Certified Mail to Gregory K. Peters of Netflix. Netflix denies every other allegation of paragraph 21.

22. Denied.

23. Netflix denies that its products and/or services infringe any valid or enforceable claim of the Patents-in-Suit and that there was or is any need or basis to design around the claims of the '167 Patent once Netflix became aware of the patent and Plaintiff's allegations.

24. Denied.

25. Netflix admits that its products and/or services are available to customers throughout the United States and the State of California, including in this District, but denies that any such products and/or services infringe any valid or enforceable claim of the Patents-in-Suit.

26. Denied.

27. Netflix admits that Exhibit C to the Complaint attaches an exemplary claim chart. Netflix denies every other allegation of paragraph 27, including that the Accused Products infringe any valid or enforceable claim of the Patents-in-Suit.

## COUNT II

### (ALLEGED PATENT INFRINGEMENT OF THE '102 PATENT)

28. Netflix incorporates its responses to the preceding paragraphs as if fully set forth herein.

29. Denied.

30. Denied.

31. Netflix denies that its products and/or services infringe any valid or enforceable claim of the Patents-in-Suit and that there was or is any need or basis to design around the claims of the '102 Patent once Netflix became aware of the patent and Plaintiff's allegations.

32. Denied.

33. Netflix admits that its products and/or services are available to customers throughout the United States and in the State of California, including in this District, but denies that any such products and/or services infringe any valid or enforceable claim of the Patents-in-Suit.

34. Denied.

35. Netflix admits that Exhibit C to the Complaint attaches an exemplary claim chart. Netflix denies every other allegation of paragraph 35, including that the Accused Products infringe any valid or enforceable claim of the Patents-in-Suit.

## PRAYER FOR RELIEF

36. Netflix denies any factual assertions contained in Plaintiff's Prayer for Relief, and further denies that Plaintiff is entitled to the relief it seeks or any other relief. Netflix denies any express or implied allegation within this paragraph that it has infringed, or is now infringing, any patent, and denies that Plaintiff is entitled to damages, injunctive relief, enhanced or treble damages, attorney's fees, or any other relief. Netflix also denies that this is an exceptional case pursuant to 35 U.S.C. § 285 based on any action taken by Netflix. Netflix denies any liability to Plaintiff, denies that Plaintiff is entitled to any relief from Netflix, and denies each allegation contained in Plaintiff's Prayer for Relief. To the extent that any allegations in the Complaint have not been specifically admitted or denied, Netflix denies them.

## NETFLIX'S ADDITIONAL DEFENSES

### First Additional Defense (Lack of Standing)

37. Plaintiff lacks clear title and standing to sue for infringement as the rightful owner of the Patents-in-Suit.

### Second Additional Defense (Non-Infringement)

38. Netflix has not infringed, and does not infringe, under any theory of infringement, any valid, enforceable claim of the Patents-in-Suit, whether directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and is not inducing and has not induced others to infringe the Patents-in-Suit. To the extent Plaintiff alleges indirect infringement, Netflix is not and has not knowingly caused indirect infringement by any third party of any valid or enforceable claim of the Patents-in-Suit, and the Accused Products have substantial non-infringing uses.

**Third Additional Defense (Invalidity)**

39.     Each asserted claim of the Patents-in-Suit is invalid for failure to comply with one or more of the statutory requirements specified in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, and/or 120.

40.     For example, and without limitation, each of the asserted claims of the '167 Patent are directed to the unenforceable, abstract idea of distributing the delivery of content among multiple actors. Each claim element of the asserted claims recites only features that are well-understood, routine, and conventional, and nothing in the claims transforms the abstract idea into an inventive concept.

41.     For example, and without limitation, each of the asserted claims of the '102 Patent are directed to the unenforceable, abstract idea of providing restricted access to content using multiple levels of validation. Each claim element of the asserted claims recites only features that are well-understood, routine, and conventional, and nothing in the claims transforms the abstract idea into an inventive concept.

