Susan S.Q. Kalra, CA SBN167940
Email: susan@m-iplaw.com
MAHAMEDI IP LAW LLP
910 Campisi Way, Suite 1E
Campbell, CA 95008
Telephone: (408) 236-6640
Fax: (408) 236-6641

William P. Ramey, III (Admitted *pro hac vice*)
Email: wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorneys for Plaintiff*
Lauri Valjakka.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Lauri Valjakka<br><br>　　　　Plaintiff,<br>v.<br><br>Netflix, Inc.,<br><br>　　　　Defendant. | Case No.: 4:22-cv-01490-JST<br><br>**PLAINTIFF'S ANSWER TO COUNTERCLAIM** |

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Lauri Valjakka ("Lauri" or "Plaintiff"), files this Answer to the Counterclaim filed by Netflix, Inc. ("Netflix" or "Defendant"), and would respectfully show the Court as follows:

**PLAINTIFF LAURI VALJAKKA'S ANSWER AND**

## AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS

In response to the Counterclaims [D.E. 75] asserted by Defendant Netflix, Inc. ("Netflix"), Plaintiff Lauri Valjakka ("Valjakka") answers as follows:

## GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b)(3), Valjakka denies all allegations in Defendant's Counterclaims except those specifically admitted below.

## COUNTERCLAIMS

The introductory paragraph of Netflix's Counterclaims avers legal conclusion to which no response is required  To the extent a response is required, Valjakka denies the allegations of the introductory paragraph of Netflix's Counterclaims.

## PARTIES[1]

1. Upon information and belief, Valjakka admits that Netflix, Inc. is a Delaware corporation with a principal address of 100 Winchester Circle, Los Gatos, CA 95032.

2. For the purposes of this action, Valjakka admits the allegations of Paragraph 2.

## JURISDICTION AND VENUE

3. Valjakka admits that Netflix's Counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*; the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*; and that this Court has jurisdiction over the subject matter of Netflix's Counterclaims under 28 U.S.C. §§ 1331, 1338(a). Valjakka denies any remaining allegations of Paragraph 3.

---

1   HEADINGS IN VALJAKKA'S ANSWER AND AFFIRMATIVE DEFENSES TO NETFLIX'S COUNTERCLAIMS ARE USED SOLELY TO MIRROR THE HEADINGS IN NETFLIX'S PLEADING AND SHOULD NOT BE CONSTRUED AS AN ADMISSION OR DENIAL BY VALJAKKA ON ANY ISSUE.

4. For the purposes of this action, Valjakka admits the allegations of Paragraph 4.

5. For the purposes of this action, Valjakka admits the allegations of Paragraph 5.

## FACTUAL BACKGROUND

6. For the purposes of this action, Valjakka admits the allegations of Paragraph 6.

7. For the purposes of this action, Valjakka admits the allegations of Paragraph 7.

8. For the purposes of this action, Valjakka admits the allegations of Paragraph 8.

9. For the purposes of this action, Valjakka admits the allegations of Paragraph 9.

10. Denied.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,495,167

11. Valjakka incorporates by reference its answers to the allegations of Paragraphs 1-10 as if fully set forth herein.

12. For the purposes of this action, Valjakka admits the allegations of Paragraph 12.

13. Paragraph 13 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, the allegations are denied upon information and belief.

14. Denied.

15. Admitted that this is an exceptional case such that an award to Valjakka of its attorneys' fees and costs pursuant to 35 U.S.C. § 285 is justified. Denied that Netflix is entitled to an award of attorneys' fees and costs.

## SECOND COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,726,102

16. Valjakka incorporates by reference its answers to the allegations of Paragraphs 1-

15 as if fully set forth herein.

17. For the purposes of this action, Valjakka admits the allegations of Paragraph 17.

18. Paragraph 18 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, the allegations are denied upon information and belief.

19. Denied.

20. Admitted that this is an exceptional case such that an award to Valjakka of its attorneys' fees and costs pursuant to 35 U.S.C. § 285 is justified. Denied that Netflix is entitled to an award of attorneys' fees and costs.

## THIRD COUNTERCLAIM

**Declaratory Judgment of Invalidity of U.S. Patent No. 8,495,167**

21. Valjakka incorporates by reference its answers to the allegations of Paragraphs 1-20 as if fully set forth herein.

22. For the purposes of this action, Valjakka admits the allegations of Paragraph 22.

23. Paragraph 23 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, the allegations are denied upon information and belief.

24. Denied.

25. Denied.

26. Denied.

27. Admitted that this is an exceptional case such that an award to Valjakka of its attorneys' fees and costs pursuant to 35 U.S.C. § 285 is justified. Denied that Netflix is entitled to an award of attorneys' fees and costs.

## FOURTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of U.S. Patent No. 10,726,102

28. Valjakka incorporates by reference its answers to the allegations of Paragraphs 1-27 as if fully set forth herein.

29. For the purposes of this action, Valjakka admits the allegations of Paragraph 29.

30. Paragraph 30 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, the allegations are denied upon information and belief.

31. Denied.

32. Denied.

33. Denied.

34. Admitted that this is an exceptional case such that an award to Valjakka of its attorneys' fees and costs pursuant to 35 U.S.C. § 285 is justified. Denied that Netflix is entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

Valjakka denies that Netflix is entitled to judgment or any of the relief requested by the Counterclaims and prays for the following relief:

1. That Netflix takes nothing by reason of the counterclaims, and that the counterclaim action be dismissed with prejudice;

2. That the Court enter judgment in favor of Valjakka and against Netflix, with respect to all causes of action in the counterclaims;

3. That the Court award Valjakka his attorneys' fees and other costs reasonably incurred in the defense of the counterclaims; and

4. That the Court order such further relief for Valjakka as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

By characterizing these as "Affirmative Defenses," as Netflix does in its answer, Valjakka is not taking on any burden of proof beyond that which the law applies to him. Thus, without admitting or implying that Valjakka bears the burden of proof as to any of them, Valjakka, on information and belief, asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

35. Each cause of action set forth in Netflix's Counterclaims fails to state a claim upon which relief can be granted. For example, Netflix's counterclaims fail to explain how either the '167 or the '102 patent is invalid.

### SECOND AFFIRMATIVE DEFENSE

36. Netflix's counterclaims are barred, in whole or in part, by the equitable defenses of estoppel, waiver, laches and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

37. Netflix has failed to make reasonable efforts to mitigate its damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

38. Netflix's claims are subject to a set off based upon Netflix's and/or other parties' acts and wrongdoing.

### DEMAND FOR JURY TRIAL

Valjakka respectfully demands a jury trial as to all issues raised in Netflix's counterclaims which are triable to a jury in this action.

Dated: January 17, 2023

Respectfully submitted,

MAHAMEDI IP LAW LLP

/s/ Susan S.Q. Kalra
Susan S.Q. Kalra, CA SBN 167940
910 Campisi Way, Suite 1E
Campbell, CA 95008
Telephone: (408) 236-6640
Fax: (408) 236-6641
Email: susan@m-iplaw.com


RAMEY, LLP

/s/ William P. Ramey, III
William P. Ramey, III (Admitted *pro hac vice*)
5020 Montrose Blvd., Suite 800
Houston, California 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175
Email: wramey@rameyfirm.com

Attorneys for Plaintiff
CYBOENERGY, INC.