Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise S. Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Janice L. Ta, Bar No. 24075138
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Jassiem N. Moore, (admitted pro hac vice)
JassiemMoore@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone:    +1.206.359.8000
Facsimile:    +1.206.359.9000

*Attorneys for Defendant*
NETFLIX, INC.

Susan S.Q. Kalra
(California State Bar No. 167940)
Email: susan@m-iplaw.com
MAHAMEDI IP LAW LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (408) 236-6640
Fax: (408) 236-6641

William P. Ramey, III (admitted pro hac vice)
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175
Email: wramey@rameyfirm.com

*Attorneys for Plaintiff*
LAURI VALJAKKA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **LAURI VALJAKKA,**<br><br>Plaintiff,<br><br>v.<br><br>**NETFLIX, INC.,**<br><br>Defendant. | Case No. 4:22-cv-01490-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     February 14, 2022<br>Time:    2:00 p.m.<br>Judge:   Hon. Jon S. Tigar<br>Appearances By Zoom |

Plaintiff Lauri Valjakka ("Valjakka") and Defendant Netflix, Inc. ("Netflix") (collectively "the Parties") hereby submit this Joint Case Management Statement pursuant to the Court's instruction during the November 14, 2022 Technology Tutorial (ECF No. 66) and Civil L.R. 16-10(d).

## I.  JURISDICTION AND SERVICE

This is a patent infringement action under the patent laws of the United States, Title 35 of the United States Code. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. The Parties do not contest that this Court has personal jurisdiction over the Parties or that venue is proper and convenient. No parties remain to be served in this case.

## II.  FACTUAL BACKGROUND

**Valjakka's Statement**

Plaintiff Valjakka is a citizen of Finland having an address located at Valtakatu 51, Vapaudenaukio Technopolis 2, 53100 Lappeenranta, Finland. Defendant Netflix is a Delaware corporation with a principal address of 100 Winchester Cir., Los Gatos, CA 95032. Defendant was served via its registered agent at CT Corporation System, located at 1999 Bryan St., STE 900 Dallas, TX 75201.

Valjakka sued Netflix in the Western District of Texas on September 13, 2021 for allegedly infringing claims of United States Patent No. 8,495,167 ("the '167 patent") and claims of United States Patent No. 10,726,102 ("the '102 patent") for its Netflix's Open Connect program and Netflix websites (*e.g.* https://www.netflix.com). After agreement between the Parties, the case was transferred to the Northern District of California on March 8, 2022.

**Netflix's Statement**

Netflix is a U.S. subscription streaming service and production company that launched on August 29, 1997. Since starting as a mail-based DVD rental business, Netflix has become a pioneer in digital streaming and video on demand services while also growing as a content

producer. Netflix is headquartered in Los Gatos, California and currently employs over 12,000 employees across all its offices. Every year, Netflix invests billions of dollars in researching and developing the technologies that enable and support its streaming services. Netflix's substantial investments have led to a large and substantive patent portfolio of more than 1,000 patents worldwide, spanning 233 unique patent families.

In contrast to Netflix, plaintiff Valjakka does not appear to be involved in the development or sale of any products. To the extent Valjakka was previously involved in any research, development, or sale of technology or products related to the Asserted Patents, this side of Valjakka's business ended many years ago. Valjakka's only motivation is to monetize its stale technology to extract a fee from Netflix for technologies it neither practices nor commercializes.

Netflix independently develops its own innovative technologies, while valuing and respecting the intellectual property rights of others. Netflix has not infringed the Asserted Patents, which are also invalid, and Netflix is not liable for any damages.

### III.     DISPUTED LEGAL ISSUES

The principal disputed legal issues in this case are:

1. Whether Netflix directly infringes any claims of the '167 patent or the '102 patent under 35 U.S.C. § 271(a).
2. Whether the asserted claim(s) of the '167 or '102 patents are invalid.
3. If infringement is found, whether Netflix owes any damages under 35 U.S.C. § 284 or 35 U.S.C. § 287.
4. Whether this case is exceptional under 35 U.S.C. § 285, entitling the prevailing party to attorneys' fees.

