Rachael D. Lamkin (SBN 246066)
Karan Singh Dhadialla (SBN 296313)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, California 94111
Phone: (415) 291-6200
Fax: (415) 291-6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

*Attorneys for Defendant NETFLIX, INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>              Plaintiff,<br><br>       v.<br><br>NETFLIX, INC.,<br><br>              Defendant. | Case No.: 4:22-cv-01490-JST<br><br>**DECLARATION OF RACHAEL D. LAMKIN ISO NETFLIX, INC.'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:    Hon. Jon S. Tigar |

I, Rachael D. Lamkin, declare as follows:

   1.   I am a partner with the law firm of Baker Botts L.L.P. and counsel of record for Defendant Netflix, Inc. in the above-captioned matter.

   2.   I am admitted to practice in all state and federal courts in California, federal courts in Colorado and the Eastern and Western Districts of Texas. I am also admitted in the Federal Circuit, the International Trade Commission, the Court of International Trade, and this Honorable Court.

   3.   I have personal knowledge of the facts stated herein.

   4.   I make this Declaration in support of Netflix's Motion For Preliminary Injunction and all motions filed concurrently therewith on this date.

   5.   I was hired in late July 2023 to assist Netflix's trial team in this matter.

6. At the time, and immediately before, Netflix's current counsel was diligently absorbed with (i) discovering and pleading inequitable conduct against Mr. Valjakka (Dkt. No. 101), (ii) expert reports, (iii) mediation, (iv) amending its damages contentions, and (v) drafting summary judgment motions (Dkt. Nos. 101-124).

7. I was asked to take another look at certain documents to assist in their efforts and in my own preparations.

8. In so doing, I was struck by the unusual language of the just-obtained English translations of the CDN licenses, and the admissions related to those licenses in Mr. Valjakka's deposition testimony.

9. Together, Netflix's trial team realized that Mr. Valjakka had established a fraudulent series of transactions, likely to avoid paying his creditors. We quickly reviewed the evidence, Netflix's remedies, and the California Uniform Voidable Transactions Act ("CUVTA").

10. Upon deep review of CUVTA, its progeny, and the facts of this case, we realized the risk to Netflix, and contacted Mr. Valjakka to ask for a meet and confer regarding Netflix's CUVTA claim. We sent that correspondence on August 16, 2023, within ten (10) days of realizing the CDN licenses were, in our view, a violation of CUVTA, having spent those ten (10) days engaging in a rigorous analysis of CUVTA as applied to the facts of our case and a detailed analysis of the case schedule to make sure the claim could be tried in this matter, as opposed to a being filed as a separate matter. We also considered the discovery we would need, and whether that could be done under the current case schedule.

11. On August 16, 2023, I sent a letter to counsel for Mr. Valjakka, setting forth our CUVTA allegations and asking for a telephonic meet and confer. I stated that I would be available at any time over the next four (4) days.

12. Over the next four (4) days, I repeatedly communicated to counsel for Valjakka that I would make myself available at any time convenient for him during that time.

13. Counsel for Mr. Valjakka communicated extensively with me throughout the next four (4) days but stated that he was only available for a call five (5) days later, on Monday August 21, 2023.

14. Counsel for Valjakka and I exchanged on or about fifteen (15) emails as part of the meet and confer process between August 16 and August 21, 2023. We exchanged detailed discussions of the merits of Netflix's CUVTA claim, the briefing schedule for Netflix's motions, and other matters requisite to Netflix's motions.

15. My assumption is that the Court does not want filed copies of counsel correspondence but I will file immediately upon request.

16. Counsel for Valjakka and I spoke on August 21, 2023. We discussed the merits of Netflix's CUVTA claim and the mechanics of Netflix's accompanying motions, including the motion to shorten time and the motion to seal. Counsel for Valjakka indicated that he would not agree to an accelerated briefing schedule and would oppose all motions. Valjakka's counsel was not prepared to discuss the motion to seal but said he would try to discuss with his client. I stated that we could file under seal out of an abundance of caution but make public if his client agreed to make public.

17. Attached as Exhibit 1 are true and correct excerpts from the June 1 and 2, 2023 deposition transcript of Lauri Valjakka.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on this 21st day of August, 2023 in San Francisco, California.


By: */s/ Rachael D. Lamkin*
Rachael D. Lamkin