Rachael D. Lamkin (SBN 246066)
Karan Singh Dhadialla (SBN 296313)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, California 94111
Phone: (415) 291-6200
Fax: (415) 291-6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

*Attorneys for Defendant, NETFLIX, INC.*

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| LAURI VALJAKKA,<br><br>    Plaintiff,<br><br>  v.<br><br>NETFLIX, INC.,<br><br>    Defendant. | Case No. 4:22-cv-01490-JST<br><br>**DEFENDANT NETFLIX, INC.'S NOTICE OF MOTION AND OPPOSED MOTION FOR LEAVE TO AMEND THE SCHEDULING ORDER ON NARROW GROUNDS TO ALLOW MINIMAL, TARGETED CUVTA DISCOVERY**<br><br>Judge:   Hon. Jon S. Tigar<br>Date:    October 19, 2023<br>Time:    2:00 p.m.<br>Crtrm:   6 – 2nd Floor |

PLEASE TAKE NOTICE that on October 19, 2023, at 2:00 p.m., or as soon before or thereafter as the matter may be heard, in Courtroom 6 on the 2nd Floor of the Oakland Courthouse located at 1301 Clay Street, Oakland, CA 94612, Defendant Netflix, Inc. ("Netflix") will and hereby does move this Court for leave to amend the case schedule to allow minimal, targeted discovery.

This motion is based on this Notice of Motion, the attached memorandum of points and authorities in support thereof, and such other written and/or oral arguments as may be presented at or before the time this Motion is taken under submission by the Court.

## LOCAL RULE 7-2(b)(3) RELIEF SOUGHT

Herein Defendant Netflix seeks a minimal change to the case schedule to allow Netflix to take narrow, targeted discovery pertaining to its newly discovered CUVTA claim. Netflix only seeks minimal discovery. Netflix does not request a change to any of the dates in the schedule, Dkt. Nos. 77, 98, 115.

Dated: August 21, 2023

Respectfully submitted,

*/s/ Rachael D. Lamkin*
Rachael D. Lamkin (SBN 246066)
Karan Singh Dhadialla (SBN 296313)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise S. Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Janice L. Ta (appearance pro hac vice)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Jassiem N. Moore (appearance pro hac vice)
JassiemMoore@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Brianna Kadjo, Bar No. 303336
BKadjo@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300
Facsimile: +1.303.291.2400

*Attorneys for Defendant, NETFLIX, INC.*

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rules of Civil Procedure 15 and 16, Netflix files this Motion seeking narrow discovery as set forth below. Netflix does not request a change to the dates set forth in the case schedule, including the trial date, currently set for February 5 to February 26, 2024. Dkt. No. 77.

Although this matter has been pending for two years (2), Plaintiff Lauri Valjakka ("Valjakka") withheld and concealed material, highly relevant evidence until just before the close of fact discovery, evidence that demonstrates that Valjakka (i) no longer holds a majority of the rights in the Asserted Patents; and that he (ii) executed fraudulent and voidable transactions in violation of California's Uniform Voidable Transactions Act ("CUVTA"), Cal. Civ. Code § 3439 *et. seq*. These facts are set forth in Netflix's Motion For Preliminary Injunction, filed concurrently herewith.

When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, courts consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

### Factor 1: Trial is Imminent, But it Will Not Be Affected

Trial is currently set for February 5 to 26, 2024. Dkt. No. 77. Netflix does not request a change to that date, and does not believe the trial date is placed at risk by its narrow request. This factor favors granting Netflix the minimal relief it seeks.

### Factor 2: Valjakka Opposes Netflix's Request

Mr. Valjakka opposes Netflix's request, but his opposition should not be accorded weight given that his conduct necessitated this Motion.

