Rachael D. Lamkin (SBN 246066)
Karan Singh Dhadialla (SBN 296313)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, California 94111
Phone: (415) 291-6200
Fax: (415) 291-6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

*Attorneys for Defendant, NETFLIX, INC.*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>  Plaintiff,<br><br>  v.<br><br>NETFLIX, INC.,<br><br>  Defendant. | Case No. 4:22-cv-01490-JST<br><br>**DEFENDANT NETFLIX, INC.'S MOTION TO SHORTEN TIME TO HEAR THE MOTION FOR A PRELIMINARY INJUNCTION, THE MOTION TO AMEND THE SCHEDULING ORDER, AND THE MOTION TO AMEND TO ADD A COUNTERCLAIM**<br><br>[L.R. 6-3]<br><br>Judge:  Hon. Jon S. Tigar<br>Crtrm:  6 – 2nd Floor |

1  Pursuant to Local Rule 6-3, Defendant, Netflix, Inc. ("Netflix") hereby applies for an Order Shortening Time ("Application") for a hearing on Netflix's three concurrently-filed motions: Motion for a Preliminary Injunction, Motion to Amend the Scheduling Order, and Motion to Amend to Add a Counterclaim (collectively, the "Motions"). Netflix requests that the Motions be heard on September 14, 2023. Netflix understands that the Court's calendar is not presently open for additional matters to be heard on September 14, 2023, and further understands that the Court may not be able to accommodate this request and that the Motions may be heard at a later date instead. Netflix sincerely apologizes to the Court for requesting a date that is not presently open but under the circumstances, and given that the next available court date for civil motions is not until October 19, 2023, Netflix prays the Court will understand the urgency.

During the meet and confer process, Netflix proposed the following briefing schedule to Plaintiff Lauri Valjakka ("Valjakka"): Oppositions due on September 4 (giving Valjakka the full 14-day response time); and replies due on September 7 (shortening Netflix's time to prepare the replies and ensuring that the matters are briefed a full week in advance of the requested date). As discussed below, Valjakka opposes Netflix's request for shortened time.

This Application is based upon the matters set forth in the accompanying Declaration of Ariel House filed concurrently herewith, along with the Declarations of Rachael Lamkin and Karan Singh Dhadialla filed in support of the Motions.

In further support of this Application, Netflix states as follows:

**1.   Necessity for Order Shortening Time (L.R. 6-3(a)(1))**

Throughout more than two years of litigation, Plaintiff Lauri Valjakka ("Valjakka") withheld and concealed material, highly relevant evidence until just before the close of fact discovery—evidence that demonstrates that (i) Valjakka no longer holds the essential rights in the Asserted Patents[1], and (ii) that he executed fraudulent and voidable transactions in an attempt to move the Asserted Patents and Enforcement Assets outside the reach of his creditors, including Netflix.[2] That evidence was revealed only recently, and since that time, Netflix has worked diligently to prepare

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in the concurrently-filed Motions.
[2] These facts are set forth in greater detail in Netflix's concurrently-filed Motion For Preliminary Injunction.

its request for a Preliminary Injunction and its Counterclaim alleging a violation of California's Uniform Voidable Transactions Act ("CUVTA"). *See* Declaration of Rachael Lamkin in Support of Motion to Amend ("Lamkin Decl.") ¶¶ 7-13.

These Motions ordinarily would be set for hearing on September 28, 2023, under the regular notice rules and the Court's Civil Law and Motion calendar on Thursdays. *See* Declaration of Ariel House ("House Decl.") ¶ 7. However, the Court's Scheduling Notes indicate that hearing dates are not available from approximately mid-August to late October. *Id*. ¶ 6. Unless the Court shortens time to hear the Motions, consistent with its Scheduling Notes, the soonest date that the Motions could be heard appears to be October 19, 2023. *Id*. ¶ 7.

**2.     The Substantial Harm or Prejudice that Would Result if the Court Does Not Change the Time (L.R. 3-6(a)(3))**

If the Motions are not set for a special hearing date, then Netflix would be forced to wait for nearly two months for a hearing on the relief requested in the Motions. *Id*. ¶ 8. Netflix is concerned about the ramifications of such a delay, given Valjakka's history of flouting court rules designed to ensure the transparent exchange of information relevant to a dispute, his demonstrated efforts to put assets beyond the reach of creditors, and his abuse of the bankruptcy system to further shield assets and perpetuate a shell game of entities. *Id*. ¶ 9. Absent a timely injunction to enjoin Valjakka's fraudulent transfer, Netflix's ability to collect on its protectable claim could be forever extinguished vis-à-vis IPRA Technologies' or CDN's pending bankruptcy(s). *Id*. ¶ 9.

Additionally, Netflix's request to amend the Scheduling Order to conduct additional discovery targeted to the new CUVTA claim envisions serving limited discovery requests (one document request, five interrogatories, and five requests for admission) on August 22, 2023, and conducting two limited depositions of no more than three hours each that would occur in September 2023. *Id*. ¶ 10. A delay until mid-October would jeopardize Netflix's attempts to move as quickly as possible to obtain the additional discovery pertaining to its new CUVTA claim, and ensure that claim is ready to be presented at the upcoming trial scheduled in February 2024. *Id*.

