Susan S.Q. Kalra (CA State Bar No. 16740)
Email: skalra@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (800) 993-7499
Fax: (832) 900-4941

William P. Ramey, III (Admitted pro *hac vice*)
Email: wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorneys for Plaintiff*
LAURI VALJAKKA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| **LAURI VALJAKKA,**<br><br>Plaintiff,<br><br>v.<br><br>**NETFLIX, INC.,**<br><br>Defendant. | Case No. 4:22-CV-01490-JST<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT NETFLIX'S MOTION TO SHORTEN TIME TO HEAR THE MOTION FOR A PRELIMINARY INJUNCTION, THE MOTION TO AMEND THE SCHEDULING ORDER, AND THE MOTION TO AMEND TO ADD A COUNTERCLAIM**<br><br>[L.R. 6-3]<br><br>Judge:   Hon. Jon S. Tigar<br>Courtroom 6 – 2nd Floor |

Defendant Netflix, Inc.'s ("Netflix") Motion to Shorten Time To Hear The Motion For A Preliminary Injunction, The Motion To Amend The Scheduling Order, And The Motion To Amend To Add A Counterclaim ("Motion", ECF 130) should be denied. Netflix has not shown any urgency or other good cause for why the motions should be heard on a date earlier than the noticed hearing date of October 19, 2023. This is particularly true because Netflix's Motion is supported by a declaration that attempts to explain the need for an earlier hearing date for its three groundless and improper motions by conclusory statements and speculation.

I.   **BACKGROUND AND STATEMENT OF FACTS**

On September 13, 2021 Plaintiff Lauri Valjakka ("Valjakka") filed his original complaint for patent infringement against Defendant Netflix. The case has been vigorously litigated since then, with the parties exchanging written discovery and producing thousands of documents, taking depositions, amending pleadings, and briefing motions. Most recently, the parties jointly stipulated to amend the scheduling order governing the case, extending the deadline for Netflix's Rebuttal Damages Report and establishing a briefing schedule for cross motions for summary judgment (ECF 131).  Fact discovery has closed. Expert discovery will close on September 8, 2023, and Netflix's summary judgment motion deadline is September 15, 2023 (ECF 131).  In addition, on August 22, 2023 this Court denied Netflix's motion for judgment on the pleadings with respect to U.S. Patent No. 8,495,167 ("the '167 Patent") (ECF 132).

With the expert discovery period closing in two weeks, and with its deadline to file dispositive motions approaching a week later, on August 21, 2023 Netflix filed three motions – 1) a motion for preliminary injunction to enjoin Valjakka from any "transfer" of "Enforcement Assets" he owns to an entity over which he maintains control (ECF 127); 2) a motion to add a new counterclaim for violation of the California Uniform Voidable Transactions Act ("CUTVA"), Cal. Civ. Code § 3429 *et. seq* (ECF 128); and 3) a motion to amend the scheduling order to reopen discovery in order to take discovery, including six hours of additional depositions, on its newly-asserted CUTVA claim (ECF 129).

Based on Netflix's filing its three motions on August 21, 2023, under this Court's Civil Local

Rule 7-2(a) and this Court's Scheduling Notes, the earliest date for hearing on Netflix's motions would have been September 28, 2023 (ECF 130-1, ¶ 7). However, Netflix noticed the hearing on its three motions for October 19, 2023, which its counsel attests was the first available date the Court had on its schedule to hear them (ECF 130-1, ¶ 7).

Netflix requests that the Court set a hearing on its three underlying motions on a date earlier than the noticed October 19, 2023, and preferably on September 14, 2023 (ECF 130, at 1:4-5).

Netflix's Motion fails to demonstrate any legitimate reason urgency for scheduling an earlier hearing date than that available on the Court's schedule.

## II.   ARGUMENT

Netflix's motion to advance the hearing date, a form of a motion to shorten time for hearing, requires a showing of good cause. *WeRide Corp. v. Kun Huang*, No. 18-7233-EJD, 2019 U.S. Dist. LEXIS 130781, at *7 (N.D. Cal. Aug. 5, 2019); see also Civil L.R. 6-3. "An order shortening time on a motion necessarily delays resolution of other matters pending before the court." *Belinda K. v. Baldovinos*, 2011 WL 335315, *2 (N.D. Cal. Feb. 1, 2011); *Warner Bros. Entm't Inc. v. Random Tuesday, Inc.*, No. CV 20-2416-SB (PLAx), 2022 U.S. Dist. LEXIS 20908, at *8 (C.D. Cal. Jan. 26, 2022), citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (party moving to shorten time must show that it "should be allowed to go to the head of the line in front of all other litigants and receive special treatment.")

"Because a motion for such an order is effectively a request to jump the line, good cause is required." *Id*. (citing Fed. R. Civ. P. 6(c)(1)(C)). As Netflix acknowledges, the moving party must identify "the *substantial* harm or prejudice that would occur if the Court did not change the time" and set forth "with particularity, the reasons for the requested enlargement or shortening of time. Civ. L.R. 6-3(a)(3) (emphasis added). Netflix fails to show the requisite good cause here.

Netflix's first argument that an earlier hearing date than the October 19, 2023 noticed date is warranted is that "Netflix would be forced to wait for nearly two months for a hearing on the relief requested in the Motions" (ECF 130-1, ¶ 8). Given that under this Court's Civil Local Rule

3

7-2(a) a movant would have to wait for at least 35 days for a hearing on a noticed motion, Netflix's proffered argument is nothing more than inconvenience. Simply having to wait a bit longer is not by itself the type of "substantial harm" that would allow a moving party to jump to the head of the line.

