William P. Ramey, III (appearance *pro hac vice*)
wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: +1.713.426.3923
Facsimile: +1.832.689.9175

Susan S.Q. Kalra, Bar No. 167940
skalra@rameyfirm.com
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(800) 993-7499
(832) 900-4941 (facsimile)

Attorneys for Plaintiff
*LAURI VALJAKKA*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>    Plaintiff,<br><br>v.<br><br>NETFLIX, INC.,<br><br>    Defendant. | Case No. 4:22-cv-01490-JST<br><br>**PLAINTIFF VALJAKKA'S MEMORANDUM OF LAW IN OPPOSITION TO NETFLIX'S MOTION FOR LEAVE TO AMEND THE SCHEDULING ORDER ON NARROW GROUNDS TO ALLOW MINIMAL, TARGETED CUVTA DISCOVERY**<br><br>Judge: Hon. Jon S. Tigar<br>Date: September 21, 2023<br>Time: 2:00 p.m.<br>Crtrm: 6 – 2nd Floor |

Plaintiff Lauri Valjakka ("Valjakka") files this memorandum of law in opposition to Defendant Netflix, Inc.'s ("Netflix" or "Defendant") Motion for Leave to Amend the Scheduling Order and in support thereof states as follows:

Defendant's motion for leave to amend the scheduling order should be denied as the proposed amended answer fails to allege a sufficient factual basis from which a cognizable claim for a violation of the CUVTA could be found. Defendant's proposed amended answer fails to allege that any transfer by Valjakka "puts beyond [the creditor's] reach property [the creditor] otherwise would be able to subject to the payment of [ ] debt." *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018 (N.D. Cal. 2014), citing *Mehrtash v. Mehrtash*, 93 Cal.App.4th 75, 80, 112 Cal.Rptr.2d 802 (2001). Without citing to any factual basis, Defendant's proposed amended answer merely recites a bald legal conclusion that because of Valjakka's licenses to CDN Licensing Finland Oy, "Netflix will have no ability to recover its cognizable, actionable claim."[1]

The CUVTA covers transactions to a third-party beneficiary, one whom the creditor cannot enforce a judgment against for the same claim against the debtor. The CUVTA says of the creditor's remedies, "In an action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations in Section 3439.08, may obtain: **(1)** Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim." Cal. Civ. Code § 3439.07. This protects creditors from debtors who seek to immunize themselves from liability by transferring their assets to a third-party before or after a judgment is rendered against them, leaving no reachable assets with which they can pay their debt. Transfers that do not hinder or delay a creditor's ability to collect are not fraudulent under the CUVTA. "A creditor cannot premise a UFTA claim on a transfer unless the "the transfer puts beyond [the creditor's] reach property [the creditor] otherwise would be able to subject to the payment of [ ] debt." " *Opperman v. Path, Inc.*, 87 F.

---

[1] Dkt. 128-2 p. 34

Supp. 3d 1018 (N.D. Cal. 2014), citing *Mehrtash v. Mehrtash*, 93 Cal.App.4th 75, 80, 112 Cal.Rptr.2d 802 (2001).

California courts have consistently held that the CUVTA only applies to transactions between two separate parties. In *Lo v. Lee* the court said, "A fraudulent conveyance is a transfer by the debtor of property to a **third person** undertaken with the intent to **prevent a creditor from reaching that interest to satisfy its claim**." [emphasis added]. *Lo v. Lee*, 24 Cal. App. 5th 1065, 234 Cal. Rptr. 3d 824 (2018), *citing Yaesu Electronics Corp. v. Tamura* 28 Cal.App.4th 8, 13, 33 Cal.Rptr.2d 283. (1994).

Defendant however misinterprets the CUVTA and attempts to apply it to a transfer by Valjakka "from himself to himself". Defendant cites no California case wherein the CUVTA is successfully applied to prevent a Defendant from transferring assets either to itself, or to a corporation wholly owned by itself.

**CONCLUSION**

Because actual harm to the creditor is necessary to assert a CUVTA claim, Defendant has failed to assert any factual basis from which one could infer actual harm, and for the reasons laid out in Valjakka's response to Defendant's motion for a preliminary injunction filed concurrently, Defendant's motion for leave to amend the scheduling order should be denied.

Dated:  September 4, 2023    Respectfully submitted,

By: */s/ Susan S.Q. Kalra*
Susan S.Q. Kalra, Bar No. 167940
skalra@rameyfirm.com
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(800) 993-7499
(832) 900-4941 (facsimile)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: */s/ William P. Ramey, III*
William P. Ramey, III (appearance *pro hac vice*)
wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone:  +1.713.426.3923
Facsimile:   +1.832.689.9175

Attorney for Plaintiff
*LAURI VALJAKKA*