Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

[Additional Counsel Listed on Signature Page]

Attorneys for Defendant NETFLIX, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| LAURI VALJAKKA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NETFLIX, INC.,<br><br>　　　　Defendant. | Case No. 4:22-cv-01490-JST<br><br>**DEFENDANT NETFLIX, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

I.      INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Netflix, Inc. ("Netflix") hereby submits this administrative request for a narrowly-tailored Order authorizing the sealing of certain materials filed in connection with Netflix's Motion for Summary Judgment ("Netflix's Motion").

Netflix submits this Motion and the Declaration of Elise Edlin ("Edlin Declaration") to protect the confidentiality of the information contained in (7) Exhibits A–G to the Edlin Declaration ("Exhibits").

The Exhibits contain, discuss, or otherwise include information that Netflix or Valjakka has designated "Highly Confidential − Attorneys' Eyes Only" pursuant to the Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials (Dkt. No. 56) ("Protective Order") (*see* Declaration of Elise Edlin filed herewith supporting Netflix's claim of confidentiality). This information constitutes Protected Material as defined at § 5.2 of the Protective Order.

Specifically, Netflix seeks to seal:

| Document | Entirety Or Redacted | Designating Party | Basis for Request to File Under Seal |
|---|---|---|---|
| Ex. 10 to Edlin Declaration | Entirety | Netflix | Exhibit 10 is a highly-confidential licensing agreement translation produced by Netflix.<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Netflix pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Netflix respectfully requests that Exhibit 10 be redacted in its entirety. |
| Ex. 11 to Edlin Declaration | Entirety | Valjakka | Exhibit 11 is a highly-confidential licensing agreement produced by Valjakka.<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Valjakka pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Netflix respectfully requests that Exhibit 11 be redacted in its entirety. |
| Ex. 12 to Edlin Declaration | Entirety | Valjakka | Exhibit 12 is a confidential rough deposition transcript of an expert of Valjakka. |

| | | | |
|---|---|---|---|
| | | | This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Valjakka pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Netflix respectfully requests that Exhibit 12 be redacted in its entirety. |
| Ex. 13 to Edlin Declaration | Entirety | Valjakka | Exhibit 13 is a confidential expert report by Valjakka's expert.<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Valjakka pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Netflix respectfully requests that Exhibit 13 be redacted in its entirety. |
| Ex. 15 to Edlin Declaration | Entirety | Netflix | Exhibit 15 is a confidential deposition transcript of an expert of Netflix.<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Netflix pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Netflix respectfully requests that Exhibit 15 be redacted in its entirety. |
| Ex. 16 to Edlin Declaration | Entirety | Netflix | Exhibit 16 is a confidential presentation by Netflix discussing and summarizing Netflix's highly-confidential, proprietary information.<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Netflix pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Netflix respectfully requests that Exhibit 16 be redacted in its entirety. |
| Ex. 19 to Edlin Declaration | Entirety | Netflix | Exhibit 19 discusses and summarizes features of Netflix's highly-confidential, proprietary information purportedly derived from Netflix's highly-confidential internal documentation and source code.<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Netflix pursuant to the parties' Stipulated Protective Order and is thus being filed under seal. |

| | | | Netflix respectfully requests that Exhibit 19 be redacted in its entirety. |
|---|---|---|---|

## II. RELEVANT LEGAL STANDARDS

To determine whether to allow documents to be filed under seal under Ninth Circuit law, two different tests apply depending on circumstances. The "compelling reason" test applies to documents attached to dispositive motions or documents, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006), or where the motion is "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). The less-restrictive "good cause" test applies to documents attached to other non-dispositive motions. *Kamakana*, 447 F.3d at 1178–80. Here, the good cause test applies because the underlying discovery is non-dispositive and is only tangentially related to the underlying contract cause of action. *See Prolifiq Software Inc. v. Veeva Sys. Inc.*, No. C-13-03644-SI, 2014 WL 2527148, at *3 (applying good cause to motion to seal trade secret identification and related exhibits in discovery dispute). Under the "good cause" standard of Rule 26(c), the Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original). Regardless, the documents at issue here would likewise satisfy the "compelling reasons" test, because one of the key considerations is whether their use would "release trade secrets." *Kamakana*, 447 F.3d at 1179. Fed. R. Civ. P. 26(c)(1)(G) specifically notes that "trade secret or other confidential research, development, or commercial information" may remain subject to protection.

