# Exhibit I

CONFIDENTIAL

Susan S.Q. Kalra, CA SBN167940
Email: skalra@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (800) 993- 7499
Fax: (832) 900-4941


William P. Ramey, III (*pro hac vice*)
Email: wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorneys for Plaintiff*
LAURI VALJAKKA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>　　　　　　Plaintiff,<br>　v.<br>NETFLIX, INC.,<br><br>　　　　　　Defendant. | Case No.: 4:22-cv-01490-JST<br><br>**PLAINTIFF LAURI VALJAKKA'S SECOND SUPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT NETFLIX'S FIRST SET OF INTERROGATORIES (NO. 1-20)** |

　　　　Plaintiff Lauri Valjakka ("Lauri" or "Plaintiff") by and through his attorneys, and

pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby provides these

supplemental responses and objections to the First Set of Interrogatories ("Interrogatories")

Lauri Valjakka
06/01/2023
Exhibit 7
H. Bautista, CSR #11600

CONFIDENTIAL

date January 8, 2015.

**INTERROGATORY NO. 6:**

Separately for each claim of the Asserted Patents asserted by Valjakka, state all facts on which Valjakka bases any contention that secondary considerations (e.g., commercial success, licenses, respect or recognition by others, awards, copying, failed attempts by others, long-felt need, unexpected results) support the non-obviousness of the invention of that claim.

**RESPONSE TO INTERROGATORY NO. 6:**

Valjakka incorporates by reference its General Objections as if fully set forth herein. Valjakka further objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, immunity, or protection. Valjakka objects to this Interrogatory to the extent it seeks confidential information of third parties.

Valjakka objects to this Interrogatory as overly broad and unduly burdensome. In particular, the Interrogatory that Valjakka provide identification of "all facts" subjects Valjakka to an undue burden.

Subject to the foregoing General and Specific objections, Valjakka responds as follows: Valjakka and/or his counsel is willing to meet and confer to identify an appropriate scope for this Interrogatory.

**Supplemental Response to Interrogatory No. 6:**

Valjakka incorporates by reference its General Objections as if fully set forth herein. Valjakka objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, immunity, or protection. Valjakka objects to this Interrogatory to the

15

extent it seeks confidential information of third parties.

Valjakka objects to this Interrogatory as overly broad and unduly burdensome. In particular, the Interrogatory that Valjakka provide identification of "all facts" subjects Valjakka to an undue burden.

Subject to the foregoing General and Specific objections, Valjakka responds as follows: evidence of copying in the form of patent infringement can be publicly found in the case of Lauri Valjakka v. Akamai Technologies Inc., No. 6:21-cv-00942, Western District of Texas; Lauri Valjakka v. Amazon.com, Inc. and Amazon Web Services, Inc., No. 6:21-cv-00945-ADA, Western District of Texas; Lauri Valjakka v. Apple Inc., No. 6:22-CV-00003-ADA, Western District of Texas; Lauri Valjakka v. Charter Communications Inc., No. 6-22-cv-00491, Western District of Texas; Lauri Valjakka v. Cisco Systems, Inc. No. 21-cv-00944, Western District of Texas; Lauri Valjakka v. Comcast Corporation, No. 6:22-cv-00493, Western District of Texas; Lauri Valjakka v. Cox Inc. et al., No. 6:22-cv-00497, Western District of Texas; Lauri Valjakka v. Google LLC, No 6:22-cv-00004; Lauri Valjakka v. Meta Platforms, Inc., No. 6:22-cv-00495, Western District of Texas; Lauri Valjakka v. Microsoft Corporation, No. 6:21-cv-01006; Lauri Valjakka v. Sony Corp., No. 6:22-cv-00005, Western District of Texas and Lauri Valjakka v. Zoom Video Communications, Inc., No. 6:22-cv-00496, Western District of Texas. Valjakka has licensed the patents-in-suit to each of the following companies: ███████████████████████████████████████████, ███████████████████████████████████████████.

Long-felt need of the subject matter of the patents-in-suit is described in response to Interrogatory No. 1, such as the MIT lectures over the future options of development of peer-to-peer technology and the slow modem responses of gamers and online media users.

As described above in response to Interrogatory No. 1, Valjakka built and delivered a system built under the '167 patent to the Finland post office. Valjakka has also built and delivered commercial systems under the patents for proposals.

