Susan S.Q. Kalra (CA State Bar No. 16740)
Email: skalra@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (800) 993-7499
Fax: (832) 900-4941

William P. Ramey, III (Admitted pro hac vice)
Email: wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorneys for Plaintiff*
*LAURI VALJAKKA*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **LAURI VALJAKKA,**<br><br>             Plaintiff,<br><br>       v.<br><br>**NETFLIX, INC.,**<br><br>             Defendant. | Case No. 3:22-cv-01490-JST<br><br>**PLAINTIFF LAURI VALJAKKA'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

## I.     INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Lauri Valjakka ("Valjakka hereby submits this administrative request for a narrowly-tailored Order authorizing the sealing of portions of the response as well as certain materials filed in connection with a) Valjakka's Response to Motion for Summary Judgment ("Valjakka's MSJ Response"), and b) Valjakka's Opposition to Netflix's Motion to Exclude Portions of the Opinions and Testimony of Robert Held ("Valjakka's Opposition").

Valjakka submits this Motion and the Declaration of William |P. Ramey, III ("Ramey Declaration") to protect the confidentiality of the information contained in Valjakka's MSJ Response, Valjakka's Opposition, exhibits attached to the Declarations of William P. Ramey, III filed in support of Valjakka's MSJ Response and in support of Valjakka's Opposition ("Exhibits"), and the Declaration of Tibor Kozek filed in support of Valjakka's MSJ Response ("Kozek Declaration").

The documents listed herein contain, discuss, or otherwise include information that Netflix or Valjakka has designated "Confidential" or "Highly Confidential − Attorneys' Eyes Only" pursuant to the Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials (Dkt. No. 56) ("Protective Order") (*see Ramey* Declaration filed herewith supporting Valjakka's claim of confidentiality). This information constitutes Protected Material as defined at § 5.2 of the Protective Order.

Specifically, Valjakka seeks to seal:

| Document(s) | Portions to Considered to be Sealed | Designating Party | Basis for Request to File Under Seal |
|---|---|---|---|
| Response to Motion for Summary Judgment | Portions | Netflix or Valjakka | Opposition to Motion for Summary Judgment<br><br>Portions sought to be sealed specify or refer to materials that were designated as |

| | | | |
|---|---|---|---|
| | | | "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Valjakka or Netflix pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Valjakka respectfully requests that portions of the Opposition to Motion for Summary Judgment be sealed. |
| Declaration of Tibor Kozek - Response to Motion for Summary Judgment | Entirety | Valjakka | The Declaration of Tibor Kozek, Valjakka's technical expert, is highly-confidential.<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Valjakka pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Valjakka respectfully requests that the Declaration of Tibor Kozek be redacted in its entirety. |
| Ex. A to Ramey Declaration - Response to Motion for Summary Judgment | Entirety | Valjakka | Exhibit A is a highly-confidential license agreement<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Valjakka pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Valjakka respectfully requests that Exhibit A be redacted in its entirety. |
| Ex. M to Ramey Declaration - Response to Motion for Summary Judgment | Entirety | Valjakka | Exhibit M is a highly-confidential expert report by Valjakka's infringement expert<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Valjakka pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Valjakka respectfully requests that Exhibit M be redacted in its entirety. |

| | | | |
|---|---|---|---|
| Ex. O to Ramey Declaration - Response to Motion for Summary Judgment | Entirety | Netflix | Exhibit O is a highly-confidential excerpt from the deposition of Ishaan Shastri<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Netflix pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Valjakka respectfully requests that Exhibit O be redacted in its entirety. |
| Ex. P to Ramey Declaration - Response to Motion for Summary Judgment | Entirety | Valjakka | Exhibit P is a highly-confidential excerpt from the deposition of Tibor Kozek<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Netflix pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Valjakka respectfully requests that Exhibit P be redacted in its entirety. |
| Ex. R to Ramey Declaration - Response to Motion for Summary Judgment | Entirety | Netflix | Exhibit R is a highly-confidential compilation of notes taken by Tibor Kozek during code review<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Netflix pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Valjakka respectfully requests that Exhibit R be redacted in its entirety. |
| Opposition to Motion to Exclude Portions of the Opinions and Testimony of Robert Held | Portions | Netflix or Valjakka | Opposition to Motion to Exclude Portions of the Opinions and Testimony of Robert Held<br><br>Portions sought to be sealed specify or refer to materials that were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Valjakka or Netflix pursuant to the parties' Stipulated Protective Order and is thus being filed under seal. |

