Susan S.Q. Kalra (CA State Bar No. 16740)
Email: skalra@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (800) 993-7499
Fax: (832) 900-4941

William P. Ramey, III (Admitted pro hac vice)
Email: wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorneys for Plaintiff*
***LAURI VALJAKKA***

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **LAURI VALJAKKA,** | Case No. 3:22-cv-01490-JST |
| Plaintiff, | **DECLARATION OF WILLIAM P. RAMEY, III IN SUPPORT OF PLAINTIFF LAURI VALJAKKA'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| v. | |
| **NETFLIX, INC.,** | |
| Defendant. | **Judge: Hon. Jon Tigar** |

1

DECLARATION OF WILLIAM P. RAMEY, III IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE
MOTION TO FILED DOCUMENTS UNDER SEAL
Case No. 4:22-CV-01490-JST

1. I am over the age of 18, and I am Plaintiffs' counsel of record in the above-captioned case. I would and could competently testify as set forth below in a court of law.

2. I submit this declaration pursuant to Civil Local Rule 79-5(e) and in support of Plaintiff Lauri Valjakka.'s Administrative Motion File Documents Under Seal pursuant to Civ. L.R. 79-5 ("Administrative Motion").

3. Attachment 1 is a true and correct copy of Valjakka's Response to Motion for Summary Judgment (the "MSJ Response"), portions of which contain, quote from, or summarize documents and information that the parties designated as Confidential or Highly Confidential information. The documents and information consists of Netflix's code, the terms of licensing agreements, and other sensitive business information. In addition, the Response discusses expert deposition testimony and expert reports, which have also been designated by either Valjakka or Netflix as "Highly Confidential Attorneys' Eyes Only" under the Stipulated Protective Order entered in this case.

4. Attachment 2 is a true and correct copy of the Declaration of Tibor Kozek in support Valjakka's MSJ Response. Dr. Kozek is Valjakka's technical expert in this case, and his declaration contains information that has been designated as "Highly Confidential Attorneys' Eyes Only" under the Stipulated Protective Order entered in this case, including specific technical information about Netflix's code.

5. Attachment 3 is a copy of Exhibit A to Ramey Declaration in support Valjakka's MSJ Response, which is is a true and correct copy of a license agreement designated as "Highly Confidential Attorneys' Eyes Only" by Valjakka under the Stipulated Protective Order entered in this case because it consists of sensitive business information.

6. Attachment 4 is a copy of Exhibit M to Ramey Declaration in support of Valjakka's MSJ Response. This document is a true and correct copy of the expert report by Valjakka's

Infringement expert, Dr. Tibor Kozek, which Valjakka designated as "Highly Confidential Attorneys' Eyes Only" under the Stipulated Protective Order entered in this case. Among other information, this document describes or discusses details about the operation of Netflix's Open Connect system.

7. Attachment 5 is a copy of Exhibit O to Ramey Declaration in support of Valjakka's MSJ Response, consisting of excerpts from the deposition of Ishann Shastri, a Netflix corporate designee. The transcript contains information designated as "Highly Confidential Attorneys' Eyes Only" under the Stipulated Protective Order entered in this case. Among other information, this document describes or discusses details about Netflix's Open Connect system and how the it operates.

8. Attachment 6 is a copy of Exhibit P to Ramey Declaration in support of Valjakka's MSJ Response, which is a true and correct copy of excerpts from the transcript of the deposition of Valjakka's Infringement expert, Dr. Tibor Kozek, which has been designated as "Highly Confidential Attorneys' Eyes Only" under the Stipulated Protective Order entered in this case. Among other information, Dr. Kozek's deposition testimony contains detailed information about operation of Netflix's code that is at issue in this case, and it also contains details explanation and analysis of the operation of Netflix's Open Connect system.

9. Attachment 7 is a copy of Exhibit R to Ramey Declaration in support of Valjakka's MSJ Response, consisting of a true and correct copy of Dr. Kozek's compilation of notes taken during Netflix code review. This document has been designated as "Highly Confidential Attorneys' Eyes Only" under the Stipulated Protective Order entered in this case.

10. Attachment 8 is a copy of Valjakka's Response to Netflix's Motion to Exclude Portions of the Opinions and Testimony of Robert Held ("Valjakka's Opposition"), portions of which contain, quote from, or summarize documents and information that the parties designated as Confidential or Highly Confidential information. The documents and information discusses, explains, and refers to Netflix business information such as its accounting policies and practices, and also

discusses and refers to other documents that have been designated as "Highly Confidential Attorneys' Eyes Only" under the Stipulated Protective Order entered in this case including reports and deposition transcripts that have been designated as "Highly Confidential Attorneys' Eyes Only" by Netflix or Valjakka.

11. Attachment 9 is a copy of Exhibit A to Ramey Declaration in support of Valjakka's Opposition. This document is a true and correct copy of the expert report by Valjakka's Infringement expert, Dr. Tibor Kozek, which Valjakka designated as "Highly Confidential Attorneys' Eyes Only" under the Stipulated Protective Order entered in this case. Among other information, this document describes or discusses details about the operation of Netflix's Open Connect system.

