# Exhibit A

# IN THE UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>    Plaintiff,<br><br>v.<br><br>NETFLIX, INC.,<br><br>    Defendant. | **Case No. 4:22-cv-01490-JST**<br><br>Judge: Hon. Jon S. Tigar |

**PLAINTIFF LAURI VALJAKKA'S SUPPLEMENTAL POST-DEPOSITION RESPONSES AND OBJECTIONS TO DEFENDANT NETFLIX, INC.'S AMENDED CUVTA DISCOVERY**

CONFIDENTIAL

Plaintiff Lauri Valjakka ("Valjakka") by and through his attorneys, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby provides these responses and objections to the Amended CUVTA Discovery propounded by Defendant Netflix, Inc. ("Netflix").

**PRELIMINARY STATEMENT**

Valjakka's investigation is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Valjakka's right to rely on other facts or documents at trial.

By making the accompanying responses and objections to the Interrogatories, Valjakka does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Valjakka makes the responses and objections herein without in any way implying that it considers the Interrogatories or responses thereto to be relevant or material to the subject of this action.

Valjakka expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

**GENERAL OBJECTIONS**

Each of these General Objections and the foregoing Preliminary Statement are incorporated by reference in each of the specific objections and responses below as if fully set forth therein. For particular emphasis, one or more of these General Objections and one or more parts of the Preliminary Statement may be reiterated in a specific response. The absence or inclusion or any reiteration in a specific response is neither intended as, nor shall be

**CONFIDENTIAL**

construed as, a limitation or waiver of any General Objection or any other specific objection made herein. Valjakka reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be construed as a waiver of any such objection.

1. Valjakka objects to Netflix's purported discovery an improper attempt to burden Valjakka by seeking information unrelated to the Action. Netflix's Interrogatories seek information that is irrelevant to the limited issue for which discovery is permitted.

2. Valjakka objects to each instruction, definition, and Interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different than those under the Federal Rules of Civil Procedures and applicable Rules and Orders of the Court.

3. Valjakka objects to each definition, instruction, and Interrogatory to the extent that it seeks materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Valjakka occur, it is inadvertent and shall not constitute a waiver of any privilege.

4. Valjakka objects to each instruction, definition, and Interrogatory to the extent it seeks to require Valjakka to provide any information beyond what is available to Valjakka at present from a reasonable search of his own files, and from reasonable inquiry of his present employees, on the grounds that such discovery would be unreasonably cumulative, unduly burdensome, and unlikely to lead to the discovery of admissible information.

5. Valjakka objects to each instruction, definition, and Interrogatory to the extent it seeks a legal conclusion or assumes the existence of facts. Valjakka's responses to individual Interrogatories are not intended to be, and shall not be construed as, an admission that any factual or legal predicates stated in the Interrogatories are accurate.

6. Valjakka objects to providing information and the production of documents and

things that are subject to the rights of third parties, that are subject to protective orders, or that are subject to nondisclosure obligations.

7. Valjakka objects to identifying or providing publicly available information or materials that are equally or more accessible to Netflix.

8. Valjakka objects to the definition of "Lauri Valjakka," "Valjakka," "Plaintiff," "You," "Your," and "Yourself" as overly broad and ambiguous. Valjakka interprets "Lauri Valjakka," "Valjakka," "Plaintiff," "You," "Your," and "Yourself" to mean only the named plaintiff in this case, Lauri Valjakka.

9. Valjakka objects to the definitions of "concerns," "concerning," "referring to," and "relating to" and their use in the Interrogatories as overly broad, vague, and ambiguous. Valjakka will provide answers consistent with his obligations under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

10. Valjakka objects to Netflix Instructions 13 - 15 as imposing obligations in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules. Valjakka will provide a privilege log in due course in compliance with the applicable federal and local rules.

11. By referencing documents in response to an Interrogatory, Valjakka does not admit their authenticity, relevance, or admissibility at trial, and Valjakka reserves his rights to object to the introduction of and/or other use of such documents at trial or any other proceeding.

## REQUESTS FOR ADMISSION

**RFA No. 1:** The monies Mr. Valjakka received from settlements in this Litigation comprise the entirety of Mr. Valjakka's net worth.

**Response**: Not Admitted. Mr. Valjakka has not received any monies from this litigation. Mr.

CONFIDENTIAL

Valjakka's net worth includes, Mr. Valjakka owns a home and vehicle in Finland, as well as his patent portfolio which he considers included in his net worth.

**RFA No. 2:** Mr. Valjakka earns all of his income through CDN Licensing.

**Response**: Admitted as to Mr. Valjakka's understanding of "earns all of his income." Mr. Valjakka has a state pension, which he does not consider earned income.

