# Exhibit B

**Lamkin, Rachael**

| | |
|---|---|
| **From:** | Joe Zito <jzito@whitestone.law> |
| **Sent:** | Sunday, October 15, 2023 2:14 PM |
| **To:** | Lamkin, Rachael |
| **Cc:** | William Ramey; Litigation Attorneys; LitigationParalegals; Edlin, Elise (SFO); Dreyer, Lauren; Gonzales, Natalie Alfaro; Piepmeier, Sarah (SFO); Litigation; House, Ariel |
| **Subject:** | Re: Compliance with the Court's PI |
| **Attachments:** | image002.jpg |

[EXTERNAL EMAIL]

There's no need for authority. The issue of non-compliance is not before the court. There is no issue of non-compliance. You are trying to go on a fishing expedition in an area of discovery which you have not been granted.

Joseph J Zito
WHITESTONE LAW
Washington, DC
202-466-3500

On Sun, Oct 15, 2023, 3:39 PM Lamkin, Rachael <rachael.lamkin@bakerbotts.com> wrote:

> Joe,
>
>
> Please provide any authority that supports your contention that the names of the people present when Mr. Valjakka was informed of the scope of the Court's PI, the dates of said conversation, and the method of communication can be withheld under any privilege.  This is exactly the kind of information that would have to be disclosed on a privilege log even if a privilege applied.
>
>
> Rachael

---

**From:** Joseph J Zito <jzito@whitestone.law>
**Sent:** Friday, October 13, 2023 5:39 PM
**To:** Lamkin, Rachael <rachael.lamkin@bakerbotts.com>; William Ramey <wramey@rameyfirm.com>
**Cc:** Litigation Attorneys <litattorneys@rameyfirm.com>; LitigationParalegals <LitParalegals@rameyfirm.com>; Edlin, Elise (SFO) <EEdlin@perkinscoie.com>; Dreyer, Lauren <Lauren.Dreyer@BakerBotts.com>; Gonzales, Natalie Alfaro <natalie.gonzales@bakerbotts.com>; Piepmeier, Sarah (SFO) <SPiepmeier@perkinscoie.com>; litigation@whitestone.law
**Subject:** Re: Compliance with the Court's PI

[EXTERNAL EMAIL]

No. We are not waiving privilege.

```
Joseph J. Zito
WHITESTONE LAW
Suite 550
1850 Towers Crescent Plaza
Tysons, Virginia 22182
jzito@whitestone.law
202-466-3500
```

On 10/13/2023 7:36 PM, Lamkin, Rachael wrote:

Joe,

As to your statement, "This is the same information that was provided to our client in August when you filed your motion, On September 21 after the hearing and on October 4 when he received a copy of the Transcript[,]" please provide (i) the date of the August discussion, (ii) the names of each of the people that participated in those conversations on each date and (iii) the manner of transcription, e.g., telephone, Zoom, in person.

Thank you,

Rachael

**From:** Joseph J. Zito <jzito@whitestone.law>
**Sent:** Friday, October 13, 2023 2:59 PM
**To:** Lamkin, Rachael <rachael.lamkin@bakerbotts.com>; William Ramey <wramey@rameyfirm.com>
**Cc:** Litigation Attorneys <litattorneys@rameyfirm.com>; LitigationParalegals
<LitParalegals@rameyfirm.com>; Edlin, Elise (SFO) <EEdlin@perkinscoie.com>; Dreyer, Lauren
<Lauren.Dreyer@BakerBotts.com>; Gonzales, Natalie Alfaro <natalie.gonzales@bakerbotts.com>;
Piepmeier, Sarah (SFO) <SPiepmeier@perkinscoie.com>; litigation@whitestone.law
**Subject:** Re: Compliance with the Court's PI

[EXTERNAL EMAIL]

Rachael:

1.  The Hearing transcript was ordered by Mr. Sheets and Mr. Sheets sent the Hearing transcript, when received, to the client and To Mr. Ramey on Oct 4.   Without waiving privilege, see production e-mail.

2. Mr. Valjaka, Mr. Onni and several members of the  legal team, first discussed the hearing on the day of the hearing.

3. See above.

There was no "failure to advise."   We note, that the transcript does not set forth any parameters of the injunction and is silent as to the meaning of the injunction or what it covers.  We have been operating under the understanding that, in granting the PI without ever specifically defining the PI,  the Court thus adopted the language of your Proposed Order DE#127-3.

Your Propose Order sets forth: "IT IS HEREBY ORDERED that Netflix Inc.'s request for Order enjoining Plaintiff Lauri Valjakka, pending trial, from using, moving, concealing, transferring, or otherwise disposing of any licensing or settlement asset in his possession, custody or control is GRANTED."

Thus we informed Mr. Valjakka that: IT IS HEREBY ORDERED that Netflix Inc.'s request for Order enjoining Plaintiff Lauri Valjakka, pending trial, from using, moving, concealing, transferring, or otherwise disposing of any licensing or settlement asset in his possession, custody or control is GRANTED.

