# Exhibit F



Neutral
As of: November 5, 2023 11:54 PM Z

# Lado v. Gaynor

United States Court of Appeals for the Ninth Circuit

January 14, 2021, Filed

No. 20-56287

**Reporter**
2021 U.S. App. LEXIS 1133 *

AL OTRO LADO, a California corporation; et al., Plaintiffs-Appellees, v. PETER T. GAYNOR, Acting Secretary, U.S. Department of Homeland Security; et al., Defendants-Appellants, and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, Appellant.

**Prior History:** [*1] D.C. No. 3:17-cv-02366-BAS-KSC. Southern District of California, San Diego.

Lado v. Wolf, 2020 U.S. Dist. LEXIS 203031, 2020 WL 6384357 (S.D. Cal., Oct. 30, 2020)

## Core Terms

preliminary injunction, clarification, merits, injunction, asylum, pending appeal, class member, district court, appellate jurisdiction, provisional, reconsider, modifying, reopen

## Case Summary

**Overview**
HOLDINGS: [1]-The Government's motion for a stay pending appeal of the district court's order granting plaintiffs' motion for clarification of the preliminary injunction was denied because it had not made a sufficient showing of likelihood of success on the merits as it had not demonstrated that the appellate court likely had jurisdiction over the interlocutory appeal, nor had the Government made a sufficient showing that it would suffer irreparable harm absent a stay.

**Outcome**
Motion for stay denied.

## LexisNexis® Headnotes

Civil Procedure > ... > Stays of Judgments > Appellate Stays > Nonmoney Judgments

**HN1[⬇]  Appellate Stays, Nonmoney Judgments**

In evaluating a motion for stay pending appeal, the appellate court considers four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Civil Procedure > Appeals > Appellate Jurisdiction > State Court Review

**HN2[⬇]  Appellate Jurisdiction, State Court Review**

The first Nken factor, whether the government has made a strong showing that it is likely to succeed on the merits of its appeal, obliges the appellate court to consider whether it is likely to have jurisdiction over the appeal.

Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders

**HN3[⬇]  Appellate Jurisdiction, Interlocutory Orders**

An order that merely enforces or interprets a previous injunction may not be appealed on an interlocutory basis.

Bankruptcy Law > Discharge &

Rachael Lamkin

Dischargeability > Exceptions to Discharge > Embezzlement & False Representations

HN4[ ] Exceptions to Discharge, Embezzlement & False Representations

Jurisdiction to review a clarification order under 28 U.S.C.S. § 1292 depends not on whether the district court's reading of the original order is in error, but whether it is a gross misrepresentation of the order's original command.

Civil Procedure > Remedies > Injunctions

HN5[ ] Remedies, Injunctions

An injunction automatically applies to unnamed entities described in Fed. R. Civ. P. 65(d)(2), and therefore those entities are already bound from the time the original injunction issued. Rule 65(d) indeed automatically makes the injunction against the party binding upon persons in active concert or participation with the party who have actual notice of the injunction. As a result, an order that does nothing more than provide an interpretation of the existing injunction and offer an explanation of its application to a new party within the parameters of Rule 65 does not create or substantially alter a legal relationship.

**Counsel:** For AL OTRO LADO, a California corporation, ABIGAIL DOE, BEATRICE DOE, CAROLINA DOE, INGRID DOE, VICTORIA DOE, BIANCA DOE, JUAN DOE, ROBERTO DOE, CESAR DOE, MARIA DOE, EMILIANA DOE, individually and on behalf of all others similarly situated, Plaintiffs - Appellees: Baher Azmy, Legal Director, CENTER FOR CONSTITUTIONAL RIGHTS, New York, NY; Rebecca M. Cassler, Sarah Rich, Southern Poverty Law Center, Decatur, GA; Melissa E. Crow, Director, Southern Poverty Law Center, Washington, DC; Matthew Fenn, Mayer Brown LLP, Chicago, IL; Sydney R. Fields, Mayer Brown LLP, New York, NY; Ori Lev, Attorney, Stephen M. Medlock, Michelle N. Webster, Mayer Brown LLP, Washington, DC; Matthew H. Marmolejo, Attorney, Mayer Brown LLP, Los Angeles, CA; Karolina Joanna Walters, American Immigration Council, Washington, DC.

For EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, Appellant: Alexander Halaska, Trial Attorney, Dhruman Y. Sampat, Katherine Shinners, Trial Attorney, U.S. DEPARTMENT OF JUSTICE, Washington, DC.

For CHAD F. WOLF, Acting Secretary, US Department of Homeland Security, MARK A. MORGAN, Acting Commissioner of U.S. Customs and [*2] Border Protection, WILLIAM A. FERRARA, Executive Assistant Commissioner of CBPs Office of Field Operations, Defendants - Appellants: Alexander Halaska, Trial Attorney, Dhruman Y. Sampat, Katherine Shinners, Trial Attorney, U.S. DEPARTMENT OF JUSTICE, Washington, DC.

**Judges:** Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges. Order by Judges OWENS and FRIEDLAND, Dissent by Judge R. NELSON.

## Opinion

ORDER

Appellants (collectively, "the Government") move for an emergency stay pending appeal of the district court's October 30, 2020 order granting Plaintiffs' motion for clarification of the preliminary injunction ("clarification order"). The preliminary injunction is the subject of an earlier appeal that is pending before this panel but is currently held in abeyance.

The preliminary injunction provisionally certified "a class consisting of 'all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. [Port of Entry] before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process,'" and enjoined the application of the Asylum Transit Rule[1] to members of the provisional class. See Al Otro Lado v. McAleenan, 423 F. Supp. 3d 848, 878 (S.D. Cal. 2019). In the Government's earlier appeal [*3] ("AOL I"), we entered a temporary administrative stay of the preliminary injunction on December 20, 2019. Al Otro Lado v. Wolf, 945 F.3d 1223 (9th Cir. 2019). We then lifted that stay on March 5, 2020, explaining that "the government has not carried its burden of showing that a stay is

---

[1] The Asylum Transit Rule, "known variously as the 'Third Country Transit Rule,' 'transit rule,' and 'asylum ban,' . . . provides, subject to narrow exceptions, that a noncitizen who 'enters, attempts to enter, or arrives in the United States' at the southern border on or after July 16, 2019 is not eligible for asylum in the United States unless they applied for asylum in another country, such as Mexico, that they passed through on their way to the southern border." Al Otro Lado v. Wolf, 952 F.3d 999, 1003 (9th Cir. 2020) (citing 8 C.F.R. § 208.13(c)(4)) (denying stay pending appeal of preliminary injunction).

warranted." *Al Otro Lado v. Wolf, 952 F.3d 999, 1003 (9th Cir. 2020)*. On December 2, 2020, we ordered that *AOL I* be held in abeyance pending issuance of the mandates in *East Bay Sanctuary Covenant v. Barr, 964 F.3d 832 (9th Cir. 2020)*, and *Capital Area Immigrants' Rights Coalition v. Trump*, No. 20-5273 (D.C. Cir. filed Oct. 1, 2020). See *Al Otro Lado v. Wolf, No. 19-56417, 2020 U.S. App. LEXIS 37690 (9th Cir. Dec. 2, 2020)*.

The Government asks for a stay pending appeal of what it considers to be "new obligations" contained in the clarification order. As relevant here, the clarification order requires the Government: (1) to take affirmative steps to find and reopen or reconsider cases in which the Asylum Transit Rule was applied to provisional class members, including for determinations that became final before November 19, 2019, when the preliminary injunction was entered, or during the period of the *AOL I* administrative stay (December 20, 2019, to March 5, 2020); (2) inform identified class members in administrative proceedings before U.S. Citizenship and Immigration Services or the Executive Office **[*4]** for Immigration Review ("EOIR"),2 or in Department of Homeland Security custody, of their potential class membership and the existence and import of the preliminary injunction; and (3) to make reasonable efforts to identify class members.

