Rachael D. Lamkin (SBN 246066)
Karan Singh Dhadialla (SBN 296313)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, California 94111
Phone: (415) 291-6200
Fax: (415) 291-6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

*Attorneys for Defendant Netflix, Inc.*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>   Plaintiff,<br><br>   v.<br><br>NETFLIX, INC.,<br><br>   Defendant. | Case No. 4:22-cv-01490-JST<br><br>**DEFENDANT NETFLIX, INC.'S NOTICE OF MOTION AND MOTION TO JOIN AIPI, LLC PURSUANT TO FED. R. CIV. P. 19**<br><br>Judge: Hon. Jon S. Tigar<br>Date:  January 25, 2024<br>Time:  2:00 p.m.<br>Crtrm: 6 – 2nd Floor |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on January 25, 2024 at 2:00 p.m., or before or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Jon S. Tigar, 1301 Clay Street, Oakland, California 94612, Defendant Netflix, Inc. ("Netflix") will and hereby does move the Court for an order granting Netflix's Motion To Join AiPi Under Rule 19. Netflix's Motion is based on this Notice of Motion, the Motion, the memorandum of points and authorities and declaration in support filed concurrently herewith, the proposed order filed herewith, any additional pleadings and papers on file in this matter and any arguments that may be presented at the hearing.

**STATEMENT OF RELIEF REQUESTED**

Netflix seeks an order joining AiPi, LLC to ensure compliance with the Court's Preliminary Injunction, to assure Netflix and the Court will be afforded complete relief, to provide AiPi Due Process, and as a party to Netflix's California Uniform Voidable Transactions Act claim.

Dated:   November 6, 2023              Baker Botts L.L.P.

By: */s/ Rachael D. Lamkin*
   Rachael D. Lamkin (SBN 246066)
   Karan Singh Dhadialla (SBN 296313)
   BAKER BOTTS L.L.P.
   101 California Street, Suite 3200
   San Francisco, CA 94111
   Tel: (415) 291-6200
   Fax: (415) 291-6300
   rachael.lamkin@bakerbotts.com
   karan.dhadialla@bakerbotts.com

**MEMORANDUM IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 19, Netflix moves to join AiPi, LLC ("AiPi") as a necessary party.

**I.  INTRODUCTION**

On September 21, 2023, this Court enjoined Valjakka from moving, using, or transferring the settlement and licensing proceeds from his patents ("Enforcement Assets"). Dkt. Nos. 176, 202, 204.

AiPi is Valjakka's litigation funder with a majority interest in this litigation.[1] AiPi was not disclosed on Mr. Valjakka's Local Rule 3-15 original disclosure and remains undisclosed in Valjakka's amended disclosure. Dkt. Nos. 36, 174. In his recent deposition, Valjakka disclosed that AiPi "runs" this litigation and "controls" the Enforcement Assets. AiPi also serves as Valjakka's agent as several AiPi attorneys—Messrs. Morehouse, Lund, and Sheets—claim to represent Valjakka in this action, although they have not entered appearances. AiPi's representation of Valjakka was not disclosed until October 3, 2023, even though Valjakka now explains that said AiPi attorneys have represented Valjakka "since the start." Netflix now moves to join AiPi.

*First*, AiPi received a substantial share of the Enforcement Assets and has dominion over said Assets. As such, under Ninth Circuit authority, AiPi is strictly liable to Netflix should Netflix prevail on its CUVTA claim. Absent joinder of AiPi, Netflix will not be able to obtain full remedy herein and will be forced to file a second action against AiPi directly, wasting judicial resources. Thus, Netflix seeks to join AiPi as a party to its CUVTA claim.

*Second*, the Court's PI Order "automatically" binds Valjakka's agents, attorneys, and anyone who is in "active concert or participation" with Valjakka. Fed.R.Civ.P 65(d)(2); *Lado v. Gaynor*, No. 20-56287, 2021 U.S. App. LEXIS 1133, at *6 n.3 (9th Cir. Jan. 14, 2021) ("An injunction 'automatically' applies to unnamed entities described in Rule 65(d)(2), and therefore those entities are 'already bound' from the time the original injunction issued.") (*quoting In re Estate*

---

[1] *See* Exhibit A to the declaration of Rachael Lamkin in support of Netflix's Motion For An Order To Show Cause, Dkt. No. 216-2, filed concurrently herewith, at 5-6.

