Rachael D. Lamkin (SBN 246066)
Karan Singh Dhadialla (SBN 296313)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, California 94111
Phone: (415) 291-6200
Fax: (415) 291-6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

*Attorneys for Defendant*
*NETFLIX, INC.*

(*Additional counsel listed in signature block*)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| LAURI VALJAKKA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NETFLIX, INC.,<br><br>　　　　　Defendant. | Case No.: 4:22-cv-01490-JST<br><br>**REPLY ISO NETFLIX'S MOTION FOR AN ORDER TO SHOW CAUSE**<br><br>Judge:　　Hon. Jon S. Tigar |

**REPLY ISO NETFLIX'S MOTION FOR AN ORDER TO SHOW CAUSE**

1

On November 6, 2023, Netflix filed a Motion For An Order To Show Cause Why Valjakka And His Agents Should Not Be Held In Civil Contempt For Their Failure To Comply With This Court's Preliminary Injunction. Dkt. No. 216. In its Motion, Netflix expressed concern that:

(1) Valjakka testified in deposition that he had not read the Court's preliminary injunction ("PI") Order (*see* Mot. at 4:1-8, 8:19-22);

(2) Valjakka's deposition testimony demonstrated that he did not have an accurate understanding of the Court's PI Order (*see* Mot. at 4:9-5:13, 8:23-9:3);

(3) Valjakka testified in deposition that he had asked his attorneys to clarify the Court's PI Order, but they had failed to do so (*see* Mot. at 9:3-4); and

(4) Neither the Ramey Firm nor AiPi demonstrated compliance with the Court's PI Order, nor appeared to acknowledge they were subject to the Court's PI Order. *See* Mot. at 3:11-24, 5:19-6:8, 9:10-10:12.

Valjakka's November 9, 2023 Response (Dkt. No. 224) does not resolve or moot the issues above at least because:

(1) Valjakka's Response does not state that Valjakka read the Court's PI Order;

(2) Valjakka's Response does not state that Valjakka believes his counsel adequately explained the Court's PI Order to him; and

(3) Valjakka's response does not respond to any of the allegations against AiPi, even though Valjakka and AiPi share counsel. Valjakka states that "[a]ll Enforcement Assets were transferred to AiPi." (Dkt. No. 224 at 2) and Ramey stated that AiPi "controls" the Enforcement Assets (Dkt. No. 224-1, 3:11-13). AiPi's adherence to the Court's PI Order is highly material.

Among other unanswered concerns. Netflix respectfully submits that contrary to his assertions (*see* Resp. at 1:25-27), Valjakka has not demonstrated that Netflix's Motion has been mooted.

By: */s/ Rachael D. Lamkin*
Rachael D. Lamkin

Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise S. Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta, (appearance *pro hac vice*)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Jassiem N. Moore, (appearance *pro hac vice*)
JassiemMoore@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Brianna Kadjo, Bar No. 303336
BKadjo@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300
Facsimile: +1.303.291.2400
Attorneys for Defendant
NETFLIX, INC.