IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>       Plaintiff,<br><br>    v.<br><br>NETFLIX, INC.,<br><br>       Defendant. | Case No. 4:22-cv-01490-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   November 28, 2023<br>Time:   2:00 p.m.<br>Judge:  Hon. Jon S. Tigar<br><br>Appearances By Zoom |

    Plaintiff Lauri Valjakka ("Valjakka"), Defendant Netflix, Inc. ("Netflix") (collectively "the Parties"), and AiPi, LLC ("AiPi") currently a non-party, hereby submit this Joint Case Management Statement pursuant to the Court's Order, Dkt. No. 222.

    Counsel for AiPi, Joseph Zito, asked to provide statements in this Statement on behalf of AiPi. Under these unusual circumstances, and because Mr. Valjakka does not oppose AiPi's joinder, Mr. Zito additionally submits statements below on behalf of AiPi.

I.      JURISDICTION AND SERVICE

This is a patent infringement action under the patent laws of the United States, Title 35 of the United States Code. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has jurisdiction over Netflix's CUVTA counterclaim pursuant to 28 U.S.C. § 1367.

AiPi was served with Netflix's Motion For An Order To Show Case and Motion To Join AiPi, on November 7, 2023. Dkt. No. 225.

II.     FACTUAL BACKGROUND

**Netflix's Statement**

Netflix originally filed its November 7, 2023 Administrative Motion requesting a Case Management Conference ("CMC") to ascertain whether the Parties could work together cooperatively to retain the February 2024 trial setting by expediting (1) the requisite CUVTA discovery and (2) Netflix's motions (a) for an order to show cause and (b) to join AiPi. *See* Dkt. No. 221. Valjakka does not oppose Netflix's Motion For Joinder. Dkt. No. 223. Valjakka responded to Netflix's motion for an order to show cause on November 9, 2023, arguing that it is moot. Dkt. No. 224. Netflix does not agree. Dkt. No. 228.

*After* Netflix filed its administrative motion requesting a CMC, Mr. Valjakka, the Ramey Firm, and AiPi began disclosing new information that suggests (1) the attorneys who represented Mr. Valjakka at his recent deposition, Messrs. Zito and Sheets, actually represent AiPi, raising questions of conflict, waiver of privilege, and unclean hands, *inter alia*, (2) AiPi and Mr. Valjakka are now adverse, and (3) Mr. Valjakka and AiPi are making very different representations to this Court, *i.e.*, Mr. Valjakka claims that AiPi has controlled this litigation from the beginning, while AiPi represents that AiPi is not a law firm, comprises agents of the Ramey Firm, and does not control this litigation in any way, *infra*. Netflix further understands that AiPi intends to argue that the Court does not have jurisdiction over AiPi, which may require venue discovery that will delay resolution of the joinder motion. AiPi's role in this litigation campaign is material to Netflix's

CUVTA counterclaim and its unclean hands affirmative defense. *See* Dkt. No. 191, ¶¶ 100-102. In addition, Valjakka supplemented its Rule 26 disclosures ***this afternoon*** (November 21). Netflix will need to depose Valjakka's newly disclosed witnesses.

The upshot of these belated disclosures and new positions from Valjakka, the Ramey Firm, and AiPi, is that Netflix now believes it is not possible to maintain the Court's February 2024 trial date, at least as to CUVTA and unclean hands. Once the Court resolves the joinder motion, Netflix should be permitted to take discovery of Valjakka and AiPi pertaining to their roles in this litigation, Valjakka's fraudulent transfers, and AiPi and Valjakka's unclean hands. For judicial economy, Netflix believes the various issues should be tried together or seriatim. Netflix thus respectfully proposes a new trial be set six months after the Court resolves the AiPi joinder motion (or at the Court's earliest convenience thereafter), to allow for appropriate discovery and motion practice.

