Kavon Adli (Bar No. 203040)
kavon@tilg.us
David Newman (Bar No. 246351)
david@tilg.us
THE INTERNET LAW GROUP
9100 Wilshire Boulevard, Suite 725E
Beverly Hills, CA 90212
tel. (310) 910-1496

Joseph J. Zito (to be admitted *pro hac vice*)
*jzito@whitestone.law*
WHITESTONE LAW
1850 Tower Crescent Plaza, Suite 550
Tysons, Virginia 22182
Telephone: 202-466-3500

Attorneys for Non-party AiPi, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| LAURI VALJAKKA;<br><br>            Plaintiff,<br><br>v.<br><br>NETFLIX, INC.,<br><br>            Defendants. | Case No. 4:22-cv-01490-JST<br><br>**DECLARATION OF ERIC N. LUND**<br><br>JUDGE:  HON. JON S. TIGAR<br>DATE:    JANUARY 25, 2024<br>TIME:    2:00 P.M.<br>CRTRM: 6 – 2ND FLOOR |
|---|---|

I, Erik N. Lund, declare as follows:

    1.    I am an adult, under no legal disability, and I have personal knowledge of the facts stated in this Declaration.

    2.    I am a partner with the law firm of Whitestone Law, PLLC.

– 1 –

3. I am admitted to practice in all state courts in Virginia, the District of Columbia, and federal courts in the Eastern District of Virginia and the Western District of Texas. I am also admitted in the United States Patent and Trademark Office.

4. Attorney Rachel Lamkin states, "On October 3, 2023, Valjakka's counsel of record, William Ramey, disclosed for the first time that attorneys working for Valjakka's litigation funder, AiPi, had been representing Valjakka "from the start" and would assist Netflix in obtaining CUVTA discovery."[1] Ms. Lamkin's statement is false. I do not represent Lauri Valjakka. I do not know what "from the start" refers to because it is not a date.

5. Ms. Lamkin states, "Netflix learned for the first time that Valjakka's litigation funder and co-counsel, AiPi, controls the Enforcement Assets and controls this litigation."[2] Ms. Lamkin's statement is false. AiPi is not co-counsel with Mr. Ramey. AiPi is not counsel for Lauri Valjakka.

6. Ms. Lamkin states, "Mr. Ramey responded and directed the inquiry to his co- counsel, Eric Morehouse, Joe Zito, Erik Lund, and Ken Sheets. Mr. Ramey disclosed, for the first time in this now two-year litigation, 'I have copied my co-counsel who has worked on this matter with us from the start. They can help you with this. Copied here are Eric Morehouse, Joe Zito, Erik Lund and Ken Sheets.'"[3] Ms. Lamkin's statement is false. Eric Morehouse, Joseph Zito, Erik Lund, and Ken Sheets are not co-counsel with William Ramey.

7. Ms. Lamkin states, "And while Valjakka had disclosed that AiPi is his

---

[1] Dkt. No. 216 at 1:13-15
[2] Dkt. No. 216 at 1:16-17.
[3] Dkt. No. 216 at 4:12-16.

– 2 –

litigation funder, he had not disclosed that AiPi also serves as his counsel, or that AiPi controls this litigation and the Enforcement Assets at-issue in the Court's PI Order."[4] Ms. Lamkin's statement is false. AiPi does not serve as counsel. Aipi does not control Lauri Valjakka's litigation.

Ramey LLP states, "Mr. Valjakka believed AiPi was providing legal services and that Eric Morehouse and Erik Lund were his lawyers from 2021."[5] Ramey LLP's statement is false. Lauri Valjakka agreed that AiPi does not provide legal services and that Eric Morehouse and Erik Lund are not his lawyers. *See* AiPi Litigation Plan for Lauri Valjakka, Ex. B, at 1,5; Evaluation Protocol Agreement, Ex. A, at 1, 2, 4, 10, 11, 13.

8. Ramey LLP states, "Co-counsel, Joe Zito transmitted copies to each licensee."[6] Ramey LLP's statement is false. Attorney Joseph Zito is not co-counsel. Mr. Zito did not transmit copies of the Preliminary Injunction Order to each licensee.

9. Lauri Valjakka states, "Morehouse and Lund, through AiPi, provided me technical and legal services. I considered both Morehouse and Lund as my lawyers."[7] Mr. Valjakka's statement is false. Lauri Valjakka understood and agreed that AiPi does not provide legal services and that Eric Morehouse and Erik Lund are not his lawyers. *See* Ex. B, at 1,5; Ex. A, at 1, 2, 4, 10, 11, 13.

