Rachael D. Lamkin (SBN 246066)
Karan Singh Dhadialla (SBN 296313)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, California 94111
Phone: (415) 291-6200
Fax: (415) 291-6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

*Attorneys for Defendant*
*NETFLIX, INC.*

(*Additional counsel listed in signature block*)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| LAURI VALJAKKA,<br><br>         Plaintiff,<br><br>    v.<br><br>NETFLIX, INC.,<br><br>         Defendant. | Case No.: 4:22-cv-01490-JST<br><br>**REPLY IN SUPPORT OF NETFLIX'S MOTION TO JOIN AIPI, LLC**<br><br>Judge:    Hon. Jon S. Tigar<br><br>Date: January 25, 2024<br>Time: 2:00 p.m.<br>Crtrm: 6 – 2nd Floor |

## I.   FACTS ARISING SINCE NETFLIX FILED ITS JOINDER MOTION

On November 6, 2023, Netflix filed a Motion to Join AiPi Pursuant to Federal Rule of Civil Procedure 19 ("Motion"). Dkt. No. 217. In its Motion, Netflix contends that AiPi could be joined for two independent reasons: (1) this Court has jurisdiction over AiPi pursuant to Rule 65(d)(2), and (2) this Court had jurisdiction over AiPi due to its participation in this litigation. Under either basis, Netflix argued that AiPi is a necessary party to afford the Court and the Parties complete relief.

On November 9, 2023, Plaintiff Lauri Valjakka filed a non-opposition to Netflix's Motion and a declaration in support. Dkt. Nos. 223, 223-1. In his declaration, Mr. Valjakka declares under penalty of perjury that attorneys from AiPi acted as Mr. Valjakka's counsel in this matter "from the filing of the lawsuit to the present." Dkt. No 223-1, ¶ 5. Mr. Valjakka also states that attorneys from AiPi participated in this lawsuit by, among other things, "help[ing] me identify alleged infringers, including Netflix, draft[ing] claim charts and draft[ing] complaints against the alleged infringers." *Id*., at ¶ 4. On that same date, counsel for Mr. Valjakka, William Ramey, filed a declaration attesting that AiPi "controlled" the Enforcement Assets that are the subject of Netflix's CUVTA claim. Dkt. No. 224-1, ¶ 9 ("The litigation proceeds were transferred from Ramey LLP's IOLTA account, by wire, to an account that [AiPi's] Eric Morehouse told me is controlled by AiPi and was set up for the Valjakka Case Group.") AiPi is the entity with authority to distribute the Enforcement Assets. Opp. Dkt. No. 233, at 9:23-10:10.

On November 24, 2023, AiPi belatedly filed its Opposition to Netflix's Motion. Dkt. No. 233. In its Opposition, AiPi admits that "AiPi is an agent of Valjakka." Opp., 2:24-25. AiPi further admits that it hired Mr. Ramey, and pays Mr. Ramey, and that it has "dominion" over Mr. Valjakka's litigation debts. *Id*., at 7:15-16, 10:8-10, Lund Decl., Dkt. No. 233-1, ¶ 13.

In its Opposition, AiPi also states that it is "not a law firm" and yet it admits that it participated in this litigation by providing "legal research, factual research, coordination of some discovery, pre-drafting of pleadings and technical evaluations of issues such as validity and infringement." *Id*., at 2:17, 7:18-20. AiPi also redacted communications between itself and Messrs. Valjakka and Ramey. *See, e.g.*, Lamkin Decl., Exh. B. Indeed, Mr. Lund declared under oath that he does "not represent Mr. Valjakka," (Lund Decl., Dkt. No. 233-1, at ¶ 4), and yet AiPi redacted his communications with Mr.

Valjakka. *See, e.g.*, Lamkin Decl., Exh. B.

Finally, AiPi does not deny that it was properly served with Netflix's Motion to Join AiPi and Netflix's Motion For An Order To Show Cause on November 7, 2023. Dkt. No. 225.

