William P. Ramey, III (appearance *pro hac vice*)
wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone:      +1.713.426.3923
Facsimile:      +1.832.689.9175

Susan S.Q. Kalra, Bar No. 167940
skalra@rameyfirm.com
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(800) 993-7499
(832) 900-4941 (facsimile)

Attorneys for Plaintiff
*LAURI VALJAKKA*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>        Plaintiff,<br><br>  v.<br><br>NETFLIX, INC.,<br><br>        Defendant. | Case No. 4:22-cv-01490-JST<br><br>**NOTICE OF MOTION AND MOTION TO DISQUALIFY WHITESTONE LAW FROM REPRESENTING AIPI, LLC BASED ON ACTUAL CONFLICT**<br><br>Date: February 15, 2024<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Crtrm: 6 – 2nd Floor |

**<u>NOTICE OF MOTION</u>**

**TO ALL PARTIES AND TO ALL ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 15, 2024 at 2:00 p.m., or before or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Jon S. Tigar, 1301 Clay Street, Oakland, California 94612, Plaintiff Lauri Valjakka ("Plaintiff" or "Valjakka") will and hereby does move the Court for an order granting Valjakka's Motion to Disqualify Whitestone Law From Representing AiPi, LLC Based On Actual Conflict. This Motion is based on this Notice of Motion, the memorandum of points and authorities and declarations in support filed herewith, any additional pleadings and papers on file in this matter and any arguments that may be presented at the hearing.

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

**I.      INTRODUCTION**

Lauri Valjakka ("Valjakka") files this motion to disqualify Whitestone Law and its attorneys from representing AiPi LLC ("AiPi") because Whitestone Law and its attorneys Joseph Zito, Ken Sheets, Eric Lund and Eric Morehouse previously represented Valjakka and AiPi is adverse to Valjakka.

**II.     ARGUMENT**

**A.  Lawyers at AiPi and Whitestone Law Represented Valjakka**

There is no dispute that Whitestone Law and its attorneys represented Valjakka in this matter.  In fact, Sheets and Zito, under the banner of Whitestone Law, represented Valjakka in an October 12, 2023 deposition.[1]  Further, Whitestone Law and its attorneys have been involved in various aspects of the case since Whitestone was first introduced to Valjakka.[2]  The attorneys at Whitestone Law previously represented Valjakka while at AiPi LLC (referred to as AiPi Inc.) from

---

[1] Declaration of Lauri Valjakka ("Valjakka Decl.") at ¶ 7.
[2] Valjakka Decl. at ¶¶ 2-8, 14.

the beginning of the case.[3]  In the summer of 2023, Valjakka was introduced to Whitestone Law

when the attorneys he worked with at AiPi moved to Whitestone Law.[4]

### B.  Legal Standard for Disqualification

"The authority of a trial court to disqualify an attorney derives from the power inherent in

every court [t]o control in furtherance of justice, the conduct of its ministerial officers."[5]  A court

in California applies state law in determining motions to disqualify counsel.[6]  "[T]he paramount

concern must be the preservation of public trust both in the scrupulous administration of justice

and in the integrity of the bar."[7]  Disqualification must be supported by evidence.[8]

The disqualification of an attorney may be predicated upon the existence of a conflict of

interest.[9] . Former California Rule of Professional Conduct 3–310(E),[10] states that "[a] member

shall not, without the informed written consent of the client or former client, accept employment

adverse to the client or former client where, by reason of the representation of the client or former

client, the member has obtained confidential information material to the employment." Cal. Rule

of Prof'l Conduct 3–310(E). The current Rules of Professional Conduct state that: "A lawyer shall

not, without informed written consent from each affected client and compliance with paragraph

(d), represent a client if there is a significant risk the lawyer's representation of the client will be

materially limited by the lawyer's responsibilities to or relationships with another client, a former

client or a third person, or by the lawyer's own interests." Cal. Rule of Prof'l Conduct 1.7(b). As

