William P. Ramey, III (appearance *pro hac vice*)
wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: +1.713.426.3923
Facsimile: +1.832.689.9175

Susan S.Q. Kalra, Bar No. 167940
susan@rameyfirm.com
RAMEY LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, California 94065
Telephone: +1.800.993.7499
Facsimile: +1.832.689.9175

**Attorneys for Defendant**
*LAURI VALJAKKA*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>        Plaintiff,<br><br>    v.<br><br>NETFLIX, INC.,<br><br>        Defendant. | Case No. 4:22-cv-01490-JST<br><br>**DECLARATION OF LAURI VALJAKKA IN SUPPORT OF MOTION TO DISQUALIFY**<br><br>Date: February 15, 2024<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Crtrm: 6 – 2nd Floor |

I, Lauri Valjakka, declare as follows:

   1.   My name is Lauri Valjakka. I am over 18 years of age, and have personal

knowledge of the facts set forth in this declaration. I make this declaration in support of the Motion to disqualify Whitestone Law.  I am the plaintiff in the above-captioned matter and have personal knowledge of the statements below and can testify as to the truth of each.

2.   I contacted Eric Morehouse in March to April of 2021 about pursuing companies I believed were infringing my U.S. Pat. No. 8,495,167 ("the '167 patent"). He introduced me to his company, AiPi, LLC.

3.   I worked primarily with Eric Morehouse ("Morehouse") and Erik Lund ("Lund") at AiPi.  Morehouse and Lund, through AiPi, provided me technical and legal services.  I considered both Morehouse and Lund as my lawyers.

4.   In providing legal services, Morehouse and Lund helped me identify alleged infringers, including Netflix, draft claim charts and draft complaints against the alleged infringers.

5.   The complaints were filed by Ramey LLP and another firm, but AiPi, through Morehouse and Lund, continued to provide me legal services and I regard both as my lawyers.  AiPi has been engaged in all legal decision making from the filing of the lawsuit to the present.

6.   At some point in the summer of 2023, Morehouse and Lund introduced me to Whitestone Law, a firm Morehouse had co-founded.  Whitestone's lawyers were the same as the ones with AiPi, including Morehouse, Lund, Ken Sheets, and others. In fact, the only new lawyer I was aware of at Whitestone that had not been at AiPi was Joseph Zito.

7.   Whitestone and its lawyers immediately began assisting on all aspects of the case.  In fact, Sheets and Zito defended me in an October 12, 2023 deposition.

8.   Whitestone Law and its attorneys gained confidential information regarding my case against Netflix through their representation.  In particular, Whitestone Law and AiPi are both very familiar with the legal services performed for

me by Morehouse, Lund, Sheets, and the attorneys with Ramey LLP from the inception of the case, including representing me at a December 12, 2023 deposition concerning the alleged CUVTA violation for which AiPi is being joined.

9. After I signed a litigation funding agreement with AiPi in 2021, I expected litigation payments for case expenses and fees for my attorneys to be paid by AiPi. I only signed the agreement because AiPi said they had adequate funding to take my case through trial and any necessary appeals. However, while a few payments were made, AiPi was always behind on payments and never appeared to have any money. From 2022 to the present I would call Morehouse routinely to request payment and to inform him that his late payment was hurting my case. Morehouse always said he had the money and would make the payments.

10. AiPi ceased making payments on my case at some point in the summer of 2023.

11. In the fall of 2023, I had my lawyers at Ramey LLP and Onni Hietalahti inform AiPi on multiple occasions that the nonpayment by AiPi was hurting my case.

12. In late November, early December of 2023, I received a letter from AiPi saying they would no longer provide resources for my case.

13. I am very concerned that my lawyers at Whitestone Law, previously with AiPi, are now representing AiPi. I intend to pursue a claim for fraudulent inducement against AiPi of the AiPi funding agreement, among other causes of action, as AiPi never had the resources to fund my case. As such, I see my interests adverse to those of AiPi.

14. My concern is increased because Netflix has moved to join AiPi in the litigation as a defendant. I do not see my interests in alignment with AiPi. AiPi has my confidential information and I am afraid they will use that to harm my case, as they did with the CUVTA discovery responses. I am directly opposed to AiPi.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Dated:  December 12, 2023   /s/ _____
                            Lauri Valjakka