Docket No. 2023-2429

United States Court of Appeals
for the Federal Circuit

CTD NETWORKS, LLC,

*Plaintiff–Appellant*

v.

MICROSOFT LLC,

*Defendant-Appellee*

Appeal from The United States District Court for the Western District of Texas
Originating Case No. 6:22-cv-01049-XR before Judge Xavier Rodriguez

## DECLARATION OF WILLIAM P. RAMEY, III

Attorneys for Appellant:

Ramey LLP

/s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923

1

I, William Ramey, declare as follows:

1. My name is William P. Ramey, III. I am over the age of 21. I have personal knowledge of the facts contained herein, which are true and correct. If called as a witness, I could competently testify to these statements.

2. I am licensed to practice law in the state of Texas and am an attorney with the law firm of Ramey LLP. I represent the Plaintiff in the above-captioned lawsuit. I am admitted to this District.

3. On September 14, 2021, I was approached by a colleague for a co-counsel opportunity on a series of patent infringement cases. The colleague introduced me to Eric Morehouse ("Morehouse") of AiPi Solutions (later changed to AiPi, Inc.) ("AiPi").

4. Morehouse introduced himself and his company as a patent litigation funder and law firm.[1] He explained that he had a series of investors that helped him finance patent litigation. He explained that he was able work as a lawyer from his firm and a funder under AiPi.

5. In November of 2021, Morehouse said he wanted to work with me and Ramey LLP. He proposed a financial arrangement whereby Ramey LLP would be

---

[1] Morehouse later formed Whitestone Law, PLLC, comprised primarily of attorneys from AiPi.

compensated for its work. Morehouse told Ramey that he could make it work with his lawyers, later known as Whitestone Law, PLLC ("Whitestone"), helping with the legal work from drafting the cases through trial. Morehouse told me he viewed the entities within each Plaintiff Case Group as his personal clients.

6. Ramey LLP and I began to enter appearances in cases that were already filed and in new cases as they were filed. In addition to reliance on my highly competent staff and the other attorneys at the Ramey LLP firm, I also used resources including litigation support services from AiPi, including Eric Morehouse, Erik Lund, Ken Sheets, and a team of technical staff that Morehouse said would help with the claim charts. Shortly after Ramey LLP began working with AiPi, I visited Morehouse at AiPi's office located at 11718 Bowaman Green Drive, Reston, VA 20190 and personally met the lawyers and some of what I was told was the engeineering staff. Later, after the lawyers with AiPi joined Whitestone Law, Jospeh Zito was added.

8. Morehouse repeatedly referred to the Plaintiff Case Group entities as his clients and he provided legal services through AiPi for each, using Ramey LLP to make court appearances for each Case Group. AiPi owned, through investment vehicles, several of the Case Group Plaintiffs, including at least, CTD Networks and ALD Social, and on information and belief, Gatekeeper Solutions, and SLS Manager Techn. Morehouse told me that it was easier for him to buy a Case Group Entity because he could do with it what he wanted.

9. At first, I was confident in the support I received from AiPi and its attorneys but by the summer of 2023, the relationship began to sour as Morehouse formed Whitestone Law to move the work in-house and quit paying for Ramey LLP's work.

10. In late July of 2023, I told Morehouse by phone that I needed and planned to stop all work for his matters. Morehouse again asked me not to withdraw as his attorneys would handle all of the drafting as my firm was not being paid. He told me that he was having trouble raising money but he promised me that it would be resolved shortly. This promise was repeated many times over the next few months. Morehouse told me on multiple occasions he was having funding problems and asked me not to withdraw as it would affect his ability to raise funds.

11. In August of 2023, I again told Morehouse I needed to withdraw from his matters if I was not going to be paid. He agreed that I should withdraw from all Case Group Entities except Valjakka, Ward, Traxcell and Pedersen.[2] He personally guaranteed payment and repeatedly assured me that payment would, in fact, be made.

12. As of this date, I and my Firm have been able to withdraw from all of the AiPi Related Cases except for Valjakka, Pedersen, Ward and the reminaing CTD Cases. Each of Pedersen, Ward and Valjakka have informed me that they have a funding

---

[2] Whitestone's lawyers did not enter an appearance in the CTD case group controlled by AiPi, thus preventing Rameyy LLP's withdraw.

agreement with AiPi whereby AiPi pays litigation related expenses. Pedersen, Ward and Valjakka also informed me that AiPi ceased paying litigation related expenses for each of these Case Group Entities in the summer of 2023 even though each of these Case Groups were in critical periods of litigation. Recently, Joseph Zito of Whitestone Law entered an appearance in *CTD Networks, LLC v. Musarubra US, LLC*, Case No. 2:23-cv-273, previously pending in the Eastern District of Texas ("EDTX CTD Case"). The EDTX CTD Case was settled by AiPi and Whitestone without consultation with and to the exclusion of Ramey LLP.

13. Morehouse and Zito's expressed animous and deliberate falsehoods towards me and my Firm are likely due to the fact that more than one of their former Case Group Entities have informed AiPi they do not want to work with them any longer and would rather work with me and my Firm. Further, at least one of the Case Group Entities has threatened legal action against AiPi and Morehouse because they were abandoned by AiPi and Morehouse at a critical time in the litigation and because my Firm has put AiPi, Morehouse and Whitestone Law on Notice of the fees they owe.

14. I personally communicated with Erik Lund and Jospeh Zito about the need for an appeal of the Order dismissing this case. An appeal was authorized but I have received no instructions for the brief and have not been paid. As neither my Firm or I am being paid, I asked Zito who would draft the brief but received no response.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 11, 2023.

William P. Ramey, III