IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| CTD NETWORKS, LLC <br>     Plaintiff <br><br> v. <br><br> GOOGLE, LLC <br><br>     Defendant | Civil Action No. CASE NO. 6:22-CV-01042-XR |

PLAINTIFF CTD'S RESPONSE TO MOTION FOR
WITHDRAWAL FILED BY PLAINTIFF'S FORMER COUNSEL

Mr. William Ramey individually, and The Ramey LLP Firm are no longer counsel for Plaintiff, CTD Networks, LLC. CTD does not oppose their withdrawal as counsel in this matter.

Contrary to the assertion of Mr. Ramey, there is no "party adverse to Ramey LLP" in control of CTD Networks. CTD Networks is not controlled by any other party. AiPi is not "adverse" to Mr. Ramey, AiPi is adverse to improper handling of litigation. In addition to Defendant's pending Motion for Fees in this matter, Mr. Ramey is facing sanctions in a number of other matters in a number of other jurisdictions and has been sanctioned in a number of cases over the past few years. Mr. Ramey's overall behavior has recently attracted the attention of District Courts, *See* for example the recent *Sue Sponte* Omnibus Show Cause Order issued by the United States District Court for the District of Colorado, 1:22-cv-01986-RM-NRN DE#58 (Nov. 30, 2023), attached hereto as Exhibit A:

> The Court also notes that Mr. Ramey failed to appear at the May 9, 2023 Status Conference, and never provided any reason or explanation for this failure. (*See* Dkt. #29.) These actions are unacceptable, have prejudiced Ice Rover, and have disrupted the orderly administration of justice. It is also represented that Mr. Ramey or his firm has similarly failed to pursue discovery in three other active

cases involving Ice Rover, has received unfavorable outcomes in at least fifteen other cases due to lack of proper representation, and is currently defending sanctions motions in at least four additional cases. (Dkt. #51 at 2.) The Court notes that Mr. Ramey is also subject to a pending motion for Rule 11 sanctions in another case in this district. *See* Lexmark International Inc.'s Motion for Rule 11 Sanctions, *Ortiz & Assocs. Consulting, LLC v. Lexmark Int'l, Inc.*, No. 23-cv-01646-NYW-SBP (D. Colo. Nov. 29, 2023). These circumstances indicate a potentially concerning pattern of neglect by Mr. Ramey and his firm.

The Colorado Rules of Professional Conduct ("Colo. RPC") are adopted as standards of professional responsibility in this Court, and a violation of these rules may be grounds for discipline. *See* D.C.COLO.LAttyR 2, 7. Colo. RPC 1.1 obligates lawyers to provide competent representation to clients, which requires "the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

Based on the apparent circumstances, and pursuant to the Court's inherent authority, *see Dab Drilling, Inc. v. Dabovich*, No. 18-CV-1197-WJM-NRN, 2019 WL 10945121, at *5 (D. Colo. Mar. 4, 2019) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991)), it is hereby **ORDERED** that on or before December 14, 2023, Mr. Ramey shall **SHOW CAUSE in writing** why he should not be referred to the Court's Committee on Conduct for his neglectful behavior in this case, including his failure to appear at a scheduling conference and his failure to serve any discovery. Mr. Ramey's response to this Show Cause Order **shall** include the following information:

1. The number of lawsuits in which Mr. Ramey or Ramey LLP are currently listed as counsel of record in any court in the United States.
2. The number of patent lawsuits that Mr. Ramey or Ramey LLP have filed or entered appearances in over the last 12 months.
3. The number of attorneys that are currently employed at Ramey LLP.
4. The number of times in the past three years that Mr. Ramey, Ramey LLP, or the clients of Ramey LLP have been sanctioned by any court or bar disciplinary body, including any public or private censures, and any orders to pay attorney's fees for any reason.
5. The number of motions for sanctions (or for attorneys fees) that are currently pending against Mr. Ramey, Ramey LLP, or its clients in any court.

In September, 2023, after Mr. Ramey's apparent inability to properly represent his clients became apparent to AiPi, a patent prosecution support and litigation support company that dabbles in patent funding, AiPi contacted Mr. Zito, a patent litigator with over forty years of patent litigation experience.

AiPi asked Mr. Zito to take a look at a number of cases being handled by Mr. Ramey and

to recommend appropriate actions and to address any concerns. Mr. Zito undertook a review of approximately ninety Ramey cases. Mr. Zito made appearances in approximately sixty cases and shut down about two dozen of those cases. The CTD Cases pending in this court had already advanced to Motions for Fees and thus nothing could be done to ameliorate the actions of Mr. Ramey and no appearance was made.

Currently approximately forty of the cases originally filed by Mr. Ramey and reviewed by Mr. Zito remain pending at the Whitestone firm.

Undersigned counsel is aware that a fee dispute exists between AiPi and the Ramey firm but is not aware of any details of that dispute. No acts of AiPi's are prejudicing nor have prejudiced the rights of CTD Networks. Undersigned counsel is not aware of any "manifest injustice."

CTD has no objection to Mr. Ramey and the Ramey Law Firm withdrawing from representation of CTD in this matter. However, Mr. Ramey and Ramey LLP cannot withdraw wholly from the matter, as they remain responsible for their actions in this matter and remain as a party from whom Defendant is seeking sanctions.

## RELEVANT FACTS

AiPi, Inc. is not a law firm and has never held itself out as a law firm.

Whitestone Law is a law firm.

Mr. Ramey was engaged by AiPi on behalf of several companies to be lead counsel in a number of patent litigations beginning in November of 2021. AiPi relied upon Mr. Ramey as lead counsel, and along with members of his firm as counsel of record, to provide competent legal services. AiPi provided support and back up to Mr. Ramey and also supplied materials, including patents and claim charts for evaluation by Mr. Ramey. Mr. Ramey reviewed and

evaluated the materials to determine and to advise on the reasonableness of filing cases. Mr. Ramey, was the individual making the final legal determinations and decisions on filings with the various Courts. AiPi relied upon Mr. Ramey for legal evaluations and decision making.

Sometime in July, of 2023, AiPi became aware of other matters that Mr. Ramey was handling for unrelated parties and realized that Mr. Ramey may not be able to properly represent the interests of clients sent to Mr. Ramey by AiPi. In August, AiPi contacted Mr. Zito and sought his advice.

CTD does not object to Mr. Ramey and the Ramey Firm's request to withdraw.

Respectfully submitted,

/s/ Joseph J. Zito
Joseph J. Zito
Whitestone Law
1850 Towers Crescent Plaza, #550
Tysons, Virginia 22182
202-466-3500
jzito@whitestone.law
*Attorneys for Plaintiff*
*CTD Networks, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with and served upon counsel by the CM/ECF System this 13th day of December, 2023.

/s/ Joseph J. Zito
Joseph J. Zito