UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| _____ ) | |
| LAURI VALJAKKA ) | |
| ) | Civil Action No. 22-c001490-JST |
| *Plaintiff*, ) | |
| v. ) | |
| ) | |
| ) | |
| NETFLIX, INC. ) | |
| ) | |
| *Defendant* ) | |
| _____) | |

**OPPOSITION OF NONPARTY AIPI**
**TO MOTION FOR DISQUALIFICATION OF COUNSEL**

**I.       INTRODUCTION**

AiPi is not adverse to Valjakka.  Even if AiPi and Valjakka were adverse, that adversity is insufficient to preclude representation of AiPi by Whitestone Law.

Valjakka bases his motion on the fact that AiPi and Whitestone participated in the representation of Valjakka.   This is an insufficient basis for disqualification.

If Whitestone, or AiPi was seeking to represent a company that had no history with Valjakka, such as a defendant in a new patent case, they would certainly be disqualified, because they have confidential information gained from the prior representation of Valjakka, which is unknown to the Patent Defendant.  However, Whitestone has no Valjakka information that differs from the Valjakka information possessed by AiPi and thus disqualification is not appropriate.

-1-

II.     DISCUSSION OF THE FACTS

A conflict for disqualification arises when counsel has confidential information regarding an adverse party (Valjakka), gained from representation of the adverse party and unknown to counsel's current client (AiPi).  Counsel has no such information.  Any confidential information in the possession of counsel at Whitestone is a subset of the information in the possession of AiPi and derives solely through AiPi's interactions with Valjakka.   Whitestone has gained no information outside of that known to AiPi and thus has no conflict, as all of the information is in the possession of Whitestone's client AiPi and thus no disqualification.

If the knowledge of the client, AiPi, can be used to disqualify the firm, then AiPi, having confidential knowledge of Valjakka, could never have any counsel.  According to Valjakka's novel theory of disqualification, no counsel could ever represent AiPi because they would have access to Valjakka confidential information from discussing the case with AiPi.

Valjakka's Motion relies primarily on the fact that AiPi has worked closely with the Ramey firm in the representation of Valjakka in this matter.  There is no dispute that, as support for the Ramey firm, several employees of AiPi had access to confidential information of Valjakka.   There is no dispute that this information may be relevant to the issues remaining in this matter, including the issue of joinder of AiPi.   However, none of this access can be the basis for disqualification of counsel, even if AiPi employees latter became Whitestone lawyers.  To do so would permanently disqualify AiPi from ever obtaining counsel and even disqualify AiPi from self representation.

For example, it is indisputable that an accounting firm with confidential information about a former client can engage counsel in a suit with a former client and share that confidential

information with counsel.  Counsel is not disqualified based upon the confidential information it has received from the accounting firm.  To do so would deprive the accounting firm of any representation. Counsel would have had to come by other confidential information, directly from the client, in order to be disqualified.  The same holds true for a law firm in a dispute with a former client.  A law firm's access to confidential information does not disqualify the law firm's outside-counsel.  Alternatively, a law firm could represent itself in such a dispute and would not be disqualified, even though the law firm possess substantial confidential information from the now adverse former client.   In the instant case, AiPi could represent itself and Valjakka could not raise any objection and in fact has not raised any such objection.  Valjakka instead raises the objection that AiPi employees now work at Whitestone, thus their information is known to Whitestone.  This is no different than if Whitestone has received this same information from the same people as employees at AiPi.  The  same employees, if working at AiPi and sharing information would not disqualify Whitestone.  In order for Whitestone to be disqualified based upon confidential information, Whitestone must have confidential information that is not also possessed by AiPi. There is no allegation that there is any such extra knowledge, in fact, the opposite is asserted in the motion to disqualify, that AiPi and Whitestone are the same.

According to Valjakka's motion, if Mr. Sheets entered an appearance as in-house counsel for AiPi, he would not be disqualified, but if Mr. Sheets uses a Whitestone signature line he is disqualified.  Mr. Sheets possess the same knowledge, regardless of his employer, and is thus not disqualified in either scenario.

There is also no evidence nor even any allegation that Mr. Zito, who had a few conversations with Mr. Valjakka and defended Mr. Valjakka remotely at his deposition, had any

access to information not already in the possession of AiPi.  In fact, at least one employee of

AiPi was present for every discussion and at the deposition.  Mr. Zito's knowledge of

confidential information, if any, is not greater than that of the firm's client, AiPi.  Thus there is

no basis for disqualification.

### III.    The Facts as Alleged by Valjakka Do Not Give Rise to Disqualification

Valjakka's "evidence" does not give rise to any disqualification.  Valjakka asserts that:

> Whitestone Law and its attorneys gained confidential information
> regarding the Valjakka case against Netflix through their representation.
> In particular, Whitestone Law and  AiPi are both very familiar with the
> legal services performed for Valjakka by Morehouse, Lund, Sheets, and
> the attorneys with Ramey LLP from the inception of the case.

This is true, and if Whitestone were seeking to represent some third party, with no inside

information about Valjakka, then they would be disqualified.  However, the allegations do not

support any assertion of disqualification from representation of AiPi.  The assertions establish

that AiPi has confidential information; however, there has to be something more for Whitstone to

be disqualified.  Some fact that separates Whitestone from AiPi.  Some assertion that Whitestone

knows something that AiPi does not know.  There is no such assertion.  In fact, Valjakka lumps

AiPi and Whitestone together, even noting that they are for the most part, the same people.

### IV.    CONCLUSION

AiPi  respectfully requests that the Court deny the Motion to Disqualify Whitestone from

representing AiPi.

Dated: December 26, 2023                  /s/  Joseph J. Zito
                                          Joseph J. Zito
                                          WHITESTONE LAW
                                          1850 Towers Crescent Plaza, Suite 550
                                          Tysons, Virginia 22182
                                          (202) 466-3500
                                          jzito@whitestone.law


## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of December 26, 2023, with a copy of the foregoing via ECF filing.

                                          /s/  Joseph J. Zito
                                          Joseph J. Zito