Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise Edlin, Bar No. 293756
EEdlin@perkinscoie.com
Angela C. Griggs, Bar No. 340652
AGriggs@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

[Additional counsel listed on signature page]

*Attorneys for Defendant Netflix, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>       Plaintiff,<br><br>     v.<br><br>NETFLIX, INC.,<br><br>       Defendant. | **Case No. 4:22-cv-01490-JST**<br><br>**DEFENDANT NETFLIX, INC.'S OPPOSITION TO RAMEY'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF LAURI VALJAKKA**<br><br>Date:     February 29, 2024<br>Time:    2:00 pm<br>Judge:   Honorable Jon S. Tigar<br>Courtroom: 6 – 2nd Floor |

## I.      INTRODUCTION

Defendant Netflix, Inc. ("Netflix") respectfully opposes Susan S.Q. Kalra and William P. Ramey III's ("Ramey") motion to withdraw as counsel for Plaintiff Lauri Valjakka. First, Ramey's own client, Mr. Valjakka, also opposes Ramey's withdrawal, and there is no dispute between attorney and client regarding unpaid fees. Second, Netflix's outstanding CUVTA claims could directly implicate Ramey, so its withdrawal would prejudice Netflix and hinder the proper administration of justice, including reducing the potential for resolution prior to trial. Ramey's attempt to evade liability by withdrawing as counsel is inappropriate.

## II.     LEGAL STANDARD

Under Civil Local Rule 11-5(b), counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case. Civil Local Rule 11-5(b). Permission to withdraw is within the sound discretion of the trial court. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts in this district consider several factors when considering a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. C-09-01643 SBA, 2010 WL 3702459, at *3 (N.D. Cal. Sep. 15, 2010) (internal citation omitted).

## III.    THE COURT SHOULD DENY RAMEY'S MOTION TO WITHDRAW

### A.      Ramey's own client opposes withdrawal and has not refused to pay.

Ramey claims withdrawal is necessary due to "irreconcilable differences in strategy between Ramey and Valjakka, such that it will be extremely difficult for Ramey to meaningfully represent Valjakka effectively." ECF No. 260, at ¶ 9. Ramey does not identify the issues he has with representation of Mr. Valjakka and "has given no indication of a good faith effort to resolve the breakdown in the relationship." *Deal*, 2010 WL 3702459, at *4 (denying withdrawal of counsel in part due to counsel's lack of effort to repair the attorney-client relationship).

Notably, Ramey's client, Mr. Lauri Valjakka, opposes withdrawal. ECF No. 260-1, ¶ 3. Moreover, Mr. Valjakka submitted a declaration stating that AiPi and his interests are "adverse." ECF No. 251-1, ¶ 13. Thus, Ramey's withdrawal would leave Mr. Valjakka to fend for himself against two adverse companies with deep litigation experience. After representing Mr. Valjakka for nearly three years, Ramey is requesting to simply walk away from its client and leave Mr. Valjakka, an individual residing in Finland, to represent himself before a jury. Ramey has not identified any potential substitute counsel and has not given any indication that Mr. Valjakka is willing or able to proceed *pro se* if he is unable to find representation. Ramey's requested relief would likely cause a delay in the trial and any potential settlement, and compound prejudice to both Netflix and Valjakka and to the judicial goal of efficient administration of justice. *See Deal*, 2010 WL 3702459, at *4 ("[T]he harm that withdrawal might cause to the administration of justice is evident in the added cost and delay that Plaintiff would incur in finding substitute counsel.").

Ramey also requests withdrawal in part because he claims that AiPi has not paid Valjakka's legal fees. While a client's refusal to pay its counsel can be grounds for withdrawal, (*see* Cal. Rules of Pro. Conduct, Rule 3-700(C)(1)(f)), Ramey has not claimed that Mr. Valjakka (the client) refused to pay its fees. Instead, Ramey admits that AiPi is the party responsible for missed payments, so there is no conflict or adversity between attorney and client regarding fees. *See* ECF No. 260-1, at ¶ 4; *Bd. of Trs. of the Laborers Health & Welfare Tr. Fund for N. Cal. v. C&C Concrete, Inc.*, No. C 10-03344 LB, 2012 U.S. Dist. LEXIS 50922 (N.D. Cal. Apr. 10, 2012) (denying withdrawal in part for failing to support his claim that clients no longer can pay). Ramey points to no authority that supports withdrawing because a non-client refused to pay Ramey's legal bills.

