Susan S.Q. Kalra (California State Bar No. 167940)
Email: skalra@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (800) 993- 7499
Fax: (832) 900-4941

William P. Ramey, III (pro hac vice)
Email: wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorneys for Plaintiff*
LAURI VALJAKKA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **LAURI VALJAKKA,** | Case No. 4:22-SC-01490-JST |
| Plaintiff, | **REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF LAURI VALJAKKA** |
| v. | |
| **NETFLIX, INC.,** | Hearing date: February 29, 2024 |
| Defendant. | Time: 2:00 p.m. |
| | Judge:   Hon. Jon S. Tigar |
| | Courtroom 6 – 2nd Floor |

## I.      REPLY ARGUMENT

Withdrawal of Ramey LLP is warranted on the basis of "conduct [that] renders it unreasonably difficult for the lawyer to carry out the representation effectively."  Cal. R. Prof'l Conduct 1.16(b)(4).  In light of the irreconcilable differences between Ramey and its client, it will

- 1 -

be difficult for Ramey to meaningfully represent Valjakka effectively.  Additionally, Ramey LLP has not been paid for its work.  Netflix appears to argue that Valjakka has not said he would not pay.  Exhibit A to the January 31, 2024 Declaration of William P. Ramey, III is an e-mail from Mr. Valjakka wherein he affirms that he is not paying and that AiPi was responsible for payment.[1]  Therefore, as AiPi has stopped paying,[2] Ramey LLP will not be paid for its attorneys time on this matter.  Mr. Valjakka is an individual and can represent himself.  His refusal to offer to pay Ramey LLP for its time should be reason enough to grant this motion to withdraw.

Netflix argues that this is an exceptional case.  However, there has been no such finding from the Court.  Netflix is likely citing that the Patent Act provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 572 U.S. 545, 554 (2014). However, the Federal Circuit has also made clear that fees are not to be awarded "as a penalty for failure to win a patent infringement suit." *Octane Fitness*, 572 U.S. at 548-49. Moreover, a case is not necessarily exceptional necessitating a fee award even where a court determines the party applied an incorrect legal standard.  Here, there were issues of Finnish law[3] and U.S. law that complicated ownership and inventorship.  But perhaps more importantly, there is not yet a final decision from this Court.  The Court could change its Order at any time through Final Judgment. Counsel for Plaintiff is not saying that is likely but rather only that there is no final decision and a change remains a possibility.  Accordingly, whether or not this case may or may not

---

[1] Ex. A to the Declaration of William P. Ramey, III at ¶3.
[2] Doc. No. 260-1 at ¶4.
[3] Including Finnish common law.

REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL
Case No. 4:22-SC-01490-JST

be an exceptional case is not a factor that should affect the motion to withdraw.

Concerning Netflix's pleading that Ramey LLP or it attorneys might be personally liable for the fees and costs, "[s]anctions pursuant to section 1927 must be supported by a finding of subjective bad faith."[4] Courts have cautioned that a lawyer should not be sanctioned for failing to abandon his client's case at the drop of a motion, unless there is no colorable defense to the motion that can be advocated and no possible merit to any argument that can be advanced.[5]  The Supreme Court has cautioned that court's must find fraud or abuse of the judicial process sufficiently beyond 'exceptional' before it can invoke its inherent sanctioning power.[6]  The Ninth Circuit requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.[7]  Likewise, the Ninth Circuit is clear that an award of sanctions under a court's inherent authority must be preceded by a finding of bad faith, or conduct that constituted or was tantamount to bad faith.[8]  There has been no such finding by the Court.  Therefore, the consideration of a possible motion by Netflix in the future should not impact the motion to withdraw.  The Court always has jurisdiction over law firms and lawyers that appear before it.  Allowing Ramey LLP and its lawyers to withdraw now will not affect the Court's jurisdiction over them.

Netflix cites no true prejudice to the withdraw whereas Ramey LLP has provided sufficient reasons for the withdraw, i.e. irreconcilable differences and a failure to pay by the client.  Given that Netflix sought the extended schedule, there will be no delay in the proceedings and the withdraw will result in no prejudice.  For all of these reasons, Ramey LLP and its lawyers request to withdraw from this case.

---

[4] *New Alaska Dev. Corp. v. Guetschow,* 869 F.2d 1298, 1306 (9th Cir.1989).
[5] *Stitt v. Williams,* 919 F.2d 516, 528 (9th Cir.1990).
[6] *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L.Ed.2d 27 (1991).
[7] *See In re Keegan Management Co.,* 78 F.3d 431, 436 (9th Cir.1996).
[8] *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

- 3 -

Dated: January 31, 2024                   Respectfully submitted,

                                          **RAMEY LLP**

                                          */s/ Susan S.Q. Kalra*
                                          Susan S.Q. Kalra, CA SBN 167940
                                          Email: skalra@rameyfirm.com
                                          5020 Montrose Blvd., Suite 800
                                          Houston, Texas 77006
                                          Telephone: (800) 993- 7499

                                          */s/ William P. Ramey, III*
                                          William P. Ramey, III (pro hac vice)
                                          Email: wramey@rameyfirm.com
                                          RAMEY LLP
                                          5020 Montrose Blvd., Suite 800
                                          Houston, TX 77006
                                          Telephone: (713) 426-3923
                                          Fax: (832) 689-9175

                                          *Attorneys for Plaintiff*
                                          *Lauri Valjakka*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of January 31, 2024, with a copy of the foregoing via CM/ECF Filing.

                                          */s/ William P. Ramey, III*
                                          William P. Ramey, III

- 4 -