# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

|  |  |
|---|---|
| AiPi, LLC<br>   *Movant,*<br><br><br><br>v.<br><br>NETFLIX, INC.<br>   *Respondant.* | )<br>)<br>)<br>)<br>)<br>)<br>)  **Civil Action No.: 24-mc-2**<br>)<br>)<br>)<br>) |

## MOTION TO QUASH PETITIONERS' SUBPOENA

Movant AiPi, LLC ("AiPi") pursuant to Federal Rule of Civil Procedure 45, respectfully moves this Court for an Order quashing the subpoena served on AiPi on January 24, 2024 by Netflix, Inc. ("Netflix") in connection with the currently pending lawsuit in the Northern District of California: *Lauri Valjakka v. Netflix Inc., No. 4:22-cv-01490-JST.*

As set forth in detail in the accompanying Memorandum, this Court should grant Movant's Motion because Petitioners (i) untimely filed the Subpoena after discovery has closed; (ii) improperly served the subpoena by calling for a deposition five days before the service of the subpoena; (iii) improperly filled out the Proof of Service on the back of the subpoena; (iv) failed to cite the applicable Federal Rules of Civil Procedure; (v) failed to provide 30 days required under Federal Rule of Civil Procedure 34 for the production of Documents; and (vi) seeks information that imposes an undue burden on AiPi.

For the reasons set forth above and in the accompanying Memorandum, Movant respectfully requests that this Court enter an Order quashing Nexflix's Subpoena to Testify at Deposition in Civil Action.

Respectfully Submitted:

/s/ Erik N. Lund
Whitestone Law, PLLC
1850 Towers Crescent Plaza
Suite 550

Tysons, VA 22182
703-261-9084
elund@whitestone.law
Attorneys for AiPi, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 31th day of January 2024, the Motion to Quash, Notice of Hearing and Proposed Order and the Memorandum of Points and Authorities in Support of AiPi's Motion to Quash Netflix's Subpoena to Testify at Deposition in Civil Action was filed with the Court's CM/ECF System for service upon counsel and by e-mail upon the following counsel for Netflix, and was lodged as a Notice in the underlying action 4:22-cv-1490 in the Northern District Of California.

Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise Edlin, Bar No. 293756
EEdlin@perkinscoie.com
Angela C. Griggs, Bar No. 340652
AGriggs@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta (admitted *pro hac vice*)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100

Jassiem N. Moore (admitted *pro hac vice*)
JassiemMoore@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000

Brianna Kadjo, Bar No. 303336

BKadjo@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300

Rachel D. Lamkin, Bar No. 246066
Karan Singh Dhadialla, Bar No. 296313
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 291-6200
Rachel.lamkin@bakerbotts.com
Karan.dhadialla@bakerbotts.com
***Attorneys for Defendant Netflix, Inc.***

Dated: January 31, 2024

Respectfully submitted,

/s/ Erik N. Lund
Whitestone Law, PLLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| AiPi, LLC )<br>  *Movant*, )<br> )<br> )<br> )<br>       v.  )<br> )<br>NETFLIX, INC.  )<br>  *Respondant*. )<br> ) | **Civil Action No.: 24-mc-2** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF AiPi, LLC's MOTION TO QUASH NETFLIX'S SUBPOENA**

**Rules**

Fed. R. Civ. P. 30 ................................................................................................................ 20, 22

Fed. R. Civ. P. 45 ................................................................................................................ 20, 22

*Karagiannopoulos v. City of Lowell*, 2008 WL 948261, at *1 (W.D.N.C. 2008)

*Buhrmaster v. Overnite Transportation Co.*, 61 F.3d 461, 464 (6th Cir.1995)

*Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 354–55 (6th Cir.1984)

*McNerney v. Archer Daniels*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995)

*Dreyer v. GACS Inc.*, 204 F.R.D. 120, 123 (N.D. Ind. 2001)

*Marvin Lumber and Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443, 445 (D.Minn.1997)

*Call of the Wild Movie, LLC v. Does* 1-1,062, 770 F.Supp.2d 332 (D. D.C. 2011)

AiPi, LLC ("AiPi") hereby submits this memorandum in opposition to the untimely subpoena served by Netflix, Inc. on January 23, 2024, (attached hereto as exhibit A), a full three months after close of twice extended discovery in October 2023 (see DE#183, Exhibit B) The Subpoena includes seventeen document requests that seek voluminous materials and require significant burden on AiPi to locate and produce as well as a significant burden on counsel to review. AiPi respectfully moves this Court for an Order quashing Petitioners' subpoena served on AiPi on January 23, 2024.

### i. INTRODUCTION

AiPi submits this Memorandum in Support of its Motion to Quash Netflix's Subpoena to AiPi. AiPi is a third party, Virgina based business, located in Reston, Virginia which provided support services to one of the parties to the litigation. Netflix, a party to the original lawsuit, served a subpoena on AiPi from the United States District Court of Northern District of California long after the end of discovery and after being granted Summary Judgment in the case, based on a hearing which occurred after the close of discovery. Discovery in this matter is over and Netflix's own non-joint proposed schedule, filed on December 5, 2024 (DE# 246, Exhibit C), provided a proposed schedule, through trial, and made no provision for any additional discovery. Trial preparation and trial are the only things left in the California action, a schedule for trial having been set on December 8 of 2023, adopting the proposed schedule of Netflix. see DE#247, Exhibit D.

As set forth in detail below, this Court should grant AiPi's Motion because the subpoena (i) is untimely under and thus in violation of the California Court's Scheduling Order; (Exhibit B) (ii) was improperly served by calling for a deposition five days before the service of the subpoena; (iii) failed to cite the applicable Federal Rules of Civil Procedure; (v) failed to provide

30 days required under Federal Rule of Civil Procedure 34 for the production of Documents; and (vi) seeks information that imposes an undue burden on AiPi.

### ii. LAW AND ARGUMENT

#### A. Procedural Background

On January 23, 2024, Netflix served a purported Subpoena Duces Tecum on AiPi, commanding testimony on fourteen wide ranging topics and commanding the production of seventeen categories of documents that seek voluminous materials. (A copy of the subject Subpoena is attached as Exhibit "A".)

The Subpoena seeks to compel the deposition testimony of AiPi, in a deposition set for January 18, 2024 according to the Subpoena or on March 1, 2024 according to the Notice attached to the Subpoena, the actual requested date of the deposition is unclear. The Subpoena also demands documents be produced at the Deposition (on January 18, 2024) and the Notice demands the production of seventeen wide ranging categories of documents that seek voluminous materials, on February 1, 2024, just nine days after service. Oddly, the Notice also seeks responses to "Requests for Admissions" and "Interrogatories" yet neither of those were included with the Notice or the Subpoena.

