# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| AiPi, LLC, | § § | |
| Movant, | § § § | Civil Action No. 24-mc-2 (LMB/WEF) |
| v. | § § § | |
| NETFLIX, INC., | § § | |
| Respondent. | § § § | |

## RESPONDENT NETFLIX, INC.'S OPPOSITION TO MOVANT AiPi, LLC's
## MOTION TO QUASH THE SUBPOENA

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1
II. LEGAL STANDARD ........................................................................................................... 2
III. ARGUMENT ......................................................................................................................... 3
    A. The Motion to Quash Should Be Denied Because AiPi Failed to Meet and Confer before Filing. ........................................................................................................... 3
    B. AiPi Promised to Participate in Third-Party Discovery. ......................................... 3
    C. AiPi's Subpoena Is Valid. ........................................................................................ 4
        i. The subpoena provided two weeks' notice before the requested date for document production, and over six (6) weeks before the requested date for deposition. ..................................................................................................... 4
        ii. The Proof of Service properly reflects that AiPi was served on January 18. ....................................................................................................................... 5
        iii. Netflix properly served Joe Zito. ................................................................ 5
        iv. The subpoena references the appropriate Federal Rules of Civil Procedure. ....................................................................................................................... 6
        v. Rule 34 governs document requests to parties, not subpoenas to non-parties. ......................................................................................................... 7
    D. Discovery Has Not Closed in the California Action. ............................................. 8
    E. AiPi's Summary Judgment Argument Is a Red-Herring. ...................................... 9
    F. Netflix Will Extend Any Reasonable Professional Courtesy and Accommodation to AiPi. ................................................................................................................... 9
IV. CONCLUSION .................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Cook v. Howard*,
    484 F. App'x 805 (4th Cir. 2012) ....................................................................................7

*Garcia v. I.N.S.*,
    222 F.3d 1208 (9th Cir. 2000) ........................................................................................6

*Huynh v. Barr*,
    809 F. App'x 452 (9th Cir. 2020) ...................................................................................6

*In re Subpoenas for Documents Issued to ThompsonMcMullan, P.C.*,
    No. CV 3:16-MC-1, 2016 WL 1071016 (E.D. Va. Mar. 17, 2016) ...............................7

*Stoney Glen, LLC v. S. Bank & Tr. Co.*,
    No. 2:13cv8-HCM-LRL, 2013 WL 5514293 (E.D. Va. Oct. 2, 2013) ...........................7

*Union First Market Bank v. Bly*,
    No. 3:13-CV-598, 2014 WL 66834 (E.D. Va. Jan. 6, 2014) .........................................7

*Valjakka v. Netflix*,
    Case No. 4:22-cv-01490-JST (N.D. Cal.) ..........................................................1, 2, 5, 7, 8

**OTHER AUTHORITIES**

E.D. Va. Dkt. No. 1-1 ..........................................................................................4, 5, 6, 7, 8, 9

E.D. Va. Dkt. No. 6-7 ..........................................................................................4, 5, 6, 7, 8, 9

Fed. R. Civ. P. 5(b)(1) ................................................................................................................6

Fed. R. Civ. P. 37(d)(3) ..............................................................................................................3

Fed. R. Civ. P. 45(d)(2)(B) ........................................................................................................8

Fed. R. Civ. P. 45(d)(3)(A) ....................................................................................................2, 8

L.Civ. R. 37(E) ...........................................................................................................................3

L.Civ. R. 37(H) ..........................................................................................................................3

I.  **INTRODUCTION**

Netflix served the subpoena at-issue upon Movant AiPi at its own invitation. In *Valjakka v. Netflix*, Case No. 4:22-cv-01490-JST (N.D. Cal.) (the "California action"), the same attorney who filed AiPi's motion before this Court submitted a sworn declaration averring, "AiPi . . . is ready and willing to comply with any discovery requests directed thereto." Dkt. No. 233-1, ¶ 27 (Lamkin Decl., Exh. A); *see also* Dkt. No. 233, 2:11-12, 3:5-7, 9:16-18 (Lamkin Decl., Exh. B).[1] Given AiPi's repeated representations to the California court that it would comply with any third-party discovery requests, Netflix served the subpoena at-issue. AiPi's Motion to Quash upends those promises.

