UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURI VALJAKKA,<br><br>    Plaintiff,<br><br>    v.<br><br>NETFLIX, INC.,<br><br>    Defendant. | Case No. 22-cv-01490-JST<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: ECF No. 260 |

Before the Court is attorney William P. Ramey's motion to withdraw as counsel for Plaintiff Lauri Valjakka. ECF No. 260. The Court will grant the motion.

The crux of Ramey's motion is that Ramey LLP is "not being compensated for its services." ECF No. 260 at 3. Ramey represents Valjakka by agreement with third party AiPi LLC, and states that "Ramey LLP only assumed representation because AiPi LLC guaranteed payment," but that sometime after this litigation commenced, "AiPi LLC quit funding the lawsuit." *Id.*; *see also* ECF No. 260-1 ¶ 4. Ramey also states that Valjakka has refused "to pay Ramey LLP for its time." ECF No. 263 at 2. Ramey LLP is now owed $1,163,166 in fees. ECF No. 263-2 at 3. Ramey contends that "the lack of compensation is a financial burden that makes it difficult for [Ramey LLP] to operate." ECF No. 260 at 3.

"District courts have broad discretion in determining what constitutes good cause to withdraw under a particular set of circumstances." *Garnica v. Fremont Inv. & Loan*, No. 12-cv-1366-DOC, 2012 WL 5830078, at *1 (C.D. Cal. Nov. 14, 2012) (citing *Pedraza v. Alameda Unified Sch. Dist.*, 05-cv-04977-VRW, 2008 WL 482846 (N.D. Cal. Feb. 19, 2008); *Whiting v. Lacara*, 187 F.3d 317 (2d Cir. 1999)). "In determining how best to exercise that discretion, judges often look to the ABA Model Rules of Professional Responsibility, as well as the state's

1  Professional Responsibility Rules for guidance, although the Rules, in and of themselves, do not
2  mandate that the Court . . . take any particular action." *Id.* (citing *Whiting*, 187 F.3d at 321).
3  "[A]ttorneys may withdraw for noncooperation, nonpayment of attorney['s] fees, or when a client
4  questions the good faith of the attorney." *Stewart v. Prop. & Cas. Ins. Co. of Hartford*, No. 2:17-
5  CV-02418-TLN(KJN), 2020 WL 9852859, at *1 (E.D. Cal. Mar. 9, 2020).

In light of Valjakka and AiPi's non-payment of legal fees, the Court finds good cause to grant Ramey's motion to withdraw. *United Pac. Energy Operations & Consulting, Inc. v. Gas & Oil Techs., Inc.*, No. SACV-07-04436-CJC(RNBX), 2007 WL 9837805, at *1 (C.D. Cal. Nov. 26, 2007) ("Defendants cannot reasonably expect Mr. O'Connor to continue to represent them when they have failed to compensate him for his services pursuant to their retainer agreement and despite numerous demands for payment of fees."); *see also* Cal. R. Pro. Conduct 1.16(b)(4) ("[T]he client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively"); Model R. Pro. Conduct 1.16(b)(6) (permitting a lawyer to withdraw from representing a client if "the representation will result in unreasonable financial burden on the lawyer").

Defendant Netflix requests, and Ramey does not oppose, that the Court retain jurisdiction over Ramey LLP and its lawyers with respect to any potential motions for damages, fees and costs, or sanctions. ECF No. 263 at 3. That request is granted.

**IT IS SO ORDERED.**

Dated: March 4, 2024



JON S. TIGAR
United States District Judge