UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURI VALJAKKA,<br><br>        Plaintiff,<br><br>    v.<br><br>NETFLIX, INC.,<br><br>        Defendant. | Case No. 22-cv-01490-JST<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISQUALIFY WHITESTONE LAW FROM REPRESENTING AIPI, LLC**<br><br>Re: ECF Nos. 251, 272 |

Now before the Court is Plaintiff Lauri Valjakka's motion to disqualify Whitestone Law from representing third party AiPi, LLC. ECF No. 251. The Court will grant the motion.

This is a patent infringement case brought by Plaintiff Valjakka against Defendant Netflix, Inc. ECF No. 74. Third party AiPi, LLC has participated in the litigation at least by "managing third party funding for Valjakka" and retaining counsel to represent him. ECF No. 233-1 ¶¶ 13, 14. For some period of time, AiPi also paid Valjakka's legal fees. *See Id.* ¶¶ 29, 30; ECF No. 260-1 ¶ 4.

Whitestone Law has represented Valjakka in this matter at various times, including by defending his deposition on October 12, 2023. ECF No. 216-4 at 3. It has also represented AiPi. *See, e.g.,* ECF No. 233.[1] Recently, however, as Whitestone Law attorney Joseph Zito conceded at the hearing on this motion, Netflix has made allegations concerning AiPi that render AiPi adverse to Valjakka. Specifically, Netflix accuses both AiPi and Valjakka of transferring and using litigation settlement proceeds in a manner that violated the California Uniform Voidable Transactions Act ("CUVTA") and this Court's September 21, 2023 injunction. ECF Nos. 216,

---

[1] Whitestone Law employs attorneys who used to (and may still) work at AiPi, including Erik Lund and Eric Morehouse LLC. ECF No. 251-1 ¶¶ 3, 6.

217 (Netflix's motions for an order to show cause and to join AiPi). Thus, both Valjakka and AiPi "have been accused of things by Netflix," where they "acted together . . . to some extent and not together in other extents," and consequently, both Valjakka and AiPi "will have an incentive to point the finger at each other." ECF No. 271 at 11:21–12:7. What is more, Valjakka has expressed an intent to "pursue a claim for fraudulent inducement against AiPi [because] . . . AiPi never had the resources to fund the Valjakka case." ECF No. 251-1 ¶¶ 13–14; ECF No. 251 at 6; *see also* ECF No. 271 at 13:12–16.

The California Rules of Professional Conduct provides that "[a] lawyer shall not, without informed written consent . . . represent a client if the representation is directly adverse to another client in the same or a separate matter." Cal. R. Prof. Conduct 1.7(a). "Loyalty and independent judgment are essential elements in the lawyer's relationship to a client. The duty of undivided loyalty to a current client prohibits undertaking representation directly adverse to that client without that client's informed written consent." *Id.* at cmt. 1. In the absence of informed written consent, an attorney cannot represent another client "if there is a significant risk that [their] ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of [their] other . . . relationships." *Id.* at cmt. 4.

The facts before the Court demonstrate a significant violation of the duty of loyalty by Whitestone Law. Going forward, vigorously representing either AiPi or Valjakka will require attempting to damage the other one's interests, both as to the responsibility for any CUVTA violation and as to any claim Valjakka might make concerning alleged misrepresentations by AiPi. That is a direct conflict of interest. At the hearing, attorney Zito attempted to downplay this conflict, arguing that "any other attorney who took over this case" will have the "motivation to have AiPi in a much more adverse situation to Mr. Valjakka." ECF No. 271 at 16:18–23. That is, AiPi's attorney would have "no sense of loyalty or fairness or sympathy towards Mr. Valjakka but, instead, would do everything in their power to make sure that Mr. Valjakka suffered in the case." *Id.* at 16:25–17:3. But Whitestone cannot "go easy" on Valjakka, as Zito suggests, if by doing so it neglects AiPi's interests—nor vice versa. *Cf. In re Zamer G.*, 153 Cal. App. 4th 1253, 1267 (2007) (in juvenile proceeding, "a conflict becomes 'actual' when an attorney's duties of

1  loyalty, confidentiality, and zealous advocacy require the attorney to take or to refrain from taking
2  some action to serve the 'best interests' of one . . . client, but the attorney is unable to do so
3  without violating a duty owed by the attorney to another client").

4       Accordingly, Whitestone Law cannot represent both Valjakka and AiPi without violating
5  the duty of loyalty.  *See* Cal. R. Prof. Conduct 1.7.  The Court therefore grants Valjakka's motion
6  to disqualify Whitestone Law from representing AiPi.  Whitestone Law's motion to withdraw as
7  an attorney, ECF No. 272, is denied as moot.[2]

8  **IT IS SO ORDERED.**

9  Dated:  March 14, 2024



JON S. TIGAR
United States District Judge

---

[2] Whitestone Law's motion requests withdrawal while nonetheless arguing that "no conflict of interest exists" in Whitestone Law's representation of both Valjakka and AiPi, ECF No. 272 at 2, thus leaving open the option that Whitestone could later represent AiPi adversely to Valjakka if it so chose.  This order forecloses that possibility to the extent that Whitestone Law does not obtain informed written consent.

3