UNITED STATES DISTRICT COURT   ***ORIGINAL***

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable JON S. TIGAR, Judge

| | | |
|---|---|---|
| LAURI VALJAKKA, | ) | **Motion to Withdraw** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. C 22-01490 JST |
| | ) | |
| NETFLIX, INC., | ) | Pages 1 - 9 |
| | ) | |
| Defendant. | ) | Oakland, California |
| _____ | ) | Thursday, February 29, 2024 |

**REPORTER'S TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

**APPEARANCES VIA ZOOM WEBINAR:**

For Plaintiff:        Ramey LLP
                      5020 Montrose Boulevard, Suite 800
                      Houston, Texas  77006
                BY:   WILLIAM P. RAMEY, ATTORNEY AT LAW

For Defendant:        Perkins Coie LLP
                      3150 Porter Drive
                      Palo Alto, California  94304
                BY:   SARAH PIEPMEIER, ATTORNEY AT LAW

(Appearances continued next page)

Reported By:          Raynee H. Mercado, CSR No. 8258

Proceedings reported by electronic/mechanical stenography; transcript produced by computer-aided transcription.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

```
 1                 A P P E A R A N C E S  (CONT'D.)
 2

 3   For Third Party        Whitestone Law
     AiPi, LLC:             1850 Towers Crescent Plaza
 4                          Suite 550
                            Tysons, Virginia  22182
 5                     BY:  JOSEPH J. ZITO, ATTORNEY AT LAW

 6

 7

 8                            --o0o--

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1    Thursday, February 29, 2024                    2:00 p.m.
 2                    P R O C E E D I N G S
 3                         (Zoom Webinar)
 4                            --o0o--
 5
 6         THE CLERK:  Your Honor, now calling civil matter
 7    22-1490, Lauri Valjakka v. Netflix.
 8       If counsel could please state their appearances for the
 9    record starting with counsel for plaintiff.
10           THE COURT:  Mr. Ramey, your microphone is muted.
11                   (Pause in the proceedings.)
12           THE COURT:  Mr. Ramey, would you nod head if you're
13    able to hear me?
14       In the bottom left-hand corner of your screen is the image
15    of a microphone, and immediately next to that image is a small
16    caret, c-a-r-e-t, looks like an inverted "V."  If you click on
17    the caret, a menu will pop up that will allow you to unmute
18    your microphone.  It may also be that there is a red bar
19    across the picture of the microphone, and if you just click on
20    the microphone, it will unmute.  One of those strategies is
21    almost certain to be successful.
22                   (Pause in the proceedings.)
23           MR. RAMEY:  There we are, Your Honor.  Sorry about
24    that.  I was having bigger technical issues than that my
25    computer lock on me.  I apologize.
```

1    **THE COURT:** Yes, I can hear you just fine. Thank
2    you.
3         Why don't you enter your appearance.
4         **MR. RAMEY:** Yes, Your Honor. Mr. Ramey for the
5    plaintiff Lauri Valjakka, and we're ready to proceed, Your
6    Honor.
7         **THE COURT:** Thank you. Other counsel.
8         **MS. PIEPMEIER:** Your Honor, good afternoon. Sarah
9    Piepmeier from Perkins Coie on behalf of defendant Netflix.
10   And with me but not on camera is my client Asa Wynn-Grant.
11        Thank you, Your Honor.
12        **MR. ZITO:** This is Joseph Zito for nonparty AiPi.
13        **THE COURT:** Welcome.
14        Matter's on calendar this afternoon for Mr. Ramey's motion
15   to withdraw. He bases that motion on two grounds. One is
16   that he's having difficulty communicating with his client.
17   The second is that he's not getting paid.
18        This case has an interesting set of facts as it pertains
19   to Mr. Ramey's representation because everyone agrees that the
20   agreement that was reached was that a third party would pay
21   Mr. Ramey's fees but the client would be Mr. Valjakka.
22        And there are lots of interesting questions here about
23   who's directing the litigation and so forth.
24        But at the end of the day, Mr. Ramey's not being paid, and
25   I'm not aware of any case that would at this moment in a civil

1  case where the amount of proceedings under the CUVTA hasn't
2  even really been determined in which a court would compel a
3  lawyer in a civil case to keep representing his client without
4  being paid.
5       So the Court's indicated ruling would be to grant the
6  motion, but as Netflix requests, and as Mr. Ramey acknowledges
7  in his opposition, to maintain jurisdiction over Mr. Ramey for
8  the purpose of the remaining proceedings in the case.
9       So that's the tentative.
10      I thought you might want to know that before you decided
11 whether there's anything further you wanted to say.
12      Mr. Ramey, is there argument you'd like to make?
13          **MR. RAMEY:**  None, Your Honor.  We're -- that's fine
14 with us.
15          **THE COURT:**  Ms. Piepmeier.
16          **MS. PIEPMEIER:**  Thank you, Your Honor.
17      I'd like to -- Netflix will take whatever ruling Your
18 Honor deems appropriate here.  I'd like to raise one
19 consideration for the Court to -- to think about.
20      And that is that the Court has indicated a potential
21 desire to send the parties to a mediation proceeding.  And
22 Netflix stands ready to do that at the appropriate time.
23      We would suggest that that happen after resolution of the
24 joinder motion of AIPI and after any discovery that has been
25 sought from AIPI, whether that is as a party or third party,

