Rachael D. Lamkin (SBN 246066)
Karan Singh Dhadialla (SBN 296313)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, California 94111
Phone: (415) 291-6200
Fax: (415) 291-6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

*Attorneys for Defendant*
*NETFLIX, INC.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>    Plaintiff,<br><br>v.<br><br>NETFLIX, INC.,<br><br>    Defendant. | Case No.: 4:22-cv-01490-JST<br><br>**UNOPPOSED MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>Judge:    Hon. Jon S. Tigar |

**UNOPPOSED MOTION TO MODIFY THE SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, Defendant Netflix respectfully seeks a modification of the Scheduling Order, Dkt. No. 289. Netflix has good cause, as described below, for the requested six (6) month extension of the current schedule. Plaintiff Lauri Valjakka does not oppose this Motion, saying in a September 4, 2024 email that he would "stipulate" to same. Lamkin Decl., ¶ 7.

1

**INTRODUCTION AND FACTUAL BACKGROUND**

On June 5, 2024, this Court vacated the trial schedule so that Defendant could take Rule 45 discovery of AiPi. Dkt. No. 285. Defendant Netflix immediately sought to take said discovery. *See, e.g.*, Dkt. Nos. 288-1 to 288-3. AiPi's then counsel refused to cooperate. *See id.* As such, Netflix hired a process server to re-serve AiPi with the same Rule 45 discovery it had served in January 2024. AiPi attempted to evade service. Bergeron Decl., ¶¶ 2-6. Through diligent efforts, including the hiring of two separate process service companies, Netflix was able to serve AiPi on June 20, 2024. AiPi filed a motion to quash on July 22, 2024, in the Eastern District of Virginia. Lamkin Decl., Exh. A. In its motion, AiPi argued that the information sought was protected by privilege. Netflix opposed AiPi's motion before the deadline for responding, arguing no privilege attached. *Id.*, at Exh. B.

AiPi's counsel claimed that he was not able to attend a hearing on AiPi's motion to quash until August 30, 2024. The day before the hearing, August 29, 2024, counsel for Netflix was prevented from attending the hearing.[1] At the hearing, Judge Fitzpatrick had questions regarding the relevance and scope of Netflix's Rule 45 discovery that local counsel was not able to answer. Given Ms. Lamkin's absence, Netflix's local counsel suggested the Parties engage in expedited briefing regarding scope. Instead, Judge Fitzpatrick granted AiPi's motion to quash but did so without prejudice and suggested that Netflix serve an amended Rule 45 subpoena upon AiPi with explanations of scope/relevance included therein.[2] Netflix immediately followed Judge Fitzpatrick's suggestions and served a narrowed Rule 45 subpoena upon AiPi the week following AiPi's motion to quash hearing. Lamkin Decl., Exh. C.

---

[1] Ms. Lamkin attempted to fly to Virginia for said hearing. Unfortunately, her flight was forced to make an emergency landing in Chicago due to a hydraulics malfunction on the plane. Lamkin Decl., ¶ 5. After her emergency landing in Chicago, counsel for Netflix was unable to obtain a flight to Virginia due to a massive storm over Washington D.C. *Id.*
[2] Case 1:24-mc-00002-LMB-WEF, Dkt. No. 31.

**GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER**

Requests to modify a scheduling order made after the Court has set a deadline for amending the pleadings are governed by Federal Rule of Civil Procedure 16. *In re Twitter Sec. Litig.*, No. 16-cv-05314-JST, 2020 U.S. Dist. LEXIS 129955, at *11-12 (N.D. Cal. May 19, 2020) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)). Rule 16 requires "good cause" and the consent of the Court to amend a scheduling order. *Id*. (citing Fed. R. Civ. P. 16(b)(4)). "Unlike Rule 15(a)'s liberal amendment policy," the good cause standard "primarily considers the diligence of the party seeking the amendment." *Id*. (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Here good cause exists. The information sought is narrowly tailored to obtain relevant information, including (i) information related to the California Unform Fraudulent Transfer ACT ("CUVTA") badges of fraud (Cal. Civ. Code § 3439.04), (ii) whether Mr. Valjakka had a legitimate purpose for creating CDN, (iii) Mr. Valjakka's ratio of liability under CUVTA, and (iv) whether AiPi shares in any of the relevant culpability or liability.

There is no question that Netflix was diligent. Immediately following this Court's Order granting Rule 45 discovery over AiPi, Netflix engaged in extensive efforts to serve AiPi. Bergeron Decl., ¶¶ 2-6. Once served, Netflix tried to schedule a hearing at the earliest date possible, but accommodated AiPi's counsel's request to schedule the hearing on August 30, 2024 due to conflicts. Through completely unavoidable events, Netflix's counsel with knowledge of the CUVTA issues was unable to attend the hearing. When Judge Fitzpatrick advised Netflix to serve a narrowed Rule 45 subpoena, Netflix did so the very next week.

Netflix asks that the current schedule be extended six (6) months. Based on prior experience, it appears highly likely that AiPi will not engage in the discovery process before moving to quash again, consistent with its continued efforts to evade Rule 45 discovery. AiPi will also likely again

argue that privilege protects AiPi from disclosure.  As such, the Parties will need to work through (i) motion to quash briefing; (ii) a motion to quash hearing; (ii) collection and production of a privilege log; (iii) a hearing over privilege issues; (iv) the eventual production of AiPi documents; (v) review of said documents; and (vi) and Rule 45 deposition of AiPi.

In sum, Netflix needs critical Rule 45 discovery from AiPi, which this Court has granted. Dkt. No. 285. AiPi has engaged in extensive efforts to avoid providing discovery. Plaintiff Lauri Valjakka does not oppose this Motion, saying in a September 4, 2024 email that he would "stipulate" to same. Lamkin Decl., ¶ 7.  Netflix respectfully asks for an extension in order to obtain said discovery.

Dated: September 9, 2024

BAKER BOTTS, LLP

*/s/ Rachael D. Lamkin*
Rachael D. Lamkin, CA SBN 246066
Karan Singh Dhadialla (SBN 296313)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise S. Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta (appearance pro hac vice)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700

Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Jassiem N. Moore (appearance pro hac vice)
JassiemMoore@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Brianna Kadjo, Bar No. 303336
BKadjo@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300
Facsimile: +1.303.291.2400

***Attorney for Defendant Netflix, Inc.***