UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:22-cv-01490-JST |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| NETFLIX, INC., | ) |
| | ) Judge: Hon. Jon. S. Tigar |
| Defendant. | ) |

**DEFENDANT NETFLIX, INC.'S AMENDED NOTICE OF DOCUMENT AND DEPOSITION SUBPOENA TO AiPi, LLC**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE of the attached Subpoena from Defendant Netflix, Inc., by and through its counsel, to AiPi, LLC ("AiPi" or "You").

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Netflix, Inc. seeks (i) the production of documents, electronically stored information, and things within thirty (30) days of service of this subpoena. All documents and responses must be produced electronically to the following email addresses, Rachael.Lamkin@bakerbotts.com, Ariel.House@BakerBotts.com, amy.bergeron@bakerbotts.com, Netflix-Valjakka@perkinscoie.com. *A privilege log must be produced concurrently with these responses in the event that any documents are withheld*.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Netflix, Inc. will take the oral deposition of AiPi thirty (30) days after AiPi's production of documents, beginning at 9:00 am Reston time at 1800 Presidents Street, Reston, Virginia, 20190. The deposition will be recorded stenographically and may be videotaped.

A true and correct copy of the subpoena is attached.

Dated: September 6, 2024            Respectfully submitted,

*/s/ Rachael D. Lamkin*

Rachael D. Lamkin (SBN 246066)
Karan Singh Dhadialla (SBN 2966313)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

Sarah E. Piepmeier, Bar. No. 227094
SPiepmeier@perkinscoie.com
Elise S. Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta (appearance pro hac vice)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Jassiem N. Moore (appearance pro hac vice)
JassiemMoore@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Brianna Kadjo, Bar No. 303336
BKadjo@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255

Telephone: +1.303.291.2300
Facsimile: +1.303.291.2400

*Attorneys for Defendant- Counterclaim Plaintiff, NETFLIX, INC.*

# Attachment A

# ATTACHMENT A

For purposes of this subpoena, the following definitions and instructions shall apply.

## DEFINITIONS

1. "AiPi, LLC" "You," or "Your" refers to the person or entity to which this subpoena is directed and which is responding to these Requests for Production.

2. "Valjakka," and "Plaintiff," refers to Lauri Valjakka, as well as any of its agents, directors, officers, employees, representatives, consultants, attorneys and any and all predecessor or successor companies and current or former affiliated entities, operations, corporations, or other business entities. These terms also mean any division, company, corporation, or other business entity currently or previously affiliated with or owned by Valjakka in whole or in part, or which owns Valjakka in whole or in part, including but not limited to Lauri Valjakka, and the directors, officers, agents, employees, representatives, consultants, and attorneys of any of them, including all persons subject to the direction or control of Valjakka, or who are acting or purporting to act on behalf of Valjakka.

3. "Valjakka's Campaign" refers to all lawsuits filed by Valjakka asserting the Patents-in-Suit.

4. "Netflix," and "Defendant" means Netflix, Inc., and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing.

5. "CDN Licensing" means CDN Licensing Finland Oy (FI32431964).

6. "Ramey" refers to Ramey, LLP, and any person, including William Ramey, or entity operating under its control or on its behalf including officers, directors, employees, representatives, consultants, agents, servants, attorneys (including but not limited to prosecution counsel), accountants, or any Person who served in any such roles at any time, as well as corporate parents, subsidiaries (whether wholly or partially owned), affiliates, divisions, predecessor companies (whether acquired by merger, consolidation or other means) or proprietorships, or any joint venture to which Ramey, or one of its corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, is a party.

7. The term "'167 patent" means U.S. Patent No. 8,495,167, and the term "'102 patent" means U.S. Patent No. 10,726,102 referred to collectively as "the Asserted Patents" or "Patents-in-Suit."

8. "Asserted Claim" means any claim of the Asserted Patents that is asserted by Plaintiff in this Action.

9. "Related Patents" means all patents and patent applications relating to the Asserted Patents, including any patents or patent applications (including all published and unpublished pending and abandoned applications) from or through which the Asserted

Patents claims priority, any patents or patent applications (including all published and unpublished pending and abandoned applications) that claim priority from or through the Asserted Patents, any patents or patent applications (including all published and unpublished pending and abandoned applications) that claim priority to a patent or patent application to which the Asserted Patents also claims priority, and any foreign counterpart patents or patent applications (including all published and unpublished pending and abandoned applications) or any of the foregoing.

      10.     "Enforcement Assets" refers to any and all proceeds, damages, litigation or licensing revenue, and any other monies received from the Patents-in-Suit and/or Valjakka's Campaign.

