IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **LAURI VALJAKKA,**<br><br>Plaintiff,<br><br>v.<br><br>**NETFLIX, INC.,**<br><br>Defendant. | Case No. 4:22-cv-01490-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     October 22, 2023<br>Time:     2:00 p.m.<br>Judge:    Hon. Jon S. Tigar<br>Appearances By Zoom |

Plaintiff Lauri Valjakka ("Valjakka"), Defendant Netflix, Inc. ("Netflix") (collectively "the Parties"), hereby submit this Joint Case Management Statement pursuant to the Court's Order, Dkt. No. 295.

### I.     JURISDICTION AND SERVICE

This is a patent infringement action under the patent laws of the United States, Title 35 of the United States Code. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has jurisdiction over Netflix's CUVTA counterclaim pursuant to 28 U.S.C. § 1367.

The Parties do not contest that this Court has personal jurisdiction over the Parties or that venue is proper and convenient.

### II.     FACTUAL BACKGROUND

**Netflix's Statement**

On January 8, 2024, this Court granted Netflix's motion for summary judgment, finding that Mr. Valjakka did not have standing to assert his only remaining patent, the '167 Patent.

On September 21, 2023, this Court granted Netflix's Motions For a Preliminary Injunction and for Motion To Amend The Schedule To Allow California Uniform Voidable Transactions Act

("CUVTA") Discovery. Dkt. Nos. 127, 129, 202, and 204. Specifically, on September 28, 2023, the Court granted Netflix's request for CUVTA discovery from Mr. Valjakka, "Netflix may take the following discovery: (i) one three (3) hour deposition of Valjakka limited to the CUVTA issue, (ii) one three (3) hour deposition of CDN Licensing's CEO limited to the CUVTA issue, (iii) a single discovery request seeking documents related to the formation and purpose of CDN Licensing, (iv) five (5) interrogatories limited to the CUVTA issue, and (v) five (5) requests for admission limited to the CUVTA issue." Dkt. No. 183. Netflix has thus far taken the deposition of Mr. Valjakka and served three (2) interrogatories. Netflix will serve the remaining granted CUVTA discovery shortly.

Through discovery granted by this Court, Netflix learned that Valjakka's litigation funder, AiPi, is in control of Valjakka's litigation against Netflix. Netflix moved to join AiPi under Rule 19. Dkt. No. 217. The Court denied that motion (Dkt. No. 284) but clarified the case schedule to make clear that Netflix could seek Rule 45 discovery over AiPi. Dkt. Nos. 285, 293.

Netflix served Rule 45 discovery upon AiPi in January 2024. AiPi has moved to quash Netflix's subpoena three (3) times. Briefing is in progress on AiPi's third motion to quash, and a hearing is set for October 25, 2024 at 10 am EST on said motion. Case No. 1:24-mc-00002-LMB-WEF.

If discovery over AiPi confirms it to be appropriate, Netflix intends to file a motion for summary judgment in favor of its CUVTA counterclaim.

**Valjakka's Statement**

On January 8, 2024, this Court granted Netflix's Motion for Summary Judgment in part based upon the fact that Mr. Valjakka did not have title to the '167 patent when he filed suit. Dkt. No. 257 at 9-13. In June of 2024, Mr. Valjakka challenged the Finnish court's ownership determination by appeal, as allowed under the laws of Finland.

### III. DISPUTED LEGAL ISSUES

For the purpose of the CMC alone, there are no disputed legal issues.

**IV.     MOTIONS**

For the purpose of the CMC alone, the motions to be discussed are:

- Netflix's CUVTA motion for summary judgment (forthcoming assuming AiPi discovery confirms).

**V.      AMENDMENT OF PLEADINGS**

None.

**VI.     EVIDENCE PRESERVATION**

The Parties have filed a stipulated Protective Order.  ECF No. 56.

**Netflix's Statement**

Netflix timely issued a litigation hold to individuals related to this action.

**VII.    DISCLOSURES**

The Parties served initial disclosures on May 31, 2022, pursuant to Fed. R. Civ. P. 26. Netflix then served amended initial disclosures on July 1, 2022.

