Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

*Attorneys for Defendant*
*NETFLIX, INC.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>        *Plaintiff*,<br><br>    v.<br><br>NETFLIX, INC.,<br><br>        *Defendant*. | Case No. 4:22-cv-01490-JST<br><br>**DECLARATION OF ELISE EDLIN IN SUPPORT OF DEFENDANT NETFLIX, INC.'S MOTION FOR AN ORDER TO SHOW CAUSE AND SANCTIONS AGAINST PLAINTIFF'S FORMER ATTORNEY, WILLIAM RAMEY AND RAMEY LLP**<br><br>Judge:    Hon. Jon S. Tigar<br>Hearing Date: May 8, 2025<br>Time: 2:00 p.m. |

I, Elise Edlin, hereby declare:

1.      I am an attorney with the law firm Perkins Coie LLP, based in San Francisco, California, and counsel representing Defendant Netflix, Inc. ("Netflix"). I have personal knowledge of the facts set forth in this declaration and am competent to testify.

2.      I am submitting this declaration in support of the Defendant Netflix, Inc.'s Order to Show Cause and Sanctions Against Plaintiff's Former Attorney William Ramey and Ramey LLP.

3.      Attached hereto as Exhibit A is a true and correct copy of the protective order entered in this case on July 25, 2022, ECF No. 56 ("Protective Order").

4.      Attached hereto as Exhibit B is a true and correct copy of the July 27, 2023 Order on the parties' Stipulation Amending Protective Order, ECF No. 120.

5.      Throughout the litigation, Netflix produced thirty-nine documents under the case Protective Order's CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY ("AEO") designations. The protected information in these documents describes the technical operation of the accused products and services, detailed non-public financial data for many years of Netflix's business, and Netflix's license agreements with third parties, among other things. Netflix also made its source code available for inspection its source code pursuant to the protective order's HIGHLY CONFIDENTIAL – SOURCE CODE protections. Netflix did not produce or make available for inspection to AiPi any of its protected materials.

6.      Netflix subpoenaed AiPi, LLC ("AiPi") for documents related to Netflix's claims in this court under the California Uniform Voidable Transactions Act ("CUVTA") ("AiPi Subpoena"). Netflix is currently enforcing the subpoena in *AiPi LLC v. Netflix Inc.*, No. 24-mc-00002 (E.D.Va.) ("Virginia Enforcement Case"). AiPi has been ordered to provide a full and complete production of documents responsive to the AiPi Subpoena. Attached as Exhibit C is a true and correct copy of Netflix's Motion for Contempt of Order Compelling Production against AiPi in the Virginia Enforcement Case, ECF No. 63-1. Attached as Exhibit D is a true and correct copy of the court's order on Netflix's motion for contempt in the Virginia Enforcement Case, ECF No. 65.

7. Attached hereto as Exhibit E is a true and correct copy of the public (redacted) version of the Engagement Agreement between AiPi, LLC and Ramey & Schwaller, LLP, dated October 1, 2021, and filed in the Virginia Enforcement Case, ECF No. 63-4. An unredacted version of the document was produced by AiPi pursuant to the AiPi Subpoena. The exhibit cover page from the original filing has been removed to avoid confusion.

8. Attached hereto as Exhibit F is a true and correct copy of the public (redacted) version of a document entitled "Litigation Plan for Lauri Valjakka," dated August 19, 2021, and filed in the Virginia Enforcement Case, ECF No. 63-5. An unredacted version of the document was produced by AiPi pursuant to the AiPi Subpoena. The exhibit cover page from the original filing has been removed to avoid confusion.

9. Attached hereto as Exhibit G is a true and correct copy of the July 22, 2024 Declaration of Eric Morehouse, filed in the Virginia Enforcement Case, ECF No. 17-2.

10. Attached hereto as Exhibit H is a true and correct copy of the Reply Brief in Support of AiPi, LLC's Motion to Quash Subpoena, filed in the Virginia Enforcement Case, ECF No. 24.

11. Attached hereto as Exhibit I is a true and correct copy of an email from William Ramey to Eric Lund and Eric Morehouse of AiPi, dated January 6, 2023, and filed in the Virginia Enforcement Case, ECF No. 63-7. A copy of this email was produced by AiPi pursuant to the AiPi Subpoena with its attachment, a copy of NFX_VALJ-00007111, which is a spreadsheet produced by Netflix and designated AEO under the Protective Order. The spreadsheet is a "master" financial report containing over seven years of detailed, non-public, profit and loss information across Netflix's various business lines and units. The exhibit cover page from the original filing has been removed to avoid confusion.

12. Attached hereto as Exhibit J is a true and correct copy of an email chain among William Ramey, Eric Lund, Eric Morehouse, Ken Sheets, and Tina Hueske (Litigation Paralegal at Ramey LLP), dated between December 12 and 23, 2022. The email was produced by AiPi pursuant to the AiPi Subpoena and designated CONFIDENTIAL under the Protective Order. By December 12, 2023, Netflix had already produced sixteen documents designated CONFIDENTIAL or AEO

documents under the Protective Order.  One of those documents was NFX_VALJ_00006545, which was produced by Netflix and designated AEO.

