# EXHIBIT E

# ENGAGEMENT AGREEMENT

This Engagement Agreement ("Agreement") is entered into by and between AiPi, LLC (referred to as "Client") and Ramey & Schwaller, LLP ("Ramey & Schwaller) on the terms and conditions and for the consideration hereinafter set forth. The effective date of this Agreement is **October 1, 2021**.

**WHEREAS**, Client is involved in various litigation activities ("Litigation") as contained in Exhibit A related to various technologies (collectively referred to as the "Technology");

**WHEREAS**, Client desires to bring Ramey & Schwaller to serve as Lead Counsel in the Litigation; and,

**WHEREAS**, the Client desires to engage Ramey & Schwaller (referred to as Firm") on the terms and conditions hereinafter set out and for the remuneration set out herein to pursue litigation or settlement against the Defendants (the "Litigation");

**NOW THEREFORE**, for and in consideration of the premises and for other good and sufficient consideration, receipt and sufficiency of which is hereby acknowledged, the parties hereto covenant and agree as follows:

1. <u>Two-Tiered Engagements</u>. Provided that the representation of Client would not violate any Ethical Rule or Rule of Procedure for Firm, in its sole discretion, and provided that the Client is responsible for paying all reasonable Expenses, Firm has agreed and does hereby agree to handle the Litigation on behalf of the Client as follows:

    a. For Tier 3 cases (or other unfunded cases), provided Client does all drafting of documents, legal work and research, the Firm agrees to a Contingent fee as follows: ▇▇ until the defendant answers or otherwise pleads, then ▇▇ If the case proceeds to 90 days from the First scheduled Markman, then ▇▇ If the case proceeds 60 days past receiving the Markman Order,

then ■. These percentages are on a per case basis and in any case cannot exceed the percentage that AiPi is entitled to from the patent owners – in other words Client/AiPi can't pay Firm more than Client/AiPi is entitled to from the patent owners. The expenses for every case shall be chargeable to the group of related cases.

  b. For Tier 1 and 2 cases (or other funded cases), provided Client does all drafting of documents, legal work and research, Firm agrees to accept ■ for each Group of Related cases through the first scheduled Markman Hearing. A Group of Related cases is defined to mean cases involving at least one identical patent and having a filing date within 90 days of one another. The ■ shall be payable as follows:

    1. ■ upon the filing of the first lawsuit of a Group of Related cases.

    2. ■ when the first defendant in a Group of Related cases answers or otherwise pleads.

    2. ■ upon the occurrence of 90-days before the first scheduled Markman Hearing.

    3. ■) upon the occurrence of 30-days before the First Scheduled Markman.

2. Expenses may be advanced by Firm (under Firm's discretion) and shall include, but are not limited to, consulting and testifying expert fees, local counsel fees that are not attorney fees, computerized research, court reporter fees, transcription costs, telephone charges, photocopying charges, courier and overnight delivery charges, travel (including mileage, parking, airfare on nonrefundable United tickets, lodging, meals and ground transportation), facsimile transmission, costs incurred in computerized research and litigation support systems, filing fees, witness fees, reimbursement for the cost of any third parties described below to the extent such costs are paid

initially by the Firm, reasonable meals only during travel required for Litigation, in-house and outsourced third party copying and reproduction charges of any kind, court fees and costs, filing fees, copy charges, research charges, and jury consultants. Further, notwithstanding the foregoing, attorney fees of any contingency counsel (contingency or otherwise) hired will not be considered an Expense and will not increase the Contingent Fee defined herein. Still yet, any attorney sanctions or any other fee that is awarded as a result of Firm's misconduct shall not be considered an Expense.

3.  For Tier 3 cases, Gross Proceeds shall mean the total amount of any settlement agreement entered into between Client (and/or its successor in interest), and any other entity or individual sued for the acts that proximately caused Client damage, to settle the Litigation or a final judgment entered by a court, including past damages, future damages, pre-judgment interest and post-judgment interest. Firm shall be reimbursed from Gross Proceeds for all expenses incurred and not paid by Client. Net Proceeds shall mean the greater of the following that are actually recovered:

   a.  The amount of recovery remaining after deduction of Expenses and costs from Gross Proceeds whether by settlement or judgment;

   b.  The value of any service performed by Potential Defendants for the benefit of Client;

   c.  The value of the benefit received by Client from Defendant(s); or,

   d.  An award of attorneys' fees

The Client is entitled to the remaining Net Proceeds after the deduction of the Contingent Interest from the Gross Proceeds. The Client hereby grants to Firm an interest in and lien upon Gross Proceeds derived from the Litigation, whenever received and from whatever source derived, up to

█ of Net Proceeds (in accordance with the above chart) plus the total amount of Expenses incurred or paid by Firm and not paid by Client.

4. The Firm will invoice Client periodically for Expenses and any required payment for Tier 1 and 2 cases.

5. During the course of our representation, it may be appropriate to hire third parties to provide services on your behalf. These services may include consulting or testifying experts, investigators, providers of computerized litigation support, video tape services and court reporters.

5. Client and Firm have agreed to limit the scope of this engagement to the prosecution of the Litigation, which includes any United States Patent & Trademark Office post grant proceedings against the Technology. The Firm is not responsible for other matters for which we have not specifically been engaged per the terms of this Agreement. A separate engagement letter will be necessary for such representation, unless otherwise agreed in writing.

