# EXHIBIT P

| | |
|---|---|
| **From:** | William Ramey |
| **To:** | Edlin, Elise (SFO); Litigation Attorneys |
| **Cc:** | Piepmeier, Sarah (SFO); Lamkin, Rachael; *Netflix-Valjakka; Dreyer, Lauren |
| **Subject:** | RE: Netflix AEO - Cease & Desist - Document Retention Notice |
| **Date:** | Wednesday, February 5, 2025 2:31:26 PM |
| **Attachments:** | image001.png |
| | image002.jpg |
| **Importance:** | High |

Hi Elise,

Allow me to look at what you have sent. I have not thought about this case in a while.

As you are aware from the filings, Eric Morehouse, Erik Lund and Ken Sheets were working for me on the case. In fact, Valjakka refers to them also as his attorneys. I note from your filings that you say Morehouse controlled my firm. We of course disagree on that, but there is no question that Morehouse, Lund and Sheets were working for me on the case.

I have never understood why Morehouse is trying to take the position that he was solely a funder…. When the facts are exactly the opposite.

I am certain you are aware that Morehouse and I are not working together anymore. I have reached out to his lawyer, but I have not heard back.

Are you free for a discussion Monday after noon?

Bill

**From:** Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Sent:** Wednesday, February 5, 2025 4:03 PM
**To:** William Ramey <wramey@rameyfirm.com>; LitigationParalegals <LitParalegals@rameyfirm.com>; Litigation Attorneys <litattorneys@rameyfirm.com>
**Cc:** Piepmeier, Sarah (Perkins Coie) <SPiepmeier@perkinscoie.com>; Lamkin, Rachael <rachael.lamkin@bakerbotts.com>; Netflix-Valjakka@perkinscoie.com; Dreyer, Lauren <Lauren.Dreyer@BakerBotts.com>
**Subject:** RE: Netflix AEO - Cease & Desist - Document Retention Notice

Bill,

Below are some examples in the minimal productions received so far showing blatant disregard of the Protective Order. Considering that we have not yet received full production by AiPi and that that they have been fighting production at every turn, Netflix needs complete compliance and production by you so that we can assess and remediate the full scope of the improper disclosure.

- Sept. 1, 2022 – AiPi email containing revised damages contentions that discuss Netflix's "numbers." In an earlier email, Bill Ramey asks AiPi to do the supplement using the "discovery

Tina [Hueske, Ramey LLP Paralegal] sent you from Netflix" which includes "actual revenues in the discovery [Netflix] produced."

- Dec. 12, 2022 – Tina Hueske sends via email with FTP link "Netflix Production.zip" – 2GB file to Morehouse and Lund.

- Dec. 30, 2022 – Lund emails Ramey attaching updated 102 supplemental infringement contentions that include "added docs" that are "AEO from Netflix's latest production."

- Jan. 5, 2023 – Ramey email to AiPi attaching the draft Held Report on Damages that discusses and summarizes Netflix's AEO financial and license documents.

- Jan. 6, 2023 – Ramey emails AiPi a copy of NFX-VALJ-00007111.xlsx (financial data).

Please provide a time that you are able to speak tomorrow or Friday.

Thank you,

**Elise Edlin**
PARTNER

[Perkins Coie](#)
505 Howard Street Suite 1000
San Francisco, CA 94105-3204
+1.415.344.7191
eedlin@perkinscoie.com
perkinscoie.com

---

**From:** Edlin, Elise (SFO) <EEdlin@perkinscoie.com>
**Sent:** Tuesday, February 4, 2025 1:44 PM
**To:** William Ramey <wramey@rameyfirm.com>; LitigationParalegals <LitParalegals@rameyfirm.com>; Litigation Attorneys <litattorneys@rameyfirm.com>
**Cc:** Piepmeier, Sarah (SFO) <SPiepmeier@perkinscoie.com>; Lamkin, Rachael <rachael.lamkin@bakerbotts.com>; *Netflix-Valjakka <Netflix-Valjakka@perkinscoie.com>; Dreyer, Lauren <Lauren.Dreyer@BakerBotts.com>
**Subject:** RE: Netflix AEO - Cease & Desist - Document Retention Notice

Bill,
It appears you misapprehend the number of protective order violations that Netflix has already identified. As we told you on January 21, we have become aware of other instances beyond the email attaching AEO financial data that we identified in December. Specifically, it appears you and your firm sent AiPi gigabytes of Netflix's productions (including AEO material), copies of AEO documents that were used to prepare infringement contentions, AEO licenses and/or summaries for use in expert reports and damages contentions, and potentially some information about the Netflix source code. We found just these in a small set of documents produced by AiPi, and have been told

many more communications will be produced.

