1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                            **OAKLAND DIVISION**

11

| | |
|---|---|
| LAURI VALJAKKA, | Case No. 4:22-cv-01490-JST |
| *Plaintiff*, | **[PROPOSED] ORDER GRANTING NETFLIX, INC.'S MOTION FOR AN ORDER TO SHOW CAUSE AND SANCTIONS AGAINST PLAINTIFF'S FORMER ATTORNEY, WILLIAM RAMEY AND RAMEY LLP** |
| v. | |
| NETFLIX, INC., | |
| *Defendant*. | |

On February 18, 2025, Defendant Netflix, Inc. ("Netflix") filed its Motion for Order to Show Cause and Sanctions.

The Court, having reviewed the evidence in support of the Motion for Order to Show Cause and Sanctions, HEREBY ORDERS that Defendant Netflix's Motion is GRANTED and Orders the following:

The Court ORDERS William Ramey and Ramey LLP to show cause as to why they should not be held in contempt for violating the Protective Order.

The Court FURTHER ORDERS sanctions, pursuant to Rule 37 of the Federal Rules of Civil Procedure, against William Ramey and Ramey LLP. William Ramey and Ramey LLP shall reimburse Netflix and their counsel for any and all costs and fees incurred in litigating this motion, the discovery associated with it, and any other actions taken to address and remediate violations of the Protective Order by William Ramey and Ramey LLP.

William Ramey and Ramey LLP are FURTHER ORDERED to:

- Produce all documents and communications between the Ramey LLP law firm and current/former employees of AiPi (at all known email addresses) related to the *Valjakka v. Netflix* matters. To the extent Mr. Ramey withholds specific documents and communications on alleged privilege grounds, he shall prepare a privilege log that states, at a minimum, the identities of all recipients of the document or communication, the subject matter of any Netflix confidential information discussed in the document or communication, and, where applicable, the Bates number(s) of the Netflix confidential documents shared, summarized, or otherwise discussed with AiPi;

- Disclose the current contact information for each person presently or previously affiliated with AiPi with whom employees of Ramey LLP communicated related to the *Valjakka v. Netflix* matter, so that Netflix can contact them to ensure its confidential information has not been further disseminated, and also ensure the individuals are not prosecuting patents in violation of the prosecution bar in the Protective Order; and

- Appear for a half-day (3.5 hour) deposition concerning the communications between Ramey LLP and current/former AiPi employees that include, relate to, or otherwise discuss Netflix confidential materials.

**IT IS SO ORDERED.**

Dated: _____, 2025

_____
Hon. JON S. TIGAR
DISTRICT COURT JUDGE