Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

[Additional counsel listed on signature page]

*Attorneys for Defendant*
*NETFLIX, INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>    *Plaintiff*,<br><br>    v.<br><br>NETFLIX, INC.,<br><br>    *Defendant*. | Case No. 4:22-cv-01490-JST<br><br>**NETFLIX, INC.'S UNOPPOSED MOTION TO MODIFY THE SCHEDULING ORDER TO EXTEND FACT DISCOVERY**<br><br>Judge: Hon. Jon S. Tigar |

# UNOPPOSED MOTION TO MODIFY THE SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16, Defendant Netflix, Inc. ("Netflix") respectfully seeks a modification of the Scheduling Order, Dkt. No. 293. Netflix has good cause, as described below, for the requested sixty-day extension of the deadline to complete fact discovery.[1] Plaintiff Lauri Valjakka does not oppose this Motion. *See* Declaration of Rachael Lamkin in Support of Netflix's Unopposed Motion to Modify the Scheduling Order ("Lamkin Decl."), ¶25.

## I.  INTRODUCTION AND FACTUAL BACKGROUND

This Court authorized Netflix to obtain discovery form AiPi, Inc. ("AiPi") by extending the fact discovery schedule in June 2024. *See* Dkt. No. 285. Since then, AiPi has resisted the discovery Netflix sought in every way imaginable. Early on, AiPi dodged service, asserted blanket privilege objections, and filed a motion to quash Netflix's subpoena in the Eastern District of Virginia ("Virginia Court"), but delayed the hearing. *See generally* Dkt. No. 291. Netflix then served a narrowed subpoena in September 2024, but AiPi again moved to quash. *See* Lamkin Decl., ¶3. After multiple motions hearings before the Magistrate Judge, on December 13, District Judge Leonie M. Brinkema for the Virginia Court ordered AiPi to respond to Netflix's subpoena within fourteen days. Lamkin Decl., Ex. A. AiPi did not comply. It served only seventy-nine documents—the majority irrelevant and/or duplicative—and a privilege log listing another sixty-eight communications, despite having told the Virginia Court that Netflix's subpoena was so broad as to implicate many **thousands** of documents. *See generally* Lamkin Decl., Ex. B at 2-5; *see also id.*, Ex. C, ¶8. Netflix promptly filed an expedited motion to hold AiPi in civil contempt for defying Judge Brinkema's order. *See id.*, Ex. B.

At a January 24, 2025 hearing on Netflix's contempt motion, Judge Brinkema—rightfully concerned that "there may be a very good basis to find that, in this case, the crime-fraud exception would break any claim of privilege"—ordered AiPi to make a "full and complete production" in

---

[1] If the extension is granted, Netflix proposes to continue on-schedule for deadlines related to its Motion for Order to Show Cause and Sanctions, including the hearing for that motion on May 8. At that hearing, the parties will update the Court on the status of the AiPi discovery and submit a proposed schedule for the remaining deadlines, including dispositive motions and trial.

response to Netflix's subpoena, produce all sixty-eight of the purportedly-privileged communications on AiPi's log, and produce all responsive documents identified via search terms applied to forensic images of certain AiPi computers and computer storage drives. Lamkin Decl., Ex. D; Dkt. No. 300-01 (hearing transcript) at 10, 20. Netflix and AiPi reached agreement on the search terms on January 31, 2025 (which Netflix would later voluntarily narrow). *See* Lamkin Decl., ¶8 & Ex. E. AiPi's storage drives were collected and imaged on January 31, 2025. *See id.*, ¶10.

Forensic analysis of AiPi's computer storage revealed roughly 30,000 hits on the narrowed search terms, but relatively few have been produced because the forensic review process is multi-step and includes many parties. Under those procedures, AiPi has an opportunity to review the documents for privilege and relevance. *Id.*, Ex. D. But according to AiPi's outside counsel, it is a two-person family law firm without the resources to review thousands of documents in short periods of time. *See id.*, ¶9.

Even after AiPi's counsel reviews a tranche of documents, the Virginia Court has allotted plaintiff Lauri Valjakka and his former attorney, William Ramey, seven business days to review the documents AiPi identified as privileged and lodge any objection with the Virginia Court. *Id.*, Ex. D. AiPi has been aggressive with its privilege claims so far (even though the Virginia Court rejected all sixty-eight of its claims from the December production), such that 90%+ of the documents are being provided to Messrs. Ramey and Valjakka for privilege review. *See id.*, ¶12. Thus, even though Netflix identified a first batch of only 248 documents on February 21, only seventeen were not flagged as privileged; the remaining 231 were not available to Netflix until the privilege review period expired on March 7. *See id.* On March 12, 2025, after the expiration of the Court-allotted review period, Mr. Valjakka notified AiPi (but not the Virginia Court) that he is asserting privilege over the documents, and AiPi filed that notice in the Virginia Court. Lamkin Decl., Ex. F. Netflix must now litigate, in the Virginia Court, AiPi's invocation of Mr. Valjakka's untimely privilege claims based on his procedural violations as well as the crime-fraud exception, and intends to do so on an expedited basis. Lamkin Decl., ¶14.

