Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta (admitted *pro hac vice*)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

*Attorneys for Defendant*
NETFLIX, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA, | Case No. 4:22-cv-01490-JST |
| *Plaintiff*, v. | **DECLARATION OF RACHAEL LAMKIN IN SUPPORT OF DEFENDANT NETFLIX, INC.'S UNOPPOSED MOTION TO MODIFY THE SCHEDULING ORDER** |
| NETFLIX, INC., | |
| *Defendant*. | Judge: Hon. Jon S. Tigar |

I, Rachael Lamkin, hereby declare:

1. I am an attorney with the law firm Baker Botts LLP, based in San Francisco, California, and counsel representing Defendant Netflix, Inc. ("Netflix"). I have personal knowledge of the facts set forth in this declaration and am competent to testify.

2. I am submitting this declaration in support of the Defendant Netflix, Inc.'s Unopposed Motion to Modify the Scheduling Order to Extend Fact Discovery.

3. On September 6, 2024, Netflix served AiPi, Inc. ("AiPi") with a revised, narrowed subpoena to produce documents in a civil action after AiPi moved to quash an earlier subpoena served by Netflix in June, 2024.

4. Attached hereto as Exhibit A is a true and correct copy of December 13, 2024 Order by the Honorable Leonie M. Brinkema, United States District Judge for the Eastern District of Virginia, filed with the Eastern District of Virginia, No. 24-mc-00002, ECF No. 49.

5. Attached hereto as Exhibit B is a true and correct copy of Netflix's Public (Redacted) Memorandum in Support of Its Motion for Civil Contempt against AiPi, filed with the Eastern District of Virginia, No. 24-mc-00002, ECF No. 63.

6. Attached hereto as Exhibit C is a true and correct copy of the Declaration of Eric Morehouse, filed with the Eastern District of Virginia, No. 24-mc-00002, ECF No. 17-2.

7. Attached hereto as Exhibit D is a true and correct copy of an Order by Judge Brinkema on Netflix's Motion for Civil Contempt Against AiPi, dated January 27, 2025, filed with the Eastern District of Virginia, No. 24-mc-00002, ECF No. 65.

8. Attached hereto as Exhibit E is a true and correct copy of a Notice of Filing Agreed Initial List of Search Terms by Netflix and AiPi, filed with the Eastern District of Virginia, No. 24-mc-00002, ECF No. 66. The forensic discovery vendor identified approximately 60,000 documents on the computer storage drives AiPi made available for imaging that were collected in early February. Based on the volume of hits that the forensic discovery vendor identified, Netflix voluntarily narrowed some of the search terms, reducing the universe of responsive documents to only about 30,000.

9. In the course of conferring with counsel for AiPi regarding the timing of its review of the responsive documents, counsel (Brendan Klaproth) explained that his firm comprises two attorneys and is not able to review many thousands of documents on an expedited basis.

10. On January 31, 2025 Netflix and all parties executed an agreement with PricewaterhouseCoopers ("PwC") to forensically image Eric Morehouse's laptop, external hard drive, and iPhone ("the AiPi devices"). The AiPi devices were obtained by PwC for imaging later that day.

11. On February 18, 2025 the first search term report was made available by PwC to all parties.

12. Netflix identified a first batch of 248 documents responsive to the search terms on February 21, 2025. Counsel for AiPi reviewed the materials by February 24, 2025 and identified 231 of the 248 as privileged. Accordingly, and pursuant to the Virginia Court's Order on Netflix's Motion for Civil Contempt Against AiPi, the 17 documents not identified by AiPi's counsel as privileged were produced to Netflix the next day, while plaintiff Lauri Valjakka and his former attorney, William Ramey, had until March 7, 2025 to review and object on privilege grounds as to the other 231 documents.

