# EXHIBIT H

| | |
|---|---|
| **From:** | Eric Morehouse[emorehouse@kviplaw.com] |
| **Sent:** | Tue 11/2/2021 6:47:38 PM (UTC) |
| **To:** | 'Onni Hietalahti'[onni.hietalahti@tamoralegal.fi]; 'Lauri Valjakka'[lauri.valjakka@eezykeyz.fi] |
| **Cc:** | 'elund@kviplaw.com'[elund@kviplaw.com]; 'Jonathan Merril'[jmerril@aipisolutions.com]; 'Mete Ozmen'[mozmen@aipisolutions.com]; 'rkerber@aipisolutions.com'[rkerber@aipisolutions.com]; 'Matti Saraheimo'[matti.saraheimo@mosconsulting.fi] |
| **Subject:** | RE: Ownership Issue - Please revise letter |

Onni,

Your letter helps a little but <u>doesn't</u> directly address the issues that we discussed. We need you to clearly state that "the rights of utilization" means ownership, and please send us a revied version .

We understand, as put forth in the letter, the ownership lies with Lauri because: 1) there is no better claim to the title; 2) Lauri has the assignment and thus assumed ownership under Finnish Patent Act; and 3) the evidence of Lauri paying for the patent to continue as well as assignments from other Sumoen Biisi shareholders show the intention to have Lauri own the patent. However, we need the letter to clearly indicate that the previous agreement states that the utilization rights are transferred from the 3 owners upon the bankruptcy of Sumoen Biisi, that is what happened, and the utilization rights means ownership rights.

Specifically, paragraph 3, section B, indent 5 states: "According to the agreement **the transferred patent rights shall return** to Mr. Valjakka, Mr. Setala and Mr. Pakarinen . . ." However, the agreement states "**the rights of utilization of DMTS**, assigned with this Agreement to the Company, are reassigned to the inventor, Pekka Pakarinen and Juha Setala if:" Without an opinion stating "the rights of utilization" include ownership under Finnish law, there will be a dispute as to whether patent ownership was transferred back. In light of all the other arguments in the letter including assumption of ownership, perhaps the weight of evidence favors Lauri as the patent owner. Based on our previous conversations and emails, we are surprised that your letter fails to focus on the key issue. We also need a better introduction.

Please also address the letter to Laurie, and provide a paragraph at the beginning of the letter such as:

> I understand that you, Lauri Valjakka, are the plaintiff in certain legal proceedings initiated in the U.S. District Court of W.D. Texas pertaining to infringement of the patent specified in the topic (hereinafter "the patent"), and have requested a comprehensive assessment as to the ownership of the patent. As you know, ownership of the patent is determined by Finnish law, and I am an attorney in Finland with expertise in determining such ownership issues. In this case, and as discussed in detail below, you, Lauri Valjakka, are very clearly the owner of the patent. I am unaware of any facts that would contradict your ownership rights or otherwise indicate ownership of the patent by any other entity.

Please send us a revised version as soon as possible.

Eric

**Eric D. Morehouse**
Founder

 

+1 (703) 346-4787
11718 Bowman Green Dr.
Reston, VA 20190
www.aipisolutions.com
EMorehouse@aipisolutions.com

---

**From:** Onni Hietalahti
**Sent:** Tuesday, November 02, 2021 10:30 AM
**To:** Eric Morehouse <emorehouse@kviplaw.com>; 'Lauri Valjakka' <lauri.valjakka@eezykeyz.fi>
**Cc:** elund@kviplaw.com; 'Jonathan Merril' <jmerril@aipisolutions.com>; 'Mete Ozmen' <mozmen@aipisolutions.com>; rkerber@aipisolutions.com; Matti Saraheimo <matti.saraheimo@mosconsulting.fi>
**Subject:** VS: Ownership Issue

Eric / Lauri + others

Here is the legal opinion on the ownership issue. Hope it will do.

Let me hear if you have questions or remarks.

