# EXHIBIT J

| | |
|---|---|
| **From:** | Onni Hietalahti[onni.hietalahti@tamoralegal.fi] |
| **Sent:** | Mon 5/8/2023 1:49:02 PM (UTC) |
| **To:** | emorehouse@aipisolutions.com[emorehouse@aipisolutions.com]; Lauri Valjakka[lauri.valjakka@eezykeyz.fi] |
| **Subject:** | VS: Strategy and administrative issues |

Eric,

I refer to your question below. Last week Kyril, Ken, Lauri and I went through the documents to be produced to Netflix. Mostly this concerned old harmless documents from the hard drives.

==We also went through more recent documents of which the professor Tepora´s statement regarding ownership was one (see attachment). Kyril did not want to produce that document and we decided not to. He saw it as an internal privileged document that we would not be obliged to disclose (at least not yet).==

In a separate message I updated to you the current status of the ownership DJ application in Finland. We are facing a delay but hopefully not a serious one. In the application I have marked professor Tepora´s statement as a secret one not to be disclosed to third parties. In the application we only have the Finnish version of the statement.

Hope this clarifies the situation.

Br. Onni

**Onni Hietalahti**
Asianajaja  |  Asianajotoimisto Tamora Legal Oy
040 488 9260   |   Lappeentie 16, 55100 Imatra



Tämä sähköposti on luottamuksellinen. Se on tarkoitettu ainoastaan vastaanottajalle. Mikäli ette ole viestissä tarkoitettu vastaanottaja, olkaa hyvä ja ilmoittakaa siitä lähettäjälle sekä poistakaa viesti välittömästi.
www.tamoralegal.fi

---

**Lähettäjä:** emorehouse@aipisolutions.com <emorehouse@aipisolutions.com>
**Lähetetty:** maanantai 8. toukokuuta 2023 16.30
**Vastaanottaja:** Lauri Valjakka <lauri.valjakka@eezykeyz.fi>; Onni Hietalahti <onni.hietalahti@tamoralegal.fi>
**Aihe:** RE: Strategy and administrative issues

I'm talking about the DJ action on ownership that Onni has been discussing the last few months.

What is the attached document?

**Eric D. Morehouse**
Founder



+1 (703) 346-4787
11718 Bowman Green Dr.
Reston, VA 20190
www.aipisolutions.com
EMorehouse@aipisolutions.com

---

**From:** Lauri Valjakka <lauri.valjakka@eezykeyz.fi>
**Sent:** Monday, May 8, 2023 7:26 AM
**To:** emorehouse@aipisolutions.com; 'Onni Hietalahti' <onni.hietalahti@tamoralegal.fi>
**Subject:** VS: Strategy and administrative issues

Eric,
This has been sent a long time ago. The attachment was agreed not to be processed with Kyril of Ramey Firm. We agreed to save it for the rainy day, since it's not an issue yet.
BR
Lauri

**Lähettäjä:** emorehouse@aipisolutions.com <emorehouse@aipisolutions.com>
**Lähetetty:** sunnuntai 7. toukokuuta 2023 20.13
**Vastaanottaja:** Onni Hietalahti <onni.hietalahti@tamoralegal.fi>
**Kopio:** Lauri Valjakka <lauri.valjakka@eezykeyz.fi>
**Aihe:** RE: Strategy and administrative issues

It's really important that we get the Finish DJ opinion declaring that Lauri is the owner.

Please send asap.

**Eric D. Morehouse**
Founder



+1 (703) 346-4787
11718 Bowman Green Dr.
Reston, VA 20190
www.aipisolutions.com
EMorehouse@aipisolutions.com

**From:** emorehouse@aipisolutions.com
**Sent:** Sunday, May 7, 2023 12:07 PM
**To:** Onni Hietalahti <onni.hietalahti@tamoralegal.fi>
**Cc:** Lauri Valjakka <lauri.valjakka@eezykeyz.fi>
**Subject:** RE: Strategy and administrative issues

Sounds good.  Everything is fine – I'll send you a written response shortly.

It's been really busy with getting everything filed for the Netflix case, etc.

