Lauri Valjakka (Pro Se)

Arinakatu 2 B38
FI 53100 Lappeenranta
Finland
+358 50 467 0090
lauri.valjakka@eezykeyz.fi


Pro Se
*LAURI VALJAKKA*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA, | Case No. 4:22-cv-01490-JST |
| Plaintiff, | **LAURI VALJAKKA'S MOTION FOR SUMMARY JUDGMENT DISMISSING THE CUVTA COUNTERCLAIM** |
| v. | |
| NETFLIX, INC., | |
| Defendant. | Judge: Hon. Jon S. Tigar |
| | Date: September 22, 2025 |
| | Time: 2:00 pm |
| | Crtrm: 6 – 2nd Floor |

Plaintiff Lauri Valjakka ("Valjakka") files this Motion for Summary Judgement Dismissing the CUVTA Counterclaim ("Valjakka's Motion")

and in support thereof states as follows:

-1-

I.     **INTRODUCTION**

The Court granted Defendant Netflix, Inc.'s Motion to assert a counterclaim under the California Uniform Voidable Transactions Act ("CUVTA") on September 28, 2023.[1] However, Netflix cannot establish the elements to support its CUVTA counterclaim.

II.    **FACTUAL BACKGROUND**

On September 13, 2021, Lauri Valjakka filed his first complaint for patent infringement against Defendant. Anticipating a significant amount of settlement money, to better manage that money and setup an income stream for himself instead of a large lump sum payment, Valjakka assigned his rights to revenue of the '167 and '102 patents to a new corporation, CDN Licensing, in November 2021. Valjakka is the owner of CDN Licensing.[2] Valjakka disclosed CDN Licensing as one of his subsidiaries in response to Netflix's *first round of interrogatories*. Valjakka further disclosed how he uses CDN Licensing to manage the settlement money he had earned by asserting the '167 and '102 patents: "CDN Licensing Oy is a company established in 2021 to manage expenses and revenue from the Action."[3] Valjakka maintains control over CDN Licensing.

Netflix filed its first Answer on December 23, 2022, the answer contains two lines seeking a judgment under 35 U.S.C. § 285 for attorney's fees.[4] On August 16, 2023, counsel for Plaintiff received a letter from newly added counsel for Netflix asserting that Valjakka's usage of his own subsidiary CDN Licensing to manage his trial and settlement proceeds was fraudulent and requesting a 4–5-month extension of the trial date.

---

[1] Doc. No. 182.

[2] ~~Declaration of Lau~~ri Valjakka ("Valjakka Decl.") at ¶3, attached as Exhibit 1.

[3] Dkt. 127-2, Plaintiff Lauri Valjakka's Responses And Objections To Defendant Netflix's First Set of Interrogatories, p. 19.

[4] Doc. No. 75.

### III. DEFENDANT HAS NO COGNIZABLE CLAIM AGAINST VALJAKKA SUFFICIENT TO IMPLICATE THE CUVTA

#### A. A Potential Section 285 Award is to Remote to a Be A CUVTA Claim

Defendant does not turn Valjakka into its debtor merely by asserting a 35 U.S.C. § 285 claim during ongoing litigation.[5] The suit filed by Valjakka against Defendant is ongoing but summary judgment was granted against Valjakka's infringement claim.[6] This Court has indeed upheld Valjakka's claims as late as August 22, 2023 which dismissed in-part a motion made by Defendant against Valjakka's '167 patent.[7] Admittedly, that was pleading stage.

Motions for attorney's fees in patent infringement cases may only be made by a party that has already prevailed in the underlying action. *See* 35 U.S.C. § 285; and Fed. R. Civ. P. 54(d)(2)(B) which provides:

> "the motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant **to the award**; **(iii)** state the amount sought or provide a fair estimate of it;"

*See IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005). At this stage of litigation, Defendant has only a remote possibility of asserting a valid claim for attorney's fees. To have a cognizable claim for attorney's fees Defendant first needs to prevail in the main action, earn a judgment in its favor to become the prevailing party, then successfully show that this case is "exceptional" enough to warrant an award of attorney's fees, subject to the discretion of this Court. *See Maurice A. Garbell, Inc. v. Boeing Co.*, 546 F.2d 297 (9th Cir. 1976) ("the district court may award reasonable attorney's fees to the prevailing party in "exceptional"

---

[5] Moreover, a §285 claim can *only* be asserted when one party prevails and the litigation is concluded.
[6] Doc. No. 257.
[7] The Court did dismiss, with leave to amend, Plaintiff's infringement claim for the '102 patent. However, Plaintiff previously informed Defendant it was withdrawing the claim of infringement for the '102 patent and the parties were discussing whether that would be with or without prejudice.

patent cases. This award is within the discretion of the trial court"). Under Defendant's interpretation, in every patent infringement case there is an automatic debtor-creditor relationship created between every plaintiff and defendant which is sufficient to warrant application of the CUVTA. This is untenable and allowing Defendant's claim to go forward would spark a rash of unnecessary and harmful delays across future patent infringement litigation. Defendant cannot plausibly allege that it is a creditor of Valjakka merely by pleading for a Section 285 award and thus Defendant's CUVTA claim fails.

