Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

[Additional Counsel Listed on Signature Page]

Attorneys for Defendant NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>    Plaintiff,<br><br>  v.<br><br>NETFLIX, INC.,<br><br>    Defendant. | **Case No. 4:22-cv-01490-JST**<br><br>**DEFENDANT NETFLIX, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL [SUPPLEMENTAL BRIEF REGARDING EXPENSES AND FEES PURSUANT TO ECF NO. 324]** |

I.   INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Netflix, Inc. ("Netflix") hereby submits this administrative request for a narrowly tailored Order authorizing the sealing of certain materials filed in connection with Netflix's Supplemental Brief Regarding Expenses and Fees pursuant to ECF No. 324 ("Netflix's Supplemental Brief"), which seeks an award of attorneys' fees and costs against Mr. William Ramey and his law firm, Ramey LLP, for their violations of the case Protective Order. *See* ECF No. 324.

Netflix submits this Motion and the Declarations of Sarah Piepmeier ("Piepmeier Sealing Declaration") and Rachael Lamkin ("Lamkin Sealing Declaration") to protect the confidentiality of the information contained in the supporting declarations and exhibits to Netflix's Supplemental Brief.

The declaration and supporting exhibits to Netflix's Supplemental Brief contain information related to the billing rates of Netflix's outside counsel and their support at the law firms Perkins Coie, LLP and Baker Botts LLP. As discussed in greater detail below, these billing rates reflect individually negotiated billing rates between Netflix and its outside counsel that could cause Netflix and/or its outside counsel harm if made public. Netflix additionally seeks to seal other information from which those rates may be derived.

Specifically, Netflix seeks to seal:

| Document | Entirety Or Redacted | Designating Party | Basis for Request to File Under Seal |
|---|---|---|---|
| Declaration of Sarah E. Piepmeier in Support of Netflix's Supplemental Brief. | Highlighted Redactions:<br>• 3:12-13;<br>• 4:2-3;<br>• 4:23-24;<br>• 5:9; and<br>• 6:8-21. | Netflix (with its outside counsel Perkins Coie and Baker Botts) | The Declaration of Sarah E. Piepmeier in Support of Netflix's Supplemental Brief contains highly confidential business information of Netflix and its outside counsel, Perkins Coie and Baker Botts.<br><br>The limited portions that Netflix seeks to seal contain negotiated billing rates for outside counsel and paralegals at Perkins Coie and Baker Botts, as well as information that could be used to derive that rate.<br><br>Netflix respectfully requests that the highlighted portions of the declaration be redacted. |

| Document | Entirety Or Redacted | Designating Party | Basis for Request to File Under Seal |
|---|---|---|---|
| Exhibits 1-2 to the Declaration of Sarah E. Piepmeier in Support of Netflix's Supplemental Brief. | Highlighted Redactions on the Following Pages: Exhibit 1: 2, 4-5, 10-12, 16-18, 23-25, 30-32, 35-37, 39-41, 44. Exhibit 2: 2-3. | Netflix (with its outside counsel Perkins Coie) | Exhibits 1-2 to the Declaration of Sarah E. Piepmeier in Support of Netflix's Supplemental Brief contain highly confidential business information of Netflix and its outside counsel, Perkins Coie.<br><br>The limited portions that Netflix seeks to seal contain negotiated billing rates for outside counsel and paralegals at Perkins Coie, as well as information that could be used to derive that rate.<br><br>Netflix respectfully requests that the highlighted portions of the exhibits be redacted. |
| Declaration of Rachael Lamkin in Support of Netflix's Supplemental Brief. | Highlighted Redactions:<br>• 3:4-5;<br>• 3:14-15;<br>• 3:23-24;<br>• 4:4-5;<br>• 4:13-14;<br>• 4:22-23;<br>• 5:4-5;<br>• 5:14-15; and<br>• 6:15. | Netflix (with its outside counsel Baker Botts) | The Declaration of Rachael Lamkin in Support of Netflix's Supplemental Brief contains highly confidential business information of Netflix and its outside counsel, Baker Botts.<br><br>The limited portions that Netflix seeks to seal contain negotiated billing rates for outside counsel and paralegals at Baker Botts, as well as information that could be used to derive that rate.<br><br>Netflix respectfully requests that the highlighted portions of the declaration be redacted. |
| Exhibits 1-3 to the Declaration of Rachael Lamkin in Support of Netflix's Supplemental Brief. | Highlighted Redactions on the Following Pages: Exhibit 1: 2, 8-9, 12-13, 28-29, 33-34, 38-39, 43-44, 62-63, 66-67, 75-76, 79-80, 90-91, 95-96, 101-102, 105. Exhibit 2: 2-6. Exhibit 3: 2-3, 5-6. | Netflix (with its outside counsel Baker Botts) | Exhibits 1-3 to the Declaration of Rachael Lamkin in Support of Netflix's Supplemental Brief contains highly confidential business information of Netflix and its outside counsel, Baker Botts.<br><br>The limited portions that Netflix seeks to seal contain negotiated billing rates for outside counsel and paralegals at Baker Botts, as well as information that could be used to derive that rate.<br><br>Netflix respectfully requests that the highlighted portions of the exhibits be redacted. |

