1   Sarah E. Piepmeier, Bar No. 227094
    SPiepmeier@perkinscoie.com
2   Elise Edlin, Bar No. 293756
    EEdlin@perkinscoie.com
3   PERKINS COIE LLP
4   505 Howard Street, Suite 1000
    San Francisco, California 94105
5   Telephone: +1.415.344.7000
    Facsimile:  +1.415.344.7050
6
7   Janice L. Ta (appearance *pro hac vice*)
    JTa@perkinscoie.com
8   PERKINS COIE LLP
    405 Colorado Street, Suite 1700
9   Austin, Texas 78701
    Telephone: +1.737.256.6100
10  Facsimile:  +1.737.256.6300
11
    *Attorneys for Defendant*
12  NETFLIX, INC.

13

14                    **UNITED STATES DISTRICT COURT**

15                   **NORTHERN DISTRICT OF CALIFORNIA**

16                            **OAKLAND DIVISION**

17

| | |
|---|---|
| 18  LAURI VALJAKKA, | **Case No. 4:22-cv-01490-JST** |
| 19         *Plaintiff,* | **NETFLIX, INC.'S SUPPLEMENTAL BRIEF REGARDING EXPENSES AND FEES PURSUANT TO ECF NO. 324** |
| 20      v. | |
| 21  NETFLIX, INC., | Judge: Hon. Jon S. Tigar |
| 22         *Defendant.* | |

23
24
25
26
27
28

Pursuant to the Court's Order Granting-in-Part and Denying-in-Part Netflix's Motion for an Order to Show Cause and Sanctions (ECF No. 324), Defendant Netflix, Inc. ("Netflix") submits this supplemental brief that "itemize[s] with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by" William Ramey and others at Ramey LLP (collectively "Ramey") violating the Protective Order, and further "set[s] forth an appropriate justification for any attorney-fee hourly rate claimed." Netflix seeks an award of fees and expenses against Mr. Ramey and Ramey LLP totaling $95,000. Netflix's actual fees and expenses incurred exceed $95,000 as reflected in the Declarations of Sarah Piepmeier ("Piepmeier Decl.") and Rachael Lamkin ("Lamkin Decl.") in Support of Netflix's Supplemental Brief, including all exhibits thereto. However, to be conservative and cooperative, Netflix is requesting an award of only $95,000 of the total fees and expenses incurred.

**I.      NETFLIX IS ENTITLED TO ATTORNEYS FEES TOTALING $95,000**

**A.      Legal Standard for Determining Reasonable Attorneys' Fees**

Courts apply the "lodestar method" to determine a reasonable attorney award against a party sanctioned for violating a protective order. *See, e.g., Silicon Genesis Corp. v. EV Grp. E. Thallner GmbH*, No. 22-cv-04986, 2024 WL 1643677, at *1 (N.D. Cal. Apr. 15, 2024). The method "multiplies the number of hours reasonably expended … by the reasonable hourly rate." *See id*. (*citing Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993)). The "resulting figure is presumptively reasonable." *See* Order Setting Reasonable Attorney's Fees and Costs, *Apple Inc. v. Samsung Elecs Co.,* No. 5:11-cv-01846-LHK (PSG), *slip op.* at 3 (N.D. Cal. June 20, 2014), ECF No. 3117 (*citing Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

"In determining the appropriate number of hours to be included in a lodestar calculation," the district court should only "exclude hours that are excessive, redundant, or otherwise unnecessary." *See Silicon Genesis*, 2024 WL 1643677, at *2 (*quoting McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)). "The court must base its determination whether to award fees for counsel's work on its judgment as to whether the work product was both useful and of a type ordinarily necessary to advance the litigation." *See Apple*, No. 5:11-cv-01846-LHK (PSG), ECF

No. 3117, *slip. op.* at 3 (cleaned up) (*quoting Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003)).

"To determine the reasonable hourly rate, the Court considers the experience, skill, and reputation of the attorneys requesting fees, as well as 'the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *See Silicon Genesis*, 2024 WL 1643677, at *1 (*quoting Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 908 (9th Cir. 1995)); *see also Bywaters v. United States*, 670 F.3d 1221, 1232 (Fed. Cir. 2012), *reh'g denied*, 684 F.3d 1295 (Fed. Cir. 2012) (factors the Court may consider include the sophistication of the work and the prevailing rates in the forum where the action is pending). Numerous courts also recognize that "negotiation and payment of fees by sophisticated clients are solid evidence of their reasonableness in the market." *See, e.g., Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1167 (N.D. Cal. 2015) (quotation omitted); *Prospect Cap. Corp. v. Enmon*, No. 08 Civ. 3721, 2010 WL 2594633, at *4 (S.D.N.Y. June 23, 2010), *aff'd in part and remanded on other grounds*, 675 F.3d 138 (2d Cir. 2012); *see also Bywaters*, 670 F.3d at 1232 (court may also consider the actual fee agreement between the firm and client).

