1  Sarah E. Piepmeier, Bar No. 227094
   SPiepmeier@perkinscoie.com
2  Elise Edlin, Bar No. 293756
   EEdlin@perkinscoie.com
3  PERKINS COIE LLP
   505 Howard Street, Suite 1000
4  San Francisco, California 94105
   Telephone: +1.415.344.7000
5  Facsimile:  +1.415.344.7050

6  Janice L. Ta (admitted *pro hac vice*)
   JTa@perkinscoie.com
7  PERKINS COIE LLP
   405 Colorado Street Suite 1700
8  Austin, Texas 78701
   Telephone: +1.737.256.6100
9  Facsimile:  +1.737.256.6300

10 *Attorneys for Defendant*
   NETFLIX, INC.
11

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| LAURI VALJAKKA, | Case No. 4:22-cv-01490-JST |
| Plaintiff, | **DECLARATION OF SARAH PIEPMEIER IN SUPPORT OF DEFENDANT NETFLIX, INC.'S SUPPLEMENTAL BRIEF REGARDING EXPENSES AND FEES PURSUANT TO ECF NO. 324** |
| v. | |
| NETFLIX, INC., | |
| Defendant. | Judge:   Hon. Jon S. Tigar |

I, Sarah Piepmeier, hereby declare:

1. I am an attorney with the law firm Perkins Coie LLP, based in San Francisco, California, and I am lead counsel representing Defendant Netflix, Inc. ("Netflix") in the above-captioned matter. I have personal knowledge of the facts set forth in this declaration and am competent to testify.

2. In response to ECF No. 324, Netflix seeks a fee award of $95,000. Netflix's actual fees and expenses resulting from Mr. Ramey's violations of the Protective Order are much greater, as set forth below and in the exhibits referenced herein. However, to be conservative and cooperative, Netflix seeks only this portion of its total expenses and fees incurred.

3. Attached as Exhibit 1 is a true and correct copy of Perkins Coie's invoices to Netflix for this matter since December 2024 (when Netflix's counsel discovered Mr. Ramey's breach). We have redacted these invoices to omit information (such as attorney and paralegal time billed to tasks) unrelated to Netflix's response to and remediation of Mr. Ramey's violations of the Protective Order.

4. Attached as Exhibit 2 is a summary I prepared based on the draft Perkins Coie invoice for attorney time and other expenses incurred in August 2025 that have not yet been invoiced to Netflix. We have redacted these draft invoices to omit information (such as attorney and paralegal time billed to tasks) unrelated to Netflix's response to and remediation of Mr. Ramey's violations of the Protective Order. Upon request, I am willing to provide a true and correct copy of this invoice reflecting these fees and expenses after Perkins Coie submits it to Netflix, redacted to omit attorney and paralegal time billed to tasks unrelated to Netflix's response to and remediation of Mr. Ramey's violations of the Protective Order.

5. Below are the qualifications of the Perkins Coie timekeepers who provided services to Netflix in response to and remediation of Mr. Ramey's violations of the Protective Order. I also provide the billing rates for each timekeeper and the prevailing rates for intellectual property attorneys in the San Francisco Bay Area. Netflix, a sophisticated client, has endorsed these qualifications and billing rates through its selection of counsel.

6. I received a Bachelor of Arts Degree from Wellesley College, *cum laude*, in 1996. I received my J.D. from New York University School of Law in 2003, where I was an Editor on the Annual Survey of American Law. Since 2003, I have practiced as an intellectual property litigator (with a focus on patent litigation) around the country, but I have been based in San Francisco since 2003. I have been a partner since 2011 (first at Kirkland & Ellis, and now at Perkins Coie) and am currently a member of the Executive Committee of Perkins Coie. I have received various legal awards over the past twenty years, including California Lawyer of the Year (in 2019) and an individual ranking in Chambers for the past several years. For many years, I have been fortunate to have a broad base of clients, chiefly in the tech space, who routinely retain me as lead trial counsel in large intellectual property litigation matters.

7. During the period relevant to Netflix's fee request (December 2024 through August 2025), my billed rate for this matter was ████ per hour, which is ████████████████████████████████████████████████████████████████████. I am informed and believe that this rate is reasonable and customary for an attorney of my experience and caliber practicing in the San Francisco Bay Area. According to an AIPLA 2023 survey, the first quartile and third quartile average hourly billing rates in 2022 for an intellectual property partner in the San Francisco Bay Area were $534 and $1,546, respectively. *See* Exhibit 3, which is a true and correct copy of that AIPLA 2023 survey. My rate billed to Netflix in this matter is within this range, despite the survey reporting rates from several years earlier. In addition, the first quartile and third quartile average hourly billing rate in 2022 for an intellectual property partner in firms with more than 150 full-time intellectual property lawyers and agents, like Perkins Coie, were $768 and $1,313, respectively. My rate billed to Netflix in this matter is also within this range, despite the survey reporting rates from several years earlier.

8. Elise Edlin received a Bachelor of Science Degree in Biological Science from the University of California, Santa Barbara in 2000. She received her J.D. from the University of California, Berkeley School of Law in 2013. For more than a decade, she has practiced as an intellectual property litigator (with a focus on patent litigation) in the greater San Francisco Bay Area. She was elevated to partner at Perkins Coie in 2023.

