Rachael Lamkin (SBN 246066)
rachael.lamkin@bakerbotts.com
Karan Singh Dhadialla (SBN 296313)
karan.dhadialla@bakerbotts.com
BAKER BOTTS L.L.P.
101 California St., Suite 3200
San Francisco, CA 94111
Telephone: +1.415.291.6200
Fax: +1.415.291.6300

Attorneys For Defendant
NETFLIX, INC.

(*Additional counsel listed in signature block*)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NETFLIX, INC.<br><br>　　　　Defendant. | Case No.: 4:22-cv-01490-JST<br><br>**DEFENDANT NETFLIX, INC.'S RESPONSE TO LAURI VALJAKKA'S MOTION FOR SUMMARY JUDGMENT DISMISSING THE CUVTA COUNTERCLAIM**<br><br>Date:　　October 2, 2025<br>Time:　　2:00 p.m.<br>Crtrm:　　6, 2nd Floor<br>Judge:　　Hon. Jon S. Tigar |

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 1 |
| A. | This Court Already Rejected Valjakka's Argument That the CUVTA Does Not Apply to Section 285 Attorneys' Fees Claims | 2 |
| B. | Transfers Made Before Netflix Affirmatively Plead Its Attorneys' Fees Claims Are Subject to the CUVTA | 2 |
| C. | Valjakka's Defenses Are Unsupported by the Factual Record | 3 |
| | (a) This Court Should Continue to Reject Valjakka's Good Faith Defense | 3 |
| |     i. This Court Properly Rejected a Good Faith Defense Because Valjakka Did Not Receive Equivalent Value | 3 |
| |     ii. This Court Should Ignore Valjakka's Sham Declaration and Conclusory Arguments | 4 |
| | (b) This Court Should Continue to Reject Valjakka's Legitimate Supervening Purpose Defense | 5 |
| III. | CONCLUSION | 6 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brandlin v. Eurolux, LLC*,
  No. 21-56001, 2022 WL 2713232 (9th Cir. July 13, 2022)........................................................3

*In re Acequia, Inc.*,
  34 F.3d 800 (9th Cir. 1994) ..................................................................................................2, 5

*Lamb v. Household Credit Services, et al.*,
  956 F. Supp 1511 (N.D. Cal. 1997) ..........................................................................................4

*Scott v. Harris*,
  550 U.S. 372 (2007)................................................................................................................4, 5

*Virtue Glob. Holdings Ltd. v. Rearden LLC*,
  No. 15-CV-00797-JST, 2016 WL 9045855 (N.D. Cal. June 17, 2016) ...................................2

**STATUTES**

Cal. Civ. Code § 3439.04................................................................................................................2, 3

Cal. Civ. Code § 3439.04(a) ..............................................................................................................3

Cal. Civ. Code § 3439.04(b)(8) .........................................................................................................4

Cal. Civ. Code § 3439.08(a) ..............................................................................................................3

I.      INTRODUCTION

Despite the detailed analysis in this Court's prior order finding that Defendant Netflix, Inc. ("Netflix") would likely prevail on its California Uniform Voidable Transactions Act ("CUVTA") claim (ECF No. 204 ("PI Order")), Plaintiff Lauri Valjakka ("Valjakka") brings this motion asking the Court to grant summary judgment in his favor ("Motion").[1] Valjakka's Motion largely rehashes issues already decided by this Court in Netflix's favor. To the extent Valjakka raises new arguments, he relies entirely on unsupported, conclusory statements. No reasonable jury examining the undisputed evidence could find that Valjakka did not fraudulently transfer funds in violation of the CUVTA to avoid satisfying Netflix's attorneys' fees claims in this case.

