# Exhibit 2

| | |
|---|---|
| **From:** | Onni Hietalahti <onni.hietalahti@tamoralegal.fi> |
| **Sent:** | Wednesday, December 1, 2021 8:33 AM |
| **To:** | Eric Morehouse; Erik Lund |
| **Cc:** | Lauri Valjakka |
| **Subject:** | VL: Email For Lauri and Onni´'´ |

Eric & Eric

Please find below our replies to the points you asked to clarify. Attached is the court decision referred to below (in Finnish).

After you have discussed this with the counsel, let´s have a conference tomorrow over the outcome.

Kind regards
Onni

**Onni Hietalahti**
Asianajaja  |  Asianajotoimisto Tamora Legal Oy
040 488 9260  |  Lappeentie 16, 55100 Imatra



Tämä sähköposti on luottamuksellinen. Se on tarkoitettu ainoastaan vastaanottajalle. Mikäli ette ole viestissä tarkoitettu vastaanottaja, olkaa hyvä ja ilmoittakaa siitä lähettäjälle sekä poistakaa viesti välittömästi.
www.tamoralegal.fi

---

**Lähettäjä:** Eric Morehouse <emorehouse@kviplaw.com>
**Lähetetty:** tiistai 30. marraskuuta 2021 22.51
**Vastaanottaja:** 'Lauri Valjakka' <lauri.valjakka@eezykeyz.fi>; Onni Hietalahti <onni.hietalahti@tamoralegal.fi>
**Kopio:** 'Erik Lund' <elund@kviplaw.com>
**Aihe:** Email For Lauri and Onni´'´

Onni and Lauri,

Please see the below email from Akamai's counsel.  We have a call to discuss this with Bill Ramey, our Texas counsel today.  If possible, please provide your commentary on the below e-mail as well as the following questions.

- What is the relationship of Mr. Iiro Karensiemi to the patent? We note that he was originally included as an inventor. Why was he included originally? Why was he removed from the patent?
  <span style="color:red">Iiro Karesniemi was an employee and had a marginal role in making the invention as part of his normal work duties. In the original application he was stated as the second inventor after Mr. Valjakka. According to Finnish law an employer is entitled to claim ownership to such inventions and this has been effectively done. Consequently, Mr. Karesniemi has been entitled to a statutory compensation for redemption of the invention by the employer. He has claimed payment of the compensation in the bankruptcy proceedings of Suomen Biisi Oy. As to the granted US patent it should be noted that the USPTO handler has rejected all claims authored by Mr.</span>

1

<span style="color:red">Karesniemi and consequently removed him as the second inventor. In the GB and EPO patents he remained as the second inventor.</span>

- Do you have any response to Akamai's characterization of Article 44.5 of the Finnish Patent Act?
<span style="color:red">Lauri Valjakka has not claimed to have become the owner before it was clear that Suomen Biisi Oy bankruptcy estate had abandoned the patent application in 2012. Patents Act 44.5 § is referred to only as a basis for assumption of a Finnish court if the ownership prior to revival would become an issue to be resolved. In this respect it is obvious that the court would give significance also to a US Patent register entry and not only to an entry in the Finnish register.</span>

- Do you have a response to Akamai's analysis of Article 22 of Chapter 20 of the Finnish Companies Act?
<span style="color:red">According to the said article shareholders of a company dissolved after bankruptcy may choose a representative to take measures to 1) cover possible debts or to 2) preserve company assets. According to 20.22.3 § such representative would be entitled to dispose of unclaimed assets of the company and to use the proceeds to cover remaining debts. The patent application has not in its abandoned stage been an asset but a liability with overdue filing and maintenance fees not paid by the bankruptcy administration. Therefore Lauri Valjakka, after receipt of permission of other shareholders and oral permission from the administrator, has had the capacity to assume the liabilities pertaining to the ownership of the application.</span>

  <span style="color:red">In addition, it must be noted, that the transfer was approved in writing by the sole board member of Suomen Biisi Oy, Mr. Juha Setälä. According to the 20:25 § of the Companies Act the Board is entitled to represent the company also during bankruptcy proceedings. During bankruptcy the board´s authority is naturally limited with respect to disposal of assets but it is not limited to agree on transferring liabilities or rights of no value.</span>

- Akamai's characterization of abandon property as it relates to **U.S. law** is generally correct.  However, do you have any case law showing **Finnish law** allowing for assumption of abandoned intellectual property?

  <span style="color:red">Finnish institution of gaining ownership to movable property through occupation is a non-statutory concept according to which 1) property without an owner or 2) abandoned property can be transferred to the ownership of a person having gained possession of the property. There is no case law regarding occupation of IPR but e.g. Turku Court of Appeal has in its decision of March 23, 2005 No. 787 maintained that "occupation may produce ownership over an abandoned object such as a sunk shipwreck (in question). One of the prerequisites of effective occupation is that the occupier has gained possession of the object." In this case the shipwreck was a 300 year old ship with valuable cargo still inside. Therefore Akamai´s claim that the institution of occupation would only apply to property of little value is false. As there are no restrictions pertaining to the form of how movable property (including IPR) can effectively be transferred, transfer of the patent application through occupation must be considered effective after it was obvious that the application was abandoned and after Lauri Valjakka took over to revive the application.</span>

Since we have a short time before our discussion with Bill Ramey, please try to focus only on the above questions, the below e-mail, and/or anything new.  We do not need any further explanation on the timeline/analysis of issues already discussed in previous emails and conversations.

