Rachael Lamkin (SBN 246066)
rachael.lamkin@bakerbotts.com
Karan Singh Dhadialla (SBN 296313)
karan.dhadialla@bakerbotts.com
BAKER BOTTS L.L.P.
101 California St., Suite 3200
San Francisco, CA 94111
Telephone: +1.415.291.6200
Fax: +1.415.291.6300

Attorneys For Defendant
NETFLIX, INC.

(*Additional counsel listed in signature block*)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

LAURI VALJAKKA

Plaintiff,

v.

NETFLIX, INC.

Defendant.

Case No.: 4:22-cv-01490-JST

**DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Date: October 2, 2025
Time: 2:00 p.m.
Crtrm: 6, 2nd Floor
Judge: Hon. Jon S. Tigar

# TABLE OF CONTENTS


Page

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT ................................................................................................ 1

A. Valjakka Offers No Evidence to Dispute His Fraudulent Transfer ........................ 1

1. CDN's Creation and Transfers Are Undisputed ..................................................... 1

2. Valjakka Misconstrues the Finnish Proceedings, and This Court Has Already Resolved Suomen Biisi Oy's Treatment of the '167 Patent ................................... 2

3. PTAB Rulings Do Not Negate Valjakka's Fraudulent Transfers ........................... 3

4. The Timing of Netflix's Section 285 Claim Does Not Immunize Prior Transfers ............................................................................................... 4

B. Valjakka's "Good Faith" Defense Fails ............................................................ 4

C. Valjakka Misstates the Law ........................................................................... 5

1. This Court Already Rejected Valjakka's Argument That the CUVTA Does Not Apply to Section 285 Attorneys' Fees Claims ................................................ 5

2. Jurisdictional Arguments About "No U.S. Debtors" Are Meritless ........................ 5

III. CONCLUSION ............................................................................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Beverly*,
374 B.R. 221 (9th Cir. BAP 2007)....1

**STATUTES**

35 U.S.C. § 311(b) ....3

Cal. Civ. Code § 3439.04(a) ....3

Cal. Civ. Code § 3439.04(a)(1)....5

Cal. Civ. Code Section §§ 3439.04(b)(1)-(2) and (b)(5) ....1

## I. INTRODUCTION

As Netflix explained in its Motion for Summary Judgment, Valjakka has failed to raise a genuine factual dispute as to his fraudulent conduct: Valjakka attempted to place the Enforcement Assets outside the reach of Netflix's claim for Section 285 attorneys' fees by fraudulently transferring them to a Finnish entity he controlled, CDN Licensing Oy ("CDN"). *See generally* ECF No. 329. Valjakka's Opposition repeats arguments already addressed by this Court when it granted Netflix's request for a preliminary injunction. ECF No. 204. Valjakka attempts to add new life to these rehashed arguments with misplaced interpretations of multiple sources, including an alleged Finnish Supreme Court opinion, a bankruptcy estate inventory, and PTAB decisions regarding the asserted patents. None of these sources create a dispute of material fact as to Valjakka's liability under the CUVTA.

## II. ARGUMENT

### A. Valjakka Offers No Evidence to Dispute His Fraudulent Transfer

#### *1. CDN's Creation and Transfers Are Undisputed*

Valjakka admits that he created CDN in November 2021, transferred settlement and licensing revenues into it, and retained control over the entity. *See* ECF No. 335 ("Opp.") at 3. These admissions alone establish multiple CUVTA badges of fraud,[1] including transfer of property to an insider, retention of control over the property, and the transfer constituting substantially all the debtor's assets. *See* Cal. Civ. Code Section §§ 3439.04(b)(1)-(2) and (b)(5).

Valjakka's only explanation for the transfers' legitimacy is that CDN was established "to manage expenses and revenue from the Action." Opp., at 3. This assertion does not create a factual dispute. Rather, the fraudulent transfer analysis turns on the *effect* of the transfer—not the debtor's characterization of it. *See In re Beverly*, 374 B.R. 221, 235 (9th Cir. BAP 2007). Even if accepted as true, Valjakka's description of CDN as an entity created to manage litigation funds does not alter

[1] Additionally, Valjakka's opposition fails to dispute several badges and other indicia of fraudulent intent identified by Netflix. Specifically, Valjakka offers no response to evidence showing: (1) his removal and concealment of the Enforcement Assets; (2) that the consideration received for the CDN licenses was not reasonably equivalent to the value of the assets transferred; (3) that he transferred the assets of the '167 Patent while retaining the corresponding liabilities; and (4) that his overall litigation strategy evidences fraudulent intent. *See* ECF No. 329 at 7-9.

the fraudulent effect of the transfer, as this Court has already held. PI Order, ECF No. 204, at 10:6-21. Valjakka's funneling of assets beyond Netflix's reach into a foreign entity he controlled without Netflix's knowledge constitutes fraudulent intent.

