Lauri Valjakka (Pro Se)
Arinakatu 2 B38
FI 53100 Lappeenranta
Finland
+358 50 467 0090
lauri.valjakka@eezykeyz.fi

*Filed on behalf of Pro Se*
*LAURI VALJAKKA*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>              Plaintiff,<br><br>     v.<br><br>NETFLIX, INC.,<br><br>              Defendant. | Case No. 4:22-cv-01490-JST<br><br>**LAURI VALAJKKA'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF CUVTA CLAIM**<br><br>Date:   October 2, 2015<br>Time:   2:00 p.m.<br>Crtrm:  6 – 2nd Floor<br>Judge: Hon. Jon S. Tigar |

# INDEX OF EXHIBITS

EXHIBIT 1 –   Intentionally left blank

EXHIBIT 2 –   PTAB  TERMINATION Dismissal After Institution of Trial and Denying Netflix's Request to Enter Adverse Judgment Against Patent Owner 35 U.S.C. § 314; 37 C.F.R. § 42.73(b)

EXHIBIT 3 –   PTAB  DECISION Denying Institution of *Inter Partes* Review 35 U.S.C. § 314

EXHIBIT 4 –   CDN Licensing Finland Oy

EXHIBIT 5 –   2022_7_tiliote

EXHIBIT 6 –   PTAB Decision Petition Granted

EXHIBIT 7 –   Statement from Bankruptcy Estate Attorney

EXHIBIT 8 –   Translation of Statement from Finish

EXHIBIT 9 –   APPEAL Helsinki District Court, May 3, 2023, No. 1010 0765[1]

EXHIBIT 10 –  Lauri Valjakka September 29, 2014 letter to Netflix

EXHIBIT A –   CDN 2022 Ledger

EXHIBIT B –   CDN 2023 Ledger

EXHIBIT C –   CDN 2024 Ledger

EXHIBIT D –   CDN 2025 Ledger

---

[1] Paragraph 7 to the Valjakka Declaration submitted with this reply clarifies that Exhibit 9 is a Microsoft Copilot AI translated copy of the Finnish Court opinion.

Plaintiff respectfully files this Lauri Valajkka's Reply In Support of Its Motion For Summary Judgment of Cuvta Claim[2]

## I. INTRODUCTION

Defendant Netflix, Inc.'s reply misstates the law, misrepresents the facts, and relies on speculative theories under the California Uniform Voidable Transactions Act (CUVTA). Plaintiff, appearing Pro Se, has presented clear evidence that no fraudulent transfers occurred, that all payments were made by third parties, and that Plaintiff acted in good faith throughout. Summary judgment must be denied.

## II. ARGUMENT

### A. No Personal Transfers by Plaintiff

All transfers to CDN Licensing Finland Oy were made by AiPi Solutions LLP and Case Group 1 LLC prior to July 21, 2022. Plaintiff did not personally transfer any assets. This is confirmed by CDN's ledgers and bank statements (Exhibits A–D and 5).

### B. No Knowledge of CUVTA or Fee Exposure

Plaintiff had never heard of CUVTA until Netflix filed its motion in December 2022. The transfers occurred well before any claim was pled or threatened. There is no evidence of intent to hinder a creditor.

### C. Timing and Good-Faith Licensing

Licenses to CDN were granted in November 2021—over a year before Netflix asserted its § 285 claim. Plaintiff created CDN to manage litigation financing and proceeds, a legitimate and common practice.

### D. Ownership Belief Supported by Finnish Legal Authorities

---

[2] Doc. No. 330.

Plaintiff acknowledges the Court determiend Mr. Valjakka did not own the '167 patent. However, Plaintiff asserts its belief in ownership of the '167 Patent was reasonable as it was supported by:

- A formal legal opinion dated December 7, 2021, issued by Professor Jarno Tepora of the University of Helsinki, confirming Plaintiff's right to revive and prosecute the U.S. patent application originally filed by e-3 Solutions Oy and later held by Suomen Biisi Oy (Exhibit 8).
- Confirmation from the bankruptcy estate attorney that the '167 Patent was not inventoried or claimed during the liquidation of Suomen Biisi Oy (Exhibit 7).
- Plaintiff notes that the Finnish courts have not finalized a ruling on the ownership of the '167 patent as shown by a ruling issued on August 26, 2025, by the Supreme Court of Finland (Korkein oikeus), Case No. H 1/2024/287, Decision No. 1025 2792, which annulled the Helsinki District Court's dismissal of Plaintiff's ownership claim and ordered the matter to be reprocessed (Exhibit 9). Thus, ownership of the '167 patent has not been finally decided by the Finnish courts.

**E.  Clarification of Finnish Judicial Hierarchy**

Netflix misidentifies the Finnish Supreme Court. The decision submitted is from the Supreme Court of Finland (Korkein oikeus), the highest judicial authority in the Republic of Finland. It is entirely distinct from the Helsinki District Court and Helsinki Court of Appeal.

**F.  PTAB and Bankruptcy Evidence**

PTAB terminated IPR2022-01568 without adverse judgment and denied institution in IPR2022-01569. The bankruptcy estate did not include the '167 Patent, as has now been verified. These facts support Plaintiff's good-faith enforcement.

**G.  No Cognizable Claim Under CUVTA**

Netflix had not prevailed in the litigation and has no enforceable claim under § 285 when it filed its CUVTA counterclaim. A speculative fee request does not create a debtor-creditor relationship. CUVTA does not apply.

### H. No Transfers After December 2022

Netflix filed its Answer on December 23, 2022. No transfers occurred after July 2022. Therefore, no transfer occurred after Netflix became a "creditor," even under its own theory.

### I. Indicia of Fraud Favor Plaintiff

- Plaintiff disclosed CDN and settlement documents in discovery.
- Plaintiff received reasonably equivalent value for the licenses.
- The timing of the transfers shows no fraudulent intent.
- Defendant was aware of CDN as early as July 2022.

### III. CONCLUSION

Netflix has failed to establish any genuine dispute of material fact. Plaintiff respectfully requests that the Court deny Defendant's motion for summary judgment and dismiss the CUVTA counterclaim.

Dated:  September 15, 2025

Respectfully submitted,

/s/ Lauri Valjakka
Laurio Valjakka (pro se)
Arinakatu 2 B38
FI 53100 Lappeenranta
Finland
+358 50 467 0090
lauri.valjakka@eezykeyz.fi

**LAURI VALJAKKA, Pro Se**