# EXHIBIT 2

Trials@uspto.gov
Tel: 571-272-7822

Paper 29
Entered: March 18, 2024

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

NETFLIX, INC.,
Petitioner,

v.

PATENT OWNER.[1]

_____

IPR2022-01568
Patent 8,495,167 B2

_____

Before BARBARA A. PARVIS, GREGG I. ANDERSON, and CHARLES J. BOUDREAU, *Administrative Patent Judges*.

PARVIS, *Administrative Patent Judge*.

TERMINATION
Dismissal After Institution of Trial and
Denying Netflix's Request to Enter Adverse Judgment
Against Patent Owner
*35 U.S.C. § 314; 37 C.F.R. § 42.73(b)*

---

[1] As discussed below, the identity of the patent owner is unclear on the current record.

IPR2022-01568
Patent 8,495,167 B2

Netflix, Inc. ("Netflix") filed an authorized Opening Brief (Paper 21, "Open. Br.") requesting that we enter an adverse judgment against Lauri Valjakka ("Mr. Valjakka") or Suomen Biisi Oy and expunge all papers and exhibits filed on Mr. Valjakka's behalf. *Id.* at 8–9, 12. Netflix argued in the alternative that we should terminate this proceeding and expunge Mr. Valjakka's papers and exhibits because he does not have standing to act as a patent owner. *Id.* at 12–15.

Mr. Valjakka filed an authorized Opening Brief (Paper 23, "Resp. Br.") arguing that Mr. Valjakka is the record owner of U.S. Patent 8,495,167 B2 (Ex. 1001, "the '167 patent").[2] Mr. Valjakka does not dispute that the determination of patent ownership is a question for the District Court. Resp. Br. 3–4; Open. Br. 1, 8. Mr. Valjakka argues that he "will address ownership through the District Court and any appeal," but we should not decide at this stage that Mr. Valjakka lacks standing to act as patent owner in this proceeding. Resp. Br. at 4, 11.

Netflix filed an authorized Reply Brief (Paper 24, "Reply") arguing that Mr. Valjakka did not respond to arguments in Netflix's Opening Brief. *Id.* at 1. Netflix argues that we "should issue an adverse judgment finding all challenged claims unpatentable and strike all papers and exhibits filed on Mr. Valjakka's behalf." *Id.*

We begin by summarizing the relevant procedural background and then we address Netflix's and Mr. Valjakka's arguments and evidence regarding patent ownership.

---

[2] We authorized via e-mail (Ex. 3005) Mr. Valjakka's filing of his Opening Brief by February 16, 2024.

2

IPR2022-01568
Patent 8,495,167 B2

## I. BACKGROUND

On September 23, 2022, Netflix filed a Petition (Paper 2 ("Pet.")) requesting an *inter partes* review of claims 1, 3–6, 8, 9, 11–17, 19, and 20 of the '167 patent. Mr. Valjakka filed a Preliminary Response. Paper 6. On April 18, 2023, we granted institution of *inter partes* review. Paper 7 ("Institution Decision" or "Inst. Dec."). Regarding patent ownership, at that stage in the proceeding, we accepted Netflix's representation that "true copies of the Petition for *Inter Partes* Review of U.S. Patent No. 8,497,167 and supporting materials (Exhibits 1001-1018 and Powers of Attorney) were served via overnight delivery on the Patent Owner." *See* Pet. (identifying Mr. Valjakka as Patent Owner on the cover page and stating in the Certificate of Service that the Petition and supporting materials were served "on the Patent Owner"). We also accepted Mr. Valjakka's representation in his mandatory notice that he is the patent owner and only real party in interest. Paper 5, 2. Also, the most recent assignment at the time of our Institution Decision was recorded May 25, 2021 and identifies Mr. Valjakka as the assignee. Ex. 3004, 2–3.

On July 21, 2023, Netflix sent an e-mail requesting guidance regarding the patent ownership issue. Ex. 3003. Netflix stated in its e-mail that "in the district court litigation," Netflix "uncovered evidence that Mr. Valjakka is not the current owner of the '167 patent and was not the owner of the patent when he filed a petition to revive the application leading to the '167 patent." *Id.*[3] A call was held with the parties to discuss the issue on

---

[3] We noted in the Institution Decision that "the parties inform us that the '167 patent is asserted against Netflix in the following district court case:

3

IPR2022-01568
Patent 8,495,167 B2

July 26, 2023. No additional briefing in the instant proceeding was authorized at that time.

