# EXHIBIT 7

# Exhibit 7 – Statement from Bankruptcy Estate Attorney: Suomen Biisi Oy

**Title:** Translated highlighted excerpt from Finnish court document regarding the bankruptcy estate of Suomen Biisi Oy.  Translation by AI.

**Date of Bankruptcy Initiation:** May 27, 2008 **Date of Estate Closure:** November 20, 2014
**Source:** Estate attorney's statement submitted to Helsinki District Court **Language:** Translated from Finnish court document

 **Key Statement (Translated):**

"The bankruptcy of Suomen Biisi Oy began on May 27, 2008. The estate was closed on November 20, 2014. The patent and related rights were not part of the bankruptcy estate. No entry concerning the patent was made in the estate inventory (VT 1). The estate has no claims or involvement in the patent issues or ownership."

**Helsingin käräjäoikeudelle**

**Asia**  L 706/2024/5743

**Kantaja**

 Valjakka Lauri

**Vastaaja**

Suomen Biisi Oy:n konkurssipesä

**Vastaus**

Kanne tulee konkurssipesään kohdistettuna jättää tutkimatta tai joka tapauksessa hylätä.

**Vaatimukset**

Kantaja tulee velvoittaa yhteisvastuullisesti asiamies Onni Hietalahden kanssa korvaamaan konkurssipesän oikeudenkäyntikulut korkolain mukaisine viivästyskorkoineen kuukauden kuluttua päätöspäivästä lukien.

**Konkurssin tilanne**

Konkurssipesä on lopetettu 20.11.2014. Konkurssi oli alkanut 27.5.2008.

**Kanteen kohteena oleva omaisuus ei ole kuulunut konkurssipesään**

Kanteen kohteena oleva patentti tai siihen liittyvät oikeudet eivät ole kuuluneet konkurssipesään. Pesäluettelossa (VT 1.) ei kanteessa tarkoitettua omaisuuserää ole. Lauri Valjakka oli myös itse edustettuna loppukokouksessa (VT 2.), eikä tuolloinkaan ole tullut esiin mitään asiaan liittyvää, jäänyt keskeneräiseksi tms. Jälkiselvityksen ja asialegitimaation näkökulmasta asia muuttuisi toiseksi, jos todettaisiin, että tuollaiset oikeudet todella olisivat aikoinaan kuuluneet konkurssipesään, vaikka pesäluettelossa ei sellaisia mainitakaan, eikä asia muutoinkaan ole ollut konkurssimenettelyssä käsittelyssä. Mitään tällaista ei ole kuitenkaan tullut ilmi.

Konkurssissa Konkurssiasiamiehen kustannuksella teetetyn erityistilintarkastuskertomuksessa (VT 3.) kohdassa 5.5. on selostettu patentin siirtoa Tatami Invest Ltd:lle jo vuonna 2008. Järjestelyssä Suomen Biisi Oy sai lopulta kertomuksen kohdan 5.6. mukaisesti osakevaihtona Mobile Gaming Solutions Plc:n (MGS) osakkeita. Nämä osakkeet näkyvät myös pesäluettelossa yhtiön varallisuutena ja niitä myös realisoitiin konkurssipesän toimesta. Myös velallisselvityksessä (VT 4.) on selvitetty ko. kauppaa ja siihen liittyviä jo tuolloin vireillä olleita riitaisuuksia Laurin Valjakan ja velallisyhtiön välillä. Tuolloinkin vastaajana oli Suomen Biisi Oy, ei sen konkurssipesä.

Todettakoon, että konkurssipesän tietojen mukaan Valjakka ei ole ollut edes patentin alkuperäinen keksijä, vaan keksijä oli Iiro Karesniemi työsuhdekeksijänä e-3 Solutions Oy:ssä. E-3 Solutions myynyt liiketoimintansa ja IPR oikeudet e-3 Systems Oy:lle, joka myi ne edelleen Suomen Biisi Oy:lle 16.11.2005. Biisi on siirtänyt oikeudet Tatamille 8.1.2008, josta ne ovat siirtyneet Mobile Gaming Solutions Plc:n. Näiden tietojen valossa Valjakalla ei edes voi olla mitään oikeuksia keksintöön tai patenttioikeuksia.

