# EXHIBIT 9



**DECISION**   Page 1 (of 6)

**Case Number:** H 1/2024/287

**Date of Issuance:** August 26, 2025

**Decision Number:** 1025 2792

**APPLICANT** Lauri Heikki Tapani Valjakka

**OPPOSING PARTY** Suomen Biisi Oy (removed from the Trade Register)

**MATTER** Extraordinary appeal in a civil case

**DECISION SUBJECT TO APPEAL** Helsinki District Court, May 3, 2023, No. 1010 0765

**APPEAL TO THE SUPREME COURT** In his petition, Valjakka has requested that the District Court's decision be annulled and the matter remanded to the District Court. The District Court's decision to dismiss Valjakka's claim for lack of subject-matter jurisdiction appears to have been based on an erroneous application of the law. The claim was not based, even in part, on the Patent Act, and therefore did not fall within the jurisdiction of the Market Court as a patent-related matter.

Given the nature of the case and the outcome of the principal decision, hearing the opposing party regarding this annulment petition is evidently unnecessary under Chapter 31, Section 4(2) and Section 13 of the Code of Judicial Procedure.

**SUPREME COURT DECISION**

**Reasoning**

**Background and Framing of the Legal Question**

1. On March 17, 2023, Valjakka filed a claim in the District Court seeking a judicial declaration that he had acquired ownership rights to a certain U.S. patent application by way of appropriation.
2. On May 3, 2023, the District Court issued a decision dismissing the claim for lack of jurisdiction. The court held that the matter constituted a patent-related dispute under Section 64(1) of the Patent Act and therefore fell within the jurisdiction of the Market Court.
3. Valjakka appealed the District Court's decision to the Helsinki Court of Appeal and simultaneously filed a new claim in the Market Court seeking confirmation of ownership.

    After withdrawing his appeal, the Court of Appeal issued a decision on October 17, 2023, declaring the appeal proceedings terminated.
4. On April 4, 2024, the Market Court issued a decision dismissing Valjakka's claim for lack of jurisdiction. The Market Court held that a claim seeking confirmation of appropriation of a U.S. patent application does not constitute a patent-related dispute under the Patent Act.
5. The Supreme Court must now determine, based on Valjakka's extraordinary appeal, whether the District Court's decision to dismiss his claim was based on an evidently incorrect application of the law as referred to in Chapter 31, Section 7(1)(4) of the Code of Judicial Procedure, and whether the decision must therefore be annulled.

**Grounds for Extraordinary Appeal**

6. Valjakka's extraordinary appeal is based on the allegation that the District Court erroneously dismissed his claim for lack of subject-matter jurisdiction.
7. Under Chapter 31, Section 1(1)(1) of the Code of Judicial Procedure, a final judgment may be annulled upon complaint if the matter was adjudicated despite the existence of a circumstance that should have led the court, on its own initiative, to decline jurisdiction. According to Section 16 of the same chapter, the provisions concerning final judgments apply correspondingly to legal decisions that are equivalent to final judgments.
8. The Supreme Court notes that a situation in which a court erroneously declines to hear a case ex officio is generally considered a procedural error concerning the prerequisites for trial. Such an error would typically fall under the scope of a complaint for judicial error pursuant to Chapter 31, Section 1(1)(4). However, Valjakka's petition was submitted after the deadline prescribed in Chapter 31, Section 2(2), and therefore cannot be examined as a complaint.
9. In certain cases, the Supreme Court has reviewed extraordinary appeals that would ordinarily fall under the category of judicial error complaints as petitions for annulment of a final judgment (see e.g., KKO 2023:13, para. 11 and the decisions cited therein). The Court notes that in the present case, the District Court's decision to dismiss the claim was based in part on the application of substantive provisions of the Patent Act.
10. In light of the foregoing, the Supreme Court finds that Valjakka's petition may be reviewed as a request to annul a final judgment, as presented.
11. Under Chapter 31, Section 7(1)(4) of the Code of Judicial Procedure, a final judgment in a civil matter may be annulled if it is based on an evidently incorrect application of the law. According to established case law of the Supreme Court, such an error typically exists where the law has been applied in a clearly and indisputably incorrect manner — meaning the provision applied was neither open to interpretation nor subject to judicial discretion (see e.g., KKO 2020:77, para. 16 and the decisions cited therein).

**Subject-Matter Jurisdiction of the District Court**

12. As a general court of law, the District Court has general subject-matter jurisdiction. This means that a case falls within its jurisdiction unless it has been assigned to another court by specific statutory provision (see e.g., KKO 2011:70, para. 2).
13. Under Chapter 1, Section 4(1)(1) of the Act on Proceedings in the Market Court, the Market Court adjudicates matters concerning intellectual property rights that are assigned to its jurisdiction under the Patent Act. According to Section 64(1) of the Patent Act, disputes and applications based on that Act are to be heard by the Market Court.
14. As stated in the legislative history of Section 64 of the Patent Act, the phrase "disputes and applications based on this Act" refers to all matters in which a remedy is sought under the

    Patent Act or which otherwise concern a patent-related issue — for example, a claim to superior rights to an invention. However, the provision does not apply to cases involving purely contractual disputes where no violation of the Patent Act is even alleged (Government Proposal 124/2012, pp. 77–78).
15. It is well established that a court's jurisdiction is determined by the content of the claims and the grounds presented in support of them, not by how the plaintiff characterizes the claim (see e.g., KKO 2017:84, para. 23).
16. In his claim, Valjakka sought a judicial declaration of ownership over a U.S. patent application, asserting his acquisition primarily on the basis of property law principles of appropriation.

**17.** The Supreme Court notes that the Patent Act contains provisions concerning, among other things, superior rights to an invention and the significance of patent register entries in patent-related disputes. However, these and other provisions of the Patent Act do not apply to foreign national patents. The Patent Act does not regulate whether ownership of a patent application may be acquired through property law principles of appropriation.

**18.** Although Valjakka's claims have had certain connections to patent law, the Supreme Court finds that the dispute concerning a U.S. patent application and the confirmation of ownership based on appropriation does not constitute a matter based on the Patent Act within the meaning of Section 64(1). Therefore, the Market Court did not have jurisdiction to adjudicate the matter, and the case falls within the general jurisdiction of the District Court.

### Assessment of Grounds for Annulment in This Case

**19.** The provision in Section 64(1) of the Patent Act, which assigns jurisdiction over patent-related disputes to the Market Court, is not open to interpretation and does not leave room for judicial discretion. Based on the provisions of the Patent Act, as previously stated, it is clear that a claim of the type in question cannot be considered to be based on the Patent Act. Accordingly, the Supreme Court finds that the District Court's decision to dismiss Valjakka's claim for lack of subject-matter jurisdiction was based on an evidently incorrect application of the law. This constitutes grounds for annulment under Chapter 31, Section 7(1)(4) of the Code of Judicial Procedure.

### Disposition

The decision of the Helsinki District Court dated May 3, 2023, No. 1010 0765, is annulled.

Civil case L 706/2023/1827 is remanded to the Helsinki District Court, which shall resume proceedings upon notification. Lauri Heikki Tapani Valjakka must notify the Helsinki District Court within three months from the date of this decision that the matter is to be reprocessed. If notification is not made, the annulment shall lapse.

All parties concerned shall comply with this decision.

### COMPOSITION OF THE COURT

The matter was decided by:

Justice Lena Engstrand

Justice Juha Mäkelä

Justice Tuija Turpeinen

Justice Pasi Pölönen

Justice Heli Melander



Presented by: Legal Secretary Mirva Näsi