Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

[Additional counsel listed on signature page]

*Attorneys for Defendant NETFLIX, INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURI VALJAKKA,<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX, INC.,<br><br>Defendant. | **Case No. 4:22-cv-01490-JST**<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Judge: Hon. JON S. TIGAR |

Plaintiff Lauri Valjakka ("Valjakka") and Defendant Netflix, Inc. ("Netflix") (collectively "the Parties") hereby submit this Joint Case Management Statement pursuant to the Court's Order, Dkt. No. 324.

## I.    JURISDICTION AND SERVICE

This is a patent infringement action under the patent laws of the United States, Title 35 of the United States Code. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, et seq. This Court has jurisdiction over Netflix's CUVTA counterclaim pursuant to 28 U.S.C. § 1367.

The Parties do not contest that this Court has personal jurisdiction over the Parties or that venue is proper and convenient.

## II.    FACTUAL BACKGROUND

### Netflix's Statement

On January 8, 2024, this Court granted Netflix's motion for summary judgment, finding that Mr. Valjakka did not have standing to assert his only remaining patent, the '167 Patent.

On September 21, 2023, this Court granted Netflix's Motions For a Preliminary Injunction and for Motion To Amend The Schedule To Allow California Uniform Voidable Transactions Act ("CUVTA") Discovery. Dkt. Nos. 127, 129, 202, and 204. Specifically, on September 28, 2023, the Court granted Netflix's request for CUVTA discovery from Mr. Valjakka, "Netflix may take the following discovery: (i) one three (3) hour deposition of Valjakka limited to the CUVTA issue, (ii) one three (3) hour deposition of CDN Licensing's CEO limited to the CUVTA issue, (iii) a single discovery request seeking documents related to the formation and purpose of CDN Licensing, (iv) five (5) interrogatories limited to the CUVTA issue, and (v) five (5) requests for admission limited to the CUVTA issue." Dkt. No. 183.  Netflix has now completed its CUVTA discovery.

While reviewing documents produced by AiPi, Netflix became aware that Mr. Ramey and Ramey LLP had violated the Protective Order.  On February 18, 2025, Netflix filed a Motion For

An Order To Show Cause And Sanctions Against Plaintiff's Former Attorney, William Ramey and Ramey LLP. ECF 302. On July 10, 2025, the Court granted in part and denied in part Netflix's motion. Specifically, the Court granted the motion for Rule 37 sanctions and allowed additional discovery into Mr. Ramey and Ramey LLP's Protective Order Violations. ECF 324. Netflix completed additional discovery after taking Mr. Ramey's deposition on August 19, 2025 and submitted its Supplemental Brief on September 2, 2025. ECF 333.

On August 21, Netflix filed a Motion for Summary Judgment on Netflix's claim under the CUVTA. ECF 329. On August 25, 2025, Mr. Valjakka filed a Motion for Summary Judgment Dismissing Netflix's CUVTA Counterclaim. ECF 330. The parties are briefing these motions, and the hearing is scheduled for October 2, 2025.

**Valjakka's Statement**

Plaintiff Lauri Valjakka respectfully disagrees with Netflix's characterization of the case. While the Court found that Plaintiff lacked standing to assert the '167 Patent, Plaintiff maintains that the patent was properly revived and prosecuted based on formal legal opinions and procedural history, including a statement from Professor Jarno Tepora and confirmation from the Finnish bankruptcy estate attorney that the patent was never inventoried or claimed.

Plaintiff notes that the Supreme Court of Finland recently returned the matter to the Helsinki District Court for further evaluation, despite counterclaims raised by the bankruptcy estate attorney. While the title issue remains pending, this development provides an opportunity for formal correction. Plaintiff does not claim final resolution but emphasizes that the estate attorney himself confirmed the patent was never part of the bankruptcy inventory. As the invention, inventor, and all relevant facts concerning title are Finnish, the jurisdiction for determining ownership resides exclusively with the Finnish courts.

