William P. Ramey, III (appearance pro hac vice)
Email: wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorney for Third-party William P. Ramey, III and Ramey LLP*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA, | Case No. 4:22-cv-01490-JST |
| Plaintiff, | RAMEY LLP AND WILLIAM P. RAMEY, III'S RESPONSE TO SUPPLEMENTAL BRIEF REGARDING EXPENSES AND FEES PURSUANT TO ECF NO. 324 |
| v. | |
| NETFLIX, INC., | |
| Defendant. | Judge: Hon. Jon S. Tigar |

    Third parties, and former counsel, Ramey LLP and William P. Ramey, III (collectively "Ramey LLP"), respectfully file this response in opposition to the supplemental briefing by Netflix, Inc. for recovery of "unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach, and set forth an appropriate justification for any attorney-fee hourly rate claimed," [1] found by the Court in Doc. No. 324.  While Ramey LLP is grateful that Netflix, Inc. ("NFX") lowered its requested fees from $310,786 to $95,000,[2] Ramey LLP seeks a further reduction as Netflix has not shown how the attorneys' fees billed relate to "unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach," because Ramey LLP

---

[1] Civ. L.R. 37-4(b)(3).
[2] NFX billed in excess of $300,00 as shown in Doc. Nos. 333-1 – 333-7.

1  admitted from the start what it did and never tried to deceive NFX.

2  Ramey LLP disclosed to NFX in November of 2023 that the lawyers at AiPi had access to all material from the case.[3] Ramey LLP understands that the law of the case is that Ramey LLP breached the PO by sharing those documents. However, as Ramey LLP admitted to its acts, there was no need for NFX to incur any expense after Ramey LLP admitted that it shared the material other than conducting the further discovery to verify no further disclosures, the deposition authorized by the Court. Any further investigations was unnecessary as the acts that the Court ruled a breach were already admitted.

Invoicing $95,000 for one deposition is extreme. A more realistic amount would be 1/3 of that amount or $32,000. Even at NFX's counsel's high billing rates, this would allow adequate time for preparation for the deposition and the actual 3.5 hour deposition, which all three partners attended. Therefore, to be reasonable, Ramey LLP requests the awarded fees and expenses are reduced to $32,000.00.

As well, Ramey LLP and William P. Ramey, III respectfully request the Court clarify its order by assessing the fees and expenses awarded against Ramey LLP, as William P. Ramey, III was performing services for Ramey LLP. William P. Ramey, III requested NFX's position on this clarification but no response was received by the filing of this response.

## CONCLUSION

Ramey LLP and William P. Ramey, III respectfully requests the Court award Netflix, Inc. no more than $32,000 assessed against Ramey, LLP, solely.

Dated: September 16, 2025                Respectfully submitted,

/s/ William P. Ramey, III
William P. Ramey, III (*appearance pro hac vice*)
RAMEY LLP

---

[3] Doc. No. 311-1 at ¶¶3-8.

5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Email: wramey@rameyfirm.com

**Attorneys for Third-party William P. Ramey, III and Ramey LLP**

| | |
|---|---|
| **LAURI VALJAKKA,** | Case No. 4:22-cv-01490-JST |
| Plaintiff, | **[PROPOSED] ORDER RAMEY LLP AND WILLIAM P. RAMEY, III'S RESPONSE TO SUPPLEMENTAL BRIEF REGARDING EXPENSES AND FEES PURSUANT TO ECF NO. 324** |
| v. | |
| **NETFLIX, INC.,** | |
| Defendant. | Judge: Hon. Jon S. Tigar |

The Court, having reviewed Netflix, Inc.'s Supplemental Brief Regarding Expenses and Fees Pursuant to ECF No. 324, Ramey LLP and William P. Ramey, III (collectively "Ramey LLP"), response, and all other evidence of record, is of the OPINION that Netflix, Inc. is entitled to no more than $32,000.00, to be assessed against Ramey, LLP, solely.  Accordingly, it is ORDERED that Ramey LLP shall pay Netflix, Inc. $32,000 within 30 days.

_____     _____
Date                                                                        Hon. Jon S. Tigar