Lauri Valjakka (Pro Se)
Arinakatu 2 B38
FI 53100 Lappeenranta
Finland
+358 50 467 0090
lauri.valjakka@eezykeyz.fi

Filed on behalf of Pro Se
*LAURI VALJAKKA*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NETFLIX, INC.,<br><br>　　　　　Defendant. | Case No. 4:22-cv-01490-JST<br><br>**MOTION TO STAY PROCEEDINGS AND DISMISS CUVTA CLAIM FOR LACK OF TRANSFER AND PROCEDURAL DEFECT**<br><br>Date:　November 6, 2025<br>Time:　2:00 p.m.<br>Crtrm:　6 – 2nd Floor<br>Judge: Hon. Jon S. Tigar |

# INDEX OF EXHIBITS

| | | |
|---|---|---|
| A | Finnish Supreme Court Decision – Original (Finnish) and Certified Summary Translation |
| B | Finnish Police Investigation Report (PIR) – Certified Translation of Core Sections (2004 Operation, 2011 Conviction) |
| C | Declaration Set: Valjakka, Saraheimo, Hietalahti[1] |
| D | Cancellation Agreement & CAP Table |
| E | Ownership & Enforcement Timeline |
| F | Entity Map & Transfer Summary |
| G | Court Orders by Hon. Judge Jon S. Tigar – Full Set (Initial, Interim, and September 2025 Correction) |
| H | Grant Notice – U.S. Patent No. 8,645,167 (Confirms revival and issuance) |

---

[1] See *Exhibit C – Shareholder Declarations of Matti Saraheimo and Onni Hietalahti*, confirming the retroactive cancellation of the license agreement, absence of Enforcement Asset transfers, and unified shareholder support for Plaintiff's Motion to Stay and Dismiss. Mr. Saraheimo has been involved since 2001 as Chairman of the Board of the original filer, e-3 Solutions Oy. Mr. Hietalahti serves as Chairman of the Board and sole procurist of CDN Licensing Finland Oy and has acted as Plaintiff's Finnish legal advisor since 2009.

**I. INTRODUCTION**

Plaintiff respectfully moves this Court to stay proceedings and dismiss Defendant's claim under the California Uniform Voidable Transactions Act ("CUVTA") on the grounds that no qualifying transfer occurred, Plaintiff was not a transferee, and the license agreement relied upon by Defendant was cancelled retroactively. This motion is supported by declaration and exhibits demonstrating Plaintiff's procedural integrity, ownership continuity, and lack of transferee status under CUVTA.

Plaintiff proceeds pro se and submits this motion in accordance with the Court's amended order dated September 22, 2025.

**II. FACTUAL BACKGROUND**

Plaintiff is the sole inventor and proprietor of U.S. Patent No. 8,645,167. No Enforcement Assets were received from AiPi Solutions or its affiliates. All transfers to CDN Licensing Finland Oy occurred prior to July 21, 2022. Plaintiff was not a transferee under CUVTA and held no active license at the time of Defendant's PI motion or counterclaim.

The license agreement between Plaintiff and CDN Licensing Finland Oy was cancelled on September 26, 2023, retroactive to November 5, 2021. Plaintiff holds a 70% equity position in CDN Licensing Finland Oy. The remaining 30% is held by Matti Saraheimo and Onni Hietalahti. Defendant has not named or pursued these other shareholders, despite their identical equity positions.

On August 26, 2025, the Supreme Court of Finland ordered the Helsinki District Court to reopen ownership proceedings concerning the '167 Patent. Plaintiff respectfully requests that the Helsinki District Court confirm that Plaintiff held ownership of the patent application as of December 22, 2010, when the Petition to Revive was filed and accepted by the USPTO. The Grant Notice confirms this procedural continuity.

The patent application was abandoned by Suomen Biisi Oy on November 8, 2010. Plaintiff filed the Petition to Revive on December 22, 2010. The USPTO accepted the petition on March 4, 2011, and recorded the assignment to Plaintiff on March 7, 2011. The patent was granted on July 23, 2013. As of September 25, 2025, no entity has submitted any claim to ownership. Under standard USPTO practice, any such claim should have been raised within two years of revival. The absence of competing claims

over nearly fifteen years confirms Plaintiff's uninterrupted ownership.

During the Court mediator's hearing on August 8, 2023, Plaintiff disclosed the Finnish Police Investigation Report and the criminal conviction of Jukka Ojanen. This disclosure was made in a formal, court-supervised setting. Immediately thereafter, Netflix removed both Ojanen and Iiro Karesniemi from its witness list without explanation. The hearing transcript confirms the timing and remains available upon request.

### III. ARGUMENTS

1. **No Transfer to Plaintiff Under CUVTA** All transfers occurred prior to July 21, 2022. Plaintiff was not a transferee and received no Enforcement Assets.

2. **Retroactive Cancellation of License Agreement** The agreement was cancelled on September 26, 2023, retroactive to November 5, 2021. Plaintiff held no license during Defendant's filings.

3. **Selective Targeting Constitutes Procedural Defect** Plaintiff was named despite identical equity positions held by other shareholders. This undermines fairness under CUVTA.

4. **Finnish Supreme Court Reopened Ownership Proceedings** The August 26, 2025 decision confirms unresolved ownership. A stay is warranted.

5. **Historical Enforcement Record Supports Vigilance** The Finnish Police Investigation Report documents a coordinated enforcement operation in 2004. Jukka Ojanen was convicted in 2011. A certified translation of the core sections is attached. The full report spans 1,142 pages and remains available for review.

6. **Witness Disappearance Undermines Credibility** After Plaintiff disclosed the PIR and conviction during the August 8, 2023 mediation hearing, Netflix removed both listed witnesses without explanation.

7. **No Competing Ownership Claims Filed** No entity has submitted any claim to ownership since the Petition to Revive was accepted on March 4, 2011. The USPTO's standard notice window is two years. Fifteen years of silence confirms Plaintiff's uninterrupted ownership.

### IV. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

- Stay all proceedings pending resolution of the reopened ownership case in Finland
- Dismiss Defendant's CUVTA claim for lack of qualifying transfer and procedural defect

Preserve Plaintiff's rights and remedies under applicable law

Dated: September 26, 2025              Respectfully submitted,

*/s/ Lauri Valjakka*
Lauri Valjakka (pro se)
Arinakatu 2 B38
FI 53100 Lappeenranta
Finland
+358 50 467 0090
lauri.valjakka@eezykeyz.fi

*LAURI VALJAKKA,* Pro Se