# EXHIBIT A



PÄÄTÖS 1 (6)

Asianumero
H 1/2024/287

Antopäivä  Ratkaisunumero
26.8.2025  1025 2792

**HAKIJA**

Lauri Heikki Tapani Valjakka

**VASTAPUOLI**

Suomen Biisi Oy (poistettu kaupparekisteristä)

**ASIA**

Ylimääräinen muutoksenhaku siviiliasiassa

**MUUTOKSENHAUN KOHTEENA OLEVA RATKAISU**

Helsingin käräjäoikeus 3.5.2023 nro 1010 0765

**MUUTOKSENHAKU KORKEIMMASSA OIKEUDESSA**

Valjakka on hakemuksessaan vaatinut, että käräjäoikeuden päätös puretaan ja asia palautetaan käräjäoikeuteen. Käräjäoikeuden päätös jättää Valjakan kanne tutkimatta asialliseen toimivaltaansa kuulumattomana on perustunut ilmeisesti väärään lain soveltamiseen. Kanne ei ole osaksikaan perustunut patenttilakiin eikä kysymys siten ole ollut markkinaoikeuden toimivaltaan kuuluvasta patenttilakiin perustuvasta asiasta.

Asian laatuun ja pääasiaratkaisun lopputulokseen nähden vastapuolen kuuleminen tämän purkuhakemuksen johdosta on oikeudenkäymiskaaren 31 luvun 4 §:n 2 momentissa ja 13 §:ssä tarkoitetulla tavalla ilmeisesti tarpeetonta.

KORKEIMMAN OIKEUDEN RATKAISU

**Perustelut**

*Asian tausta ja kysymyksenasettelu*

1. Valjakka on 17.3.2023 kanteessaan käräjäoikeudelle vaatinut, että käräjäoikeus vahvistaa hänen saaneen valtauksen perusteella omistusoikeuden tiettyyn yhdysvaltalaiseen patenttihakemukseen.

2. Käräjäoikeus on 3.5.2023 antamallaan päätöksellä jättänyt kanteen tutkimatta toimivaltaansa kuulumattomana. Käräjäoikeus on katsonut, että asiassa on ollut kysymys patenttilain 64 §:n 1 momentissa tarkoitetusta patenttilakiin perustuvasta riita-asiasta ja asia kuuluu näin ollen markkinaoikeuden toimivaltaan.

3. Valjakka on valittanut käräjäoikeuden päätöksestä Helsingin hovioikeuteen ja lisäksi nostanut samaa omistusoikeuden vahvistamista koskevan kanteen markkinaoikeudessa. Valjakan peruutettua valituksensa hovioikeus on 17.10.2023 antamallaan päätöksellä todennut lausunnon antamisen valituksesta raukeavan.

4. Markkinaoikeus on 4.4.2024 antamallaan päätöksellä jättänyt Valjakan kanteen tutkimatta toimivaltaansa kuulumattomana. Markkinaoikeuden mukaan kannetta yhdysvaltalaisen patenttihakemuksen valtaamisen vahvistamiseksi ei voida pitää patenttilakiin perustuvana riita-asiana.

5. Korkeimmassa oikeudessa on Valjakan ylimääräisen muutoksenhaun perusteella kysymys siitä, onko käräjäoikeuden päätös Valjakan kanteen tutkimatta jättämisestä perustunut oikeudenkäymiskaaren 31 luvun 7 §:n 1 momentin 4 kohdassa tarkoitetuin tavoin ilmeisesti väärään lain soveltamiseen ja pitääkö päätös tämän vuoksi purkaa.

*Ylimääräisen muutoksenhaun peruste*

6. Valjakan ylimääräinen muutoksenhakemus on perustunut väitteeseen siitä, että käräjäoikeus oli virheellisesti jättänyt Valjakan kanteen tutkimatta asialliseen toimivaltaansa kuulumattomana.

7. Oikeudenkäymiskaaren 31 luvun 1 §:n 1 momentin 1 kohdan mukaan lainvoiman saanut tuomio voidaan tehdystä kantelusta tuomiovirheen perusteella poistaa, jos asia on otettu tutkittavaksi, vaikka on ollut olemassa sellainen seikka, jonka johdosta oikeuden olisi omasta aloitteestaan pitänyt jättää asia tutkittavaksi ottamatta. Mainitun luvun 16 §:n mukaan mitä luvussa on säädetty lainvoiman saaneesta tuomiosta, on vastaavasti sovellettava, milloin kysymys on lainvoimaiseen tuomioon rinnastettavasta oikeudellisesta ratkaisusta.

8. Korkein oikeus toteaa, että myös tilannetta, jossa asia on jätetty viran puolesta virheellisesti tutkimatta, on lähtökohtaisesti pidettävä sellaisena oikeudenkäynnin edellytysten täyttymistä koskevana tuomioistuimen menettelyvirheenä, joka kuuluisi ensisijaisesti oikeudenkäymiskaaren 31 luvun 1 §:n 1 momentin 4 kohdan perusteella tuomiovirhekantelun alaan. Valjakan hakemus on kuitenkin saapunut Korkeimmalle oikeudelle oikeudenkäymiskaaren 31 luvun 2 §:n 2 momentissa kantelun tekemiselle säädetyn määräajan jälkeen, eikä hakemusta näin ollen voida tutkia kanteluna.

