1   Rachael Lamkin (SBN 246066)
    rachael.lamkin@bakerbotts.com
2   Karan Singh Dhadialla (SBN 296313)
    karan.dhadialla@bakerbotts.com
3   BAKER BOTTS L.L.P.
    101 California St., Suite 3200
4   San Francisco, CA 94111
    Telephone: +1.415.291.6200
5   Fax: +1.415.291.6300

6   Attorneys For Defendant
    NETFLIX, INC.
7
    (*Additional counsel listed in signature block*)
8

9           UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11                OAKLAND DIVISION

12

13  LAURI VALJAKKA                          Case No.: 4:22-cv-01490-JST

14              Plaintiff,                   **DEFENDANT NETFLIX, INC.'S**
                                             **MEMORANDUM IN SUPPORT OF ITS**
15        v.                                 **OPPOSITION TO LAURI**
                                             **VALJAKKA'S MOTION TO STAY**
16  NETFLIX, INC.
                                             Date:      December 4, 2025
17              Defendant.                   Time:      2:00 p.m.
                                             Crtrm:     Videoconference Only
18                                           Judge:     Hon. Jon S. Tigar

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Valjakka's motion to stay, ECF No. 348, improperly attempts to revisit issues this Court has already decided (ownership) and delay resolution of issues currently under submission (CUVTA). Valjakka's "stay" motion is an improper second bite at multiple apples and should be denied.

## II.    LEGAL STANDARD

"[W]hen determining whether to grant a stay, the Court weighs three factors: (1) the possible damage to the non-moving party, (2) 'the hardship or inequity which a party may suffer in being required to go forward,' and (3) 'the orderly course of justice.'" *RLI Ins. Co. v. ACE Am. Ins. Co.*, No. 19-CV-04180-LHK, 2020 WL 1322955, at *3 (N.D. Cal. Mar. 20, 2020) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

## III.    ARGUMENT

### A.    Valjakka's Motion Retreads Old Ground

Valjakka's motion repackages arguments this Court has already rejected and advances other arguments currently before the Court. None of the arguments warrant a stay.

#### 1.    *The Court Already Considered Valjakka's "No Transfer" Argument, And Subsequent Discovery Proves His Argument False*

Valjakka first argues, "[a]ll transfers occurred prior to July 21, 2022. Plaintiff was not a transferee and received no Enforcement Assets." Mot., at 4:8-10. This is the same argument raised by Valjakka in his CUVTA summary judgment motion (ECF No. 330, at 4:9-5:17) and in his opposition to Netflix's CUVTA summary judgment motion (ECF No. 335, at 7:16-8:18). Valjakka argues, again, that he did not know of the risk for attorneys' fees until Netflix filed its answer on December 23, 2022. *See* ECF No. 330, at 4:13-14. But this Court has already ruled that his argument is of no import. That is, the argument goes to the CUVTA "badges of fraud" Badge 4. In its preliminary injunction order, this Court found in favor of Valjakka on Badge 4 but ruled enough factors were satisfied that Netflix would still likely prevail under the CUVTA. ECF No. 204 ("PI Order"), at 9:4-10, 10:4-5. Valjakka cites no authority allowing a stay to relitigate a resolved issue.

NETFLIX'S MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION TO STAY

Materially, since this Court issued its preliminary injunction, discovery has demonstrated that Valjakka did in fact understand his attorneys' fees risk before he committed the fraudulent transfers. Valjakka knew that he might have to pay Defendants' attorneys' fees as early as October 21, 2021, when Defendant Akamai told Valjakka's outside counsel that Valjakka did not own the '167 Patent and said counsel relayed same to Valjakka. ECF No. 316-1. And Valjakka's own counsel and his litigation funder AiPi informed Valjakka of the risk of fees in late 2021. *See, e.g.*, *id.*; *see also* ECF No. 336-3 (AiPi warning Valjakka of the risk of attorneys' fees).[1] All of this is detailed in Netflix's opposition to Valjakka's CUVTA summary judgment motion. ECF No. 336, at 3:7-16.

### 2. *Valjakka's Retroactive Cancelation Argument Demonstrates Valjakka's Contempt*

Valjakka claims the CDN license "was cancelled on September 26, 2023, retroactive to November 5, 2021." Mot., at 4. Valjakka appears to argue that he did not violate CUVTA because he created a retroactive document that essentially makes the whole fraudulent transfer disappear. Far from helping Valjakka, his actions demonstrate a complete disregard for this Court's preliminary injunction order, which mandated that Valjakka not take any actions regarding the Enforcement Assets. PI Order, at 12:27-13:1. And, if Valjakka "cancelled" CDN (again demonstrating his complete control over CDN in satisfaction of CUVTA Badges of Fraud Nos. 1-2), then either he had to move the Enforcement Assets in violation of this Court's order, or he left the Assets with CDN, which renders his argument superfluous. Either way, it does not support a stay.

