UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURI VALJAKKA,<br><br>    Plaintiff,<br><br>v.<br><br>NETFLIX, INC.,<br><br>    Defendant. | Case No. 22-cv-01490-JST<br><br>**ORDER SETTING REASONABLE EXPENSES AND ATTORNEY'S FEES**<br><br>Re: ECF Nos. 324, 333, 342, 346, 347 |

The Court previously determined that Defendant Netflix, Inc. was entitled to compensatory sanctions under Federal Rule of Civil Procedure 37(b) to compensate Netflix for the reasonable costs it incurred because of attorney William Ramey's noncompliance with the Court's protective order ECF No. 324. The Court now determines the amount of those sanctions.

**I.   BACKGROUND**

This is a patent infringement case brought by Plaintiff Lauri Valjakka against Netflix. *Id.* at 1. On July 10, 2025, the Court issued an order imposing sanctions on attorney William Ramey and the law firm Ramey LLP, who then represented Valjakka in this matter. *Id.* at 1, 8. The Court determined that Ramey had violated a stipulated protective order, ECF No. 56, by sharing with a third-party firm called AiPi, LLC, documents designated as confidential by Netflix. ECF No. 324 at 1, 3–4. AiPi "manag[ed] third party funding for Valjakka" and retained Ramey to represent him, but was not authorized under the protective order to view the confidential documents. *Id.* at 1, 4–5. The Court therefore awarded compensatory sanctions under Federal Rule of Civil Procedure 37(b), authorized limited discovery, and ordered supplemental briefing to determine an appropriate sanctions amount. *Id.* at 7–8. Netflix filed its supplemental brief regarding expenses and fees on September 2, 2025. ECF 333. Ramey filed an opposition on September 16 and

amended that opposition on September 23.  ECF Nos. 342, 346.  On September 25, 2025, Netflix filed a reply, ECF No. 347, which the Court considers although the order granting sanctions did not provide for one.[1]

## II. DISCUSSION

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).  In addition, the Court *must* order the disobedient attorney "to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  Here, the court ordered sanctions under Rule 37 "to compensate Netflix for the reasonable costs it incurred because of Mr. Ramey's noncompliance."  ECF No. 324 at 7.

After considering the parties' supplemental briefing, the Court awards $95,000 to Netflix as compensatory sanctions for Ramey's violation of the protective order.  Ramey and Ramey LLP are jointly liable to Netflix for this amount.

### A. Amount of Fees

Courts apply the "lodestar method" to determine a reasonable award of attorneys' fees against a party sanctioned for violating a protective order.  *See, e.g.*, *Silicon Genesis Corp. v. EV Grp. E. Thallner GmbH*, No. 22-cv-04986, 2024 WL 1643677, at *1 (N.D. Cal. Apr. 15, 2024) (citing *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993)).  The method "multiplies the number of hours reasonably expended . . . by the reasonable hourly rate." *See id*. The lodestar figure is presumptively reasonable.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).  "In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (cleaned up).

"To determine the reasonable hourly rate, the Court considers the experience, skill, and reputation of the attorneys requesting fees, as well as 'the rate prevailing in the community for

---

[1] Ramey has not objected to the reply brief or requested a sur-reply.

2

similar work performed by attorneys of comparable skill, experience, and reputation.'" *See Silicon Genesis*, 2024 WL 1643677, at *1 (quoting *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 908 (9th Cir. 1995)). Courts also recognize that "negotiation and payment of fees by sophisticated clients are solid evidence of their reasonableness in the market." *Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1167 (N.D. Cal. 2015) (quotation omitted) (collecting cases). Courts must articulate a cogent explanation for their fee determinations, including any decision to award a lower amount than requested. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

Netflix has produced documentation identifying over $300,000 of legal costs incurred to investigate and mitigate the harm from Ramey's breach of the protective order. ECF No. 332-4 at 6; ECF No. 342 at 1. It incurred these costs while 1) analyzing production materials to discover the scope of the breach, 2) performing research to determine an appropriate response to the breach, 3) conferring with Ramey concerning the breach, 4) drafting the motion for sanctions and reply brief, 5) deposing Ramey about the scope of the breach, and 6) researching and preparing the supplemental brief on costs. ECF No. 333 at 3–4. Netflix requests a sanctions award of only $95,000—less than a third of the documented total fees it incurred.

In opposition to Netflix's request, Ramey asserts that Netflix has not shown that its fees were caused by the breach "because Ramey LLP admitted from the start what it did and never tried to deceive [Netflix]." ECF No. 346 at 2. "[A]s Ramey LLP admitted to its acts, there was no need for [Netflix] to incur any expense after Ramey LLP admitted that it shared the material other than conducting the further discovery to verify no further disclosures, the deposition authorized by the Court." *Id*. Ramey then argues that invoicing $95,000 for a single deposition is "extreme" and that a "more realistic amount" is $32,000. *Id*.

