William P. Ramey, III (appearance *pro hac vice*)
wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone:   +1.713.426.3923
Facsimile:   +1.832.689.9175

*Attorneys for Non-Party*
*William P. Ramey, III*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br>    Plaintiff,<br><br>v.<br><br>NETFLIX, INC.,<br>    Defendant. | Case No. 4:22-cv-01490-JST<br><br>NONPARTY WILLIAM P. RAMEY AND RAMEY LLP'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER RULE 54(b) TO PERMIT APPEAL OF ORDER REQUIRING PAYMENT AND MOTION FOR STAY PENDING APPEAL<br><br>Date: January 8, 2026<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Crtrm: 6 – 2nd Floor |

---

## NOTICE OF MOTION

**TO ALL PARTIES AND TO ALL ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 8, 2026 at 2:00 p.m., or before or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Jon S. Tigar, 1301 Clay Street, Oakland, California 94612, Non-parties William P. Ramey, III and Ramey LLP ("Non-party" or "Ramey") will and hereby does move the Court for an order granting Nonparty William P. Ramey and Ramey LLP's Motion For Entry Of Partial Final Judgment Under Rule 54(B) To Permit Appeal Of Order Requiring Payment And Motion For Stay Pending Appeal. This Motion is based on this Notice of Motion, the memorandum of points and authorities and declarations in support filed herewith, any additional pleadings and papers on file in this matter and any arguments that may be presented at the hearing.

**NONPARTY WILLIAM P. RAMEY AND RAMEY LLP'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER RULE 54(b) TO PERMIT APPEAL OF ORDER REQUIRING PAYMENT AND MOTION FOR STAY PENDING APPEAL**

Nonparties William P. Ramey and Ramey LLP (collectively, "Ramey") move for entry of partial final judgment under Federal Rule of Civil Procedure 54(b) as to the Court's Orders of ECF No. 324 dated July 10, 2025, and ECF No. 353 dated November 19, 2025, requiring Ramey to pay attorneys' fees and costs in the amount of $95,000.00. The issues resolved by that Order are separate from the merits of the underlying claims between the parties, and there is no just reason for delay. Ramey also moves for a stay of enforcement pending appeal under Rule 62(b) and Federal Rule of Appellate Procedure 8.

## INTRODUCTION

The Court has conclusively adjudicated a discrete monetary obligation that runs solely against a nonparties, William P. Ramey, III and Ramey LLP (collectively, "Ramey"), arising from the Court's Order finding Ramey breached the terms of the Court's Protective Order of ECF No. 56.[1] That ruling fully resolves all issues between the Court and Ramey and leaves nothing further for the Court to do but execute the judgment as to Ramey. The merits of the case between Plaintiff and Defendant remain ongoing and are not affected by either ECF No. 324 or ECF No. 353.

Certification under Rule 54(b) is warranted because the payment order is final as to a distinct "claim for relief," i.e., the breach of the Protective Order, the issues pertinent to that order are separate from the merits of the parties' claims, i.e. the alleged C.U.V.T.A. violation, and delaying appellate review would impose significant hardship on Ramey while yielding no efficiency gains for the Court or

---

[1] ECF Nos. 324 and 353.

the parties.[2] In the alternative, if the Court declines Rule 54(b) certification, Ramey requests certification under 28 U.S.C. § 1292(b).

## BACKGROUND

- On February 18, 2025, Defendant Netflix, Inc. ("NFX"), moved for monetary and non-monetary sanctions against Ramey based on the sharing of AEO material with attorneys not authorized under the Protective Order.[3]

- After briefing and hearing, the Court issued its Order on July 10, 2025,[4] granting the motion, in part, and allowing Defendant to depose Ramey.

- After supplemental briefing, the Court ordered Ramey to pay $95,000.00 within 28 days of November 19, 2025 ("Non-Party Payment Order").[5]

- Ramey timely complied with all obligations other than payment and now seeks Rule 54(b) certification to permit immediate appeal, along with a stay of payment pending appeal.

## LEGAL STANDARD

Rule 54(b) allows entry of final judgment as to fewer than all claims or parties if the Court "expressly determines that there is no just reason for delay." The Court must find: (1) the decision is a "final judgment" as to an entire claim or party; and (2) there is no just reason for delay based on judicial administrative interests and equitable concerns, including whether the adjudicated and unadjudicated

---

[2] *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435–37 (1956).
[3] ECF. Nos. 301 and 302.
[4] ECF No. 324.
[5] ECF No. 353.

claims are separable and whether review of the adjudicated claims would be mooted or require appellate courts to decide the same issues more than once.[6]

## ARGUMENT

**I. The payment order is final as to a distinct claim and fully resolves all issues as to Ramey.**

- The Court's November 19, 2025, Order conclusively determines Ramey's liability for a sum certain of $95,000.00 and leaves nothing for the Court to do but execute the judgment as to Ramey. That is a final adjudication of a discrete claim for monetary relief arising out of Netflix, Inc.'s Motion for an Order to Show Cause and Sanctions Against Plaintiff's Former Attorney, William Ramey and Ramey LLP[7] proceeding directed at Ramey.

