Rachael Lamkin (SBN 246066)
rachael.lamkin@bakerbotts.com
Karan Singh Dhadialla (SBN 296313)
karan.dhadialla@bakerbotts.com
BAKER BOTTS L.L.P.
101 California St., Suite 3200
San Francisco, CA 94111
Telephone: +1.415.291.6200
Fax: +1.415.291.6300

Attorneys For Defendant
NETFLIX, INC.

(*Additional counsel listed in signature block*)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| LAURI VALJAKKA<br><br>           Plaintiff,<br><br>    v.<br><br>NETFLIX, INC.<br><br>           Defendant. | Case No.: 4:22-cv-01490-JST<br><br>**DEFENDANT NETFLIX, INC.'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO WILLIAM RAMEY'S MOTION FOR PARTIAL ENTRY OF FINAL JUDGMENT** |

1    Defendant Netflix, Inc. ("Netflix") opposes William Ramey's Motion For Partial Final
2  Judgment Pursuant to Federal Rule of Civil Procedure 54(b), ECF No. 354.
3    On July 10, 2025, the Court found William Ramey ("Ramey") had violated the Protective
4  Order "by sharing confidential material covered by that order with unauthorized parties, namely
5  attorneys employed by AiPi." Order, ECF No. 324, at 7:5-9. On November 19, 2025, the Court
6  ordered Ramey and his law firm to pay Netflix its reasonable fees by December 17, 2025. ECF No.
7  353, at 5:15-16.
8    On November 21, 2025, Ramey moved the Court "for entry of partial final judgment under
9  Federal Rule of Civil Procedure 54(b)" as to those Orders. Mot., ECF No. 354.
10   *No Basis Under Rule 54(b).*  Ramey's Motion should be denied in its entirety. Controlling
11 Supreme Court and Ninth Circuit authority prohibit immediate appeal of the Orders against Ramey,
12 and Rule 54(b) cannot be used to circumvent that prohibition.
13   In *Cunningham v. Hamilton County*, 527 U.S. 198 (1999), the Supreme Court unanimously
14 held that an order imposing monetary sanctions on an attorney under Rule 37(a)(4) (a former
15 attorney no longer representing any party) is not a "final decision" under 28 U.S.C. § 1291 and is
16 not immediately appealable while the underlying case remains pending. *Cunningham*, at 210.
17   The Ninth Circuit applied *Cunningham* directly to identical circumstances in *Stanley v.
18 Woodford*, 449 F.3d 1060 (9th Cir. 2006). There, a former attorney was sanctioned under § 1927
19 and the court's inherent power for violating a court order; the attorney was no longer counsel of
20 record and had no continuing role in the case. The Ninth Circuit held it lacked appellate jurisdiction
21 and dismissed the appeal. *Id*., at 1063 ("*Cunningham* effectively overruled earlier Ninth Circuit
22 decisions allowing immediate appeal by attorneys from orders imposing sanctions."). Since, the
23 Ninth Circuit has "held, as a categorical matter, that orders imposing sanctions under § 1927 may
24 not be immediately appealed[.]" *Caekaert v. Brumley*, No. 23-35329, 2024 WL 2717403, at *1 (9th
25 Cir. May 28, 2024). That is, *Cunningham* and *Stanley* bar immediate appeal of sanctions orders
26 against non-party attorneys regardless of the type of sanction. *Klestadt & Winters, LLP v. Cangelosi*,
27 672 F.3d 809, 817 (9th Cir. 2012) (collecting cases).
28

1
NETFLIX'S MEMORANDUM IN SUPPORT OF OPPOSITION TO RAMEY MOTION

The facts here are indistinguishable from *Cunningham*, *Stanley* and their progeny. Ramey is Valjakka's former counsel, sanctioned for violating this Court's Protective Order. Ramey has no continuing role in the case and the underlying action remains pending. *Cunningham* and *Stanley* therefore control, and foreclose any immediate appeal.

Ramey cites *Curtiss-Wright* and *Sears, Roebuck*, but those cases do not support his request. They involve separate substantive claims between parties, not collateral sanctions against non-parties. "District courts . . . do not have the discretion under Rule 54(b) to convert a non-final judgment into a final judgment. The district court cannot, in the exercise of its discretion under Rule 54(b), treat as final that which is not final within the meaning of § 1291." *Bates v. Bankers Life & Cas. Co.*, 848 F.3d 1236, 1237 (9th Cir. 2017).

***No Basis Under Section 1291(b).*** Certification under § 1292(b) requires "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981).

