William P. Ramey, III (appearance *pro hac vice*)
wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone:     +1.713.426.3923
Facsimile:      +1.832.689.9175

*Attorneys for Non-Party*
*William P. Ramey, III*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| LAURI VALJAKKA,<br>  Plaintiff,<br><br>v.<br><br>NETFLIX, INC.,<br>  Defendant. | Case No. 4:22-cv-01490-JST<br><br>NONPARTY WILLIAM P. RAMEY AND RAMEY LLP'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER RULE 54(b) TO PERMIT APPEAL OF ORDER REQUIRING PAYMENT AND MOTION FOR STAY PENDING APPEAL<br><br>Date: January 8, 2026<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Crtrm: 6 – 2nd Floor |

**NONPARTY WILLIAM P. RAMEY AND RAMEY LLP'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER RULE 54(b) TO PERMIT APPEAL OF ORDER REQUIRING PAYMENT AND MOTION FOR STAY PENDING APPEAL**

Netflix's response falsely alleges that Ramey is not entitled to use Rule 54(b) and cites cases it alleges support its position.[1] However, the cases it cites are distinguishable. For example, in *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 202, 119 S. Ct. 1915, 1919, 144 L. Ed. 2d 184 (1999), the Supreme Court was resolving the question of "whether an order of Rule 37(a) sanctions against an attorney is immediately appealable under § 1291." There is no indication that Rule 54(b) of the Federal Rules of Civil Procedure was considered. As such, the case is distinguishable. Likewise, *Stanley v. Woodford*, 449 F.3d 1060, 1064–65 (9th Cir. 2006) and *Caekaert v. Brumley*, No. 23-35329, 2024 WL 2717403, at *1 (9th Cir. May 28, 2024) were limited to whether a direct appeal of a sanction under Section 1927 was available. The Ninth Circuit found that it was not, after *Cunningham*.[2] While these cases do stand for the proposition that a direct appeal of a sanctions order is not appealable as a collateral order, the cases do not mention or remark on Rule 54(b) and thus do not support Netflix's position.

In *Cunningham*, the Supreme Court acknowledged that there are a small category of cases "that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action."[3] The Court's Order finding a violation of the protective order is one of these orders as it is conclusive as to whether Ramey violated the protective order and resolves issues separate from the merits, i.e., whether certain individuals were authorized to receive Netflix's confidential information. The issue is completely distinct from the merits and an early appeal will not raise the concerns as noted in *Cunningham* that the sanctions order would be

---

[1] Doc. No. 358 at 1-3.
[2] *Stanley*, 449 F.3d at 1064–65.
[3] *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204, 119 S. Ct. 1915, 1920, 144 L. Ed. 2d 184 (1999).

inextricably intertwined with the merits of the action where the "evaluation of the appropriateness of sanctions may require the reviewing court to inquire into the importance of the information sought or the adequacy or truthfulness of a response."[4]  Thus, the Court's Order of Doc. No. 353 can be reviewed before a final judgment.

Netflix's remaining argument that *Bates v. Bankers Life & Cas. Co.*, 848 F.3d 1236, 1238 (9th Cir. 2017) supports its position is incorrect as the cases concerned the proposition of law that "[a]n order refusing to certify, or decertifying, a class does not of its own force terminate the entire litigation because the plaintiff is free to proceed on his individual claim."  Whether an order denying class certification is a final order is not an issue in this Motion.

In the alternative, the Court should certify the Order for interlocutory review under 28 U.S.C. § 1292(b) as immediate appeal will materially advance the termination of this collateral dispute without impeding the merits, and may avoid unnecessary enforcement proceedings, without affecting the merits of the main matter.

**CONCLUSION AND REQUESTED RELIEF**

William P. Ramey, III and Ramey LLP respectfully asks the Court to:

1. Enter partial final judgment under Rule 54(b) as to the November 19, 2025, Order ECF No. 353 requiring William P. Ramey, III and Ramey LLP to pay $95,000.00, with an express determination that there is no just reason for delay and an express direction to the Clerk to enter judgment on that Order;

---

[4] *Cunningham,* 527 U.S. at 205, 119 S. Ct. at 1920–21, 144 L. Ed. 2d 184.

2. In the alternative, certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b);

3. Stay enforcement of the payment order pending appeal under Rule 62(b); and,

4. Grant such other and further relief as the Court deems just and proper.

Dated: December 12, 2025                Respectfully submitted,

                                          **RAMEY LLP**

                                          */s/ William P. Ramey, III*
                                          William P. Ramey, III (pro hac vice)
                                          Email: wramey@rameyfirm.com
                                          RAMEY LLP
                                          5020 Montrose Blvd., Suite 800
                                          Houston, TX 77006
                                          Telephone: (713) 426-3923

                                          *Attorneys for Non-Party*
                                          *William P. Ramey, III*

# CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of December 12, 2025, with a copy of the foregoing via CM/ECF Filing.

*/s/ William P. Ramey, III*
William P. Ramey, III