UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURI VALJAKKA,<br><br>   Plaintiff,<br><br>   v.<br><br>NETFLIX, INC.,<br><br>   Defendant. | Case No. 22-cv-01490-JST<br><br>**ORDER DENYING MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT OR CERTIFICATION OF INTERLOCUTORY APPEAL**<br><br>Re: ECF No. 354 |

Before the Court is Nonparty William P. Ramey and Ramey LLP's motion seeking entry of partial final judgment under Federal Rule of Civil Procedure 54(b), or, in the alternative, certification of an interlocutory appeal under 28 U.S.C. § 1292(b). ECF No. 354. The Court denies the motion.

This is a patent infringement case brought by Plaintiff Lauri Valjakka against Netflix. On July 10, 2025, the Court issued an order imposing sanctions on attorney William Ramey and the law firm Ramey LLP, who then represented Valjakka. ECF No. 324 at 1, 8. The Court determined that Ramey had violated a stipulated protective order, ECF No. 56, by sharing with a third-party firm called AiPi, LLC, documents designated as confidential by Netflix. ECF No. 324 at 1, 3–4. After ordering supplemental briefing on the appropriate sanctions amount, the Court awarded $95,000 to Netflix. ECF No. 353 at 5. Ramey promptly filed the present motion. ECF No. 354 at 7–8. The Court stayed Ramey's obligation to pay the sanctions award until 28 days from a ruling on this motion. ECF No. 359 at 2.

28 U.S.C. § 1291 provides that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." Federal Rule of Civil Procedure 54(b) interacts with Section 1291 by providing, in relevant part, that "the court may

direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." "District courts, however, do not have the discretion under Rule 54(b) to convert a non-final judgment into a final judgment." *Bates v. Bankers Life & Cas. Co.*, 848 F.3d 1236, 1238 (9th Cir. 2017); *see also Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956) (holding that the district court may, under Rule 54(b), "release for appeal final decisions upon one or more, but less than all, claims," but that the district court may not "treat as 'final' that which is not 'final' within the meaning of § 1291").

In *Cunningham v. Hamilton County, Ohio*, the Supreme Court held that an order imposing sanctions on an attorney pursuant to Rule 37(a)(4) is not a final decision under Section 1291, even where the attorney no longer represents a party in the case. 527 U.S. 198, 200 (1999). In reaching this conclusion, the Court reasoned that "[a]ppellate review of a Rule 37(a) sanctions order [cannot] remain completely separate from the merits." *Id*. at 205. "An evaluation of the appropriateness of sanctions may require the reviewing court to inquire into the importance of the information sought or the adequacy or truthfulness of a response." *Id*. Moreover, "[t]o permit an immediate appeal from such a sanctions order would undermine the very purposes of Rule 37(a), which was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process." *Id*. at 208.

The Ninth Circuit has since expanded *Cunningham*'s holding to orders imposing sanctions on attorneys under Federal Rule of Civil Procedure 16, *Cato v. Fresno City*, 220 F.3d 1073, 1074 (9th Cir. 2000), and under 28 U.S.C. § 1927 or the court's inherent authority, *Stanley v. Woodford*, 449 F.3d 1060, 1064 (9th Cir. 2006). Although the Ninth Circuit has not squarely applied *Cunningham* to the Rule 37(b) sanctions that the Court imposed here, these cases are strongly suggestive: A district court may not enter partial final judgment under Rule 54(b) as to an award of sanctions against an attorney, because such an award is not a "final decision" within the meaning of Section 1291.[1]

Ramey also asks the Court to certify an interlocutory appeal under 28 U.S.C. § 1292(b).

---

[1] Ramey makes no attempt to argue that his case is distinguishable from *Cunningham*, *Cato*, or *Stanley* based on the authority under which sanctions were imposed. *See* ECF No. 360 at 2.

2

ECF 354 at 6–7.  Certification under § 1292(b) requires "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation."  *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981).

First, Ramey has not identified a "controlling question of law."  The Court's order granting sanctions did so because Ramey had violated a protective order "by sharing Netflix's confidential documents . . . with attorneys employed by third-party entity AiPi LLC."  ECF No. 324 at 3.  Its analysis therefore turned on its construction of the terms of the protective order and the nature of the relationship between Valjakka, Ramey, and the AiPi attorneys, which are not questions of law.  In his motion, Ramey argues that the controlling issue of law is the correct interpretation of language from the protective order defining "Outside Counsel of Record" as "attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party."  ECF No. 354 at 6–7.  However, Ramey does not identify which words or phrases are subject to reasonable dispute rising to the level of a "question of law" or otherwise explain the supposed legal issue.

Second, Ramey has not shown that an immediate appeal would materially advance the ultimate termination of the litigation.  "[A]n interlocutory appeal materially advances the termination of the litigation where it 'promises to advance the time for trial or to shorten the time required for trial.'"  *Allen v. ConAgra Foods, Inc.*, No. 3:13-CV-01279-WHO, 2019 WL 1466889, at *3 (N.D. Cal. Feb. 6, 2019) (quoting *Dukes v. Wal-Mart Stores, Inc.*, 01-cv-02252-CRB, 2012 WL 6115536, at *5 (N.D. Cal. Dec. 10, 2012)).  "The ultimate question is whether permitting an interlocutory appeal would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings."  *Id.*

In arguing that partial final judgment under Rule 54(b) was warranted, Ramey argued at length that an appeal of the sanctions award will neither advance nor delay the ultimate termination of the underlying litigation between the parties.  *See, e.g.*, ECF No. 354 at 3 ("The merits of the case between Plaintiff and Defendant remain ongoing and are not affected by [this

3

Court's orders granting sanctions against Ramey]."); *id*. at 5 ("The order turns on issues unique to Ramey . . . and does not depend on liability or damages in the main action."). And his motion states only that "[i]mmediate appeal may materially advance the termination of this collateral dispute without impeding the merits," but the absence of an *impediment* to the merits is insufficient to satisfy the third *Cement Antitrust Litigation* prong.

Ramey's requests for entry of final judgment under Rule 54(b) or for certification of an interlocutory appeal under Section 1292(b) are denied. Consequently, Ramey's motion for a stay of enforcement of the sanctions award pending appeal is denied as moot.

**IT IS SO ORDERED.**

Dated: February 23, 2026



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California