Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Janice L. Ta (admitted *pro hac vice*)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile:  +1.737.256.6300

*Attorneys for Defendant*
*NETFLIX, INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>            *Plaintiff*,<br>      v.<br><br>NETFLIX, INC.,<br><br>            *Defendant*. | Case No. 4:22-cv-01490-JST<br><br>**DECLARATION OF SARAH E. PIEPMEIER IN SUPPORT OF DEFENDANT NETFLIX, INC.'S MOTION FOR ATTORNEYS' FEES**<br><br>Judge:    Hon. Jon S. Tigar |

I, Sarah E. Piepmeier, hereby declare:

1.    I am an attorney with the law firm Perkins Coie LLP, based in San Francisco, California, and I am lead counsel representing Defendant Netflix, Inc. ("Netflix") in the above captioned matter.  I have personal knowledge of the facts set forth in this declaration and am competent to testify.

2.    In its Motion for Attorneys' Fees ("Motion"), Netflix seeks a fee award of $3 million dollars, which is less than half of Netflix's actual attorneys' fees and costs incurred, as set forth below.

3.    Attached as Exhibit ZV is a true and correct copy of Perkins Coie's invoices to Netflix since we were retained for this matter in September 2021, through January 2026.  We have added blue highlighting to indicate attorney and paralegal time that was part of Netflix's request for attorneys' fees related to violations of the case Protective Order by Valjakka's outside counsel, which the Court previously addressed in granting Netflix its requested fee award as a sanction.  *See* ECF No. 353.  We have omitted the blue highlighted time from Netflix's requested attorneys' fees.

4.    Attached as Exhibit ZW is a summary I prepared based on the draft Perkins Coie invoices for attorney time and other expenses incurred in February and March 2026 that have not yet been invoiced to Netflix.  Upon request, I am willing to provide a true and correct copy of this invoice reflecting these fees and expenses after Perkins Coie submits them to Netflix.

5.    Below are the qualifications of some of the Perkins Coie timekeepers who provided services to Netflix throughout this matter.  I also provide the billing rates for these timekeepers throughout the time the timekeeper billed to Netflix, and the prevailing rates for intellectual property attorneys in the San Francisco Bay Area.  Netflix, a sophisticated client, has endorsed these qualifications and billing rates through its selection of counsel.

6.    To be conservative, Netflix is not seeking fees for work performed by any attorney at Perkins Coie who billed under 100 hours to this matter.  Netflix is also not seeking fees for any work performed by paralegals or other timekeeping professionals.  That is, Netflix is not seeking a fee award for approximately ███████ in billed work performed by twenty-one current and former

Perkins Coie timekeepers, but instead only for work performed by the eight attorneys most significantly involved in this case who are identified below. *See generally* Exhibit ZU for information about billed work performed by these additional timekeepers.

7. I received a Bachelor of Arts Degree from Wellesley College, *cum laude*, in 1996. I received my J.D. from New York University School of Law in 2003, where I was an Editor on the Annual Survey of American Law. Since 2003, I have practiced as an intellectual property litigator (with a focus on patent litigation) around the country, but I have been based in San Francisco since 2003. I have been a partner since 2011 (first at Kirkland & Ellis, and now at Perkins Coie) and am currently a member of the Executive Committee of Perkins Coie. I have received various legal awards over the past twenty years, including California Lawyer of the Year (in 2019) and an individual ranking in Chambers for the past several years. For many years I have been fortunate to have had a broad base of clients, chiefly in the tech space, who routinely retain me as lead trial counsel in large intellectual property litigation matters.

8. My billed rates for this matter were ███ per hour (2021-2023) and ███ per hour (2024-). I am informed and believe that these rates were reasonable and customary for an attorney of my experience and caliber practicing in the San Francisco Bay Area from 2021 to the present. According to an AIPLA 2023 survey, the first quartile and third quartile average hourly billing rates in 2022 for an intellectual property partner in the San Francisco Bay Area were $534 and $1,546, respectively. *See* Exhibit ZX, which is a true and correct copy of that AIPLA 2023 survey. My rates billed to Netflix throughout this matter have been within this range, despite the survey reporting market rates from several years ago. In addition, the first quartile and third quartile average hourly billing rate in 2022 for an intellectual property partner in firms with more than 150 full-time intellectual property lawyers and agents, like Perkins Coie, were $768 and $1,313, respectively. *See* Exhibit ZX. My rates billed to Netflix in this matter were also within this range, despite the survey reporting market rates from several years ago.

