RACHAEL LAMKIN (SBN 246066)
rachael.lamkin@bakerbotts.com
KARAN DHADIALLA (SBN 296313)
karan.dhadialla@bakerbotts.com
BAKER BOTTS L.L.P.
101 California St., Suite 3200
San Francisco, CA  94111
Telephone: +1.415.291.6200
Fax: +1.415.291.6300

*Attorneys for Defendant*
*NETFLIX, INC.*

(*Additional counsel listed in signature block*)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX, INC.,<br><br>Defendant. | Case No.: 4:22-cv-01490-JST<br><br>**NETFLIX, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER A THIRD-PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge:      Hon. Jon S. Tigar |

Pursuant to Hon. Jon S. Tigar's Standing Order Governing Administrative Motions to File Material Under Seal and Local Rule 79-5 Defendant Netflix, Inc. ("Netflix") hereby submits this Administrative Motion to Consider Whether a Third-Party's Material Should Be Sealed. On April 17, 2026, Netflix filed its Motion for Attorneys' Fees. Dkt. No. 388. Netflix's Motion for Attorneys' Fees references certain emails obtained from AiPi, LLC, Plaintiff Lauri Valjakka's litigation funders, as a part of the court-ordered forensic discovery in the United States District Court for the Eastern District of Virginia. Plaintiff's prior counsel, William Ramey, notified Netflix that he intends to assert that these emails are protected by the work-product doctrine and the common-interest privilege. Accordingly, Netflix requested removal of the publicly-filed versions of these emails from the Court's docket and, pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), files the present motion for a

1

determination of William Ramey's claim. Netflix does not agree that these emails contain any confidential or privileged information as will be explained in further detail in a response under Local Rule 79-5(f)(4) to any claim made by William Ramey.

For purposes of this Motion, and pursuant to Local Rule 79-5(f)(1), Netflix provides the following documents or portions of that have been identified by William Ramey:

| Document | Portions to be Considered to be Sealed | Designating Party |
|---|---|---|
| Exhibit A (email chain between William Ramey and Eric Morehouse, et al., dated August 18-20, 2023), previously filed as ECF No. 388-2 (Piepmeier Decl., Ex. A) | Entire document | William Ramey asserts work-product doctrine and/or common-interest privilege |
| Exhibit B (email chain between William Ramey, Eric Morehouse, and Erik Lund regarding opinion of counsel, dated November 15-17, 2021), previously filed as ECF No. 388-10 (Piepmeier Decl., Ex. I) | Entire document | William Ramey asserts work-product doctrine and/or common-interest privilege |
| Exhibit C (email between William Ramey and Eric Morehouse, dated December 3, 2021, including a forwarded email chain between Jim Day to William Ramey et al., dated November 29 through December 2, 2021), previously filed as) ECF No. 388-15 (Piepmeier Decl., Ex. N) | Entire document | William Ramey asserts work-product doctrine and/or common-interest privilege |
| Exhibit D (email between William Ramey, Eric Morehouse, and Erik Lund, dated November 29- December 5, 2021), previously filed as ECF No. 388-18 (Piepmeier Decl., Ex. Q) | Entire document | William Ramey asserts work-product doctrine and/or common-interest privilege |
| Exhibit E (email from William Ramey to Eric Morehouse and Erik Lund, dated December 3, 2021), previously filed as ECF No. 388-19 (Piepmeier Decl., Ex. R) | Entire document | William Ramey asserts work-product doctrine and/or common-interest privilege |
| Exhibit F (email chain between Erik Lund, Erick Morehouse, and William Ramey, dated November 14, 2022), previously filed as ECF No. 388-36 (Piepmeier Decl., Ex. ZI) | Entire Document | William Ramey asserts work-product doctrine and/or common-interest privilege |

| Exhibit G (email from William Ramey to Eric Morehouse, Eric Lund, et al, dated August 16, 2023, forwarding an email chain between counsel for Netflix and Valjakka from between May 18 and August 16, 2023), previously filed as ECF No. 388-37 (Piepmeier Decl., Ex. ZJ) | Entire Document | William Ramey asserts work-product doctrine and/or common-interest privilege |
|---|---|---|
| Exhibit H (email chain between Eric Morehouse, William Ramey, Eric Lund, et al., dated December 27, 2021), previously filed as ECF No. 388-38 (Piepmeier Decl., Ex. ZK) | Entire Document | William Ramey asserts work-product doctrine and/or common-interest privilege |
| Exhibit I (email from William Ramey to Eric Lund, dated December 30, 2022), previously filed as ECF No. 388-39 (Piepmeier Decl., Ex. ZL) | Entire document | William Ramey asserts work-product doctrine and/or common-interest privilege |

This motion is supported by the Lamkin Declaration and is being concurrently filed with a Proposed Order pursuant to this Court's Standing Order Governing Administrative Motions to File Material Under Seal.

Dated: May 15, 2026                    Respectfully submitted,


By: */s/ Rachael Lamkin*
Rachael Lamkin
rachael.lamkin@bakerbotts.com
Karan Dhadialla
karan.dhadialla@bakerbotts.com
BAKER BOTTS, L.L.P.
101 California Street, Suite 3200
San Francisco, CA  94111
Telephone: +1.415.291.6200
Fax: +1.415.291.6300

Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Elise S. Edlin, Bar No. 293756
EEdlin@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

3

NETFLIX INC.'S ADMIN. MOTION TO CONSIDER WHETHER
A THIRD-PARTY'S MATERIAL SHOULD BE SEALED                    CASE NO.: 4:22-CV-01490-JST

Janice L. Ta, (appearance pro hac vice)
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

*Attorneys for Defendant, NETFLIX, INC.*

4