William P. Ramey, III (admitted *pro hac vice*)
wramey@rameyfirm.com
RAMEY LLP
446 Heights Blvd., Suite 200
Houston, Texas 77007
Telephone: +1.713.426.3923
Facsimile: +1.832.689.9175

Attorneys for William P. Ramey, III
and Ramey LLP

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>          Plaintiff,<br><br>     v.<br><br>NETFLIX, INC.,<br><br>          Defendant. | Case No. 4:22-cv-01490-JST<br><br>**NOTICE OF AND MOTION TO STRIKE PRIVILEGED COMMUNICATIONS FROM NETFLIX, INC.'S MOTION FOR ATTORNEYS' FEES (ECF 388) & MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: July 2, 2026<br>Time: 2:00 p.m.<br>Place: Courtroom 6<br>Judge: Hon. Jon S. Tigar |

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................2

I.  INTRODUCTION .................................................................................................................2

II.  BACKGROUND...................................................................................................................3

    A.  The challenged exhibits are internal litigation communications ..............................3

    B.  The EDVA subpoena and AiPi's compelled production ...........................................4

    C.  This Court denied Netflix's motion to join AiPi.

III.  LEGAL STANDARD............................................................................................................4

    A.  The work-product doctrine protects attorney mental impressions and litigation materials.......4

    B.  The common-interest doctrine protects communications among aligned counsel .................................................................................................................5

    C.  Compelled production by a non-party does not waive the attorney's privilege.........................5

    D.  Rule 45 cannot be used to circumvent discovery limits in a case...........................6

IV.  ARGUMENT.........................................................................................................................6

    A.  The challenged exhibits are Mr. Ramey's attorney work product............................6

    B.  Communications between Mr. Ramey and KVI counsel are protected by the common-interest doctrine .........................................................................................7

    C.  AiPi's compelled production in EDVA did not waive Mr. Ramey's privileges........................7

    D.  Netflix used the EDVA subpoena to circumvent this Court's denial of joinder........................9

    E.  In the alternative, the Court should order the documents placed under seal pending resolution ....................................................................................................10

V.  CONCLUSION.....................................................................................................................10

ii

**MOTION TO STRIKE PRIVILEGED COMMUNICATIONS FROM NETFLIX, INC.'S MOTION FOR ATTORNEYS' FEES (ECF 388) & MEMORANDUM OF POINTS AND AUTHORITIES INSUPPORT**
Case No. 4:22-cv-01490-JST

# TABLE OF AUTHORITIES

**Cases**

*Bittaker v. Woodford,*
    331 F.3d 715 (9th Cir. 2003) ....................................................................................... 6, 9

*Chambers v. NASCO, Inc.,*
    501 U.S. 32 (1991) ...................................................................................................... 7, 11

*Hasbro v. Serafino,*
    168 F.R.D. 99 (D. Mass. 1996) ........................................................................................ 11

*Hickman v. Taylor,*
    329 U.S. 495 (1947) ...................................................................................................... 5, 7

*Holmgren v. State Farm Mut. Auto. Ins. Co.,*
    976 F.2d 573 (9th Cir. 1992) ..................................................................................... 5, 7, 8

*In re Pacific Pictures Corp.,*
    679 F.3d 1121 (9th Cir. 2012) ........................................................................................ 5, 8

*Mortgage Information Servs., Inc. v. Kitchens,*
    210 F.R.D. 56 (W.D.N.C. 2002) ........................................................................................ 6

*Nidec Corp. v. Victor Co. of Japan,*
    249 F.R.D. 575 (N.D. Cal. 2007) .................................................................................... 5, 8

*Sporck v. Peil,*
    759 F.2d 312 (3d Cir. 1985) ............................................................................................... 8

*Transamerica Computer Co. v. IBM,*
    573 F.2d 646 (9th Cir. 1978) ......................................................................................... 6, 9

*United States v. Gonzalez,*
    669 F.3d 974 (9th Cir. 2012) ......................................................................................... 6, 8

*Westinghouse Elec. Corp. v. Republic of Philippines,*
    951 F.2d 1414 (3d Cir. 1991) ............................................................................................. 5

