William P. Ramey, III (admitted *pro hac vice*)
wramey@rameyfirm.com
RAMEY LLP
446 Heights Blvd., Suite 200
Houston, Texas 77007
Telephone: +1.713.426.3923
Facsimile: +1.832.689.9175

Attorneys for William P. Ramey, III
and Ramey LLP

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA, | Case No. 4:22-cv-01490-JST |
| Plaintiff, | **OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF NETFLIX, INC.'S MOTION FOR ATTORNEYS' FEES (ECF 388)** |
| v. | |
| NETFLIX, INC., | Date: July 2, 2026 |
| Defendant. | Time: 2:00 p.m. |
| | Place: Courtroom 6 |
| | Judge: Hon. Jon S. Tigar |

## OBJECTIONS TO EVIDENCE

William P. Ramey, III and Ramey LLP (collectively, "Mr. Ramey") respectfully submit the following objections to evidence offered by Netflix, Inc. in support of its Motion for Attorneys' Fees (ECF No. 388). These objections are submitted in support of, and concurrently with, Mr. Ramey's Motion to Strike Privileged Communications. To the extent the Court does not strike the materials addressed below, Mr. Ramey objects to their consideration.

Each objection identifies the document by its ECF number and the exhibit designation Netflix used in the Piepmeier Declaration, states the grounds for objection, and incorporates by reference the more detailed analysis set forth in the concurrently filed Motion to Strike and Memorandum of Points and Authorities.

| ECF No. | Exhibit | Description | Grounds for Objection |
|---|---|---|---|
| ECF No. 388-2 | Piepmeier Decl., Ex. A | Internal email between Mr. Ramey and KVI counsel regarding case strategy and litigation risk (the "WE CANNOT LOSE THIS CSE" email) | Attorney work product (opinion); common-interest privilege; Rule 45 abuse; obtained without notice or opportunity to assert privilege |
| ECF No. 388-10 | Piepmeier Decl., Ex. I | Email correspondence among Mr. Ramey, KVI counsel, and prior counsel concerning ownership analysis | Attorney work product; common-interest privilege; Rule 45 abuse; obtained without notice or opportunity to assert privilege |
| ECF No. 388-15 | Piepmeier Decl., Ex. N | Correspondence concerning a third party's response to a privileged opinion of counsel | Attorney work product; common-interest privilege; Rule 45 abuse; obtained without notice or opportunity to assert privilege |
| ECF No. 388-18 | Piepmeier Decl., Ex. Q | Internal correspondence concerning settlement strategy and confidentiality terms | Attorney work product (opinion); common-interest privilege; Rule 45 abuse; obtained without notice or opportunity to assert privilege |
| ECF No. 388-19 | Piepmeier Decl., Ex. R | Internal email between Mr. Ramey and KVI counsel concerning a contemplated settlement | Attorney work product (opinion); common-interest privilege; Rule 45 abuse; obtained without notice or opportunity to assert privilege |

**OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF NETFLIX, INC.'S MOTION FOR ATTORNEYS' FEES (ECF 388)**
**Case No. 4:22-cv-01490-JST**

| ECF No. 388-36 | Piepmeier Decl., Ex. ZI | Internal communications concerning the drafting of an amended pleading | Attorney work product; common-interest privilege; Rule 45 abuse; obtained without notice or opportunity to assert privilege |
|---|---|---|---|
| ECF No. 388-37 | Piepmeier Decl., Ex. ZJ | Internal communications concerning the drafting of summary-judgment papers | Attorney work product; common-interest privilege; Rule 45 abuse; obtained without notice or opportunity to assert privilege |
| ECF No. 388-38 | Piepmeier Decl., Ex. ZK | Internal communications concerning the drafting of an opposition to a Rule 12(c) motion | Attorney work product; common-interest privilege; Rule 45 abuse; obtained without notice or opportunity to assert privilege |
| ECF No. 388-39 | Piepmeier Decl., Ex. ZL | Internal communications concerning the drafting of supplemental infringement contentions | Attorney work product; common-interest privilege; Rule 45 abuse; obtained without notice or opportunity to assert privilege |

## BASES OF OBJECTION

### A.  Attorney work product (Fed. R. Civ. P. 26(b)(3)).

Each challenged exhibit was created by Mr. Ramey or co-counsel in anticipation of and during litigation, in the course of providing legal services to Mr. Valjakka. The exhibits reflect mental impressions, conclusions, and litigation strategy of counsel, and constitute attorney work product. *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947); *In re Grand Jury Subpoena (Mark Torf)*, 357 F.3d 900, 906–08 (9th Cir. 2004). Several of the exhibits are opinion work product entitled to near-absolute protection. *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).

OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF
NETFLIX, INC.'S MOTION FOR ATTORNEYS' FEES (ECF 388)
Case No. 4:22-cv-01490-JST

### B.  Common-interest privilege.

Each challenged exhibit reflects communications among Mr. Ramey and the patent lawyers at KVI Patent Lawyers — Eric Lund, Eric Morehouse, and Ken Sheets — with whom he worked on Mr. Valjakka's representation. Their communications were made in furtherance of a shared legal interest in that representation and are protected by the common-interest doctrine. *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578–79 (N.D. Cal. 2007).

### C.  Compelled production by a non-party did not waive Mr. Ramey's privilege.

The exhibits were obtained from AiPi pursuant to a Rule 45 subpoena issued from the Eastern District of Virginia. The EDVA court compelled AiPi to produce documents without a privilege log. Mr. Ramey was not a party to the EDVA proceeding, was not provided with the materials prior to production, was not given an opportunity to review or assert privilege, and did not waive his separately held privileges. *Transamerica Computer Co. v. IBM*, 573 F.2d 646, 650–52 (9th Cir. 1978); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (en banc).

### D.  Improper use of Rule 45 to circumvent this Court's denial of joinder.

The Court denied Netflix's motion to join AiPi as a party in this action. Netflix used the EDVA subpoena to obtain materials it could not have obtained in this case, then introduced those materials in this Court in support of its fee motion. This is the kind of Rule 45 abuse federal courts have rejected. *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100–01 (D. Mass. 1996.

**OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF NETFLIX, INC.'S MOTION FOR ATTORNEYS' FEES (ECF 388) Case No. 4:22-cv-01490-JST**

Dated: May 22, 2026

Respectfully submitted,

<u>William P. Ramey, III</u>
William P. Ramey, III (admitted *pro hac vice*)
wramey@rameyfirm.com
RAMEY LLP
446 Heights Blvd., Suite 200
Houston, Texas 77007
Telephone:  +1.713.426.3923
Facsimile:  +1.832.689.9175

Attorneys for William P. Ramey, III
and Ramey LLP

**OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF
NETFLIX, INC.'S MOTION FOR ATTORNEYS' FEES (ECF 388)**
**Case No. 4:22-cv-01490-JST**