William P. Ramey, III (admitted pro hac vice)
wramey@rameyfirm.com
RAMEY LLP
446 Heights Blvd., Suite 200
Houston, Texas 77007
Telephone: +1.713.426.3923
Facsimile: +1.832.689.9175

Attorneys for William P. Ramey, III
and Ramey LLP

| | |
|---|---|
| LAURI VALJAKKA,<br><br>                Plaintiff,<br><br>   v.<br><br>NETFLIX, INC.,<br><br>                Defendant. | **Case No. 4:22-cv-01490-JST**<br><br>**STATEMENT OF DESIGNATING PARTY WILLIAM P. RAMEY, III AND RAMEY LLP PURSUANT TO CIVIL L.R. 79-5(f)(3) IN RESPONSE TO NETFLIX, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER A THIRD-PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 397)**<br><br>Judge: Hon. Jon S. Tigar |

**STATEMENT OF DESIGNATING PARTY PURSUANT TO CIVIL L.R. 79-5(f)(3)**

**I.  INTRODUCTION**

Pursuant to Civil Local Rule 79-5(f)(3), William P. Ramey, III and Ramey LLP (collectively, "Mr. Ramey"), as the Designating Party identified in Netflix, Inc.'s Administrative Motion to Consider Whether a Third-Party's Material Should Be Sealed (ECF No. 397), submit this Statement to establish that nine exhibits to Netflix's Motion for Attorneys' Fees (ECF No. 388) — specifically, ECF Nos. 388-2, 388-10, 388-15, 388-18, 388-19, 388-36, 388-37, 388-38, and 388-39 (the "Challenged Exhibits") — are sealable in their entirety.

Each Challenged Exhibit is a litigation communication that is protected by the attorney work-product doctrine, the common-interest doctrine, or both. The Challenged Exhibits came into Netflix's

possession only through Rule 45 forensic discovery directed at a non-party in a separate proceeding in the Eastern District of Virginia, *AiPi, LLC v. Netflix, Inc.*, No. 1:24-mc-00002-LMB-WEF (E.D. Va.) (the "EDVA Proceeding"). Mr. Ramey was not a party to the EDVA Proceeding, did not see the production before it was made, and did not waive privilege. *See* Decl. of W. Ramey ¶¶ 7–11.

Sealing is warranted under either applicable standard. Because the Challenged Exhibits are attached to a fees motion that is more than tangentially related to the merits, the "compelling reasons" standard governs and is satisfied by the work-product and common-interest protections. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). In the alternative, the same showing satisfies the "good cause" standard. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

Mr. Ramey concurrently has moved to strike the Challenged Exhibits from the record of Netflix's fees motion ("Motion to Strike") and has served the Objections to Evidence accompanying that motion. The Motion to Strike addresses the privilege merits and the procedural improprieties surrounding Netflix's use of the EDVA production in full. This Statement is more focused: it asks only that the Challenged Exhibits remain under seal pending the Court's resolution of the underlying privilege claim, and respectfully invites the Court to conduct an *in camera* review.

## II.  BACKGROUND

On April 17, 2026, Netflix filed its Motion for Attorneys' Fees and Costs against Mr. Valjakka, Mr. Ramey, and Ramey LLP, publicly attaching the Challenged Exhibits as exhibits to the Piepmeier Declaration. ECF No. 388. The Challenged Exhibits are internal litigation communications among Mr. Ramey and patent counsel with whom he worked under a common-interest arrangement — Eric Lund, Eric Morehouse, and Ken Sheets, then of KVI Patent Lawyers (later of Whitestone Law and AiPi, LLC).

Ramey Decl. ¶¶ 4–6. They were created in the course of providing legal services to Mr. Valjakka. *Id.* ¶¶ 4–6, 12–20.

Netflix obtained these communications through a Rule 45 subpoena served on AiPi in the EDVA Proceeding. AiPi sought to limit the subpoena. The EDVA court ordered AiPi to produce documents without a privilege log. Mr. Ramey was not a party to the EDVA Proceeding, was not provided with the production, and was not given any opportunity to assert privilege before the documents were turned over. Ramey Decl. ¶¶ 7–11.

Mr. Ramey first learned that the Challenged Exhibits had been filed publicly when he reviewed Netflix's fees motion in early May 2026. Ramey Decl. ¶ 12. He promptly identified the documents as privileged and, on May 8, 2026, notified Netflix of his assertion of privilege and requested removal of the publicly-filed versions. *Id.* ¶ 13. On May 15, 2026, Netflix filed (i) its Motion to Remove Certain Filed Exhibits Upon Request of William Ramey (ECF No. 396) and (ii) the present Administrative Sealing Motion under Civil L.R. 79-5(f) and Federal Rule of Civil Procedure 26(b)(5)(B) (ECF No. 397). This Statement responds to ECF No. 397.

