# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>     Plaintiff,<br><br>  v.<br><br>NETFLIX, INC.,<br><br>     Defendant. | Case No. 4:22-cv-01490-JST<br><br>**DECLARATION OF LAURI VALJAKKA** |

-1-

I, Lauri Heikki Tapani Valjakka, declare as follows:

## I. BACKGROUND

1. I am the named inventor of U.S. Patent No. 8,495,167 ("the '167 Patent").

2. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

3. I have been involved for many years in efforts to clarify and confirm my ownership rights in the '167 Patent and related patent rights, including proceedings in Finland and the United States.

## II. MY UNDERSTANDING OF MY OWNERSHIP RIGHTS AND GOOD-FAITH BASIS FOR THIS LITIGATION

4. At all times relevant to the filing and prosecution of this case, I believed in good faith that I held enforceable rights in the '167 Patent.

5. That belief was based on:

6. a. my role as the original inventor;
b. my understanding of the underlying agreements and transactions relating to the patent;
c. legal advice and analysis provided by counsel, including analysis of Finnish law; and
d. my understanding that prior proceedings in Finland had not finally resolved the ownership issue on the merits.

7. The ownership issues relating to the '167 Patent have always been complex and have involved multiple agreements, corporate entities, and foreign legal proceedings.

8. At no time did I believe that my claims were frivolous, fraudulent, or brought in bad faith.

## III. RESPONSE TO DEFENDANT'S CHARACTERIZATION OF FINNISH PROCEEDINGS

9. Defendant's sanctions motion relies heavily on an incomplete and

misleading characterization of Finnish court proceedings.

10. Prior to 2025, certain Finnish courts declined to adjudicate my ownership claims, including on jurisdictional or procedural grounds.

11. However, those rulings did **not finally resolve the ownership issue on the merits**.

12. In particular, those decisions did not determine that I do not own the '167 Patent; rather, they addressed where and how such claims could be heard.

## IV. THE FINNISH SUPREME COURT DECISION CONFIRMS THAT OWNERSHIP REMAINS UNRESOLVED

13. On August 26, 2025, the Supreme Court of Finland issued a binding decision concerning the ownership dispute relating to the '167 Patent.

14. I received that decision in or about August 2025.

15. A true and correct copy of a translation of that decision is attached as Exhibit A to this declaration.

16. As reflected in the certified translated summary:

17. The Finnish Supreme Court **overturned the lower court's refusal to hear the case**;

18. It held that the Helsinki District Court must **reopen proceedings and examine ownership on the merits**; and

19. It confirmed that the ownership dispute **remains unresolved**.

20. The decision further establishes that:

21. I have a **procedural right to seek clarification of ownership**;

22. the lower court is **obligated to adjudicate the ownership claim**; and

23. the decision is **binding and enforceable under Finnish law**.

24. The underlying Finnish decision itself reflects that earlier rulings had improperly refused to consider the case and that this error required correction. For example, the Supreme Court determined that the matter should be returned for adjudication rather than dismissed for lack of jurisdiction.

25. This ruling confirms my long-standing understanding: that ownership of the '167 Patent has **not been finally adjudicated against me**, and remains an open legal question.

## V. GOOD-FAITH RELIANCE ON COUNSEL AND LITIGATION PROCESS

26. In pursuing this litigation, I relied on the advice of U.S. counsel and other legal professionals.

27. I understood that the ownership and inventorship issues could be addressed through:

    a. legal argument;

    b. expert testimony, including regarding Finnish law; and

    c. factual development through litigation.

28. I was informed that such issues are commonly litigated in patent cases and do not render a case improper or sanctionable.

29. I did not direct counsel to pursue any claim that I believed to be false or unsupported.

30. To the contrary, I cooperated in providing documents, background information, and access to relevant materials so that counsel could evaluate and present the strongest possible case.

## VI. RESPONSE TO ALLEGATIONS OF BAD FAITH

31. I understand that Defendant alleges that this case was filed or maintained in bad faith based on purported ownership defects.

32. That allegation is incorrect.

33. At all times:

    a. I believed I had valid rights in the '167 Patent;

    b. I understood that any disputes regarding ownership were unresolved and subject to adjudication; and

    c. I relied on counsel to assess and present those issues appropriately.

34. The subsequent decision of the Finnish Supreme Court confirms that

my position was reasonable and that the ownership dispute remains open.

35. The existence of a disputed legal issue—particularly one involving foreign law and complex factual history—does not constitute bad faith.

## VII. CONCLUSION

36. I brought and maintained this case in good faith based on my understanding of my rights, the advice of counsel, and the unresolved nature of the ownership dispute.

37. The record—including the Finnish Supreme Court's decision—confirms that this dispute is legitimate and ongoing.

38. I respectfully submit that there is no basis for sanctions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 27, 2026.

_____
Lauri Valjakka

-4-