# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>   Plaintiff,<br><br> v.<br><br>NETFLIX, INC.,<br><br>   Defendant. | Case No. 4:22-cv-01490-JST<br><br>**DECLARATION OF ONNI HIETALAHTI** |

4:22-CV-01490-JST

I, Onni Hietalahti, declare as follows:

## I. BACKGROUND AND QUALIFICATIONS

1. I am an attorney licensed to practice law in Finland.

2. I have experience in Finnish civil procedure, including matters involving jurisdiction, ownership disputes, and the interpretation of court decisions under Finnish law.

3. I make this declaration based on my personal knowledge, my review of relevant materials, and my expertise in Finnish law. If called as a witness, I could and would testify competently to the matters stated herein.

4. I have reviewed the decision of the Supreme Court of Finland dated August 26, 2025, concerning the ownership dispute relating to U.S. Patent No. 8,495,167 (the "'167 Patent"), including the translated summary attached as Exhibit A to the declaration of Lauri Valjakka.

## II. SUMMARY OF THE FINNISH SUPREME COURT DECISION

5. The August 26, 2025 decision is a ruling of the Supreme Court of Finland, which is the highest judicial authority in Finland.

6. The decision addresses whether prior lower court rulings properly declined to adjudicate Mr. Valjakka's ownership claims.

7. The Supreme Court determined that the lower court erred in refusing to hear the case and that the matter must be returned for adjudication.

8. Specifically, the decision requires that the Helsinki District Court reopen proceedings and examine the ownership dispute on its merits.

9. The decision further confirms that Mr. Valjakka has a procedural right under Finnish law to seek a determination of ownership and that such a claim must be adjudicated by the appropriate court.

## III. EFFECT OF THE DECISION UNDER FINNISH LAW

10. Under Finnish law, a decision of the Supreme Court is binding on lower courts.

11. As a result of this decision, the Helsinki District Court is obligated to proceed to a substantive examination of the ownership issue.

12. Importantly, the Supreme Court did not resolve the ownership dispute itself.

13. Instead, it held that the dispute had not been properly adjudicated and must now be considered on the merits.

14. The decision therefore establishes that the ownership of the '167 Patent remains an open and unresolved legal question under Finnish law.

15. The decision also clarifies that earlier rulings declining to hear the case were based on procedural or jurisdictional grounds, not a final adjudication of ownership.

16. In my professional opinion, the effect of the Supreme Court's ruling is to restore Mr. Valjakka's ability to pursue a determination of ownership and to confirm that such determination has not yet been made.

## IV. CONSISTENCY WITH PRIOR UNDERSTANDING OF THE CASE

17. Prior to the August 2025 decision, it was my understanding that the Finnish proceedings had not definitively resolved the ownership issue on the merits.

18. The Supreme Court's ruling is consistent with that understanding.

19. In particular, the decision confirms that the prior procedural handling of the case prevented a full adjudication of the ownership claim.

20. The ruling therefore reinforces the view that the ownership dispute has remained unresolved and subject to legitimate legal determination.

I.    **V. IMPLICATIONS FOR THE REASONABLENESS OF PLAINTIFF'S POSITION**

21. In my opinion, it is consistent with Finnish law for a party in Mr. Valjakka's position to believe that ownership remains disputed and capable of adjudication.

22. The existence of prior procedural rulings does not eliminate the underlying ownership dispute where, as here, those rulings did not reach the merits.

23. The Supreme Court's decision confirms that it was appropriate to seek a substantive determination of ownership rather than treating the issue as conclusively resolved.

24. Accordingly, the position that ownership remained unsettled—and subject to litigation—was consistent with Finnish law.

II.   **VI. CONCLUSION**

25. The August 26, 2025 decision of the Supreme Court of Finland:

   a. overturns prior procedural refusals to hear the ownership claim;

   b. requires that the ownership dispute be adjudicated on the merits; and

   c. confirms that ownership of the '167 Patent remains unresolved under Finnish law.

26. In my professional opinion, this decision reaffirms that the ownership issue has been, and continues to be, a legitimate and unresolved legal dispute.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on 4/26, 2026.

Onni Hietalahti