# EXHIBIT ZG

# PERKINSCOIe

505 Howard Street
Suite 1000
San Francisco, CA 94105-3204

T   +1.415.344.7000
F   +1.415.344.7050
PerkinsCoie.com

November 9, 2022

Elise Edlin
EEdlin@perkinscoie.com
D.  +1.415.344.7191
F.  +1.415.344.7391

**Sent via email**

William P. Ramey, III
Ramey & Schwaller, LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006

Susan Kalra
910 Campisi Way, Suite 1E
Campbell, CA 95008

Re:     *Valjakka v. Netflix, Inc.,* No. 4:22-cv-01490-JST

Dear Bill and Susan:

We write concerning the severe deficiencies in Plaintiff's responses to Netflix's First Set of Requests for Production.  Specifically, Plaintiff's September 9, 2022 response to Interrogatory No. 6 indicates that Plaintiff has "licensed the patents-in-suit to each of the following companies: Akamai, Amazon, Apple, Charter Communications, Comcast, Cox, Google, Meta, Microsoft, Sony, and Zoom Video Communications."  According to Plaintiff's response to Interrogatory No. 7, we understand those are the only licenses to the patents-in-suit.

To date, Plaintiff has not produced any of these licenses, even though they are unquestionably called for in response to at least the following Requests:

- RFP No. 20 ("[a]ll Documents concerning any efforts made by You, or on Your behalf, to determine a valuation of, or obtain an opinion as to the valuation of, the Asserted Patents and/or any company that owned the Asserted Patents, including the results of any such valuation and any Communications related thereto);

- RFP No. 22 ("[a]ll Documents and Things concerning any license…referring to or concerning (i) the Asserted Patents; (ii) any of the Related Patents; or (iii) any foreign patent that claims priority from any of the applications leading to the Asserted Patent and any offers or negotiations related thereto);

- RFP No. 23 ([a]ll Documents and Things concerning any license…made or entered into by You or any prior owner of the Asserted Patents concerning any other patents in the

Perkins Coie LLP

William P. Ramey, III
Susan Kalra
November 9, 2022
Page 2

> same field as, or in any field related to, the Asserted patents and any offers or
> negotiations related thereto);

- RFP No. 30 ([a]ll Documents and Things relating to the Asserted Patents created, generated, sent, or received by the Inventors or any previously named Inventors or You including but not limited to documents relating to licensing, valuation, evaluation, validity, enforceability, infringement, or review of patent portfolios of which the Asserted Patents are a part); and

- RFP No. 31 ([a]ll Documents and Things relating to any current and former ownership, title, transfer, assignment, license, or other interest in the Asserted Patent or any Related Patents).

In response to those Requests, Plaintiff indicated the Requests were "vague and ambiguous" and "overly broad." These objections are baseless, at least because these agreements cover the patents in suit. Further, Plaintiff did not state that it intended to withhold documents based on its objections, as required by FRCP 34(b)(2)(C). Plaintiff has identified no reason that it would identify these licenses in an interrogatory response, yet not agree to produce them. These identified licenses are related to the patents-in-suit and are relevant to Netflix's damages and noninfringement theories; Plaintiff should produce these. *See e.g., Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 4:16-cv-00119, 2018 WL 4613151, at *7 (N.D. Cal. Sept. 26, 2018) (granting accused infringer's motion to compel patentee to produce licensing documents and other related documents as they are "relevant and responsive because they pertain directly to the valid determination of damages via license royalty rates acquired from the *Georgia-Pacific* factors, and can explain how that determination is made.").

Valjakka's practice of withholding information that is explicitly required under the patent local rules continues to prejudice Netflix's ability to prepare its defenses. Despite opportunity to amend its damages contentions, Valjakka still failed to provide the required information, and the failure to produce these licenses further exacerbates that deficiency. Plaintiff's grossly deficient infringement contentions are another example this pattern of insufficient disclosure. The requested information is key to damages, Valjakka's actions are violations of the patent local rules, which require parties to crystallize issues early in the case.

As such, to reduce the prejudice to Netflix, we ask that you confirm in writing by November 11, 2022 that Plaintiff will produce these licenses and commit to production no later than November 14, 2022. If Plaintiff is unwilling to do so, we ask that you include in your response letter your availability within the next week for a meet and confer concerning the issues raised in this letter so that we can determine if Court intervention is necessary. Thank you.

William P. Ramey, III
Susan Kalra
November 9, 2022
Page 3

Sincerely,

/s/ *Elise Edlin*

Elise Edlin

Perkins Coie LLP