Lauri Valjakka (Pro Se)
Arinakatu 2 B38
FI 53100 Lappeenranta
Finland
+358 50 467 0090
lauri.valjakka@eezykeyz.fi

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| LAURI VALJAKKA, | Case No. 4:22-cv-01490-JST |
| *Plaintiff,* | **PLAINTIFF'S MOTION TO PRESERVE PLAINTIFF'S RIGHT TO BE HEARD, TO CLARIFY THE OFFICIAL RECORD, AND FOR APPROPRIATE RELIEF** |
| v. | |
| NETFLIX, INC., | |
| *Defendant.* | |

**TO THE HONORABLE JON S. TIGAR, UNITED STATES DISTRICT JUDGE:**

Plaintiff Lauri Valjakka, appearing pro se, respectfully submits this Motion requesting appropriate procedural relief concerning the hearing held on July 2, 2026, on Defendant Netflix, Inc.'s Motion for Attorneys' Fees.

This Motion does not address the merits of Defendant's Motion for Attorneys' Fees. Rather, it concerns Plaintiff's inability to participate in that hearing despite timely joining the Court's Zoom proceeding and remaining connected throughout the hearing.

Immediately following the hearing, Plaintiff notified the Court that he had joined the hearing, had remained present, but had been unable to participate because of a communication failure during the Courtroom Deputy's attempt to communicate with him. That contemporaneous notice was subsequently filed by the Court as **ECF No. 413**.

Because Defendant's Motion for Attorneys' Fees remains under submission, Plaintiff respectfully requests that the Court determine the appropriate procedural relief before issuing its ruling, or alternatively grant such relief as the Court deems just to preserve Plaintiff's right to be heard and to ensure that the official record accurately reflects the relevant proceedings.

**I. BACKGROUND**

This Motion concerns Plaintiff's procedural right to be heard before the Court rules on Defendant's pending Motion for Attorneys' Fees.

Plaintiff respectfully submits that he did not voluntarily fail to appear at the July 2, 2026 hearing. Instead, Plaintiff joined the Court's Zoom proceeding before the hearing commenced, remained connected throughout the hearing, but was unable to communicate with the Court due to a communication failure that occurred when the Courtroom Deputy attempted to communicate with him.

Immediately following the hearing, Plaintiff notified the Court of these circumstances. That notice has now been filed on the Court's docket as ECF No. 413.

Accordingly, Plaintiff respectfully requests that the Court address this procedural issue before ruling on Defendant's Motion for Attorneys' Fees.

Plaintiff files this Motion before the Court rules on Defendant's Motion for Attorneys' Fees in order to preserve his procedural right to be heard concerning the circumstances of the July 2, 2026 hearing.

Plaintiff's Motion for the Right to be Heard
Case No. 4:22-cv
-01490-JST

## II. PROCEDURAL BACKGROUND

1. Defendant filed a Motion seeking an award of attorneys' fees against Plaintiff.
2. The Court scheduled a hearing on that Motion for July 2, 2026.
3. Plaintiff intended to appear remotely by Zoom as a pro se litigant; no attorney appeared to present Plaintiff's position during the hearing.
4. Plaintiff did not receive a Zoom invitation directly from the Court.
5. After discovering that no invitation had been received, Plaintiff contacted counsel and obtained the Zoom hearing link.
6. Plaintiff joined the Court's Zoom proceeding approximately thirty (30) minutes before the scheduled commencement of the hearing.
7. Following the hearing, the Court took Defendant's Motion under submission.

## III. FACTUAL BACKGROUND

8. Plaintiff joined the Court's Zoom proceeding approximately thirty minutes before the scheduled hearing.
9. Plaintiff remained connected throughout the hearing.
10. Plaintiff was able to hear the proceedings.
11. During the Courtroom Deputy's attempt to communicate with Plaintiff, a serious communication failure occurred.
12. Plaintiff heard his name being called but was unable to understand what was being said because the audio became severely distorted.
13. Before Plaintiff was able to respond or resolve the communication failure, he was placed into attendee/listener mode.
14. Plaintiff therefore had no opportunity to address the Court or present oral argument in opposition to Defendant's Motion.
15. Plaintiff remained connected throughout the hearing and was able to hear the proceedings. The communication failure prevented Plaintiff from communicating with the Court, even though he remained connected to the Zoom proceeding throughout the hearing.
16. Immediately following the hearing, Plaintiff telephoned William P. Ramey and described what had occurred.
17. Following that conversation, Plaintiff immediately notified the Court in writing.
18. Plaintiff simultaneously copied Defendant's counsel on that communication.
19. The Court thereafter directed that Plaintiff's contemporaneous notice be placed on the docket, where it was filed as ECF No. 413.
20. Plaintiff has acted diligently at every stage by joining the hearing in advance, remaining connected throughout the proceeding, and immediately notifying both the Court and opposing counsel of the communication failure.

Plaintiff's Motion for the Right to be Heard
Case No. 4:22-cv
-01490-JST

## IV. THE OFFICIAL RECORD

The Court's official record presently includes two docket entries relevant to Plaintiff's participation in the July 2, 2026 hearing. ECF No. 412 reflects the Minute Entry for the hearing, including the statement that there was "No Appearance by the Plaintiff."

ECF No. 413 contains Plaintiff's contemporaneous notice explaining that he joined the Zoom proceeding before the hearing commenced, remained present throughout the proceeding, but was unable to participate because of the communication failure described above.

Plaintiff respectfully requests that the Court consider ECF Nos. 412 and 413 together in evaluating the procedural history of the July 2, 2026 hearing.

## V. PLAINTIFF'S RIGHT TO BE HEARD

Plaintiff joined the proceeding before the hearing and remained connected throughout.
Plaintiff immediately notified the Court after the hearing and the Court docketed that notice as ECF No. 413.

Plaintiff respectfully requests that the Court consider the procedural circumstances described above, together with ECF Nos. 412 and 413, in determining whether any procedural relief is appropriate before issuing its ruling on Defendant's Motion for Attorneys' Fees.

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

A. Consider ECF No. 413 together with ECF No. 412 in determining the procedural history of the July 2, 2026 hearing;

B. Determine what procedural relief, if any, is appropriate in light of Plaintiff's contemporaneous notice that he joined the hearing but was unable to participate because of the communication failure;

C. Grant such procedural relief as the Court deems just and appropriate.

## VII. CONCLUSION

Plaintiff respectfully submits that he acted diligently and in good faith throughout the July 2, 2026 hearing process.

Plaintiff's Motion for the Right to be Heard
Case No. 4:22-cv
-01490-JST

Following the hearing, Plaintiff immediately notified the Court of the communication failure and that notice now forms part of the official docket as ECF No. 413.

For these reasons, Plaintiff respectfully requests that the Court address this procedural issue before ruling on Defendant's Motion for Attorneys' Fees and grant such relief as the Court considers appropriate.

Plaintiff respectfully submits that this Motion is intended solely to ensure that the Court has the opportunity to consider the procedural circumstances reflected in ECF Nos. 412 and 413 before ruling on Defendant's pending Motion.

Respectfully submitted,

DATED: July 10, 2026

**Lauri Valjakka**
Plaintiff, Pro Se

5

Plaintiff's Motion for the Right to be Heard
Case No. 4:22-cv
-01490-JST