UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAURI VALJAKKA,

              Plaintiff,

    v.

NETFLIX, INC.,

              Defendant.

Case No. 22-cv-01490-JST

**ORDER ON MOTION FOR RELIEF**

Re: ECF No. 414

Before the Court is Plaintiff Lauri Valjakka's "motion to preserve [his] right to be heard, to clarify the official record, and for appropriate relief." ECF No. 414.

On July 2, 2026, the Court held a hearing on Defendant Netflix's pending motion for attorneys' fees, sought jointly from Valjakka and Nonparty William Ramey, Valjakka's former counsel. ECF No. 412. In advance of the hearing, Valjakka filed a motion to appear by Zoom, which the Court denied as moot because the hearing was already scheduled to be held entirely by Zoom "pursuant to this Court's scheduling notes and standing order governing civil cases." ECF Nos. 410, 411. The Court's website provides the link to join Zoom hearings and notes that "[i]f you are a case participant, you will join as an attendee, then you will be brought into the proceeding by court staff." *See* https://cand.uscourts.gov/judges/jst/tigar-jon-s. Valjakka has participated in at least one prior Zoom hearing in this matter, held on May 8, 2025. ECF No. 323 at 2.

At the July 2 hearing, this Court's courtroom deputy asked parties making an appearance in the matter to "raise your hand within the Zoom function to be promoted in as a panelist." She then said "Mr. Valjakka, I'm going to promote you in as a panelist. Please accept when the box appears." And then: "Okay, Mr. Valjakka, you are declining to be promoted. You [] have to be

promoted in as a panelist in order to speak." Again, she said "I'm gonna promote you in. One more time, . . . when the box appears, please rejoin. Okay, so you're declining to be promoted in as a panelist." The courtroom deputy attempted to promote Valjakka to a panelist several times. The Court noted on the record that by repeatedly declining the invitation to be a panelist, Valjakka had indicated his intent to listen to the proceedings without offering oral argument.

Valjakka did not attempt to communicate with the Court again until one hour and 18 minutes after the hearing's start time, almost one half hour after it had concluded. *See* ECF Nos. 412, 413. He emailed the courtroom deputy and opposing counsel stating that he joined the Zoom hearing early and "remained available to participate," but "[a]fter [he] was admitted, [he] experienced a severe audio communication problem during the Courtroom Deputy's attempt to communicate with [him]" and "could not understand what was being said." ECF No. 413 at 1. "Before [he] was able to resolve the problem or respond, [he] was placed into attendee/listener mode and was unable to address the Court." *Id*.

Valjakka's present motion does not seek any specific relief. Rather, he "requests that the Court determine the appropriate procedural relief before issuing its ruling [on the motion for attorney's fees], or alternatively grant such relief as the Court deems just to preserve Plaintiff's right to be heard and to ensure that the official record accurately reflects the relevant proceedings." ECF No. 414 at 2; *see also id*. at 5.

"If Plaintiff seeks assistance from the Court, he must seek specific relief . . ." *Granillo v. Corr. Corp. of Am.*, No. CV092667PHXDGCDKD, 2010 WL 1250734, at *2 (D. Ariz. Mar. 24, 2010); *see also James v. Hunt*, No. 3:25-CV-00011-SLG, 2025 WL 1503941, at *3 (D. Alaska May 27, 2025) ("A motion is a request for specific relief from the Court."). Because Valjakka "has not indicated what relief he seeks nor provided any legal basis on which the court could grant relief the request for relief will be denied." *Calderon v. Covello*, No. 2:23-CV-1974 DB P, 2023 WL 7168471, at *6 (E.D. Cal. Oct. 31, 2023).

In any case, Valjakka has not been denied the opportunity to be heard. As the Court stated during the hearing, the Court "read very carefully the papers that [Valjakka] filed in opposition to the motion." That the Court's consideration of Valjakka's written opposition was sufficient is

further underscored by the Federal Rules of Civil Procedure and the Civil Local Rules of this district, both of which allow a motion to be taken under submission without oral argument. Fed. R. Civ. P. 78(b); Civil L. R. 7-1(b).

For these reasons, Valjakka's motion is denied.

**IT IS SO ORDERED.**

Dated: July 13, 2026



_____

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California