William P. Ramey, III
Email: wramey@rameyfirm.com
RAMEY LLP
446 Heights Blvd., Suite 200
Houston, TX 77007
Telephone: (713) 426-3923

*William P. Ramey, III pro se*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>    Plaintiff,<br><br>  v.<br><br>NETFLIX, INC.,<br><br>    Defendant. | Case No. 4:22-cv-01490-JST<br><br>**NON-PARTIES WILLIAM P. RAMEY, III AND RAMEY LLP'S UNOPPOSED MOTION TO EXTEND TIME TO MEET AND CONFER AND SUBMIT FEE-ALLOCATION PROPOSALS (ECF No. 416); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Civil L.R. 6-1(b), 6-2, 6-3]<br><br>Judge: Hon. Jon S. Tigar |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Non-Parties William P. Ramey, III and Ramey LLP (together, "Ramey") move the Court, under Civil Local Rules 6-1(b), 6-2, and 6-3, for an order extending by three weeks the deadline set in the Court's July 13, 2026 Order Granting Defendant's Motion for Attorney's Fees (ECF No. 416) for the parties to meet and confer and to submit proposals explaining the amount of fees for which Ramey is liable. The deadline now falls on August 10,

2026. Ramey asks that it be reset to August 31, 2026. Netflix does not oppose. The motion rests on this notice, the memorandum below, the accompanying Declaration of William P. Ramey, III, the [Proposed] Order, and the record in this case. Because the relief is administrative and unopposed, Ramey does not notice the motion for hearing. See Civil L.R. 7-11; Standing Order for All Civil Cases Before District Judge Jon S. Tigar § K.

<b>MEMORANDUM OF POINTS AND AUTHORITIES</b>

**I.      Background and Relief Requested**

The Court granted Netflix's fee motion in part on July 13, 2026, awarding $3,000,000 against Valjakka and holding Ramey jointly and severally liable in an amount yet to be fixed. ECF No. 416 at 23. It directed the parties, within 28 days, to meet and confer and to submit proposals of no more than five pages each addressing the amount of fees for which Ramey is liable, mindful of the Court's bad-faith findings and the rule that a fee-based sanction must bear a causal relationship to the misconduct that produced it. Id.; see Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 108–09 (2017). Twenty-eight days from July 13 is August 10, 2026. See Fed. R. Civ. P. 6(a)(1). Ramey requests a single three-week extension of that deadline, to August 31, 2026, covering both the meet-and-confer and the proposals.

**II.      Good Cause Supports a Short, Unopposed Extension**

qThe proposal the Court has called for is not a matter of argument alone; it depends on a careful causal accounting. Goodyear confines any fee sanction to the fees the sanctioned conduct actually caused. 581 U.S. at 108–09. Producing a proposal that meets that standard requires the parties to work through Netflix's billing records and to separate the hours fairly traceable to the two concealment findings the Court identified from the hours that are not. Those records are extensive. See ECF No. 388 & supporting exhibits. A meaningful meet-and-confer—one that stands a real

chance of narrowing what the parties put before the Court—likewise takes more time than the original window leaves.

Ramey is also bringing new counsel into this phase of the case to represent him and Ramey LLP. Newly engaged counsel needs a fair opportunity to come up to speed on a lengthy record and the Court's findings before preparing a proposal that responds effectively to the Order. A three-week extension supplies that opportunity.

The request is a modest one. It seeks three weeks, not more; it is the first request to modify this deadline; it touches no hearing and no other date; and it will not delay this case, which is the subject of pending appeals before the United States Court of Appeals for the Federal Circuit. Counsel for Netflix confirmed on July 21, 2026 that Netflix does not oppose the extension. The particulars required by Civil Local Rule 6-3(a) are set out in the accompanying declaration.

For these reasons, Ramey respectfully requests that the Court extend the ECF No. 416 deadline to August 31, 2026, and enter the accompanying [Proposed] Order.

Dated: July 22, 2026

Respectfully submitted,

RAMEY LLP

/s/ William P. Ramey, III
William P. Ramey, III
446 Heights Blvd., Suite 200
Houston, Texas 77007
(713) 426-3923
wramey@rameyfirm.com

***Movant appearing on his own behalf
and as counsel for Ramey LLP***

**CERTIFICATE OF SERVICE**

I certify that on July 22, 2026, I electronically filed the foregoing Unopposed Motion to Extend Time, the supporting Declaration of William P. Ramey, III, and the [Proposed] Order with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record and Mr. Valjakka.

/s/ William P. Ramey, III
William P. Ramey, III

UNOPPOSED MOTION FOR EXTENSION TO RESPOND TO
NETFLIX INC.'S MOTION FOR ATTORNEYS' FEES
Case No. 4:22-cv-01490-JST