42.     For example, and without limitation, at least the following prior art references anticipate and/or render obvious (when considered in combination with each other), the claims of the '167 Patent that are identified in the Complaint: U.S. Patent Nos. 6,912,514; 6,950,431; 6,970,939; 7,139,827; 7222,186; 7,228,416; 7,373,103; 5,905,952; 7,398,312; 6,708,213; 8,392,611; 7,149,797; U.S. Patent Application No. 2006/0114350; and Publication Nos. WO 00/65776; WO 01/22688; HU 222,337; EP 0726663; EP 0863646; EP 0709994; Publications Zegura et al., Application-Layer Anycasting: A Server Selection Architecture and Use in a Replicated Web Service; Kung et al., Hierarchical Peer-to-Peer Networks; Amini et al., Distribution Requirements for Content Internetworking; Green et al., Content Internetworking Architectural Overview; Cisco Systems, Inc., Close Encounters: Cisco end-to-end solution pushes streaming and other feature-rich content closer to end users; Cisco Systems, Inc., Speeding and Scaling Web Sites Using Cisco Content-Delivery Technology White Paper; and Prior Art Systems Cisco Systems, Inc., Cisco Content Delivery Network (CDN); Inktomi Corporation, Inktomi Content Distributor; F5 Networks, Inc., Global-Site Controller; and Starburst Software, Inc., StarBurst OmniCast.

43.     For example, and without limitation, at least the following prior art references anticipate and/or render obvious (when considered in combination with each other), the claims of the '102 Patent that are identified in the Complaint: U.S. Patent Nos. 6,891,953; and 8,359,473; U.S. Patent Application Nos. 2016/0198202; 2003/0161473; 2004/0064714; 2004/0098592; 2002/0018566; 2007/0208711; 2010/0185868; 2008/0071617; 2008/0098212; 2005/0018854; 2010/0174608; 2012/0042389; and Publication No. KR 101103403 B1; Publications William Rosenblatt, William Trippe, Stephen Mooney, Digital Rights Management; Ramya Venkataramu, Analysis and Enhancement of Apple's Fairplay Digital Rights Management; Eric Rescorla, SSL and TLS: Designing and Building Secure Systems; Naganand Doraswamy, Dan Harkins, IPSec: The New Security Standard for the Internet, Intranets, and Virtual Private Networks (Second Edition); H. Krawczyk, M. Bellare, R. Canetti, HMAC: Keyed-Hashing for Message Authentication (RFC 2104); Bruce Schneier, E-Mail Security: How to Keep Your Electronic Messages Private; David K. Gifford, Cryptographic Sealing for Information Secrecy and Authentication; and S. Kent, IP Encapsulating Security Payload (ESP) (RFC 2406); and Prior Art Systems the Apple FairPlay system, the Google WideVine system, and the Microsoft PlayReady system.

**Fourth Additional Defense (Failure to Mark)**

44.     On information and belief, Plaintiff's claims for recovery are barred or limited, in whole or in part, prior to the date on which Netflix received actual notice of Plaintiff's allegations of infringement concerning the Patents-in-Suit, including under 35 U.S.C. § 287.

**Fifth Additional Defense (Prosecution Admissions & Estoppel)**

45.     Plaintiff's claims are barred, in whole or in part, based upon prosecution history estoppel, prosecution history disclaimer, and/or the internally inconsistent litigation positions Plaintiff or its predecessors have explicitly or implicitly taken with respect to the Patents-in-Suit in proceedings before the USPTO in the prosecution of the Patents-in-Suit. As a result, Plaintiff is estopped to maintain that the claims of the Patents-in-Suit are of such scope or have effect against any apparatus made, used, or sold by Netflix.

**Sixth Additional Defense (Equitable Doctrines)**

46. Plaintiff's claims and relief sought in its Complaint are barred, in whole or in part, by equitable doctrines including, without limitation, license, waiver, acquiescence, estoppel, and/or unclean hands based on its past actions and omissions, which are contrary to the claims and relief it now seeks.

**Seventh Additional Defense (Limitation on Damages)**

47. Plaintiff's claims for monetary damages, if any, are limited by the statute of limitations and by 35 U.S.C. §§ 286, 287, and/or 288. Plaintiff is not entitled to any purported damages suffered more than six (6) years prior to the filing of the Complaint.

48. Plaintiff's claims for monetary damages are also barred because Plaintiff is not entitled to past damages that occurred prior to the assignment agreement for the '167 Patent, signed in 2021, which does not provide a right to sue for past infringement or collect past damages.