The parties reserve the right to raise additional factual or legal issues that may arise throughout the course of this action.

### IV. MOTIONS

Plaintiff filed its Complaint against Netflix in the Western District of Texas on September 13, 2021. On December 13, 2021, Netflix moved to dismiss for improper venue, or, in the alternative, to transfer to the Northern District of California based on convenience factors. ECF No. 13. Following Netflix's Motion to Dismiss, Plaintiff filed its First Amended Complaint (FAC) on January 3, 2022, which added allegations of infringement of the '102 patent. ECF No. 14. On March 3, 2022, the parties jointly moved the court to transfer the case to NDCA, and Judge Albright granted the transfer on March 8, 2022. ECF No. 17. Then, on May 12, 2022, Plaintiff filed its Second Amended Complaint. ECF No. 39. Following that, Netflix moved to dismiss Plaintiff's willful infringement claims for failure to state a claim on June 9, 2022. ECF No. 51. The Court granted Netflix's motion to dismiss willful infringement allegations on October 11, 2022 and allowed Valjakka 28 days to cure its deficiencies, which ran on November 8, 2022. Valjakka filed a Third Amended Complaint (TAC) on December 14, 2022. ECF No. 74. Netflix filed its Answer to Plaintiff's TAC, Additional Defenses, and Counterclaims on December 23, 2022 (ECF No. 75), and Valjakka's Response was due on January 13, 2023. Valjakka filed its Answer to Counterclaims on January 17, 2023. ECF No. 78. On the same day, Netflix filed a Motion for Judgment on the Pleadings; the hearing is noticed for March 9, 2023. ECF Nos. 79, 81. Valjakka filed its Opposition to Netflix's Motion on January 31, 2023. ECF No. 83.

**<u>Valjakka's Statement</u>**

Valjakka may seek leave to file one or more dispositive motions, as well as motions to compel discovery as necessary.

**<u>Netflix's Statement</u>**

Netflix anticipates filing at least one motion for summary judgment on issues related to liability and/or damages. Netflix may also file motions to compel discovery as necessary.

## V. AMENDMENT OF PLEADINGS

Plaintiff does not currently intend to amend the operative Complaint but reserves the right to do so should it discover additional information.

## VI. EVIDENCE PRESERVATION

The Parties have filed a stipulated Protective Order.  ECF No. 56.

**Netflix's Statement**

Netflix timely issued a litigation hold to individuals related to this action.

## VII. DISCLOSURES

The Parties served initial disclosures on May 31, 2022, pursuant to Fed. R. Civ. P. 26. Netflix then served amended initial disclosures on July 1, 2022.

## VIII. DISCOVERY

**Valjakka's Statement**

On August 31, 2022, Valjakka served its First Set of Interrogatories (Nos. 1-6) and First Set of Requests for Production (Nos. 1-76).  On September 30, 2022, Netflix served its responses to both.  As raised by Valjakka in multiple correspondence, both Netflix's discovery responses and document production remain deficient.  For example, Netflix has not produced the requested infringement-related technical documents. Also, for example, Netflix has refused to adequately answer various interrogatories concerning infringement and Netflix's defenses (see, e.g., Interrogatories 1 and 4).

With respect to Netflix's allegations of deficiency, Valjakka has supplemented both its discovery responses and document production.  On July 11, 2022, Valjakka responded to Netflix's First Interrogatories and Requests for Production, and served supplemental responses on September 9, 2022. Valjakka also responded to second sets of Netflix's Interrogatories and Requests for Production on December 16, 2022.

To the extent that Netflix contends that Valjakka's discovery responses are deficient, Valjakka is happy to re-engage in discussions to the extent Netflix believes it is still owed discovery.

Valjakka also disagrees that its infringement or damages contentions are deficient.