### Factor 3: Valjakka Will Not Be Prejudiced

Mr. Valjakka will not be prejudiced by this request. Netflix merely seeks narrow discovery

tailored to Valjakka's CUVTA violation, *i.e.*, (i) one three (3) hour deposition of Valjakka limited to the CUVTA issue, (ii) one three (3) hour deposition of CDN Licensing's CEO limited to the CUVTA issue, (iii) a single discovery request seeking documents related to the formation and purpose of CDN Licensing, (iv) five (5) interrogatories limited to the CUVTA issue, and (v) five (5) requests for admission limited to the CUVTA issue.  Netflix is moving as quickly as possible and will serve this discovery on August 22, 2023, and request that the depositions occur in September, 2023. This minimal, tailored discovery is not burdensome, especially in light of Valjakka's improper discovery conduct necessitating this Motion, as set forth in Netflix's Motion For Preliminary Injunction, incorporated by reference and filed concurrently herewith.

### Factor 4: Netflix Was Diligent In Obtaining Discovery

Fact discovery closed on June 14, 2023. Dkt. No. 98.  One month prior, on May 12, 2023, after twenty (20) months of litigation and in contravention of multiple discovery requests over the prior year seeking the exact information withheld, Valjakka produced two highly relevant documents, the CDN licenses, in Finnish. Netflix—on its own accord—immediately sought and received certified translations of the CDN licenses on May 30, 2023, two days before Mr. Valjakka's deposition.  In June and July, 2023, Netflix was absorbed in (i) discovering and pleading inequitable conduct against Mr. Valjakka (Dkt. No. 101), (ii) expert reports, (iii) mediation, (iv) amending its damages contentions, and (v) drafting summary judgment motions (Dkt. Nos. 101-124).[1]  With these demands, Valjakka was almost successful in permanently concealing his CUVTA violations. However, upon further review of substantial evidence, including newly created and produced evidence such as Mr. Valjakka's deposition transcript and the CDN licenses, Mr. Valjakka's attempts to fraudulently transfer assets became apparent. Netflix immediately researched its rights and remedies, determined a preliminary injunction was warranted, and filed same.

### Factor 5: The Narrowly Requested CUVTA Discovery Was Not Foreseeable

As detailed in Netflix's Motion For Preliminary Injunction, Valjakka went to great lengths to conceal CDN licensing and his efforts to fraudulently transfer assets thereto.  Netflix did not, could not, have discovered CDN licensing until Mr. Valjakka produced the CDN licenses, which he did

---

[1] *See* Declaration of Rachael Lamkin, filed in support of Netflix's motion to amend its answer to add one CUVTA counterclaim, and incorporated by reference herein.

not do until twenty (20) months into this litigation, in Finnish. As soon as Netflix was able to review and consider Valjakka's hidden and belatedly produced discovery, Netflix moved for its available remedies.

**Factor 6: Netflix's Narrow, Targeted Discovery Requested Is Likely To Lead To Discoverable Evidence**

The CDN licenses and Valjakka's deposition testimony already establish or nearly establish irrefutable evidence that Valjakka violated CUVTA. But Netflix has a right to further, targeted evidence to ascertain whether additional evidence of maleficence exists. Absent further discovery misconduct from Valjakka, there should be no rational disagreement that the targeted discovery requested, *supra*, should bear evidence directly relevant to Netflix's CUVTA claim.

The Parties' meet and confer conduct is set forth in the Declaration of Rachael Lamkin, filed in support of Netflix's motion for Preliminary Injunction, and incorporated by reference herein.

Dated: August 21, 2023                                Respectfully submitted,

                                                                 */s/ Rachael D. Lamkin*
Rachael D. Lamkin (SBN 246066)
Karan Singh Dhadialla (SBN 296313)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise S. Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta (appearance pro hac vice)
JTa@perkinscoie.com

PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Jassiem N. Moore (appearance pro hac vice)
JassiemMoore@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Brianna Kadjo, Bar No. 303336
BKadjo@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300
Facsimile: +1.303.291.2400

*Attorneys for Defendant, NETFLIX, INC.*