3. **Efforts to Obtain a Stipulation, Netflix's Compliance with Local Rule 37-1, and The Parties' Positions Regarding the Motions (L.R. 3-6(a)(2) & (a)(4))**

Pursuant to Local Rule 37-1, Netflix has met and conferred with Valjakka regarding the relief requested in the Application and in the Motions. House Decl, ¶ 11. The parties exchanged emails and participated in a telephonic conference on August 21, 2023. *Id*. Netflix understands that Valjakka opposes the relief requested in this Application and in the Motions. *Id*. Valjakka indicated that the Motions should be heard on regular notice, and he opposes Netflix's request for shortened time for the hearing and a slightly modified briefing schedule that only affects Netflix's replies. *Id*.

As required by Local Rule 6-3(a)(4)(ii), Netflix briefly summarizes the nature of the underlying disputes addressed by the Motions and the parties' positions below.

- **Motion for a Preliminary Injunction.** Netflix moves for a preliminary injunction to restrain and enjoin Valjakka, pending trial, from using, moving, concealing, transferring, or otherwise disposing of any licensing or settlement asset in his possession, custody or control. *Id*. ¶ 11(a). Valjakka has indicated that he opposes the request for a preliminary injunction and disagrees that CUVTA applies to the transfers at issue. *Id*.

- **Motion to Amend the Scheduling Order.** Netflix requests that the Court grant a limited extension of the fact discovery cut-off solely to allow Netflix to conduct limited, targeted discovery aimed at the narrow CUVTA issue. Specifically, Netflix seeks permission to serve one document request, five interrogatories, and five requests for admission, and to conduct two limited depositions of no more than three hours each. *Id*. ¶ 11(b). Valjakka has indicated that he opposes the request to amend the scheduling order to conduct CUVTA-related discovery. *Id*.

- **Motion to Amend to Add a Counterclaim.** Netflix requests that the Court grant a limited extension of the deadline to add or amend counterclaims in order to add a new counterclaim under CUVTA. *Id*. ¶ 11(c). Valjakka has indicated that he opposes the request to amend the scheduling order to add Netflix's CUVTA counterclaim. *Id*.

4. **The Effect of the Requested Time Modification (L.R. 6-3(a)(6)**

The time requested by this Application will not interfere with any other proceedings in this

case and will ensure that parties are able to adhere to the remaining deadlines in the scheduling order, while allowing Netflix's CUVTA claim to be ready for trial in February 2024. House Decl. ¶ 12.

Netflix's proposal shortens the date that would be set for the hearing under the ordinary notice rules (which would be September 28, and Netflix proposes September 14), but Netflix's proposed briefing schedule still provides Valjakka with the full 14-day period under regular notice rules to oppose the Motions. Netflix further proposes shortening the time for its replies such that they would be filed on September 7, thus giving Netflix only three days, and ensuring that the Motions are fully briefed an entire week in advance of the requested hearing date.

**5.     Previous Time Modifications (L.R. 6-3(a)(5))**

The Court entered an initial Scheduling Order on May 3, 2022. Dkt. 38. On January 10, 2023, the Court entered another Scheduling Order which set deadlines for the designation of experts and disclosure of expert reports, the close of fact and expert discovery, dispositive motions, and the dispositive motion hearing. Dkt. 77.

On May 11, 2023, Valjakka filed an Unopposed Motion to Amend the Case Schedule, which requested minor extensions of the close of fact discovery, the deadline to file discovery motions, opening and rebuttal expert reports, the close of expert discovery, and summary judgment / Daubert motions, oppositions, and replies. Dkt. 96. On May 18, 2023, the Court granted the Motion. Dkt. 98.

On June 28, 2022, the Court granted Netflix's unopposed motion for leave to amend or supplement infringement contentions (Dkt. 111); Netflix's unopposed motion for leave to amend its answer and counterclaims (Dkt. 112); and Netflix's unopposed motion for leave to supplement its responsive damages contentions (Dkt. 114). Additionally, on June 16, 2023, the parties met and conferred and agreed on a revised schedule regarding opening and rebuttal expert reports, which the Court granted on June 28, 2023. Dkt. 115.

**6.     Conclusion**

Netflix respectfully requests that the Court grant this Application and enter an Order setting the hearing on the Motions on September 14 (or as soon thereafter as may be practicable), and setting

a briefing schedule on the Motions, such that any oppositions to the Motions are to be filed on September 4, and replies filed on September 7.

Dated: August 21, 2023

Respectfully submitted,

*/s/ Rachael D. Lamkin*
Rachael D. Lamkin (SBN 246066)
Karan Singh Dhadialla (SBN 296313)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise S. Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta (appearance pro hac vice)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Jassiem N. Moore (appearance pro hac vice)
JassiemMoore@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

|   |   |
|---|---|
| 1 | |
| 2 | Brianna Kadjo, Bar No. 303336 |
|   | BKadjo@perkinscoie.com |
|   | PERKINS COIE LLP |
|   | 1900 Sixteenth Street, Suite 1400 |
|   | Denver, Colorado 80202-5255 |
|   | Telephone: +1.303.291.2300 |
|   | Facsimile: +1.303.291.2400 |

*Attorneys for Defendant, NETFLIX, INC.*