Second, Netflix's purported justification for advancing the hearing date on the underlying motions to amend its answer and counterclaim and its motion to reopen discovery also fails. As to its motion to amend the scheduling order to reopen discovery in order to take discovery, including six hours of additional depositions, on its newly-asserted CUTVA claim (ECF 129), Netflix's argues that it wants to ensure that its claim will be ready to be presented at the trial (ECF 130-1, ¶ 10). Netflix fails to explain why it would not be able to do so if its motion to amend is granted on October 19, 2023 (assuming *arguendo* that it is granted). As to its motion to amend its Answer to add a counterclaim for CUTVA (ECF 128), Netflix advances no other reason than having to wait, as why holding a hearing on October 19, 2023 constitutes substantial harm or prejudice.[1]

Next, Netflix has not offered any admissible evidence that supports or would support advancing or specially setting a hearing on the preliminary injunction. Netflix advances only conclusory and speculative assertions that it is "concerned" that "Absent a timely injunction to enjoin Valjakka's fraudulent transfer, then Netflix's ability to collect on its protectable claim could be forever extinguished. . . ." (ECF 130-1, ¶ 9). Netflix further bases its request to shorten time for the hearing on unsubstantiated claims that Valjakka has a "history of flouting court rules designed to ensure the transparent exchange of information relevant to a dispute, his demonstrated efforts to put assets beyond the reach of creditors, and his abuse of the bankruptcy system to further shield assets and perpetuate a shell game of entities" (Motion at 2:14-17; ECF 130-1, ¶ 9). That kind of speculation and conjecture cannot show any cognizable harm or prejudice to justify Netflix's

---

[1] Furthermore, as set forth below, Netflix's proposed CUTVA claim is frivolous. A CUTVA claim does not apply to a transfer where, as here, the transaction at issue is by Valjakka "from himself to himself" (ECF 127, at 6.). Rather, CUTVA only applies to transactions between two separate and distinct parties, that puts the transferred property out of reach of a creditor. *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018 (N.D. Cal. 2014), citing *Mehrtash v. Mehrtash*, 93 Cal.App.4th 75, 80 (2001); *Lo v. Lee*, 24 Cal. App. 5th 1065 (2018), *citing Yaesu Electronics Corp. v. Tamura* 28 Cal.App.4th 8, 13 (1994).

motion, let alone anything "substantial" that would warrant disturbing or changing the current hearing schedule. Civil L.R. 6-3(a)(3).

Moreover, Netflix's "concerns" are unfounded. As the preliminary injunction motion itself demonstrates, if Netflix is relying on Valjakka's purported grant of rights related to the patents at issue to an entity named CDN Licensing, or to an entity named IPRA Technologies, then is concern is unfounded because, as Netflix argues, Valjakka "owns" CDN (ECF 127, at 1:6-8, 3:17) and IPRA (ECF 127, 3:17). A transfer between Valjakka and an entity he owns disregards the fact that Valjakka's re-organization of his own personal assets has no effect on Netflix's potential right to future recovery in the event that Netflix ultimately prevails on a contingent claim to attorney fees. Furthermore, the motion for preliminary injunction is futile to the extent that the transaction between Valjakka and CDN *already occurred* in 2021 (ECF 127 at 3:3-4). Accordingly, there is no exigency that warrants hearing the motion for preliminary injunction on shortened time.

Finally, advancing the hearing to September 14, 2023 would not serve the interests of justice. The Court, of course, is more fully informed of the competing demands on its time than are counsel for the parties. A review of this Court's calendar, as published on the Courts website, however, reveals that those competing demands are substantial. Netflix's proposed schedule would provide the Court with only seven days after the close of briefing to consider the three motions that will then be before it. Given the issues raised in the three motions, and the arguments and evidence that will be submitted with Valjakka's oppositions to each motion (and with Netflix's replies), Netflix's proposed order shortening time seeks to deprive the Court of the fair and reasonable time period required to review, evaluate and adjudicate the arguments presented by the parties in their respective briefing and at oral argument.[2]

---

[2] Furthermore, Netflix's three motions were heard on September 14, 2023, given the Court's schedule on and after that date, Netflix cannot be certain that the Court would have sufficient time to issue orders on the motions any earlier than the Court's schedule might allow had the motions been heard as noticed.

5

OPP. TO MOTION TO SHORTEN TIME TO HEAR NETFLIX'S MOTIONS – Case No. 4:22-CV-01490-JST

## III. CONCLUSION

For the reasons set forth above, Netflix's Motion to Shorten Time for Hearing should be denied. The hearing on its Motion For A Preliminary Injunction, The Motion To Amend The Scheduling Order, And The Motion To Amend To Add A Counterclaim should remain as noticed, with the hearing to be held on October 19, 2023.

DATED: August 25, 2023                Respectfully submitted,

                                           RAMEY LLP

                                           By:   */s/ Susan S.Q. Kalra*
                                           Susan S. Q. Kalra CA SBN 167940
                                           5020 Montrose Blvd., Suite 800
                                           Houston, TX 77006
                                           Telephone: (800) 993-7499
                                           Fax: (832) 900-4941
                                           Email: skalra@rameyfirm.com

                                           RAMEY LLP

                                           By:   */s/ William P. Ramey, III*
                                           William P. Ramey III (Admitted *pro hac vice*)
                                           5020 Montrose Blvd., Suite 800
                                           Houston, Texas 77006
                                           Telephone: (713) 426-3923
                                           Fax: (832) 689-9175
                                           Email: wramey@rameyfirm.com

                                           *Attorneys for Plaintiff*
                                           *LAURI VALJAKKA*