## III. THE COURT SHOULD GRANT NETFLIX'S REQUEST AS TO PORTIONS OF ITS EXHIBITS

As set forth in the contemporaneously-filed Edlin Declaration, Netflix has established that "the document or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L. R. 79-5(b). In addition, the sealing request is "narrowly tailored to seek sealing only of sealable material." *Id*.

Netflix's basis for sealing Exhibits 10, 11, 12, 13, 15, 16, and 19 of the Edlin Declaration is that they contain highlight-confidential information or source code related to Netflix's proprietary technology, Valjakka's confidential licensing information, or the expert reports and deposition testimony of the parties, which has been designated by Netflix or Valjakka as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to reflect the sensitive nature of the documents, pursuant to the Stipulated Protective Order in this case (Dkt. No. 56).

**IV.  STATEMENT OF COMPLIANCE**

Defendant has reviewed and complied with the Standing Order Governing Administrative Motions to File Materials Under Seal Before District Judge Jon S. Tigar. Defendant has also reviewed and complied with Civil Local Rule 79-5, including the requirement to file separate motions if a party seeks to file under seal a document containing "portions that more than one party bears the burden of showing is sealable."

**V.  CONCLUSION**

For the foregoing reasons, Netflix respectfully requests that the aforementioned documents be filed under seal.

| | |
|---|---|
| Dated: September 15, 2023 | **PERKINS COIE LLP** |
| | By: */s/ Sarah E. Piepmeier*<br>Sarah E. Piepmeier<br>SPiepmeier@perkinscoie.com<br>Elise Edlin, Bar No. 293756<br>EEdlin@perkinscoie.com<br>PERKINS COIE LLP<br>505 Howard Street, Suite 1000<br>San Francisco, California 94105<br>Telephone: +1.415.344.7000<br>Facsimile: +1.415.344.7050<br><br>Janice L. Ta<br>JTa@perkinscoie.com<br>PERKINS COIE LLP<br>405 Colorado Street Suite 1700<br>Austin, Texas 78701<br>Telephone: +1.737.256.6100<br>Facsimile: +1.737.256.6300<br><br>Jassiem N. Moore<br>JassiemMoore@perkinscoie.com<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, Washington 98101-3099<br>Telephone: +1.206.359.8000<br>Facsimile: +1.206.359.9000<br><br>Brianna Kadjo<br>BKadjo@perkinscoie.com<br>PERKINS COIE LLP<br>1900 Sixteenth Street, Suite 1400<br>Denver, Colorado 80202-5255<br>Telephone: +1.303.291.2300<br>Facsimile: +1.303.291.2400<br><br>Rachael D. Lamkin (SBN 246066)<br>Karan Singh Dhadialla (SBN 296313)<br>BAKER BOTTS L.L.P.<br>101 California Street, Suite 3200<br>San Francisco, CA 94111<br>Tel: (415) 291-6200<br>Fax: (415) 291-6300<br>rachael.lamkin@bakerbotts.com<br>karan.dhadialla@bakerbotts.com<br><br>Attorneys for Defendant NETFLIX, INC. |

# **CERTIFICATE OF SERVICE**

I, Kate Rose, declare:

I am a citizen of the United States and employed by the firm of Perkins Coie LLP in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. On September 13, 2023, I caused to be served a true copy of the sealed version of the following documents

- **DEFENDANT NETFLIX, INC.'S MOTION FOR SUMMARY JUDGMENT; and**
- **EXHIBITS 10–13, 15–16, AND 19 TO THE DECLARATION OF ELISE EDLIN IN SUPPORT OF NETFLIX'S MOTION FOR SUMMARY JUDGMENT.**

upon counsel as listed below:

Susan S.Q. Kalra
RAMEY LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
skalra@rameyfirm.com

William P. Ramey, III
Kyril Talanov
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
wramey@rameyfirm.com
ktalanov@rameyfirm.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 13, 2023.

                                       */s/ Kate Rose*
                                       Kate Rose