**INTERROGATORY NO. 7:**

Identify and describe all actual, attempted or potential assignments, licenses, covenants not to sue, enforcements, monetization efforts, or other agreements transferring or granting any rights or ownership interest in or to the Asserted Patents, including without limitation by identifying the persons and/or entities thereto, the date or dates therefor, the products at issue, the patent claims at issue, and any consideration received such as damages and/or royalties, or other terms expected or hoped to be received, in connection with each such agreement, including but not limited to the identification of all license agreements and ownership rights relating to the Asserted Patents.

**RESPONSE TO INTERROGATORY NO. 7**:

Valjakka incorporates by reference its General Objections as if fully set forth herein. Valjakka further objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, immunity, or protection. Valjakka objects to this Interrogatory to the extent it seeks confidential information of third parties.

Valjakka objects to this Interrogatory as seeking information that is not relevant to the limited issue for which discovery is authorized. As such, Valjakka objects to this Interrogatory as seeking information not relevant, nor proportional to the needs of the case. actual, attempted or potential assignments, licenses, covenants not to sue, enforcements, monetization efforts, or other agreements transferring or granting any rights or ownership interest in or to the Asserted

CONFIDENTIAL

Patents has nothing to do with Netflix's infringement of the Valjakka Patents. As such, there is no reason to believe the answer to this Interrogatory would relate to any relevant documents or witnesses.

Subject to the foregoing General and Specific objections, Valjakka responds as follows: Valjakka and/or his counsel is willing to meet and confer to identify an appropriate scope for this Interrogatory.

**Supplemental Response to Interrogatory No. 7:**

Valjakka incorporates by reference its General Objections as if fully set forth herein. Valjakka further objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, immunity, or protection. Valjakka objects to this Interrogatory to the extent it seeks confidential information of third parties.

Subject to the foregoing General and Specific objections, Valjakka responds as follows: With respect to the '167 Patent, all assignments are provided in Documents LV001987 – LV002031.

With respect to the '102 Patent, all assignments are provided in LV002032 –LV002044. Besides the licenses listed in the response to Interrogatory No. 6, Valjakka has not licensed or assigned rights of either patent-in-suit.

**Second Supplemental Response to Interrogatory No. 7:**

Valjakka incorporates by reference its General Objections as if fully set forth herein. Valjakka further objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other

applicable privilege, immunity, or protection. Valjakka objects to this Interrogatory to the extent it seeks confidential information of third parties.

Subject to the foregoing General and Specific objections, Valjakka responds as follows: With respect to the '167 Patent, all assignments are provided in Documents LV2_000220 - LV2_000230, LV2_000415 - LV2_000422, LV2_000611 - LV2_000629, LV2_000821 - LV2_000823, LV2_001003 - LV2_001030

LV001987 – LV002031.

With respect to the '102 Patent, all assignments are provided in Documents LV2_000231 - LV2_000236, LV2_000423 - LV2_000425, LV2_001031 - LV2_001045.

**INTERROGATORY NO. 8**:

Identify every person or entity with any past, current, or prospective financial, ownership, or other interest in the Asserted Patents, Valjakka, or this Action, and identify all persons with knowledge thereof, and all documents and things referring or relating thereto. Your answer should include (but not necessarily be limited to) a description of any funding, financial contribution, or payments made to You for purposes of this lawsuit or any other lawsuit involving the Asserted Patents, and how any money collected from this lawsuit or any other lawsuit involving the Asserted Patents has been or will be distributed, and a description of the rights and obligations of such Person or entity related to the Asserted Patent.

**RESPONSE TO INTERROGATORY NO. 8**:

Valjakka incorporates by reference its General Objections as if fully set forth herein. Valjakka further objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege,

immunity, or protection. Valjakka objects to this Interrogatory to the extent it seeks confidential information of third parties.

Valjakka objects to this Interrogatory as seeking information that is not relevant to the limited issue for which discovery is authorized. As such, Valjakka objects to this Interrogatory as seeking information not relevant, nor proportional to the needs of the case. Financial ownership or interest in the Asserted Patents has nothing to do with Netflix's infringement of the Valjakka Patents. As such, there is no reason to believe the answer to this Interrogatory would relate to any relevant documents or witnesses.