| | | | Valjakka respectfully requests that portions of the Opposition to Motion to Exclude Portions of the Opinions and Testimony of Robert Held be sealed. |
|---|---|---|---|
| EX A Expert Report of Tibor Kozek – Response to Motion to Exclude Portions of the Opinions and Testimony of Robert Held | Entirety | Valjakka | Expert Report of EX A Tibor Kozek contains highly-confidential information.<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Valjakka pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Valjakka respectfully requests that EX A Expert Report of Tibor Kozek be redacted in its entirety. |
| EX C NFX-VALJ-00007111 – Response to Motion to Exclude Portions of the Opinions and Testimony of Robert Held | Entirety | Netflix or Valjakka | EX C NFX-VALJ-00007111 financial data of Netflix contains highly-confidential information.<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Netflix or Valjakka pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Valjakka respectfully requests that EX C NFX-VALJ-00007111 be redacted in its entirety. |
| EX D NFX-VALJ-00006360 – 006544 (excerpts) Response to Motion to Exclude Portions of the Opinions and Testimony of Robert Held | Entirety | Valjakka | EX D NFX-VALJ-00006360 contains highly-confidential information.<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Valjakka pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Valjakka respectfully requests that EX D NFX-VALJ-00006360 006544 (excerpts) be redacted in its entirety. |

| | | | |
|---|---|---|---|
| EX H Deposition excerpt of Henen Ponce – Response to Motion to Exclude Portions of the Opinions and Testimony of Robert Held | Entirety | Netflix | EX H Deposition excerpt of Henen Ponce contains highly-confidential information.<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Netflix pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Valjakka respectfully requests that EX H Deposition excerpt of Henen Ponce be redacted in its entirety. |
| EX I Deposition excerpt of Robert Held – Response to Motion to Exclude Portions of the Opinions and Testimony of Robert Held | Entirety | Valjakka | EX I Deposition excerpt of Robert Held contains highly-confidential information.<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Valjakka pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Valjakka respectfully requests that EX I Deposition excerpt of Robert Held be redacted in its entirety. |
| EX J Expert Report of Robert Held – Response to Motion to Exclude Portions of the Opinions and Testimony of Robert Held | Entirety | Valjakka | EX J Expert Report of Robert Held contains highly-confidential information.<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Valjakka pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Valjakka respectfully requests that EX J Expert Report of Robert Held be redacted in its entirety. |
| EX K Supplemental Expert Report of Robert Held – Response to Motion to Exclude Portions of | Entirety | Valjakka | EX K Supplemental Expert Report of Robert Held contains highly-confidential information.<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Valjakka pursuant to the parties' Stipulated |

| | | | |
|---|---|---|---|
| the Opinions and Testimony of Robert Held | | | Protective Order and is thus being filed under seal.<br><br>Valjakka respectfully requests that EX K Supplemental Expert Report of Robert Held be redacted in its entirety. |
| EX M Rebuttal Report of Nish Mody – Response to Motion to Exclude Portions of the Opinions and Testimony of Robert Held | Entirety | Netflix | EX M Rebuttal Report of Nish Mody contains highly-confidential information.<br><br>This document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for Netflix pursuant to the parties' Stipulated Protective Order and is thus being filed under seal.<br><br>Valjakka respectfully requests that the EX M Rebuttal Report of Nisha Mody be redacted in its entirety. |

This motion is supported by the Ramey Declaration and is being concurrently filed with a Proposed Order pursuant to this Court's Standing Order Governing Administrative Motions to File Material Under Seal.

## II.     RELEVANT LEGAL STANDARDS

To determine whether to allow documents to be filed under seal under Ninth Circuit law, two different tests apply depending on circumstances. The "compelling reason" test applies to documents attached to dispositive motions or documents, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006), or where the motion is "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp*., LLC, 809 F.3d 1092, 1099 (9th Cir. 2016). The less-restrictive "good cause" test applies to documents attached to other non-dispositive motions. *Kamakana*, 447 F.3d at 1178–80.  To seal records filed in connection with dispositive motions, the Ninth Circuit requires a party to "articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure..." Kamakana, 447 F.3d 1172 at 1178-79 (citations omitted). Such "compelling reasons" generally "exist when such 'court files might have become a vehicle

for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Id. at 1179 (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)). Under the "good cause" standard of Rule 26(c), the Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

Although Daubert motions are "nominally non-dispositive," the Ninth Circuit has applied the stricter "compelling reasons" standard to sealing Daubert motions filed in connection with pending summary judgment motions. *Apple Inc. v. Samsung Elecs. Co*., 727 F.3d 1214, 1222 (Fed. Cir. 2013) (citing *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig*., 686 F.3d 1115, 1119 (9th Cir. 2012)). See also *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc*., No. 12-CV-03844-JST, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) (discussing *In re Midland*). At least one court in this District has further extended the "compelling reasons" standard to a Daubert motion that "relate[d] to the resolution of the case" and "could have critically affected the outcome of the case." *Fujitsu Ltd. v. Belkin Int'l, Inc*., No. 10-CV-03972LHK, 2012 WL 6019754, at *5 (N.D. Cal. Dec. 3, 2012). For purposes of this motion, Valjakka assumes that the "compelling reasons" standard will apply.