12. Attachment 10 hereto as is a copy of Exhibit C to Ramey Declaration in support of Valjakka's Opposition, a printout of a document produced by Netflix in this case as NFX-VALJ-00007111. The document, which is discussed in the Expert Report of Bob Held consists of Netflix financial data and results of financial calculations that Mr. Held used in calculating Valjakka's damages in this case. Mr. Held's Report has been designated as "Highly Confidential Attorneys' Eyes Only" under the Stipulated Protective Order entered in this case.

13. Attachment 11 hereto is a copy of Exhibit D to Ramey Declaration in support of Valjakka's Opposition, excerpts from a document produced by Netflix in this case as NFX-VALJ-00006360 -NFX-VALJ-00006544. The document is discussed in the Expert Report of Bob Held, at paragraphs 161 and 200 This document was designated by Netflix as "Highly Confidential Attorneys' Eyes Only" under the Stipulated Protective Order entered in this case, and the Expert Report of Bob Held was also designated as "Highly Confidential Attorneys' Eyes Only".

14. Attachment 12 hereto is a copy of Exhibit E to Ramey Declaration in support of Valjakka's Opposition. This document consists of pages from Defendant Netflix's Second Supplemental Responses to Plaintiff's First Set of Interrogatories (1-6). The Responses were

designated as "Highly Confidential Attorneys' Eyes Only" by Netflix under the Stipulated Protective Order entered in this case.

15. Attachment 13 hereto is a copy of Exhibit H to Ramey Declaration in support of Valjakka's Opposition. This document consists of excerpts from the transcript of the deposition of Helen Ponce, Netflix's CFO. The transcript was designated as "Highly Confidential Attorneys' Eyes Only" by Netflix under the Stipulated Protective Order entered in this case.

16. Attachment 14 hereto is a copy of Exhibit I to Ramey Declaration in support of Valjakka's Opposition, which is the transcript of the deposition of Bob Held. The transcript was designated as "Highly Confidential Attorneys' Eyes Only" by Netflix under the Stipulated Protective Order entered in this case.

17. Attachment 15 hereto is a copy of Exhibit J to Ramey Declaration in support of Valjakka's Opposition. This document is a copy of the Expert Report of Valjakka's damages expert, Robert Held. Expert reports have been designated as "Highly Confidential Attorneys' Eyes Only" under the Stipulated Protective Order entered in this case.

18. Attachment 16 hereto is a copy of Exhibit K to Ramey Declaration in support of Valjakka's Opposition. This document is a copy of the Supplemental Expert Report of Valjakka's damages expert, Robert Held. Expert reports have been designated as "Highly Confidential Attorneys' Eyes Only" under the Stipulated Protective Order entered in this case.

19. Attachment 17 hereto is a copy of Exhibit M to Ramey Declaration in support of Valjakka's Opposition. This document is a copy of the Rebuttal Expert Report of Nisha Mody. Expert Reports have been designated as "Highly Confidential Attorneys' Eyes Only" under the Stipulated Protective Order entered in this case.

20. The Court approved and entered the Stipulated Protective Order July 25, 2022 (ECF 56), acknowledging that "[d]isclosure and discovery activity in this action [was] likely to involve

5
DECLARATION OF WILLIAM P. RAMEY, III IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILED DOCUMENTS UNDER SEAL
Case No. 4:22-CV-01490-JST

production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted."

19. Pursuant to Section 2.2 of the Stipulated Protective Order, the parties agreed upon a designation of CONFIDENTIAL for information or items which the disclosing party (or non-party) reasonably and in good faith believes qualifies for protection under Federal Rule of Civil Procedure 26(c).

21. Pursuant to Section 2.7 of the Stipulated Protective Order, the parties agreed upon a designation of HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY for information or items which the disclosing party (or non-party) reasonably and in good faith believes is so highly sensitive that its disclosure to a another party to this action or non-party would create a substantial risk of serious harm to the designating party.

22. Courts in the Ninth Circuit apply the good cause standard to determine whether to seal documents attached to non-dispositive motions, rather than the more stringent compelling reasons standard. *Kamakana v. City & Cty of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); see also *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013) *("[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to nondispositive motions.")* (citation and quotation marks omitted) (emphasis original).

23. Courts in the Ninth Circuit have applied the stricter "compelling reasons" standard to sealing Daubert motions, especially filed in connection with pending summary judgment motions. *Apple Inc. v. Samsung Elecs*. Co., 727 F.3d 1214, 1222 (Fed. Cir. 2013) (citing *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012)). See also *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) (discussing In re Midland). At least one court in this District has further extended

the "compelling reasons" standard to a Daubert motion that "relate[d] to the resolution of the case" and "could have critically affected the outcome of the case." *Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-CV-03972LHK, 2012 WL 6019754, at *5 (N.D. Cal. Dec. 3, 2012).

24.  Sealing Valjakka's MSJ Response in part, the Declaration of Tibor Kozek and five Exhibits A, M, O, P and R to the Ramey Declaration; Valjakka's Opposition, Exhibits A, B, C, D, E, H, I, J, K and M to the Ramey Declaration ("Exhibits") containing financial information, technical information, confidential business information, and business methodologies, can only be protected by sealing. Each have been designated as HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY by Valjakka or by Netflix under the protective order, for information or items which the disclosing party (or non-party) reasonably and in good faith believes is so highly sensitive that its disclosure to a another party to this action or non-party would create a substantial risk of serious harm to the designating party. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed October 6, 2023 at Houston, Texas.

/s/ William P. Ramey, III
William P. Ramey, III