## INTERROGATORIES

**Interrogatory No. 1**: Describe in detail the financial interest of all persons/entities that You listed at Dkt. No. 174, Your Amended Local Rule 3-15 Disclosure, and any additional persons/entities You have not yet disclosed with "a financial interest of any kind in the subject matter in controversy . . . or [] any other kind of interest that could be substantially affected by the outcome of the proceeding," including any persons/entities who provided funding or investments or loans of any kind related to this Litigation.

Your response must include (i) the specific amount of any alleged financial interest, (ii) the specific amount and date of any funding, investment, loan or other monies received related to this Litigation, (iii) a full description of any contracts or agreements related to the disclosed financial interests, and (iv) the full and complete contact information for all entities/persons listed in Dkt. No. 174.

**Response**: Mr. Valjakka understands that lawyers from Ramey LLP have been paid on an hourly basis for this Action.

Mr. Valjakka understands that lawyers from Kenealy Vaidya LLP have been paid on an hourly basis for this Action.

Mr. Valjakka understands that IP Case Group I LLC is a company owned and funded by

5

**CONFIDENTIAL**

AIPI LLC. Valjakka contracted with AIPI in September, 2021 to pay lawyers for this Action. Mr. Valjakka has not received any income from the payments to the lawyers in this Action by AIPI. Mr. Eric Morehouse is Mr. Valjakka's contact at AIPI and IP Case Group I. The address for AIPI and IP Case Group I is 11718 Bowman Green Drive, Reston, Virginia 20190. Mr. Valjakka's agreement with AIPI is to receive a 45% payment of jury awards or settlements, after expenses from this Action.

CDN Licensing Oy is currently dissolved and therefore neither it, its former shareholders, or its creditors have any financial interest in this Action.

**Supplemental Response:**

After consultation with his Finnish lawyer, Mr. Hietalahti, Mr. Valjakka realized that he was confused as to the status of CDN Licensing Oy. The dissolution of CDN Licensing Oy was merely being discussed by the other shareholders, but the company has not been dissolved and there is no intention to dissolve the company. This is a positive development because it allows the shareholders to satisfy the obligations to third party creditors that I spoke of in my deposition.

**Interrogatory No. 2**: Describe in detail all support for Your contention, "My purpose for granting the licenses was to more easily divide my financial interest in the '167 and '102 patents with other investors, to obtain financing for this litigation and others, and to more easily administer the financing and proceeds from this litigation and others." Dkt. No. 143-1, ¶ 10. Your response must include all factual and evidentiary support for these statements. For example, for the statement, "to obtain financing for this litigation and others," Your response must explain why granting licenses to CDN Licensing was required to obtain financing, the

names of said financiers, and contact information for same, inter alia.

**Response**: The purpose for forming CDN licensing was to provide a tax effective mechanism for obtaining equity and funding for lawsuits involving Mr. Valjakka's patents. I relied upon counsel for my general understanding that, for complex tax reasons, including the patents being treatable as asset that can be depreciated over time, and that a corporate structure, e.g., CDN, having the ability to return on an investment as capital gains, investors have tax advantages over lending money to an individual who can neither be depreciated nor treated as a capital asset.

Through forming CDN Licensing, Mr. Valjakka was able to secure equity and/or funding from its two other former shareholders Mr. Onni Hietalahti and Mr. Matti Saraheimo, who are both attorneys. Mr. Heitalahti and Mr. Saraheimo were able to assist in the initial stages of potential case evaluation and proposals to third parties for funding, and have assisted in ongoing legal assistance to the lawsuits filed by Mr. Valjakka.  Mr. Valjakka believes that their assistance and legal expertise was necessary to obtain financing for litigation and to continue with assistance for the prior and ongoing litigations.

Forming CDN Licensing also assisted in obtaining financial investment for litigation from Scarabaeus Sacer Oy in 2022.

**Supplemental Response:**

Since CND Licensing is still operating, Mr. Hietalahti and Mr. Saraheimo are current shareholders, not former shareholders.

**CONFIDENTIAL**

**CERTIFICATION**

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October 19, 2023           Verified by: _____
                                  Lauri Valjakka

Dated:  October 19, 2023          WHITESTONE LAW PLLC


                                  By:  /s/ Joseph J. Zito

                                       Joseph J. Zito
                                       1850 Towers Crescent Plaza
                                       Suite 550
                                       Tysons, VA 22182
                                       Tel. (202) 466-3500
                                       Attorney for Lauri Valjakka

CONFIDENTIAL

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **PLAINTIFF LAURI VALJAKKA'S SUPPLEMENTAL POST-DEPOSITION RESPONSES AND OBJECTIONS TO DEFENDANT NETFLIX, INC.'S AMENDED CUVTA DISCOVERY** was transmitted, via Email, to Rachel Lamkin at rachael.lamkin@bakerbotts.com

Date:   October 19, 2023        __/s/ Joseph J. Zito_____
                                By:  Joseph Zito