This is the same information that was provided to our client in August when you filed your motion, On September 21 after the hearing and on October 4 when he received a copy of the Transcript.  Simply because Mr. Valjakka's description of his recollection of his understanding of the PI as set out in his deposition may differ from the information provided to him does not mean that there was a "failure to advise" nor does it mean that he is not following the PI.


```
Joseph J. Zito
WHITESTONE LAW
jzito@whitestone.law
202-466-3500
```

On 10/13/2023 1:30 PM, Lamkin, Rachael wrote:

> Joe, Bill, Ken,
>
>
> Please provide these items today:
>
>
> 1. The email Mr. Valjakka testified to in his deposition yesterday: the email wherein Bill Ramey sent Mr. Valjakka a link to the transcript of the Court's PI hearing;
>
>
> 2. the exact date that Mr. Ramey called Mr. Valjakka to explain the Court's PI Order; and

3. proof that Bill Ramey or anyone on this team has purchased or has otherwise accessed the transcript of the Court's PI hearing, with proof of the date of said purchase or access.

We are deciding today whether we need to move the Court for a remedy based on the failure to advise Mr. Valjakka as to the scope of the Court's PI Order.

Thank you for your prompt attention to this critical issue.

Rachael

---

**From:** William Ramey <wramey@rameyfirm.com>
**Sent:** Tuesday, October 3, 2023 2:12 AM
**To:** Lamkin, Rachael <rachael.lamkin@bakerbotts.com>; AiPi, Solutions LLC (Work) <emorehouse@aipisolutions.com>; AiPi, Solutions LLC (Work) <elund@aipisolutions.com>; Joseph J Zito <jzito@whitestone.law>; ken sheets (Work) <ksheets@aipisolutions.com>
**Cc:** Litigation Attorneys <litattorneys@rameyfirm.com>; LitigationParalegals <LitParalegals@rameyfirm.com>; Edlin, Elise (SFO) <EEdlin@perkinscoie.com>; Dreyer, Lauren <Lauren.Dreyer@BakerBotts.com>; Piepmeier, Sarah (SFO) <SPiepmeier@perkinscoie.com>
**Subject:** RE: CUVTA Discovery
**Importance:** High

[EXTERNAL EMAIL]

Hi Rachael,

We are extremely busy on the MSJ responses but do not want seem unresponsive.  I have copied my co-counsel who has worked on this matter with us from the start.  They can help you with this.

Copied here are Eric Morehouse, Joe Zito, Erik Lund and Ken Sheets.  We have been informed that at least Joe will be making an appearance.

Thanks,

Bill

William P. Ramey, III



5020 Montrose Bvd., Suite 800

Houston, Texas 77006

(713) 426-3923

(832) 900-4941 (facsimile)

This communication is CONFIDENTIAL and may be privileged. If you are not the intended recipient, please notify me immediately and delete this message. Further disclosure or copying of any portion of this message is unauthorized.

**From:** Lamkin, Rachael <rachael.lamkin@bakerbotts.com>
**Sent:** Monday, October 2, 2023 3:42 PM
**To:** William Ramey <wramey@rameyfirm.com>
**Cc:** Litigation Attorneys <litattorneys@rameyfirm.com>; LitigationParalegals <LitParalegals@rameyfirm.com>; Edlin, Elise (SFO) <EEdlin@perkinscoie.com>; Dreyer, Lauren <Lauren.Dreyer@BakerBotts.com>; Piepmeier, Sarah (SFO) <SPiepmeier@perkinscoie.com>
**Subject:** RE: CUVTA Discovery

Hi Bill,

Following up on below.  Let me know if you think a phone call would be easier.   We need to discuss dates of production and email production, dates of privilege log production, and depo dates after same.

Rachael

---

**From:** William Ramey <wramey@rameyfirm.com>
**Sent:** Thursday, September 28, 2023 12:36 PM
**To:** Lamkin, Rachael <rachael.lamkin@bakerbotts.com>
**Cc:** Litigation Attorneys <litattorneys@rameyfirm.com>; LitigationParalegals
<LitParalegals@rameyfirm.com>; Edlin, Elise (SFO) <EEdlin@perkinscoie.com>; Dreyer,
Lauren <Lauren.Dreyer@BakerBotts.com>; Piepmeier, Sarah (SFO)
<SPiepmeier@perkinscoie.com>
**Subject:** RE: CUVTA Discovery

**[EXTERNAL EMAIL]**

Hi Rachael,

Let me talk with the client.  It will likely be Monday before I can get back to you.

Bill

---

**From:** Lamkin, Rachael <rachael.lamkin@bakerbotts.com>
**Sent:** Thursday, September 28, 2023 2:14 PM
**To:** William Ramey <wramey@rameyfirm.com>
**Cc:** Litigation Attorneys <litattorneys@rameyfirm.com>; LitigationParalegals
<LitParalegals@rameyfirm.com>; Edlin, Elise (SFO) <EEdlin@perkinscoie.com>; Dreyer,
Lauren <Lauren.Dreyer@BakerBotts.com>; Piepmeier, Sarah (SFO)
<SPiepmeier@perkinscoie.com>
**Subject:** CUVTA Discovery

Hi Bill,

In light of the Court Order adopting our requested CUVTA discovery and ordering
depositions in October, I want to make sure Netflix will get a full document production,
including emails, before depositions.   If you do not think a full production can be done
in time for October depositions, we need to discuss a stipulated modification to the
Court's Order.

Regarding emails, the model order calls for 5 custodians and terms. We have only sought one RFP so let us know if you still want specific custodians and terms identified. We can get those to you today if that is your preference.

Rachael

**Rachael D. Lamkin**
Partner

Baker Botts L.L.P.
Rachael.Lamkin@BakerBotts.com
T +1.415.291.6264
M +1.916.747.6091



**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.