On December 18, 2020, we granted in part and denied in part the Government's request for an emergency administrative stay in this appeal while we considered the motion for stay pending appeal. We stayed the clarification order to the extent the order required the Government to take affirmative steps to reopen or reconsider cases, noting that the temporary stay was "only intended to preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits, and [did] not constitute in any way a decision as to the merits of the motion for stay pending appeal." *Doe #1 v. Trump, 944 F.3d 1222, 1223 (9th Cir. 2019)*.

**HN1**[↑] In evaluating a motion for stay pending appeal we consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; **[*5]** and (4) where the public interest lies." *Nken v. Holder, 556 U.S. 418, 426, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009)* (quoting *Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987))*.

First, the Government has not made a sufficient showing of likelihood of success on the merits because it has not demonstrated that we likely have jurisdiction over this interlocutory appeal. See *Flores v. Barr, 977 F.3d 742, 746 (9th Cir. 2020)* (**HN2**[↑] "The first *Nken* factor, whether the government has made a strong showing that it is likely to succeed on the merits of its appeal, obliges us to consider whether we are likely to have jurisdiction over the appeal."). **HN3**[↑] An order that "merely enforces or interprets a previous injunction" may not be appealed on an interlocutory basis. *Pub. Serv. Co. of Colo. v. Batt, 67 F.3d 234, 238 (9th Cir. 1995)*. The Government contends that we have appellate jurisdiction because the clarification order—especially the portion ordering the Government to affirmatively reopen or reconsider past asylum determinations—is really a modification of the preliminary injunction or a new injunction altogether. See *28 U.S.C. § 1292(a)(1)* (granting appellate jurisdiction over "[i]nterlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions").

The Government has not demonstrated that the clarification order amounts to more than an interpretation of the preliminary injunction that reinforces the injunction's original intent. **[*6]** See, e.g., *Birmingham Fire Fighters Ass'n 117 v. Jefferson County, 280 F.3d 1289, 1293 (11th Cir. 2002)* (**HN4**[↑] jurisdiction to review a clarification order under *28 U.S.C. § 1292* depends "not [on] whether the district court's reading of the [original order] is in error, but whether it is a *gross misrepresentation* of the [order's] original command" (emphasis added)).3

---

2 Although EOIR was not originally a defendant in this action, the district court concluded that EOIR is "in active concert or participation" with Defendants, and therefore bound by the injunction. See *Fed. R. Civ. P. 65(d)(2)(C)*.

3 To the extent the Government argues that the clarification order effects an extension of the preliminary injunction to EOIR, this argument lacks merit. **HN5**[↑] An injunction "automatically" applies to unnamed entities described in *Rule 65(d)(2)*, and therefore those entities are "*already* bound" from the time the original injunction issued. *Wash. Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC, 776 F.3d 1, 9, 414 U.S. App. D.C. 1 (D.C. Cir. 2015)*; see also *In re Estate of Ferdinand Marcos Human Rights Litig., 94 F.3d 539, 545 (9th Cir. 1996)* ("*Rule 65(d)* indeed automatically makes the injunction against the [party] binding upon persons 'in active

The Government asserts that the original preliminary injunction did not encompass "retrospective" relief, so the portion of the clarification order that requires affirmatively reopening or reconsidering asylum determinations modified the preliminary injunction. But a fair reading of the preliminary injunction could encompass this "retrospective" relief. As the district court's clarification order explained, the preliminary injunction provided relief to "members of the certified class" without qualification, and membership in the provisional class was "not limited to only those non-Mexican asylum seekers with non-final removal orders. Rather, class membership was contingent on whether an asylum seeker had been metered and thereby prevented from making a direct asylum claim at a port of entry before July 16, 2019." Because the provisionally certified class facially encompassed asylum seekers with final orders of removal, **[*7]** the district court's clarification order seems (at the very least) to be a plausible interpretation of the original preliminary injunction. Even assuming that the Government also has a plausible reading of the preliminary injunction, it has not demonstrated that the clarification order *grossly* misinterprets the original order.