*of Ferdinand Marcos Human Rights Litig.*, 94 F.3d 539, 545 (9th Cir. 1996), *inter alia*).[2] But neither Mr. Valjkka nor his Agents (the Ramey Firm and AiPi) appear to be honoring this Court's PI Order. Netflix has filed a Motion For An Order To Show Cause why Valjakka and his Agents, including AiPi, should not be held in civil contempt. Dkt. No. 216. Netflix asks this Court to join AiPi for any contempt proceedings and any investigatory proceedings requisite thereto. Although this Court has jurisdiction over AiPi, none of AiPi's attorneys have entered an appearance. Further, the firm that has entered an appearance, the Ramey Firm, was hired by AiPi and is engaged and paid by AiPi. Thus, it's not clear that Valjakka and "his" counsel have any ability to control or direct the actual suzerain of Valjakka's litigation—AiPi. AiPi must be joined to assure compliance with this Court's PI Order.

***Third,*** before this Court can enter judgment against AiPi for contempt, AiPi must be accorded due process; it must be afforded the opportunity to be heard in any contempt proceeding.

As such, AiPi should be joined to this action as a necessary party under Rule 19 (i) to Netflix's CUVTA claim (ii) to assure compliance with the Court's PI, and (iii) to give AiPi an opportunity to be heard in any contempt proceeding.

## II.     LEGAL AUTHORITY

Federal Rule of Civil Procedure 19 provides for joinder of required parties. In evaluating joinder under Rule 19, "the court must determine whether the absent party is 'necessary.'" *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999) (citing Fed. R. Civ. P. 19(a)(1)). Specifically, Rule 19(a)(1) states that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

---

[2] A Westlaw version of the *Lado* case was not available. Netflix attached the full decision as Exhibit F to the declaration of Rachael Lamkin in support of Netflix's Motion For An Order To Show Cause, Dkt. No. 216-7, filed concurrently herewith.

(i) as a practical matter impair or impede the person's ability to protect

the interest; or

(ii) leave an existing party subject to a substantial risk of incurring

double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "If the absent party is 'necessary,' the court then determines whether joinder is 'feasible.'" *Bowen*, 172 F.3d at 688; *Phigenix, Inc. v. Genentech, Inc.,* No. 15-CV-01238-BLF, 2018 WL 3845998, at *8 (N.D. Cal. Aug. 13, 2018).

## III.   ARGUMENT

"A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties[.]" Fed. R. Civ. P 19. The two questions requisite to the Rule 19 joinder inquiry are whether joinder is (1) necessary and (2) feasible. *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).  Each inquiry is met here.

### A.   AiPi Is Subject To Service Of Process And Will Not Deprive The Court Of Jurisdiction

This matter is before the Court on federal question jurisdiction and the Court has exercised supplemental jurisdiction over Netflix's CUVTA claim. AiPi is a Virginia Corporation with a registered agent for service of process therein. Netflix is a Delaware Corporation with its principal place of business in this District. Valjakka is a citizen of Finland. As such, AiPi is subject to service of process and diversity jurisdiction is maintained.

### B.   Joinder of AiPi Is Necessary

#### 1.   AiPi Must Be Joined As The Initial Transferee

AiPi must be joined because it may be strictly liable to Netflix under CUVTA.

##### a.   AiPi Has Dominion Over The Enforcement Assets

AiPi is the entity with ultimate control over Valjakka's litigation and the Enforcement Assets. For example, AiPi hired and pays Valjakka's attorneys. Valjakka Depo. Tr. 26:21-22, 53:6-55:11, 77:21-79:11.[3] AiPi, not Valjakka, has engagement agreements with Valjakka's attorneys. *Id*.

---

[3] Mr. Valjakka's deposition transcript is filed at Exhibit C to the Declaration of Rachael Lamkin in support of Netflix Motion For An Order To Show Cause, Dkt. No. 216-4, filed concurrently herewith.