Valjakka, *infra*, states that CUVTA should be severed, and the Court should maintain the February 2024 trial date for all non-CUVTA issues. Netflix disagrees. For example, AiPi's role in this litigation, which is currently disputed by AiPi and will therefore require additional discovery to ascertain, is material at least to Netflix's unclean hands defense. There is substantial overlap between Netflix's CUVTA counterclaim and Netflix's unclean hands affirmative defense. If AiPi and Valjakka conspired to assert patents that Valjakka does not own, if AiPi and Valjakka worked together to assert patents that Netflix clearly doesn't infringe, these facts all support a finding of fraudulent transfer *and* unclean hands against AiPi and Valjakka. And, depending on the resolution of the currently pending summary judgment motions, this Court may choose to try unclean hands before a trial on the merits given the resultant judicial economies. These are but a few examples of why the case should not be bifurcated at this stage, and the February 2024 trial should be rescheduled, six or more months after the Court rules on the AiPi joinder motion, or to a date that is convenient for the Court.

Finally, as explained in Netflix's administrative motion requesting a CMC, it's not clear that Valjakka has counsel who is admitted in the Northern District and maintains an office in

California, as required to sponsor the pro hac vice admission of Mr. Ramey or other lawyers. Dkt. No. 221.

### Valjakka's Statement

Valjakka respectfully responds that the need for the Show cause Hearing is believed obviated because the parties have worked together to ensure there is agreed compliance with the Court's Preliminary Injunction Order.

Valjakka is aware that the Court enjoined him from selling, using, moving, concealing, transferring, or otherwise disposing of any Enforcement Asset in his possession, custody, or control from at least September 22, 2023,[1] and was provided a copy of the Court's Preliminary Injunction Order no later than November 2, 2023.[2]

CDN Licensing and IPRA were made aware of the Court's Preliminary Injunction Order on September 22, 2023,[3] and were provided a copy of the Court's Preliminary Injunction Order no later than November 2, 2023.[4]

All licensees who provided Enforcement Assets were made aware of the Court's Preliminary Injunction Order no later than November 6, 2023.[5] Co-counsel, Joe Zito transmitted copies to each licensee. Plaintiff understood the Court's Preliminary Injunction Order to apply to prior defendants who still owed payment of Enforcement Assets to Valjakka.[6] However, in an effort to resolve the issue between the parties, Plaintiff sent the Court's Preliminary Injunction Order to all prior Defendants who paid Enforcement Assets.

Valjakka and Hietalahti informed its counsel that there are no Enforcement Assets with Valjakka or CDN Licensing.[7] Counsel was informed that the Enforcement Assets transferred earlier had been spent in the ordinary course of business and for living expenses prior to the Court's

---

[1] Doc. No. 224-1 at ¶¶2-4.
[2] *Id*. at ¶¶2-4.
[3] *Id*. at ¶¶2-4.
[4] *Id*. at ¶¶2-4.
[5] Ex. C at 1-2, Ramey Decl. at ¶12.
[6] Ex. B at 1-2, 1.
[7] Doc. No. 224-1 at ¶5.

Preliminary Injunction Order.[8]  Valjakka stated that no further Enforcement Assets were expected except for this case as it is the only one pending.[9]

In a discussion with counsel for Netflix on November 8, 2023, counsel for Valjakka explained that no Enforcement Assets are in any account of Ramey LLP.[10]  All Enforcement Assets were transferred to AiPi.[11]

A bifurcation of the infringement claims from the CUVTA claims is appropriate, with the infringement claims being decided first.  While there may be some common factual issues, the juries consideration of both the infringement claim and the CUVTA claim would be highly prejudicial to both claims.  Valjakka's infringement claims have nothing to do with Netflix's CUVTA claims and the consideration of both together would likely result in an improper verdict.  The joinder of AiPi further suggests that bifurcation is appropriate as the introduction of a new party will greatly complicate matters and likely result in an improper verdict.  Valjakka anticipates filing its motion to bifurcate, if necessary, after the summary judgment hearing on November 30, 3023.

As a procedural matter, bifurcation is also appropriate as there are multiple claims and issues that must be decided prior to consideration of the CUVTA claims, including (1) there must be a prevailing party (and for the CUVTA issue to proceed, it must be Netflix); (2) there must a be a Section 285 Motion filed for the recovery of attorneys' fees; (3) the Court must find the case is exceptional; and, (4) the Court must find the case warrants an award of fees to the prevailing party.  Only after all of these issues are decided would the CUVTA claim be appropriate for trial.