10. Lauri Valjakka states, "[i]n providing legal services, Morehouse and Lund helped me identify alleged infringers, including Netflix, draft claim charts and draft

---

[4] Dkt. No. 216 at 4:21-23.
[5] Dkt. No. 223 at 1:26-27.
[6] Dkt. No. 224 at 2:13-14.
[7] Dkt. No. 223-1 at 2:6-7.

1 complaints against the alleged infringers."[8] Mr. Valjakka's statement is false. I did not provide legal services to Mr. Valjakka.

11. Lauri Valjakka states, "AiPi, through Morehouse and Lund, continued to provide me legal services and I regard both as my lawyers. AiPi has been engaged in all legal decision making from the filing of the lawsuit to the present."[9] Mr. Valjakka's statement is false. I did not provide legal services to Mr. Valjakka. I am not his lawyer. AiPi is not involved in legal decision making. *See* Ex. B, at 1,5; Ex. A, at 1, 2, 4, 10, 11, 13.

12. Lauri Valjakka states, "AiPi, through Morehouse and Lund, continued to provide me legal services and I regard both as my lawyers. AiPi has been engaged in all legal decision making from the filing of the lawsuit to the present."[9] Mr. Valjakka's statement is false. I did not provide legal services to Mr. Valjakka. I am not his lawyer. AiPi is not involved in legal decision making. *See* Ex. B, at 1,5; Ex. A, at 1, 2, 4, 10, 11, 13.

13. AiPi agreed to engage a US law firm to file a Complaint and initiate the Valjakka litigation. Ex. B at 1.

14. AiPi agreed to support the Valjakka litigation and manage third party funding. Ex. B at 1.

15. Lauri Valjakka agreed to the litigation plan which clearly states that AiPi is merely a support company by signing on August 19, 2021. Ex. B at 5.

16. AiPi agreed to provide Lauri Valjakka a funding determination. Ex. A at 1.

---

[8] Dkt. No. 223-1 at 2:8-10.

[9] Dkt. No. 223-1 at 2:11-14.

17. Neither the funding determination nor the services AiPI agreed to constituted a rendering by AiPi or its members, partners, or staff of any legal advice. Ex. A at 1.

18. Lauri Valjakka agreed to the EPA on August 19, 2021. Ex. A at 5.

19. AiPi agreed that Valjakka would enter into an engagement agreement with an outside attorney. Ex. A at 10.

20. AiPi's scope of work was obligated only for the services described in the EPA. Ex. A at 11.

21. AiPi's services do not include giving testimony or appearing or participating in discovery proceedings, in administrative hearings, in court, or in other legal or regulatory inquiries or proceedings. Ex. A at 12.

22. Lauri Valjakka knew that AiPI was not a legal advisor in any way and was instructed to consult his legal advisor regarding privileges related to litigation. Ex. A at 13.

23. Mr. Mete Ozmen, an employee of AiPi, provided each licensee of Valjakka with notice of the Order Granting Motion for Preliminary Injunction, Dkt. No. 204.

24. AiPi as an agent of Valjakka, and in assistance with Valjakka's counsel Mr. Ramey, has fully complied with any and all discovery requests to the full extent that AiPi

25. AiPi has no control over the decision to produce or not produce documents, that is the decision of counsel for Valjakka.

26. AiPi is a legal support company and has assisted counsel in the production of Valjakka documents, as instructed by counsel, including the collection of documents from Valjakka, the marking of documents and providing documents to counsel for Defendant, as instructed by counsel for Plaintiff.

27. AiPi as a third party, will comply fully with the PI and is ready and willing to comply with any discovery requests directed thereto.

28. The Valjakka case has reached settlement with five entities for a total of $1,285,000.

29. As of November 15, 2023, Ramey LLP has an outstanding balance of $1,142,276.00 in the Valjakka case.

30. As of November 15, 2023 Ramey LLP has acknowledged payment of $295,539.00.

31. Experts have invoiced $267,594.76 in the Valjakka case.

32. Lauri Valjakka or his foreign counsel have received at least $258,500 from AiPi.

33. Distributions to inventors totaling at least $393,911 have been disbursed.

34. Net proceeds from the Valjakka case are approximately -$804,281.76.

35. AiPi had no control over the decision to disclose or not disclose AiPi in any Local Rule 3-15 documents.

I declare under penalty of perjury that the foregoing is true and correct.

///
///

*Erik Lund*                                              November 24, 2023
_____                               _____
Erik N. Lund                                             Date