## II.  AIPI MUST BE JOINED

### A. This Court Has Specific Jurisdiction Over AiPi Pursuant to Rule 65(d)(2)

Pursuant to Rule 65(d)(2), the following persons are bound by this Court's Preliminary Injunction ("PI") Order: "(A) the parties; (B) the parties' officers, **agents**, servants, employees, and attorneys; and (C) **other persons who are in active concert or participation** with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P 65(d)(2) (emphasis added); *see also AirWair Int'l Ltd. v. ITX USA LLC*, No. 19-CV-07641-SI, 2021 WL 5302922, at *6 (N.D. Cal. Nov. 15, 2021), *appeal dismissed sub nom. Airwair Int'l, Ltd. v. Pull & Bear Espana, SA*, No. 21-17077, 2022 WL 2165416 (9th Cir. Apr. 20, 2022) ("[E]ntities that are not named as parties, nor named in an injunction, may be bound by the terms of the injunction.") (collecting cases). AiPi repeatedly admits to being Mr. Valjakka's agent. Opp., 2:13, 2:24-25, 8:16; Lund Decl., Dkt. No. 233-1, ¶ 24. Until relatively recently, AiPi appears to have acted in concert and cooperation with Valjakka. As such, under well-established law, this Court has jurisdiction over AiPi.

Further and independently conferring specific jurisdiction, AiPi was directly involved in subsequent actions relating to this Court's PI Order. For example, AiPi's Ken Sheet procured and distributed the PI hearing transcript to Ramey and Valjakka. Lamkin Decl., Exh A. AiPi claims it provided notice to the other defendants of this Court's PI Order. Lund Decl., Dkt. No. 233-1, at ¶ 23. And yet AiPi refused to provide to Netflix any details of its compliance with this Court's PI Order. *See, e.g.*, Dkt. No. 216-3, at 2 (counsel for AiPi refusing to explain AiPi's compliance with this Court's PI Order). Regardless, facts suggest the Ramey Firm and AiPi failed to honor this Court's Order. *See* Motion For An Order To Show Cause, Dkt. No. 216. Courts have found that violations of a PI order also suffice to establish jurisdiction. *Reebok Int'l v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995) ("nonparties who reside outside the territorial jurisdiction of a district court may be subject to that court's jurisdiction if, with actual notice of the court's order, they actively aid and abet a party in violating that order."); *LimoStars, Inc. v. New Jersey Car & Limo, Inc.*, No. CV-10-2179-PHX-LOA,

2011 WL 3471092, at *16 (D. Ariz. Aug. 8, 2011) (collecting cases); *FilmKraft Prods. India Pvt Ltd. v. Spektrum Ent., Inc.*, No. 2:08-CV-1293 JCM GWF, 2011 WL 2791477, at *2 (D. Nev. July 14, 2011) ("The Ninth Circuit has held that 'the essential contact giving rise to personal jurisdiction' in a case where a non-party assists an enjoined party in violating an injunction is the assistance in violating the injunction itself.") (*citing Reebok*, 49 F.3d at 1391).[1] AiPi does not address *Reebok* or any of the authority cited by Netflix in its Opposition.

AiPi argues that it was not directly involved with Valjakka's fraudulent transfer. Opp., at 9:9-19. But, that is a question of fact to be determined at a later date. Further, AiPi essentially admits facts demonstrating that it is the initial transferee. Opp., 7:15-16 ("AiPi engaged the services of Counsel of record Mr. William Ramey"), 9:23 ("Some of the funds were transferred to AiPi and AiPi was then tasked with distribution according to the written agreements."), 10:8-10 ("AiPi only has dominion over an unpaid debit of $-804,281.76 plus the additional monies owed to the investors in the fund who contributed significantly more than the disbursement of $393,911"). As the initial transferee, AiPi is strictly liable to Netflix under CUVTA. *Henry v. Official Comm. of Unsecured Creditors of Walldesign, Inc. (In re Walldesign, Inc.)*, 872 F.3d 954, 962 (9th Cir. 2017). AiPi is contingently liable and must be joined.