---

[3] Valjakka Decl. at ¶2.
[4] Valjakka Decl. at ¶¶2-8, 12-14.
[5] *City & Cnty. of S.F. v. Cobra Solutions, Inc.,* 38 Cal.4th 839, 846, 43 Cal.Rptr.3d 771, 135 P.3d 20 (2006)
[6] *In re Cnty. of L.A.,* 223 F.3d 990, 995 (9th Cir.2000).
[7] *State Farm Mut. Auto. Ins. Co. v. Fed. Ins. Co.,* 72 Cal.App.4th 1422, 1428, 86 Cal.Rptr.2d 20 (1999)..
[8] *The People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.,* 20 Cal.4th 1135, 1143, 86 Cal.Rptr.2d 816, 980 P.2d 371 (1999) ("*SpeeDee Oil Change*").
[9] *Beltran v. Avon Products, Inc.*, 867 F.Supp.2d 1068, 1077 (S.D. Cal. 2012), citing *SpeeDee Oil Change,* at 1139.
[10] The provisions of former Rule 3-310 are now found in Rules 1.7 and 1.9.

to former clients, Rule 1.9(a) states that absent infrormed written consent from a former client: a "lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client."[11]

Also, disqualification of counsel is warranted if either: (1) the attorney in fact has adverse confidential information or (2) the attorney's acquisition of confidential information is presumed because the prior and present cases are substantially related.[12]   In the first scenario, the former client may seek to disqualify a former attorney from representing an adverse party by showing the former attorney actually possesses confidential information adverse to the former client.   To create a conflict requiring disqualification, "the information acquired during the first representation [must] be 'material' to the second; that is, it must be found to be directly at issue in, or have some critical importance to, the second representation."[13]   However, it is well-established that proof of actual possession of confidential information is not necessary to disqualify the former attorney.   Rather, under the second scenario for disqualification, it is enough that the attorney is acting adversely to the former client and a "substantial relationship" exists between the subjects of the current and former engagements.[14]   Where a substantial relationship between the successive representations is established, access to confidential information by the attorney in the course of the first representation is *presumed* and disqualification of the attorney's

---

[11]  Rule 1.9(b) prohibits lawyers from being adverse to a client of their former firm if they acquired confidential information about the client. This would apply even if the matters have nothing to do with each other.

[12] *See H.F. Ahmanson & Co. v. Salomon Bros., Inc.,* 229 Cal.App.3d 1445, 1452, 280 Cal.Rptr. 614 (1991); *Faughn v. Perez,* 145 Cal.App.4th 592, 603, 51 Cal.Rptr.3d 692 (2006).

[13] *Farris v. Fireman's Fund Ins. Co.,* 119 Cal.App.4th 671, 680, 14 Cal.Rptr.3d 618 (2004).

[14] *H.F. Ahmanson & Co.,* 229 Cal.App.3d at 1452 & n. 2, 280 Cal.Rptr. 614; *see also Adams v. Aerojet–Gen. Corp.,* 86 Cal.App.4th 1324, 1332, 104 Cal.Rptr.2d 116 (2001); *Trone v. Smith,* 621 F.2d 994 998 (9th Cir. 1980) ("The relevant test for disqualification is whether the former representation is 'substantially related' to the current representation.")

1 representation of the second client is mandatory.[15] "[T]he disqualification extends vicariously to

2 the entire firm."[16]

3

### C. The Evidence with this Motion Established that Whitestone Law must be Disqualified

4

5 Valjakka contacted Eric Morehouse in March to April of 2021 about pursuing companies

6 he believed were infringing U.S. Pat. No. 8,495,167 ("the '167 patent"). Morehouse introduced

7 him to his company, AiPi, LLC.[17] Valjakka worked primarily with Morehouse and Lund at AiPi.