**B.    Allowing Ramey to withdraw will prejudice Netflix and harm the proper administration of justice.**

First, the acts underlying Netflix's CUVTA counterclaim implicate Ramey. *See, e.g.*, ECF Nos. 216, 255-2. Indeed, AiPi will likely argue that Ramey, not AiPi, is the initial transferee and thus strictly liable under CUVTA. *See* Lund Decl., ECF No. 233-1, ¶¶ 7-17. As such, if Ramey withdraws, Netflix may not be able to pursue its CUVTA claim against all proper persons or—if

the matter proceeds to settlement—it may thwart resolution because necessary people will not be present.[1]

Second, this is an exceptional case. *See* 35 U.S.C. §285. Ramey may be held liable "to satisfy personally" Netflix's excess costs and fees. 28 U.S.C. §1927; *see also Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 557 (2014) (holding "[w]illful disobedience of a court order" warrants a finding of exceptionality.) Just as in *EscapeX IP LLC v. Google LLC*, this litigation is "an effort to force a modest settlement by pestering [Netflix] with a frivolous suit on the assumption that [Netflix] will prefer to capitulate than fight back" and that Ramey has "a history of bringing frivolous suits for this purpose." *EscapeX IP LLC v. Google LLC*, No. 22-cv-08711-VC, 2023 WL 5257691, at *2 (N.D. Cal. Aug. 16, 2023).

Alternatively, should the Court allow Ramey's withdrawal, Netflix respectfully requests that this Court maintain jurisdiction over Ramey, including for the purposes of resolving Netflix's motion for attorneys' fees. *See Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005); Text Order Granting Agreed Motion for Clarification of the Court's December 13, 2023 Order Granting Motion to Withdraw as Attorney, *CTD Networks, LLC v. Google, LLC*, No. 6:22-cv-01042-XR (W.D. Tex. Dec. 19, 2023).

## IV.    CONCLUSION

Netflix respectively requests that the Court deny Ramey's Motion to Withdraw as Counsel for Plaintiff, Lauri Valjakka, or in the alternative, Netflix respectfully requests that this Court maintain jurisdiction over Ramey for the purposes of resolving Netflix's motion for attorneys' fees.

---

[1] Substantial evidence suggests that AiPi is the CUVTA Initial Transferee, but there is a possibility that Ramey was involved in this transaction. As such, Netflix may have to join Ramey as a party under Rule 19.

1   Dated: January 30, 2024              **PERKINS COIE LLP**

2

3                        By: */s/ Elise Edlin*

4                     Sarah E. Piepmeier, Bar No. 227094
                    SPiepmeier@perkinscoie.com

5                     Elise Edlin, Bar No. 293756
                    EEdlin@perkinscoie.com

6                     Angela C. Griggs, Bar No. 340652
                    AGriggs@perksincoie.com

7                     PERKINS COIE LLP
                    505 Howard Street, Suite 1000

8                     San Francisco, California 94105
                    Telephone: +1.415.344.7000

9                     Janice L. Ta (admitted *pro hac vice*)
                    JTa@perkinscoie.com

10                   PERKINS COIE LLP
                    405 Colorado Street Suite 1700

11                   Austin, Texas 78701
                    Telephone: +1.737.256.6100

12

13                   Jassiem N. Moore (admitted *pro hac vice*)
                    JassiemMoore@perkinscoie.com

14                   PERKINS COIE LLP
                    1201 Third Avenue, Suite 4900

15                   Seattle, Washington 98101-3099
                    Telephone: +1.206.359.8000

16                   Brianna Kadjo, Bar No. 303336
                    BKadjo@perkinscoie.com

17                   PERKINS COIE LLP
                    1900 Sixteenth Street, Suite 1400

18                   Denver, Colorado 80202-5255
                    Telephone: +1.303.291.2300

19

20                   Rachel D. Lamkin, Bar No. 246066
                    Karan Singh Dhadialla, Bar No. 296313

21                   BAKER BOTTS L.L.P.
                    101 California Street, Suite 3200

22                   San Francisco, CA 94111
                    Tel: (415) 291-6200

23                   Rachel.lamkin@bakerbotts.com
                    Karan.dhadialla@bakerbotts.com

24                   ***Attorneys for Defendant Netflix, Inc.***

25

26

27

28