For the reasons included therein and below, without limitation, Plaintiff's Subpoena to AiPi must be quashed.

#### B. Netflix's Purported Subpoena to AiPi Must Be Quashed

**i. The Subpoena was issued in violation of the Court's Schedule Order. In this regard, the Subpoena was not timely issued in accordance with the Court's discovery deadline.**

In accordance with the Case Schedule Order (*See Exhibit E, DE#98*) entered in May of 2023, Fact Discovery closed on June 14, 2023 and Expert Discovery closed on September 8, 2023. On September 28, 2023, discovery was reopened for very limited discovery and again closed on October 31, 2023. (see DE#183, Exhibit B) The Subpoena is untimely. Any discovery requests seeking responses or scheduling depositions after the discovery completion deadline are deemed not enforceable, unless the Court grants an order for good cause shown. Netflix's counsel signed the Subpoena and dispatched it for service on on January 18, 2024, long after the close of discovery. Consequently, it should be deemed not enforceable.

The docket in 4:22-cv-1490 in the Northern District of California is clear that Discovery in this matter closed, after several extensions, on 06/14/2023 "Close of fact Discovery" (*See Exhibit E, DE#98*) Since Fact Discovery closed over 6 months ago on June 14, 2023, and other than limited CUTVA discovery, which closed three months ago, on October 31, 2023, no discovery or extension of discovery has been sought, the Subpoena and Notice are untimely and the court should thus quash the subpoena.

Courts have been quick to quash subpoenas when they are employed as a method to reopen discovery beyond the cut-off date. *Karagiannopoulos v. City of Lowell*, 2008 WL 948261, at *1 (W.D.N.C. 2008)(Subpoena issued in violation of pretrial/case management order deadlines quashed as untimely.); *Buhrmaster v. Overnite Transportation Co*., 61 F.3d 461, 464 (6th Cir.1995), cert. denied, 516 U.S. 1078, 116 S.Ct. 785(1996)(Affirming district court's decision to quash subpoenas of material that could have been produced through normal discovery where plaintiff attempted to circumvent discovery deadline by use of a subpoena); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 354–55 (6th Cir.1984)(Affirming district court's decision to quash subpoena issued on the eve of trial seeking documents available during discovery);

*McNerney v. Archer Daniels*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995)(Quashing subpoena issued to third party after the deadline for completing discovery had passed).

In *Dreyer v. GACS Inc*., 204 F.R.D. 120, 123 (N.D. Ind. 2001), the Court agreed with the general rule that a party should not be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced during discovery. The *Dreyer* Court further noted that Rule 45 subpoenas, which are intended to secure the pretrial production of documents and things, fall within the scope of discovery under Rule 26 and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery. The *Dreyer* Court observed that to allow a party to continue with formal discovery, i.e. discovery which invokes the authority of the Court, whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26, after the discovery deadline unnecessarily lengthens the discovery process and diverts the parties' attention from the post- discovery aspects of preparing for trial. *Id*. at 123; see also *Marvin Lumber and Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443, 445 (D.Minn.1997).

Netflix's Subpoena to AiPi is subject to being quashed for untimeliness alone. Accordingly, AiPi's Motion to Quash should be granted and AiPi released and relieved of any obligation to comply with the subject Subpoena.

> **ii. Additionally, the purported service of the Subpoena is Defective. In this regard, the Federal Rules of Civil Procedure do not permit a Subpoena to be served by calling for a deposition before the service of the subpoena.**
>
> **a. The Federal Rules of Civil Procedure do not permit a Subpoena to be served by calling for a deposition before the service of the subpoena.**

The Subpoena is defective; therefore, it is unenforceable and ineffective. The Subpoena sets a deposition date of January 18, 2024, at 11:06 am. However, it came into effect only on January 23, 2024, when it was officially served. This discrepancy renders the Subpoena

improper, as it calls for a deposition to take place five days prior to its actual service. Such a timing misalignment raises concerns about the procedural integrity and appropriateness of the deposition request in relation to the established deadlines. Accordingly, the Subpoena is improper, as calling for a deposition five days before the service of the Subpoena, and it is impossible for AiPi to comply.

Mr. Zito was served on January 23rd by a process server, even though Mr. Zito is not "the named individual" service on behalf of AiPi was accepted. The Proof of Service on the back of the Subpoena is filled out improperly. The Proof of Service states:

> "I served the subpoena by delivering a copy to the named
> individual as follows: Joseph Zito on (date) 01/18/2024"

This statement is not accurate, the "named individual" is AiPi, LLC, not Joseph Zito. In addition, the alleged manner of service is not filled out. The Proof of Service is also defective as it indicates a date of service as January 18, when in fact it was delivered on January 24th. Because it was improperly filled out, the court should quash the subpoena.

Fed. R. Civ. P. 45(b) addresses the means by which a subpoena may be served on an individual. Specifically, it provides that service of a subpoena may be effected by "[a]ny person who is at least 18 years old and not a party" by "delivering a copy [of the same] to the named person . . . ." Fed. R. Civ. P. 45(b)(1). As the Fourth Circuit recently observed, "[a]ctual notice with no delivery to the named person fails to satisfy the Rule's demands.[]" *In re Application of Newbrook Shipping Corp*., 31F.4th889, 2022 U.S. App. LEXIS 10738, 2022 WL 1162408, at 7 (4th Cir. Apr. 20, 2022). Fed. R. Civ. P. 45(b) addresses the means by which a subpoena may be served on an individual. Specifically, it provides that service of a subpoena may be effected by "[a]ny person who is at least 18 years old and not a party" by "delivering a copy [of the same] to the named person . . . ." Fed. R. Civ. P. 45(b)(1). As the Fourth Circuit recently observed,

"[a]ctual notice with no delivery to the named person fails to satisfy the Rule's demands.[]" *In re Application of Newbrook Shipping Corp.*, 31 F.4th 889, 2022 U.S. App. LEXIS 10738, 2022 WL 1162408, at 7 (4th Cir. Apr. 20, 2022). Accordingly, because Mr. Zito is not the "named individual" and the subpoena was not served on January 18, 2024, service was improper and the motion to quash should be granted by this court.

### iii. The subpoena should be quashed because Netflix failed to cite and properly use the applicable Federal Rules of Civil Procedure.