In the California action, Plaintiff Valjakka sued Netflix for alleged patent infringement. The court dismissed his patent-related claims for lack of standing because Valjakka did not in fact own the patent he was asserting. Dkt. No. 257. The court also found it likely that Valjakka had fraudulently transferred assets to avoid paying Netflix's attorney's fees and enjoined Valjakka and his agents (including AiPi) from transferring their assets until Netflix's California Uniform Fraudulent Transfer Act ("CUVTA") claim could be resolved. Dkt. Nos. 176, 204.

Netflix also moved to join AiPi in the California action because AiPi (i) secretly acted as Valjakka's counsel during the pendency of that litigation; (ii) is the entity that funded and ultimately controls Valjakka's litigations; and (iii) both Valjakka and AiPi failed to honor the California court's preliminary injunction mandating that Valjakka and his agents cease transfer of all assets implicated in Netflix's CUVTA claim. Dkt. No. 217. In its November 24, 2023 opposition to joinder, AiPi submitted a declaration to the California court stating, "AiPi as a third party, will comply fully with the [preliminary injunction] and is ready and willing to comply with

---

[1] Unless otherwise noted, the docket numbers refer to the underlying California action.

1

any discovery requests directed thereto." Dkt. No. 233-1, ¶ 27 (Lamkin Decl., Exh. A). In addition to the Lund declaration, AiPi repeatedly stated that it was "ready and willing" to fully participate in and cooperate with any discovery requests, and therefore Netflix could obtain its needed discovery from AiPi without AiPi being joined as a party. Dkt. No. 233, 2:11-12, 3:5-7, 9:16-18 (Lamkin Decl., Exh. B). Materially, AiPi stated that "AiPi has on numerous occasions expressed complete willingness to comply with any and all discovery requests, if only Netflix's counsel would ask instead of filing motions to join." *Id.*, at 9:16-18. Netflix thereafter served the subpoena at-issue. In response, AiPi filed the instant motion to quash, and did so without making any efforts to meet and confer with Netflix prior or since.

Finally, AiPi's recitations of the facts in its motion are not faithful to the California action: (1) AiPi was properly served; (2) CUVTA discovery is not closed; (3) and summary judgment was granted as to the patent matter, not the CUVTA matter, which is set for trial on September 9, 2024.

## II.     LEGAL STANDARD

Local Civil Rule 45(E) states, "subpoenas for attendance of witnesses at hearings or trials in civil actions shall be served not later than fourteen (14) days before the date of the hearing or trial." Local Civil Rule 45(F) states, "Except as otherwise ordered by the Court for good cause shown, subpoenas compelling attendance at a deposition shall be served not later than eleven (11) days before the date of the deposition."

According to Federal Rule of Civil Procedure 45, courts have discretion to modify or quash a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A).

2

## III. ARGUMENT

### A. The Motion to Quash Should Be Denied Because AiPi Failed to Meet and Confer before Filing.

Local Civil Rule 37 provides that no discovery motions may be filed "until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy." L.Civ. R. 37(E). The rule further states that the Court "will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue." *Id*. Additionally, if any party or attorney fails to comply with Rule 37 or "otherwise fail[s] or refuse[s] to meet and confer in good faith in an effort to narrow the areas of disagreement … sanctions provided by Fed. R. Civ. P. 37 may be imposed." L. Civ. R. 37(H). Federal Rule of Civil Procedure 37, in turn, allows for a myriad of sanctions, which includes paying the reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37(d)(3).

### B. AiPi Promised to Participate in Third-Party Discovery.

Upon realizing that AiPi was violating the California court's preliminary injunction, among other concerns, Netflix moved to join AiPi as a defendant to Netflix's CUVTA claim. Dkt. No. 217.

Plaintiff Lauri Valjakka filed a Notice of Non-Opposition to Netflix's Motion to Join AiPi, in which he stated that he "is not opposed to the joinder of AiPi, LLC[.]" Dkt. No. 223 at 2.