1    be received.
2        But, Your Honor, we do think that it would be beneficial
3    for all involved at any mediation that occurs to have counsel
4    for Mr. Valjakka present.  And I say that for two reasons.
5    First of all, we conducted one mediation previously in the
6    matter.  And without breaching any mediation privilege, which
7    I know I can't talk about the substance of the mediation, but
8    I will say that having counsel present for Mr. Valjakka was a
9    helpful portion of that proceeding.
10       And we believe because the fourth factor of this
11   withdrawal test is whether this would delay resolution, that
12   having Mr. Ramey or -- or counsel for Valjakka, if it's not
13   Mr. Ramey, somebody else -- I can't think of who that would
14   be -- but Mr. Ramey present for any mediation would be
15   helpful.
16       One way to think about this is that that would not compel
17   Mr. Ramey to spend significant resources if he's not being
18   paid, all of that, et cetera, but may actually permit the
19   parties to have a shot at resolution short of trial.
20       I take Your Honor's point that compelling a lawyer to
21   represent a client when he's not being paid by whoever it is
22   who's supposed to pay him all the way through trial is a steep
23   ask, and we're completely cognizant of that.
24       I'm certainly cognizant of that as a lawyer who bills
25   clients.  But one thinking for consideration is whether the

1     parties could conduct a mediation that would benefit from
2     presence from counsel.
3         And I also think that having that mediation -- the second
4     point I would say is having that mediation with all of the
5     interested parties at the table -- and that would include
6     AIPI, counsel for Mr. Valjakka, Mr. Valjakka himself -- would
7     be beneficial towards potential resolution.
8         So I throw that out there, Your Honor, as a consideration.
9     I -- this is not something that, you know, we believe is
10    absolutely necessary.  But it could be a partial compromise
11    position that kind of bridges a gap there.
12        We agree, however, with the point about maintaining
13    jurisdiction over Mr. Ramey and his firm at the time that he
14    withdraws, whenever that is.
15            **THE COURT:**  I'll think about it.
16        What you're asking is, I think, for me to order Mr. Ramey
17    to represent Mr. Valjakka for free at a mediation so Netflix
18    has a better chance of resolving the case in mediation.
19    That's the request.
20        Besides the problems that are apparent on the surface of
21    what I just said, you've also indicated that you don't think a
22    mediation could take place until some other intervening
23    litigation events, during which presumably based on your
24    request, Mr. Valjakka would be unrepresented.
25        So, you know, I'll think about it.  But this is a messy

1  situation.  And in your mediation, Netflix presumably -- since
2  the only thing [sic] that are left I think at this point are
3  Netflix's affirmative claims -- Netflix wants money.  That
4  would be the point of going to a mediation.  And I have that
5  in mind, too.
6          **MS. PIEPMEIER:**  Thank you, Your Honor.
7      May I respond briefly?
8          **THE COURT:**  Sure.
9          **MS. PIEPMEIER:**  Briefly, that -- money is a point of
10  mediation.  It's not the only point.  And I -- I apologize if
11  I suggested that the purpose of -- of Mr. Ramey representing
12  Mr. Valjakka would be to benefit Netflix at a mediation.
13      I actually think it would benefit the eventual resolution
14  of this case to have a skilled lawyer present at the mediation
15  as opposed to just having a party directly present.
16          **THE COURT:**  Well, I take your point.
17          **MS. PIEPMEIER:**  That was my point.
18          **THE COURT:**  I take your point.  And -- and the
19  benefit to Netflix would be indirect.  There's no question.
20      But Mr. Valjakka is not even here.  He elected not to
21  appear at this proceeding.  And we're talking about the
22  representation of his interests at a later event that hasn't
23  transpired yet, which would be preceded by some other
24  litigation event in which he would either have a direct or
25  indirect interest.  And I don't know what he wants.

1    So these are all things I would have to take into
2 consideration.
3    Anyway, thank you all for your comments.  The motion's now
4 under submission.
5        (Proceedings were concluded at 2:10 P.M.)
6                 --o0o--

9              **CERTIFICATE OF REPORTER**

11    I certify that the foregoing is a correct transcript
12 from the record of proceedings in the above-entitled matter.
13 I further certify that I am neither counsel for, related to,
14 nor employed by any of the parties to the action in which this
15 hearing was taken, and further that I am not financially nor
16 otherwise interested in the outcome of the action.

18        _____
19        Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR
20              Monday, March 4, 2024

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*