      11.     "Accused Product" means any apparatus, product, device, process, method, act, or other instrumentality of Defendant that Plaintiff believes to infringe an Asserted Claim.

      12.     "Prior Art" means anything that may possibly qualify as prior art under 35 U.S.C. §§ 102 and/or 103, whether or not Plaintiff disputes that the item is in fact prior art or disputes that the item anticipates or renders obvious any claim of the Asserted Patents.

      13.     "Infringe" and "infringement" mean any and all types of infringement set forth in 35 U.S.C. § 271, including direct infringement, contributory infringement, inducement of infringement, literal infringement, and/or infringement under the doctrine of equivalents.

      14.     "This Lawsuit, "this Litigation," "Action," "this Action," mean the case captioned: Lauri Valjakka v. Netflix, Inc., No. 4:22-cv-01490-JST, currently pending in the United States District Court for the Northern District of California, and any other related action if this Action is transferred to another venue.

      15.     "Related Litigations" refer to all litigation matters brought by Valjakka involving or asserting one or more of the Asserted Patents.

      16.     "Funders," and "Litigation Funders," refer to any and all alleged investors or partners with any interest, financial or otherwise, in the Asserted Patents and/or Enforcement Assets.

      17.     "Agreement" and "Agreements" refer to any oral or written contract, arrangement, or understanding, whether formal or informal, implicit or explicit, between two or more persons or entities, together with all drafts thereof, and modifications and amendments thereto.

      18.     "Documents" is equal in scope to the usage of that term in Federal Rule of Civil Procedure 34(a), and includes data stored electronically in any form or computerized data compilations. "Document(s)" also refers to and includes "tangible things" under Federal Rule of Civil Procedure 34. A draft or non-identical copy is a separate document within the meaning of this term.

19. "Communication" means any transmission of information by any means, whether written or oral, and including letters, numbers, images, symbols, data, photographs, and sounds.

20. "Person" and "entity" mean individuals and entities, including but not limited to all natural persons, businesses, firms, partnerships, associates, organizations, governmental units, joint ventures, corporations, and any other entities.

21. "Concerns," "concerning," "referring to," and "relating to" mean identifying, referring to, concerning, evidencing, demonstrating, summarizing, reflecting, constituting, containing, embodying, mentioning, pertaining to, commenting upon, connected with, discussing, describing, analyzing, showing, comprising, or relating to in any way relevant to a particular subject, in whole or in part, either directly or indirectly.

22. "Third Party" and "Third Parties" mean any person or entity that is not You, Valjakka, or Netflix.

23. "Plaintiff's Complaint" or "Complaint" means the Complaint in the above referenced Action filed by Plaintiff against the Defendant, as well as any supplement thereto or amended version thereof.

24. "Any" includes "all" and "all" includes "any."

25. "And" and "or" are terms of inclusion and not of exclusion and should be construed disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any documents or responses that might otherwise be construed to be outside their scope.

26. "Related to," "relating to," and "concerning," when referring to any given subject matter, means concerning, regarding, comprising, containing, embodying, identifying, illustrating, stating, dealing with, involving, mentioning, referring to, related to, supporting, favoring, opposing, negating, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing, constituting, or being.

27. The singular form of any term includes the plural, and the plural form of any term includes the singular.

28. The present tense of any verb includes the simple past, past perfect, simple future, and future perfect tenses. For example, "use" includes "used," "will use," "had/has used," and "will have used."

29. "Including" means including without limitation, so that if an interrogatory provides an example of the type of information you are asked to provided, your response is not limited to that example.

30. Definitions and terminology used herein are used for convenience and do not intend or imply any particular technical meaning or meaning for any term or phrase of any patent.

## INSTRUCTIONS

The following instructions shall apply to each of the Document Requests herein:

1. Each Request for Documents and Things seeks production of the Documents and Things in their entirety, without abbreviation or expurgation, including all attachments or affixed materials.

2. Your responses to these requests shall be in accordance with Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and the Court's orders in this action.

3. You shall serve a written response within the time specified after the service of these Requests stating that, with respect to each Request, the inspection and related activities will be permitted as requested, unless the Request is objected to, in which event the response shall state the grounds for the objection and which Documents are being withheld based on each objection. If the objection is made as to only part of a Request, that part shall be specified.