**VIII.   DISCOVERY**

**Netflix's Statement**

Netflix needs Rule 45 discovery from AiPi.  This discovery is relevant to Netflix's CUVTA allegations against Valjakka, including liability, and will be relevant to Rule 65 post-judgment discovery.

In his June 24, 2024 call to counsel for Netflix, Mr. Ramey also stated that Mr. Hietalahti stated that Mr. Valjakka agreed to allow additional discovery of AiPi's relationship to Valjakka's litigation. Netflix emailed this CMC statement to Mr. Valjakka on October 10, 2024, ccing Messrs. Ramey and Hietalahti.

**Valjakka's Statement**

Valjakka does not oppose discovery of AiPi except as to all attorney-client communications between Valjakka and Ramey LLP; all attorney-client communications between AiPi and Valjakka; and, all attorney-client communication between Whitestone and Valjakka.

## IX. CLASS ACTION

This case is not a class action.

## X. RELATED CASES

The '167 patent and the '102 patent were also at issue in the following related proceedings in Western District of Texas: *Valjakka v. Cisco Systems, Inc.*, Case No. 6:21-cv-00944; *Valjakka v. Amazon.com, Inc. et al.*, Case No. 6:21-cv-00945; *Valjakka v. Apple, Inc.*, Case No. 6:22-cv-00003; *Valjakka v. Google LLC*, Case No. 6:22-cv-00004; *Valjakka v. Intertrust Tech. Corp.*, Case No. 6:22-cv-00234; *Valjakka v. Philips North America LLC*, Case No. 6:22-cv-00226; and *Valjakka v. Sony Interactive Entertainment LLC*, Case No. 6:22-cv-00005. Those proceedings have now settled.

Netflix also filed a petition for *inter partes* review of the '167 patent on September 23, 2022. *Netflix, Inc. v. Valjakka*, IPR2022-01568, Paper 2 (P.T.A.B. Sep. 23, 2022) and a petition for *inter partes* review of the '102 patent on January 3, 2023. *Netflix, Inc. v. Valjakka*, IPR2023-00423, Paper 2 (P.T.A.B. Jan. 2, 2023).

On August 7, 2023, The PTAB denied the Netflix's petition for IPR on the Lauri Valjakka's US'102 Patent and on march 18, 2024, The PTAB terminated the IPR and Denied Netflix's Request to Enter an Adverse Judgment Against Patent Owner of the US'167 Patent, Lauri Valjakka.

## XI. RELIEF

Netflix seeks a CUVTA summary judgment motion after sufficient time to complete Rule 45 discovery over AiPi.

## XII. EXPEDITED TRIAL PROCEDURE

The case is set for trial on October 6, 2025.

### XIII. SCHEDULE

The Court ordered a revised schedule on September 17, 2024 (Dkt. 293, excerpted below):

| Event | Deadline | New Dates |
|---|---|---|
| CUVTA fact discovery cut-off | September 27, 2024 | March 27, 2025 |
| Dispositive motion hearing deadline (CUVTA) | December 12, 2024 | June 12, 2025 |
| Pretrial conference statement due | February 28, 2025 | August 29, 2025 |
| Pretrial conference | March 7, 2025, at 2:00 p.m. | September 5, 2025 at 2:00 p.m. |
| Trial | April 7, 2025, at 8:00 a.m. | October 6, 2025 at 8:00 a.m. |

### XIV. TRIAL

Both Parties have requested a trial by jury. The CUVTA issue should be triable in 1-2 days.

### XV. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On April 27, 2022, Valjakka filed a Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. (ECF No. 36).

On April 26, 2022, Netflix filed a Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. (ECF No. 34).

On September 21, 2023, Valjakka filed aa Amended Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. (ECF No. 174).

### XVI. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: October 11, 2024

Respectfully submitted,

Lauri Valjakka

/s/
Lauri Valjakka (*pro se*)

*Appearing pro se*

Dated: October 14, 2024

BAKER BOTTS, LLP

*Rachael D. Lamkin*

Rachael D. Lamkin, CA SBN 246066
Karan Singh Dhadialla (SBN 296313)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise S. Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta (appearance pro hac vice)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Brianna Kadjo, Bar No. 303336
BKadjo@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300
Facsimile: +1.303.291.2400

***Attorneys for Defendant Netflix, Inc.***