13.    Attached hereto as Exhibit K is a true and correct copy of an email chain among William Ramey, Eric Lund, Eric Morehouse, and Ken Sheets, dated December 30, 2022.  The email and attachments were produced by AiPi pursuant to the AiPi Subpoena and designated CONFIDENTIAL under the Protective Order.  On December 30, 2022, Plaintiff Valjakka served supplemental infringement contentions that enclosed three Netflix technical documents produced AEO and discussed the contents of those documents.

14.    Attached hereto as Exhibit L is a true and correct copy of an email from William Ramey to Eric Morehouse, Eric Lund, Ken Sheets, and Kyril Talanov (of Ramey LLP), dated July 5, 2022, forwarding an email from Jack Lu to William Ramey, Kyril Talnanov, Eric Morehouse, and others, also dated July 5, 2022.  The forwarded email attaches a draft of the expert report of Robert Held regarding damages (Mr. Held was Mr. Valjakka's damages expert), and draft exhibits thereto.  The draft report and draft exhibits discuss and reproduce financial data and license agreements of Netflix that it produced as AEO.  The email and attachments were produced by AiPi pursuant to the AiPi Subpoena and designated CONFIDENTIAL under the Protective Order.

15.    Attached hereto as Exhibit M is a true and correct copy of an email chain among William Ramey, Eric Morehouse and Ken Sheets, dated August 26 through September 1, 2022. The top email (from Mr. Ramey) attaches draft "revised damages contentions" and exhibits.  The email and attachments were produced by AiPi pursuant to the AiPi Subpoena and designated CONFIDENTIAL under the Protective Order.  The draft includes a description of financial data and license agreements of Netflix that it produced as AEO.

16.    Attached hereto as Exhibit N is a true and correct copy of an email chain among William Ramey and Eric Morehouse, with earlier emails also including Craig Rosenberg, dated between June 2 and June 27, 2023.  The email and attachments were produced by AiPi pursuant to the AiPi Subpoena and designated CONFIDENTIAL under the Protective Order.

17.    Attached hereto as Exhibit O is a true and correct copy of an email from William Ramey to Eric Morehouse, Eric Lund, Ken Sheets, Kyril Talanov, and Susan Kalra (of Mahamedi

IP) dated May 16, 2023, forwarding an email from William Ramey to counsel for Netflix. The email and attachments were produced by AiPi pursuant to the AiPi Subpoena and designated CONFIDENTIAL under the Protective Order.

18. Attached hereto as Exhibit P is a true and correct copy of an email chain among counsel for Netflix and William Ramey dated between December 30 and February 5, 2025. This correspondence reflects Netflix's efforts through February 5, 2025 to secure compliance with and remediate Protective Order violations by Mr. Ramey after Netflix discovered the violations. Those efforts included:

    a. On December 30, 2024, notifying Mr. Ramey and the AiPi attorneys of a first Protective Order violation Netflix discovered in the AiPi productions from December 27, 2024 (see Ex. I hereto). Mr. Ramey did not respond.

    b. On January 21, 2025, notifying Mr. Ramey of additional Protective Order violations Netflix uncovered in the AiPi productions and demanding the relief Netflix seeks here: namely, all documents and communications between Mr. Ramey and AiPi related to this case, and contact information for AiPi employees who received Netflix's protected information so that Netflix could remediate Mr. Ramey's violations of the Protective Order. Mr. Ramey responded on January 23, denying any wrongdoing and asserting the document identified in Netflix's December 30, 2024 email was sent to AiPi "in error."

    c. On February 4, explaining to Mr. Ramey that Netflix was aware of more than the purportedly erroneous disclosure referenced in Netflix's December 30, 2024 email and inviting a meet-and-confer; and

    d. On February 5, providing Mr. Ramey with specific examples of his Protective Order violations.

19. Mr. Ramey agreed to confer on February 10, 2025. During the conference, Mr. Ramey explained that he did not have current contact information for the AiPi employees who received Netflix's protected information, but that he expected he would be able to provide Netflix

with his correspondence with AiPi and promised an update to that effect on February 11.  Mr. Ramey did not provide an update on February 11.

20.    Attached hereto as Exhibit Q is a true and correct copy of an email chain among counsel for Netflix and William Ramey dated between February 12 and 15, 2025.  Netflix continued to ask Mr. Ramey for a specific date when it would receive the requested communications with AiPi.  Mr. Ramey refused to produce the requested communications.

21.    Attached hereto as Exhibit R is a true and correct copy of a January 15, 2025 "DECLARATION OF AIPI, LLC CUSTODIAN OF RECORDS," signed by Eric Morehouse. Counsel for AiPi provided this declaration to counsel for Netflix on the same day.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed on February 18, 2025 in San Francisco, California.

                                        _/s/ Elise S. Edlin_____
                                        Elise S. Edlin