6. <u>Termination of Representation by Client</u>. This Agreement may be terminated as to Firm by the Client with or without cause, by the giving of thirty (30)-days-notice in writing to Firm. In the event such termination is without cause, then and in that event Firm's right to reimbursement of Expenses and its contingent fee interest in the litigation shall remain intact and unaffected, notwithstanding Firm's lack of involvement after termination. In the event such termination is with cause, then and in that event, Firm's right to reimbursement of Expenses shall remain intact and unaffected, notwithstanding Firm's lack of involvement after termination. Moreover, reimbursement of Expenses incurred or paid by Firm shall be made first, before any other distribution of Gross Proceeds. Further in the event such termination is with cause, then and in that event, Firm's contingent fee interest in the litigation shall be reduced on a pro rata basis as a percentage of hours invested in the litigation by Firm prior to termination as compared to the hours

invested in the litigation by new counsel after termination, notwithstanding Firm's lack of involvement after termination.[1]

7. <u>Termination of Representation by Firm.</u> This Agreement may be terminated as to Client by Firm with or without cause, by the giving of thirty (30) days notice in writing to Client. In the event such termination, then and in that event Firm's right to reimbursement of Expenses and its contingent fee interest in the litigation shall remain intact and unaffected, notwithstanding Firm's lack of involvement after termination. Client fully assents to Firm's termination of representation and agrees to execute any and all documents necessary to let Firm out of the litigation. Firm's contingent fee interest in the litigation shall be reduced on a pro rata basis as a percentage of hours invested in the litigation by Firm prior to termination as compared to the hours invested in the litigation by new counsel after termination, notwithstanding Firm's lack of involvement after termination.[2]

8. <u>No Guarantee of Success.</u> Each of the parties to this Agreement recognizes that there can be no assured outcome in the litigation, and no representations or warranties concerning the litigation are made in that regard by any of the parties hereto.

9. <u>Bench Trial.</u> In the event a dispute should arise between or among the parties to this Agreement concerning rights or obligations of the parties hereunder, or the construction or interpretation of this Agreement, or involving the relationship created by this Agreement or related

---

[1] In the avoidance of doubt, and by way of example, if Ramey & Schwaller invested 800 man hours of the total of 1000 man hours invested in the Litigation (with 200 man hours invested by new counsel) and settlement were to occur one week prior to the first trial settling while Client was represented by new counsel, then Ramey & Schwaller would be entitled to receive a contingency interest of ▇ x ▇ or ▇ of Net Proceeds, to be calculated after the payment of all Expenses.

[2] In the avoidance of doubt, and by way of example, if Ramey & Schwaller invested 800 man hours of the total of 1000 man hours invested in the Litigation (with 200 man hours invested by new counsel) and settlement were to occur one week prior to the first trial settling while Client was represented by new counsel, then Ramey & Schwaller would be entitled to receive a contingency interest of ▇ ▇ ▇ of Net Proceeds, to be calculated after the payment of all Expenses.

**ENGAGEMENT AGREEMENT** Page 5 of 7

in any way thereto, then the parties may agree that such dispute shall be filed in a Judicial District Court of Harris County, Texas for a bench trial, no jury. Each part assents that the Court, in its discretion, may award attorneys' fees and costs to the prevailing party.

10. <u>Availability of ADR</u>. The parties hereto are fully cognizant of the fact that various ADR (Alternative Dispute Resolution) techniques and procedures are available to resolve the litigation. These techniques and procedures include, *inter alia*, mediation, non-binding arbitration, mini-trial, summary jury trial and early case evaluation. During the progress of the representation of the Client, Firm will provide guidance to the Client concerning the timing, type of procedure and availability of ADR as and when appropriate.

11. <u>Severability</u>. If any part or portion of any term of this Agreement is found to be invalid, the remainder of the portion or terms of the Agreement shall continue on in full force.

12. <u>Engagement Review</u>. Each party has reviewed this Agreement and each party is charged with drafting this Agreement.

13. <u>Entire Agreement</u>. Paragraphs 1-13 represent the entire agreement between the parties. Any changes to the terms herein disclosed are only effective if in writing and signed by both parties.

WITNESS our hand this _____ day of _____, 20__.

RAMEY & SCHWALLER, LLP                 **AiPi, LLC**

_____         _____

William P. Ramey, III                  Eric Morehouse

# EXHIBIT A

**Ward Participations Case Group** including Samsung, American Express, Bank of America, Chase, Citibank, Wells Fargo, etc. – Tier 1/2

**Lauri Valjakka Case Group** incluidng Akamai, Amazon, Cisco, Microsoft, Netflix, Apple, Google, Intertrust, Sony, etc. – Tier 1/2

**Peter Pedersen Case Group** including Google, J2Global, Mailjet/Mailgun, Microsoft, Verizon, Klaviyo, Salesforce, etc. – Tier 1/2

**George Aposphoros Case Group** – still identifying infringers with the goal of filing complaints in January 2022 – Tier ½

**M4Siz Case Group** – including CostCo, Home Depot, JC Penney, Kohls, Walgreens, etc. – Tier 3

**LifeProxy Case Group** – including Auctionstealer.Com, Bidslammer, Auctiva, eSnipe, etc. – Tier 3

**The above list is not intended to be exhaustive and it is AiPi's intention to pursue as many case groups of both tiers as posssible with Ramey & Schwaller.**