Your transmission of Netflix's AEO financial spreadsheet was not merely an "error," but part of a wider pattern of improper disclosures of Netflix's protected material for AiPi to use in preparing legal work product and fillings. The protective order clearly defines who can receive Netflix's protected information, and AiPi does not fall under any category.

Netflix takes the improper disclosure of its confidential materials seriously--this correspondence and any further action to rectify these improper disclosures is solely for that purpose. We again request that you provide the information requested below, and refusal to cooperate with Netflix to identify, contain, and potentially remedy the spread of its highly confidential information may leave Netflix with no alternative but Court intervention.

Please provide a time this week that you are available to meet and confer about these issues.

Thank you,

Elise

**Elise Edlin**
PARTNER

Perkins Coie

505 Howard Street Suite 1000
San Francisco, CA 94105-3204

+1.415.344.7191
eedlin@perkinscoie.com
perkinscoie.com

---

**From:** William Ramey <wramey@rameyfirm.com>
**Sent:** Thursday, January 23, 2025 7:08 AM
**To:** Edlin, Elise (SFO) <EEdlin@perkinscoie.com>; LitigationParalegals <LitParalegals@rameyfirm.com>; Litigation Attorneys <litattorneys@rameyfirm.com>
**Cc:** Piepmeier, Sarah (SFO) <SPiepmeier@perkinscoie.com>; Lamkin, Rachael <rachael.lamkin@bakerbotts.com>; *Netflix-Valjakka <Netflix-Valjakka@perkinscoie.com>; Dreyer, Lauren <Lauren.Dreyer@BakerBotts.com>
**Subject:** RE: Netflix AEO - Cease & Desist - Document Retention Notice
**Importance:** High

Hi Elise,

Thank you for reaching out. We have done a search and do not think any other documents were sent to Valjakka's lawyers with AiPi e-mail addresses. Those documents appear to have been sent in error. I understand they have been destroyed.

It is no secret that Eric Morehouse, Erik Lund and Ken Sheets worked for me on the NFX case. We have said as much in declarations in the case. Recall, they were lawyers for Valjakka. No document was given to AiPi as a separate entity. Any documents that were given were to lawyers working for me on the case that just happened to have an AiPi e-mail address.

We do not see a breach of the Protective Order.  Further, to reiterate, it is my understanding that all NFX documents have been returned or destroyed by Morehouse, Lund and Sheets.

Let me know if you would like to discuss further.

Your veiled threat to seek discovery from me appears to be an attempt to bring my firm back in the case and further extend this litigation.  Such conduct would seem sanctionable under Section 1927.  We view your threat as improper.

Thanks,

Bill

William P. Ramey, III



5020 Montrose Bvd., Suite 800

Houston, Texas 77006

(713) 426-3923

(832) 900-4941 (facsimile)

www.rameyfirm.com

This communication is CONFIDENTIAL and may be privileged. If you are not the intended recipient, please notify me immediately and delete this message. Further disclosure or copying of any portion of this message is unauthorized.

**From:** Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Sent:** Tuesday, January 21, 2025 9:37 PM
**To:** William Ramey <wramey@rameyfirm.com>
**Cc:** Piepmeier, Sarah (Perkins Coie) <SPiepmeier@perkinscoie.com>; Lamkin, Rachael <rachael.lamkin@bakerbotts.com>; Netflix-Valjakka@perkinscoie.com; Dreyer, Lauren <Lauren.Dreyer@BakerBotts.com>
**Subject:** FW: Netflix AEO - Cease & Desist - Document Retention Notice

Bill,

We write because we have not received any response from you to Rachael's December 30 email below.  As we have continued to review materials produced by AiPi, we have become aware of

other instances where it appears that you provided Netflix's protected documents to individuals at AiPi not permitted to receive them.  We presume from your non-response to Rachael's email that you have no justification for providing AiPi with Netflix's highly confidential information.