Furthermore, Netflix seeks related deposition testimony from AiPi and Mr. Hietalahti (of CDN Licensing).[2] *See* Dkt. No. 183. AiPi's corporate representative, Eric Morehouse, is unavailable for deposition the final week of fact discovery, so his deposition must occur on March 21 or earlier. Lamkin Decl., ¶11. It is currently scheduled for March 20. Lamkin Decl., ¶13. As a result, Netflix will have only a tiny fraction of the potentially thousands of relevant documents to use at his deposition and the privilege issue may not have been addressed by that date. A sixty-day extension will not only allow for substantially more documents to be produced, but it will allow the parties and the Virginia Court to resolve the privilege dispute and for Netflix to take its remaining depositions with the full scope of relevant, nonprivileged discovery.[3]

## II. GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

Requests to modify a scheduling order made after the Court has set a deadline for amending the pleadings are governed by Federal Rule of Civil Procedure 16. *In re Twitter Sec. Litig.*, No. 16-cv-05314-JST, 2020 WL 4188787, at *3 (N.D. Cal. May 19, 2020) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)). Rule 16 requires "good cause" and the consent of the Court to amend a scheduling order. *Id.* (citing Fed. R. Civ. P. 16(b)(4)). "'Unlike Rule 15(a)'s liberal amendment policy,'" the good cause standard "'primarily considers the diligence of the party seeking the amendment.'" *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Here, good causes exists. What little Netflix has received from AiPi has revealed a lot: [1] AiPi was effectively lead outside counsel for Mr. Valjakka's litigation campaign (without admission to practice in this District); [2] AiPi received and used Netflix's highly confidential information in violation of the case protective order; [3] AiPi and Mr. Valjakka's outside litigation counsel were aware of serious issues with ownership of the '167 Patent at the outset of litigation, and [4] AiPi deliberately concealed these issues. *See generally* Dkt. Nos 301-3 & 302 (Netflix's

---

[2] Netflix noticed Mr. Hietalahti's deposition for March 26, 2025, but Mr. Hietalahti did not respond. Mr. Hietalahti has now agreed to a deposition on May 19, 2025 pending approval of this requested extension. Lamkin Decl., ¶24.

[3] Mr. Morehouse has agreed to an additional deposition if the discovery period is extended in order to address documents that will not have been produced before the scheduled March 20, 2025 deposition. Lamkin Decl., ¶13.

Motion for an Order to Show Cause and Sanctions); Lamkin Decl., ¶¶15-23 & Exs. G-J. There are between many thousands of documents left (based on AiPi's statements to the Virginia Court) to tens of thousands of documents left (based on search terms AiPi agreed were responsive to Netflix's subpoenas) that will presumably reveal AiPi's role in the conduct underlying Netflix's CUVTA claims, demonstrate that this Court has jurisdiction over AiPi, and uncover other evidence relevant to Netflix's forthcoming motion for attorneys' fees. Netflix does not intend to pursue every one of the tens of thousands of responsive documents—but Netflix believes with an additional sixty days, it can resolve the privilege dispute with the Virginia Court over what Netflix has identified as the most relevant documents, and have the forensic discovery vendor (PricewaterhouseCoopers) produce them in advance of the AiPi and CDN Licensing depositions.

Netflix has unquestionably been diligent in seeking discovery from AiPi. Netflix promptly served the authorized discovery, served the amended subpoena following AiPi's second motion to quash, and litigated the third motion to quash until the District Court in Virginia ordered AiPi to produce the responsive documents. *See* Dkt. No. 291; Lamkin Decl., ¶3 & Ex. D. And when AiPi then produced only a handful of the thousands of responsive documents, Netflix promptly filed a motion for contempt. AiPi is only now producing significant quantities of responsive documents as it is subject to court-ordered forensic discovery administered by a neutral party. *See* Lamkin Decl., Ex. D. But Valjakka has improperly attempted to assert privilege for the vast majority of those documents, and the process to challenge that privilege invocation requires time that Netflix does not have without a short extension. For that reason, Netflix seeks a short extension to the fact discovery period.

## III.   CONCLUSION

For the reasons stated above, Netflix requests the Court grant unopposed motion to extend fact discovery by sixty days, until May 26, 2025.

Dated: March 14, 2025

Respectfully submitted,

*/s/ Elise Edlin*
Sarah E. Piepmeier, Bar No. 227094
Elise S. Edlin, Bar No. 293756
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
SPiepmeier@perkinscoie.com
EEdlin@perkinscoie.com
Telephone: +1.415.644.7000
Facsimile: +1.415.344.7050

Janice L. Ta (appearance *pro hac vice*)
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
JTa@perkinscoie.com
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Adam Hester, Bar No. 311206
PERKINS COIE LLP
33 E. Main Street, Ste. 201
Madison, Wisconsin, 53703
AHester@perkinscoie.com
Telephone: +650.838.4311

Rachael D. Lamkin (SBN 246066)
Karan Singh Dhadialla (SBN 296313)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: + 1.415. 291.6200
Facsimile: +1.415.291.6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

**Attorneys for Defendant**
**NETFLIX, INC.**

.

-6-

4:22-CV-01490-JST
NETFLIX'S MOTION TO MODIFY SCHEDULING ORDER