13. On March 3, 2025, counsel for Netflix contacted counsel for AiPi regarding a deposition of AiPi as authorized by the Virginia Court's Order on Netflix's Motion for Civil Contempt Against AiPi. Counsel for AiPi explained that AiPi's corporate representative, Eric Morehouse, was unavailable for a deposition the week of March 24 due to prior commitments. The deposition is currently scheduled for March 20, but Mr. Morehouse has agreed to an additional deposition if the discovery period is extended in order to address documents that will not have been produced before then.

14. Attached as Exhibit F is a true and correct copy of a "Notice to Court RE Order (ECF No. 65)" filed by AiPi with the Eastern District of Virginia, No. 24-mc-00002, ECF No. 67, and "Lauri Valjakka's Objection to Production and Disclosure of Documents Under Court Order 24th January 2025," filed by AiPi with the Eastern District of Virginia, No. 24-mc-00002, ECF No. 67-1. Netflix must now litigate, in the Virginia Court, AiPi's invocation of Mr. Valjakka's untimely

-3-                                              4:22-CV-01490-JST
DECL. OF LAMKIN ISO NETFLIX INC.'S
MOTION TO MODIFY SCHEDULING ORDER

privilege claims based on his procedural violations as well as the crime-fraud exception, and intends to do so soon on an expedited basis.

15. Regarding ownership of the '167 Patent, the documents obtained from AiPi demonstrate the following:

16. In October of 2021, attorneys for defendant Akamai apparently told Valjakka's then-attorney Erick Robinson that Valjakka did not own the '167 Patent. *See* pages 2-3 of Exhibit G which is a true and correct copy of an email chain among Lauri Valjakka, Erik Lund (AiPi) and Eric Morehouse (AiPi) dated October 22, 2021, with highlighting to identify relevant material.

17. According to Eric Morehouse, attorney Robinson demanded that Valjakka demonstrate that he owned the '167 Patent or Mr. Robinson would not litigate the case. Valjakka was apparently unable to satisfy Robinson, who resigned shortly thereafter, *See* page 8 of Exhibit H which is a true and correct copy of an email chain among Eric Morehouse, Lauri Valjakka, Onni Hietalahti, Erik Lund, Jonathan Merril (of AiPi), Mete Ozmen (AiPi), and "R. Kerber" (AiPi) from October and November, 2021, with highlighting to identify relevant material.

18. Attorney William Ramey was retained after Attorney Robinson.

19. AiPi prioritized settling with Akamai to secret this information. *See* pages 6-7 and 9 of Exhibit I, which is a true and correct copy of an email chain among Eric Morehouse, Onni Hietalahti, Lauri Valjakka, Erik Lund, Matti Saraheimo, and Jonathan Merril from December, 2021, with highlighting to identify relevant material.

20. AiPi reviewed the Helsinki Court opinion and concluded, that that opinion undermines Valjakka's claim to ownership (and conveyed as much to Valjakka). *See* Exhibit H at 8.

21. AiPi tried to resolve the ownership issue through various means but was unable.

22. Attorneys from the Ramey firm and AiPi agreed to delay production of documents relevant to this issue. *See* page 2 of Exhibit J, which is a true and correct copy of an email chain among Onni Hietalahti, Eric Morehouse, and Lauri Valjakka from April and May 2023, with highlighting to identify relevant material.

23. Attached as Exhibits G-J are a few of the many documents produced by AiPi that support the above statements.

24. Attached as Exhibit K is a true and correct copy of Netflix's March 5, 2025 Notice of Deposition to Mr. Onni Hietalahti as representative of CDN Licensing. Mr. Hietalahti did not respond to Netflix's email serving the notice. After Netflix subsequently reached out to Mr. Hietalahti, he agreed to a deposition on May 19, 2025 pending approval of the requested extension.

25. On March 13, 2025, counsel for Netflix emailed Lauri Valjakka and his attorney Onni Hietalahti to ask whether Mr. Valjakka would be opposing Netflix's motion. Mr. Hietalahti replied on Mr. Valjakka's behalf and stated that they "do not oppose the proposed discovery extension."

26. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on March 14, 2025 in San Francisco, California.

*/s/ Rachael Lamkin*
Rachael Lamkin