Br. Onni

**Onni Hietalahti**
Advocate | Tamora Legal Attorneys Ltd.
+ 358 40 488 9260 |  Lappeentie 16, 55100 Imatra, Finland



This message is confidential and intended only for the receiver. Kindly delete the message immediately and inform the sender If you are not the intended receiver of this message.
www.tamoralegal.fi

---

**Lähettäjä:** Eric Morehouse <emorehouse@kviplaw.com>
**Lähetetty:** lauantai 30. lokakuuta 2021 0.01
**Vastaanottaja:** Onni Hietalahti <onni.hietalahti@tamoralegal.fi>; 'Lauri Valjakka' <lauri.valjakka@eezykeyz.fi>

**Kopio:** elund@kviplaw.com; 'Jonathan Merril' <jmerril@aipisolutions.com>; 'Mete Ozmen' <mozmen@aipisolutions.com>; rkerber@aipisolutions.com
**Aihe:** RE: Ownership Issue

Onni and Lauri,

It was great speaking with you today.  Information and documents that we need are discussed below.

The Helsinki District Court opinion clearly indicates that the utilization agreement "has thus no significance in assessing whom the rights to the DMTS invention, as specified in the Patents Act, belong to."

We can interpret that to mean that the district court disagrees with Lauri's assertion that he transferred his ownership rights through the utilization agreement of 12/20/2005 in the patent to Suomen Biisi Oy because Suomen Biisi Oy already owned the patent.  **We need to argue that this district court opinion does <u>not</u> mean that all clauses of the utilization agreement are invalid.  Please provide evidence of the utilization agreement otherwise being valid. Also, please explain why Lauri tried to transfer the rights to Suomen Biisi Oy after Suomen Biisi Oy already owned it.**

The utilization agreement does indicate that, upon Suomen Biisi Oy's bankruptcy, then the patent <u>utilization rights</u> go to the 3 Suomen Biisi Oy owners (including Lauri).  The Bankruptcy Estate confirms that the patent <u>utilization rights</u> go to the 3 Suomen Biisi Oy owners (including Lauri) – which helps to show that this clause of the utilization agreement is valid, i.e., the entire utilization agreement isn't void, but more evidence of this is helpful.

**Most importantly, we <u>must</u> show that according to Finnish law "utilization rights" means ownership.  Another section of the utilization agreement cites ownership of patent rights, which is a different word than utilization, and so we need a clear statement that you use "ownership" and "utilization" synonymously.  If utilization means license, then we lose.**

It will be helpful to have other documents showing that the ownership of the patent went back to the 3 Suomen Biisi Oy owners.  **Bankruptcy documents showing the assets of Suomen Biisi Oy that are being distributed upon bankruptcy are best.  For example, a list of Suomen Biisi Oy assets that do not include the patent would imply that the utilization agreement controlled in the sense that ownership already transferred to the 3 Suomen Biisi Oy owners.**

It would also be helpful to have an argument that Lauri would still be the owner if the 3 Suomen Biisi Oy owners did not receive ownership via the utilization agreement.  For example, if the patent ownership passed to another entity (such as to a Suomen Biisi Oy creditor) at bankruptcy, and then ownership went from the creditor to Lauri.

We need a legal opinion that:  1) the utilization agreement otherwise being valid – it's just the part of Lauri transferring the rights to Suomen Biisi Oy is wrong; 2) according to Finnish law "utilization rights" means ownership; and 3) Lauri is clearly the current owner of the patent and was the owner at the time of his revival of the patent's abandonment.

Eric

**Eric D. Morehouse**
Founder



+1 (703) 346-4787
11718 Bowman Green Dr.
Reston, VA 20190
www.aipisolutions.com
EMorehouse@aipisolutions.com

---

**From:** Onni Hietalahti
**Sent:** Friday, October 29, 2021 9:31 AM
**To:** Eric Morehouse <emorehouse@kviplaw.com>; 'Lauri Valjakka' <lauri.valjakka@eezykeyz.fi>
**Cc:** elund@kviplaw.com; 'Jonathan Merril' <jmerril@aipisolutions.com>; 'Mete Ozmen' <mozmen@aipisolutions.com>; rkerber@aipisolutions.com
**Subject:** VS: Ownership Issue

Eric,

Sorry, tabs seemed to mess up readability of my message – here the same in a bit more readable form.
-Onni


**Nov 16, 2005**, Business Purchase Agreement, e-3 Systems has transferred to Suomen Biisi Oy all rights to DMTS *owned by e-3 Systems*, subject to a separate Utilisation Agreement with LV (it could be argued that LV and not e-3 Systems held the title due to Agreement on Transfer of Immaterial Rights June 27, 2003 and its subsequent termination, but the court has not received evidence backing this)

**Dec 20,2005**, Utilisation Agreement, Suomen Biisi has accepted terms according to which LV as the owner of the patent transfers 1) his [utilisation] rights to Suomen Biisi Oy according to the terms of the agreement and immaterial [ownership] rights to LV, Pekka Pakarinen and Juha Setälä