At a high level, we're received about $1.28M in settlements and spent about $500K.  We've actually overpaid Lauri so far, which is fine.

We're fine on the funding to trial.


**Eric D. Morehouse**
Founder

 

+1 (703) 346-4787
11718 Bowman Green Dr.
Reston, VA 20190
www.aipisolutions.com
EMorehouse@aipisolutions.com


**From:** Onni Hietalahti <onni.hietalahti@tamoralegal.fi>
**Sent:** Friday, May 5, 2023 6:49 AM
**To:** emorehouse@aipisolutions.com
**Cc:** Lauri Valjakka <lauri.valjakka@eezykeyz.fi>
**Subject:** Strategy and administrative issues

Eric Morehouse, AiPi Solutions LLP
Cc: Lauri Valjakka

Hello Eric,

During past few weeks Lauri has been bugging you about funding, administrative and strategic issues of our campaign. We have been sending you similar requests from the beginning of our co-operation but unfortunately many strategically significant issues still remain to us a big question mark. Therefore Lauri is having trouble in maintaining confidence in a good outcome of our co-operation.

Could you please find the time to update us <u>in writing</u> with at least the following topics:

1. **Accounting**

• we have not received a single account or statement with regard to 2022 payments to Lauri / CDN
• we have no copies of settlement agreements executed by the defendants
• we don´t have any confirmation on how the proceeds been divided
• we don´t know what expenses the campaign has incurred so far
• for 2022 tax and accounting purposes we´ll need documented calculations/accounts regarding payment waterfall

2. **Strategy / remaining defendants**

• Our original strategy was to file several complaints and settle some for smaller amounts, 1-2 for seven figure amounts and take 1-2 defendants to jury trial.
• We did fairly good with the first group but are missing seven figure settlements
• Due to reasons unknown to us we e.g. settled entire RPX for significantly less than originally anticipated
• Netflix is now our only remaining case
• What is our strategy with respect to remaining defendants? Why cannot we continue to follow the original strategy?

3. **Reporting**

• We have many times agreed to enhance mutual communication but still things happen without our understanding of where we are
• Apart from our zoom-sessions we would really need some concrete written reporting, not much but enough to keep us on track
• We would also want to understand what resources we use - e.g. how the workload is divided between Ramey´s firm and AiPi staff.

4. **Resources**

• According to your earlier estimate (see your earlier strategy update below) Netflix trial will still require around 3 MUSD funding
• Are we good with this?
• Do we have enough workforce to handle the trial successfully?
• Are we stalling with remaining defendants due to lack of resources?

I know you have constantly too much going on just as myself. But I still ask you to spend some time on this.

Let me know if anything above needs my additional input.

Kind regards
Onni

**Onni Hietalahti**
Advocate | Tamora Legal Attorneys Ltd.
+ 358 40 488 9260 |  Lappeentie 16, 55100 Imatra, Finland



This message is confidential and intended only for the receiver. Kindly delete the message immediately and inform the sender If you are not the intended receiver of this message.
www.tamoralegal.fi

---

**Lähettäjä:** Onni Hietalahti
**Lähetetty:** sunnuntai 20. helmikuuta 2022 21.54
**Vastaanottaja:** Eric Morehouse <emorehouse@kviplaw.com>; Lauri Valjakka <lauri.valjakka@eezykeyz.fi>
**Kopio:** emorehouse@aipisolutions.com; 'Jonathan Merril' <jmerril@aipisolutions.com>
**Aihe:** VS: Litigation strategy update - Response

Eric,

Thank you very much for the reply, it really helps us in building a comprehensive picture.
Our main worry has been the delay in getting results as we have been expecting RPX settlement  from December. We understand that you or Ramey cannot force RPX or its members to speed up the settlement process but in this respect we would really value realistic estimates rather than too optimistic ones. We also have anxious third parties that need to be kept on board. Having them waiting after first providing optimistic estimates does not make it easy.

As for the issues discussed in more detail below I thank you for the update. Please find my questions / thoughts below in red.

Let´s stay in touch – hopefully we´ll be able to arrange the confcall with Ramey in the beginning of the week.