### B.    Valjakka Transferred No Money to CDN After July of 2022

Lauri Valjakka transferred no money to CDN after July 21st 2022 and therefore there can be no CUVTA violation. Even assuming Defendant's counterclaim is proper, Defendant did not answer until December 23, 2022.[8] Therefore, no claim for a sanction under Section 285 was made until the earliest of December 23, 2022.

The CUVTA states in relevant part:

(a) A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:

(1) With actual intent to hinder, delay, or defraud any creditor of the debtor.

(2) Without receiving a reasonable equivalent value in exchange for the transfer or obligation, and the debtor either:

(A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

(B) Intended to incur, or believed or reasonably should have believed that the

---

[8] Doc. No. 72.

debtor would incur, debts beyond the debtor's ability to pay as they became due.[9]
Here, Defendant alleges that transfers of money from Valjakka to CDN five months
prior to Valjakka´s knowledge of Netflix´s claim under Section 285 are CUVTA
violations.[10]  However, Defendant has no evidence of any transfer from Valjakka to
CDN after July of 2022.  As such, there is no CUVTA violation as there was no
transfer. Valjakka's declaration provides CDN's main ledgers for each of 2022,
2023, 2024 and 2025.[11]  The last transfer AiPi controlled IP Casegroup on behalf of
Valjakka made to CDN was on July 21st of 2022.[12]  Valjakka made no transfers
after July of 2022 to CDN.[13]  As a CUVTA violation requires a transfer, as there
were no transfers, there can be no violation.  To the extent that Defendant argues
that the transfers in July of 2022 are still amenable to CUVTA, Defendant did not
plead for a Section 285 sanction until December of 2022.[14]  However, the case was
filed in 2021 and therefore if Defendant believed it had a claim it could have plead
that claim.  As it did not, the claim cannot be recognized until at least the date it
was plead, in December of 2022.  Therefore, as there were no transfers after July of
2022, summary judgment is appropriate as to Defendant's counterclaim for a
CUVTA violation.

### C.     Valjakka acted in good faith

Until the Summary Judgement of January 8th 2023 Valjakka has been in firm
belief both regarding validity of his infringement claim and his ownership of ´167
patent. This understanding has been supported by several legal experts and by
Valjakka´s advisors prior to filing application to restore the abandoned patent
application with the USPTO and over 10 years prior to filing the lawsuit against

---

[9] Cal. Civ. Code § 3439.04(a).
[10] Doc. No. 128 at 4/6 – 6/6; Doc. No. 147 at 4-9.
[11] Valjakka Decl. at ¶¶16-19.
[12] Valjakka Decl. at ¶16.
[13] Valjakka Decl. at ¶¶16-19.
[14] Doc. No. 175.

Netflix. In addition, Valjakka is currently processing a retroactive ownership confirmation claim in a Finnish court.

Therefore, on July 21st 2022, when Valjakka transferred the last payment to CDN he had no grounds to expect that Netflix would file a claim under Section 285 nor grounds to view any of his actions with respect to settlement proceeds as contrary to rights of his creditors.

Valjakka has established CDN for the sole purposes of tax effective administration and division with his Finnish partners of possible litigation proceeds. Valjakka has had no reason to hide existence of CDN and he has, during discovery in summer 2022, disclosed CDN´s existence to AiPi legal team whom Valjakka understood to be his legal counsels. For reasons unknown to Valjakka this information was not conveyed to Netflix in the interrogatory answers finalized by AiPi legal team whom Valjakka as a foreign citizen had to trust.

For the foregoing reasons Valjakka has acted in good faith without an intention to act fraudulently against any of his creditors.

## IV.    **CONCLUSION**

For the foregoing reasons, Valjakka respectfully requests this honorable Court dismiss Defendant's counterclaim for an alleged violation of the California Uniform Voidable Transactions Act, Cal. Civ. Code § 3429 *et. seq.*

Dated: August 25, 2025                           Respectfully submitted,

By: */s/ Lauri Valjakka*
Lauri Valjakka (pro se)

**Lauri Valjakka (Pro Se)**

Arinakatu 2 B38
FI 53100 Lappeenranta
**Finland**
+358 50 467 0090
lauri.valjakka@eezykeyz.fi


*Pro Se*

LAURI VALJAKKA'S MOTION FOR SUMMARY JUDGEMENT DISMISSING
THE CUVTA COUNTERCLAIM -  4:22-CV-01490-JST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28