## II.    RELEVANT LEGAL STANDARDS

Under Ninth Circuit law, a party seeking permission to file documents under seal in support

of a motion that is "unrelated, or only tangentially related to the underlying cause of action" must meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c). *See Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted). Motions subject to the "good cause" standard are generally non-dispositive motion, such as a motion for sanctions or attorneys' fees. *See, e.g., Glob. Indus. Invest. Ltd. v. 1955 Cap. Fund I GP LLC*, No. 21-cv-08924-HSG, 2023 WL 6165695, at *2 & *4 (N.D. Cal. Sept. 20, 2023) ("The Court [] applies the good cause standard to those documents related to ancillary and non-dispositive motions," including the parties "respective motions for attorneys' fees.").

Under the "good cause" standard, a court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses." *See* Fed. R. Civ. P. 26(c). Rule 26(c) "gives the district court much flexibility in balancing and protecting the interests of private parties." *See Kamakana,* 447 F.3d at 1180.

In the context of attorneys' fees (or similar) motions, courts in the Ninth Circuit have found at least good cause to seal attorney billing rates that are negotiated deviations or discounts from an attorney's standard rate, as public disclosure of these rates could cause competitive harm to the attorneys and/or the client who negotiated the rates. *See, e.g., Global Indus Invest. Ltd.*, 2023 WL 6165695, at *4 (finding good cause to seal billing rate information where public disclosure "regarding the discount the [attorneys] have provided" to their respective clients through "individual[] negotiations" "could cause them competitive harm if made public."), *Clark v. Incomm Financial Servs., Inc.*, No. 22-1839 JGB, 2024 WL 4744041, *2-3 (C.D. Cal. Sept. 13, 2024) (finding "compelling interest to seal Counsel's billing rates" which were "negotiated," "competitively sensitive[,] and not publicly known.").

### III. THE COURT SHOULD GRANT NETFLIX'S REQUEST AS TO SEAL PORTIONS OF ITS SUPPORTING DECLARATIONS AND EXHIBITS.

As set forth in the contemporaneously filed Piepmeier and Lamkin Sealing Declarations, Netflix and its counsel have established that there is good cause to seal its outside counsel's billing rates reflected in declarations and bills filed in support of Netflix's Supplemental Brief Regarding

Expenses and Fees. These billing rates are the product of negotiations between Netflix and each of its outside counsel and are discounted relative to outside counsel's standard billing rates. *See* Piepmeier Sealing Decl., ¶¶3–4 (as to Perkins Coie), Lamkin Sealing Decl., ¶¶5–6 (as to Baker Botts). To the extent these rates are made public, each of Netflix and its outside counsel could be competitively disadvantaged in subsequent negotiations with their outside counsel and clients, respectively. Given that the billing rates are provided as support for a non-dispositive motion for sanctions (see ECF No. 324), the "good cause" standard applies, and under similar circumstances, Courts in the Ninth Circuit have ordered that billing rates remain sealed. *See supra*, Section II.[1] Netflix's request also encompasses material that could be used to derive the confidential negotiated royalty rates, such information about total hours and fees incurred in particular periods of time.

Permitting Netflix to seal its outside counsel's billing rates does not prejudice Mr. Ramey's ability to respond to Netflix's Supplemental Brief, which seeks an award of fees and expenses against his firm, because Mr. Ramey will be permitted to see the unredacted rates and address them in his response as necessary. Netflix does *not* seek to seal any of the records of the activities of its attorneys justifying its fee request (i.e., descriptions of work performed and time spent), so Mr. Ramey (and the public) will have full access to that information.