The Ninth Circuit recognizes that a trial court "should normally grant [a fee] award in full" if the party opposing the request "cannot come up with specific reasons for reducing the fee request." *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008) (vacating district court fee award that made "substantial cuts to a winning lawyer's fee request" without "specific explanation" as to its basis).

**B.     Work Performed by Netflix's Counsel to Uncover, Address, and Attempt to Remediate Ramey's Violation of the Protective Order**

The Court confirmed that Mr. Ramey "violated the protective order by sharing confidential material covered by that order with unauthorized parties, namely attorneys employed by AiPi[,]" LLC. *See* ECF No. 324 at 7. To uncover, address, and remediate Mr. Ramey's violations, Netflix's attorneys took the following ordinary and necessary actions:

- Analyzed production materials from AiPi to uncover and identify the scope of Ramey's violations of the Protective Order;

- Attempted to determine if the breach could be limited or remediated short of motion practice;
- Corresponded among outside counsel and Netflix and performed legal research to determine an appropriate response to and remedies for Ramey's breach;
- Met and conferred with Mr. Ramey and AiPi, in writing and by telephone conference, regarding Ramey's unauthorized disclosure;
- Researched and drafted Netflix's Motion for Sanctions (ECF No. 315), which required significant revisions due to Ramey's shifting justifications in correspondence and conferences and the rolling nature of AiPi's productions;
- Researched and drafted Netflix's Reply in support of its Motion for Sanctions (ECF No. 318);
- Prepared for and argued at the May 8 hearing on Netflix's Motion for Sanctions;
- Reviewed the Court's Order on Netflix's Motion for Sanctions (ECF No. 324);
- Took discovery from Ramey as authorized by ECF No. 324, including Mr. Ramey's deposition on August 19, 2025; and
- Researched and prepared this supplemental brief summarizing Netflix's expenditures caused by Ramey's violations.

These activities are reflected in the contemporaneous billing records submitted by Perkins Coie and Baker Botts, which are included as Exhibits 1-2 to the Piepmeier Declaration and Exhibits 1-3 to the Lamkin Declaration.

### C. The Fees Charged to Netflix by Its Outside Counsel Were Reasonable

As set forth in the Piepmeier and Lamkin Declarations, the rates billed to Netflix by the attorneys and paralegals working on this matter are consistent with the rates prevailing in the San Francisco Bay Area for similar work performed by intellectual property attorneys and paralegals of comparable skill, experience, and reputation. In addition, Netflix, a sophisticated client, has endorsed Perkins Coie's and Baker Botts's rates through its selection of counsel. Finally, as noted in the Piepmeier Declaration, Netflix's total fee request represents a substantial reduction of all fees

-5-

actually incurred by outside counsel relating to the discovery and remediation of Ramey's breach. Netflix makes this reduction to be conservative and cooperative.

## II. CONCLUSION

Netflix respectfully requests that the Court award Netflix $95,000 for its "otherwise unnecessary expenses, including attorney fees, directly caused by" Ramey's violations of the Protective Order.

| | |
|---|---|
| Dated: September 2, 2025 | Respectfully submitted,<br><br>*/s/ Sarah E. Piepmeier*<br>Sarah E. Piepmeier, Bar No. 227094<br>Elise S. Edlin, Bar No. 293756<br>PERKINS COIE LLP<br>505 Howard Street, Suite 1000<br>San Francisco, California 94105<br>SPiepmeier@perkinscoie.com<br>EEdlin@perkinscoie.com<br>Telephone: +1.415.644.7000<br>Facsimile: +1.415.344.7050<br><br>Janice L. Ta (appearance *pro hac vice*)<br>JTa@perkinscoie.com<br>PERKINS COIE LLP<br>405 Colorado Street, Suite 1700<br>Austin, Texas 78701<br>Telephone: +1.737.256.6100<br>Facsimile: +1.737.256.6300<br><br>Adam Hester, Bar No. 311206<br>PERKINS COIE LLP<br>33 E. Main Street, Ste. 201<br>Madison, Wisconsin, 53703<br>AHester@perkinscoie.com<br>Telephone: +650.838.4311<br><br>Rachael D. Lamkin (SBN 246066)<br>Karan Singh Dhadialla (SBN 296313)<br>BAKER BOTTS L.L.P.<br>101 California Street, Suite 3200<br>San Francisco, CA 94111<br>Tel: (415) 291-6200<br>Fax: (415) 291-6300<br>rachael.lamkin@bakerbotts.com<br>karan.dhadialla@bakerbotts.com<br><br>**Attorneys for Defendant**<br>**NETFLIX, INC.** |