9. During the period relevant to Netflix's fee request, Ms. Edlin's billed rate for this matter was ▊ per hour, which is ▊▊▊▊▊. I am informed and believe that this rate is reasonable and customary for an attorney of her experience and caliber practicing in the San Francisco Bay Area. In view of the AIPLA 2023 survey results discussed above in paragraph 7, Ms. Edlin's rate billed to Netflix in this matter is within the first and third quartile average hourly billing rates for an intellectual property partyer in the San Francisco Bay Area, and is also within the first and third quartile average hourly billing rate for an intellectual property partner in firms with more than 150 full time intellectual property lawyers and agents, despite the survey reporting rates from several years earlier.

10. Adam Hester is a partner-track associate at Perkins Coie. Mr. Hester received a Bachelor of Science Degree, Major in Physics, from Creighton University, *summa cum laude*, in 2012. Mr. Hester received his J.D. from the University of Michigan Law School, *cum laude*, in 2016. Since 2016, Mr. Hester has practiced as an intellectual property litigator (with a focus on patent litigation), including in the greater San Francisco Bay Area (2016-2021). Mr. Hester is now based out of Perkins Coie's Madison, Wisconsin office, but he maintains a national practice. Mr. Hester has represented numerous patent owners and accused infringers in District Court cases from major patent venues such as the Northern and Central Districts of California, the Eastern and Western Districts of Texas, and the District of Delaware, as well as in other fora (the U.S. Patent and Trademark Office's Patent Trial and Appeal Board and the International Chamber of Commerce Arbitration).

11. During the period relevant to Netflix's fee request, Mr. Hester's billed rate for this matter was ▊ per hour, which is ▊▊▊▊▊. I am informed and believe that this rate is reasonable and customary for an attorney of Mr. Hester's experience and caliber practicing in the San Francisco Bay Area. According to an AIPLA 2023 survey, the first quartile and third quartile average hourly billing rates in 2022 for an intellectual property partner-track attorney in the "Other

West" region were $680 and $1,266, respectively. *See* Exhibit 3. Mr. Hester's rate billed to Netflix in this matter is within this range, despite the survey reporting rates from several years earlier.

12. Perkins Coie staff member Kate Rose also participated in this matter. Ms. Rose is identified on Perkins Coie's invoices to Netflix as "K. Smith" due to a name change.

13. Ms. Rose is a skilled senior paralegal. Ms. Rose received her Paralegal Certificate from the University of California, Berkeley, *with Distinction*, in 2016. Since starting her career in 1999, Ms. Rose has worked at large law firms in their intellectual property litigation departments, with a focus on patent litigation. During the period relevant to Netflix's fee request (December 2024 through September 2025), Ms. Rose's billed rate for this matter was [REDACTED]. Ms. Rose's rate charged to Netflix is consistent with rates that Perkins Coie charges other clients for paralegals of Ms. Rose's experience, skill, and expertise.

14. I am familiar with the procedures used by Perkins Coie attorneys and staff members in maintaining their time. Attorneys and staff members typically record, in tenths of an hour, the time spent on specific tasks for their work that day.

15. The work performed by Ms. Edlin, Mr. Hester, Ms. Rose, and me in response to Mr. Ramey's violations of the Protective Order is described on the invoices in Exhibit 1 and the summary of time to be invoiced to Netflix in Exhibit 2. Each of us performed other work on this matter since December 2024, but that work has been redacted to protect confidentiality and attorney-client privilege.

16. Baker Botts LLP also represents Netflix in this matter. Baker Botts attorneys incurred fees and costs related to Netflix's response to and remediation of Mr. Ramey's violations of the Protective Order. Netflix is also submitting a declaration from Rachael Lamkin that includes Baker Botts's invoices and summarizing the qualifications of the Baker Botts timekeepers who provided service to Netflix in response to and remediation of Mr. Ramey's violations of the Protective Order. The requested total fee award set forth in paragraph 3 above is further justified in view of the fees and expenses incurred by Baker Botts set forth in Ms. Lamkin's declaration and associated exhibits.

17. The table below summarizes the total work performed by attorneys and paralegals at Perkins Coie and Baker Botts related to Mr. Ramey's violations of the protective order. The information contained below is reflected in the invoices and draft invoices/summaries of time to be billed submitted with this declaration and in the Declaration of Rachael Lamkin. Again, Netflix only seeks a fee award of $95,000 but provides the below table to confirm for the Court that the amount of fees Netflix actually incurred is significantly greater.

| Attorney/Paralegal | Firm | Total Hours Billed | Rate Charged to Netflix | Total Fees |
|---|---|---|---|---|
| Sarah Piepmeier | Perkins Coie | | | |
| Elise Edlin | Perkins Coie | | | |
| Adam Hester | Perkins Coie | | | |
| Kate Rose (Smith) | Perkins Coie | | | |
| R. Lamkin | Baker Botts | | | |
| L. Dreyer | Baker Botts | | | |
| A. House | Baker Botts | | | |
| T. Carter | Baker Botts | | | |
| J. Berger | Baker Botts | | | |
| K. Gill | Baker Botts | | | |
| G. Tolle | Baker Botts | | | |
| L Nemiroff | Baker Botts | | | |

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed on September 2, 2025 in San Francisco, California.

*/s/ Sarah Piepmeier*
Sarah Piepmeier