After attempting to coordinate with Valjakka, on August 21, Netflix filed its own motion requesting summary judgment in its favor. *See* ECF No. 329. On August 15, 2025, counsel for Netflix emailed Valjakka explaining the procedure for cross-summary judgment motions as established in this Court's Standing Order and asking if he intended to file his own motion. Counsel for Netflix explained that Valjakka would have the opportunity to substantively respond to Netflix's motion regardless of whether he filed his own motion. Valjakka did not respond until August 21, stating he would be filing the present Motion on August 25. As detailed below, Valjakka's Motion presents no credible basis for granting relief in his favor. Netflix respectfully asks that Valjakka's Motion be denied, and that Netflix's Motion, ECF No. 329, be granted as there is no genuine factual dispute. Valjakka created Finnish entity CDN because he knew he did not own the asserted patents and fraudulently transferred the Enforcement Assets to avoid paying Netflix's attorneys' fees.

II.     ARGUMENT

Valjakka's Motion fails to provide any facts warranting a departure from this Court's prior CUVTA findings. First, Valjakka repeats arguments already rejected as to the applicability of the

---

[1] Valjakka failed to comply with this Court's local rules regarding electronic filings. The rules establish who may file documents using the ECF system: "Only the attorney-of-record as described in section (c)(1), a person authorized by the attorney-of-record as described in section (c)(4), or ***a pro se party who has registered for ECF*** as described in section (b) may electronically file documents." Civil Local Rule 5-1(5)(A) (emphasis added). William Ramey, Valjakka's former counsel who is no longer an attorney-of-record in this case, filed this Motion. *See* ECF No. 277. Although the rules permit Valjakka to share his credentials with an authorized individual to file on his behalf, Ramey filed the Motion under his own login account. Thus, the Motion was not properly filed.

CUVTA to attorneys' fees claims. Second, Valjakka argues his transfer of funds predated Netflix's request for attorneys' fees but fails to disclose that he was aware of the risk of such fees when he created CDN. Third, Valjakka asserts a "good faith" defense based on a controverted sham declaration and a facially unreasonable belief in his ownership of the asserted patents.

### A.  This Court Already Rejected Valjakka's Argument That the CUVTA Does Not Apply to Section 285 Attorneys' Fees Claims

Valjakka argues that Netflix "does not turn Valjakka into its debtor merely by asserting a 35 U.S.C. § 285 claim during ongoing litigation." ECF No. 330 at 3. Valjakka raised this same argument in response to Netflix's motion for a preliminary injunction. *See* Lamkin Decl. Exh. 1 (SJ/PI Redline) at 3-4. And this Court resoundingly rejected this argument. PI Order at 5 ("Netflix's claim for Section 285 attorney's fees, is the type of contingent debt covered by the CUVTA.").

### B.  Transfers Made Before Netflix Affirmatively Plead Its Attorneys' Fees Claims Are Subject to the CUVTA

Valjakka next argues because "there were no transfers after July of 2022," before Netflix plead for Section 285 attorneys' fees, "summary judgment is appropriate as to Defendant's counterclaim for a CUVTA violation." ECF No. 330 at 5. At the preliminary injunction stage, addressing badge 4,[2] this Court concluded that "[t]he evidence does not support a finding that the transfer was made after the debtor had been sued or threatened with suit." PI Order at 9. Specifically, this Court explained "Valjakka represents that the Licenses to CDN were granted in November and December 2021, more than a year before Netflix's claim for attorney's fees was first filed on December 23, 2022." *Id.*

While the Court concluded that badge 4 weighs against Netflix's claim, no single factor is dispositive. *See Virtue Glob. Holdings Ltd. v. Rearden LLC*, No. 15-CV-00797-JST, 2016 WL 9045855, at *6 (N.D. Cal. June 17, 2016) ("No minimum number of factors tips the scales toward actual intent."). Despite this finding, this Court examined all the badges of fraud and additional evidence of Valjakka's fraudulent intent and concluded that "[i]n the aggregate, these several badges of fraud constitute substantial evidence of Valjakka's intent to defraud." PI Order at 10 (citing *In re Acequia, Inc.*, 34 F.3d 800, 806 (9th Cir. 1994)).