**EMAIL FROM AKAMAI COUNSEL:**

We have reviewed your client's most recent opinion letter and discussed this matter with Akamai's IP counsel in Helsinki.  This second opinion letter takes positions inconsistent as with the first opinion letter, but—like the first—appears to have been provided by an attorney who did not review any relevant documents and merely accepted a set of facts provided by your client.  Even so, the letter does not provide any legal basis for your client to assert ownership of the patent under Finnish or US law despite citing several Finnish statutes and purported legal practices.  Our discussions with Akamai's Finnish counsel confirm the following:

2

- Article 44.5 of the Finnish Patent Act: This statute applies to the *Finnish* patent register, not the USPTO assignment database. Any presumption of ownership based on a registered assignment in Finland does not apply, in any event, where there is contrary evidence as there is here in the form of a final judgment by the Helsinki Court of Appeal. And the attorney cites this statute in the opinion letter merely to confirm that Suomen Biisi Oy owned the patent, which is entirely consistent with the holdings of the Helsinki District Court and Appellate Court.
- Article 22 of Chapter 20 of the Finnish Companies Act: If Mr. Valjakka had acted pursuant to this statute, his actions would have been on behalf of Suomen Biisi Oy. Thus such actions would have no impact on ownership of the patent, which would have remained the property of the company and not Mr. Valjakka. Of course Mr. Valjakka did not claim to be acting on behalf of Soumen Biisi, but instead he falsely represented to the USPTO that he was the patent owner so this legal argument is directly refuted by your client's own public statements.
- The vague reference to "assuming abandoned property" also has no impact here as any such non-statutory legal practice in Finland would apply to personal property of little or no value such as a pencil found on the ground, a newspaper left on a café table, etc. U.S. law recognizes transfer of patent rights only through a written assignment … not merely because the owner chose to abandon a patent application.

Aside from the absence of any applicable legal analysis of standing, the second opinion letter again avoids your client's misrepresentations to the USPTO. Indeed, this second letter suggests that the legal analysis should not focus on the Utilization Agreement, which was the sole basis for your client's claim to the USPTO that he (and two others) owned the patent application and could therefore revive it. So, once again, this letter does nothing but confirm that your client has no colorable excuse for falsely representing to the USPTO that he was an owner of the patent application based on the Utilization Agreement months after the Helsinki courts ruled that he was not.

In addition, we recently learned that Akamai's IP counsel in Helsinki has represented Mr. Iiro Karesniemi, who was the original inventor named along with Mr. Valjakka on the relevant patent application. Indeed, Akamai's counsel has represented Mr. Karesniemi in litigation against Mr. Valjakka. From our discussions, it appears that when Mr. Valjakka represented to the USPTO that Mr. Karesniemi was not in fact an inventor of the asserted patent, that was another false statement made in order to obtain issuance of the patent. *See* Jan. 24, 2011 Letter in Response to Denial of Request for Power of Attorney; May 23, 2013 Applicant's Request to Correct Inventorship Under 35 U.S.C. 1.48(b). This further false representation provides a second, independent basis for finding the asserted patent unenforceable due to your client's inequitable conduct before the USPTO.

Aside from these and other problems with the second opinion letter, I also need to address points in your email of November 17 (below). First, there will be no need for an evidentiary hearing involving Finnish law to resolve the standing question because your client's claim of ownership was already litigated and the Helsinki courts entered a final judgment that he does not own the patent. Judge Albright should dismiss based on that judgment as a matter of law per the Federal Circuit decision in *International Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324 (Fed. Cir. 2001) (affirming dismissal for lack of standing where a French judgment held that the plaintiff did not own the asserted patents). The case is attached for your reference. Second, Akamai sees no value in a license from your client because he does not own the patent. Akamai knows that it can prevail in the litigation on a motion to dismiss or in the worst case by proving either of two available inequitable conduct theories and will almost certainly recover its fees given the exceptional nature of this case in which (1) your client has been adjudged not to own the asserted patent; and (2) your client made false statement *twice* to the USPTO to get the asserted patent issued.

All that said, Akamai is not in the business of litigation and is willing to move off its initial demand that your client simply dismiss the case. Akamai has authorized me to offer $25,000 in exchange for a dismissal with prejudice. This proposal is open until Monday December 6 at which point we will assume that litigation is proceeding and will coordinate with the other defendants to effectively defend against your client's baseless claims—including by sharing information we have collected regarding Mr. Valjakka and his prior litigation in Finland.

Eric

**Eric D. Morehouse**
Founder


📞 +1 (703) 346-4787
📍 11718 Bowman Green Dr.
Reston, VA 20190
🌐 www.aipisolutions.com
✉ EMorehouse@aipisolutions.com

4