*2. Valjakka Misconstrues the Finnish Proceedings, and This Court Has Already Resolved Suomen Biisi Oy's Treatment of the '167 Patent*

Valjakka cites a purported Finnish Supreme Court decision to claim he held a good-faith belief in his ownership of the '167 Patent. ECF No. 335-10. The document is in English even though the Finnish courts do not issue opinions in English. Declaration of Rachael Lamkin ("Lamkin Decl.") at ¶5. There is no certified translation, nor does Valjakka even claim the document is a translation, and the document contains multiple irregularities:

- It is in English and styled "DECISION Page 1 (of 6)"—but the filed exhibit contains only four pages.
- It claims Case Number: "H 1/2024/287," Date of Issuance: "August 26, 2025," Decision Number: "1025 2792." There is no Finnish (or Swedish) original, no ECLI or standard KKO ("Supreme Court of Finland") citation, no official certification, no signature/attestation page, and no translator declaration.
- The Supreme Court of Finland (Korkein oikeus, "KKO") publishes its decisions in Finnish or Swedish and, when it chooses, posts short English summaries of selected precedents—English texts are not the official decisions.
- Official decisions carry a "KKO:YYYY:NN" (or "KKO NNN/20YY" for non-precedents) and frequently an ECLI identifier; the English page is explicitly a summaries section. There appear to be no summaries from 2025.

Lamkin Decl., ¶ 6.

Certainly, the document in its current form "cannot be presented in a form that would be admissible in evidence" and as such cannot be considered at summary judgment. *See* Fed. R. Civ. P. 56(c)(2).

Further, the document, if authentic, appears to represent Valjakka's attempts to undo decisions finding that he has not owned the '167 Patent since 2008 and certainly did not when he filed his many lawsuits in 2021. They cannot support a good-faith belief of ownership in 2021.

And, even if, *arguendo*, the document is a faithful translation of an actual decision, the decision is not "the Helsinki Supreme Court annul[ing] the prior finding that Valjakka did not own the '167 patent" as Valjakka inaccurately represents here. *See* Opp., 4. On its face, the document says it is annulling a district court opinion dismissing Valjakka's 2023 suit for lack of jurisdiction. ECF No. 335-10, at 4. The ruling, even if authentic, only addresses jurisdictional questions as to which Finnish trial court should hear Valjakka's case. It does not vacate the Finnish decisions finding Valjakka did not own the '167 Patent and is irrelevant to Netflix's claims under the CUVTA. This decision comes years after Valjakka transferred the Patents into CDN with full knowledge of the multiple court opinions holding he lacked ownership rights.

Valjakka also repeats his argument that the omission of the '167 Patent from Suomen Biisi Oy's bankruptcy inventory proves ownership. This Court has already rejected that theory. In its prior ruling, the Court found: "The parties do not dispute that SBO intentionally abandoned the '685 Application and that this abandonment was final as of July 2010." ECF No. 257 at 13. This finding forecloses Valjakka's attempt to revisit the bankruptcy proceedings now. Even if this Court were to revisit this argument, the omission of an abandoned, valueless application from an inventory of bankruptcy assets carries no probative weight. Bankruptcy estates are not required to list property of no value. Here, Suomen Biisi Oy abandoned the '167 Patent's Application years before the administration of the Finnish bankruptcy estate, rendering them effectively valueless.

Neither the Finnish Supreme Court's later jurisdictional ruling nor the bankruptcy estate's inventory create a material factual dispute as to Netflix's CUVTA claim.

*3. PTAB Rulings Do Not Negate Valjakka's Fraudulent Transfers*

Valjakka points to PTAB decisions denying institution of IPRs on the Asserted Patents as evidence of legitimacy. Those rulings have nothing to do with fraudulent transfers. A petitioner requesting to cancel patent claims may do so "only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C.

§ 311(b). The PTAB did not, and could not, address the deficiencies in Valjakka's claim of ownership or his transfer of Enforcement Assets into CDN. Valjakka's misplaced reliance on these PTAB decisions creates no material dispute of facts related to the CUVTA.

*4. The Timing of Netflix's Section 285 Claim Does Not Immunize Prior Transfers*

Valjakka next argues that, because his last transfer to CDN occurred in July 2022 and Netflix did not plead its Section 285 claim until December 2022, the transfers are insulated. Netflix's Opposition to Valjakka's Motion for Summary Judgment details why this argument is wrong. *See* ECF No. 336 at 2-3.