On January 8, 2024, Netflix sent an e-mail to the Board stating "the United States District Court for the Northern District of California issued an Order ['District Court's Order'] granting Petitioner, Netflix's, motion for summary judgment in the co-pending district court litigation holding that Mr. Valjakka is not the owner of U.S. Patent 8,495,167 (the '167 patent) and that the true owner, Suomen Biisi Oy, intentionally abandoned the application that led to the '167 patent during prosecution." Ex. 3002. Mr. Valjakka sent a responsive e-mail stating that "the underlying district court case is not final" and that Mr. Valjakka "does not see an issue in continuing the IPRs as scheduled." *Id.* The District Court's Order is entered in this proceeding as Exhibit 3001.

A conference call was held on January 11, 2024, among respective counsel for Netflix and Mr. Valjakka and Judges Parvis, Anderson, and Boudreau. During the call, counsel for Netflix and counsel for Mr. Valjakka agreed to address the issue of patent ownership in further briefing, and an Order was entered on January 17, 2024, authorizing that briefing (Paper 20). We address the arguments raised in those briefs below.

---

*Valjakka v. Netflix, Inc.,* Civil Action No. 4:22-cv-01490-JST (N.D. Cal., filed September 13, 2021)." Inst. Dec. 2 (citing Pet. 87; Paper 5, 2).

4

IPR2022-01568
Patent 8,495,167 B2

## II. DISCUSSION

### A. Netflix's Request for Entry of Adverse Judgment Against Mr. Valjakka or Suomen Biisi Oy

The rules governing *inter partes* review set forth the following regarding adverse judgment:

> (b) **Request for adverse judgment.** A party may request judgment against itself at any time during a proceeding. Actions construed to be a request for adverse judgment include:
> (1) Disclaimer of the involved application or patent;
> (2) Cancellation or disclaimer of a claim such that the party has no remaining claim in the trial;
> (3) Concession of unpatentability or derivation of the contested subject matter; and
> (4) Abandonment of the contest.

37 C.F.R. § 42.73(b).

Based on the record before us, we do not find that any action has been taken by Mr. Valjakka or Suomen Biisi Oy during this proceeding that is properly construed as a request for adverse judgment. Mr. Valjakka has not taken any of the actions set forth in 37 C.F.R. § 42.73(b)(1)–(4). Mr. Valjakka has not filed or requested a disclaimer of the patent or cancellation of any claim. Mr. Valjakka also has not conceded unpatentability or abandoned the contest. To the contrary, Mr. Valjakka filed a Patent Owner Response (Paper 9), a Sur-reply (Paper 15), and a Request for Oral Argument (Paper 16). Additionally, following the District Court's Order, Mr. Valjakka seeks to continue to act as the patent owner in this proceeding. Resp. Br. 4.

Netflix argues that we should enter adverse judgment against Mr. Valjakka because Mr. Valjakka is not the owner of the '167 patent. Open. Br. 1, 2, 8, 9. Netflix's argument does not address, however, that none of the

5

IPR2022-01568
Patent 8,495,167 B2

actions set forth in 37 C.F.R. § 42.73(b)(1)–(4) includes not being the patent owner. Also, contrary to Netflix's argument, 37 C.F.R. § 42.73(b) states that a "party" may request adverse judgment. "Party means at least the petitioner and the patent owner." 37 C.F.R. § 42.2. Netflix does not address how 37 C.F.R. § 42.73(b) applies, even if we were to assume Netflix is correct that Mr. Valjakka is not the owner of the '167 patent.

Netflix also argues that we should enter adverse judgment because the true patent owner, Suomen Biisi Oy, intentionally abandoned U.S. Patent Application No. 10/208,685 ("the '685 application"), which led to the '167 patent. Open. Br. 1, 2, 9 (citing, e.g., Ex. 3001). Netflix characterizes Suomen Biisi Oy's abandonment as a "lack of interest in the '167 patent" and argues that, as a result of Suomen Biisi Oy's abandonment during prosecution, we should enter adverse judgment against Suomen Biisi Oy in this proceeding. *Id.* at 11–12. Netflix argues that it is undisputed that Suomen Biisi Oy abandoned the '685 application during prosecution. *Id.* at 9. We agree with Netflix to the extent that Mr. Valjakka does not dispute that Suomen Biisi Oy abandoned the '685 application during prosecution. In particular, Mr. Valjakka states "the '685 Application was indisputably abandoned by [Suomen Biisi Oy] into an 'ownerless state' by the time Valjakka attempted to revive it." Resp. Br. 7.