Konkurssipesän tiedossa ei myöskään ole, onko ylipäänsä kyse samoista patenteista tai että millä perusteella tai perusteetta johonkin rekisteriin (esimerkiksi Yhdistyneen kuningaskunnan immateriaalioikeuksien viraston patenttirekisteriin) on tehty jotain

merkintöjä. Merkinnät ovat edellä olevan tiedon valossa virheellisiä ja kyse on ilmeisesti ainoastaan hakemuksen tai vaatimuksen rekisteröinnistä tai ehdollisesta sellaisesta, koska omistusoikeutta ei ole kyetty selvittämään. Kantajahan itsekin toteaa tämän. Rekisterimerkinnöillä ei siis kuitenkaan ole mitään oikeutta luovaa merkitystä tässä asiassa ainakaan suhteessa konkurssipesään. Lisäksi Valjakan ja Suomen Biisi Oy:n suhteen asia on oikeusvoimaisesti ratkaistu HHO tuomiolla 24.3.2010 S 09/724.

Kaiken kaikkiaan konkurssipesä on siis asiassa väärä vastaaja. Konkurssipesällä ei ole mahdollista ottaa kantaa kolmannelle siirtyneen omaisuuden osalta.

Konkurssipesä ei ole myöskään hylännyt mitään omaisuutta, eikä Suomen konkurssioikeus edes tunne hylkäämis-käsitettä.

**Kyse ei ole konkurssilain tarkoittamasta jälkiselvityksestä**

Riita on jo aikoinaan siis ollut Suomen Biisi Oy:n ja Valjakan välinen. Suomen Biisi Oy:n poistettu kaupparekisteristä. Sen edustaminen määräytyy OYL 20:21 §:n mukaisesti. Konkurssipesä ei suinkaan edusta, eikä voikaan edustaa, asiassa Suomen Biisi Oy:tä. Kantaja on pahoin sekoittanut osakeyhtiölain ja konkurssilain säännökset keskenään. OYL 20:21 § säännöksellä rekisteristä poistetun yhtiön puhevallan käytöstä ei ole mitään oikeudellista yhtymäkohtaa tai liitäntää konkurssilain 19:9 §:ään, jossa ei ole lainkaan kyse puhevallan käytöstä, ja jos olisikin, niin ainoastaan konkurssipesään kuuluvan omaisuuden tai oikeuksien osalta.

Täysin virheellinen onkin kantajan väite:

> Tällä perusteella ja koska OYL:n mukaan konkurssi-menettelyssä purkautuneen Suomen Biisi Oy:n palauttaminen rekisteriin selvitys-toimia varten ei ole osakeyhtiölain perusteella mahdollista, on Suomen Biisi Oy:n konkurssipesä oikea vastaaja asiassa.

Yhtiön edustaminen määräytyy siis OYL 20:21 §:n mukaisesti.

Koska patenttioikeudet eivät ole kuuluneet konkurssipesään, ei sillä siis ole asialegitimaatiota asiassa. Kyse ei tietenkään voi olla myöskään konkurssipesän jälkiselvitysasiasta, koska kyseinen omaisuus ei ole edes kuulunut konkurssipesään. Tämä itsestäänselvyys on todettu myös oikeuskirjallisuudessa:

> Jälkiselvityssäännös ei laajenna konkurssivarallisuuden ajallista kriteeriä, vaan koskee varoja, jotka olisivat kuuluneet konkurssipesään ja selvitetty normaaliin tapaan, jos olisivat olleet tiedossa ennen konkurssi päättymistä. Varojen perusteen tulee olla siten ajalta ennen konkurssin päättymistä. Könkkölä-Linna: Konkurssioikeus 2020 s. 821

Mikäli olen asian oikein ymmärtänyt, niin kantaja lähtee siitä, että patentin valtaamisella (mahdoton ajatus jo sinällään) patentti olisi jotenkin jälkikäteen "sujahtanut" konkurssipesään ja sen omaisuudeksi, mikä johtaisi jälkiselvitystarpeeseen ja sitä kautta konkurssipesän asianosaisasemaan. Ajatusrakennelma on täysin virheellinen ja lakiin perustumaton.