Plaintiff further notes that the PTAB terminated Netflix's IPR petition on the '167 Patent and denied Netflix's request to enter adverse judgment against the Patent Owner. These rulings are material and support Plaintiff's good-faith enforcement efforts.

4:22-CV-01490-JST
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Plaintiff also emphasizes that Netflix was made aware of the patent and its scope as early as 2014, through direct correspondence with Netflix's representative, Mr. Peters. This prior knowledge is relevant to the factual context of the case and to Plaintiff's position regarding transparency and intent.

On August 25, 2025, Plaintiff filed a Motion for Summary Judgment dismissing Netflix's CUVTA counterclaim (ECF No. 330), supported by financial records, procedural history, and legal analysis. On September 15, 2025, Plaintiff filed a Declaration with supporting exhibits, including PTAB rulings and Finnish legal documents, to further clarify the factual context and rebut Netflix's allegations. These filings reflect Plaintiff's continued good-faith participation and commitment to transparency.

Plaintiff disputes the factual and legal basis of Netflix's CUVTA counterclaim and maintains that all transfers were made in good faith, prior to any claim or threat, and were executed by a third party—not by Plaintiff himself. Plaintiff has consistently acted with procedural integrity and financial openness throughout the litigation.

**Ramey Statement**

William P. Ramey, III, will attend the CMC to argue that no attorneys fees or expenses should be paid to Netflix.

### III.  DISPUTED LEGAL ISSUES

**Netflix's Statement**

For the purpose of the CMC alone, there are no disputed legal issues. Netflix currently has Counterclaims for Inequitable Conduct and Unclean Hands, which will not be addressed at the Summary Judgment stage.

**Valjakka's Statement**

Mr. Valjakka contest whether, given the status of the case, Netflix's counterclaims for inequitable conduct and unclean hands are still alive. The Court's invalidation of the '102 patent and the Court's finding that Mr. Valjakka does not own the '167 patent is believed to obviate the remaining counterclaims as no assertion by Valjakka is possible. While Netflix has stated the

defenses of inequitable conduct and unclean hands as counterclaims, both are defenses to an action that is no longer pending. Further, the August 28, 2025, court decision from Finland that reverses then finding that Mr. Valjakka did not own the '167 patent directly impacts Netflix's alleged counterclaims. A stay is warranted until a new decision issues from Finland concerning ownership of the '167 patent.

### IV. MOTIONS

The outstanding motions are:

- Netflix's CUVTA motion for summary judgment (ECF No. 329);
- Valjakka's motion for summary judgment (ECF No. 330); and
- Netflix's Supplemental Brief Regarding Expenses and Fees (ECF No. 333).
- Netflix also intends to file a motion for attorneys' fees.

### V. AMENDMENT OF PLEADINGS

None.

### VI. EVIDENCE PRESERVATION

The Parties have filed a stipulated Protective Order. ECF No. 56.

<u>Netflix's Statement</u>

Netflix timely issued a litigation hold to individuals related to this action.

### VII. DISCLOSURES

The Parties served initial disclosures on May 31, 2022, pursuant to Fed. R. Civ. P. 26. Netflix then served amended initial disclosures on July 1, 2022.

### VIII. DISCOVERY

Discovery is complete.

### IX. CLASS ACTION

This case is not a class action.

### X. RELATED CASES

The '167 patent and the '102 patent were also at issue in the following related proceedings in Western District of Texas: *Valjakka v. Cisco Systems, Inc.,* Case No. 6:21-cv-00944; *Valjakka*

*v. Amazon.com, Inc. et al.*, Case No. 6:21-cv-00945; *Valjakka v. Apple, Inc.*, Case No. 6:22-cv-00003; *Valjakka v. Google LLC*, Case No. 6:22-cv-00004; *Valjakka v. Intertrust Tech. Corp.*, Case No. 6:22-cv-00234; *Valjakka v. Philips North America LLC*, Case No. 6:22-cv-00226; and *Valjakka v. Sony Interactive Entertainment LLC*, Case No. 6:22-cv-00005. Those proceedings have now settled.