9. Korkein oikeus on eräissä tilanteissa tutkinut ensisijaisesti tuomiovirhekantelun alaan kuuluvia ylimääräisiä muutoksenhakemuksia lainvoiman saaneen tuomion purkamista koskevina hakemuksina (ks. esim. KKO 2023:13, kohta 11 ja siinä viitatut ratkaisut). Korkein oikeus toteaa, että nyt käsiteltävässä asiassa käräjäoikeuden ratkaisu kanteen tutkimatta jättämisestä on perustunut osaltaan myös patenttilain aineellisten säännösten soveltamiseen.

10. Edellä todettu huomioon ottaen Korkein oikeus katsoo, että Valjakan hakemus voidaan ottaa tutkittavaksi siinä esitetyn mukaisesti lainvoiman saaneen tuomion purkamista koskevana hakemuksena.

11. Oikeudenkäymiskaaren 31 luvun 7 §:n 1 momentin 4 kohdan mukaan lainvoiman saanut tuomio riita-asiassa voidaan purkaa, jos tuomio perustuu ilmeisesti väärään lain soveltamiseen. Korkeimman

oikeuden vakiintuneen ratkaisukäytännön mukaan mainitussa lainkohdassa tarkoitetusta ilmeisesti väärästä lain soveltamisesta on yleensä kysymys tilanteessa, jossa lakia on sovellettu selvästi ja kiistattomasti väärin. Tämä tarkoittaa sitä, ettei sovellettu säännös ole ollut tulkinnanvarainen eikä myöskään sisältänyt tuomioistuimelle jätettyä harkinnanvaraa. (Ks. esim. KKO 2020:77, kohta 16 ja siinä viitatut ratkaisut.)

*Käräjäoikeuden asiallinen toimivalta*

12. Yleisenä tuomioistuimena toimivan käräjäoikeuden asiallinen toimivalta on yleinen. Tämä tarkoittaa, että asia kuuluu sen tutkittavaksi, jollei sitä erityissäännöksin ole määrätty muun tuomioistuimen tutkittavaksi. (Ks. esim. KKO 2011:70, kohta 2.)

13. Oikeudenkäynnistä markkinaoikeudessa annetun lain 1 luvun 4 §:n 1 momentin 1 kohdan mukaan markkinaoikeus käsittelee teollis- ja tekijänoikeudellisina asioina asiat, jotka säädetään sen toimivaltaan kuuluviksi patenttilaissa. Patenttilain 64 §:n 1 momentin mukaan kyseiseen lakiin perustuvat riita- ja hakemusasiat käsitellään markkinaoikeudessa.

14. Patenttilain 64 §:n perusteluissa todetun mukaisesti ilmaisulla "tähän lakiin perustuvat riita- ja hakemusasiat" on tarkoitettu viitata kaikkiin riita- ja hakemusasioihin, joissa vaaditaan patenttilakiin perustuvaa seuraamusta tai joissa muutoin on kysymys patenttilakiin perustuvasta asiasta, esimerkiksi paremmasta oikeudesta keksintöön. Sen sijaan säännös ei tarkoittaisi esimerkiksi asioita, joissa on kysymys puhtaasti sopimusoikeudellisesta riidasta, jossa ei edes väitetä loukatun patenttilain säännöksiä. (HE 124/2012 vp s. 77–78.)

15. Vakiintuneesti on katsottu, että tuomioistuimen toimivalta määräytyy kannevaatimusten ja niiden tueksi esitettyjen perusteiden sisällön mukaan, eikä merkitystä voida antaa sille, kuinka kantaja on luonnehtinut vaatimustaan. (Ks. esim. KKO 2017:84, kohta 23).

16. Valjakka on kanteessaan vaatinut omistusoikeuden vahvistamista yhdysvaltalaiseen patenttihakemukseen perustellen saantoaan ennen muuta esineoikeudellisella valtauksella.

17. Korkein oikeus toteaa, että patenttilaissa on sinänsä säännöksiä muun ohella paremmasta oikeudesta keksintöön ja patenttirekisterimerkintöjen merkityksestä patenttia koskevassa riita-asiassa. Nämä tai muutkaan patenttilain säännökset eivät kuitenkaan koske ulkomaisia kansallisia patentteja. Patenttilaissa ei ylipäätään säädetä siitä, voiko omistusoikeuden patenttihakemukseen saada esineoikeudellisen valtauksen perusteella.

18. Vaikka Valjakan kannevaatimuksilla on ollut patenttioikeudellisia liittymäkohtia, Korkein oikeus katsoo, ettei yhdysvaltalaista patenttihakemusta ja sen valtaukseen perustuvaa omistusoikeuden vahvistamista koskeva riita-asia ole perustunut patenttilakiin lain 64 §:n 1 momentissa tarkoitetulla tavalla. Markkinaoikeus ei siten ole ollut toimivaltainen käsittelemään asiaa, ja asia on kuulunut käräjäoikeuden yleisen toimivallan perusteella käräjäoikeuden käsiteltäväksi.