### 3. *There is No Procedural Defect in Alleging Only Valjakka's Liability Under the CUVTA*

Valjakka's third argument is, "Plaintiff was named despite identical equity positions held by other shareholders." Mot., at 4. But liability under the CUVTA attaches to the transferor-debtor. *See* Cal. Civ. Code § 3439.04(a). The Court's preliminary injunction ran against Valjakka and required notice "to [Valjakka's] licensees, and to any entity that has an interest in Enforcement Assets." PI

---

[1] Further, Valjakka has no good faith basis for claiming he thought he only faced a fees risk from Akamai. Of course he understood he faced the risk from any Defendant when he asserted a patent that he did not own. And either way, it doesn't matter under the CUVTA. Netflix can seek a contingent claim even if Valjakka conducted the fraudulent transfers to avoid paying Akamai, as Netflix explained in its original CUVTA motion. ECF No. 147, at 10:12-21.

Order, at 13. Nothing under the CUVTA suggests a requirement to sue minority shareholders, and Valjakka cites no authority suggesting otherwise.

> 4. *Ownership Has Already Been Decided, and the Alleged Finnish Court Decision is Inadmissible (Args. 4 and 7)*

Valjakka's fourth argument is that the "Finnish Supreme Court Reopened Ownership Proceedings. The August 26, 2025 decision confirms unresolved ownership." Mot., at 4. Valjakka does not include a certified translation of the actual alleged Finnish Supreme Court opinion with his stay motion. He did however include an uncertified translation of the alleged opinion with his opposition to Netflix's CUVTA summary judgment motion, and nothing in that translation states that ownership is "unresolved". *See* ECF No. 335-10.

The purported Finnish Supreme Court opinion, if authentic, merely finds that the trial court has jurisdiction and remands. *See id*. But the documents Valjakka submitted with his stay motion are even more concerning. He claims to submit a "Certified Summary Translation" of a Finnish Supreme Court opinion. ECF No. 348, at 2:3. But the purported Certified Summary Translation is not a translation of the alleged Supreme Court opinion, it's a certified translation of a document of unknown authorship and unknown origin. The Certified Summary Translation makes clear that it is a certified translation of the document attached to the translation. ECF No. 348-1, at 8. And the document attached to the certified translation is a summary that someone drafted in Finnish, but we have no way of knowing who drafted the summary in Finnish and we have no way of verifying whether it's an accurate summary of the alleged Finnish Supreme Court opinion. *See* ECF No. 348-1, at 9. And none of the "key findings" appearing in the purported Certified Summary Translation appear in the alleged translation Valjakka submitted previously. *See* ECF No. 335-10. The document raises more questions than it answers. There is certainly no basis to admit or take judicial notice of any of the documents Valjakka submitted purporting to represent a Finnish Supreme Court opinion.

Even if the opinion and its "summary" were authentic and admissible, they are of no moment. Valjakka intends to argue before the Finnish trial court that he obtained ownership of the '167 Patent when its actual owners abandoned it. ECF No. 335, at 5. This Court has already suggested that Valjakka's arguments will not prevail under Finnish law. SJ Order, ECF No. 257, at 12:18-19 ("This

NETFLIX'S MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION TO STAY

argument is unavailing. As an initial matter, the Court doubts very strongly whether Valjakka has accurately stated Finnish law as it applies to the revival of patent applications.") More importantly, as this Court has already held, US law governs the revival of a US patent application. *Id.*, at 12:25-13:18. The actual owners of the '167 Patent application intentionally abandoned the application that matured into the '167 Patent. As such, what the Finnish trial court may do is "irrelevant":

> "Where the applicant deliberately permits an application to become abandoned, [however,] the abandonment of such application is considered to be a deliberately chosen course of action, and the resulting delay cannot be considered as 'unintentional' within the meaning of 37 C.F.R. § 1.137." MPEP § 711.03(c) (8th ed. Rev. 7, Sept. 2008) (Petitions Relating to Abandonment). The parties do not dispute that SBO intentionally abandoned the '685 Application and that this abandonment was final as of July 2010. ECF No. 162 at 13; ECF No. 191-3 at 6. Whether Finnish common law might hold otherwise is irrelevant.

SJ Order, at 13:11-18.

Valjakka's alleged efforts to argue to a Finnish court that he found the '167 Patent when the actual owners intentionally dropped it cannot carry the day.