However, Netflix does not seek compensation for activities related to learning whether Ramey disclosed confidential documents to AiPi. Rather, it seeks compensation for activities relating to confirming the scope of those disclosures. *See* ECF No. 333 at 3–4. The Court's prior order was explicit that those are precisely the kinds of tasks for which Netflix is entitled to compensation. ECF No. 324 at 6 ("Netflix . . . acted reasonably in taking steps to investigate the

3

extent of the spread of its confidential information and to mitigate the spread thereof.").

Ramey's position also fails to acknowledge the need to compensate Netflix for the significant costs of pursuing and securing sanctions. Sanctions serve a critical purpose in remediating the harm from improper disclosure and deterring future violations. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 783 (9th Cir. 1983) ("Rule 37(b) sanctions may serve either remedial and compensatory purposes or punitive and deterrent purposes."). Just as Ramey's violation directly caused Netflix to investigate the scope of the breach, it also caused Netflix to pursue sanctions to halt the violation and secure remediation. The sanctions award should therefore include the costs of pursuing sanctions. *See Harmon v. City of Santa Clara*, 323 F.R.D. 617, 627 (N.D. Cal. 2018) (awarding as sanctions against the plaintiff "the attorney's fees and costs that the defendants reasonably incurred litigating the protective order violation"); *Apple, Inc. v. Samsung Elecs. Co.*, No. 5:11-CV-01846-LHK(PSG), 2014 WL 12596470, at *10 (N.D. Cal. Jan. 29, 2014) (finding that Rule 37 required the sanctioned law firm to reimburse the harmed parties for "all costs and fees incurred in litigating this motion and the discovery associated with it").

Ramey does not challenge Netflix's attorneys' hourly rates, which are comparable to market rates in this district for attorneys with similar experience. *Compare* ECF No. 332-4 at 6 *with* ECF No. 333-9 at 5–9. He also does not challenge the number of hours charged, except to assert that the total fees requested would be unreasonable for a single deposition. ECF No. 342 at 1–2. As the attorney time records attest, however, only a small portion of their time was spent on the deposition. *See, e.g.*, ECF No. 333-2 at 26–29, 33–34, 42–44; ECF No. 333-3 at 2–3; ECF No. 333-6 at 68–70; ECF No. 333-7 at 4–6; ECF No. 333-8 at 5–6. Netflix's attorneys spent the majority of their time reviewing documents produced by AiPi, corresponding with Ramey, and preparing the sanctions litigation filings. *Id*. Accordingly, the Court overrules Ramey's objection, determines that the amount requested is reasonable, and grants Netflix's request for a compensatory attorney's fees sanctions award of $95,000.

### B. Ramey's Personal Liability

Ramey requests, without supporting authority, that the Court assess fees and expenses only

4

1  against Ramey LLP, "as William P. Ramey, III was performing services for Ramey LLP." ECF

2  No. 346 at 2. Netflix opposes the request, noting that this Court's prior order "expressly addressed

3  whether 'Ramey and Ramey LLP' are liable for fees and found that Mr. Ramey personally

4  violated the Protective Order." ECF No. 347 at 2. Netflix further observes that the Court awarded

5  compensatory sanctions under Rule 37(b), which authorizes the Court to order "the disobedient

6  party, the attorney advising that party, or both" to pay the reasonable expenses caused by the

7  violation. *Id*.; see Fed. R. Civ. P. 37(b)(2)(C).

8  Rule 37(b) authorizes sanctions against both the individual attorney and his firm. *HM

9  Elecs., Inc. v. R.F. Techs., Inc.*, No. 12CV2884-BAS-MDD, 2015 WL 4714908, at *1 (S.D. Cal.

10  Aug. 7, 2015), *vacated in part*, 171 F. Supp. 3d 1020 (S.D. Cal. 2016); *see also Pascual v. Wells

11  Fargo Bank, N.A.*, No. 4:13-CV-02005-KAW, 2014 WL 582264, at *4 (N.D. Cal. Feb. 13, 2014)

12  ("Generally, courts may impose sanctions against an attorney personally."). The Court finds that

13  Ramey LLP and Ramey personally are both liable for the sanctions amount.

## CONCLUSION

The Court awards attorney's fees of $95,000 to Netflix from Ramey and Ramey LLP as compensatory sanctions. Ramey shall pay Netflix within 28 days of this order.

**IT IS SO ORDERED.**

Dated: November 19, 2025



JON S. TIGAR
United States District Judge