- No further factual development in the merits case between Plaintiff and Defendant will alter or inform the propriety or amount of the Non-Party Payment Order.

**II. There is no just reason for delay because the issues are separate from, and will not overlap with, the merits of the underlying case.**

- Separability: The order turns on issues unique to Ramey (e.g., construction of protective order, reasonableness of costs and fees, discovery conduct, sanctions standards) and does not depend on liability or damages issues in the main action.[8]

- Risk of piecemeal appeals is minimal: Appellate review of the Non-Party Payment Order will not require the court of appeals to revisit merits issues later.

- Risk of mootness or duplication: Postponing review risks forcing Ramey to satisfy a potentially erroneous award, and if the main case settles—as many cases do— Ramey could be deprived of appellate review altogether. Early review prevents duplication and safeguards Ramey's rights.

---

[6] *Curtiss-Wright*, 446 U.S. at 7–8.
[7] ECF Nos. 301 and 302.
[8] *See Curtiss-Wright*, 446 U.S. at 8 (separability and overlap are central considerations).

- Judicial economy and fairness: Immediate appeal imposes no burden on the merits litigation and ensures prompt resolution of a discrete, self-contained controversy involving a nonparty who otherwise lacks a clear path to timely review.

III. **Equitable considerations favor certification.**

- Hardship: Immediate enforcement would impose a substantial financial burden on Ramey, a nonparty with no stake in the merits, and recovery of funds later could be difficult or contested.

- Prejudice: Certification will not prejudice the parties; the merits schedule need not change. By contrast, denying certification would force a nonparty to bear the costs of an award that may be reversed.

IV. **In the alternative, the Court should certify the Order for interlocutory review under 28 U.S.C. § 1292(b).**

- The Order involves controlling questions of law as to construction of unambiguous protective order.[9]

- There is substantial ground for difference of opinion, as reflected in the parties briefing, concerning what constitutes an affiliated lawyer under the Protective Order.

- Immediate appeal may materially advance the termination of this collateral dispute without impeding the merits, and may avoid unnecessary enforcement proceedings.

V. **Motion for stay pending appeal**

If the Court grants Rule 54(b) certification (or § 1292(b) certification and permission is granted by the court of appeals), William P. Ramey, III and Ramey LLP jointly request a stay of enforcement of the payment order pending appeal.[10]

---

[9] *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) ("We review *de novo,* however, whether the lower court used the correct legal standard in determining whether it should have granted a protective order. ").
[10] *See* Fed. R. Civ. P. 62(b); Fed. R. App. P. 8.

NONPARTY WILLIAM P. RAMEY AND RAMEY LLP'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER RULE 54(b) TO PERMIT APPEAL OF ORDER REQUIRING PAYMENT AND MOTION FOR STAY PENDING APPEAL - Case No. 3:22-cv-01490-JST

- Likelihood of success/serious questions: The appeal involved serious issues of law and access to the Courts.  Namely, whether smaller law firms are allowed to affiliate services of lawyers while representing clients under the terms of a protective order where the Protective Order defines Outside Counsel of Record as "attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party."[11]

- Irreparable harm: Absent a stay, Ramey will suffer nonrecoverable harms, including e.g., immediate depletion of funds; difficulty recovering from the payee; potential mootness if the underlying case resolves before appeal.

- No substantial injury to others: A stay will cause minimal prejudice to Netflix, Inc., who is a multi-billion dollar company and will receive interest if the award is affirmed.

- Public interest: Immediate review of nonparty obligations promotes fair and efficient management of collateral disputes without disrupting the merits.

Ramey requests a short administrative stay to finalize the certification.

## CONCLUSION AND REQUESTED RELIEF

William P. Ramey, III and Ramey LLP respectfully asks the Court to:

1. Enter partial final judgment under Rule 54(b) as to the November 19, 2025, Order ECF No. 353 requiring William P. Ramey, III and Ramey LLP to pay $95,000.00, with an express

---

[11] Doc. No. 56 at 3.

determination that there is no just reason for delay and an express direction to the Clerk to enter judgment on that Order;

2. In the alternative, certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b);

3. Stay enforcement of the payment order pending appeal under Rule 62(b); and,

4. Grant such other and further relief as the Court deems just and proper.

Dated: November 21, 2025         Respectfully submitted,

**RAMEY LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III (pro hac vice)
Email: wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923

*Attorneys for Non-Party*
*William P. Ramey, III*

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with the client Lauri Valjakka by phone in September of 2025, informing him that I and Ramey LLP were seeking to appeal our issue of the breach of the protective order immediately. He responded that he was unopposed. On November 21, 2025, I confirmed he remained unopposed and that he was unopposed to a stay of the enforcement.

I further conferred with counsel for Netflix by e-mail on September 22, 2025, on the certification for appeal and they responded that Netflix was opposed. On November 21, 2025, I inquired as to whether Netflix was opposed to staying execution of the order to pay, ECF No. 353, pending appeal, and counsel responded that they could not respond until later. Therefore, this motion is filed as opposed.

*/s/ William P. Ramey, III*
William P. Ramey, III

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of November 21, 2025, with a copy of the foregoing via CM/ECF Filing.

*/s/ William P. Ramey, III*
William P. Ramey, III