Ramey argues, "whether smaller law firms are allowed to affiliate services of lawyers while representing clients under the terms of a protective order where the Protective Order defines Outside Counsel of Record as 'attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party." Mot., at 7:1-8. Ramey's argument misstates the record.

First, Mr. Ramey's law firm is not "small". Ramey has been counsel of record in one-thousand four hundred and four (1,404) patent litigations, one hundred and ninety-eight (198) cases in 2025 alone.[1] Lamkin Decl., ¶¶ 4-6, Exh. A. Mr. Ramey is currently litigating one hundred and sixty-one (161) active cases and has settled one thousand two hundred and forty-three (1,243) patent cases. *Id.*, at ¶¶ 8, Exh. B.

---

[1] This Court may take judicial notice of Ramey's record on Docket Navigator. *See, e.g., Koji IP, LLC v. Renesas Elecs. Am., Inc.,* No. 24-CV-03089-PHK, 2025 WL 917110, at *7 (N.D. Cal. Mar. 26, 2025) (noting the number of Ramey's then-active cases and remarking on "the volume-focused and quick-settlement nature of the Ramey law firm's practice[.]")

Second, this Court's Orders were not based on a legal construction of terms in the Protective Order, but on this Court's careful parsing of the factual record, determinations that are unlikely to be overturned under the clearly erroneous standard on appeal. *See* Order, ECF No. 324, at 4. This is not a "controlling question of law." *In re Cement*, at 1026 ("While Congress did not specifically define what it meant by "controlling," the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.").

Finally, the Court's question was much narrower than Ramey's incongruent framing: did Ramey violate this protective order by giving Netflix "Highly Confidential – Attorneys' Eyes Only" material to AiPi, who worked for/as a third-party litigation funder and was not counsel of record. Whether small firms in general may use contract or affiliated lawyers is a red herring. The order doesn't regulate law-firm staffing; Ramey can use whomever he likes as "staff," but he must follow the Protective Order, including having any alleged "vendors" sign the PO.

As to prong three (3) of the *in re Cement* test, Ramey does not address, nor can he meet prong (3), *i.e.*, an immediate appeal will not materially advance the ultimate termination of the litigation. See *In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d, at 1026. An appeal of this Court's fair and correct Orders will do nothing to advance the ultimate termination of his litigation, litigation that is nearing its end. Piecemeal appeals of this litigation are not necessary nor warranted under the relevant tests.

***No basis for a stay.*** Finally, the request for a stay pending appeal should be denied as moot. Even if the Court were to certify, a stay is unwarranted. Ramey has shown no likelihood of success on the merits or serious legal question; the Court's finding of bad-faith violation of the Protective Order is well-supported and entitled to deference. Any harm to Ramey is purely monetary and recoverable with interest. Ramey claims financial hardship, but fails to support his claim. As noted above, Ramey's litigation record suggests he earns a substantial income, *supra*.

Finally, Ramey's request for equitable relief is inappropriate given the Court's finding of bad-faith conduct in violating the Protective Order.

Ramey's Motion should be denied in full.

3
NETFLIX'S MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION TO STAY

Dated: November 26, 2025                Respectfully submitted,

                                        By: */s/ Rachael Lamkin*
                                            Rachael Lamkin
                                            rachael.lamkin@bakerbotts.com
                                            Karan Singh Dhadialla
                                            karan.dhadialla@bakerbotts.com
                                            BAKER BOTTS, L.L.P.
                                            101 California Street, Suite 3200
                                            San Francisco, CA 94111
                                            Telephone: +1.415.291.6200
                                            Fax: +1.415.291.6300

                                            Sarah E. Piepmeier, Bar No. 227094
                                            SPiepmeier@perkinscoie.com
                                            Elise S. Edlin, Bar No. 293756
                                            EEdlin@perkinscoie.com
                                            PERKINS COIE LLP
                                            505 Howard Street, Suite 1000
                                            San Francisco, California 94105
                                            Telephone: +1.415.344.7000
                                            Facsimile: +1.415.344.7050

                                            Janice L. Ta (appearance *pro hac vice*)
                                            JTa@perkinscoie.com
                                            PERKINS COIE LLP
                                            405 Colorado Street, Suite 1700
                                            Austin, Texas 78701
                                            Telephone: +1.737.256.6100
                                            Facsimile: +1.737.256.6300

                                            Adam Hester, Bar No. 311206
                                            PERKINS COIE LLP
                                            33 E. Main Street, Ste. 201
                                            Madison, Wisconsin 53703
                                            AHester@perkinscoie.com
                                            Telephone: +650.838.4311

                                            **Attorneys for Defendant**
                                            **NETFLIX, INC.**