9. Elise Edlin received a Bachelor of Science Degree in Biological Science from the University of California, Santa Barbara in 2000. She received her J.D. from the University of California, Berkeley School of Law in 2013. For more than a decade, she has practiced as an

intellectual property litigator (with a focus on patent litigation) in the greater San Francisco Bay Area. She was elevated to partner at Perkins Coie in 2023.

10. Ms. Edlin's billed rates for this matter were ███ per hour (2021-2023) and ███ per hour (2024-2026). I am informed and believe that these rates were reasonable and customary for an attorney of her experience and caliber practicing in the San Francisco Bay Area from 2021 to January 2026.

11. Ms. Edlin was a partner-track senior associate at Perkins Coie in 2021 and 2022. According to an a AIPLA 2023 survey, the first quartile and third quartile average hourly billing rates in 2022 for an intellectual property partner-track attorney in the "Other West" region were $680 and $1,266, respectively. *See* Exhibit ZX. Ms. Edlin's rate billed to Netflix in 2021 and 2022 for this matter was within this range.

12. Ms. Edlin was a partner at Perkins Coie from 2023 until January 2026. According to the AIPLA 2023 survey, the first quartile and third quartile average hourly billing rates in 2022 for an intellectual property partner in the San Francisco Bay Area were $534 and $1,546, respectively. *See* Exhibit ZX. Ms. Edlin's rates billed to Netflix in this matter from 2023 to January 2026 were within this range, despite the survey reporting market rates from several years earlier. In addition, the first quartile and third quartile average hourly billing rate in 2022 for an intellectual property partner in firms with more than 150 full-time intellectual property lawyers and agents, like Perkins Coie, were $768 and $1,313, respectively. Ms. Edlin's rates billed to Netflix in this matter from 2023 to January 2026 were also within this range, despite the survey reporting market rates from several years earlier.

13. Adam Hester is a partner-track associate at Perkins Coie. Mr. Hester received a Bachelor of Science degree *summa cum laude* from Creighton University, where he studied physics, in 2012. Mr. Hester received his J.D. *cum laude* from the University of Michigan Law School in 2016. Since 2016, Mr. Hester has practiced as an intellectual property litigator (with a focus on patent litigation), including in the greater San Francisco Bay Area (2016-2021). Mr. Hester is now based out of Perkins Coie's Madison, Wisconsin office, but he maintains a national practice. Mr. Hester has represented numerous patent owners and accused infringers in District

Court cases from major patent venues such as the Northern and Central Districts of California, the Eastern and Western Districts of Texas, and the District of Delaware, as well as in other fora (the U.S. Patent and Trademark Office's Patent Trial and Appeal Board and the International Chamber of Commerce Arbitration).

14.     Mr. Hester's billed rate for this matter is ███ per hour (2024-).  I am informed and believe that this rate was reasonable and customary for an attorney of Mr. Hester's experience and caliber practicing in the San Francisco Bay Area from 2024 to the present.  According to an a AIPLA 2023 survey, the first quartile and third quartile average hourly billing rates in 2022 for an intellectual property partner-track attorney in the "Other West" region were $680 and $1,266, respectively.  *See* Exhibit ZX.  Mr. Hester's rate billed to Netflix in this matter is within this range, despite the survey reporting market rates from several years earlier.

15.     Brianna Kadjo was a partner-track associate at Perkins Coie until 2024.  Ms. Kadjo received a Bachelor of Science Degree in Computer Engineering, *cum laude*, from the Georgia Institute of Technology in 2008.  She received her J.D. from American University Washington College of Law in 2014.  Since 2015, Ms. Kadjo has been a registered patent with the United States Patent and Trademark Office.  For roughly a decade, she practiced as an intellectual property litigator (with a focus on patent litigation) including in the San Francisco Bay Area (2014-2019).  Prior to law school, Ms. Kadjo worked as a Semiconductor Manufacturing Engineer for Texas Instruments.