**Rules & Regulations**

Fed. R. Civ. P. 26(b)(3) ................................................................................... 2, 3, 5, 7, 9, 10

Rule 45 ........................................................................................................................ii, 2, 6, 9

**NOTICE OF MOTION AND MOTION TO STRIKE**

**TO ALL PARTIES AND COUNSEL OF RECORD:** PLEASE TAKE NOTICE that on July 2, 2026 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 6 of the above-captioned Court, located at 1301 Clay Street, Oakland, California 94612, William P. Ramey, III and Ramey LLP (collectively, "Mr. Ramey") will and hereby do move the Court for an order striking from the record of Netflix, Inc.'s Motion for Attorneys' Fees (ECF No. 388) the following exhibits filed by Netflix, on the grounds that each is protected by the work-product doctrine, the common-interest privilege, or both:

- ECF No. 388-2 (Piepmeier Decl., Ex. A) — internal email correspondence between Mr. Ramey and KVI counsel concerning case strategy and litigation risk;
- ECF No. 388-10 (Piepmeier Decl., Ex. I) — correspondence concerning ownership analysis circulated among Mr. Ramey, KVI counsel, and prior counsel;
- ECF No. 388-15 (Piepmeier Decl., Ex. N) — correspondence concerning a third party's response to a privileged opinion of counsel;
- ECF No. 388-18 (Piepmeier Decl., Ex. Q) — internal correspondence concerning settlement strategy and confidentiality terms;
- ECF No. 388-19 (Piepmeier Decl., Ex. R) — internal correspondence between Mr. Ramey and KVI counsel concerning a contemplated settlement;
- ECF No. 388-36 (Piepmeier Decl., Ex. ZI) — internal communications concerning the drafting of an amended pleading;
- ECF No. 388-37 (Piepmeier Decl., Ex. ZJ) — internal communications concerning the drafting of summary-judgment papers;
- ECF No. 388-38 (Piepmeier Decl., Ex. ZK) — internal communications concerning the drafting of an opposition to a Rule 12(c) motion;
- ECF No. 388-39 (Piepmeier Decl., Ex. ZL) — internal communications concerning the drafting of supplemental infringement contentions.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of William P. Ramey, III, the concurrently filed Objections to

Evidence, the records and pleadings on file in this action, and on such further argument and evidence as may be presented at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Netflix's Motion for Attorneys' Fees relies in material part on a set of internal email communications among Mr. Ramey and counsel at KVI Patent Lawyers — Eric Lund, Eric Morehouse, and Ken Sheets — with whom Mr. Ramey worked under a common-interest arrangement during his representation of Mr. Valjakka.[1] Those communications were never produced in this action. They were obtained by Netflix through a Rule 45 subpoena issued in a separate proceeding pending in the Eastern District of Virginia, in which AiPi, LLC was the subpoena recipient and the documents were produced under court order without a privilege log. Mr. Ramey was not a party to that EDVA proceeding. He had no notice of the contents of the production. He had no opportunity to review, log, or move to quash. He did not waive privilege.

Three independently sufficient grounds require that the challenged exhibits be stricken. **First**, the communications are Mr. Ramey's attorney work product, including opinion work product reflecting his mental impressions, conclusions, and litigation strategy. The Federal Rules and the Ninth Circuit's decisions hold that work product belongs jointly to attorney and client and cannot be waived by a non-party's compelled production. Fed. R. Civ. P. 26(b)(3). **Second**, the communications between Mr. Ramey and KVI counsel are protected by the common-interest privilege, which the Ninth Circuit and this District recognize. **Third**, Netflix's use of the EDVA subpoena as a vehicle to introduce into this case documents it could not have obtained here — because this Court denied joinder of AiPi as a party in this action — is an abuse of Rule 45 that the Court should not countenance.

---

[1] The KVI counsel later moved to Whitestone Law and AiPi, LLC, but were still lawyers.