AiPi, LLC takes no position on Mr. Ramey's privilege assertion and did not intend, by complying with the EDVA court's order, to waive any privilege held by Mr. Ramey or Ramey LLP. Ramey Decl. ¶ 14. Plaintiff Lauri Valjakka supports the privilege assertion. *Id.* ¶ 15.

### III.   THE CHALLENGED EXHIBITS ARE SEALABLE UNDER CIVIL L.R. 79-5.

#### A.   The "compelling reasons" standard governs and is satisfied.

Where, as here, a sealing request is tied to a motion that is more than tangentially related to the merits of a case, the compelling reasons standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1101. A motion for attorneys' fees under 35 U.S.C. § 285 — and a request for fee-shifting against counsel under 28 U.S.C. § 1927 and the Court's inherent power — is not a discovery skirmish. Resolution of such a motion

3

requires the Court to make substantive findings about the conduct of the case, the litigation positions taken, and the good faith of counsel. The fees motion thus bears directly on the merits-relevant question of how the case was prosecuted. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) (§ 285 inquiry turns on "totality of the circumstances").

Compelling reasons exist where the public access "could become a vehicle for improper purposes, such as the use of records to release trade secrets, or sources of business information that might harm a litigant's competitive standing. *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The Ninth Circuit and this District have recognized that the protection of attorney work product and privileged communications constitutes a compelling reason for sealing.

Each Challenged Exhibit consists of internal litigation communications among counsel concerning case strategy, settlement strategy, opinion-of-counsel analysis, and the drafting of court papers. Ramey Decl. ¶¶ 16–20 & Ex. 1 (Privilege Log). Several reflect opinion work product — Mr. Ramey's mental impressions, conclusions, and litigation strategy — that receive near-absolute protection. *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947); *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992). Public disclosure of opinion work product to the very adversary against whom that work was directed inverts the doctrine's core purpose. Compelling reasons could hardly be clearer.

### B.  In the alternative, "good cause" is amply satisfied.

Should the Court conclude that the fees motion is only tangentially related to the merits, sealing is permitted upon a showing of "good cause." *Phillips*, 307 F.3d at 1210–11. Documents protected by the work-product doctrine and the common-interest doctrine satisfy that standard *a fortiori*.

## IV.   EACH CHALLENGED EXHIBIT IS PROTECTED ON A DOCUMENT-BY-DOCUMENT BASIS.

The required document-by-document showing is set forth in the Ramey Declaration (¶¶ 16–20) and in the Privilege Log filed as Exhibit 1 to that Declaration. Civ. L.R. 79-5(c)(1). To summarize:

ECF No. 388-2 (Ex. A) and ECF No. 388-19 (Ex. R) consist of candid, internal communications between Mr. Ramey and co-counsel at KVI assessing case strategy, litigation risk, and settlement posture. These are quintessential opinion work product. *Hickman*, 329 U.S. at 510–11; *Holmgren*, 976 F.2d at 577. The disclosure of an attorney's honest, private risk-assessment to his adversary is the precise harm the doctrine exists to prevent.

ECF No. 388-10 (Ex. I) and ECF No. 388-15 (Ex. N) consist of communications among Mr. Ramey, KVI counsel, and prior counsel concerning legal analysis of ownership questions and the analysis of an opinion of counsel. Communications among aligned counsel concerning legal analysis are protected by both the work-product doctrine and the common-interest doctrine. *United States v. Gonzalez*, 669 F.3d 974, 978–79 (9th Cir. 2012); *Nidec*, 249 F.R.D. at 578–79.

ECF No. 388-18 (Ex. Q) consists of internal communications concerning settlement strategy and confidentiality terms. Settlement-strategy communications among counsel are core opinion work product. *See In re Grand Jury Subpoena (Mark Torf)*, 357 F.3d 900, 907 (9th Cir. 2004) (work-product test extends to documents prepared "because of" litigation).

ECF Nos. 388-36 (Ex. ZI), 388-37 (Ex. ZJ), 388-38 (Ex. ZK), and 388-39 (Ex. ZL) consist of communications among Mr. Ramey and KVI counsel concerning the drafting and revision of pleadings, summary-judgment papers, Rule 12(c) opposition papers, and supplemental infringement contentions. Drafts of court papers prepared in anticipation of and during litigation are paradigmatic work product.

*Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985); *United States v. Richey*, 632 F.3d 559, 567–68 (9th Cir. 2011).

To the extent any portion of ECF No. 388-37 (Ex. ZJ) forwards or quotes correspondence with opposing counsel, the protected material is the transmittal and any associated mental impressions of Mr. Ramey reflected in the forwarding email — not the underlying chain with opposing counsel. If the Court declines full sealing of that exhibit, redaction of the protected portions is the appropriate remedy. Ramey Decl. ¶ 19.

## V. THE EDVA-COMPELLED PRODUCTION DID NOT WAIVE PRIVILEGE FOR PURPOSES OF SEALING.

Although the privilege merits are the subject of Mr. Ramey's concurrently filed Motion to Strike, the sealing analysis cannot proceed without addressing — at least summarily — the antecedent question whether the EDVA production extinguished the privileges that otherwise support sealing. It did not, for three independent reasons.

*First*, work-product protection belongs jointly to attorney and client, and it cannot be waived by a non-party's compelled compliance with a court order. *Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646, 650–52 (9th Cir. 1978); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (en banc) (waiver requires intentional relinquishment). AiPi was not Mr. Ramey's client and had no authority to waive privileges Mr. Ramey held as counsel of record for Mr. Valjakka.

*Second*, a privilege holder is not required to intervene in third-party discovery proceedings to preserve his work-product claim. Federal Rule of Civil Procedure 26(b)(5)(B) expressly contemplates post-disclosure assertion of privilege; the Rule provides that the holder may notify any party that received the information of the claim and the basis for it, and that, once notified, the receiving party must promptly return, sequester, or destroy the materials and "not use or disclose the information until the claim is

6

resolved." Fed. R. Civ. P. 26(b)(5)(B). Mr. Ramey invoked that procedure on May 8, 2026. Ramey Decl. ¶ 13.

*Third*, Federal Rule of Evidence 502(a) limits subject-matter waiver to *intentional* disclosures. Compelled production by a non-party under court order is not intentional disclosure by the privilege holder. The EDVA order required AiPi to produce documents without a privilege log; it did not — and could not — operate as a waiver by Mr. Ramey, who was neither a party to that proceeding nor afforded an opportunity to be heard there.

## VI.   IN CAMERA REVIEW IS APPROPRIATE.

Where, as here, the privilege showing cannot be made fully on a public record without itself disclosing the protected material, *in camera* review is the standard mechanism for resolution. Mr. Ramey offers, and respectfully requests, that the Court inspect the nine Challenged Exhibits *in camera* before any final determination of either sealing or privilege. Ramey Decl. ¶ 21. Mr. Ramey will lodge unredacted copies directly with chambers upon request.

## VII.   THE REQUESTED SEALING IS NARROWLY TAILORED.

Civil Local Rule 79-5(b) requires that any sealing request be "narrowly tailored to seek sealing only of sealable material." The request here is so tailored. It is limited to the nine Challenged Exhibits identified in ECF No. 397. It does not seek to seal any portion of Netflix's brief, the Piepmeier Declaration itself, or any other exhibit. The public docket will retain Netflix's motion, its supporting declaration, and all non-privileged exhibits — that is, the great bulk of Netflix's filing.

## VIII.   CONCLUSION

For the foregoing reasons, Mr. Ramey respectfully requests that the Court (1) order the nine Challenged Exhibits sealed under Civil L.R. 79-5; (2) conduct *in camera* review of the nine Challenged Exhibits before any final determination; and (3) direct that, pursuant to Federal Rule of Civil Procedure

**RESPONSE TO NETFLIX, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER A THIRD-PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 397)**
**Case No. 4:22-cv-01490-JST**

26(b)(5)(B), Netflix continue to sequester the Challenged Exhibits and refrain from using or further disclosing them until the privilege question is resolved.

Dated:  May 22, 2026                         Respectfully submitted,

**RAMEY LLP**

By: /s/ William P. Ramey, III
**William P. Ramey, III** (admitted *pro hac vice*)
wramey@rameyfirm.com
RAMEY LLP
446  Heights Blvd., Suite 200
Houston, Texas 77007
Telephone:  +1.713.426.3923

*Attorneys for William P. Ramey, III
and Ramey LLP*

**RESPONSE TO NETFLIX, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER A THIRD-PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 397)**
**Case No. 4:22-cv-01490-JST**