**Reservation of Rights & Prayer for Relief**

49. Netflix expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled, including all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses that may now exist or in the future be available based on discovery or further factual investigation in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Netflix respectfully requests the following relief:

A. A dismissal with prejudice of Valjakka's Complaint against Netflix;

B. A denial of any and all relief sought by Valjakka;

C. A declaration that Netflix has not infringed any of Valjakka's patent rights and is not directly or indirectly infringing any asserted claim of the Patents-in-Suit;

D. A declaration that the claims of the Patents-in-Suit are invalid;

E. A judgment that this case is exceptional under 35 U.S.C. § 285;

F.  A judgment awarding Netflix its costs and attorneys' fees; and

G.  That Netflix be granted such other and additional relief as this Court deems just, equitable, and proper.

## NETFLIX'S COUNTERCLAIMS

Netflix hereby alleges, on knowledge as to its own actions and upon information and belief as to all other matters, as follows:

### PARTIES

1. Netflix, Inc. is a Delaware corporation with a principal address of 100 Winchester Circle, Los Gatos, CA 95032.

2. On information and belief, Plaintiff Lauri Valjakka is a citizen of Finland having an address located at Valtakatu 51, Vapaudenaukio Technopolis 2, 53100 Lappeenranta, Finland.

### JURISDICTION AND VENUE

3. Subject to Netflix's affirmative defenses and denials, Netflix alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 2201 *et seq.*, and under the patent law of the United States, 35 U.S.C. § 1 *et seq*.

4. This Court has personal jurisdiction over Valjakka for at least the reason that, in filing patent infringement actions against Netflix in the Northern District of California, Valjakka has submitted to the personal jurisdiction of this Court.

5. To the extent that venue is proper for Valjakka's claims, based solely on Valjakka's filing of this action, venue is also proper, for Netflix's counterclaims under 28 U.S.C. §§ 1391 and 1400(b) for purposes of this action. Moreover, Valjakka has consented to venue in this District at least by bringing this action in this District.

### FACTUAL BACKGROUND

6. On or about July 23, 2013, United States Patent No. 8,495,167 ("the '167 Patent"), issued to named inventor Lauri Valjakka.

7. On or about July 28, 2020, United States Patent No. 10,726,102 ("the '102 Patent"), issued to named inventor Lauri Valjakka.

8. Valjakka holds itself out as owner of the '167 and '102 Patents.

9. In its Complaint, Valjakka asserts that Netflix has infringed the '167 and '102 Patents.

10. Pursuant to 28 U.S.C. § 2201(a), an actual and justiciable controversy has arisen and exists between Netflix and Valjakka. Netflix is entitled to a judicial determination and declaration that it has not infringed and is not infringing the '167 Patent, and that the '167 Patent is invalid and unenforceable. Netflix is also entitled to a judicial determination and declaration that it has not infringed and is not infringing the '102 Patent, and that the '102 Patent is invalid and unenforceable.

## FIRST COUNTERCLAIM

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,495,167**

11. Netflix restates and incorporates by reference the allegations of its counterclaims in the preceding paragraphs.

12. On or about December 14, 2022, Valjakka filed its Complaint for Patent Infringement asserting that Netflix infringes the '167 Patent. An actual case or controversy exists between Netflix and Valjakka as to whether the '167 Patent is infringed by Netflix.

13. A judicial declaration is necessary and appropriate so that Netflix may ascertain its rights regarding the '167 Patent.

14. Netflix has not infringed and is not infringing any valid or enforceable claim of the '167 Patent, willfully or otherwise, directly or indirectly, either literally or by application of the doctrine of equivalents. For example, Claim 1[e] requires "wherein each such transport request includes details of data to be retrieved, the address of the first server from which the data is to be requested by the first target terminal, the addresses of at least one second target terminal to which the data from the first server to be relayed by the first target terminal and an indication of a relative performance of a further target terminal based on the terminal performance information stored in the network information database;" and the Accused Products do not infringe this element, at least under Plaintiff's apparent application of the claims. Furthermore, there is no substantial identity between the claims of the '167 Patent and the Accused Products.

15. This is an exceptional case under 35 U.S.C. § 285.

## SECOND COUNTERCLAIM

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,726,102**

16. Netflix restates and incorporates by reference the allegations of its counterclaims in the preceding paragraphs.

17. On or about December 14, 2022, Valjakka filed its Complaint for Patent Infringement asserting that Netflix infringes the '102 Patent. An actual case or controversy exists between Netflix and Valjakka as to whether the '102 Patent is infringed by Netflix.

18. A judicial declaration is necessary and appropriate so that Netflix may ascertain its rights regarding the '102 Patent.