**Netflix's Statement**

On June 9, 2022, Netflix served its first set of Interrogatories (Nos. 1–20). Valjakka served its responses on July 11, 2022. On July 22, 2022, Netflix notified Valjakka that its responses contained numerous deficiencies. On September 9, 2022, Valjakka served supplemental responses to Netflix's first set of Interrogatories, but many interrogatories remain unanswered and severely deficient. On November 16, 2022, Netflix served its second set of Interrogatories (No. 21), and Valjakka responded on December 16, 2022. Netflix has repeatedly requested that Valjakka remedy the deficiencies in its interrogatory responses and hopes to resolve these issues without involvement from the Court.

Netflix served its first set of Requests for Production (Nos. 1–45) on June 9, 2022 and its second set of Requests for Production (Nos. 46-47) on November 16, 2022. Despite several letters detailing the insufficiency of Valjakka's productions, Valjakka has failed to provide documents in response to over half of Netflix's requests. The requested documents are material to Netflix's defenses and damages theories and should be produced immediately. Netflix continues to work in good faith in attempt to resolve these issues without motion practice.

Valjakka complains that Netflix's technical document production is insufficient. Over the course of multiple emails, Netflix has repeatedly asked Valjakka to identify the relevance of the alleged deficiencies, but Valjakka could not identify any requests for production relevant to its complaints. And Valjakka has not communicated with Netflix about any alleged deficiencies in its interrogatory responses. Netflix will continue to attempt to resolve any outstanding discovery issues and would invite Valjakka to meaningfully engage in a resolution.

Valjakka served its Infringement Contentions for the '167 patent on February 7, 2022, and additional Infringement Contentions for both the '167 and '102 patents on May 17, 2022. Despite a detailed explanation from Netflix of the severe deficiencies and additional supplementations by Valjakka on December 6, 2022 for the '167 Patent and on December 30,

2022 for the '102 patent, Valjakka's Infringement Contentions still rely solely on conclusory statements and fail to identify key elements of the asserted claims in the Accused Products.

Valjakka served its Damages Contentions on August 22, 2022. After Netflix noted major deficiencies, Valjakka served Supplemental Damages Contentions on September 1, 2022. On October 3, 2022, Netflix served its Responsive Damages Contentions, which detail the numerous shortcomings of Valjakka's supplemental contentions. Despite supplementation, Valjakka's Damages Contentions provide no cogent theory of how it intends to determine a reasonable royalty.

The parties have also completed claim construction briefing and provided Technology Tutorials and oral arguments in support of their constructions. On December 13, 2022, the Court issued its claim construction order. ECF No. 73. The Court construed the disputed claim language as follows:

| Term | Court's Construction |
|---|---|
| "modified transport request" | "transport request that is modified by a relay server to include addresses of further target terminals" |
| "data" | "files or parts of files or equivalents thereof that are stored on a server, downloaded from the server by a terminal and stored by the terminal for subsequent use, as distinct from a stream of files or parts of files or equivalents thereof that is transmitted by a server and is temporarily buffered by terminals" |
| "obtaining is based at least in part on the first digital rights management key" | No construction necessary |
| "digital rights management header" | No construction necessary |
| Method claim 10 requires a particular step order | The DRM keys must be obtained or derived before restricted content is obtained.<br><br>Further, the first DRM key must be obtained and fingerprint validated before the second and third DRM keys are derived. |
| "fingerprint" | "a unique representation of the content derived directly from the content" |

*a. The subjects on which discovery may be needed (Fed. R. Civ. P. 26(f)(3)(B)):*

*Valjakka anticipates seeking discovery on at least the following topics.*

- Netflix's infringement of the claims of the '167 patent and the '102 patent;
- Netflix's revenue or other inured benefit from its infringement of '167 patent and the '102 patent;
- Netflix's first knowledge of Valjakka and/or the '167 patent and the '102 patent;
- Netflix's infringement analysis of the '167 patent and the '102 patent;
- Netflix's invalidity analysis of the '167 patent and the '102 patent;
- Netflix's revenue model for Netflix; and,
- Other issues that arise in asserting its anticipated counterclaims.