Subject to the foregoing General and Specific objections, Valjakka responds as follows: Valjakka and/or his counsel is willing to meet and confer to identify an appropriate scope for this Interrogatory.

**Supplemental Response to Interrogatory No. 8:**

Valjakka incorporates by reference its General Objections as if fully set forth herein. Valjakka further objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, immunity, or protection. Valjakka objects to this Interrogatory to the extent it seeks confidential information of third parties.

Valjakka objects to this Interrogatory as seeking information that is not relevant to the limited issue for which discovery is authorized. As such, Valjakka objects to this Interrogatory as seeking information not relevant, nor proportional to the needs of the case. Financial ownership or interest in the Asserted Patents has nothing to do with Netflix's infringement of the Valjakka Patents. As such, there is no reason to believe the answer to this Interrogatory would relate to any relevant documents or witnesses.

Subject to the foregoing General and Specific objections, Valjakka responds as follows:

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ have financial interests in the present case.

**INTERROGATORY NO. 9**:

For the Asserted Patents, state the level of ordinary skill in the art that Valjakka contends is applicable under 35 U.S.C. § 101 et seq., including the date against which Valjakka contends the level of ordinary skill in the art should be measured, and identify all documents and things upon which Valjakka relies to establish or support such level of skill.

**RESPONSE TO INTERROGATORY NO. 9**:

Valjakka incorporates by reference its General Objections as if fully set forth herein. Valjakka further objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, immunity, or protection. Valjakka objects to this Interrogatory to the extent it seeks confidential information of third parties.

Valjakka objects to this Interrogatory as overly broad and unduly burdensome. In particular, the Interrogatory that Valjakka provide identification of "all documents and things" subjects Valjakka to an undue burden.

Subject to the foregoing General and Specific objections, Valjakka responds as follows: Valjakka and/or his counsel is willing to meet and confer to identify an appropriate scope for this Interrogatory.

**Supplemental Response to Interrogatory No. 9:**

Valjakka incorporates by reference its General Objections as if fully set forth herein. Valjakka objects to this Interrogatory as overly broad and unduly burdensome. In particular, the Interrogatory that Valjakka provide identification of "all documents and things" subjects Valjakka to an undue burden.

applicable privilege, immunity, or protection. Valjakka objects to this Interrogatory to the extent it seeks confidential information of third parties.

Subject to the foregoing General and Specific objections, Valjakka responds as follows: Valjakka is not yet in a position to identify all necessary witnesses. Potential witnesses may include Ahti Muhonen and Jukka-Pekka Jussila. Communication between Valjakka and these persons is limited to phone calls and exchange of e-mails. Identifying "each communication and agreement relating to this action or the subject matter of this action" subjects Valjakka to an undue burden.

Valjakka will search for and if located, product documents responsive to this interrogatory.

**INTERROGATORY NO. 16**:

Identify and describe each instance in which Valjakka or anyone acting on Valjakka's behalf solicited or attempted to solicit investors or investments in Valjakka or this Action, in any form, and identify and describe all responses to such solicitations or attempted solicitations, including by identifying the relevant date or dates, all persons involved, and all Communications and Documents reflecting or relating to such solicitations or attempted solicitations.

**RESPONSE TO INTERROGATORY NO. 16**:

Valjakka incorporates by reference its General Objections as if fully set forth herein. Valjakka further objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, immunity, or protection. Valjakka objects to this Interrogatory to the extent it seeks confidential information of third parties.

CONFIDENTIAL

Valjakka objects to this Interrogatory as overly broad and unduly burdensome. In particular, the Interrogatory that Valjakka provide identification of "all communications and documents" subjects Valjakka to an undue burden.

Valjakka objects to this Interrogatory as seeking information that is not relevant to the limited issue for which discovery is authorized. As such, Valjakka objects to this Interrogatory as seeking information not relevant, nor proportional to the needs of the case. Solicitation of investments have nothing to do with Netflix's infringement of the Valjakka Patents. As such, there is no reason to believe the answer to this Interrogatory would relate to any relevant documents or witnesses.

Subject to the foregoing General and Specific objections, Valjakka responds as follows:

Valjakka and/or his counsel is willing to meet and confer to identify an appropriate scope for this Interrogatory.