A "trade secret" that is protectable from public disclosure "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts*, 298 Fed. App'x 568, 569–70 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b). Additionally, "compelling reasons" may exist if sealing is required to prevent judicial documents from being used "'as sources of business information that might harm a litigant's competitive standing.'" *Id*. at 569 (quoting Nixon, 435 U.S. 589 at 598).

Potential injury may result from the disclosure of confidential and proprietary business information, in that competitors could use such information to duplicate [plaintiffs] products,

compete for [their] customers, or interfere with [their] business plan and thereby gain a competitive advantage in the marketplace. *Intel Corp. v. Via Techs., Inc*., 198 F.R.D. 525, 531 (N.D. Cal. 2000). The Court may therefore order the sealing of court records when they contain confidential or otherwise sensitive business information. Civil L.R. 79-5; see, e.g., *IMAX Corp. v. Cinema Techs., Inc*., 152 F.3d 1161, 1168 & n.9 (9th Cir. 1998) (noting confidential and proprietary business information was filed under seal).

Valjakka recognizes the importance of public access to court documents and has endeavored to identify as confidential only a limited amount of non-public financial, licensing or business information, and similar highly confidential details, and expert reports, which have been designated by Netflix or Valjakka as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to reflect the sensitive nature of the documents, pursuant to the Stipulated Protective Order in this case (ECF 56).

### III. THE COURT SHOULD GRANT VALJAKKA'S REQUEST AS TO PORTIONS OF VAJAKKA'S MSJ RESPONSE, VALJAKKA'S OPPOSITION, THE ENTIRETY OF THE EXHIBITS, AND THE ENTIRETY OF THE KOZEK DECLARATION

As set forth in the contemporaneously-filed Ramey Declaration, Valjakka has established that "the document or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L. R. 79-5(b). In addition, the sealing request is "narrowly tailored to seek sealing only of sealable material." *Id.*

Valjakka's basis for sealing portions of the MSJ Response, Exhibits A, M, O, P and R to the Ramey Declaration in support thereof, the Kozek Declaration, portions of Valjakka's Opposition to Motion to Exclude Portions of the Opinions and Testimony of Robert Held and Exhibits A, C, D, E, H, I, J, K and M to Ramey's Declaration in support thereof is that they contain confidential licensing, financial or business information, information regarding Netflix's code, and some of the Exhibits consist of expert reports of the parties. All of the foregoing documents either contain or consist of documents and information that has been designated by the respective parties as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "CONFIDENTIAL", to reflect the sensitive nature of the documents, pursuant to the Stipulated Protective Order in this case

(ECF 56).

## IV. STATEMENT OF COMPLIANCE

Valjakka has reviewed and complied with the Standing Order Governing Administrative Motions to File Materials Under Seal Before District Judge Jon S. Tigar. Defendant has also reviewed and complied with Civil Local Rule 79-5, including the requirement to file separate motions if a party seeks to file under seal a document containing "portions that more than one party bears the burden of showing is sealable."

Dated: October 7, 2023                           Respectfully submitted,

                                                 RAMEY LLP

                                                 By:  /s/ Susan S.Q. Kalra
                                                 Susan S. Q. Kalra CA SBN 167940
                                                 5020 Montrose Blvd., Suite 800
                                                 Houston, TX 77006
                                                 Telephone: (800) 993-7499
                                                 Fax: (832) 900-4941
                                                 Email: skalra@rameyfirm.com


                                                 RAMEY LLP

                                                 By:  /s/ William P. Ramey, III
                                                 William P. Ramey III (Admitted *pro hac vice*)
                                                 5020 Montrose Blvd., Suite 800
                                                 Houston, Texas 77006
                                                 Telephone: (713) 426-3923
                                                 Fax: (832) 689-9175
                                                 Email: wramey@rameyfirm.com

                                                 *Attorneys for Plaintiff*
                                                 *LAURI VALJAKKA*