Second, the Government has not made a sufficient showing that it will suffer irreparable harm absent a stay. The Government asserts that it will need to divert tens of thousands of employee-hours to comply with the requirements of the clarification order. However, the clarification order was in effect for over a month before the Government sought a stay, and, "[r]ather than submitting evidence of actual burdens and delays it has experienced since the [clarification order] issued, the government's declarations contain only estimates, assumptions, and projections." *Al Otro Lado, 952 F.3d at 1007* (denying a stay pending appeal in *AOL I*). Moreover, the Government's alleged harms arise mostly from poor recordkeeping related to metering and class membership. At least some of these purported harms are self-inflicted, which "'severely undermines' its claim for equitable relief." *Id. at 1008* (quoting *Hirschfeld v.*

concert or participation with' the [party] who have actual notice of the injunction."). As a result, an order that does "nothing more than [provide] an interpretation of the existing . . . injunction" and offer "an explanation of its application to [a new party] within the parameters of *Rule 65*" does not create or substantially alter a legal relationship. *Pimentel & Sons Guitar Makers, Inc. v. Pimentel, 477 F.3d 1151, 1154 (10th Cir. 2007)*. We therefore lack jurisdiction over the portion of the clarification order determining that EOIR is bound by the preliminary injunction.

*Bd. of Elections, 984 F.2d 35, 39 (2d Cir. 1993))*.

Because **[*8]** the Government has not satisfied the first two factors of the stay inquiry, we need not address the third and fourth. See *id. at 1014*.

We therefore deny the Government's emergency motion (ECF No. 7) for a stay of the clarification order pending appeal. We also lift the partial administrative stay we issued on December 18, 2020.

The briefing schedule established previously remains in effect.

**Dissent by:** R. Nelson

## Dissent

R. Nelson, Circuit Judge, dissenting:

We have before us a motion to stay a new injunction in this case that revised the original district court injunction which had been issued on November 19, 2019. See *Al Otro Lado, Inc. v. McAleenan, 423 F. Supp. 3d 848, 878 (S.D. Cal. 2019)* ("2019 Order"). The merits of the original injunction have been pending before this panel since July 2020 (case No. 19-56417, hereinafter "*AOL I*"). We have stayed any merits review of that original injunction pending issuance of the mandates in *East Bay Sanctuary Covenant v. Barr, 964 F.3d 832 (9th Cir. 2020)*, and *Capital Area Immigrants' Rights Coalition v. Trump*, No. 20-5273 (D.C. Cir. filed Oct. 1, 2020). While there was a reasonable basis to stay *AOL I*, my view of the underlying merits of *AOL I* controls the likelihood of success on the merits prong in reviewing this subsequent appeal and motion to stay.

In short, the district court was jurisdictionally barred from **[*9]** issuing the 2019 Order granting class-wide injunctive relief because the scope of the 2019 Order exceeded the jurisdictional bounds of *Rule 65*. See *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015)*. Because Al Otro Lado's complaint never requested the relief that was enjoined, the district court had no jurisdiction to issue the 2019 Order. *See id; see also* 2019 Order at 878. Thus, it had no jurisdiction to issue a modification of the 2019 Order on October 30, 2020. See *Al Otro Lado v. Wolf, No. 17-CV-02366-BAS-KSC, 2020 U.S. Dist. LEXIS 203031, 2020 WL 6384357 (S.D. Cal. Oct. 30, 2020)* ("2020 Order"). Moreover, the *All Writs Act ("AWA"), 28 U.S.C. § 1651*, cannot be used "in aid of" jurisdiction that does

not exist in the first place or as a bulwark against mootness. See *Clinton v. Goldsmith, 526 U.S. 529, 534-37, 119 S. Ct. 1538, 143 L. Ed. 2d 720 (1999)*. Thus, Al Otro Lado lacks any likelihood of success on the merits in *AOL I* and granting the stay was improper. See *Leiva-Perez v. Holder, 640 F.3d 962, 968 (9th Cir. 2011)* ("[I]n order to justify a stay, a [movant] must show, at a minimum, that [it] has a substantial case for relief on the merits."); *Nken v. Holder, 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009)* (holding the requirement that a movant show a likelihood of success on the merits is "critical").