AiPi oversaw the infringement allegations against Netflix, the summary judgment pleadings in this case, and the overall case strategy. Valjakka Depo Tr., at 10:4-17, 17:12-18:9, 21:5-23. Indeed, Valjakka told an investor that AiPi "runs" his entire patent litigation campaign (*id*., at 22:8-10) and "provides ongoing advice as to litigation strategy" (*id.,* 28:22-24); *see also* 27:5-20. Materially, Valjakka testified that AiPi negotiated the settlement agreements with the other defendants. Valjakka Tr., 15:17-21. And, Valjakka testified that AiPi "controls" the Enforcement Assets. Valjakka Depo Tr., 39:16-17.

Because AiPi exercises dominion over the Enforcement Assets, AiPi is the "initial transferee" and strictly liable alongside Valjakka for damages associated with Netflix's CUVTA claim. Where a party "has proven the avoidability of a fraudulent transfer, the [party] may recover the property (or its value) from the initial transferee of such transfer or the entity for whose benefit such transfer was made[.]." *Henry v. Official Comm. of Unsecured Creditors of Walldesign, Inc*. (*In re Walldesign, Inc*.), 872 F.3d 954, 962 (9th Cir. 2017) (citing 11 U.S.C. § 550(a).)[4] That is, if Netflix proves that Valjakka fraudulently transferred the Enforcement Assets, Netflix may also recover against the "initial transferee," *i.e*., AiPi.

In *Henry v. Official Comm. of Unsecured Creditors of Walldesign, Inc*. (*In re Walldesign, Inc*.), a debtor named Michael Bello committed a fraudulent transfer, transferring money from his company to a personal bank account. Bello paid "innocent" third parties from the fraudulent account. The Ninth Circuit ruled that recipients of those funds had to return that money to Bello's creditors even though they had no knowledge of the fraudulent transfer because they were "initial transferees" with strict liability under Congress's statutory scheme. *Henry*, at 963, 966-69.

AiPi is the "initial transferee" because AiPi exercises "dominion" over the settlement proceeds. *Henry*, at 962-63. While AiPi is likely not an "innocent" party, AiPi's knowledge of or participation in Valjakka's fraudulent transfer is of no moment; AiPi is strictly liable regardless.

---

[4] *Henry* relies upon the bankruptcy code. Courts in this circuit have found that the "California fraudulent conveyance law and the fraudulent transfer section of the Bankruptcy Code are similar in form and substance, and [] may be analyzed contemporaneously." *In re United Energy Corp.*, 944 F.2d 589, 594 (9th Cir. 1991); *In re 3DFX Interactive, Inc.*, 389 B.R. 842, 862 n.15 (Bankr. N.D. Cal. 2008) (citing 11 U.S.C.A. § 548; Cal. Civ. Code § 3439), *aff'd*, 585 F. App'x 626 (9th Cir. 2014); *see also Falkenstein v. Shipco Transp., Inc.*, No. CV 13-08052 BRO, 2015 WL 11256774, at *15 (C.D. Cal. Oct. 15, 2015).

The Ninth Circuit follows most circuits in placing the burden of detecting fraudulent transfers on the initial transferee because it is unrealistic to place the burden on the actual party committing fraud. *Henry*, 872 F.3d, at 968. As such, "[parties] have an absolute right of recovery against the 'initial transferee.'" *Henry,* at 962.

AiPi is strictly liable to Netflix under CUVTA and should be joined under Rule 19 because absent joinder of AiPi, Netflix will not be able to obtain complete relief. *See* Fed. R. Civ. P. 19.