As an additional issue, Valjakka has recently become aware that its attorneys at Whitestone Law have begun to represent AiPi.  Valjakka does take issue with Whitestone Law and its attorneys representing AiPi, including Joe Zito, as they are Valjakka's attorneys, even

---

[8] *Id*. at ¶5.
[9] *Id*. at ¶6.
[10] Doc. No. 224-1 at ¶¶9-10.
[11] *Id*. at ¶9.

defending him in one deposition and handling the initial production of discovery in the CUVTA matter. Joe Zito, with Whitestone Law, did enter an appearance on behalf of Valjakka but later tried to withdraw it. Valjakka anticipates filing a motion to disqualify Whitestone Law based on the conflict.

Valjakka has reason to believe that Whitestone Law was acting on behalf of AiPi when it failed to produce documents that he and representatives of CDN provided for production necessitating Netflix to file its Motion to Show Cause. When Valjakka discovered that Whitestone had not produced all of its documents, Ramey LLP was provided the documents and asked to produce them to Netflix. Valjakka previously requested Whitestone to produce all of the documents but it failed to do so.

Valjakka is filing an amended disclosure of people with knowledge of relevant facts listing Onni Hietalahti and Matti Saraheimo. These individuals have knowledge of the new issues raised by Netflix.

**AiPi's Statement**

AiPi is managing third party funding for Valjakka. AiPi, is not in control of Valjakka's litigation against Netflix. AiPi is not in control of Valjakka in any manner. AiPi is not a law firm and does not provide legal services. AiPi, as stated on its website, provides litigation support services to lawyers. AiPi provides litigation support services to the Ramey law firm and to Mr. Ramey in support of his actions and in support of the actions of his local counsel Ms. Susan Klara. The Agreement between AiPi and Mr. Valijaka specifically states that AiPi is not providing legal services. The Agreement between AiPi and Valjakka is not privileged because it is not an attorney client relationship, and as such has been voluntarily produced pursuant to a telephone call between Netflix's counsel and Mr. Zito. Mr. Zito is not co-counsel in this matter. Mr. Zito did not transmit copies of anything to anyone, Mr. Ozmen of AiPi transmitted copies of the PI documents to each licensee of Valjakka.

AiPi will oppose Netflix's Motion for Joinder as baseless, and for lack of subject matter jurisdiction, and for lack of personal jurisdiction and reserves all other objections. AiPi anticipates

filing a timely opposition to the Motion for Joinder.

Netflix has moved for an order to show cause why Valjakka and his Agents should not be held in civil contempt for failure to comply with the Court's preliminary injunction ("PI") Order. As an agent of Valjakka, AiPi falls under the PI and complied fully. However, only Valjakka is a Party to this action and subject to contempt. To the extent that the Order applies to AiPi, AiPi fully conformed with all aspects of that Order. AiPi does not anticipate filing any opposition to the Motion because AiPi is not a party to this matter and has no standing to oppose any motion. It is anticipated that Valjakka will oppose on behalf of its agents, including AiPi.

AiPi is of the position that it is not appropriate to discuss the Motion to Join AiPi at the CMC, as AiPi is not a party and does not have standing to participate in the CMC. However, Mr. Zito, will be representing AiPi for the purpose of opposing the Motion to Join and will attend the CMC at the request of the Court. AiPi contests personal jurisdiction and does not consent to personal jurisdiction and AiPi's contribution to this CMC is not a waiver of personal jurisdiction nor a submission to the jurisdiction of this Court. AiPi does not have standing to contribute to this CMC and thus AiPi is not directly contributing. Counsel for the Parties reached out to AiPi and stated that because AiPi is related to this matter, they requested the input of AiPi in this CMC, thus Mr. Zito has executed below as counsel to non-party AiPi to acknowledge AiPi's indirect contribution. AiPi is not a party to this matter. AiPi maintains the position that it should not be a party to this matter and reserves all objections to being added as a party, including personal and subject matter jurisdiction, as well as the lack of any factual or legal basis to add AiPi.

**III.     DISPUTED LEGAL ISSUES**

For the purpose of the CMC alone, there are no disputed legal issues.

### IV.     MOTIONS

For the purpose of the CMC alone, the motions to be discussed are:

(1) Netflix's Motion For An Order To Show Cause. Dkt. No. 216.

(2) Netflix's Motion To Join AiPi. Dkt. No. 217;

(3) Netflix's Motion To Strike Valjakka's Answer to Netflix's CUVTA Counterclaim. Dkt. No. 214.