AiPi attempts to evade jurisdiction by claiming that AiPi is not a law firm. Opp., at 2:17-18. However, "attorney" is but one category of entities within this Court's jurisdiction. Rule 65 also binds agents and persons acting in concert or cooperation with Mr. Valjakka. Fed. R. Civ. P 65(d)(2). AiPi admits to being an agent and admits to substantial facts evidencing that it has acted in concert and cooperation with Mr. Valjakka. Based on its own admissions in its Opposition, this Court has specific jurisdiction over AiPi. Further, AiPi's claim that it is not a law firm, if true, raises concerns that AiPi is engaged in the unauthorized practice of law, discussed below.

### B. This Court Has Specific Jurisdiction Over AiPi Because Of Its Participation In This Litigation

Rule 65(d)(2) alone is sufficient to confer jurisdiction over AiPi. But AiPi is also subject to

---

[1] AiPi does not deny that it had notice of this Court's PI Order. Indeed, it admits to providing a copy of said Order to the other defendants. Dkt. No. 233-1, ¶ 23.

this Court's specific jurisdiction based on its conduct in this litigation.

On October 3, 2023, William Ramey sent an email to Netflix stating:

> We are extremely busy on the MSJ responses but do not want seem unresponsive. ***I have copied my co-counsel who has worked on this matter with us from the start***. They can help you with this.
>
> ***Copied here are Eric Morehouse, Joe Zito, Erik Lund and Ken Sheets***. We have been informed that at least Joe will be making an appearance.

Dkt. No. 216-3, at 5 (emphasis added).

Not a single person from AiPi copied on that email (Morehouse, Lund, and Sheets) refuted Mr. Ramey's statement. *See* Dkt. No. 216-3. Indeed, after Mr. Ramey's email explaining AiPi's participation in this litigation, Mr. Sheets produced discovery from his AiPi email address and defended Mr. Valjakka at his October 12, 2023 deposition. *See, e.g.*, Lamkin Decl., Exh B-D; Dkt. No. 216-4, at 2.[2]

Further, in addition to Rule 65, AiPi's active participation and cooperation with Ramey and Valjakka provides specific jurisdiction under the "participation in litigation" caselaw. *See Dillon v. Murphy & Hourihane, LLP,* No. 14-CV-01908-BLF, 2014 WL 5409040, at *9 (N.D. Cal. Oct. 22, 2014)*; Wheaton Equip. Co. v. Franmar, Inc*., No. CV08-276-S-EJL, 2009 WL 464337, at *21 (D. Idaho Feb. 24, 2009).

As noted above, AiPi admits that it participated in this litigation by providing, *vis-à-vis* Mr. Ramey, "legal research, factual research, coordination of some discovery, pre-drafting of pleadings and technical evaluations of issues such as validity and infringement." *Id.*, at 7:18-20. AiPi's Ken Sheets, alongside Joe Zito, represented Mr. Valjakka at his October 12, 2023 deposition. Dkt. No. 216-4. Mr. Sheets, from his AiPi email address, produced all of the CUVTA discovery produced before Mr. Valjakka's deposition. *See, e.g.*, Lamkin Decl., Exhs. B-D. AiPi admits that it was involved in that document production, acknowledging that AiPi "assisted counsel in the production of Valjakka documents, as instructed by counsel, including the collection of documents from Valjakka, the marking of documents and providing documents to counsel for Defendant, as instructed by counsel

---

[2] Mr. Sheets gave his Whitestone email address at Mr. Valjakka's deposition, although he had been using his AiPi email address exclusively to produce discovery.