8 Morehouse and Lund, through AiPi, provided Valjakka technical and legal services. He considered

9 both Morehouse and Lund as his lawyers. In providing legal services, Morehouse and Lund helped

10 Valjakka identify alleged infringers, including Netflix, draft claim charts and draft complaints

11 against the alleged infringers.[18] AiPi has been engaged in all legal decision making from the filing

12 of the lawsuit to the present.[19]

13 At some point in the summer of 2023, Morehouse and Lund introduced Valjakka to

14 Whitestone Law, a firm Morehouse had co-founded. Whitestone's lawyers were the same as the

15 ones with AiPi, including Morehouse, Lund, Ken Sheets, and others. In fact, the only new lawyer

16 at Whitestone that had not been at AiPi was Joseph Zito. Whitestone and its lawyers immediately

17 began assisting on all aspects of the case. In fact, Sheets and Zito defended Valjakka in an October

18 12, 2023 deposition. Whitestone Law and its attorneys gained confidential information regarding

19 the Valjakka case against Netflix through their representation. In particular, Whitestone Law and

20 AiPi are both very familiar with the legal services performed for Valjakka by Morehouse, Lund,

21 Sheets, and the attorneys with Ramey LLP from the inception of the case.[20]

22 After Valjakka signed a litigation funding agreement with AiPi in 2021, he expected

23 litigation payments for case expenses and fees for his attorneys to be paid by AiPi. Valjakka only

24 signed the agreement because AiPi said they had adequate funding to take his case through trial

25 and any necessary appeals. However, while a few payments were made, AiPi was always behind

26

---

[15] *Flatt v. Superior Court,* 9 Cal.4th 275, 283, 36 Cal.Rptr.2d 537, 885 P.2d 950 (1994).

27 [16] *Id.*

[17] Valjakka Decl. at ¶2.

28 [18] Valjakka Decl. at ¶3,4

[19] Valjakka Decl. at ¶5.

[20] Valjakka Decl. at ¶¶9-12.

on payments and never appeared to have any money.  From 2022 to the present Valjakka would call Morehouse routinely to request payment and to inform Morehouse that his late payment was hurting valjakka's case.  Morehouse always said he had the money and would make the payments.[21]

AiPi ceased making payments on the Valjakka case at some point in the summer of 2023. In the fall of 2023, lawyers at Ramey LLP and Onni Hietalathti informed AiPi on multiple occasions that the nonpayment by AiPi was hurting the Valjakka case.  In late November, early December of 2023, AiPi sent a letter stating they would no longer provide resources for Valjakka's case.[22]

Valjakka is very concerned that the lawyers at Whitestone Law, previously with AiPi, are now representing AiPi.  Valjakka intends to pursue a claim for fraudulent inducement against AiPi of the AiPi funding agreement, among other causes of action, as AiPi never had the resources to fund the Valjakka case.[23]

## III.    CONCLUSION

Valjakka respectfully requests that the Court disqualify Whitestone Law and its attorneys from representing AiPi LLC.

Dated: December 12, 2023                    Respectfully submitted,

                                            **Ramey LLP**

                                            */s/ William P. Ramey, III*
                                            William P. Ramey, III
                                            Texas State Bar No. 24027643
                                            5020 Montrose Blvd., Suite 800
                                            Houston, Texas 77006
                                            (713) 426-3923 (telephone)
                                            (832) 900-4941 (fax)
                                            wramey@rameyfirm.com

                                            ***Attorneys for LAURI VALJAKKA***

---

[21] Valjakka Decl. at ¶9.
[22] Valjakka Decl. at ¶¶10-11.
[23] Valjakka Decl. at ¶¶10-14.

1

**<u>CERTIFICATE OF CONFERENCE</u>**

2

3
Pursuant to the Federal Rules of Civil Procedure and local rule, I hereby certify that I

4
conferred via e-mail with counsel for Netflix and Elise Edlin responded that Netflix is unopposed

5
to the motion, but not in agreement with any statement made in the Declaration of Lauri Valjakka

6
that is being filed herewith.  I also conferred with Eric Morehouse of both Whitestone Law and

7
AiPi to see if he was opposed.  He responded that he did not understand the basis of the motion.

8
Therefore, this motion is filed as opposed.

9
*/s/William P. Ramey, III*
William P. Ramey, III

10

11

12

13

14
**<u>CERTIFICATE OF SERVICE</u>**

15
Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record

16
who have appeared in this case are being served on this day of December 12, 2023, with a copy of

17
the foregoing via ECF filing.

18
*/s/William P. Ramey, III*
William P. Ramey, III

19

20

21

22

23

24

25

26

27

28