The Notice purports to be issued pursuant to FRCP 26, 30, 34, 45, and 65, but fails to follow Rules 26, 34, and 65 properly. In addition, FRCP 26 Duty to Disclose, applies to parties only, not third parties, and is thus not applicable. Rule 26 only applies to parties, makes no mention of non-parties. *Thompson v. Gonzales*, No. 1:15-cv-301-LJO-EPG, 2016 U.S. Dist. LEXIS 132673, at 10 (E.D. Cal. Sep. 27, 2016). Likewise, the discovery procedures outlined in Rule 34 are available only to parties. See *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir. 1985) ("Rule 34 may not be used to discover matters from a nonparty."). Furthermore, FRCP 65 (Injunctions and Restraining Orders) has nothing to do with discovery whatsoever and is thus not applicable. Failure to comply with the Federal Rules of Procedure are grounds enough to quash the subpoena. Citing the incorrect Federal Rules of Procedure contribute to the reasons why the motion to quash should be granted in favor of AiPi.

The subpoena should also be quashed because Netflix failed to provide the required 30 days required under federal rule of civil procedure 34. The production of documents is governed by FRCP 34, specifically 34(b)(2)(A):

> (2) Responses and Objections.
>
> (A) Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference.

The Subpoena requires production on January 18, five days before service.  The Notice demands production on February 1, nine days after service both are improper. A truncated nine day window is improper under the Federal Rules and insufficient time for production of seventeen categories of documents. Since Netflix was required to provide 30 days to respond in the subpoena ducus tecum the subpoena and use of FRCP 26 was improper and thus the subpoena should be quashed.

### iv. The subpoena should be quashed because Netflix seeks information that imposes an undue burden on AiPi.

The Subpoena seeks information that places an undue burden on AiPi, thus the court should grant AiPi's motion to quash. The case is over. The Court has granted Summary Judgement for Defendant, yet Netflix served seventeen wide ranging document requests that seek voluminous materials and require a significant burden on AiPi to locate and produce as well as a significant burden on counsel to review.  This burden, especially when placed on a third party, far exceeds any importance, relevance, or likely benefit. FRCP 45 subpoenas may only be used to compel production of information that is discoverable under Rule 26. *AF Holdings, LLC v. Does* 1-1058, 752 F.3d 990, 995 (D.C. Cir. 2014). Upon timely motion, a court must quash or modify a Rule 45 subpoena if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to **undue burden**." FED. R. CIV. P. 45(d)(3).  Netflix has made no showing of any need for the requested documents or testimony.

In assessing what constitutes an undue burden, courts look to Rule 26. See *Coleman v. D.C.*, 275 F.R.D. 33, 36 (D.D.C. 2011). Rule 26 directs courts to limit discovery that "is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if "the party seeking discovery has had

ample opportunity to obtain the information by discovery in the action." FED. R. CIV. P. 26(b)(2)(C)(i), (ii).

Here, the seventeen document requests are undeniably burdensome, and their potential to uncover relevant information, especially at this late, post close of discovery, eve of trial stage, is outweighed by the resources and time required to comply with such extensive requests. Moreover, considering the court's grant of summary judgment, the need for additional discovery is substantially diminished, making the document requests unnecessary and redundant. The summary judgment indicates that the court has already determined that there are no genuine issues of material fact, and that the defendant was already entitled to judgment as a matter of law. In light of this ruling, the continuation of discovery should be appropriately prohibited to ensure fairness, efficiency, and adherence to the principles of proportionality.

### C. CONCLUSION

For all of the foregoing reasons, the Subpoena issued by Netflix to AiPi, including both deposition testimony and the production of documents should be quashed and all costs and expense in connection with bringing this motion to quash should be granted to Movant.

Respectfully Submitted:

/s/ Erik N. Lund
Whitestone Law, PLLC
1850 Towers Crescent Plaza
Suite 550
Tysons, VA 22182
703-261-9084
elund@whitestone.law
Attorneys for AiPi, LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| AiPi, LLC, | ) |
|     *Movant*, | ) |
| | ) |
| | ) |
| | ) |
| v. | )     **Civil Action No.: 24-mc-2** |
| | ) |
| NETFLIX, INC. | ) |
|     *Respondant*. | ) |
| | ) |

## <u>NOTICE OF HEARING</u>

PLEASE BE ADVISED THAT on February 23, 2024, or as soon thereafter as counsel may be heard, Movant AiPi, LLC will move this Court for the entry of their Motion to Quash Netflix's Subpoena to Testify at a Deposition in a Civil Action in accordance with the accompanying motion and memorandum.

Respectfully Submitted:

/s/ Erik N. Lund
Whitestone Law, PLLC
1850 Towers Crescent Plaza
Suite 550
Tysons, VA 22182
703-261-9084
elund@whitestone.law
Attorneys for AiPi, LLC

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Northern District of California ▼

| | |
|---|---|
| Lauri Valjakka | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  4:22-cv-1490 |
| Netflix, Inc. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
AiPi, LLC

_____
_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: 1800 Presidents Street, Reston, Virginia, 20190. | Date and Time: 01/18/2024 11:06 am |
|---|---|

The deposition will be recorded by this method:  Steno, Audio and Video

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  01/18/2024

_CLERK OF COURT_

OR

_____        _Rachael D. Lamkin_
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Rachael D. Lamkin
on behalf of Netflix, _____, who issues or requests this subpoena, are:

101 California Street, San Francisco, CA 94111, Rachael.Lamkin@BakerBotts.com, 415.291.6264

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:22-cv-1490

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* AiPi, LLC

on *(date)* 01/18/2024 .

☑ I served the subpoena by delivering a copy to the named individual as follows: Joseph Zito

on *(date)* 01/18/2024 ; or

☐ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 01/18/2024

*Rachael D. Lamkin*

*Server's signature*

Rachael D. Lamkin

*Printed name and title*
101 California Street
San Francisco, CA
94111

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | | |
|---|---|---|
| LAURI VALJAKKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:22-cv-01490-JST |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| NETFLIX, INC., | ) | |
| | ) | Judge: Hon. Jon. S. Tigar |
| Defendant. | ) | |

**DEFENDANT NETFLIX, INC.'S NOTICE OF DOCUMENT AND DEPOSITION SUBPOENA TO AiPi, LLC**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE of the attached Subpoena from Defendant Netflix, Inc., by and through its counsel, to AiPi, LLC ("AiPi" or "You").

Pursuant to Rules 26, 45, and 65 of the Federal Rules of Civil Procedure, Defendant Netflix, Inc. seeks (i) the production of documents, electronically stored information, and things, and full and forthright responses to Netflix's propounded (ii) Requests For Admission, and (iii) Interrogatories within fourteen (14) days of service of this subpoena, *i.e.*, February 1, 2024. All documents and responses must be produced electronically to the following email addresses, Rachael.Lamkin@bakerbotts.com, Ariel.House@BakerBotts.com, Netflix-Valjakka@perkinscoie.com. *A privilege log must be produced concurrently with these responses in the event that any documents are withheld*.