As noted above, on November 24, 2023, AiPi filed an opposition brief. Lamkin Decl., Exh. B. AiPi argued that it need not be joined as a party because it "has fully cooperated as a third party and remains available for any discovery as a third party." Dkt. No. 233, 2:11-12, 3:5-7, 9:16-18 (Lamkin Decl., Exh. B). AiPi even chastised Netflix for not serving Rule 45 discovery: "AiPi has

3

on numerous occasions expressed complete willingness to comply with any and all discovery requests, if only Netflix's counsel would ask instead of filing motions to join." *Id*., at 9:16-18.

After the motion was fully briefed, on January 5, 2024, the Court entered a Clerk's Notice Vacating Motion Hearing, which stated that the Court found Netflix's Motion to Join AiPi and Netflix's Motion for an Order to Show Cause to be suitable for disposition without oral argument. Dkt. No. 256. The Court has not yet entered a ruling on Netflix's Motion to Join AiPi.

Regardless, Netflix took AiPi at its word and served Rule 45 discovery. AiPi should not be allowed to avoid its promised discovery here.

### C. AiPi's Subpoena Is Valid.

#### i. The subpoena provided two weeks' notice before the requested date for document production, and over six (6) weeks before the requested date for deposition.

AiPi incorrectly contends that the subpoena "calls for a deposition to take place five days prior to its actual service." E.D. Va. Dkt. No. 1-1, 6-7. AiPi claims the subpoena was only "officially served" on January 24, and that it "sets a deposition date of January 18, 2024, at 11:06 am." E.D. Va. Dkt. No. 1-1, 6. That sentence was clearly a typo in the cover document of the subpoena as January 18, 2024 was the day the Rule 45 subpoena was served via email. But the date on the actual notice set the deposition date six weeks later, on March 1, 2024. E.D. Va. Dkt. No. 1-3, 4.

As for documents, Netflix requested that AiPi produce the requested documents "within fourteen (14) days of service of this subpoena, *i.e*., February 1, 2024." E.D. Va. Dkt. No. 1-3, 4. Additionally, after service, Netflix unilaterally offered AiPi additional time and further professional courtesies.

On January 24, 2024, Netflix wrote to AiPi's counsel and stated:

4

> As you know, AiPi was served by a process server yesterday. If AiPi needs additional time to produce the requested documents, we can extend that deadline a week, *i.e.*, to February 8, 2024. We will need a full production, including privilege log, if any, on that date in order to prepare for the noticed deposition of AiPi.
>
> As you also know, the 30.b.6 deposition of AiPi is noticed for March 1 in Reston Virginia. As a courtesy, if your client would like to have that depo at Whitestone [AiPi's lawfirm], we can accommodate that request. Please advise. Either way, the deposition will go forward on the noticed date of March 1, 2024.

Lamkin Decl., Exh. C.

AiPi ignored Netflix's communications and instead filed the present motion to quash. Regardless, AiPi was given sufficient time under Local Rule 45 to respond. *See* Local Civil Rule 45(F) (indicating 11 days is sufficient for deposition notice). And if AiPi needed more time, it could have simply asked.

### ii. The Proof of Service properly reflects that AiPi was served on January 18.

AiPi complains that the Proof of Service was "filled out improperly." E.D. Va. Dkt. No. 1-1, 7. The subpoena's Proof of Service accurately states that AiPi was served via its counsel, Joseph Zito, on January 18, 2024, by Netflix's counsel Rachael Lamkin. Ms. Lamkin did in fact serve Mr. Zito via email on January 18, 2024. Lamkin Decl., Exh. C; Lamkin Decl., ¶ 6.

Nor is there any dispute that AiPi's counsel received the subpoena via email on January 18. And, as AiPi admits in its motion, its counsel was served by a process server on January 23, 2024.[2]

### iii. Netflix properly served Joe Zito.

AiPi claims that it was not properly served because Joe Zito was served, not AiPi. AiPi MTQ, E.D. Va. Dkt. No. 1-1, 7-8. Joe Zito is counsel of record for AiPi in the California action and in this matter. And, as Netflix already explained to Mr. Zito via email on January 24, 2024,

---

[2] Netflix also served AiPi directly via process server on January 25, 2024. Lamkin Decl., Exh. E.