4. You are obligated either to produce all Documents or Things as those Documents or Things are kept in the usual course of business or to organize and label those Documents or Things to correspond with the categories in these Requests, so that Defendant may readily ascertain the files in which they are located, their relative order in the files, and how the files are maintained. ***Documents expressly include emails.***

5. For every objection to a Request on the grounds of privilege, answer the Request with such non-privileged information as is responsive, and then provide the following information for each Document or Thing that You claim to be privileged or protected from disclosure by the work product doctrine:

   a. The name and job title of each author, writer, or sender of the Documents or Thing;

   b. The name and job title of each recipient, addressee, or other Person to whom the original or any copy of the Document or Thing was sent or furnished and, where not ap-parent, the relationship of each recipient, addressee, or other Person to the author, writer, or sender of the Document or Thing;

   c. The date and title of each Document or Thing;

   d. The general subject matter of the Document or Thing or the nature of the information withheld as privileged; and

e.  The basis for Your claim of privilege or protection from disclosure by the work product doctrine.

6. You are to search all documents within your possession, custody, or control, wherever located, including but not limited to any documents placed in storage facilities, email correspondence, or documents in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf, in order to fully respond to the requests herein. ***Email must be searched and provided***. ***To extent you use search terms to search for email correspondence, such terms must be provided to Netflix in advance so that the parties can meet and confer on any search term modifications***.

7. These Requests call for all information (including any information contained in or on any Document, as that term is defined) that is known or available to You.

8. You are to produce the original and each non-identical copy or draft of each document requested herein that is in Your possession, custody or control in its entirety, without abbreviation or redaction.

9. All documents maintained by You in an electronic format should be produced in their native electronic format or in another format that allows the Documents to be loaded onto a computer and electronically searched, in accordance with the stipulation regarding electronic discovery to be agreed to by the parties.

10. All documents produced by You in response to these Requests should include a production number.

11. If you do not produce each document or thing requested herein as they are kept in the usual course of business, you must organize and label the documents or things produced to correspond with the particular document request to which the document or thing is responsive.

12. If any of the documents requested herein are no longer in your possession, custody or control, you are requested to identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies, and to provide a summary of its pertinent contents.

13. If any document responsive to these requests has been destroyed, describe the content of such document, the location of any copies of such document, the date of such destruction and the name of the person who ordered or authorized such destruction.

14. If, in answering any of the Requests, you claim ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be interposed as a basis for refusing to respond, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation used in responding to the Request.

15. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests shall be deemed continuing, so as to require further and supplemental responses if You obtain or discover additional information between the time of Your initial responses and the time of any hearing or trial.

16. None of the definitions or Requests set forth below shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definition or Request. Further, by serving these Requests, Defendant does not concede that any product or functionality identified in the Operative Complaint or Plaintiff's Infringement Contentions was properly included in this Action.

## DOCUMENTS SOUGHT

1. All agreements and drafts of same between AiPi and persons/entities with a financial interest in Valjakka's Campaign, e.g., Lauri Valjakka, Ramey LLP, Kenealy Vaidya, LLP, IP Case Group 1 LLC, and investors in Valjakka's Campaign.

2. Documents regarding the creation and purpose of CDN Licensing and payments to/from CDN Licensing,

3. Any presentations prepared, presented, or provided by AiPi to potential investors related to Valjakka's Campaign.

4. Any emails between AiPi and Ramey LLP and/or Erick Robinson regarding material litigation decisions including any discussion between Ramey LLP and AiPi regarding:

    a. The decision to file or maintain suit against Netflix;

    b. Mr. Robinson's withdrawal as counsel;

    c. The alleged validity of the Asserted Patents;

    d. Alleged Infringement by Netflix;

    e. CDN Licensing;

    f. CUVTA;

    g. Standing (or the ownership of the Asserted Patents, including the litigation in Finland regarding same)

    h. Attorneys' fees risks/concerns (including sanctions and Section 285 fees)

5. Any communications to or from AiPi related to attorneys' fees or sanctions in the Valjakka Campaign.

6. All documents showing payments to any person/entity of the Enforcement Assets.

## DEPOSITION TOPICS

The same 6 above.

## RELEVANCE

The information sought is narrowly tailored to obtain relevant information, including (i) information related to the California Uniform Fraudulent Transfer ACT ("CUVTA") badges of

fraud (Cal. Civ. Code § 3439.04), (ii) Mr. Valjakka's purpose for creating CDN, (iii) Mr. Valjakka's ratio of liability under CUVTA, and (iv) whether AiPi shares in any of the relevant culpability or liability.

Further, the requests are relevant to CUVTA because the person/entity with dominion over the Enforcement Assets can determine CUVTA liability.