Netflix views this as a serious breach of the Court's protective order. In order for Netflix to protect its confidential information and ensure no further misuse occurs, it needs information sufficient to determine what information was improperly shared and with whom.  To that end, please immediately provide Netflix with full information on this and any other instances where Netflix AEO was disclosed in violation of the protective order.  If you are unwilling to provide Netflix with the information necessary to assess the breadth of disclosure, Netflix may request that the Court order the following discovery:

1. All documents and communications between the Ramey firm and AiPi related to the Valjakka v. Netflix matters.  To the extent you refuse to produce specific documents and communications on privilege grounds, your privilege log should state at a minimum the identities of all recipients of the document or communication, the subject matter of any Netflix confidential information discussed in the document or communication, and, where applicable, the Bates number(s) of the Netflix confidential documents shared, summarized, or otherwise discussed with AiPi;
2. Current contact information for each person presently or previously affiliated with AiPi with whom employees of the Ramey firm communicated related to the Valjakka v. Netflix matters, so that Netflix can contact them to ensure its confidential information has not been further disseminated, and also ensure the individuals are not prosecuting patents in violation of the prosecution bar in the protective order; and

By Thursday, January 23, please either (1) confirm your agreement to provide the requested information, and state when you expect they will be provided; (2) provide your availability to confer regarding Netflix's requests by not later than Friday, January 24.  If you refuse to provide the requested information, Netflix may move the Court for that relief.  Netflix also intends to seek all appropriate sanctions, including at least its attorneys' fees and costs from addressing your violations of the protective order.  If Netflix does not receive a response from you by Thursday, we will assume you oppose all requested relief.

Thank you,

**Elise Edlin**
PARTNER

**Perkins Coie**
505 Howard Street Suite 1000
San Francisco, CA 94105-3204
+1.415.344.7191
eedlin@perkinscoie.com

perkinscoie.com

---

**From:** Lamkin, Rachael <rachael.lamkin@bakerbotts.com>
**Sent:** Monday, December 30, 2024 1:57 PM
**To:** William Ramey <wramey@rameyfirm.com>; bklaproth@klaprothlaw.com
**Cc:** LitigationParalegals <LitParalegals@rameyfirm.com>; Litigation Attorneys <litattorneys@rameyfirm.com>; Piepmeier, Sarah (SFO) <SPiepmeier@perkinscoie.com>; Edlin, Elise (SFO) <EEdlin@perkinscoie.com>; Dreyer, Lauren <Lauren.Dreyer@BakerBotts.com>; Knapp, Cailyn <cailyn.reilly.knapp@bakerbotts.com>; House, Ariel <ariel.house@bakerbotts.com>
**Subject:** Netflix AEO - Cease & Desist - Document Retention Notice

Dear Messrs. Ramey and Klaproth,

We have begun to review the AiPi production and it appears that there has been an egregious violation of the Protective Order in the Northern District of California case. Specifically, William Ramey provided AiPi a document that was designated "Highly Confidential Attorneys' Eyes Only" under the PO, i.e., Netflix's AEO financials. Mr. Ramey notes in the email that the information is both AEO and Netflix's financial information, attached.

The PO defines who may view information designated "Highly Confidential Attorneys' Eyes Only" as:

> (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

> (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

> (c) the court and its personnel;

> (d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

> (e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

NDCA ECF No. 56, PO § 7.3.

The PO defines Outside Counsel of Record as "attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party." PO § 2.11.

The PO defines Professional Vendors as "persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors." PO § 2.14.

AiPi clearly does not fall under any § 7.3 category.

The document provided to AiPi is Netflix's highly confidential financials, and disclosure of this information, especially to a funder of patent litigations, is a very serious issue. Ramey, AiPi, and any agents thereof must

immediately provide a list of all persons—identified with specificity—who have viewed Netflix's AEO financials. AiPi must retain but cease viewing any emails, communications, or documents related to Netflix's AEO information.  Mr. Ramey, AiPi, and their agents must continue to retain all emails or other forms of communication and work product regarding Netflix's AEO information.

If Mr. Ramey and AiPi believe that disclosure of Netflix's AEO information was justified, please provide a detailed explanation for that belief, and any supporting evidence or documentation thereof.

The above email has been sent with urgency and should not be read to limit or waive any rights held by Netflix related to this issue.
Rachael
**Rachael D. Lamkin**
Partner

Baker Botts L.L.P.
Rachael.Lamkin@BakerBotts.com
T +1.415.291.6264
M +1.916.747.6091



**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.