**May 27**, 2008, Complaint by LV, LV has claimed to confirm the dissolution of the Utilisation Agreement and return of rights transferred to Suomen Biisi Oy

**xx.xx, 2008**, Statement to the District Court, ***The Bankruptcy estate has claimed that the Utilisation Agreement does not affect ownership but in case the company seizes to operate or is declared bankrupt, the utilisation rights be***
***transferred in equal shares to LV, Pekka Pakarinen and Juha Setälä.***

**Mar 24, 2010**, Helsinki Appeals Court upheld Helsinki District Court ruling according to which 1) all rights to the patent have been transferred by 16.11.2005 Business Purchase Agreement to Suomen Biisi Oy and 2) that the Utilisation Agreement is not decisive in defining to whom the rights belong to

**Dec 1, 2010**, Agreement on DMTS invention rights, Pekka Pakarinen has transferred his 1/3 share to LV.

**xx.xx, 2011**, E-mail from the administrator (not located) LV received a confirmation from the bankruptcy administrator of Suomen Biisi Oy that the estate does not have any claims with respect to the patent (we have not located this e-mail yet).

**Jan 12, 2014**, Agreement on DMTS invention rights, Juha Setälä has transferred his 1/3 share to LV.


**Lähettäjä:** Onni Hietalahti
**Lähetetty:** perjantai 29. lokakuuta 2021 16.24
**Vastaanottaja:** Eric Morehouse <emorehouse@kviplaw.com>; 'Lauri Valjakka' <lauri.valjakka@eezykeyz.fi>
**Kopio:** elund@kviplaw.com; 'Jonathan Merril' <jmerril@aipisolutions.com>; 'Mete Ozmen' <mozmen@aipisolutions.com>; rkerber@aipisolutions.com
**Aihe:** VS: Ownership Issue

Eric,

I read through the court decision + documents relating to ownership after 2005. This is my understanding on the title trail for our conference at 16.30:

Nov 16, 2005   Business Purchase Agreement            e-3 Systems has transferred to Suomen Biisi Oy all rights to DMTS *owned by e-3 Systems*, subject to a separate Utilisation Agreement with LV (it could be argued that LV and not e-3 Systems held the title due to Agreement on Transfer of Immaterial Rights June 27, 2003 and its subsequent termination, but the court has not received evidence backing this)

Dec 20,2005    Utilisation Agreement              Suomen Biisi has accepted terms according to which LV as the owner of the patent transfers 1) his [utilisation] rights to Suomen Biisi Oy according to the terms of the agreement  and
                                          immaterial [ownership] rights to LV, Pekka Pakarinen and Juha Setälä

May 27, 2008  Complaint by LV                    LV has claimed to confirm the dissolution of the Utilisation Agreement and return of rights transferred to Suomen Biisi Oy

xx.xx, 2008     Statement to the District Court        ***The Bankruptcy estate has claimed that the Utilisation Agreement does not affect ownership but in case the company seizes to operate or is declared bankrupt, the utilisation rights be***
                                          ***transferred in equal shares to LV, Pekka***

*Pakarinen and Juha Setälä.*

Mar 24, 2010   Helsinki Appeals Court              upheld Helsinki District Court ruling according to which 1) all rights to the patent have been transferred by 16.11.2005 Business Purchase Agreement to Suomen Biisi Oy and

2) that the Utilisation Agreement is not decisive in defining to whom the rights belong to – i

Dec 1, 2010    Agreement on DMTS invention rights    Pekka Pakarinen has transferred his 1/3 share to LV.

xx.xx, 2011    E-mail from the administrator (not located) LV received a confirmation from the bankruptcy administrator of Suomen Biisi Oy that the estate does not have any claims with respect to the patent (we have not located this e-mail yet).

Jan 12, 2014   Agreement on DMTS invention rights    Juha Setälä has transferred his 1/3 share to LV.

So here´s the status. Hope it will clear up the situation enough to continue with the complaints.