Take care!
Onni

**Onni Hietalahti**

Advocate | Tamora Legal Attorneys Ltd.
+ 358 40 488 9260 |  F.O. Virtasenkatu 6, 55100 Imatra, Finland



This message is confidential and intended only for the receiver. Kindly delete the message immediately and inform the sender If you are not the intended receiver of this message.
www.tamoralegal.fi

---

**Lähettäjä:** Eric Morehouse <emorehouse@kviplaw.com>
**Lähetetty:** 19. helmikuutata 2022 3:14
**Vastaanottaja:** Onni Hietalahti <onni.hietalahti@tamoralegal.fi>; Lauri Valjakka <lauri.valjakka@eezykeyz.fi>
**Kopio:** emorehouse@aipisolutions.com; 'Jonathan Merril' <jmerril@aipisolutions.com>
**Aihe:** RE: Litigation strategy update - Response

Onni,

Sorry about my delayed response.  Things have been really busy here, and the settlement situation keeps changing.

The bottom line is that we are still waiting for RPX's counter to our $3.3M offer, which would cover all RPX members.  Ramey expects to hear their response soon.  RPX has consistently indicated that one of their members (of the 6 who have been sued) is continuing to do due diligence and that is causing the delay.  It's also a more significant matter with 2 patents being asserted.  However, other RPX members are becoming anxious because of this delay (causing them to spend more money on legal fees), including Microsoft.  Microsoft gave us a $120K offer, which is too low, but Ramey is negotiating a better amount.  Any amount from Microsoft is good because that are an RPX member and we will be getting nothing from them once we settle with RPX.  That number is also important because it puts us in a good negotiation position with RPX.  For example, if we settle with Microsoft for $300K, then we have a very strong argument that we should obtain a multiple for that amount based on the number of RPX members who we have sued and who we can sue.  Ramey is also discussing settlement with Netflix and we expect an offer from them shortly.  However, we may not want to settle with them early because we can achieve potentially enormous damages at trial.  Our investors definitely want the opportunity to take Netflix to trial, however we understand that decision is yours and you may want to obtain some funds now.

A few issues are discussed in more detail.

1. <u>Update of the existing litigation strategy</u>

The litigaiton strategy remains the same since the beginning of the litigations, i.e., settle with a small number of defendants (e.g., one defendant) during pleadings, i.e., before the claim construction begins, for around $500K.  Then, settle with more defendants (e.g., two or three defendants) around claim construciton for low 7-figure settlements each.  Finally, to take the remaining defendants to (or up to) trial to achieve much larger settlements.  Although the strategy is the same, two events have warrented further action.  First, Akamai discovered an ownership issue with the first patent (of which we had not been aware), and forced us into a smaller settlement ($75K) to enable us to continnue

with our original settlement strategy.  Second, the opportunity to engage in settlement discussions with RPX and obtain an early low 7-figure settlement covering multiple defendants caused us to file complaints against more entities to:  a) obtain the highest settlement amount from RPX, and b) make sure that some eneitites will be left after RPX settlement to ensure that we can still obtain a settlement around claim construciton for low 7-figure settlements each, and then to take the remaining defendants to (or up to) trial to achieve much larger settlements.  We also added the 102 patent to the cases to obtain larger settlements after we learned that the 102 patent was infinrged – we didn't know about it until Akamai told us about it. <span style="color:red">We would be happy to work out together with you a written strategy update e.g. based on the chart Lauri drafted earlier. This would help us (and possibly also your funders) to see the whole picture.</span>

    2. <u>Principles for negotiating settlements (Who makes decisions on offered settlement amounts? How these decisions are made? E.g. how did we end up offering Amazon the 1,1 MUSD settlement)</u>

During his discussions with defendants' counsel, Ramey makes decisions designed to obtain information about the defendants' settlement and litigation strategies.  For example, depending on opportunities that arise in a conversation, such as being asked about an acceptable settlement offer, Ramey may indicate that we could find $1.1M acceptable (an amount that he knows will not be accepted, and also would not be binding on us anyway) in order to identify where the opponent may be in the settlement process, or otherwise determine whether they are disposed to file an IPR, etc.  In other words, Ramey uses his experience to obtain this valuable information.  However, no official or binding settlement offers are made without obtaining agreement from Lauri, and certainly nothing can be settled without Lauri's very specific instructions to proceed. <span style="color:red">Ok. This is understood. We are just worried that by quoting even non-binding figures Ramey sets the upper limit for the settlement scale under negotiation. I think talking with Ramey about this will build mutual confidence.</span>