---

[1] All versions of Netflix's outside counsel billing records submitted in support of Netflix's Supplemental Brief (whether filed under seal or filed publicly) include redactions to attorney time unrelated to Netflix's Supplemental Brief and its present request for attorneys' fees and costs. Many of these entries reflect attorney-client privileged information and/or the substance of work product related to Netflix's ongoing CUVTA claims against Plaintiff Lauri Valjakka, or its eventual claim for attorneys' fees as a prevailing party in the patent infringement litigation filed by Mr. Valjakka. *See* Piepmeier Sealing Decl., ¶5 (as to Perkins Coie), Lamkin Sealing Decl., ¶7 (as to Baker Botts). Filing these billing records under seal without redactions would prejudice Netflix because it would disclose ongoing privileged information regarding litigation strategy to the very parties against whom claims are still pending (Messrs. Ramey and Valjakka). And Mr. Ramey is not prejudiced by these redactions because Netflix is not seeking attorneys' fees for the work performed and described in the redacted time entries (at least, not at present).

## IV. STATEMENT OF COMPLIANCE

Defendant has reviewed and complied with the Standing Order Governing Administrative Motions to File Materials Under Seal Before District Judge Jon S. Tigar. Defendant has also reviewed and complied with Civil Local Rule 79-5, including the requirement to file separate motions if a party seeks to file under seal a document containing "portions that more than one party bears the burden of showing is sealable."

## V. CONCLUSION

For the foregoing reasons, Netflix respectfully requests that the aforementioned documents be filed under seal.

| | | |
|---|---|---|
| 1 | Dated: September 2, 2025 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By: */s/ Adam Hester* |
| 4 | | Sarah E. Piepmeier<br>SPiepmeier@perkinscoie.com |
| 5 | | Elise Edlin, Bar No. 293756<br>EEdlin@perkinscoie.com |
| 6 | | PERKINS COIE LLP<br>505 Howard Street, Suite 1000 |
| 7 | | San Francisco, California 94105<br>Telephone: +1.415.344.7000<br>Facsimile:  +1.415.344.7050 |
| 8 | | |
| 9 | | Janice L. Ta<br>JTa@perkinscoie.com |
| 10 | | PERKINS COIE LLP<br>405 Colorado Street Suite 1700 |
| 11 | | Austin, Texas 78701<br>Telephone: +1.737.256.6100<br>Facsimile:  +1.737.256.6300 |
| 12 | | |
| 13 | | Adam Hester, Bar No. 311206<br>PERKINS COIE LLP |
| 14 | | 33 E. Main Street, Ste. 201<br>Madison, Wisconsin, 53703 |
| 15 | | AHester@perkinscoie.com<br>Telephone: +650.838.4311 |
| 16 | | Rachael D. Lamkin (SBN 246066) |
| 17 | | Karan Singh Dhadialla (SBN 296313)<br>BAKER BOTTS L.L.P. |
| 18 | | 101 California Street, Suite 3200<br>San Francisco, CA 94111 |
| 19 | | Tel: (415) 291-6200<br>Fax: (415) 291-6300 |
| 20 | | rachael.lamkin@bakerbotts.com<br>karan.dhadialla@bakerbotts.com |
| 21 | | Attorneys for Defendant NETFLIX, INC. |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

# **CERTIFICATE OF SERVICE**

I, Kate Rose, declare:

I am a citizen of the United States and employed by the firm of Perkins Coie LLP in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. On September 2, 2025, I caused to be served a true copy of the sealed version of the following documents

- **DECLARATION OF SARAH E. PIEPMEIER IN SUPPORT OF NETFLIX, INC.'S SUPPLEMENTAL BRIEF REGARDING EXPENSES AND FEES PURSUANT TO ECF NO. 324;**
- **EXHIBITS 1–2 THERETO.**
- **DECLARATION OF RACHAEL LAMKIN IN SUPPORT OF NETFLIX, INC.'S SUPPLEMENTAL BRIEF REGARDING EXPENSES AND FEES PURSUANT TO ECF NO. 324.**
- **EXHIBITS 1–3 THERETO.**

upon counsel as listed below via electronic mail:

William P. Ramey, III
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
wramey@rameyfirm.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 2, 2025.

                                                                 */s/ Kate Rose*
                                                                 Kate Rose