---

[2] "Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit." Cal. Civ. Code § 3439.04.

Further, the CUVTA expressly contemplates the timing of transfers presented here. Indeed, the portion of the CUVTA quoted by Valjakka states "[a] transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before *or after the transfer was made* or the obligation was incurred." ECF No. 330 at 4 (quoting Cal. Civ. Code § 3439.04(a)) (emphasis added). Thus, the mere fact that Valjakka did not transfer any litigation settlement funds after July 2022 is not sufficient to overcome the overwhelming evidence of his fraudulent intent.

More importantly, since this Court granted a preliminary injunction in Netflix's favor, Netflix has learned that Valjakka was aware of the risk of attorneys' fees at the time of his fraudulent transfers. On November 30, 2021, Valjakka's litigation funders forwarded an email to Valjakka from counsel for Akamai, another entity sued by Valjakka for alleged infringement, laying out Valjakka's lack of ownership in the '167 Patent and explaining that Akamai will prevail on a motion to dismiss and "will almost certainly recover its fees given the exceptional nature of this case." Lamkin Decl., Exh. 2 (Email from Morehouse to Valjakka and Hietalahti) at 3. Thus, Valjakka was aware of his potential liability for attorneys' fees when he transferred litigation settlement funds in April and July of 2022. *See* ECF No. 328 (Lamkin Decl., Exh. B (CUVTA000102) at CUVTA000103; Lamkin Decl., Exh. C (CUVTA000108) at CUVTA000109).

**C.    Valjakka's Defenses Are Unsupported by the Factual Record**

Finally, Valjakka raises unsupported defenses to liability under the CUVTA. *See* ECF No. 330 at 5-6. While Valjakka conflates arguments that the transfers were made in good faith and for a legitimate supervening purpose, this Court previously rejected both defenses. *See* PI Order at 9-10. Valjakka raises no new factual issues warranting a different conclusion at summary judgment.

  (a) <u>This Court Should Continue to Reject Valjakka's Good Faith Defense</u>

    i. *This Court Properly Rejected a Good Faith Defense Because Valjakka Did Not Receive Equivalent Value*

The CUVTA outlines a defense wherein "[a] transfer or obligation is not voidable under paragraph (1) of subdivision (a) of Section 3439.04, against a person that took in good faith and *for a reasonably equivalent value* given the debtor or against any subsequent transferee or obligee." Cal. Civ. Code § 3439.08(a) (emphasis added); *see also Brandlin v. Eurolux, LLC*, No. 21-56001, 2022

3

WL 2713232, at *1 (9th Cir. July 13, 2022). At the preliminary injunction stage, this Court concluded that "the consideration for the Licenses was not reasonably equivalent to the value of the transferred assets." PI Order at 9 (citing Cal. Civ. Code § 3439.04(b)(8)).

Valjakka presents no new evidence that disturbs this Court's prior finding. Indeed, as detailed in Netflix's Motion for Summary Judgment, discovery propounded after this Court granted Netflix's preliminary injunction motion revealed transfers of litigation settlement funds to CDN. *See* ECF No. 328 (Lamkin Decl., Exh. B (CUVTA000102) at CUVTA000103; Lamkin Decl., Exh. C (CUVTA000108) at CUVTA000109). This additional evidence of value received by CDN further compounds the imbalance of consideration.

        *ii.*    *This Court Should Ignore Valjakka's Sham Declaration and Conclusory Arguments*

Valjakka's purported good faith defenses include that he "has been in firm belief both regarding validity of his infringement claim and his ownership of '167 patent." ECF No. 330 at 5. Valjakka provides no evidentiary support for this self-serving assertion. While he submitted a declaration in support of his Motion, there are no citations to that declaration, or any other evidence, found in the good faith defense portion of Valjakka's brief. *See* ECF No. 330 at 5-6. Even if it were proper to look to an uncited declaration, that declaration should be ignored as it is controverted by the evidence of record in this case.