The CUVTA also expressly provides that transfers are voidable "whether the creditor's claim arose before or after the transfer was made." Cal. Civ. Code § 3439.04(a). The absence of transfers after July 2022 does not insulate Valjakka's prior conduct.

Moreover, evidence obtained *after* this Court granted Netflix's preliminary injunction demonstrates that Valjakka was already aware of his exposure to attorneys' fees at the time of his April and July 2022 transfers. In November 2021, Valjakka's litigation funders forwarded him an email from counsel for Akamai, another defendant he had sued, explaining that Akamai would prevail on a motion to dismiss and "will almost certainly recover its fees given the exceptional nature of this case." ECF No. 336-3 (Email from Morehouse to Valjakka and Hietalahti) at 3. This notice confirms that Valjakka knew of his potential liability for fees well before Valjakka transferred the Enforcement Assets to CDN, eliminating any suggestion that timing provides a defense.

**B. Valjakka's "Good Faith" Defense Fails**

As described in Netflix's Opposition to Valjakka's Motion for Summary Judgment, Valjakka's purported "good faith" defense is meritless as this Court already found he did not receive reasonably equivalent value for the transfers made to CDN, and Valjakka provides no evidence to the contrary now. *See* ECF No. 336 at 3-4. Similarly, Netflix explained that this Court need not consider statements regarding his belief of ownership that are expressly contradicted by the record. *Id.* at 4-5.

Because Valjakka provides no evidence to create a material dispute, this Court should reject Valjakka's good faith defense.[2]

### C. Valjakka Misstates the Law

#### *1. This Court Already Rejected Valjakka's Argument That the CUVTA Does Not Apply to Section 285 Attorneys' Fees Claims*

Valjakka again argues that Netflix "does not turn Valjakka into its debtor merely by asserting a 35 U.S.C. § 285 claim during ongoing litigation." Opp. at 6. Valjakka raised this same argument in response to Netflix's motion for a preliminary injunction. *See* Lamkin Decl., Exh. 1 (Response/PI Redline) at 10-12. And this Court resoundingly rejected that argument. PI Order at 5 ("Netflix's claim for Section 285 attorney's fees, is the type of contingent debt covered by the CUVTA.").

#### *2. Jurisdictional Arguments About "No U.S. Debtors" Are Meritless*

Valjakka argues that the CUVTA cannot apply because neither he nor CDN have creditors[3] in the United States. Opp. at 4-5. He is wrong; Netflix is a U.S. creditor. *See* PI Order at 5. Further, the CUVTA imposes no such jurisdictional requirement. The CUVTA applies to any transfer made "[w]ith [the] actual intent to hinder, delay, or defraud any creditor of the debtor." Cal. Civ. Code § 3439.04(a)(1) (emphasis added). The absence of unrelated U.S. creditors is irrelevant. Plaintiff's jurisdictional argument therefore provides no defense.

## III. CONCLUSION

For all these reasons and those identified in Netflix's Motion for Summary Judgment (ECF No. 329) and Netflix's Response to Valjakka's Motion for Summary Judgment (ECF No. 336), Netflix respectfully requests that this Court grant summary judgment in Netflix's favor on its claim under the CUVTA and deny Valjakka's motion regarding same. Netflix further requests that this Court order Valjakka to continue holding the Enforcement Assets until this Court has adjudicated Netflix's forthcoming motion for attorneys' fees.

---

[2] Netflix also notes that, although not expressly raised in the present opposition, Valjakka has repeatedly raised what appears to be a legitimate supervening purpose defense to liability under the CUVTA. *See* ECF No. 330 at 6. This Court previously rejected this argument. PI Order at 10. As explained in Netflix's Opposition to Valjakka's Motion for Summary Judgment, Valjakka provides no new evidence warranting a different finding now. *See* ECF No. 336 at 5.

[3] Valjakka's Opp. uses the term "debtors," but Netflix believes this to be a typo.

Dated: September 11, 2025

Respectfully submitted,

By: /s/ Rachael Lamkin

Rachael Lamkin
rachael.lamkin@bakerbotts.com
Karan Singh Dhadialla
karan.dhadialla@bakerbotts.com
BAKER BOTTS, L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: +1.415.291.6200
Fax: +1.415.291.6300

Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise S. Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta (appearance *pro hac vice*)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Adam Hester, Bar No. 311206
PERKINS COIE LLP
33 E. Main Street, Ste. 201
Madison, Wisconsin 53703
AHester@perkinscoie.com
Telephone: +650.838.4311

***Attorneys for Defendant***
***NETFLIX, INC.***