37 C.F.R. § 42.73(b) states that adverse judgment may be requested "at any time *during a proceeding*" (emphasis added). "Proceeding means a trial or preliminary proceeding." 37 C.F.R. § 42.2. Netflix acknowledges that Suomen Biisi Oy's abandonment was "during prosecution." Open. Br. 9. Thus, Suomen Biisi Oy's abandonment occurred prior to the start of this proceeding. Netflix's argument does not address that 37 C.F.R. § 42.73(b)

6

IPR2022-01568
Patent 8,495,167 B2

provides only that adverse judgment may be requested "at any time *during a proceeding*" (emphasis added). 37 C.F.R. § 42.73(b). Also, the District Court's Order discusses Suomen Biisi Oy's abandonment during prosecution and Mr. Valjakka's revival petition with respect to other regulations and the Manual of Patent Examining Procedure, which are applicable to actions taken during prosecution. Ex. 3001, 13 (citing 37 C.F.R § 1.135(a) (2022); 37 C.F.R. § 1.137(a)–(b) (2022); MPEP § 711.03(c) (8th ed. Rev. 7, Sept. 2008)). Based on the record before us, we do not find support for Netflix's argument that Suomen Biisi Oy's abandonment during prosecution should be construed as requesting adverse judgment during a trial or preliminary proceeding.

Netflix argues that the instant proceeding is like *Microsoft Corp. v. Global Technologies, Inc.*, IPR2016-00663, Paper 33 (PTAB June 2, 2017) (Judgment and Final Written Decision) ("*Microsoft*"). We disagree. In *Microsoft*, the district court's granting of a motion to dismiss for lack of standing was affirmed by the Federal Circuit. *Id.* at 2–3, 5. Importantly, here, although Netflix disputes that the District Court's Order may change based on developments in Finland, Netflix does not dispute that Mr. Valjakka may file an appeal of the District Court's Order. *See generally* Open. Br.; Reply.

Based on the record before us, we do not find that any action has occurred during a proceeding that should be construed as a request for adverse judgment. We, therefore, deny Netflix's request that we enter an adverse judgment against Mr. Valjakka or Suomen Biisi Oy. Because we deny Netflix's request to enter adverse judgment, we also deny Netflix's

7

IPR2022-01568
Patent 8,495,167 B2

corresponding request that we expunge all papers and exhibits filed on Mr. Valjakka's behalf.

    B. *Netflix's Request for Termination of this Proceeding Because Mr. Valjakka Has Not Established He Has Standing*

    We turn to Netflix's argument that we should terminate this proceeding and expunge Mr. Valjakka's papers and exhibits because Mr. Valjakka does not have standing to act as a patent owner. Open. Br. 12. Netflix directs our attention to *FedEx Corp. v. Patent Owner*, IPR2017-01786, Paper 28 (PTAB August 13, 2018) (Order Dismissing Petitions and Terminating *Inter Partes* Review). Netflix argues "[h]ere, as in *FedEx*, Petitioner has provided ample, credible evidence that Mr. Valjakka is not the rightful owner of the '167 patent." Open. Br. 14. Netflix argues "[a]ccordingly, the Board should find that Mr. Valjakka 'has not established that [he] has standing to take action as patent owner' and should terminate" this proceeding. *Id.* at 15 (quoting *FedEx*, IPR2017-01786, Paper 28, 16) (alteration in the original).

    In *FedEx*, a determination was made that "dismissal of the Petitions and terminations of these proceedings is appropriate" because "Human Sciences has not established that it has standing to take action as patent owner in these proceedings." *FedEx*, IPR2017-01786, Paper 28, 16. Human Sciences's request that the Board "defer to the district court" was determined to be moot because "the district court has since ruled on Human Sciences' motion to dismiss without determining patent ownership or the validity of the Assignment." *Id.* As a result, in *FedEx*, no district court determination was made to which the Board "could possibly defer." *Id.*

8

IPR2022-01568
Patent 8,495,167 B2

In contrast, in the instant proceeding, Netflix provided via e-mail the District Court's Order granting Netflix's Motion for Summary Judgment. Ex. 3001. That Order states that "the Court finds that [Mr.] Valjakka does not have title to, or any exclusionary right in, the '167 Patent" and, therefore, "he lacks standing to bring this lawsuit." *Id.* at 14.

Netflix argues the "district court's decision regarding ownership and Mr. Valjakka's lack of standing 'were final for purposes of issue preclusion.'" Open. Br. 6; *see also id.* at 8 (arguing "the district court's order is final for purposes of issue preclusion and Mr. Valjakka had a full and fair opportunity to litigate the issue"). Netflix argues that "Mr. Valjakka is collaterally estopped from arguing ownership . . . because the district court conclusively held that Mr. Valjakka is not the owner." *Id.* at 3.

Mr. Valjakka states that he "agrees that he cannot relitigate the issue of ownership in this proceeding." Resp. Br. 3. Mr. Valjakka argues "the District Court is the proper venue for this issue" and he "will address ownership through the District Court and any appeal." *Id.* at 4.