Myös velallisyhtiön edustaja Juha Setälä on todennut (VT 7.), ettei konkurssipesällä ole asian kanssa mitään tekemistä.

Konkurssipesällä ei ole tietoa kenelle oikeudet kanteessa tarkoitettuun omaisuuteen nykyisin kuuluvat eli kuka on asiassa oikea vastaaja.

**Lis pendens**

Valjakan ja Suomen Biisi Oy:n väliset riidat patenttia koskien on siis oikeusvoimaisesti jo ratkaistu lain- ja oikeusvoimaisesti HHO tuomiolla 24.3.2010 S 09/724. Asia ei voida tämänkään vuoksi tutkia enää uudelleen.

Samalla perusteella Valjakan vaatimukset on hylätty tai jätetty tutkimatta ilmeisesti myös Yhdysvalloissa, kuten kantaja kertoo.

Varsin omituinen onkin kantajan toteamus s .4:

> Koska hovioikeus on lainvoimaisella tuomiolla vahvistanut sen, ettei omistusoikeus ole sopimuksen 20.12.2005 perusteella siirtynyt kantajalle, on kantajalla erityinen oikeussuojan tarve vahvistaa omistusoikeuden tehokas siirtyminen kantajalle hovioikeuden päätöksen jälkeen.

Siis ilmeisesti sillä perusteella, että Valjakka olisikin vallannut patentin? Onko tarkoitus sanoa, että valtaamalla jonkun oikeuden (mahdoton ajatus jo sinällään) voitaisiin kävellä koko oikeusvoima-käsitteen yli? Tällaiseen ajatuksenkulkuun törmään ensi kertaa ja se on selvästi täysin virheellinen ja lakiin perustumaton.

**Kanteen peruste**

Mistään valtaamiseen perustuvasta omistusoikeuden siirtymisestä ei voi olla kyse. Kyseinen termi liittyy irtaimeen esineeseen, mistä nyt ei ole edes kyse siitä.

Teporan lausunto[1] on täysin hänen yksityisajatteluaan ja silkkaa juristeriaa, eikä ole miltään osin vakavasti otettava. Hän väittää puhtaasti esineoikeudellisen valtaamisen käsitteen soveltuvan immateriaalioikeuteen. Hän on siinä varmasti yksin.

Lausunto on myös tosiseikastoltaan virheellinen. Valjakka ei ole ollut patentin tarkoittama keksijä, eikä patentti ei ole koskaan edes kuulunut konkurssipesään.

Kirjoitus ei saa myöskään mitään tukea oikeuskirjallisuudesta puhumattakaan oikeuskäytännöstä. Kirjoituksessa mainitut Havansi ja Caseliuskin puhuvat vain hylkäämisestä, mutta kukaan ei sentään patenttioikeuksien valtaamisesta.

Eikä patenttia voi tietenkään edes käsitteen tasolla tarkasteltuna voi vallata. Jos joku on menettänyt patenttiin oikeudet, on se tietysti kaikkien hyödynnettävissä patentin raukeamisen seurauksena. Eikä siihen enää valtaamalla tai muutenkaan enää voi perustaa uutta samaa oikeutta patenttia, koska se on tullut patentin raukeamisen vuoksi julkiseksi ja patenttitermein "tiedossa olevaksi", mikä jo patentin perusperiaatteena estää saamasta uutta patenttia samaan keksintöön.  Eri asia on, jos joku voi vedota patentin siirtoketjuun ja rekisteröidä sen jäljellä olevaksi ajaksi itselleen. Valjakka on tätä ilmeisesti yrittänyt, mutta se on tyssännyt juuri siihen, ettei patenttia ole koskaan hänelle siirretty eikä se siis koskaan ole ollut hänen.