Netflix also filed a petition for inter partes review of the '167 patent on September 23, 2022. *Netflix, Inc. v. Valjakka*, IPR2022-01568, Paper 2 (P.T.A.B. Sep. 23, 2022) and a petition for inter partes review of the '102 patent on January 3, 2023. *Netflix, Inc. v. Valjakka*, IPR2023-00423, Paper 2 (P.T.A.B. Jan. 2, 2023).

On August 7, 2023, the PTAB denied Netflix's petition for IPR on the Lauri Valjakka's US'102 Patent and, on March 18, 2024, the PTAB terminated the IPR and denied Netflix's request to enter an adverse judgment against patent owner of the US'167 Patent, Lauri Valjakka.

## XI. RELIEF

Netflix respectfully asks that this Court find at summary judgment that Valjakka committed fraudulent transfers in violation of the CUVTA and order Valjakka to continue to hold the Enforcement Assets pending adjudication of Netflix's forthcoming attorneys' fees motion.

## XII. EXPEDITED TRIAL PROCEDURE

The case is set for trial on January 12, 2026.

XIII. **SCHEDULE**

The Court ordered a revised schedule on July 11, 2025 (Dkt. 325, excerpted below):

| Event | Deadline |
|---|---|
| Dispositive motion hearing deadline | October 2, 2025 |
| Pretrial conference statement due | December 5, 2025 |
| Pretrial conference | December 12, 2025 at 2:00 p.m. |
| Trial | January 12, 2026 at 8:00 a.m. |
| Estimate of trial length (in days) | Four |

XIV. **TRIAL**

Both Parties have requested a trial by jury. The CUVTA issue should be triable in 1-2 days.

XV. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On April 27, 2022, Valjakka filed a Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. (ECF No. 36).

On April 26, 2022, Netflix filed a Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. (ECF No. 34).

On September 21, 2023, Valjakka filed aa Amended Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. (ECF No. 174).

XVI. **PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | | |
|---|---|---|
| 1 | Dated: September 16, 2025 | Respectfully submitted, |
| 2 | | PERKINS COIE, LLP |
| 3 | | |
| 4 | | /s/ Sarah E. Piepmeier |
| | | Sarah E. Piepmeier, Bar No. 227094 |
| 5 | | SPiepmeier@perkinscoie.com |
| | | Elise Edlin, Bar No. 293756 |
| 6 | | EEdlin@perkinscoie.com |
| | | PERKINS COIE LLP |
| 7 | | 505 Howard Street, Suite 1000 |
| | | San Francisco, California 94105 |
| 8 | | Telephone: +1.415.344.7000 |
| | | Facsimile: +1.415.344.7050 |

Janice L. Ta (admitted *pro hac vice*)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Adam Hester, Bar No. 311206
PERKINS COIE LLP
33 E. Main Street, Ste. 201
Madison, Wisconsin, 53703
AHester@perkinscoie.com
Telephone: +650.838.4311

Rachael D. Lamkin (SBN 246066)
Karan Singh Dhadialla (SBN 296313)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

***Attorney for Defendant Netflix, Inc.***

Dated: September 16, 2025

/s/ William P. Ramey, III
William P. Ramey, III
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
wramey@rameyfirm.com

**WILLIAM RAMEY**

1  Dated: September 16, 2025

/s/ Lauri Valjakka
Laurio Valjakka (pro se)
Arinakatu 2 B38
FI 53100 Lappeenranta
Finland
+358 50 467 0090
lauri.valjakka@eezykeyz.fi

*LAURI VALJAKKA,* Pro Se

# SIGNATURE ATTESTATION

I, Sarah E. Piepmeier, am the ECF user whose user id and password authorizes the filing of this documents. Under Civil L.R. 5-1(h)(3), I attest that counsel for Plaintiff has concurred in this filing.

Dated: September 16, 2025

/s/ *Sarah E. Piepmeier*
Sarah E. Piepmeier, CA SBN 227094

**Attorney for Defendant Netflix, Inc.**