*Purun edellytysten arviointi tässä asiassa*

19. Patenttilain 64 §:n 1 momentin säännös siitä, että markkinaoikeuden toimivaltaan kuuluvat patenttilakiin perustuvat riita-asiat, ei ole tulkinnanvarainen eikä se myöskään sisällä tuomioistuimelle jätettyä harkinnanvaraa. Patenttilain säännösten perusteella taas on edellä todetulla tavalla selvää, ettei kysymyksessä olevan kaltaista kannetta voida pitää patenttilakiin perustuvana. Näin ollen Korkein oikeus katsoo, että käräjäoikeuden päätös Valjakan kanteen tutkimatta jättämisestä käräjäoikeuden asialliseen toimivaltaan kuulumattomana perustuu ilmeisesti väärään lain soveltamiseen. Asiassa on oikeudenkäymiskaaren 31 luvun 7 §:n 1 momentin 4 kohdassa tarkoitettu peruste käräjäoikeuden päätöksen purkamiseksi.

**Päätöslauselma**

Helsingin käräjäoikeuden päätös 3.5.2023 nro 1010 0765 puretaan.

Riita-asia L 706/2023/1827 palautetaan Helsingin käräjäoikeuteen, jonka on otettava asia ilmoituksesta uuteen käsittelyyn. Lauri Heikki Tapani Valjakan tulee kolmen kuukauden kuluessa tämän päätöksen antamisesta lukien ilmoittaa juttu Helsingin käräjäoikeuteen uudelleen käsiteltäväksi. Jos ilmoitus laiminlyödään, purku raukeaa.

Tätä kaikki asianomaiset noudattakoot.

TUOMIOISTUIMEN KOKOONPANO

Asian ovat ratkaisseet

Oikeusneuvos Lena Engstrand
Oikeusneuvos Juha Mäkelä
Oikeusneuvos Tuija Turpeinen
Oikeusneuvos Pasi Pölönen
Oikeusneuvos Heli Melander


Asian on esitellyt

Oikeussihteeri Mirva Näsi



ALLEKIRJOITUS

Asiakirja on allekirjoitettu sähköisesti.

*Translation from Finnish, page 1 of 1*

**Exhibit A – Summary of the Decision by the Supreme Court of Finland**
**Issued: [August 26, 2025] Subject: U.S. Patent No. 8,645,167 (the '167 Patent) – Ownership**

The Supreme Court of Finland has issued a binding decision (Case No. H 1/2024/287, Decision No. 1025 2792) requiring the Helsinki District Court to reopen proceedings concerning the ownership of U.S. Patent No. 8,645,167 (the "'167 Patent"). This decision overturns the previous refusal by the lower court to hear the case and corrects a procedural error in which the matter was transferred to the Market Court, which subsequently ruled it lacked jurisdiction.

**Key findings:**

- The Supreme Court confirms the plaintiff's procedural right to seek clarification of ownership.
- The Helsinki District Court is obligated to examine the ownership claim on its merits.
- The decision does not overturn rulings from 2008 or 2010 but restores the plaintiff's legal standing and affirms that the ownership dispute remains unresolved.
- The decision is binding and enforceable under Finnish law.

---

I hereby certify the above to be a true and correct translation of an electronic copy of the Finnish document, a printout of which (1 page) I have stapled to the translation.

Lappeenranta, Finland, September 24, 2025

*[signature]*
Minna Viskari
Authorized Translator
(Act 1231/2007)

[Seal: AUKTORISOITU KÄÄNTÄJÄ / Minna Viskari / AUKTORISERAD TRANSLATOR]

**Exhibit A – Suomen korkeimman oikeuden päätöksen tiivistelmä**

**Annettu: [26.8.2025] Asia: Yhdysvaltain patentti nro 8,645,167 ('167-patentti) – omistusoikeus**

Suomen korkein oikeus on antanut sitovan päätöksen (Asianumero H 1/2024/287, Ratkaisunumero 1025 2792), jonka mukaan Helsingin käräjäoikeuden on avattava uudelleen omistusoikeutta koskeva käsittely liittyen Yhdysvaltain patenttiin nro 8,645,167 ("'167-patentti"). Päätös kumoaa alemman oikeusasteen aiemman kieltäytymisen käsitellä asiaa ja korjaa menettelyllisen virheen, jossa asia siirrettiin markkinaoikeuteen, joka puolestaan katsoi, ettei sillä ollut toimivaltaa.

**Keskeiset havainnot:**

- Korkein oikeus vahvistaa kantajan menettelyllisen oikeuden hakea omistuksen selvittämistä.
- Helsingin käräjäoikeus on velvoitettu tutkimaan omistusoikeusvaatimus aineellisesti.
- Päätös ei kumoa vuosien 2008 tai 2010 ratkaisuja, mutta palauttaa kantajan oikeudellisen aseman ja vahvistaa, että omistusoikeuskiista on edelleen ratkaisematta.
- Päätös on sitova ja täytäntöönpanokelpoinen Suomen lain mukaan.