Finally, even if a Finnish court ruled that Valjakka obtained rights to an intentionally abandoned patent application, and even if US law allowed revival on that basis, Valjakka still committed inequitable conduct before the USPTO, rendering the '167 Patent unenforceable. ECF No. 162, at 13:11-16:21.[2]

> ### 5. *"Historical Enforcement Record Supports Vigilance" Bears No Relation to Any Issue in the Valjakka Case*

Valjakka's motion cites a Finnish "trade secret" conviction to suggest diligence, but that 2004 conduct has no bearing on ownership of the '167 Patent or the transfers forming the basis of Netflix's counterclaim under the CUVTA, and certainly does not demonstrate any diligence on the part of Valjakka.

> ### 6. *Netflix Did Not Remove Witnesses*

Valjakka argues that Netflix's alleged removal of two potential witnesses from Netflix's initial disclosures—Jukka Ojanen and Iiro Karesniemi—supports a stay. Valjakka never explains

---

[2] Valjakka's seventh argument is non-sensical: "No entity has submitted any claim to ownership since the Petition to Revive was accepted on March 4, 2011. The USPTO's standard notice window is two years. Fifteen years of silence confirms Plaintiff's uninterrupted ownership." Regardless, it fails under U.S. law for the same reasons.

4

the relevance, and regardless, the allegation is false. The record shows that neither witness was removed, that Ojanen was never even listed as a potential witness (*see generally* Declaration of Rachael Lamkin ("Lamkin Decl."), Exs. A, B, and C), and that Karesniemi still remains on Netflix's most recent initial disclosures. Lamkin Decl., Ex. C at 3.

Furthermore, Valjakka is free to call either individual as a witness if he believes their testimony to be material. The erroneously alleged "disappearance[s]" have no connection to the already decided issue of ownership, or the transfers at the heart of Netflix's CUVTA counterclaim.

### 7. *Valjakka's Request for an Open-Ended Stay Cannot Prevail*

Valjakka does not proffer nor even attempt to satisfy the required tests for granting a stay. Certainly here, "the orderly course of justice" is not satisfied on these facts. *RLI Ins.*, 2020 WL 1322955, at *3 (quoting *CMAX*, 300 F.2d at 268). Regardless, fatal to Valjakka's request is its open-ended nature: "[s]tay all proceedings pending resolution of the reopened ownership case in Finland." Mot., at 5:1. A requested stay cannot result in undue delay. *See Landis*, 299 U.S. at 256; *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."). This Court has no way of knowing when the (irrelevant) Finnish matter will resolve, if ever.

Further, Valjakka waited until ***after*** the eleventh hour to seek a stay. In 2021, Valjakka was informed by his own counsel and his own litigation funders that his weak ownership position could result in an attorneys' fees order against him. If Valjakka actually thought he had any enforceable rights in the '167 Patent, he should have sought a stay and gone back to the Finnish courts in 2021. Instead, he conspired with his attorneys and his litigation funders to secret the issue. *See* ECF No. 316-3 at 9-10 (AiPi advises Valjakka to settle with Akamai to keep the ownership issue secret). Rewarding Valjakka with a stay on these facts is *contra* the "orderly course of justice."

### IV.     CONCLUSION

Netflix respectfully asks that Valjakka's request for a stay be denied.

NETFLIX'S MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION TO STAY

1    Dated:    October 9, 2025                    Respectfully submitted,

2

3                                        By: */s/ Rachael Lamkin*
                                             Rachael Lamkin
4                                            rachael.lamkin@bakerbotts.com
                                             Karan Singh Dhadialla
5                                            karan.dhadialla@bakerbotts.com
                                             BAKER BOTTS, L.L.P.
6                                            101 California Street, Suite 3200
                                             San Francisco, CA 94111
7                                            Telephone: +1.415.291.6200
                                             Fax: +1.415.291.6300
8
                                             Sarah E. Piepmeier, Bar No. 227094
9                                            SPiepmeier@perkinscoie.com
                                             Elise S. Edlin, Bar No. 293756
10                                           EEdlin@perkinscoie.com
                                             PERKINS COIE LLP
11                                           505 Howard Street, Suite 1000
                                             San Francisco, California 94105
12                                           Telephone: +1.415.344.7000
                                             Facsimile: +1.415.344.7050
13
                                             Janice L. Ta (appearance *pro hac vice*)
14                                           JTa@perkinscoie.com
                                             PERKINS COIE LLP
15                                           405 Colorado Street, Suite 1700
                                             Austin, Texas 78701
16                                           Telephone: +1.737.256.6100
                                             Facsimile: +1.737.256.6300
17
                                             Adam Hester, Bar No. 311206
18                                           PERKINS COIE LLP
                                             33 E. Main Street, Ste. 201
19                                           Madison, Wisconsin 53703
                                             AHester@perkinscoie.com
20                                           Telephone: +650.838.4311

21                                           ***Attorneys for Defendant***
                                             ***NETFLIX, INC.***
22

23

24

25

26

27

28

NETFLIX'S MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION TO STAY