16.     Ms. Kadjo's billed rates for this matter were ███ per hour (2021-2023) and ███ per hour (2024).  I am informed and believe that these rates were reasonable and customary for an attorney of her experience and caliber practicing in the San Francisco Bay Area from 2021-2024.  According to an a AIPLA 2023 survey, the first quartile and third quartile average hourly billing rates in 2022 for an intellectual property partner-track attorney in the "Other West" region were $680 and $1,266, respectively.  *See* Exhibit ZX. Ms. Kadjo's rates billed to Netflix in this matter were within this range.

17.     Angela Griggs was a partner-track associate at Perkins Coie until 2024.  Ms. Griggs received a Bachelor of Science Degree in Neuroscience from the University of Michigan in 2011,

and a Master of Science Degree in Basic Medical Sciences from Wayne State University in 2014. Ms. Griggs received her J.D. from UC Berkeley School of Law in 2021. Ms. Griggs was recognized by Best Lawyers as "Ones to Watch for Litigation – Intellectual Property Law; Litigation – Patent" in 2023 and 2024.

18. During the period relevant to Netflix's fee request, Ms. Griggs's billed rate for this matter was ▆▆ per hour (2021-2023) and ▆▆ per hour (2024). I am informed and believe that this rate is reasonable and customary for an attorney of her experience and caliber practicing in the San Francisco Bay Area. According to an a AIPLA 2023 survey, the first quartile and third quartile average hourly billing rates in 2022 for an intellectual property partner-track attorney in the "Other West" region were $680 and $1,266, respectively. *See* Exhibit ZX. Ms. Griggs' rates billed to Netflix in this matter were ▆▆▆▆.

19. Jassiem Moore is a partner-track associate at Perkins Coie. Mr. Moore received a Bachelor of Science Degree in Computer Science from Clemson University in 2014. He received his J.D. from the Northwestern Pritzker School of Law, *cum laude*, in 2020. Since 2021, Mr. Moore has been a registered patent with the United States Patent and Trademark Office. Mr. Moore has been recognized by Best Lawyers as "Ones to Watch for Litigation – Patent Law" each year since 2023 and was recently recognized as "Ones to Watch for Litigation – Intellectual Property Law" for this year. Prior to law school, Mr. Moore worked as a Software Development Engineer for Amazon.

20. During the period relevant to Netflix's fee request, Ms. Moore's billed rate for this matter was ▆▆ per hour (2022-2023) and ▆▆ per hour (2024). I am informed and believe that these rates were reasonable and customary for an attorney of his experience and caliber practicing in the San Francisco Bay Area from 2022-2024. According to an a AIPLA 2023 survey, the first quartile and third quartile average hourly billing rates in 2022 for an intellectual property partner-track attorney in the "Other West" region were $680 and $1,266, respectively. *See* Exhibit ZX. Mr. Moore's original rate for this matter ▆▆▆▆, and his subsequent rate was within this range despite the survey reporting market rates from several years earlier.

21.     Jennifer Hewitt was a partner-track associate at Perkins Coie until 2024. Ms. Hewitt received a Bachelor of Science Degree in Educational Technology from New York University in 2019. She received her J.D. from UC Berkley School of Law in 2022.

22.     During the period relevant to Netflix's fee request, Ms. Hewitt's billed rate for this matter was ████ per hour (2022-2023) and ████ per hour (2024). I am informed and believe that these rates were reasonable and customary for an attorney of her experience and caliber practicing in the San Francisco Bay Area. According to an a AIPLA 2023 survey, the first quartile and third quartile average hourly billing rates in 2022 for an intellectual property partner-track attorney in the "Other West" region were $680 and $1,266, respectively. *See* Exhibit ZX. Ms. Hewitt's rates billed to Netflix in this matter were ████████.

23.     Jessica Delacenserie is a partner-track associate at Perkins Coie. Ms. Delacenserie received a Bachelor of Science Degree in Computer Science from the University of Utah in 2016. She received her J.D. from The Georgie Washington University Law School in 2020. Prior to law school, Ms. Delacenserie worked as a Software Development Engineer for Amazon.

24.     During the period relevant to Netflix's fee request, Ms. Delacenserie billed rate for this matter was ████ per hour (2022). I am informed and believe that these rates were reasonable and customary for an attorney of his experience and caliber practicing in the San Francisco Bay Area from 2022-2024. According to an a AIPLA 2023 survey, the first quartile and third quartile average hourly billing rates in 2022 for an intellectual property partner-track attorney in the "Other West" region were $680 and $1,266, respectively. *See* Exhibit ZX. Ms. Delacenserie's billed rate for this matter ████████.