**MOTION TO STRIKE PRIVILEGED COMMUNICATIONS FROM NETFLIX, INC.'S  MOTION FOR ATTORNEYS' FEES (ECF 388) & MEMORANDUM OF POINTS AND AUTHORITIES INSUPPORT**
**Case No. 4:22-cv-01490-JST**

Mr. Ramey respectfully requests that the challenged exhibits be stricken from the record of Netflix's motion. Mr. Ramey is concurrently submitting his Declaration in support of this Motion, an Objections to Evidence, and a clawback notice has issued to Netflix's counsel under Federal Rule of Civil Procedure 26(b)(5)(B) and is attached as Exhibit A to the ramey Declaration.

## II.  BACKGROUND

### A.  The challenged exhibits are internal litigation communications.

The challenged exhibits are internal email communications among Mr. Ramey, the KVI patent lawyers with whom he worked (Eric Lund, Eric Morehouse, and Ken Sheets), and in some instances Mr. Valjakka's prior counsel. Each communication was created during the pendency of this litigation or its predecessor proceedings, in the course of providing legal services to Mr. Valjakka. The communications fall into three categories:

First, *case strategy and risk assessment* (ECF Nos. 388-2, 388-19) — candid assessments by Mr. Ramey and KVI counsel of how the case should be litigated, the risks of various positions, and the contemplated approach to settlements. These reflect mental impressions and legal strategy that are quintessentially opinion work product.

Second, *legal analysis and opinion-of-counsel discussions* (ECF Nos. 388-10, 388-15) — communications among Mr. Ramey, KVI counsel, and Mr. Valjakka's prior counsel concerning legal analysis of ownership questions and the analysis of opinions provided to or received from third parties.

Third, *drafting and revision of court papers* (ECF Nos. 388-18, 388-36, 388-37, 388-38, 388-39) — communications concerning the preparation, drafting, and revision of pleadings, contentions, oppositions, and settlement papers. These are classic work product, prepared in anticipation of and during litigation.

**MOTION TO STRIKE PRIVILEGED COMMUNICATIONS FROM NETFLIX, INC.'S  MOTION FOR ATTORNEYS' FEES (ECF 388) & MEMORANDUM OF POINTS AND AUTHORITIES INSUPPORT**
**Case No. 4:22-cv-01490-JST**

**B.  The EDVA subpoena and AiPi's compelled production.**

Netflix did not obtain these communications through discovery in this action. Discovery in this case closed long before. Netflix obtained them by subpoenaing AiPi in a separate proceeding pending in the Eastern District of Virginia, *AiPi, LLC v. Netflix, Inc.*, Cause No. 1:24-mc-00002-LMB-WEF. AiPi sought to limit or quash the subpoena. The EDVA court ordered AiPi to produce documents responsive to the subpoena.

Mr. Ramey was aware that AiPi had been ordered to produce documents pursuant to the EDVA subpoena. He was not a party to that proceeding. He was not provided with copies of the documents that AiPi produced. He was not asked to review the production for privilege. He was not informed that Netflix intended to use the production to seek seven-figure fees against him personally. *See* Ramey Decl. ¶¶ 5-9.

**C.  This Court denied Netflix's motion to join AiPi.**

Of particular significance, this Court denied Netflix's motion to join AiPi as a party in this action ECF No. 284. That ruling meant Netflix could not take discovery from AiPi in this case in the manner it would have been able to take from a party. Having lost that ruling, Netflix used the EDVA subpoena to obtain materials from AiPi that it could not have obtained in this Court — and is now using those materials in this Court, against a non-party to the EDVA proceeding, to seek a multi-million-dollar fee award.

### III.  LEGAL STANDARD

**A.  The work-product doctrine protects attorney mental impressions and litigation materials.**

Federal Rule of Civil Procedure 26(b)(3)(A) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." The doctrine protects two categories of materials. *Fact* work product receives

qualified protection. *Opinion* work product — the mental impressions, conclusions, opinions, or legal theories of a party's attorney — receives near-absolute protection. *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947); *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).

The privilege belongs jointly to the attorney and the client. It is not waived by disclosure to a third party unless the disclosure substantially increases the likelihood that an adversary will obtain the materials. *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1428 (3d Cir. 1991); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578–79 (N.D. Cal. 2007).