19. Netflix has not infringed and is not infringing any valid or enforceable claim of the '102 Patent, willfully or otherwise, directly or indirectly, either literally or by application of the doctrine of equivalents. For example, the Accused Products do not cause "the content providing server to validate the fingerprint, and, if the validation is successful, access[] the access restricted content" as required by Claim 10 of the '102 Patent, at least under Plaintiff's apparent application of the claims. Furthermore, there is no substantial identity between the claims of the '102 Patent and the Accused Products.

20. This is an exceptional case under 35 U.S.C. § 285.

## THIRD COUNTERCLAIM

**Declaratory Judgment of Invalidity of U.S. Patent No. 8,495,167**

21. Netflix restates and incorporates by reference the allegations of its counterclaims in the preceding paragraphs.

22. On or about December 14, 2022, Valjakka filed its Complaint for Patent Infringement asserting that Netflix infringes the '167 Patent. An actual case or controversy exists between Netflix and Valjakka as to whether the '167 Patent is invalid.

23. A judicial declaration is necessary and appropriate so that Netflix may ascertain its rights as to whether the '167 Patent is invalid.

24. The claims of the '167 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101 *et seq.*, *e.g.*, 102, 103,

112, and 132. For example, the '167 Patent is invalid as anticipated under pre-AIA 35 U.S.C. § 102 and/or as obvious under U.S.C. § 103 in view of prior art to the patent, including without limitation, U.S. Patent Nos. 6,912,514; 6,950,431; 6,970,939; 7,139,827; 7222,186; 7,228,416; 7,373,103; 5,905,952; 7,398,312; 6,708,213; 8,392,611; 7,149,797; U.S. Patent Application No. 2006/0114350; and Publication Nos. WO 00/65776; WO 01/22688; HU 222,337; EP 0726663; EP 0863646; EP 0709994; Publications Zegura et al., Application-Layer Anycasting: A Server Selection Architecture and Use in a Replicated Web Service; Kung et al., Hierarchical Peer-to-Peer Networks; Amini et al., Distribution Requirements for Content Internetworking; Green et al., Content Internetworking Architectural Overview; Cisco Systems, Inc., Close Encounters: Cisco end-to-end solution pushes streaming and other feature-rich content closer to end users; Cisco Systems, Inc., Speeding and Scaling Web Sites Using Cisco Content-Delivery Technology White Paper; and Prior Art Systems Cisco Systems, Inc., Cisco Content Delivery Network (CDN); Inktomi Corporation, Inktomi Content Distributor; F5 Networks, Inc., Global-Site Controller; and Starburst Software, Inc., StarBurst OmniCast.

25. The '167 Patent is also invalid under 35 U.S.C. § 101 because it is directed to nothing more than the unpatentable abstract idea of distributing the delivery of content among multiple actors. Further, each claim element of the asserted claims recites only features that are well-understood, routine, and conventional, and nothing in the claims transforms the abstract idea into an inventive concept.

26. The '167 Patent is also invalid under 35 U.S.C. § 112 as indefinite. At least as would be understood by one of ordinary skill in the art and/or as applied in Valjakka's Complaint, the claim language is indefinite because it does not have a meaning that can be clearly and definitely determined from the patent, and thus fails to put the public on notice of what is and is not covered by these claims. The '167 Patent fails to satisfy the requirements of 35 U.S.C. § 112(2) due to the claim language being indefinite.

27. This is an exceptional case under 35 U.S.C. § 285.

# FOURTH COUNTERCLAIM

## Declaratory Judgment of Invalidity of U.S. Patent No. 10,726,102

28. Netflix restates and incorporates by reference the allegations of its counterclaims in the preceding paragraphs.

29. On or about December 14, 2022, Valjakka filed its Complaint for Patent Infringement asserting that Netflix infringes the '102 Patent. An actual case or controversy exists between Netflix and Valjakka as to whether the '102 Patent is invalid.

30. A judicial declaration is necessary and appropriate so that Netflix may ascertain its rights as to whether the '102 Patent is invalid.