Netflix anticipates taking discovery on at least the following topics:

- Valjakka's commercial efforts and lack of commercial success;
- Valjakka's corporate history;
- The ownership, assignment, and transfer of interest rights of the Asserted Patents;
- The inventorship, conception, and reduction to practice of the Asserted Patents;
- Valjakka's licensing practices and activities;
- Prior art in the field and invalidity and/or unenforceability of the Asserted Patents;
- The inventor(s) of the Asserted Patents;
- Any attempts by Valjakka or its predecessors to make and sell products purportedly embodying the Asserts Patents;
- The factual basis of any damages or other relief sought by Valjakka; and
- Other relevant issues that may arise during the course of discovery.

The Parties reserve the right to amend these topics pending further discovery.

*b. Any issues about claims of privilege or of protection as trial-preparation materials (Fed. R. Civ. P. 26(f)(3)(D)):*

The Parties agree that absent a specific showing of need, documents created on or after the filing of the Complaint that are subject to a claim of attorney-client privilege, work product

immunity, or any other privilege or immunity do not need to be included in the Parties' privilege log.

   *c. Changes that should be made to the limitations on discovery (Fed. R. Civ. P. 26(f)(3)(E)):*

The Parties agree to serve interrogatories, document requests, deposition notices, requests for admission, and responses thereto, on each other via email. The Parties further agree that service of a complete copy of these documents via email on or before midnight Pacific Time shall count as same-day service. The Parties agree to the discovery limits set forth in the Federal Rules of Civil Procedure.

**IX.    CLASS ACTION**

This case is not a class action.

**X.    RELATED CASES**

The '167 patent and the '102 patent were also at issue in the following related proceedings in Western District of Texas: *Valjakka v. Cisco Systems, Inc.*, Case No. 6:21-cv-00944; *Valjakka v. Amazon.com, Inc. et al.*, Case No. 6:21-cv-00945; *Valjakka v. Apple, Inc.*, Case No. 6:22-cv-00003; *Valjakka v. Google LLC*, Case No. 6:22-cv-00004; *Valjakka v. Intertrust Tech. Corp.*, Case No. 6:22-cv-00234; *Valjakka v. Philips North America LLC*, Case No. 6:22-cv-00226; and *Valjakka v. Sony Interactive Entertainment LLC*, Case No. 6:22-cv-00005. Those proceedings have now settled.

Netflix also filed a petition for *inter partes* review of the '167 patent on September 23, 2022. *Netflix, Inc. v. Valjakka*, IPR2022-01568, Paper 2 (P.T.A.B. Sep. 23, 2022) and a petition for *inter partes* review of the '102 patent on January 3, 2023. *Netflix, Inc. v. Valjakka*, IPR2023-00423, Paper 2 (P.T.A.B. Jan. 2, 2023).

**XI.    RELIEF**

Valjakka respectfully requests that this Court:

    i. enter judgment that Defendant has infringed the Patents-in-Suit (if Valjakka filed its counterclaim);

    ii. award Valjakka damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit, in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

    iii. award Valjakka an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

    iv. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Valjakka its attorneys' fees, expenses, and costs incurred in this action;

    v. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. §284;

    vi. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant, from infringing the claims of the Patents-in-Suit or (ii) award damages for future infringement in lieu of an injunction, in an amount consistent with the fact that for future infringement the Defendant will be adjudicated infringers of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

    vii. award Valjakka such other and further relief as this Court deems just and proper.

**Netflix's Statement**

Netflix denies that Valjakka is entitled to any relief described above or otherwise. Netflix disagrees it has any liability to Valjakka or that Valjakka is entitled to any damages. Netflix

requests a declaration that Valjakka's claims merit no relief and that Netflix is entitled to an award of its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285. In addition, Netflix seeks a declaratory judgment that the Asserted Patents are not infringed and are invalid.

### XII. SETTLEMENT AND ADR

The Parties have had preliminary settlement discussions but have not been able to achieve a resolution. The Parties have filed ADR certification forms in accordance with Civil Local Rule 16-8(b) and ADR Local Rule 3-5(b). The Parties have elected to discuss ADR selection during the case management conference. ECF Nos. 42-43.

### XIII. CONSENT TO MAGISTRATE JUDGE

The Parties have declined to consent to a magistrate judge.