**Supplemental Response to Interrogatory No. 16:**

Valjakka incorporates by reference its General Objections as if fully set forth herein. Valjakka further objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, immunity, or protection. Valjakka objects to this Interrogatory to the extent it seeks confidential information of third parties.

Valjakka objects to this Interrogatory as overly broad and unduly burdensome. In particular, the Interrogatory that Valjakka provide identification of "any other related subsidiary" subjects Valjakka to an undue burden.

Subject to the foregoing General and Specific objections, Valjakka responds as follows:

CONFIDENTIAL

█████████████████████████████████████ from the Action. Additionally,

**INTERROGATORY NO. 17**:

Describe in detail the role and relationship that "IPRA Technologies Ltd.," "SC Intelligent Holding Oy," and any other related entity or subsidiary has with Plaintiff, the Asserted Patents, and this Action.

**RESPONSE TO INTERROGATORY NO. 17**:

Valjakka incorporates by reference its General Objections as if fully set forth herein.

Valjakka further objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, immunity, or protection. Valjakka objects to this Interrogatory to the extent it seeks confidential information of third parties.

Valjakka objects to this Interrogatory as overly broad and unduly burdensome. In particular, the Interrogatory that Valjakka provide identification of "any other related subsidiary" subjects Valjakka to an undue burden.

Subject to the foregoing General and Specific objections, Valjakka responds as follows:

[redacted]

[REDACTED]

**Supplemental Response to Interrogatory No. 17:**

Valjakka incorporates by reference its General Objections as if fully set forth herein. Valjakka further objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, immunity, or protection. Valjakka objects to this Interrogatory to the extent it seeks confidential information of third parties.

Valjakka objects to this Interrogatory as overly broad and unduly burdensome. In particular, the Interrogatory that Valjakka provide identification of "any other related subsidiary" subjects Valjakka to an undue burden.

Subject to the foregoing General and Specific objections, Valjakka responds as follows:

[REDACTED]

**INTERROGATORY NO. 18**:

Identify and describe all efforts made by You or any other Person (including but not limited to IPRA Technologies, Ltd. and SC Intelligent Holding OY) to develop or market any product embodying or purportedly embodying any alleged invention claimed in the Asserted Patent or any Related Patents, including without limitation any marking of a product

34

**Supplemental Response to Interrogatory No. 20:**

Valjakka incorporates by reference its General Objections as if fully set forth herein. Valjakka further objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, immunity, or protection. Valjakka objects to this Interrogatory to the extent it seeks confidential information of third parties.

Valjakka objects to this Interrogatory as requesting information Netflix already has in its possession as it was provided in Valjakka's complaints and response to Netflix's Motion to Dismiss.

Subject to the foregoing General and Specific objections, Valjakka responds as follows: Valjakka As described in more details in Plaintiff's Opposition to Defendant's Motion to Dismiss Willfulness, the 2014 Notice Letter sent to Netflix Chief Streaming and Partnership Officer Gregory K. Peters and General Counsel David Hyman, Document No. 39, Exhibit D.

| | |
|---|---|
| Dated: May 31, 2023 | RAMEY LLP |
| | /s/ Susan S.Q. Kalra |
| | Susan S.Q. Kalra, CA SBN 167940 |
| | Email: skalra@rameyfirm.com |
| | 5020 Montrose Blvd., Suite 800 |
| | Houston, Texas 77006 |
| | Telephone: (800) 993- 749 |
| | |
| | RAMEY LLP |
| | |
| | /s/ William P. Ramey, III |
| | William P. Ramey, III (*pro hac vice*) |
| | Email: wramey@rameyfirm.com |
| | 5020 Montrose Blvd., Suite 800 |
| | Houston, TX 77006 |

Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorneys for Plaintiff*
LAURI VALJAKKA

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, am employed by the firm of Ramey LLP and not a party to the above-entitled cause. My office is located in San Mateo County, State of California. Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on May 19, 2023 with a copy true and correct copy of the foregoing via e-mail, to the email addresses below.

PERKINS COIE LLP

Sarah E. Piepmeier
SPiepmeier@perkinscoie.com
Elise S. Edlin
EEdlin@perkinscoie.com
Janice L. Ta
JTa@perkinscoie.com
Jassiem Moore
JassiemMoore@perkinscoie.com

/s/ Susan S.Q. Kalra
Susan S.Q. Kalra