Because my view of the merits of *AOL I* controls my view of the merits of this appeal, the government has shown a strong—in my view inevitable—likelihood of success on the merits and is entitled to a stay. Moreover, none of the [*10] other three *Nken* factors weigh in favor of denying the stay. See *Nken, 556 U.S. at 434*. Therefore, I would grant the stay in full.

I

We have appellate jurisdiction to review the 2020 Order. Though the 2020 Order purports to merely "clarify" the scope of the 2019 Order, the 2020 Order clearly "modif[ies]" the 2019 Order. See *Fed. R. App. P. 8(a)(1)(C)*; *Abbott v. Perez, 138 S. Ct. 2305, 2319, 201 L. Ed. 2d 714 (2018)* (stating "the label attached to an order is not dispositive" and that "where an order has the practical effect of granting or denying an injunction, it should be treated as such for purposes of appellate jurisdiction" (internal quotation marks and citation omitted)). For instance, the 2020 Order requires the government to reopen or reconsider the immigration cases of thousands of potential class members who were lawfully denied asylum pursuant to the Third Country Transit Rule ("Rule") before the 2019 Order was issued or while the 2019 Order was stayed by this court. See 2020 Order at *13; *Asylum Eligibility and Procedural Modifications, 84 Fed. Reg. 33,829, 33,837*, codified at 8 C.F.R. § 208.13(c)(4) (July 16, 2019). It also requires the government to generate a comprehensive list of class members. See 2020 Order at *14.

The 2019 Order mentioned none of these requirements; nor did this court in either its December 19, 2019, grant of an administrative stay or its March 5, 2020, denial [*11] of a stay pending appeal. See generally *Al Otro Lado v. Wolf, 945 F.3d 1223, 1224 (9th Cir. 2019)*; *Al Otro Lado v. Wolf, 952 F.3d 999, 1014 (9th Cir. 2020)*. Moreover, Al Otro Lado has not shown that these requirements were recognized by the district court or this court in the fourteen months since the 2019 Order was first issued.

Al Otro Lado argues that the government recognized these requirements by suspending removals of potential class members when the 2019 Order was in effect and not stayed. But the government has consistently objected to any notion that it was legally obligated to comply with the 2019 Order before it was issued or when it was stayed. The government also contests the 2020 Order's new determination that the government is responsible for class member identification. The government's decision to continue enforcing the Rule before the 2019 Order was issued and when it was stayed (and the government's arguments before this court) make clear the government did not understand the 2019 Order to apply when it was legally unenforceable.

Since the 2020 Order modified the 2019 Order and "materially affect[ed] [the] substantial rights of the parties," this court has appellate jurisdiction under *28 U.S.C. § 1292(a)(1)*. See *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, 686 F.2d 731, 735 (9th Cir. 1982)*; see also *Cunningham v. David Special Commitment Ctr., 158 F.3d 1035, 1037 (9th Cir. 1998)*.

II

The district court did not have authority to issue the 2019 Order because [*12] it enjoined conduct that was not the subject of the complaint.[1] See *Pac. Radiation Oncology, 810 F.3d at 636*. The "relationship between the preliminary injunction and the underlying complaint" must be "sufficiently strong" so that "the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol Mines, Ltd. v. United States, 325 U.S. 212, 220, 65 S. Ct. 1130, 89 L. Ed. 1566 (1945))*. Al Otro Lado's complaint only challenged the government's alleged policy of violating its obligation to inspect and

---

[1] Al Otro Lado's arguments that this court may not consider certain jurisdictional issues on appeal are unavailing. "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler, 565 U.S. 134, 141, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012)* (citation omitted).

process aliens for admission and denying class members the ability to apply for asylum in the first place. But the 2019 Order enjoined *adjudicating* asylum claims under the Rule, which was not the relief requested in the complaint.[2] *See* 2019 Order at 878. Indeed, the Rule, which the Supreme Court has ordered to remain in effect, did not even exist at the time of the complaint. *Barr v. East Bay Sanctuary Covenant, 140 S. Ct. 3, 204 L. Ed. 2d 1189 (2019)* (mem.). So the proper course of action is for Al Otro Lado to file a separate complaint, not to shoehorn in a request for injunctive relief that far exceeds the boundaries of what they requested in the original complaint.[3]