### b. Failure To Join AiPi Would Prejudice Netflix And Waste Judicial Resources

"One of the purposes of strict liability is to apportion costs among the responsible defendants. So long as [AiPi] is a potentially responsible party, [Netflix] will be prejudiced in its absence." *McCarty v. Johnson & Johnson*, No. 1:10-CV-00350, 2010 WL 2629913, at *9 (E.D. Cal. June 29, 2010). Absent joinder of AiPi in this matter, Netflix will need to file a separate action against AiPi for its liability to Netflix under CUVTA. Netflix's CUVTA claim against AiPi arises out of the same transaction or occurrence as Netflix's CUVTA claim against Valjakka. If the Court denies joinder of AiPi, Netflix will have to proceed against AiPi in a separate litigation, increasing costs for Netflix and burden on the judicial system. Further, a separate proceeding risks conflicting verdicts. *See Reyes v. FCA US LLC*, No. 120CV00833DADSKO, 2020 WL 7224286, at *10 (E.D. Cal. Dec. 8, 2020) ("claims against defendant FCA arise out of the same transaction or occurrence, and if the court denies joinder of Lampe, plaintiff would have to proceed with separate litigation against Lampe in state court.") AiPi should be joined as a party to Netflix's CUVTA claim.

### 2. AiPi Must Be Joined To Assure Compliance With This Court's PI Order

As demonstrated in Netflix's Motion For An Order To Show Cause, filled concurrently herewith and incorporated by reference, AiPi controls this litigation and yet refuses to honor the Court's Order.

This Court has jurisdiction over AiPi under Rule 65(d)(2) in order to enforce its PI Order. *Reebok Int'l v. McLaughlin,* 49 F.3d 1387, 1391 (9th Cir. 1995); *LimoStars, Inc. v. New Jersey Car & Limo, Inc*., No. CV-10-2179-PHX-LOA, 2011 WL 3471092, at *16 (D. Ariz. Aug. 8, 2011), report and recommendation adopted, No. CV-10-2179-PHX-SMM, 2011 WL 4101100 (D. Ariz. Sept. 8, 2011) ("an injunction may apply to [n]onparties who reside outside the territorial

jurisdiction of a district court ... for purposes of contempt proceedings if, with actual notice of the court's order, they actively aid and abet a party in violating [an injunction].") (collecting cases).

Because AiPi is suzerain, it's not clear that either Valjakka or the Ramey Firm have the ability to direct or control AiPi. AiPi must be joined as a party to assure compliance with this Court's Order.

### 3. AiPi Must Be Joined To Be Afforded Due Process

Before AiPi can be found in violation of this Court's PI Order, it must be joined and afforded the opportunity to be heard under the Constitution's Due Process clause. *Nelson v. Adams USA, Inc*., 529 U.S. 460, 462, 120 S. Ct. 1579, 1582 (2000); *Phigenix, Inc. v. Genentech, Inc.,* No. 15-CV-01238-BLF, 2018 WL 3845998, at *5-8 (N.D. Cal. Aug. 13, 2018). That is, AiPi cannot be found in contempt unless and until it is joined and afforded the opportunity to respond in any contempt proceedings. *See id*. As such, Netflix asks that AiPi be joined so that it may respond to any allegations by Netflix or investigations by the Court regarding its compliance with the Court's PI Order.

### C. Joinder of AiPi Is Feasible

"Rule 19(a) sets forth three circumstances in which joinder is not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction[5]. *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) (citing Fed. R. Civ. P. 19(a)). Here, none of those three concerns are triggered.

Venue is proper because the CUVTA harms created by AiPi occurred in this District, where Netflix and this Court are located. *See* 28 U.S.C. § 1391(b)(2)-(3).

Courts engage in a two-step inquiry to analyze personal jurisdiction: (1) whether the state's long-arm statute extends to a defendant; and (2) whether the assertion of personal jurisdiction violates due process. *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found*., 297 F.3d 1343, 1347 (Fed. Cir. 2002); *Phigenix, Inc. v. Genentech, Inc*., No. 15-CV-01238-BLF, 2018 WL 3845998, at *13 (N.D. Cal. Aug. 13, 2018). "[B]ecause California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether

---

[5] Joinder would not destroy subject matter jurisdiction as this matter is before the Court under federal question jurisdiction.

1   jurisdiction comports with due process." *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1270 (Fed. Cir. 1998).