(4) (potential) Valjakka's Motion to Bifurcate CUVTA and Infringement issues.

(5) Valjakka's motion to disqualify Whitestone Law.

In addition, the Court has indicated that it will hear Netflix's Motion for Summary Judgment (Dkt. 162) on November 30, 2023.

### V.     AMENDMENT OF PLEADINGS

If Netflix's motion to join is granted, Netflix will file a cross-claim against AiPi.

### VI.     EVIDENCE PRESERVATION

The Parties have filed a stipulated Protective Order.  ECF No. 56.

**Netflix's Statement**

Netflix timely issued a litigation hold to individuals related to this action.

### VII.     DISCLOSURES

The Parties served initial disclosures on May 31, 2022, pursuant to Fed. R. Civ. P. 26. Netflix then served amended initial disclosures on July 1, 2022. AiPi has not yet served initial disclosures.

### VIII.     DISCOVERY

**Netflix's Statement**

Netflix needs discovery from both Valjakka and AiPi.

On September 26, 2023, Netflix served CUVTA discovery upon Valjakka. Valjakka's responses were inadequate. Netflix has served a letter upon Valjakka, seeking adequate discovery. Netflix is also preparing a motion to compel under the local rules.

Further, *just last week*, after Mr. Valjakka's CUVTA deposition, Mr. Valjakka served more than 100 Finnish-language emails upon Netflix. Mr. Valjakka also served amended discovery responses upon Netflix after his deposition. Netflix requests another deposition of Mr. Valjakka so that he can be asked about this late-produced discovery.

Moreover, *over the last ten days*, *after* Netflix filed a request for a CMC, Mr. Valjakka and AiPi continue to send emails and other documents that relate to the relationship between and roles of Valjakka and AiPi. These documents are relevant to CUVTA, unclean hands, and Netflix's Section 285 attorneys' fees motion. Discovery regarding these newly disclosed relationships, roles, and documents is necessary.

Mr. Valjakka served amended initial disclosures *today*, November 21, 2023, disclosing new trial witnesses.

### Valjakka's Statement

After receiving Netflix's letter claiming discovery deficiencies on November 11, 2023, Valjakka immediately had his counsel reconsider producing certain documents withheld during the initial production. As of November 16, 2023, Valjakka has produced all documents in his possession or control of which he is aware. Valjakka stands ready to cooperate and produce any additional information that is deemed relevant and not produced.

Valjakka does take issue with Whitestone Law and Joe Zito representing AiPi as they are Valjakka's attorneys, even defending him in one deposition and handling the initial production of discovery in the CUVTA matter.

### AiPi's Statement

AiPi is not a party to this action and is not a proper party to be added to this action. AiPi, as an agent of Valjakka, has fully complied with any and all discovery requests to the full extent that AiPi possessed any documents within its possession, custody or control, as requested by Valjakka and/or its counsel the Ramey Firm. AiPi has no control over the decision to produce or not produce documents, that is the decision of counsel for Valjakka. AiPi, as stated above is a legal support company and has assisted counsel in the production of Valjakka documents, as

instructed by counsel, including the collection of documents from Valjakka, the marking of documents and providing documents to counsel for Defendant, as instructed by counsel for Plaintiff. In addition, AiPi as a third party is ready and willing to comply with any discovery requests directed thereto.

## IX.  CLASS ACTION

This case is not a class action.

## X.  RELATED CASES

The '167 patent and the '102 patent were also at issue in the following related proceedings in Western District of Texas: *Valjakka v. Cisco Systems, Inc.*, Case No. 6:21-cv-00944; *Valjakka v. Amazon.com, Inc. et al.*, Case No. 6:21-cv-00945; *Valjakka v. Apple, Inc.*, Case No. 6:22-cv-00003; *Valjakka v. Google LLC*, Case No. 6:22-cv-00004; *Valjakka v. Intertrust Tech. Corp.*, Case No. 6:22-cv-00234; *Valjakka v. Philips North America LLC*, Case No. 6:22-cv-00226; and *Valjakka v. Sony Interactive Entertainment LLC*, Case No. 6:22-cv-00005. Those proceedings have now settled.