for Plaintiff." Lund Decl., Dkt. No. 233-1, at ¶ 26. This is sufficient to establish specific jurisdiction over AiPi. *See Brown v. Watson*, 207 Cal. App. 3d 1306, 1314 (Ct. App. 1989) (concluding personal jurisdiction was warranted over Texas attorneys, who corresponded and worked with plaintiffs' California attorneys, and therefore "purposefully availed themselves of the privilege of conducting activities in California by their decision to represent [plaintiffs] and their subsequent conduct"); *Dillon v. Murphy & Hourihane, LLP,* No. 14-CV-01908-BLF, 2014 WL 5409040, at *9 (N.D. Cal. Oct. 22, 2014) (personal jurisdiction over out of state law firm was found based on the law firm's actions of filing attorney affidavits in California court, serving settlement communications to California residents, and accepting insurance funds); *Scheuer v. Dist. Court, In & For City & Cnty. of Denver*, 684 P.2d 249, 252 (Colo. 1984) (concluding Colorado court had personal jurisdiction over a non-resident attorney who "should reasonably have anticipated that he would be subject to the personal jurisdiction of Colorado's courts as a consequence of his representation of Artisan" in a Colorado court); *Simons v. Steverson*, 88 Cal. App. 4th 693, 713–14 (2001) (concluding that New York law firm "clearly sought to obtain benefits and exercise privileges which are peculiarly specific to California" by retaining California attorney to represent plaintiffs, and therefore the firm's status as a "New York firm was thus totally irrelevant").

Further, AiPi admits that it hired Mr. Ramey. Lund Decl., Dkt. No. 233-1, ¶ 13. AiPi admits that it "supported the Valjakka litigation". *Id.*, ¶ 14. And AiPi admits that it is the entity that sent this Court's PI Order to the other defendants. *Id.*, at ¶ 23.

Mr. Lund of AiPi claims that AiPi's engagement agreement with Mr. Valjakka does "not include giving testimony or appearing or participating in discovery proceedings, in administrative hearings, in court, or in other legal or regulatory inquiries or proceedings." Lund Decl., at ¶ 21. But AiPi clearly exceeded the scope of any purported agreement because it did in fact participate in discovery proceedings, including defending Valjakka in deposition, and AiPi did in fact, as it admits, draft pleadings for this litigation. Opp., at 7:19.[3] As such, AiPi may have engaged in the unauthorized practice of law. *See* Cal. Bus. & Prof. Code § 6125 ("No person shall practice law in California unless

---

[3] Although AiPi references an agreement between Mr. Valjakka and AiPi, said agreement was not filed or provided to Netflix.

the person is an active licensee of the State Bar."); *Birbrower, Montalbano, Condon & Frank v. Superior Court,* 17 Cal.4th 119, 128 (1998) (stating that the unauthorized practice of law includes giving "legal advice" and drafting legal documents).

Recently, the Chief Judge of the Delaware district court entered a lengthy 105-page order recommending that attorneys employed by patent monetization firm and litigation funders be referred to their respective state bars, the DOJ, and the USPTO for an investigation regarding whether they had engaged in the unauthorized practice of law by, among other things, "providing patent infringement claim charts," "drafting and editing legal filings," "preparing a declaration" and prepping witnesses for testimony. *See Nimitz Technologies LLC v. CNET Media, et al.*, D. Del. Case 1:22-cv-00413-CFC, Dkt. 34, at 1, 4, 97, 100.[4] The same facts exist here.

Federal courts in California have an interest in enforcing California Business and Professions Code Section 6125 and ensuring that parties are not engaged in the unauthorized practice of law in their courts. *See In re Nimitz Techs. LLC*, No. 2023-103, 2022 WL 17494845, at *2 (Fed. Cir. Dec. 8, 2022) (explaining that the district court's concerns regarding the unauthorized practice of law is related to "aspects of proper practice before the court, over which district courts have a range of authority preserved by the Federal Rules of Civil Procedure") (citing Fed. R. Civ. P. 83(b)); *Fink v. Shemtov*, 210 Cal. App. 4th 599, 609 (2012) ("The prohibition against unauthorized law practice is within the state's police power and is designed to ensure that those performing legal services do so competently.") (quoting *Birdbrower*, 17 Cal. 4th at 127).