Pursuant to Rules 30, 45, and 65 of the Federal Rules of Civil Procedure, Defendant Netflix, Inc. will take the oral deposition of AiPi on March 1, 2024, beginning at 9:00 am Reston time at 1800 Presidents Street, Reston, Virginia, 20190. The deposition will be recorded stenographically and may be videotaped.

A true and correct copy of the subpoena is attached.


Dated: January 18, 2024                    Respectfully submitted,


                                           /s/ Rachael D. Lamkin
                                           _____

                                           Rachael D. Lamkin (SBN 246066)
                                           Karan Singh Dhadialla (SBN 2966313)
                                           BAKER BOTTS L.L.P.
                                           101 California Street, Suite 3200
                                           San Francisco, CA 94111
                                           Tel: (415) 291-6200
                                           Fax: (415) 291-6300
                                           rachael.lamkin@bakerbotts.com
                                           karan.dhadialla@bakerbotts.com

                                           Sarah E. Piepmeier, Bar. No. 227094
                                           SPiepmeier@perkinscoie.com
                                           Elise S. Edlin, Bar No. 293756
                                           EEdlin@perkinscoie.com
                                           PERKINS COIE LLP
                                           505 Howard Street, Suite 1000
                                           San Francisco, California 94105
                                           Telephone: +1.415.344.7000
                                           Facsimile: +1.415.344.7050

                                           Janice L. Ta (appearance pro hac vice)
                                           JTa@perkinscoie.com
                                           PERKINS COIE LLP
                                           405 Colorado Street Suite 1700
                                           Austin, Texas 78701
                                           Telephone: +1.737.256.6100
                                           Facsimile: +1.737.256.6300

                                           Jassiem N. Moore (appearance pro hac vice)
                                           JassiemMoore@perkinscoie.com
                                           PERKINS COIE LLP
                                           1201 Third Avenue, Suite 4900
                                           Seattle, Washington 98101-3099
                                           Telephone: +1.206.359.8000
                                           Facsimile: +1.206.359.9000

                                           Brianna Kadjo, Bar No. 303336

BKadjo@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300
Facsimile: +1.303.291.2400

*Attorneys for Defendant- Counterclaim
Plaintiff, NETFLIX, INC.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this Subpoena.

Dated: January 18, 2024.

*/s/ Rachael D. Lamkin*
Rachael D. Lamkin

# Attachment A

## ATTACHMENT A

For purposes of this subpoena, the following definitions and instructions shall apply.

## DEFINITIONS

1.      "AiPi, LLC" "You," or "Your" refers to the person or entity to which this subpoena is directed and which is responding to these Requests for Production.

2.      "Valjakka," and "Plaintiff," refers to Lauri Valjakka, as well as any of its agents, directors, officers, employees, representatives, consultants, attorneys and any and all predecessor or successor companies and current or former affiliated entities, operations, corporations, or other business entities. These terms also mean any division, company, corporation, or other business entity currently or previously affiliated with or owned by Valjakka in whole or in part, or which owns Valjakka in whole or in part, including but not limited to Lauri Valjakka, and the directors, officers, agents, employees, representatives, consultants, and attorneys of any of them, including all persons subject to the direction or control of Valjakka, or who are acting or purporting to act on behalf of Valjakka.

3.      "Valjakka's Campaign" refers to all lawsuits filed by Valjakka asserting the Patents-in-Suit.

4.      "Netflix," and "Defendant" means Netflix, Inc., and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing.

5.      "CDN Licensing" means CDN Licensing Finland Oy (FI32431964).

6.      "Ramey" refers to Ramey, LLP, and any person, including William Ramey, or entity operating under its control or on its behalf including officers, directors, employees, representatives, consultants, agents, servants, attorneys (including but not limited to prosecution counsel), accountants, or any Person who served in any such roles at any time, as well as corporate parents, subsidiaries (whether wholly or partially owned), affiliates, divisions, predecessor companies (whether acquired by merger, consolidation or other means) or proprietorships, or any joint venture to which Ramey, or one of its corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, is a party.

7.      The term "'167 patent" means U.S. Patent No. 8,495,167, and the term "'102 patent" means U.S. Patent No. 10,726,102 referred to collectively as "the Asserted Patents" or "Patents-in-Suit."

8.      "Asserted Claim" means any claim of the Asserted Patents that is asserted by Plaintiff in this Action.

9.      "Related Patents" means all patents and patent applications relating to the Asserted Patents, including any patents or patent applications (including all published and unpublished pending and abandoned applications) from or through which the Asserted

Patents claims priority, any patents or patent applications (including all published and unpublished pending and abandoned applications) that claim priority from or through the Asserted Patents, any patents or patent applications (including all published and unpublished pending and abandoned applications) that claim priority to a patent or patent application to which the Asserted Patents also claims priority, and any foreign counterpart patents or patent applications (including all published and unpublished pending and abandoned applications) or any of the foregoing.

10.     "Enforcement Assets" refers to any and all proceeds, damages, litigation or licensing revenue, and any other monies received from the Patents-in-Suit and/or Valjakka's Campaign.

11.     "Accused Product" means any apparatus, product, device, process, method, act, or other instrumentality of Defendant that Plaintiff believes to infringe an Asserted Claim.

12.     "Prior Art" means anything that may possibly qualify as prior art under 35 U.S.C. §§ 102 and/or 103, whether or not Plaintiff disputes that the item is in fact prior art or disputes that the item anticipates or renders obvious any claim of the Asserted Patents.

13.     "Infringe" and "infringement" mean any and all types of infringement set forth in 35 U.S.C. § 271, including direct infringement, contributory infringement, inducement of infringement, literal infringement, and/or infringement under the doctrine of equivalents.

14.     "This Lawsuit, "this Litigation," "Action," "this Action," mean the case captioned: Lauri Valjakka v. Netflix, Inc., No. 4:22-cv-01490-JST, currently pending in the United States District Court for the Northern District of California, and any other related action if this Action is transferred to another venue.

15.     "Related Litigations" refer to all litigation matters brought by Valjakka involving or asserting one or more of the Asserted Patents.

16.     "Funders," and "Litigation Funders," refer to any and all alleged investors or partners with any interest, financial or otherwise, in the Asserted Patents and/or Enforcement Assets.

17.     "Agreement" and "Agreements" refer to any oral or written contract, arrangement, or understanding, whether formal or informal, implicit or explicit, between two or more persons or entities, together with all drafts thereof, and modifications and amendments thereto.

18.     "Documents" is equal in scope to the usage of that term in Federal Rule of Civil Procedure 34(a), and includes data stored electronically in any form or computerized data compilations. "Document(s)" also refers to and includes "tangible things" under Federal Rule of Civil Procedure 34. A draft or non-identical copy is a separate document within the meaning of this term.

19.     "Communication" means any transmission of information by any means, whether written or oral, and including letters, numbers, images, symbols, data, photographs, and sounds.