"Service upon counsel of record constitutes proper service under the Federal Rules." Lamkin Decl., Exh. D (citing Fed. R. Civ. P. 5(b)(1), *Garcia v. I.N.S.*, 222 F.3d 1208, 1209 (9th Cir. 2000); *Huynh v. Barr*, 809 F. App'x 452, 453 (9th Cir. 2020); Dkt. Nos. 234, 236). Mr. Zito did not respond to that email either, but he was informed that service upon his person was proper service. And in addition to serving its counsel of record, out of an abundance of caution, Netflix served AiPi directly on January 25, 2024. Lamkin Decl., Exh. E.

### iv. The subpoena references the appropriate Federal Rules of Civil Procedure.

AiPi incorrectly claims that the subpoena does not cite the applicable Rules of Civil Procedure, and "fails to follow Rules 26, 34, and 65 properly." E.D. Va., Dkt. No. 1-1, 8. This is incorrect, and even if true, AiPi provides no authority that an incorrect citation to a rule in a subpoena is a proper basis to quash a subpoena.

Netflix served the standard Federal Rule of Civil Procedure 45 subpoena form, which explicitly references and attaches the provisions of Rule 45. E.D. Va. Dkt. No. 1-3. This is the appropriate subpoena form to send to a non-party pursuant to Rule 45. Attached to the subpoena was Exhibit A, the Notice of Document and Deposition Subpoena to AiPi, which states that Netflix sought (i) the production of documents pursuant to Rules 26, 45, and 65 of the Federal Rules of Civil Procedure, and (ii) an oral deposition pursuant to Rules 30, 45, and 65 of the Federal Rules of Civil Procedure.

AiPi argues that Rule 26 "applies to parties only, not third parties, and is thus not applicable." E.D. Va. Dkt. No. 1-1, 8. That is untrue. Netflix referenced Rule 26 because Rule 26(b) governs the scope of permissible discovery in all cases, including with respect to requests to non-parties, and provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed.

6

R. Civ. P. 26(b); *In re Subpoenas for Documents Issued to ThompsonMcMullan, P.C.*, No. CV 3:16-MC-1, 2016 WL 1071016, at *5 (E.D. Va. Mar. 17, 2016) ("It is also well-accepted in this district that the scope limitations of Rule 26 apply to all methods for obtaining discovery, including the bases for protective orders under Rule 26(c) and the subpoena powers enumerated in Rule 45.") (citing *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012); *Union First Market Bank v. Bly*, No. 3:13-CV-598, 2014 WL 66834, at *3 (E.D. Va. Jan. 6, 2014); *Stoney Glen, LLC v. S. Bank & Tr. Co.*, No. 2:13cv8-HCM-LRL, 2013 WL 5514293, *4 (E.D. Va. Oct. 2, 2013)).

AiPi also contends that Rule 65 "has nothing to do with discovery whatsoever and is thus not applicable." E.D. Va. Dkt. No. 1-1, 8. Netflix referenced Rule 65 because Rule 65(d)(2) explicitly provides that the "persons bound" by a preliminary injunction include the "the parties," "the parties' officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2). Rule 65 confirms that AiPi, as Valjakka's agents and attorneys, is subject to the Northern District of California order granting a preliminary injunction, which provides a statutory basis for the requested discovery in addition to Rule 45.

### v. Rule 34 governs document requests to parties, not subpoenas to non-parties.

AiPi claims that "Netflix failed to provide the required 30 days required under federal rule of civil procedure 34." E.D. Va. Dkt. No. 1-1, 8. Federal Rule of Civil Procedure 34 governs requests for production to parties, and while Netflix's request to add AiPi as a party is presently pending, AiPi has not yet been added as a party to the California action. Accordingly, Netflix properly served AiPi, still presently a non-party, with a subpoena pursuant to Federal Rule of Civil Procedure 45.

7

Federal Rule of Civil Procedure 45(d)(3)(A)(i) provides that a subpoena may be modified or quashed if it does not allow "a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). Rule 45(d)(2)(B) provides that a recipient must serve objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served," making clear that 14 days, or even less, is permissible time to respond under Rule 45. Fed. R. Civ. P. 45(d)(2)(B).

Netflix served the subpoena via email on January 18 and requested a document production 14 days later. Additionally, AiPi never responded to Netflix's offer for a one-week extension of time, which would have given AiPi three weeks to produce the requested documents. And again, if AiPi needed more time, it should have asked; Netflix was and is willing to provide accommodations as needed.