Br. Onni

**Onni Hietalahti**
Advocate | Tamora Legal Attorneys Ltd.
+ 358 40 488 9260 |  Lappeentie 16, 55100 Imatra, Finland



This message is confidential and intended only for the receiver. Kindly delete the message immediately and inform the sender If you are not the intended receiver of this message.
www.tamoralegal.fi

---

**Lähettäjä:** Eric Morehouse <emorehouse@kviplaw.com>
**Lähetetty:** perjantai 29. lokakuuta 2021 0.49
**Vastaanottaja:** 'Lauri Valjakka' <lauri.valjakka@eezykeyz.fi>; Onni Hietalahti <onni.hietalahti@tamoralegal.fi>
**Kopio:** elund@kviplaw.com; 'Jonathan Merril' <jmerril@aipisolutions.com>; 'Mete Ozmen' <mozmen@aipisolutions.com>; rkerber@aipisolutions.com
**Aihe:** RE: Ownership Issue

I agree – but we can't sue if we can't confirm ownership.  We need to solve this problem or the lawyer won't move forward.

**From:** Lauri Valjakka
**Sent:** Thursday, October 28, 2021 5:45 PM
**To:** 'Eric Morehouse' <emorehouse@kviplaw.com>; 'Onni Hietalahti' <onni.hietalahti@tamoralegal.fi>
**Cc:** elund@kviplaw.com; 'Jonathan Merril' <jmerril@aipisolutions.com>; 'Mete Ozmen' <mozmen@aipisolutions.com>; rkerber@aipisolutions.com
**Subject:** VS: Ownership Issue

Hi,
This sounds unbelievable! Hard to accept even a doubt I would not own the CDN patents in the US and UK. Something is not right and yes, let's speak asap.
BR
Lauri

**Lähettäjä:** Eric Morehouse <emorehouse@kviplaw.com>
**Lähetetty:** perjantai 29. lokakuuta 2021 0.37
**Vastaanottaja:** 'Lauri Valjakka' <lauri.valjakka@eezykeyz.fi>; 'Onni Hietalahti' <onni.hietalahti@tamoralegal.fi>
**Kopio:** elund@kviplaw.com; 'Jonathan Merril' <jmerril@aipisolutions.com>; 'Mete Ozmen' <mozmen@aipisolutions.com>; rkerber@aipisolutions.com
**Aihe:** RE: Ownership Issue

Sounds good. We'll send the Zoom invite.

We've spoken with the lawyer and he will not litigate this case unless we solve this issue immediately – we will need to withdraw all of the complaints.

The Finnish court's decision is a problem. We need documents at that time showing that ownership went to Lauri after the bankruptcy.

We'll explain in detail tomorrow – but must solve this immediately, i.e., in the next few days.


**Eric D. Morehouse**
Founder



+1 (703) 346-4787
11718 Bowman Green Dr.
Reston, VA 20190
www.aipisolutions.com
EMorehouse@aipisolutions.com

**From:** Lauri Valjakka
**Sent:** Thursday, October 28, 2021 5:33 PM
**To:** 'Onni Hietalahti' <onni.hietalahti@tamoralegal.fi>; 'Eric Morehouse' <emorehouse@kviplaw.com>
**Cc:** elund@kviplaw.com; 'Jonathan Merril' <jmerril@aipisolutions.com>; 'Mete Ozmen' <mozmen@aipisolutions.com>; rkerber@aipisolutions.com
**Subject:** VS: Ownership Issue

Eric et all,
Many thanks for the information and I'm available for a video conf tomorrow.
BR
Lauri

**Lähettäjä:** Onni Hietalahti <onni.hietalahti@tamoralegal.fi>
**Lähetetty:** perjantai 29. lokakuuta 2021 0.17
**Vastaanottaja:** Eric Morehouse <emorehouse@kviplaw.com>; 'Lauri Valjakka' <lauri.valjakka@eezykeyz.fi>
**Kopio:** elund@kviplaw.com; 'Jonathan Merril' <jmerril@aipisolutions.com>; 'Mete Ozmen' <mozmen@aipisolutions.com>; rkerber@aipisolutions.com
**Aihe:** Re: Ownership Issue

Yes,
I would be available till 4.50 pm. If we start a bit earlier, there would be no rush.
Onni

Hanki Outlook for Android

**From:** Eric Morehouse <emorehouse@kviplaw.com>
**Sent:** Thursday, October 28, 2021 11:36:13 PM
**To:** Onni Hietalahti <onni.hietalahti@tamoralegal.fi>; 'Lauri Valjakka' <lauri.valjakka@eezykeyz.fi>
**Cc:** elund@kviplaw.com <elund@kviplaw.com>; 'Jonathan Merril' <jmerril@aipisolutions.com>; 'Mete Ozmen' <mozmen@aipisolutions.com>; rkerber@aipisolutions.com <rkerber@aipisolutions.com>
**Subject:** RE: Ownership Issue

Onni and Lauri,

We need to have a call with you tomorrow.