    3. <u>Litigation funding arrangement – We have no understanding of the current funding – Who are the funders? What is the limit? How are attorney´s fees settled? Do we have the financial capacity to challenge defendants to a jury trial if required?</u>

The funders are high net worth individuals and family offices who are AiPi investors.  They do not want their identities to be disclosed to ensure their privacy should members of the Finland team be deposed in the litigations.  Our investors invest in multiple case groups with AiPi, and they invest based on the settlement strategy discussed above.  They plan to receive a small return during the pleadings, a larger return around claim construction, and then be able to have an opportunity to obtain a very large return a trial assuming that we're successful.  We do have the financial capacity for multiple trials – in fact the investors are hoping for this situation.  In other words, the potential for very large returns at trial provides more motivation for the investors than the early returns.  However, the investors understand that showing the judge that we have received some settlements earlier in the case helps us with the later larger awards. <span style="color:red">Ok. We just want to be sure that financing will be available should we proceed to pricier phases of the litigation.</span>

    4. <u>Litigation budgets / defendant</u>.

The overall budet is based on receiveing some early setlements and then taking a few of the remaining defendants to trial.  If we settle with all defendants but one, and so take one defendant to trial, the budget is $2.5M-$3.5M.  If we end up taking three defendants to trial, then the budget is

$4.5-$6.5M.  However, we can exceed those budgets should the opportunity require. Ok.

5. <u>Ramey – we still have not had an opportunity to speak with him</u>

It's important for the Finland team to speak with Ramey.  We should have had a call with him by now.  I will be setting up a Zoom call with all of us next week.  I may be meeting with him on Tuesday in person, which would be ideal.  If that doesn't happen, then we'll have a Zoom call Thursday or Friday.  This is good, I´ll make myself available any time that will suit him.

6. <u>Is Netflix still the main target? (I understood that negotiations have taken place on a smaller seven figure settlement)</u>

We still view Netflix as the largest target and would appreciate the opportunity to take them to trial.  However, we understand financial issues in Finland, and so Ramey has engaged in a settlement dialogue with them to provide you with the option of obtaining an early settlement.  Although, we would prefer to take them to trial, we want to provide you with all options.  As discussed above, we have no settlement authority – the Finland team makes all of the decisions. Ok. If the case against Netflix remains as strong as you have described there will be no need for an early settlement. We also see that there needs to be at least one real honey pot under work.

7. <u>What new defendants have been identified?</u>

As discussed, we have Apple, Google, Sony (all 3 being RPX members), Intertrust, and Philips.  However, we're looking for others, and will let you know when we're completely certain of infringement by others. Does this mean that if settling with RPX we still have Netflix, Philips, Intertrust remaining. Plus the ones that have not yet been identified?

8. <u>What should be done in order to further contain the ownership issue?</u>

Just what we discussed before - continue searching for documents confirming ownership, obtain more opinions of counsel confirming our position, and form a final strategy that confirms ownership.  We need to plan on this issue arising in the future to be prepared. Could we devise a plan on this? I really need more understanding of how this issue should be addressed in upcoming additional statements etc.? In addition, did you receive the invoice for our Finnish expenses on this work so far? You asked to send it in December and I sent it but did not hear from this issue since.

*****************************************************************************
*****************

I hope the above helps.  I'm really sorry for my delayed response.  I've been incredibly busy with the infringement contentions, and other things.

I'm around all weekend to discuss over the phone.  I was also hoping to get another update from Ramey today or this weekend.

Eric

**Eric D. Morehouse**

Founder

 

+1 (703) 346-4787
11718 Bowman Green Dr.
Reston, VA 20190
www.aipisolutions.com
EMorehouse@aipisolutions.com