An affidavit or declaration that directly contradicts a party's earlier affidavit, deposition, or sworn testimony—unless accompanied by a credible explanation for the contradiction—cannot defeat summary judgment. *See Lamb v. Household Credit Services, et al.*, 956 F. Supp 1511, 1518 (N.D. Cal. 1997). This rule is consistent with the broader Supreme Court directive that, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgement." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Valjakka's asserted belief in his ownership of the '167 Patent is flatly contradicted by the record and rulings of at least three courts. Well before this Court's Summary Judgment ruling, Valjakka's lack of ownership was already apparent; two Finnish courts had already conclusively determined that all rights to the '685 Application—and by extension the '167 Patent—belonged to

4
NETFLIX'S RESPONSE TO LAURI VALJAKKA'S MOTION FOR SUMMARY JUDGMENT

Suomen Biisi Oy, a separate Finnish entity, who then intentionally abandoned the application, a fact Valjakka does not dispute. *See* ECF No. 257 at 13. Because this Court's ruling rested on the very same facts and findings from proceedings in which Valjakka himself was a party, he cannot plausibly claim a good-faith belief in ownership. He knew of the Finnish judgments years before he filed this suit, and when confronted with challenges to his ownership, Valjakka sought to conceal his lack of ownership and pressed for quick settlements that misrepresented his rights in the '167 Patent. *See* ECF No. 316-3 at 6.

As Valjakka's self-serving statements lack evidentiary support, they are precisely the type of contradictory statements the Supreme Court found should be excluded from summary judgment consideration. *See Scott*, 550 U.S. at 380. Thus, this Court should reject Valjakka's good faith defense.

(b)     <u>This Court Should Continue to Reject Valjakka's Legitimate Supervening Purpose Defense</u>

Once indicia of fraud are established, the burden shifts to the transferee to demonstrate "significantly clear" evidence of a "legitimate supervening purpose" for the transfers at issue. *In re Acequia, Inc.*, 34 F.3d 800, 806 (9th Cir. 1994). Valjakka argues he "established CDN for the sole purposes of tax effective administration and division with his Finnish partners of possible litigation proceeds." ECF No. 330 at 6. And yet Valjakka's sworn declaration in support of his motion makes no mention of taxes: "My purpose for granting the licenses was to more easily divide my financial interest in the '167 and '102 patents with other investors, to obtain financing for this litigation and others, and to more easily administer the financing and proceeds from this litigation and others." ECF No. 330-1, ¶ 10. And examining the same sworn statements in Valjakka's opposition to Netflix's preliminary injunction motion, this Court found "Valjakka neither explains, nor provides supporting evidence showing, how the creation of CDN allows Valjakka to accomplish these goals." PI Order at 10. Further, this Court rejected Valjakka's statements as in direct conflict with the Licenses themselves. *Id*. Inserting a further contradicted purpose (taxes) to this Motion (and not his declaration), cannot carry the day.

### III. CONCLUSION

For the reasons stated above, Valjakka's Motion must be denied. His recycled arguments regarding the applicability of the CUVTA to Section 285 claims have already been rejected by this Court. Because Valjakka offers no new evidence and no valid legal basis to disturb this Court's prior findings, summary judgment in his favor is unwarranted.

Dated: September 8, 2025                    Respectfully submitted,

By: */s/ Rachael Lamkin*
Rachael Lamkin
rachael.lamkin@bakerbotts.com
Karan Singh Dhadialla
karan.dhadialla@bakerbotts.com
BAKER BOTTS, L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: +1.415.291.6200
Fax: +1.415.291.6300

Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise S. Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta (appearance *pro hac vice*)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Adam Hester, Bar No. 311206
PERKINS COIE LLP
33 E. Main Street, Ste. 201
Madison, Wisconsin 53703
AHester@perkinscoie.com
Telephone: +650.838.4311

**Attorneys for Defendant**
**NETFLIX, INC.**