The circumstances of the instant proceeding starkly contrast those in *FedEx*, in which the district court granted a motion to dismiss without determining patent ownership. *FedEx*, IPR2017-01786, Paper 28, 16. In the instant proceeding, Netflix and Mr. Valjakka agree that we should not make an independent determination as to whether Mr. Valjakka has established that he has standing to take action as patent owner in these proceedings because the proper venue is the District Court, which already decided against Mr. Valjakka and granted Netflix's Motion for Summary Judgment. Ex. 3001, 14.

IPR2022-01568
Patent 8,495,167 B2

Based on the record before us, we decline to make an independent determination as to whether Mr. Valjakka has standing to act as a patent owner in this proceeding. Accordingly, we deny Netflix's request to terminate this proceeding and expunge Mr. Valjakka's papers and exhibits on the basis of our making an independent determination that Mr. Valjakka does not have standing to act as a patent owner.

### C. Termination of this Proceeding Based on Other Circumstances

The instant proceeding is far along. Briefing by Netflix and Mr. Valjakka has been completed. Netflix argues that Mr. Valjakka is collaterally estopped from "participating in this proceeding because the district court conclusively held that Mr. Valjakka is not the owner." Open. Br. 3. Netflix argues an "entity that cannot show that it owns the challenged patent cannot participate in IPR proceedings as patent owner." *Id.* During the conference call held on January 11, 2024, Netflix agreed to the additional brief filed by Mr. Valjakka regarding patent ownership, but argued that Mr. Valjakka should not be allowed to participate further in the instant proceeding, including that Mr. Valjakka should not be allowed to present patentability arguments during any hearing. Mr. Valjakka acknowledges that the patent ownership issue "is presently decided against" him. Resp. Br. 4.

Netflix requests as relief that this proceeding should be terminated. Open. Br. 12–15. Netflix argues we should terminate the proceeding because Mr. Valjakka does not have standing (*id.*), but Netflix also argues that "the district court's order is final for purposes of issue preclusion." *Id.* at 8. Netflix does not dispute that Mr. Valjakka may appeal the District Court's Order. *See generally* Open. Br.; Reply. Mr. Valjakka does not oppose termination of this proceeding, but, instead, argues treating Mr. Valjakka as

10

IPR2022-01568
Patent 8,495,167 B2

not having standing in this proceeding and striking of his papers is not appropriate at this stage. Resp. Br. 4 ("Patent Owner requests that the Board allow the process to complete before it rules that [P]atent Owner lacks standing for this proceeding."), 10–11.

Our rules provide that "[t]he Board may terminate a trial without rendering a final written decision, where appropriate, including where the trial is consolidated with another proceeding or pursuant to a joint request." 37 C.F.R. § 42.72. As discussed herein, the District Court's Order states that "the Court finds that [Mr.] Valjakka does not have title to, or any exclusionary right in, the '167 [p]atent." Ex. 3001, 14. The party that filed the Petition, Netflix, argues based on the District Court's Order that the entity served with the Petition, Mr. Valjakka, cannot participate in this proceeding. Open. Br. 3. Also, Netflix requests termination of the proceeding. *Id.* at 12–15. Although Mr. Valjakka opposes the Board determining that he lacks standing, he does not otherwise oppose Petitioner's request to terminate the proceeding. Resp. Br. 4, 10–11.

Accordingly, based on the record before us, we determine that dismissing and terminating this proceeding is appropriate.

### III.   CONCLUSION

Upon consideration of the arguments and evidence presented by the parties, we deny Netflix's request that we enter an adverse judgment against Mr. Valjakka or Suomen Biisi Oy. We also decline to make an independent determination as to whether Mr. Valjakka has standing to act as a patent owner in this proceeding. We further deny Netflix's requests that we expunge all papers and exhibits filed on Mr. Valjakka's behalf.

IPR2022-01568
Patent 8,495,167 B2

For the reasons given herein and based on the circumstances of this case, we dismiss and terminate this proceeding.

## IV. ORDER

Accordingly, it is

ORDERED that Netflix's request that we enter an adverse judgment against Mr. Valjakka or Suomen Biisi Oy is *denied*;

FURTHER ORDERED that Netflix's requests that we expunge all papers and exhibits filed on Mr. Valjakka's behalf are *denied*; and

FURTHER ORDERED that this proceeding is *dismissed* and *terminated*.


FOR NETFLIX, INC.:

Jassiem Moore
PERKINS COIE LLP,
moore-ptab@perkinscoie.com



FOR LAURI VALJAKKA:

William P. Ramey, III
Jacob B. Henry
RAMEY LLP
wramey@rameyfirm.com
jhenry@rameyfirm.com
uspto@rameyfirm.com