Patenttihan on vain lainsäädäntötoimin luotu määräaikainen yksinoikeus keksijälle sen kaupalliseen hyödyntämiseen. Siihen ei liity mitään esineoikeudellista ulottuvuutta, tai

---

[1] Koskee kokonaan toista patenttia ja eri maata.

omistajuutta esineoikeudellisessa mielessä, joka voitaisiin vallata.[2] Patentilla suojattua keksintöä voi jokainen hyödyntää omaan käyttöön, mutta ei kaupallisesti. Aivan samoin tekijänoikeudellisesti suojattua teosta voi käyttää omaan käyttöön. Kumpaakaan ei liity omistajuutta, joka voitaisiin vallata, vaan yksinoikeus taloudelliseen hyödyntämiseen. Itse keksintö ja teos ovat sinänsä kaikkien käytössä ja olemassa. Keksintö ja teos ovat olemassa on ne rekisteröity tai ei onko suoja-aikaa jäljellä tai ei. Eivät ne myöskään mihinkään katoa, eikä niitä siinä mielessä voi hylätä kuten esineen.

**Käräjäoikeuden toimivalta**

Käräjäoikeudella on periaatteessa oikeus käsitellä riita omistusoikeudesta patenttiin Valjakan ja Suomen Biisi Oy:n välillä, mutta kuten edellä on jo todettu, asian on jo kantajan ja Suomen Biisi Oy:n välisessä suhteessa jo oikeusvoimaisesti ratkaistu. Konkurssipesä ei ole asiassa lainkaan asianosainen.

Tatamin osalta asian on käräjäoikeuden päätettävissä. Konkurssipesä ei suoraan ota sen toimivaltaan kantaa. Kun kannetta ei kuitenkaan konkurssipesän käsityksen mukaan voida ottaa tutkittavaksi konkurssipesän osalta, niin miten se voitaisiin kantajan väittämällä tavalla asiayhteyden tai muun vastaavan perusteen nojalla käsitellä myöskään Tataminkaan osalta, kuten näyttää vaadittavan.

**Kantajan intressistä**

Kantaja kertoo:

> Kantaja valmistelee patentin loukkausta koskevien korvauskanteiden nostamista. Kantajan riidaton omistusoikeus Patenttiin on kanteiden nostamisen edellytys. Loukkauskanteiden vastaajat ovat jo vedonneet tai oletettavasti tulevat vetoamaan puutteelliseen omistusoikeutta koskevaan selvitykseen, mistä syystä kantajalla on olennainen ja kiireellinen intressi saada omistusoikeutensa Patenttiin vahvistettua oikeuden päätöksellä.

Kun kantajalla ei ole oikeuksia kyseiseen patenttiin (oikeusvoimainen ratkaisu), niin näyttää siltä, että oikeudenkäynnin tarkoitus on vain välillisesti rakentaa sellainen omistusoikeus keinotekoisen ja kestämättömän valtaus-konstruktion avulla. Tätä sitten käytettäisiin hyväksi kolmansissa maissa käytävissä oikeudenkäynneissä.

**Muut kommentit**

> Kantajalla ei ollut tietoa Tatami Investments Ltd:lle tapahtuneista siirroista, koska siirtoa ei rekisteröity missään valtiossa ja rekisterimerkinnän perusteella omistajana oli kaikissa valtioissa edelleen Suomen Biisi Oy. Patentin ylläpitomaksujen laiminlyönnin vuoksi Patentti raukesi 31.7.2014.

Tämäkään ei pidä paikkaansa. Valjakka osallistui konkurssiprosessiin ja on ollut täysin tietoinen pesäluettelon (VT 1.) ja tarkastuskertomuksen (VT 3.) tiedoista ja osallistunut myös loppukokoukseen (VT 2.).

> Asiassa on riidatonta, että Suomen Biisi Oy viimeisenä rekisteriin merkittynä omistajana ja Tatami Investments Ltd siirronsaajana ovat hylänneet patentin viimeistään 31.7.2014, jolloin Patentti on rauennut omistajan vastuulla

---

[2] Patentin olemuksesta ja erosta esineeseen ja valtaamisesta ks. esim. Matti Norri: Omistan, olen. Terra Cognita 2005.

olleiden ylläpitomaksujen jäätyä maksamatta. Asiassa on myös riidatonta, että kantaja on yksin vastannut patentin palauttamisesta voimaan ja tähän liittyneistä kustannuksista.