25.     I am familiar with the procedures used by Perkins Coie attorneys and staff members in maintaining their time. Attorneys and staff members typically record, in tenths of an hour, the time spent on specific tasks for their work that day.

26.     Baker Botts LLP also represents Netflix in this matter. Netflix is also submitting a declaration from Rachael Lamkin including Baker Botts's invoices and summarizing the qualifications of the Baker Botts timekeepers who provided service to Netflix in this matter and for

whom Netflix seeks an award of attorneys' fees.  Ms. Lamkin has concurred in the filing of this declaration.

27.    The table below summarizes the total work performed by attorneys at Perkins Coie and Baker Botts related to this matter and for which Netflix seeks an award of its attorneys' fees. The total fees billed to Netflix for these timekeepers was ████████.  The information contained below is reflected in the invoices and summaries of time to be billed submitted with this declaration and the Declaration of Rachael Lamkin.  Again, Netflix only seeks a fee award of $3 million but provides the table below to confirm for the Court that the amount of fees Netflix actually incurred is significantly greater even when looking at only the Perkins Coie and Baker Botts attorneys who spent significant time (100+ hour) on this matter.

| Attorney | Firm | Total Billed Hours | Rates Charged to Netflix | Total Fees |
|---|---|---|---|---|
| Sarah Piepmeier | Perkins Coie | 663.60 | ██████████ ████████ | ████████ |
| Elise Edlin | Perkins Coie | 1446.70 | ██████████ ██████ | ████████ |
| Adam Hester | Perkins Coie | 211.70 | ██████ | ██████ |
| Brianna Kadjo | Perkins Coie | 403.40 | ████████ ██████ | ██████ |
| Angela Griggs | Perkins Coie | 856.20 | ████████ ██████ | ██████ |
| Jassiem Moore | Perkins Coie | 901.70 | ████████ ██████ | ██████ |
| Jennifer Hewitt | Perkins Coie | 1000.00 | ████████ ██████ | ██████ |
| Jessica Delacenserie | Perkins Coie | 163.20 | ██████ | ██████ |
| Rachael Lamkin | Baker Botts | 883.2 | ██████ | ██████ |

| Attorney | Firm | Total Billed Hours | Rates Charged to Netflix | Total Fees |
|---|---|---|---|---|
| Ariel House | Baker Botts | 207.10 | ███ | ███ |
| Cailyn Knapp | Baker Botts | 273.5 | ███ | ███ |
| Thomas Carter | Baker Botts | 457.7 | ███ | ███ |
| Herkiran Gill | Baker Botts | 142.0 | ███ | ███ |
| Linus Nemiroff | Baker Botts | 473.9 | ███ | ███ |

28.    Attached hereto as Exhibit A is a true and correct copy of an email chain between William Ramey and Eric Morehouse, et al., regarding "money," dated August 18 through 20, 2023 (page numbers added).  On April 13, 2026, outside counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

29.    Attached hereto as Exhibit B is a true and correct copy of a certified translated version of an agreement between Lauri Valjakka and CDN Licensing Finland Oy related to the '102 patent, dated December 31, 2021.  The original Finnish-language version bears Bates No. LV2_000410-LV2_000413, and this English-language translation bears Bates No. NFX-VALJ00011043-NFX-VALJ-00011046.   Valjakka originally produced the Finnish-language versions of this agreement (which relates to the '102 patent) as well as a similar agreement for the '167 patent (LV2_000799-LV2000816, translated and filed as ECF No. 126-03), on May 15, 2023, as part of his "LV2 VOL 001" production.  Discovery had closed on May 12, a few days prior to the production, although the Court would later extended discovery out to June 14 based on a then-pending motion filed by Valjakka.  *See* ECF No. 98.

30.    Attached hereto as Exhibit C is a true and correct copy of a Firm Profile from DocketNavigator        regarding        Ramey        LLP,        located        at https://search.docketnavigator.com/patent/firm/29876/0, and last accessed on April 8, 2026.

31.     Attached hereto as Exhibit D is a true and correct copy of a print-out from Ramey LLP of "Our Team," located at https://www.rameyfirm.com/about/attorneys, and last accessed April 8, 2026.