### B.  The common-interest doctrine protects communications among aligned counsel.

The common-interest doctrine — sometimes called the joint-defense or joint-prosecution privilege — protects communications among parties (and their counsel) sharing a common legal interest. *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012). The doctrine extends both attorney-client privilege and work-product protection to qualifying communications. *See Nidec*, 249 F.R.D. at 578. No formal written agreement is required; what matters is that the parties shared a common legal interest and the communications were made in furtherance of that interest. *United States v. Gonzalez*, 669 F.3d 974, 978–79 (9th Cir. 2012).

### C.  Compelled production by a non-party does not waive the attorney's privilege.

When a non-party is compelled by court order to produce documents that contain another party's privileged work product, the privilege holder's rights are not waived. *Transamerica Computer Co. v. IBM*, 573 F.2d 646, 650–52 (9th Cir. 1978) (compelled disclosure does not waive privilege where the holder did not voluntarily relinquish it). The rationale is straightforward: a privilege holder cannot be punished for a third party's compliance with a court order, and waiver requires intentional relinquishment by the holder. *Bittaker v. Woodford*, 331 F.3d 715, 720-721 (9th Cir. 2003).

**MOTION TO STRIKE PRIVILEGED COMMUNICATIONS FROM NETFLIX, INC.'S  MOTION FOR ATTORNEYS' FEES (ECF 388) & MEMORANDUM OF POINTS AND AUTHORITIES INSUPPORT**
**Case No. 4:22-cv-01490-JST**

**D.  Rule 45 cannot be used to circumvent discovery limits in a case.**

Rule 45 subpoenas are subject to the limitations and protections governing discovery in the underlying action. Federal courts have consistently held that a Rule 45 subpoena cannot be used to circumvent the discovery rulings or limits of a case. *Mortgage Information Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566–67 (W.D.N.C. 2002). The Court has inherent authority to disregard or strike materials so obtained. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991).

## IV.  ARGUMENT

**A.  The challenged exhibits are Mr. Ramey's attorney work product.**

Each of the challenged exhibits was created by Mr. Ramey or his co-counsel during the pendency of this litigation, in the course of providing legal services to Mr. Valjakka. They are work product as a matter of law. Fed. R. Civ. P. 26(b)(3)(A); *Hickman*, 329 U.S. at 511.

Most of the challenged exhibits are *opinion* work product. ECF Nos. 388-2 and 388-19 are private communications between Mr. Ramey and KVI counsel about case strategy, settlement strategy, and litigation risk. Such communications fall at the heart of the doctrine: they reflect the very kind of "mental impressions, conclusions, opinions, or legal theories" that *Hickman* and Rule 26(b)(3)(B) protect with near-absolute force. *See Holmgren*, 976 F.2d at 577. The "WE CANNOT …." email at the heart of Netflix's narrative (ECF No. 388-2) is precisely the kind of candid attorney risk-assessment that the work-product doctrine exists to shield. An attorney cannot be expected to render effective legal services if his honest assessments of litigation risk — communicated privately to co-counsel — are later turned against him as supposed admissions of bad faith.

The remaining exhibits are at minimum *fact* work product: drafts and revisions of pleadings, infringement contentions, dispositive-motion papers, and settlement correspondence (ECF Nos. 388-18, 388-36, 388-37, 388-38, 388-39). Drafts of court papers prepared in anticipation of litigation are paradigmatic work product. *See Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985).

**MOTION TO STRIKE PRIVILEGED COMMUNICATIONS FROM NETFLIX, INC.'S  MOTION FOR ATTORNEYS' FEES (ECF 388) & MEMORANDUM OF POINTS AND AUTHORITIES INSUPPORT**
**Case No. 4:22-cv-01490-JST**

Netflix bears no substantial-need showing that could overcome these protections. Even if it tried to make one, opinion work product is not subject to the substantial-need exception. *Holmgren*, 976 F.2d at 577.