31. The claims of the '102 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101 *et seq., e.g.*, 102, 103, 112, and 132. For example, the '102 Patent is invalid as anticipated under 35 U.S.C. § 102 and/or as obvious under U.S.C. § 103 in view of prior art to the patent, including without limitation, U.S. Patent Nos. 6,891,953; and 8,359,473; U.S. Patent Application Nos. 2016/0198202; 2003/0161473; 2004/0064714; 2004/0098592; 2002/0018566; 2007/0208711; 2010/0185868; 2008/0071617; 2008/0098212; 2005/0018854; 2010/0174608; 2012/0042389; and Publication No. KR 101103403 B1; Publications William Rosenblatt, William Trippe, Stephen Mooney, Digital Rights Management; Ramya Venkataramu, Analysis and Engancement of Apple's Fairplay Digital Rights Management; Eric Rescorla, SSL and TLS: Designing and Building Secure Systems; Naganand Doraswamy, Dan Harkins, IPSec: The New Security Standard for the Internet, Intranets, and Virtual Private Networks (Second Edition); H. Krawczyk, M. Bellare, R. Canetti, HMAC: Keyed-Hashing for Message Authentication (RFC 2104); Bruce Schneier, E-Mail Security: How to Keep Your Electronic Messages Private; David K. Gifford, Cryptographic Sealing for Information Secrecy and Authentication; and S. Kent, IP Encapsulating Security Payload (ESP) (RFC 2406); and Prior Art Systems the Apple FairPlay system, the Google WideVine system, and the Microsoft PlayReady system.

32. The '102 Patent is also invalid under 35 U.S.C. § 101 because Claims 10 and 11 are directed to nothing more than the unpatentable abstract idea of providing restricted access to content

using multiple levels of validation. Further, each claim element of the asserted claims 10 and 11 recites only features that are well-understood, routine, and conventional, and that nothing in the claims transforms the abstract idea into an inventive concept.

33.     The '102 Patent is also invalid under 35 U.S.C. § 112 as indefinite, for lack of written description, and/or enablement, at least under Valjakka's apparent application of the claims. For example, the specification of the '102 Patent does not provide an adequate written description under 35 U.S.C. § 112(1) for at least the phrase "information describing encryption properties" in Claim 10. The specification does not teach that the patentee had possession of a method to access "information describing encryption properties" as recited in the claims. While "information describing encryption properties" is recited briefly in the specification, there is no description or teaching of what "information describing encryption properties" is. Thus, this claim limitation lacks written description and enablement. The specification does not enable a person of ordinary skill in the art to make use of the full scope of these claims without undue experimentation. Additionally, at least as would be understood by one of ordinary skill in the art and/or as applied in Valjakka's Amended Complaint, this claim language is indefinite because it does not have a meaning that can be clearly and definitely determined from the patent, and thus fails to put the public on notice of what is and is not covered by these claims. Claim 10 of the '102 Patent fails to satisfy the requirements of 35 U.S.C. § 112(2) due to the identified claim phrase being indefinite.

34.     This is an exceptional case under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Netflix respectfully requests the following relief:

A.  A declaration that Netflix has not infringed and does not infringe any valid or enforceable claim of the '167 Patent;

B.  A declaration that Netflix has not infringed and does not infringe any valid or enforceable claim of the '102 Patent;

C.  A declaration that the '167 Patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including at least §§ 101, 102, 103, and/or 112;

D.  A declaration that the '102 Patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including at least §§ 101, 102, 103, and/or 112;

E.  A declaration that, pursuant to 35 U.S.C. § 285, Valjakka's conduct in commencing and pursuing this action be found to render this an exceptional case and that Netflix be awarded costs, expenses, disbursements, and attorneys' fees in connection with this action;

F.  A judgment in Netflix's favor on all of its counterclaims; and

G.  Such other and additional relief as this Court deems just and proper.

## **JURY DEMAND**

Netflix respectfully requests a trial by jury on all issues so triable.

Dated: December 23, 2022

**PERKINS COIE LLP**

By: */s/ Sarah E. Piepmeier*

    Sarah E. Piepmeier, Bar No. 227094
    SPiepmeier@perkinscoie.com
    Elise S. Edlin, Bar No. 293756
    EEdlin@perkinscoie.com
    PERKINS COIE LLP
    505 Howard Street, Suite 1000
    San Francisco, California 94105
    Telephone: +1.415.344.7000
    Facsimile:  +1.415.344.7050

    Janice L. Ta, (admitted *pro hac vice*)
    JTa@perkinscoie.com
    PERKINS COIE LLP
    405 Colorado Street, Suite 1700
    Austin, Texas 78701
    Telephone: +1.737.256.6100
    Facsimile:  +1.737.256.6300

    Jassiem N. Moore, (admitted *pro hac vice*)
    JassiemMoore@perkinscoie.com
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101-3099
    Telephone: +1.206.359.8000
    Facsimile:  +1.206.359.9000

    *Attorneys for Defendant*
    Netflix, Inc.