### XIV. OTHER REFERENCES

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

On January 10, 2023, Valjakka narrowed its set of asserted claims to claims 1, 3–5, 9, and 11–14 for the '167 patent and claim 10 for the '102 patent. The Parties do not anticipate any requests to bifurcate issues, claims, or defenses in this case. The Parties agree to confer in good faith after the discovery period as to ways to expedite the presentation of evidence at trial.

### XVI. EXPEDITED TRIAL PROCEDURE

The Parties do not propose that this case proceed under the Expedited Trial Procedure of General Order No. 64 Attachment A.

### XVII. SCHEDULE

Following the Court's *Markman* Order, the parties submitted a proposed schedule, which the Court signed and ordered on January 9, 2023. ECF No. 77.

| Event | Deadline |
|---|---|
| Proposed Date for Designation of Experts | 03/13/2023 |
| Close of fact discovery | 05/12/2023 |
| Deadline to file discovery motions relating to fact discovery | 05/19/2023 |
| Opening expert reports | 06/02/2023 |
| Rebuttal expert reports | 07/14/2023 |
| Close of expert discovery | 08/11/2023 |
| Opening summary judgment/Daubert briefs | 09/08/2023 |
| Responsive summary judgment/Daubert briefs | 09/22/2023 |
| Reply summary judgment/Daubert briefs | 09/29/2023 |
| Hearing on summary judgment/Daubert briefs | 10/19/2023, 2:00pm PST |
| Pretrial Conference | 01/12/2024, 2:00pm PST |
| Trial | 02/05/2024, 8:00am PST |

**XVIII.   TRIAL**

Both Parties have requested a trial by jury.  The Parties expect that a trial for infringement and invalidity will last 3-5 court days. Netflix reserves its right to revise this estimate.

**XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On April 27, 2022, Valjakka filed a Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. (ECF No. 36).

On April 26, 2022, Netflix filed a Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. (ECF No. 34).

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER ISSUES

Petitions for *Inter Partes* Reexamination ("IPR") have been filed with the USPTO for each patent-in-suit.

On September 23, 2022, Petition No. IPR2022-01568 was filed with respect to U.S. Patent No. 8,495,167 ("the '167 Patent"). A decision on institution of this IPR is expected on or about April 25, 2023.

On January 2, 2023, Petition No. IPR2023-00423 was filed with respect to U.S. Patent No. 10,726,102 ("the '102 Patent"). A decision on institution is expected on or about July 10, 2023.

## XXII. ADDITIONAL INFORMATION PURSUANT TO PATENT LOCAL RULE 2-1(B)

**Proposed Modifications to the Obligations or Deadlines Set Forth in the Patent Local Rules.**

The Parties' schedule is set forth in Section XVII, above.

**Non-Binding, Good-Faith Estimate of Damages Range.**

Valjakka contends that damages include at least a reasonable royalty. Valjakka has not yet computed total damages.

Netflix denies that Valjakka is entitled to any relief described above or otherwise. Netflix disagrees that it has any liability to Valjakka.

| | | |
|---|---|---|
| Dated: February 7, 2023 | | Respectfully submitted, |
| | | MAHAMEDI IP LAW LLP |
| | | */s/ Susan S.Q. Kalra* |
| | | Susan S.Q. Kalra, CA SBN 167940 |
| | | ***Attorney for Plaintiff Lauri Valjakka*** |
| Dated: February 7, 2023 | | PERKINS COIE, LLP |
| | | */s/ Sarah E. Piepmeier* |
| | | Sarah E. Piepmeier, CA SBN 227094 |
| | | ***Attorney for Defendant Netflix, Inc.*** |

## SIGNATURE ATTESTATION

I, Susan S.Q. Kalra, am the ECF user whose user ID and password authorizes the filing of this document. Under Civil L.R. 5-1(h)(3), I attest that counsel for Defendant has concurred in this filing.

DATED: February 7, 2023                    By:   /s/ Susan S.Q. Kalra
                                                 Susan S. Q. Kalra, CA SBN 167940

*Attorney for Plaintiff Lauri Valjakka*