Nor can the AWA rescue the district court's 2019 Order or its modification in the 2020 Order because the AWA may only be used "in aid of" existing jurisdiction. **[*13]** *Clinton, 526 U.S. at 534-37*. "The All Writs Act . . . is not an independent grant of appellate jurisdiction," nor can it "enlarge a court's jurisdiction." *Id. at 535* (internal quotation marks and citations omitted). And "[t]he All Writs Act 'is not a grant of plenary power to federal courts.'" *Al Otro Lado v. Wolf, 952 F.3d 999, 1025 (9th Cir. 2020)* (Bress, J., dissenting) (quoting *Doe v. I.N.S., 120 F.3d 200, 205 (9th Cir. 1997))*. The district court's 2019 Order exceeded the scope of the relief requested in the complaint. Thus, the district court could not rely on the AWA as an alternative ground for jurisdiction for issuing the 2019 Order or modifying it in the 2020 Order.

The district court, however, reasoned "that it possesses the authority under the AWA to issue an injunction preserving the status quo in this case" in order "to preserve its jurisdiction over the underlying claims." 2019 Order at 869; *see also* 2020 Order at *10-11.[4] But "[a]s the Supreme Court has explained in the context of similar statutory language in the *Anti-Injunction Act*, [n]o case of this Court has ever held that an injunction to 'preserve' a case or controversy fits within the 'necessary in aid of its jurisdiction' exception." *Al Otro Lado, 952 F.3d at 1025* (Bress, J., dissenting) (quoting *Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 641, 97 S. Ct. 2881, 53 L. Ed. 2d 1009 (1977)* (plurality opinion) (internal quotation marks omitted)). There is no "authority for **[*14]** the remarkable proposition that the All Writs Act can be used as an all-purpose bulwark against mootness. If a party's claims become moot, a court lacks jurisdiction to decide them." *Id.*

The district court's holding that the AWA "authorize[d]" it "to issue injunctive relief to preserve its jurisdiction in the underlying action" was legally erroneous. *See* 2019 Order at 866, 868. Because there was no jurisdiction in this case to issue the 2019 Order or the 2020 Order modifying the 2019 Order, the government's stay should be granted in full. I therefore respectfully dissent.

---

**End of Document**

---

[2] Al Otro Lado concedes that the 2019 Order "block[ed] conduct" that was "external to" and "not the subject of the complaint." This concession in the plainest of terms establishes the 2019 Order did not have the requisite "relationship or nexus to the underlying complaint." *Pac. Radiation Oncology, 810 F.3d at 637*.

[3] Though not necessary to reach this issue, "[b]y its plain terms, and even by its title," *§ 1252(f)(1)* "is a limit on injunctive relief" that also would have precluded jurisdiction for issuing the 2019 Order and the 2020 Order. *See Reno, 525 U.S. at 481*; *Make The Rd. New York v. Wolf, 962 F.3d 612, 647, 447 U.S. App. D.C. 352 (D.C. Cir. 2020)* (Rao, J., dissenting) (explaining *§ 1252(f)(1)* prohibits restraints on the government's mechanisms for carrying out *§§ 1221-1232*); *Hamama v. Adducci, 946 F.3d 875, 877 (6th Cir. 2020)* ("Congress stripped all courts, save for the Supreme Court, of jurisdiction to enjoin or restrain the operation of *8 U.S.C. §§ 1221-1232* on a class-wide basis." (citing *8 U.S.C. § 1252(f)(1)*)); *Van Dinh v. Reno, 197 F.3d 427, 433 (10th Cir. 1999)* (holding that "*§ 1252(f)* forecloses jurisdiction to grant class-wide injunctive relief to restrain operation of *§§ 1221-[12]3[2]* by any court other than the Supreme Court").

[4] Though Al Otro Lado does not address the AWA in this appeal, the parties addressed the AWA in *AOL I* and the district court erroneously relied on it as an alternative ground for jurisdiction for issuing the 2019 Order; it thus must be considered. *See Gonzalez, 565 U.S. at 141*.