The three factors for assessing whether the exercise of specific personal jurisdiction comports with due process are: "1) whether the defendant 'purposefully directed' its activities at residents of the forum; 2) whether the claim 'arises out of or relates to' the defendant's activities in the forum; 3) whether the exercise of jurisdiction is 'reasonable and fair.'" *Deprenyl Animal Health*, 297 F.3d at 1351; *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801–02 (9th Cir. 2004)). As to the third factor (also called the "fair play and substantial justice" prong), the burden of proof is on AiPi "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.,* 444 F.3d 1356, 1362–63 (Fed. Cir. 2006).

**AiPi Purposefully Directed Its Activities at This Forum**

This Court has jurisdiction over AiPi to assure compliance with the Court's PI Order. Fed.R.Civ.P. 65(d)(2); *Reebok Int'l v. McLaughlin,* 49 F.3d 1387, 1391 (9th Cir. 1995) ("nonparties who reside outside the territorial jurisdiction of a district court may be subject to that court's jurisdiction if, with actual notice of the court's order, they actively aid and abet a party in violating that order."); *LimoStars, Inc. v. New Jersey Car & Limo, Inc*., No. CV-10-2179-PHX-LOA, 2011 WL 3471092, at *16 (D. Ariz. Aug. 8, 2011) (collecting cases).

Regarding Netflix's CUVTA claim, AiPi is subject to specific jurisdiction because of its dominion over Valjakka's litigation and the Enforcement Assets. As Valjakka testified, AiPi "runs" this litigation. AiPi has been involved in litigation strategy from the beginning. AiPi's attorneys directly participated in producing documents to Netflix, and AiPi defended Valjakka in his deposition, to name but a few examples of AiPi's direct participation in this litigation and purposeful availment of the courts and laws of this forum. AiPi's "suit-related contacts with California show this same type of ongoing personal services relationship, and more than suffice for this Court to exercise personal jurisdiction over Defendant." *Dillon v. Murphy & Hourihane,* LLP, No. 14-CV-01908-BLF, 2014 WL 5409040, at *9 (N.D. Cal. Oct. 22, 2014) (*citing Walden v. Fiore*, 134 S. Ct. 1115, 1126, 188 L. Ed. 2d 12).

### Netflix's Claim Arises Out of The Activities in This Forum

AiPi is ignoring an order from a Court in this forum. And, AiPi was the initial transferee of funds fraudulently transferred by Valjakka to avoid paying attorneys' fees to Netflix, residing in this forum. AiPi's counsel produced documents in this litigation, defended Valjakka's deposition for this litigation, and directed and controlled this litigation throughout, *inter alia*. Netflix's claim against AiPi relate to AiPi's activities in this forum.

### Subjecting AiPI to Suit in This Forum Is Fair and Reasonable

AiPi cannot be heard to benefit from litigation in this forum and yet not appear in this forum. AiPi cannot be heard to ignore this Court's Orders and yet not appear before this Court. The exercise of jurisdiction over AiPi is reasonable.

### IV. CONCLUSION

AiPi is Valjakka's agent, counsel, and party acting in concert with Valjakka. AiPi has benefited from this litigation, lead this litigation, exercised dominion over this litigation. And yet AiPi claims it is not bound by the Court's PI Order. AiPi should therefore be ordered to appear in this litigation so that this Court's orders will be honored and so that Netflix may receive all remedies to which it is entitled. Finally, the Due Process clause of the US Constitution requires joinder of AiPi so that it may be heard in any contempt proceeding or investigation thereof.

Dated: November 6, 2023

Respectfully submitted,

*/s/ Rachael D. Lamkin*
Rachael D. Lamkin (SBN 246066)
Karan Singh Dhadialla (SBN 296313)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise S. Edlin, Bar No. 293756

1
2
3
4

EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

5
6
7
8
9

Janice L. Ta (appearance pro hac vice)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

10
11
12
13

Jassiem N. Moore (appearance pro hac vice)
JassiemMoore@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

14
15
16
17
18

Brianna Kadjo, Bar No. 303336
BKadjo@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300
Facsimile: +1.303.291.2400

19

*Attorneys for Defendant, NETFLIX, INC.*

20
21
22
23
24
25
26
27
28