Netflix also filed a petition for *inter partes* review of the '167 patent on September 23, 2022. *Netflix, Inc. v. Valjakka*, IPR2022-01568, Paper 2 (P.T.A.B. Sep. 23, 2022) and a petition for *inter partes* review of the '102 patent on January 3, 2023. *Netflix, Inc. v. Valjakka*, IPR2023-00423, Paper 2 (P.T.A.B. Jan. 2, 2023).

## XI. RELIEF

Netflix seeks (1) compliance with the Court's PI order, (2) joinder of AiPi, and (3) CUVTA discovery before trial; resetting the trial to a date, at the Court's convenience, approximately six months after the Court rules on Netflix's motion to join AiPi.

## XII.  EXPEDITED TRIAL PROCEDURE

The case is currently set for trial on a standard schedule in February 2024.

**XIII.     SCHEDULE**

Summary judgment motions on the non-CUVTA issues have been submitted and the summary judgment hearing for those issues is November 30, 2023. The pretrial Conference is currently set for 1/12/2024 02:00 PM in Oakland, CA, and a Jury Trial is currently set for 2/5/2024.

**XIV.     TRIAL**

Both Parties have requested a trial by jury.  The Parties expect that a trial for infringement and invalidity will last 3-5 court days. The CUVTA issue will add two days to the schedule. Netflix reserves its right to revise this estimate.

**XV.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On April 27, 2022, Valjakka filed a Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. (ECF No. 36).

On April 26, 2022, Netflix filed a Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. (ECF No. 34).

On September 21, 2023, Valjakka filed aa Amended Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. (ECF No. 174).

**XVI.     PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: November 21, 2023

Respectfully submitted,

RAMEY LLP

*/s/ Susan S.Q. Kalra*
Susan S.Q. Kalra, CA SBN 167940

***Attorney for Plaintiff Lauri Valjakka***

| | |
|---|---|
| Dated: November 21, 2023 | BAKER BOTTS, LLP |
| | |
| | */s/ Rachael D. Lamkin* |
| | Rachael D. Lamkin, CA SBN 246066 |
| | |
| | Rachael D. Lamkin (SBN 246066) |
| | Karan Singh Dhadialla (SBN 296313) |
| | BAKER BOTTS L.L.P. |
| | 101 California Street, Suite 3200 |
| | San Francisco, California 94111 |
| | Phone: (415) 291-6200 |
| | Fax: (415) 291-6300 |
| | rachael.lamkin@bakerbotts.com |
| | karan.dhadialla@bakerbotts.com |
| | |
| | Sarah E. Piepmeier, Bar No. 227094 |
| | SPiepmeier@perkinscoie.com |
| | Elise S. Edlin, Bar No. 293756 |
| | EEdlin@perkinscoie.com |
| | PERKINS COIE LLP |
| | 505 Howard Street, Suite 1000 |
| | San Francisco, California 94105 |
| | Telephone: +1.415.344.7000 |
| | Facsimile: +1.415.344.7050 |
| | |
| | Janice L. Ta, (appearance pro hac vice) |
| | JTa@perkinscoie.com |
| | PERKINS COIE LLP |
| | 405 Colorado Street Suite 1700 |
| | Austin, Texas 78701 |
| | Telephone: +1.737.256.6100 |
| | Facsimile: +1.737.256.6300 |
| | |
| | Jassiem N. Moore, (appearance pro hac vice) |
| | JassiemMoore@perkinscoie.com |
| | PERKINS COIE LLP |
| | 1201 Third Avenue, Suite 4900 |
| | Seattle, Washington 98101-3099 |
| | Telephone: +1.206.359.8000 |
| | Facsimile: +1.206.359.9000 |
| | |
| | Brianna Kadjo, Bar No. 303336 |
| | BKadjo@perkinscoie.com |

|  |  |
|---|---|
|  | PERKINS COIE LLP<br>1900 Sixteenth Street, Suite 1400<br>Denver, Colorado 80202-5255<br>Telephone: +1.303.291.2300<br>Facsimile: +1.303.291.2400 |
|  | *Attorneys for Defendant Netflix, Inc.* |
| Dated: November 21, 2023 | Respectfully submitted,<br><br>AiPi, LLC<br><br>/s/ _____<br><br>*Joseph J. Zito*<br>*Whitestone LLP* |