AiPi primarily relies on two cases in support of its position that it should not be subject to jurisdiction.[5] Neither case aids AiPi's cause.

*Edmonds* does not inform the inquiry. In *Edmonds*, the litigation was in Hawaii and the court evaluating whether it had jurisdiction over a motion to quash discovery was in California. *Edmunds v.*

---

[4] *See also* Blake Brittain, "US judge says 'patent monetization' firm IP Edge may have broken law," dated November 27, 2023, available at: https://www.reuters.com/legal/litigation/us-judge-says-patent-monetization-firm-ip-edge-may-have-broken-law-2023-11-27/; Emily R. Siegel and Michael Shapiro, "Judge Urges Discipline for Lawyers Who Hid IP Litigation Funder," dated November 27, 2023, available at: https://news.bloomberglaw.com/business-and-practice/judge-urges-discipline-for-lawyers-who-hid-ip-litigation-funder.

[5] AiPi cited a total of four cases but the latter two bear even less resemblance to the case at-bar. *See* Opp., at 6:21-26.

*Superior Court*, 24 Cal. App. 4th 221, 236 (1994). Conversely, here, the two courts are one and the same, and all acts stem from the California litigation.

*Sher*, like *Edmonds*, is not on point. In *Sher*, "it is undisputed that a Florida law firm represented a California client in a criminal proceeding **in Florida**." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (emphasis added). "Unlike *Sher*, . . . the complaint indicates that defendants were retained to provide legal representation in California. By seeking to provide legal counsel in the forum state, defendants purposefully availed themselves of the privilege of conducting activities within [California], thus invoking the benefits and protections of its laws." *Wallace v. Voss L. Firm, P.C.*, No. 216CV656GEBEFBPS, 2017 WL 840663, at *4 (E.D. Cal. Mar. 3, 2017).

Indeed here, **after** this matter was transferred to California, AiPi continued to be directly involved in this litigation, including in producing discovery and representing Mr. Valjakka in deposition. Lamkin Decl., Exhs. B-D. It was Ken Sheets, using his AiPi email address, that sent the PI Hearing transcript to Mr. Valjakka, notably cc'ing Messrs. Morehouse and Lund using their AiPi email addresses. Lamkin Decl., Exh. A. *See T.M. Hylwa, M.D., Inc. v. Palka*, 823 F.2d 310, 314 (9th Cir. 1987) ("While arguably Palka's initial contact with California was created by Hylwa's unilateral decision to move there, Palka's decision to continue serving as an accountant for Hylwa's California practice from 1981 to 1984 arose not from Hylwa's unexpected relocation but from Palka's continuing desire to benefit from the contractual relationship.").

This Court has jurisdiction over AiPi for its participation in this litigation.

### C. Netflix Requests Jurisdictional Discovery

Given the above, Netflix believes there should be no question that this Court has jurisdiction over AiPi and joinder is necessary. Should this Court disagree, Netflix respectfully requests jurisdictional discovery.

### D. Venue Is Proper

AiPi has failed to honor an Order issuing from this District. Venue is proper. *See* 28 U.S.C. § 1391(b)(2)-(3).

AiPi is strictly liable for Valjakka's fraudulent transfer regardless of its purported "innocence." *Henry v. Official Comm. of Unsecured Creditors of Walldesign, Inc. (In re Walldesign, Inc.)*, 872 F.3d

954, 966 (9th Cir. 2017) ("innocent" initial transferees still strictly liable). Venue is proper. *See* 28 U.S.C. § 1391(b)(2)-(3).

### E. AiPi Is A Necessary Party

"In conducting the Rule 19(a)(1) analysis, the court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties." *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004); *Phigenix, Inc. v. Genentech, Inc.*, No. 15-CV-01238-BLF, 2018 WL 3845998, at *12 (N.D. Cal. Aug. 13, 2018). "Rule 19(a)(2) focuses on whether the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." *Disabled Rts. Action Comm.,* at 880.