20.     "Person" and "entity" mean individuals and entities, including but not limited to all natural persons, businesses, firms, partnerships, associates, organizations, governmental units, joint ventures, corporations, and any other entities.

21.     "Concerns," "concerning," "referring to," and "relating to" mean identifying, referring to, concerning, evidencing, demonstrating, summarizing, reflecting, constituting, containing, embodying, mentioning, pertaining to, commenting upon, connected with, discussing, describing, analyzing, showing, comprising, or relating to in any way relevant to a particular subject, in whole or in part, either directly or indirectly.

22.     "Third Party" and "Third Parties" mean any person or entity that is not You, Valjakka, or Netflix.

23.     "Plaintiff's Complaint" or "Complaint" means the Complaint in the above referenced Action filed by Plaintiff against the Defendant, as well as any supplement thereto or amended version thereof.

24.     "Any" includes "all" and "all" includes "any."

25.     "And" and "or" are terms of inclusion and not of exclusion and should be construed disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any documents or responses that might otherwise be construed to be outside their scope.

26.     "Related to," "relating to," and "concerning," when referring to any given subject matter, means concerning, regarding, comprising, containing, embodying, identifying, illustrating, stating, dealing with, involving, mentioning, referring to, related to, supporting, favoring, opposing, negating, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing, constituting, or being.

27.     The singular form of any term includes the plural, and the plural form of any term includes the singular.

28.     The present tense of any verb includes the simple past, past perfect, simple future, and future perfect tenses. For example, "use" includes "used," "will use," "had/has used," and "will have used."

29.     "Including" means including without limitation, so that if an interrogatory provides an example of the type of information you are asked to provided, your response is not limited to that example.

30.     Definitions and terminology used herein are used for convenience and do not intend or imply any particular technical meaning or meaning for any term or phrase of any patent.

## **INSTRUCTIONS**

The following instructions shall apply to each of the Document Requests herein:

1.     Each Request for Documents and Things seeks production of the Documents and Things in their entirety, without abbreviation or expurgation, including all attachments or affixed materials.

2.     Your responses to these requests shall be in accordance with Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and the Court's orders in this action.

3.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, You shall serve a written response within the time specified after the service of these Requests stating that, with respect to each Request, the inspection and related activities will be permitted as requested, unless the Request is objected to, in which event the response shall state the grounds for the objection and which Documents are being withheld based on each objection. If the objection is made as to only part of a Request, that part shall be specified.

4.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, You are obligated either to produce all Documents or Things as those Documents or Things are kept in the usual course of business or to organize and label those Documents or Things to correspond with the categories in these Requests, so that Defendant may readily ascertain the files in which they are located, their relative order in the files, and how the files are maintained. ***Documents expressly include emails.***

5.     For every objection to a Request on the grounds of privilege, answer the Request with such non-privileged information as is responsive, and then provide the following information for each Document or Thing that You claim to be privileged or protected from disclosure by the work product doctrine:

   a.   The name and job title of each author, writer, or sender of the Documents or Thing;

   b.   The name and job title of each recipient, addressee, or other Person to whom the original or any copy of the Document or Thing was sent or furnished and, where not ap-parent, the relationship of each recipient, addressee, or other Person to the author, writer, or sender of the Document or Thing;

   c.   The date and title of each Document or Thing;

   d.   The general subject matter of the Document or Thing or the nature of the information withheld as privileged; and

     e.   The basis for Your claim of privilege or protection from disclosure by the work product doctrine.

    6.     You are to search all documents within your possession, custody, or control, wherever located, including but not limited to any documents placed in storage facilities, email correspondence, or documents in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf, in order to fully respond to the requests herein. ***Email must be searched and provided***. ***To extent you use search terms to search for email correspondence, such terms must be provided to Netflix in advance so that the parties can meet and confer on any search term modifications***.

    7.     These Requests call for all information (including any information contained in or on any Document, as that term is defined) that is known or available to You.

    8.     You are to produce the original and each non-identical copy or draft of each document requested herein that is in Your possession, custody or control in its entirety, without abbreviation or redaction.

    9.     All documents maintained by You in an electronic format should be produced in their native electronic format or in another format that allows the Documents to be loaded onto a computer and electronically searched, in accordance with the stipulation regarding electronic discovery to be agreed to by the parties.

    10.   All documents produced by You in response to these Requests should include a production number.

    11.   If you do not produce each document or thing requested herein as they are kept in the usual course of business, you must organize and label the documents or things produced to correspond with the particular document request to which the document or thing is responsive.

    12.   If any of the documents requested herein are no longer in your possession, custody or control, you are requested to identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies, and to provide a summary of its pertinent contents.

    13.   If any document responsive to these requests has been destroyed, describe the content of such document, the location of any copies of such document, the date of such destruction and the name of the person who ordered or authorized such destruction.

    14.   If, in answering any of the Requests, you claim ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be interposed as a basis for refusing to respond, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation used in responding to the Request.

    15.   Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests shall be deemed continuing, so as to require further and supplemental responses if You obtain or discover additional information between the time of Your initial responses and the time of any hearing or trial.

16.     None of the definitions or Requests set forth below shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definition or Request.  Further, by serving these Requests, Defendant does not concede that any product or functionality identified in the Operative Complaint or Plaintiff's Infringement Contentions was properly included in this Action.

## REQUEST FOR PRODUCTION

As noted above and for each Request herein, ***Documents and Communications expressly include emails. Any search terms used by You must be provided to Netflix prior to search so that the Parties can meet and confer regarding said searches.***

## REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications between You and any Person or entity concerning CDN Licensing.

Your production must include, *inter alia*, all Documents and Communications: (i) between You and Onni Hietalahti, Valjakka, Ramey, and any alleged Litigation Funders; (ii) concerning any Agreements, formal or informal, in writing or otherwise, involving CDN Licensing, including with Valjakka, Kenealy Vaidya, IP Case Group 1 LLC, IPRA, and any other actual or prospective Litigation Funders; (iii) concerning CDN Licensing's finances, assets, and/or liabilities, from its formation to the present, including but not limited to any bank statements, credit card statements, balance sheets, ledgers, invoices, receipts, contracts, Agreements, leases, titles, bills, mortgages, loans, liens, statements or estimates of value, accounts payable, accounts receivable, and/or additional documents reflecting any consideration that has been, was intended to be, or is to be transferred to or from CDN Licensing.

As noted above and for each Request herein, ***Documents and Communications expressly include emails.***

## REQUEST FOR PRODUCTION NO. 2:

Any agreements and Communications between You and Valjakka and between You and CDN Licensing, including any engagement letter or retention agreement and any agreement related to the Asserted Patents, the Enforcement Assets, Valjakka's Campaign or Your financial interest of any kind in the outcome of this Litigation, Valjakka's Campaign, or any Related Litigation.