### D. Discovery Has Not Closed in the California Action.

AiPi claims discovery has closed in the California action but points to no operative document in the California case in support of its proposition.

AiPi first cites a docket entry from June of 2023, which issued *before* the California court re-opened discovery for Netflix's CUVTA counterclaim, allowed months thereafter, on September 28, 2023. Dkt. No. 182.

The second docket entry AiPi cites is a scheduling order adopted on December 8, 2023. *See* Dkt. No. 247. AiPi admits that said order is silent as to the close of discovery. E.D. Va. Dkt. No. 1-1, 3. That is intentional. Netflix filed the proposed schedule, adopted by the California court, which does not provide for close of discovery because Netflix had moved to join AiPi and still needs discovery from AiPi. AiPi does not point to any operative scheduling order stating that discovery has closed; it has not.

Nor does AiPi attempt to reconcile the position it is taking before this Court—that discovery closed on October 31, 2023—with the filing it made in the Northern District of

8

California *one month later* (on November 24, 2023)—repeatedly expressing its willingness to "comply with any discovery requests." Dkt. Nos. 233-1 ¶ 27, 233, 2:11-12, 3:5-7, 9:16-18 (Lamkin Decl., Exhs. A-B).

### E. AiPi's Summary Judgment Argument Is a Red-Herring.

AiPi tells this Court, "The Subpoena seeks information that places an undue burden on AiPi, thus the court should grant AiPi's motion to quash. The case is over. The Court has granted Summary Judgement for Defendant, yet Netflix served seventeen wide-ranging document requests that seek voluminous materials and require a significant burden on AiPi to locate and produce as well as a significant burden on counsel to review." E.D. Va. Dkt. No. 1-1, 9. AiPi is accurate, the California court has granted Netflix's patent-related summary judgment motion; Mr. Valjakka (and AiPi) asserted a patent Valjakka knew he did not own. Dkt. No. 257. But AiPi's argument is a red herring. Netflix's CUVTA claim is distinct from Valjakka's dead patent infringement claim; the CUVTA claim is scheduled for trial in September 2024. As is clear from the subpoena itself, Netflix seeks discovery regarding AiPi's role in Valjakka's fraudulent transfer under CUVTA. *See* Dkt. No. 233, 2:11-12, 3:5-7, 9:16-18.

### F. Netflix Will Extend Any Reasonable Professional Courtesy and Accommodation to AiPi.

As noted, the trial over Netflix's CUVTA claim begins September 9, 2024. Dispositive motions are due June 6, 2024. Dkt. No. 247. As such, Netflix would need to take depositions of AiPi and receive full discovery by April 6, 2024 to have time to review said discovery and draft dispositive motions. Netflix is willing to work with AiPi to set a production and deposition schedule within that timeframe.

## IV. CONCLUSION

For the foregoing reasons, Netflix respectfully requests that this Court deny AiPi's motion to quash Netflix's subpoena and order prompt document production and the requested Rule 30(b)(6) depositions.


Dated: February 14, 2024                  _____/s/_____
Cailyn Reilly Knapp (VA Bar No. 86007)
Andrew George (VA Bar No. 88389)
BAKER BOTTS L.L.P.
700 K Street N.W.
Washington, DC 200001
Tel: (202) 639-7753
Fax: (202) 585-4070
Email: cailyn.reilly.knapp@bakerbotts.com
Email: andrew.george@bakerbotts.com

Rachael Lamkin (admitted *pro hac vice*)
BAKER BOTTS L.L.P.
101 California Street
Suite 3200
San Francisco, CA 94111
Tel: (415) 291-6264
Fax: (415) 291-6364
Email: rachael.lamkin@bakerbotts.com

*Counsel for Respondent Netflix, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 14, 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record in this action.

_____/s/_____
Cailyn Reilly Knapp (VA Bar No. 86007)
BAKER BOTTS L.L.P.
700 K Street N.W.
Washington, DC 20001
Tel: (202) 639-7753
Fax: (202) 585-4070
Email: cailyn.reilly.knapp@bakerbotts.com

*Counsel for Respondent Netflix, Inc.*

11