Please let us know if you can have the call tomorrow at 9:30am Virginia time, i.e., 4:30pm Finland time.

We'll send you a Zoom invite.

Eric

**Eric D. Morehouse**
Founder



+1 (703) 346-4787
11718 Bowman Green Dr.
Reston, VA 20190
www.aipisolutions.com
EMorehouse@aipisolutions.com

---

**From:** Onni Hietalahti
**Sent:** Thursday, October 28, 2021 4:17 PM
**To:** Eric Morehouse <emorehouse@kviplaw.com>; 'Lauri Valjakka' <lauri.valjakka@eezykeyz.fi>
**Cc:** elund@kviplaw.com; 'Jonathan Merril' <jmerril@aipisolutions.com>
**Subject:** Re: Ownership Issue

Hello Eric,

Answer to both your questions is no. IP rights are considered as movable property. There are no requirements for the form of sale/transfer agreements of movable property. Therefore oral agreements are binding provided that their existence and content can be sufficiently substantiated.

What do you say - does US law give significance to Finnish law in this respect?

We'll continue our search of documents.

Thanks
Onni

Hanki Outlook for Android

---

**From:** Eric Morehouse <emorehouse@kviplaw.com>
**Sent:** Thursday, October 28, 2021 9:26:36 PM
**To:** 'Lauri Valjakka' <lauri.valjakka@eezykeyz.fi>; Onni Hietalahti <onni.hietalahti@tamoralegal.fi>
**Cc:** elund@kviplaw.com <elund@kviplaw.com>; 'Jonathan Merril' <jmerril@aipisolutions.com>
**Subject:** Ownership Issue

Onni,

Thank you for the update on your progress.  Another issue that has arisen may be a result of the difference between U.S. Law and Finnish Law.

**(1) U.S. Law**
As you mentioned evidence of the original ownership is the key issue at this moment in U.S. Law. The reason for this is because the U.S. Court of Appeals for the Federal circuit has precedential case law stating that:

> While we acknowledge that a license may be written, verbal, or implied, if the license is to be considered a virtual assignment to assert standing, it must be in writing. The limited exception we have provided conferring standing on licensees is restricted to virtual assignees. As such, the licensing arrangement conferring such must, logically, resemble an assignment in both form and substance. Under the 35 U.S.C. § 261 (1994), "[a]pplications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing." If we were to expand the exception to include verbal licenses, the exception would swallow the rule. Parties would be free to engage in revisionist history, circumventing the certainty provided by the writing requirement of section 261 by claiming to be patentee by virtue of a verbal licensing arrangement. *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998).

Thus, the concern is that absent a written instrument collaborating the assignment, a U.S. court will find that the oral testimony of the alleged implied assignment will not be sufficient. Based on U.S. case law, a written instrument outlining the agreement at the time it occurred would most likely suffice. Additionally, any written documentation referencing the agreement such as e-mails, text-messages, or business documentation referencing the assignment would likely be helpful.

Without any such corroborating evidence or written documentation, at this point, based on the current documentation, the argument for ownership would rely *solely* on three testimonies that a transfer of ownership occurred in 2002 or 2003. In light of the U.S. legal precedent above, a court will likely find this insufficient for standing.

However, subsequent events to the 2003 Bill of Sale do provide additional evidence that a court will likely consider. In particular, after 2003, the documentation does better support the intent of ownership.

**(2) U.S. v. Finnish Law**
Under U.S. contract law, certain types of contracts must have evidence in writing to be enforceable. Additionally, the U.S. code relating to patent ownership , 35 U.S. Code § 261, states "*Applications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing.*"

**Question 1:** Is there any similar requirement in Finnish law?

**Question 2:** Does Finnish law have any specific requirements for transferring the ownership (*i.e. assigning the patent rights*) beyond what is required for a valid and enforceable contract?

Ultimately, a U.S. court will need to be satisfied with the evidence put forth to establish LV's ownership of the patent. The Finish legal requirements may factor in to their decision.

Eric

**Eric D. Morehouse**
Founder

 

+1 (703) 346-4787
11718 Bowman Green Dr.
Reston, VA 20190
www.aipisolutions.com
EMorehouse@aipisolutions.com