Asiassa ei ole mitään riidatonta, sillä konkurssipesän tiedossa ei ole kantajan viittaamia seikkoja.

**Markkinaoikeuden ratkaisu**

Asiallisesti sama kanne on ollut vireillä markkinaoikeudessa, joka on antanut siitä tuomion VT 5. Valjakka on ainakin hakenut siihen muutoksenhakulupaa KKO:lta. Eli asia saattaa olla vireillä kahdessa forumissa.

**Yhteenveto**

Kanne pitää jättää tutkimatta tai joka tapauksessa hylätä. Asia on jo oikeusvoimaisesti ratkaistu. Konkurssipesä ei ole asiassa oikea vastaaja. Patenttioikeutta ei voi vallata.

**Oikeudenkäyntikulut**

Tarkastuskertomuksen (VT3.) kohdan 5.8. ja velallisselvityksen (VT 4.) mukaan Lauri Valjakka on nostanut useita kanteita liittyen kanteessa tarkoitettuihin patentteihin. Asiaan on palattu useaan kertaan myös konkurssipesän lopettamisen jälkeen (VT 5.). Valjakka on ollut pesän velkoja ja osallistunut myöskin konkurssipesän loppukokoukseen, mutta ei ole esittänyt asian suhteen tuolloin mitään vaatimuksia. Ottaen huomioon Valjakan täysi tietoisuus konkurssipesän tilanteesta, kannasta ja asemasta suhteessa kanteessa tarkoitettuun omaisuuteen, on hänet velvoitettava täysimääräisesti korvaamaan konkurssipesän oikeudenkäyntikulut.

Pitkän ajan kuluminen konkurssipesän lopettamisesta on aiheuttanut ylimääräistä työtä, koska asian palauttaminen mieleen ja aineiston kerääminen on edellyttänyt konkurssipesän aineiston ja sähköpostikirjeenvaihdon laajahkoa läpikäyntiä. Konkurssipesällä ei myöskään ole ollut enää varoja tähän selvitystyöhön.

Konkurssipesä ei ole arvonlisäverovelvollinen, joten se ei voi vähentää laskun arvonlisäveron osuutta.

**Asiamiehen kuluvastuu**

AA Hietalahti on ollut hyvin perillä Valjakan prosessihistoriasta tämän asian ympärillä. Hänelle on sekä suullisesti että kirjallisesti viimeksi markkinaoikeusprosessissa selvitetty kanteen ilmeinen perusteettomuus. Hän on siitä huolimatta jatkanut asiamiehenä toimimista tietäen Valjakan maksukyvyttömäksi tai haluttomaksi vastaamaan oikeudenkäyntikuluista. Valjakka on jättänyt ainakin toistaiseksi maksamatta myös markkinaoikeudessa hänen maksettavakseen tuomitut konkurssipesän oikeudenkäyntikulut. Konkurssipesä on lopetettu, eikä sillä ole varoja maksaa konkurssipesän asiamiehen palkkiota.

**Kirjalliset todisteet**

1. Pesäluettelo
-patentti ei ole kuulunut konkurssipesään

2. Velkojainkokouksen pöytäkirja
-Valjakka on tiennyt, ettei patentti kuuluneet pesää
-Valjakan tietoisuus

3. Tarkastuskertomus
-patentti on ennen konkurssia luovutettu eikä kuulunut konkurssipesään

4. Velallisselvitys
-Valjakan ja Biisin välinen riita ja muut riitaisuudet, pesä ei asianosaisena

5. MAO tuomio
-sama asia jo aiemmin vireillä ja ehkä vieläkin

6. HHO S 09-724
-asia on jo lain- ja oikeusvoimaisesti ratkaistu

Teemoja ja kirjallisia todisteita täydennetään oikeudenkäynnin jatkuessa.

**Laati**

Jorma Tuomaala
asianajaja, Helsinki