32.     Attached hereto as Exhibit E is a true and correct copy of the April 17 Declaration of Erick Robinson, as well as exhibits A-D thereto.  With permission of Mr. Robinson, I affixed his electronic signature to the declaration, and he has concurred in the filing of this declaration.  On April 13, 2026, outside counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials (included among the exhibits to Mr. Robinson's declaration) may be filed publicly.

33.     Attached hereto as Exhibit F is a true and correct copy of an email between Erik Lund and Erick Robinson, et al, dated October 29, 2021, forwarding additional emails from Erick Robinson and Jim Day dated the same day (page numbers added).  On April 13, 2026, outside counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

34.     Attached hereto as Exhibit G is a true and correct copy of an email chain between Onni Hietalahti, Eric Morehouse, Lauri Valjakka, Erik Lund and et al, dated October 28, 2021 through November 3, 2021 (page numbers added).  The top email in this chain attaches Exhibit M, discussed below.  On April 13, 2026, outside counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

35.     Attached hereto as Exhibit H is a true and correct copy of a letter from Onni Hietalhati entitled "Ownership of patent application No. US10/208685 and subsequent patent No. US 8,495,167 between years 2005 – 2014," dated Nov. 3, 2021.  On April 13, 2026, outside counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

36.     Attached hereto as Exhibit I is a true and correct copy of an email chain between William Ramey, Eric Morehouse, and Erik Lund regarding opinion of counsel, dated November 15-17, 2021, including forwarded email correspondence between Erick Robinson, Jim Day, and Erik Lund from November 8-15, 2021 (page numbers added). On April 13, 2026, outside counsel

-9-

(Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

37.    Attached hereto as Exhibit J is a true and correct copy of an email chain between Erick Robinson, and Eric Morehouse regarding withdrawal from cases and expense reimbursement, dated November 13, 2021 (page numbers added).  On April 13, 2026, outside counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

38.    Attached hereto as Exhibit K is a true and correct copy of an email chain between Onni Hetalahti, Eric Morehouse, Erik Lund, and Lauri Valjakka regarding Opinion of Counsel, dated November 12, 2021 (page numbers added).  On April 13, 2026, outside counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

39.    Attached hereto as Exhibit L is a true and correct copy of an email chain between Onni Hetalahti, Erik Lund, Eric Morehouse, and Lauri Valjakka regarding Legal Opinion re Ownership, dated November 15-16, 2021 (page numbers added).  On April 13, 2026, outside counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

40.    Attached hereto as Exhibit M is a true and correct copy of "Opinion Regarding Ownership of Patent No. US 8,495,167," dated November 16, 2021.  On April 13, 2026, outside counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

41.    Attached hereto as Exhibit N is a true and correct copy of an email between William Ramey and Eric Morehouse, regarding Rule 408 Discussion, dated December 3, 2021, including a forwarded email chain between Jim Day to William Ramey et al., dated November 29 through December 2, 2021 (page numbers added).  On April 13, 2026, outside counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

42.    Attached hereto as Exhibit O is a true and correct copy of an email chain between Lauri Valjakka, Eric Morehouse, Onni Hetalahti, and Erik Lund dated December 7-9, 2021 (page

DECL. OF S. PIEPMEIER ISO NETFLIX INC.'S
MOTION FOR ATTORNEYS' FEES

numbers added). On April 13, 2026, outside counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

43. Attached hereto as Exhibit P is a true and correct copy of a certified translation of page 4 of Exhibit U from Finnish into English and a declaration from the translator. On April 13, 2026, outside counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

44. Attached hereto as Exhibit Q is a true and correct copy of an email between William Ramey, Eric Morehouse, and Erik Lund regarding Rule 408 Discussion, dated November 29-December 5, 2021 (page numbers added).

45. Attached hereto as Exhibit R is a true and correct copy of an email from William Ramey to Eric Morehouse and Erik Lund regarding the term sheet for Lawrie, dated December 3, 2021 (page numbers added).