**B. Communications between Mr. Ramey and KVI counsel are protected by the common-interest doctrine.**

Mr. Ramey worked with Eric Lund, Eric Morehouse, and Ken Sheets — patent lawyers then practicing at KVI Patent Lawyers — in providing legal services to Mr. Valjakka. *See* Ramey Decl. ¶¶ 2-4, 10-12. The KVI lawyers and Mr. Ramey shared a common legal interest in the representation of Mr. Valjakka. They worked collaboratively on case strategy, briefing, and settlement. Their communications among themselves and with Mr. Ramey were made in furtherance of that shared legal representation. They are protected by the common-interest doctrine. *Pacific Pictures*, 679 F.3d at 1129; *Nidec*, 249 F.R.D. at 578–79.

The absence of a separate written common-interest agreement is not material. The Ninth Circuit and this District do not require one. *Gonzalez*, 669 F.3d at 978–79. What matters is whether the parties shared a common legal interest and the communications were in furtherance of that interest. Both elements are present.

Notably, the existence of the common-interest relationship is a position Netflix itself has effectively adopted in another part of its motion. Netflix argues that the KVI lawyers performed substantive legal work on this case, including drafting pleadings, briefs, and contentions for Mr. Valjakka. ECF No. 388 at 9–10, 18–20. Netflix cannot have it both ways. If the KVI lawyers were performing legal work on Mr. Valjakka's matter — as Netflix says they were — then their communications with Mr. Ramey concerning that work were privileged. Netflix's effort to use those very communications against counsel as supposed evidence of misconduct only confirms the protective interest at stake.

**MOTION TO STRIKE PRIVILEGED COMMUNICATIONS FROM NETFLIX, INC.'S  MOTION FOR ATTORNEYS' FEES (ECF 388) & MEMORANDUM OF POINTS AND AUTHORITIES INSUPPORT**
**Case No. 4:22-cv-01490-JST**

### C. AiPi's compelled production in EDVA did not waive Mr. Ramey's privileges.

Three points dispose of any claim that AiPi's production in the EDVA action waived Mr. Ramey's privileges as to use in this case.

*First*, work-product privilege belongs to both attorney and client and cannot be waived by a non-party. Fed. R. Civ. P. 26(b)(3). AiPi was not Mr. Ramey's client, was not Mr. Ramey, and had no authority to waive the privileges Mr. Ramey held in his capacity as counsel of record for Mr. Valjakka. AiPi's production of materials reflecting Mr. Ramey's mental impressions cannot constitute Mr. Ramey's waiver as a matter of law.

*Second*, the EDVA production was compelled by court order. Mr. Ramey understands the EDVA court directed AiPi to produce responsive materials without a privilege log. Compelled production by a non-party under court order does not waive privilege held by the underlying privilege holder. *Transamerica*, 573 F.2d at 650–52; *Bittaker*, 331 F.3d at 720. To hold otherwise would deny privilege protection to attorneys whose work product happens to come into a third party's possession during a separate litigation.

*Third*, Mr. Ramey was not on notice of the use Netflix would make of the documents. He was generally aware that AiPi had been ordered to produce materials in the EDVA action. He was not provided with the documents themselves. He was not informed of Netflix's plan to use them as exhibits to a fees motion against him. *See* Ramey Decl. ¶ 9. He was not a party in the EDVA proceeding. Failure to assert privilege in those circumstances does not constitute waiver. *See* Fed. R. Civ. P. 26(b)(5)(B) (privilege holder may assert privilege after the fact when discovering that material was produced).

Mr. Ramey has now invoked the procedure provided by Rule 26(b)(5)(B), serving Netflix with a clawback notice contemporaneously with this Motion. *See* concurrently filed Letter from [Counsel] to S. Piepmeier dated May 8, 2026. Netflix is required to "promptly return, sequester, or destroy" the materials

**MOTION TO STRIKE PRIVILEGED COMMUNICATIONS FROM NETFLIX, INC.'S  MOTION FOR ATTORNEYS' FEES (ECF 388) & MEMORANDUM OF POINTS AND AUTHORITIES INSUPPORT**
**Case No. 4:22-cv-01490-JST**

and "must not use or disclose the information until the claim is resolved." Fed. R. Civ. P. 26(b)(5)(B). The Court should give effect to that Rule.