Materially, if AiPi "controls" the Enforcement Assets, AiPi is strictly liable to Netflix. *Henry v. Official Comm. of Unsecured Creditors of Walldesign, Inc. (In re Walldesign, Inc.)*, 872 F.3d 954, 962 (9th Cir. 2017). Valjakka and Mr. Ramey have filed declarations saying AiPi is in charge; AiPi has filed declarations saying Mr. Valjakka and Mr. Ramey's statements are false. Dkt. Nos. 223-1, 224-1, 233-1. Each of these sworn declarations cannot be true. Regardless, whether AiPi controls Valjakka's litigation and the Enforcement Assets is a question of fact that must be answered through discovery; it cannot be resolved on the papers given Valjakka/Ramey and AiPi's dueling declarations.

Rule 19 joinder is a practical, common-sense tool. *Provident Tradesmens Bank & Tr. Co. v. Patterson,* 390 U.S. 102, 110, 88 S. Ct. 733, 738 (1968) ("as Rule 19 (a) expresses it, the court must consider the extent to which the judgment may as a practical matter impair or impede his ability to protect his interest in the subject matter."); *Eldredge v. Carpenters 46 N. Cal. Ctys. Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981) ("Rule 19 was revised in 1966 to emphasize its practical focus and to avoid the inflexible approach taken by many courts under the prior version of the rule.").

AiPi takes the position that joinder is not necessary, because—AiPi admits—AiPi is already bound by this Court's PI Order under Rule 65. Opp., at 8:15-18. AiPi states, "AiPi has on numerous occasions expressed complete willingness to comply with any and all discovery requests, if only Netflix's counsel would ask instead of filing motions to join." Opp., 9:6-8. Tellingly, AiPi fails to

support its statement, and the evidence before this Court undermines any such claim of cooperation. *See, e.g.*, Dkt. No. 216-3, at 2 (counsel for AiPi refusing to explain AiPi's compliance with this Court's PI Order). As a practical matter, the only way to assure AiPi's actual compliance with this Court's Order is joinder, especially in light of the waiver of privilege issues triggered by AiPi's conduct.

And, it appears that Valjakka and his agents, AiPi, are now directly at-odds. *See* Dkt. Nos. 223-1, 224-1, 233-1. Valjakka and Ramey claim AiPi is in control; AiPi Claims Ramey and Valjakka are in control. *Id*. Each of these sworn declarations cannot be true. Regardless, it is hard to imagine how this Court as a practical matter could fashion any relief, for itself or the Parties, absent joinder of AiPi given the dueling accountability of AiPi, Ramey, and Valjakka.

Further, before this Court can find AiPi in contempt or otherwise sanction AiPi, AiPi must be afforded due process, *i.e.*, the opportunity to be heard. *Nelson v. Adams USA, Inc*., 529 U.S. 460, 465, 120 S. Ct. 1579, 1584 (2000); *Phigenix, Inc. v. Genentech, Inc*., No. 15-CV-01238-BLF, 2018 WL 3845998, at *5-8 (N.D. Cal. Aug. 13, 2018).[6] Merely producing third-party discovery will not resolve all of AiPi's obligations to this Court or the Parties.

### III.   CONCLUSION

AiPi cannot use this forum as a sword and a shield. AiPi admits to being subject to this Court's PI Order and yet refuses to comply with same. It admits to being heavily involved in this litigation, and yet refuses to appear in same. AiPi should be joined.

---

[6] Now that AiPi has been properly served, if AiPi chooses not to participate in any contempt proceeding, AiPi's due process arguments might be waived.

By: */s/ Rachael D. Lamkin*
Rachael D. Lamkin

Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise S. Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta, (appearance *pro hac vice*)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Jassiem N. Moore, (appearance *pro hac vice*)
JassiemMoore@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Brianna Kadjo, Bar No. 303336
BKadjo@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300
Facsimile: +1.303.291.2400
Attorneys for Defendant
NETFLIX, INC.