## REQUEST FOR PRODUCTION NO. 3:

Any Documents and Communications concerning any transfer or potential transfer of the Asserted Patents, the Enforcement Assets, and any transfers of any funds or assets to or from CDN Licensing, including, but not limited to, Documents received by You from or provided to You by, and Communications between and among You and, any of Ramey, Kenealy Vaidya, IPRA, CDN Licensing, and any other actual or prospective Litigation Funders.

## REQUEST FOR PRODUCTION NO. 4:

Any Documents and Communications concerning agreements, formal or informal, in writing or otherwise, between You and Valjakka, Kenealy Vaidya, IPRA, CDN Licensing, Ramey, and any other actual or prospective Litigation Funders, or any other person or entity with any interest

of any kind in this Litigation or the Asserted Patents, the Enforcement Assets, or Valjakka's Campaign.

**REQUEST FOR PRODUCTION NO. 5:**

Any Documents and Communications concerning any actual or potential bankruptcy or restructuring proceedings involving Valjakka and CDN Licensing.

**REQUEST FOR PRODUCTION NO. 6:**

Any Documents and Communications pertaining to Your business relationship with Ramey, including any engagement agreements or any emails referencing any aspect of Your business relationship with Ramey.

**REQUEST FOR PRODUCTION NO. 7:**

Any Communications with Valjakka pertaining to this Litigation, the Patents-in-Suit, or Valjakka's Campaign.

**REQUEST FOR PRODUCTION NO. 10:**

Any Documents and Communications with any Funders pertaining to this Litigation, the Patents-in-Suit, or Valjakka's Campaign.

**REQUEST FOR PRODUCTION NO. 11:**

Any agreements with any Funders pertaining to this Litigation, the Patents-in-Suit, or Valjakka's Campaign.

**REQUEST FOR PRODUCTION NO. 12:**

Any Documents, agreements, and Communications with Ramey pertaining to this Litigation, the Patents-in-Suit, or Valjakka's Campaign.

**REQUEST FOR PRODUCTION NO. 13:**

Any Documents and Communications pertaining to any payments to Ramey pertaining to this Litigation, the Patents-in-Suit, or Valjakka's Campaign.

**REQUEST FOR PRODUCTION NO. 14:**

Any Documents and Communications pertaining to any payments to any Funders pertaining to this Litigation, the Patents-in-Suit, or Valjakka's Campaign.

**REQUEST FOR PRODUCTION NO. 15:**

Any Documents, agreements, and Communications with Whitestone Law pertaining to this Litigation, the Patents-in-Suit, or Valjakka's Campaign.

**REQUEST FOR PRODUCTION NO. 16**:

     Any Documents, agreements, and Communications pertaining to paragraph nos. 1-9 and 13-18, of Mr. Joseph Zito's declaration, Dkt. No. 66-1, filed in California Innovations v. Ice Rover, Case No. 1:22-cv-01986.

**REQUEST FOR PRODUCTION NO. 17**:

     Any Documents, agreements, and Communications pertaining to the Enforcement Assets.

## DEPOSITION TOPICS

**TOPIC NO. 1:**

     Your knowledge of CDN Licensing, including its creation, formation, and cancelation.

**TOPIC NO. 2:**

     The relationship between and among You and (1) Valjakka, (2) Litigation Funders, (3) CDN Licensing; (4) Ramey, (5) IPRA, and (6) Kenealy Vaidya.

**TOPIC NO. 3:**

     Any transfers of the Enforcement Assets or any other funds and/or assets, including to or from You, to or from Valjakka, and to or from any other Person or entity.

**TOPIC NO. 4:**

     Agreements and Communications between You and Valjakka concerning any transfers of any rights, assets, and monies to or from You or any other Person, including but not limited to, rights, assets, and monies related to the Asserted Patents or the Enforcement Assets to or from You, CDN Licensing, Valjakka, or any other Person or entity.

**TOPIC NO. 5:**

     Your knowledge of the role, purpose, finances, and financial position of CDN Licensing. This includes whether CDN Licensing is insolvent or near insolvency.

**TOPIC NO. 6:**

     Your agreements with any Litigation Funders pertaining to this Litigation, the Patents-in-Suit, or Valjakka's Campaign.

**TOPIC NO. 7:**

     Your agreements with Ramey pertaining to this Litigation, the Patents-in-Suit, or Valjakka's Campaign.

**TOPIC NO. 8:**

Your agreements with Valjakka pertaining to this Litigation, the Patents-in-Suit, or Valjakka's Campaign.

**TOPIC NO. 9:**

Your payments to any Litigation Funders pertaining to this Litigation, the Patents-in-Suit, or Valjakka's Campaign.

**TOPIC NO. 10:**

Your payments to Ramey pertaining to this Litigation, the Patents-in-Suit, or Valjakka's Campaign.

**TOPIC NO. 11:**

Your payments to Valjakka pertaining to this Litigation, the Patents-in-Suit, or Valjakka's Campaign.

**TOPIC NO. 12:**

Your knowledge of any decisions to disclose CDN pursuant to the Northern District of California Local Rules or Netflix's interrogatories, and documents/emails relating to that.

**TOPIC NO. 13:**

Paragraph nos. 1-9 and 13-18, of Mr. Joseph Zito's declaration, Dkt. No. 66-1, filed in California Innovations v. Ice Rover, Case No. 1:22-cv-01986.

**TOPIC NO. 14:**

The Enforcement Assets, including but not limited any actions taken by You pertaining to the collection, processing, and distribution of said Assets.

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

**OAKLAND DIVISION**

11

12

LAURI VALJAKKA,                                    Case No. 4:22-cv-01490-JST

13
              Plaintiff,                           ~~[PROPOSED]~~ **ORDER GRANTING**
                                                   **DEFENDANT NETFLIX, INC.'S MOTION**
14
       v.                                          **FOR LEAVE TO AMEND THE**
                                                   **SCHEDULING ORDER ON NARROW**
15                                                 **GROUNDS TO ALLOW MINIMAL,**
NETFLIX, INC.,                                     **TARGETED CUVTA DISCOVERY**
16
              Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

1    Before this Court is Defendant Netflix, Inc.'s Motion for Leave to Amend the Scheduling

2    Order on Narrow Grounds to Allow Minimal, Targeted CUVTA Discovery.  After considering the

3    Motion, the papers filed in support and in opposition to said motion, the pleadings and documents

4    on file in this case, and such other evidence and argument presented at hearing on this motion,

5    hereby orders the following:

6        IT IS HEREBY ORDERED that Netflix Inc.'s request for CUVTA Discovery is

7    GRANTED.  Netflix may take the following discovery: (i) one three (3) hour deposition of Valjakka

8    limited to the CUVTA issue, (ii) one three (3) hour deposition of CDN Licensing's CEO limited to

9    the CUVTA issue, (iii) a single discovery request seeking documents related to the formation and

10   purpose of CDN Licensing, (iv) five (5) interrogatories limited to the CUVTA issue, and (v) five

11   (5) requests for admission limited to the CUVTA issue.  Plaintiff shall make the deposition witnesses

12   available in October ~~September~~, 2023.