46. Attached hereto as Exhibit S is a true and correct copy of an email chain between Eric Morehouse and Lauri Valjakka regarding IP ownership returning of rights – Assignment Attached, dated December 27, 2021 (page numbers added). On April 13, 2026, outside counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

47. Attached hereto as Exhibit T is a true and correct copy of a letter from me to William Ramey and Susan Kalra regarding Continued Litigation Misconduct, dated December 12, 2022. Among the issues Netflix raised with Valjakka and Mr. Ramey in this letter was their improper litigation conduct. *See* pages 3-4. As set forth in the letter, counsel for Valjakka (i.e., Mr. Ramey) "ignored countless emails, failed to prepare joint filings, missed deadlines, and failed to attend meet and confers scheduled around counsel's calendar." *See* page 4.

48. Attached hereto as Exhibit U is a true and correct copy of an email from Eric Morehouse to himself (at a different email address), forwarding an email chain between himself, Onni Hietalahti, William Ramey, Lauri Valjakka, et al. Morehouse's email is dated October 3, 2022, and the chain spans May 3, 2022 through September 19, 2022. On April 13, 2026, outside

counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

49.    Attached hereto as Exhibit V is a true and correct copy of Valjakka's Infringement Contentions for Netflix regarding to U.S. Patent No. 8,495, 167, bearing Bates Nos. LV000001-LV000045.

50.    Attached hereto as Exhibit W is a true and correct copy of a letter from me to William Ramey and Susan Kalra regarding Infringement Contentions, dated August 19, 2022.

51.    Attached hereto as Exhibit X is a true and correct copy of Valjakka's Supplemental Infringement Contentions for Netflix regarding U.S. Patent Nos. 8,495, 167 and 10,726,102.

52.    Attached hereto as Exhibit Y is a true and correct copy of a letter from me to William Ramey and Susan Kalra regarding Litigation Misconduct & Deficient Contentions, dated June 23, 2023.

53.    Attached hereto as Exhibit Z is a true and correct copy of Lauri Valjakka's Disclosure of Damage Contentions, dated August 22, 2022.

54.    Attached hereto as Exhibit ZA is a true and correct copy of a letter from Elise Edlin to William Ramey and Susan Kalra regarding discovery deficiencies in Damages Contentions, dated August 25, 2022.

55.    Attached hereto as Exhibit ZB is a true and correct copy of Lauri Valjakka's Revised Disclosure of Damage Contentions, dated September 1, 2022.  Information in this document was designated by Netflix as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the case protective order.

56.    Attached hereto as Exhibit ZC is a true and correct copy of a document entitled "Litigation Management and Funding Agreement" between Lauri Valjakka and AiPi, LLC dated September 15, 2021.  This document was previously filed publicly after confirming with the producing party (AiPi) that it did not need to be filed under seal.  *See AiPi, LLC v. Netflix, Inc.* Misc. Action No. 1:24mc2, ECF No. 92-3.

57.    Attached hereto as Exhibit ZD is a true and correct copy of Netflix's First Set of Requests for Production to Plaintiff Lauri Valjakka (Nos. 1-45), dated June 9, 2022.

58.     Attached hereto as Exhibit ZE is a true and correct copy of a letter from Elise Edlin regarding discovery deficiencies, dated July 22, 2022.

59.     Attached hereto as Exhibit ZF is a true and correct copy of a letter from Janice Ta to William Ramey regarding discovery deficiencies, dated October 6, 2022.

60.     Attached hereto as Exhibit ZG is a true and correct copy of a letter from Elise Edlin to William Ramey and Susan Kalra regarding discovery deficiencies, dated November 9, 2022.

61.     Attached hereto as Exhibit ZH is a true and correct copy of a letter from Elise Edlin to William Ramey and Susan Kalra regarding discovery deficiencies, dated March 1, 2023

62.     Attached hereto as Exhibit ZI is a true and correct copy of an email chain between Erik Lund, Erick Morehouse, and William Ramey regarding Valjakka's Amended Complaint, dated November 14, 2022 (page numbers added).  On April 13, 2026, outside counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

63.     Attached hereto as Exhibit ZJ is a true and correct copy an email from William Ramey to Eric Morehouse, Eric Lund, et al, dated August 16, 2023, forwarding an email chain between counsel for Netflix and Valjakka from between May 18 and August 16, 2023 (page numbers added).  AiPi (the producing party) confirmed that its produced materials may be filed publicly. Additionally, the document includes information that Netflix designated confidential under the protective order.