### D.  Netflix used the EDVA subpoena to circumvent this Court's denial of joinder.

Even if waiver were not the issue, Netflix's use of materials obtained from AiPi in the EDVA proceeding is independently improper. This Court denied Netflix's motion to join AiPi as a party in this action. ECF No. 284. The denial of joinder was a discovery-relevant ruling: it meant Netflix could not take party-discovery from AiPi in this case. Discovery in this case closed thereafter without Netflix obtaining the AiPi materials it now seeks to use.

Having lost the joinder motion in this Court, Netflix turned to a Rule 45 subpoena issued from a different court — the Eastern District of Virginia — to obtain the very materials it could not have obtained here. It then brought those materials back into this case, against a non-party to the EDVA proceeding, in support of a multi-million-dollar fees motion. That is the textbook scenario federal courts have rejected as Rule 45 abuse.

In *Hasbro v. Serafino*, the court squarely addressed the practice. 168 F.R.D. 99, 100–01 (D. Mass. 1996). The court held that "the use of Rule 45 subpoenas constitutes discovery" and that such subpoenas may not be used to evade the discovery limitations and rulings of the underlying action. *Id.*

The principle applies with particular force here. The Court denied joinder of AiPi for reasons specific to this case, including its assessment of the relationship between AiPi and the existing parties. Whatever the EDVA court's reasons for compelling production in its own proceeding, those reasons cannot supplant this Court's prior ruling that Netflix would not have AiPi as a party here. Permitting Netflix to launder discovery through a sister court would render meaningless this Court's ruling on joinder and the discovery limits that flowed from it.

**MOTION TO STRIKE PRIVILEGED COMMUNICATIONS FROM NETFLIX, INC.'S  MOTION FOR ATTORNEYS' FEES (ECF 388) & MEMORANDUM OF POINTS AND AUTHORITIES INSUPPORT**
**Case No. 4:22-cv-01490-JST**

The Court's inherent authority is a sufficient and appropriate basis for striking these materials. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991). At a minimum, the Court should decline to consider these materials in resolving Netflix's motion.

### E. In the alternative, the Court should order the documents placed under seal pending resolution.

If the Court is not prepared to strike the challenged exhibits at this stage, Mr. Ramey requests in the alternative that the Court order them filed under seal as Netflix has requested pending resolution of the privilege question, and that Netflix be directed to make no further reference to or use of the challenged exhibits during the pendency of the motion. This Court has already entered a stipulated protective order in this action. ECF No. 56. The challenged exhibits should be treated, at minimum, as documents requiring the protections that order affords until the privilege issue is resolved on the merits.

Sealing pending resolution is the conservative course. It costs Netflix nothing if its position prevails on the merits. It preserves Mr. Ramey's privileges if his position prevails. It avoids further public dissemination of materials that Mr. Ramey contends should never have been disclosed in the first place.

## V. CONCLUSION

For the foregoing reasons, Mr. Ramey respectfully requests that the Court (1) strike from the record of Netflix's Motion for Attorneys' Fees the exhibits identified above (ECF Nos. 388-2, 388-10, 388-15, 388-18, 388-19, 388-36, 388-37, 388-38, and 388-39); (2) direct that Netflix make no further reference to or use of those exhibits in connection with its motion.

Dated:  May 22, 2026

Respectfully submitted,

<u>William P. Ramey, III</u>
William P. Ramey, III (admitted *pro hac vice*)
wramey@rameyfirm.com
RAMEY LLP
446 Heights Blvd., Suite 200
Houston, Texas 77007
Telephone:  +1.713.426.3923

Attorneys for William P. Ramey, III
and Ramey LLP

**MOTION TO STRIKE PRIVILEGED COMMUNICATIONS FROM NETFLIX, INC.'S  MOTION FOR ATTORNEYS' FEES (ECF 388) & MEMORANDUM OF POINTS AND AUTHORITIES INSUPPORT**
**Case No. 4:22-cv-01490-JST**