13

14

15   Dated:  September 28   , 2023

16

17   JON S. TIGAR
     United States District Judge

18

19

20

21

22

23

24

25

26

27

28

1   Sarah E. Piepmeier, Bar No. 227094
    SPiepmeier@perkinscoie.com
2   Elise Edlin, Bar No. 293756
    EEdlin@perkinscoie.com
3   PERKINS COIE LLP
    505 Howard Street, Suite 1000
4   San Francisco, California 94105
    Telephone: +1.415.344.7000
5   Facsimile:  +1.415.344.7050

6   Janice L. Ta (admitted *pro hac vice*)
    JTa@perkinscoie.com
7   PERKINS COIE LLP
    405 Colorado Street Suite 1700
8   Austin, Texas 78701
    Telephone: +1.737.256.6100
9   Facsimile:  +1.737.256.6300

10  Jassiem N. Moore, (admitted *pro hac vice*)
    JassiemMoore@perkinscoie.com
11  PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
12  Seattle, Washington 98101-3099
    Telephone: +1.206.359.8000
13  Facsimile:  +1.206.359.9000

14  Brianna Kadjo, Bar No. 303336
    BKadjo@perkinscoie.com
15  PERKINS COIE LLP
    1900 Sixteenth Street, Suite 1400
16  Denver, Colorado 80202-5255
    Telephone: +1.303.291.2300
17  Facsimile:  +1.303.291.2400

18  *Attorneys for Defendant NETFLIX, INC.*

19              **UNITED STATES DISTRICT COURT**

20              **NORTHERN DISTRICT OF CALIFORNIA**

21

22  LAURI VALJAKKA,                    **Case No. 4:22-cv-01490-JST**

23              Plaintiff,             **NETFLIX, INC.'S [PROPOSED] CASE
                                       SCHEDULE**
24          v.
                                       Judge:    Hon. JON S. TIGAR
25  NETFLIX, INC.,

26              Defendant.

27

28

**TO THE HON. JON S. TIGAR, UNITED STATES DISTRICT JUDGE, NORTHERN DISTRICT OF CALIFORNIA:**

Pursuant to this Court's November 28, 2023 Minute Entry (ECF No. 237), Defendant Netflix, Inc. ("Defendant" or "Netflix") hereby submits the following trial schedule, or as suits the Court. Counsel for Netflix emailed counsel for Plaintiff, but has not received confirmation of agreement by the time of this filing.

| Date | Description |
|------|-------------|
| 06/06/2024 | Opening dispositive motions and *Dauberts* |
| 07/25/2024 | L/D to meet and confer re settlement of case, preparation of joint pretrial statement, preparation and exchange of pretrial materials, and clarifying and narrowing contested issues for trial. |
| 07/25/2024 | L/D to exchange copies of all exhibits, summaries, charts, schedules, diagrams, and other similar documentary materials to be used in case-in-chief, together with list of proposed exhibits |
| 07/25/2024 | L/D to exchange: 1) Witness list live; 2) witness by deposition list with excerpts; 3) exhibit list |
| 07/30/2024 | L/D to file MILs |
| 08/08/2024 | L/D to file and serve: 1) jury voir dire questions; 2) proposed jury instructions; 3) proposed jury verdict forms; 4) witness lists; 5) exhibit lists; and 6) joint pretrial statement |
| 08/13/2024 | L/D to file oppositions to MILs |
| 08/16/2024 | Pretrial Conference / Hearing on Dispositive Motions |
| 08/29/2024 | L/D to serve pre-marked exhibits to clerk's office. |
| 09/03/2024 | L/D to serve optional trial brief |
| 09/09/2024 | Trial |

Dated: December 5, 2023

Respectfully submitted,

PERKINS COIE, LLP

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Janice L. Ta (admitted *pro hac vice*)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile:  +1.737.256.6300

Jassiem N. Moore, (admitted *pro hac vice*)
JassiemMoore@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

Brianna Kadjo, Bar No. 303336
BKadjo@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300
Facsimile:  +1.303.291.2400

**Attorney for Defendant Netflix, Inc.**

1  **IT IS SO ORDERED.**

2

3

4  Dated: _____     By: _____
                                       HON. JON S. TIGAR
5                                      UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAURI VALJAKKA,

          Plaintiff,

    v.

NETFLIX INC,

          Defendant.

Case No. 22-cv-01490-JST

**ORDER REGARDING CASE SCHEDULE**

Re: ECF No. 246

      The Court held a case management conference on November 28, 2023.  At the conference, the Court ordered the parties to meet and confer about, and make a joint proposal regarding, a new trial date.  ECF No. 237.  If the parties are unable to agree, the Court instructed them to submit competing proposals.  *Id.*  Joint or competing proposals were due on December 5, 2023.  *Id.*

      Defendant Netflix Inc. timely submitted its proposal.  ECF No. 246.  Plaintiff Valjakka did not file a proposal.  The Court adopts Netflix's proposed schedule.

| Date | Description |
|---|---|
| 06/06/2024 | Opening dispositive motions and Dauberts |
| 07/25/2024 | L/D to meet and confer re settlement of case, preparation of joint pretrial statement, preparation and exchange of pretrial materials, and clarifying and narrowing contested issues for trial. |
| 07/25/2024 | L/D to exchange copies of all exhibits, summaries, charts, schedules, diagrams, and other similar documentary materials to be used in case-in-chief, together with list of proposed exhibits |
| 07/25/2024 | L/D to exchange: 1) Witness list live; 2) witness by deposition list with excerpts; 3) exhibit list |

*United States District Court*
*Northern District of California*

| 07/30/2024 | L/D to file MILs |
|---|---|
| 08/08/2024 | L/D to file and serve:<br><br>1) jury voir dire questions;<br>2) proposed jury instructions;<br>3) proposed jury verdict forms;<br>4) witness lists;<br>5) exhibit lists; and<br>6) joint pretrial statement |
| 08/13/2024 | L/D to file oppositions to MILs |
| 08/16/2024 | Pretrial Conference / Hearing on Dispositive Motions |
| 08/29/2024 | L/D to serve pre-marked exhibits to clerk's office. |
| 09/03/2024 | L/D to serve optional trial brief |
| 09/09/2024 | Trial |