64.     Attached hereto as Exhibit ZK is a true and correct copy of email chain between Eric Morehouse, William Ramey, Eric Lund, et al., regarding a 101 motion in the *Valjakka v. Netflix*, dated December 27, 2021 (page numbers added).  On April 13, 2026, outside counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

65.     Attached hereto as Exhibit ZL is a true and correct copy of an email from William Ramey to Eric Lund regarding 102 Supplemental Infringement Contentions, dated December 30, 2022 (page numbers added).  On April 13, 2026, outside counsel (Brendan Klaproth) for AiPi (the producing party) confirmed via email that its produced materials may be filed publicly.

66. Attached hereto as Exhibit ZM is a true and correct copy of the search results for "E- Lund" on the Northern District of California's Membership Status website, available at https://cand.uscourts.gov/attorneys/attorney-bar-membership-status, last accessed on April 8, 2026. No individual named "Erik Lund" is listed in the results.

67. Attached hereto as Exhibit ZN is a true and correct copy of the search results for "E-Morehouse" on the Northern District of California's Membership Status website, available at https://cand.uscourts.gov/attorneys/attorney-bar-membership-status, last accessed on April 8, 2026. No individual named "Eric Morehouse" is listed in the results.

68. Attached hereto as Exhibit ZO is a true and correct copy of the search results for "K- Sheets" on the Northern District of California's Membership Status website, available at https://cand.uscourts.gov/attorneys/attorney-bar-membership-status, last accessed on April 8, 2026. No individual named "Ken Sheets" is listed in the results.

69. Attached hereto as Exhibit ZP is a true and correct copy of an email from Eric Morehouse to Erick Robinson et al, entitled "Netflix Complaint – IPRA/Lauri," and dated August 24, 2021. The email was produced as AiPi0000105.

70. Attached hereto as Exhibit ZQ is a true and correct copy of the Declaration of Eric Morehouse, *AiPi, LLC v. Netflix, Inc.*, No. 1:24-mc-00002 (LMB/WEF) (E.D. Va. July 22, 2024), ECF No. 17-2.

71. Attached hereto as Exhibit ZR is a true and correct copy of the Declaration of William Ramey, III, *Cal. Innovations Inc. v. Ice Rover, Inc.*, No. 1:22-cv-01986 (D. Colo., Dec. 14, 2023), ECF No. 61-1 as well as an attachment to that document compromising a listing of cases, filed as ECF No. 61-2.

72. Attached hereto as Exhibit ZS is a true and correct copy of the search results for "Lund" on the Western District of Texas's Web Server Public Attorney Lookup, available at https://ecf.txwd.uscourts.gov/cgi-bin/addrbook.cgi, last accessed on April 8, 2026. "Erik Lund" appears in the results with an admission date of August 17, 2023.

73. Attached hereto as Exhibit ZT is a true and correct copy of the search results for "E-Morehouse" on the Western District of Texas's Web Server Public Attorney Lookup, available at

-14-    4:22-CV-01490-JST
DECL. OF S. PIEPMEIER ISO NETFLIX INC.'S
MOTION FOR ATTORNEYS' FEES

https://ecf.txwd.uscourts.gov/cgi-bin/addrbook.cgi, last accessed on April 8, 2026.  No individual named "Eric Morehouse" is listed in the results.

74.     Attached hereto as Exhibit ZU is a true and correct copy of the search results for "K- Sheets" on the Western District of Texas's Web Server Public Attorney Lookup, available at https://ecf.txwd.uscourts.gov/cgi-bin/addrbook.cgi, last accessed on April 8, 2026.  "Ken M. Sheets" appears in the results with an admission date of October 13, 2023.

75.     In the correspondence between counsel for Valjakka and Akamai, it appears that Akamai sent (or at least directed Valjakka's counsel to) English-language copies of the Finnish Court Order and certain prior art, and it appears that Valjakka's counsel communicated two opinions of counsel related to the "ownership issue."  Netflix did not receive the correspondence, or these related documents, from Valjakka during discovery.  Netflix only obtained the copies of the materials in Exhibits I-S (among thousands of other documents) from AiPi in 2025 (more than a year after Valjakka's claims had been dismissed) as a result of a third-party subpoena related to Netflix's CUVTA.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed on April 17, 2026 in Chicago, Illinois.

/s/ Sarah E. Piepmeier
Sarah E. Piepmeier