**IT IS SO ORDERED.**

Dated: December 8, 2023



JON S. TIGAR
United States District Judge

Susan S.Q. Kalra (CA State Bar No. 16740)
Email: skalra@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (800) 993-7499
Fax: (832) 900-4941

William P. Ramey, III (Admitted pro *hac vice*)
Email: wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorneys for Plaintiff*
LAURI VALJAKKA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **LAURI VALJAKKA,**<br><br>Plaintiff,<br><br>v.<br><br>**NETFLIX, INC.,**<br><br>Defendant. | Case No. 4:22-CV-01490-JST<br><br>**PLAINTIFF'S UNOPPOSED MOTION TO AMEND CASE SCHEDULE**<br><br>Judge:    Hon. Jon S. Tigar |

PLAINTIFF'S UNOPPOSED MOTION TO AMEND CASE SCHEDULE - Case No. 4:22-CV-01490-JST

162113044.1

Plaintiff Lauri Valjakka ("Valjakka") respectfully submits this Unopposed Motion to Amend Case Schedule.

On January 10, 2023, the Court entered the Case Schedule.[1]  Good case exists to amend the schedule.  The parties have been working to conduct fact discovery and schedule fact witness depositions, but additional time is needed to complete the process. The parties anticipate that providing an extension of <u>four additional weeks</u> should be sufficient to complete fact and expert discovery, as indicated in the proposed Amended Case Schedule provided below.  The proposed extension therefore would not cause prejudice to either party and is in the interest of justice.

Additionally, although the proposed Amended Case Schedule involves shifting the summary judgment / Daubert briefing (including Opening, Response, and Reply) deadlines by <u>two weeks</u>, the parties' proposal does not impact the Court's previously scheduled hearing date on the summary judgment / Daubert motions, the pretrial conference date, or the trial date.

| Current Date | Proposed Amended Date | Description |
|---|---|---|
| 05/12/2022 | **06/14/2023** | Close of fact discovery |
| 05/19/2023 | **06/16/2023** | Deadline to file discovery motions relating to fact discovery |
| 06/02/2023 | **06/30/2023** | Opening expert reports due |
| 07/14/2023 | **08/11/2023** | Rebuttal expert reports due |
| 08/11/2023 | **09/08/2023** | Close of expert discovery |
| 09/08/2023 | **9/22/2023** | Opening summary judgment / Daubert briefs |

---

[1] Doc. No. 77

PLAINTIFF'S UNOPPOSED MOTION TO AMEND CASE SCHEDULE - Case No. 4:22-CV-01490-JST

162113044.1

| 09/22/2023 | **10/6/2023** | Response summary judgment / Daubert briefs |
|---|---|---|
| 09/29/2023 | **10/13/2023** | Reply summary judgment / Daubert briefs |
| 10/19/2023<br><br>2:00pm PST | ~~10/19/2023    2:00 PST,  or  TBD  by Court~~<br><br>**11/2/2023** | Hearing on summary judgment/Daubert briefs |
| 1/12/2024, 2:00pm PST | 1/12/2024, 2:00pm PST,  ~~or  TBD  by Court~~ | Pretrial Conference |
| 02/05/2024, 8:00am PST | 02/05/2024, 8:00am   PST,   ~~or TBD by Court~~ | Trial |

## <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff Lauri Valjakka respectfully asks the Court to grant its

Unopposed Motion to enter the Amended Case Schedule, as reflected above.

Dated: May 11, 2023                                Respectfully submitted,

                                                                    RAMEY LLP

                                        By:    /s/ Susan S.Q. Kalra
                                                    Susan S. Q. Kalra CA SBN 167940
                                                    5020 Montrose Blvd., Suite 800
                                                    Houston, Texas 77006
                                                    Telephone: (800) 993-7499
                                                    Fax: (832) 900-4941
                                                    Email: skalra@rameyfirm.com


                                        By:    /s/ William P. Ramey, III
                                                    William P. Ramey III (Admitted *pro hac vice*)
                                                    5020 Montrose Blvd., Suite 800
                                                    Houston, Texas 77006
                                                    Telephone: (713) 426-3923
                                                    Fax: (832) 689-9175
                                                    Email: wramey@rameyfirm.com

                                                    *Attorneys for Plaintiff*
                                                    *LAURI VALJAKKA*

PLAINTIFF'S UNOPPOSED MOTION TO AMEND CASE SCHEDULE - Case No. 4:22-CV-01490-JST

3

DATED: May 11, 2023  PERKINS COIE LLP

By: /s/ Elise S. Edlin
Sarah E. Piepmeier, Bar. No. 227094
spiepmeier@perkinscoie.com
Elise S. Edlin, Bar. No. 293756
eedlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta (admitted pro hac vice)
jta@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Jassiem N. Moore (admitted pro hac vice)
Jassiemmoore@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

*Attorneys for Defendant*
*NETFLIX, INC.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules, the counsel for Plaintiff and counsel for Defendant have met and conferred telephonically on May 9, 2023 regarding the matters stated above. Defendant has indicated that it is unopposed.

RAMEY LLP

By: /s/ Susan S.Q. Kalra
Susan S. Q. Kalra SBN 167940

PLAINTIFF'S UNOPPOSED MOTION TO AMEND CASE SCHEDULE - Case No. 4:22-CV-01490-JST

4

162113044.1

## PROPOSED ORDER

IT IS HEREBY ORDERED that the above Amended Case Schedule is approved.

**IT IS SO ORDERED.**

DATED: _____May 18, 2023_____



_____

Hon. Jon S. Tigar

PLAINTIFF'S UNOPPOSED MOTION TO AMEND CASE SCHEDULE - Case No. 4:22-CV-01490-JST

162113044.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

|  |  |
|---|---|
| AiPi, LLC<br>      *Movant,*<br><br><br>v.<br><br>NETFLIX, INC.<br>      *Respondant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **Civil Action No.: 24-mc-2** |

## PROPOSED ORDER GRANTING

## MOTION TO QUASH SUBPOENA OF MOVANT

Movant AiPi, LLC pursuant to Federal Rule of Civil Procedure 45, having moved this

Court for an Order quashing the subpoena served on AiPi on January 24, 2024 by Netflix, Inc.

("Netflix") in connection with the currently pending lawsuit in the Northern District of

California: *Lauri Valjakka v. Netflix Inc., No. 4:22-cv-01490-JST,* for the reasons presented in the

Motion and having considered all of the briefing and arguments of the parties,

THIS COURT does hereby:

GRANT the requested relief and the subpoena of Movant AiPi, LLC is quashed and void.

In addition, This Court grants movant's reasonable costs and fees in bringing this motion.

SO ORDERED THIS _____ day of _____, 2024

_____

United States District Judge