Lauri Valjakka
Arinakatu 2 B 38
FI-53100 Lappeenranta, Finland
Telephone: +358 50 467 0090
Email: lauri.valjakka@eezykeyz.fi
*Plaintiff, Pro Se*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **LAURI VALJAKKA,**<br>Plaintiff,<br><br>v.<br><br>**NETFLIX, INC.,**<br>Defendant. | **Case No. 4:22-cv-01490-JST**<br><br>**PLAINTIFF LAURI VALJAKKA'S SEPARATE, CONDITIONAL STATEMENT REGARDING FEE ALLOCATION PURSUANT TO ECF NOS. 416 AND 422**<br><br>**Judge: Hon. Jon S. Tigar** |

**SEPARATE CONDITIONAL STATEMENT**

Plaintiff Lauri Valjakka, proceeding pro se, submits this separate statement solely to comply with the allocation directive in ECF No. 416, as extended by ECF No. 422. Plaintiff expressly disputes the underlying attorneys' fee award, the findings supporting that award, and any obligation by Plaintiff to pay any amount. Plaintiff does not consent to the entry, enforcement, or collection of any fee judgment against him. Nothing in this statement constitutes an admission of liability, an acceptance of ECF No. 416, or a waiver of Plaintiff's pending Rule 59(e) motion, ECF No. 425, or any right to appellate review. This statement addresses allocation only on the assumption, solely for purposes of compliance, that some fee award were ultimately to survive post-judgment and appellate review.

**I. PLAINTIFF'S CONDITIONAL ALLOCATION POSITION**

Solely for purposes of the Court-directed allocation exercise, and without conceding that any fee award is valid or payable, Plaintiff proposes that the amount attributable to William P. Ramey III and Ramey LLP under ECF No. 416 be $3,000,000, or 100% of any lesser fee amount that is ultimately upheld and becomes legally enforceable after disposition of Plaintiff's Rule 59(e) motion and appellate review. This is an allocation position only. It is not an admission that Plaintiff owes Netflix $3,000,000, or any amount, and it does not consent to entry or enforcement of a fee judgment against Plaintiff.

**II. THE ORDER'S CAUSATION FRAMEWORK**

ECF No. 416 states that the law requires a causal connection between sanctionable conduct and the fees incurred. In addressing the scope of sanctions against Ramey, the Court determined that Ramey is responsible for fees incurred between November 2021 and his withdrawal in March 2024, as well as discovery costs incurred after his withdrawal that are attributable to the nondisclosure of information concerning CDN and AiPi. ECF No. 416 at 19-20. The Court separately required exclusion of fees already recoverable for the protective-order violation so that those amounts are not recovered twice. Id. at 20. Plaintiff preserves all challenges to those findings and to the underlying award.

## III. THE FEE RECORD EXCEEDS THE $3,000,000 CAP BEFORE WITHDRAWAL

Netflix's fee evidence states that, prior to March 2024, its top-billing Perkins Coie attorneys incurred approximately $3.6 million in fees. ECF No. 407-2 para. 4. Netflix's Baker Botts declaration states that identified Baker Botts attorneys accrued $624,584.40 in fees from the start of the case through February 2024. ECF No. 407-1 para. 13. Those figures total approximately $4,224,584.40 before Ramey's March 24, 2024 withdrawal.

Netflix likewise argued that, before Ramey's withdrawal, it had incurred approximately $4.2 million from its most significant billers and that the $3,000,000 amount would remain available even if expenses from March 2024 onward were disregarded. ECF No. 407 at 14. Netflix also represented that its fee calculation had already removed the fees incurred in connection with the protective-order violation. ECF No. 388 at 24 n.10; ECF No. 407 at 14.

## IV. REQUIRED EXCLUSIONS AND ALTERNATIVE PROCEDURE

Plaintiff recognizes that ECF No. 416 did not attribute every category of conduct discussed in the fee order to Ramey. For example, the Court stated that certain CDN-transfer conduct and certain infringement-related conduct would not form part of the basis for the fee award against Ramey. ECF No. 416 at 16, 18. Any task solely attributable to a category the Court expressly excluded from Ramey's sanction basis should therefore be excluded from the amount attributed to Ramey.

On the present record, however, the identified pre-withdrawal fees exceed the $3,000,000 cap by more than $1.2 million. If the Court concludes that further task-level segregation is necessary before fixing the amount attributable to Ramey and Ramey LLP, Plaintiff respectfully requests that Netflix be directed to identify, by date and task, the entries it contends fall within the categories ECF No. 416 held causally attributable to Ramey, with the parties permitted to respond before a final allocation is entered.

## V. MEET AND CONFER

On August 31, 2026, Plaintiff initiated meet-and-confer communications with counsel for Netflix and counsel for Ramey and Ramey LLP concerning the allocation required by ECF Nos. 416 and 422. Netflix counsel Adam Hester responded that counsel for Ramey and Ramey LLP had been conferring with Netflix regarding the submission and that Netflix and Ramey/Ramey LLP would each file a separate statement. Accordingly, no joint proposal was reached. Plaintiff therefore submits this separate conditional statement to comply with the Court's order while expressly preserving all post-judgment and appellate challenges.

## CONCLUSION

For the avoidance of doubt, Plaintiff does not agree that he owes Netflix $3,000,000 or any other amount. Solely for purposes of complying with ECF Nos. 416 and 422, Plaintiff proposes that, if and only if a fee award ultimately survives Plaintiff's pending Rule 59(e) motion and appellate review, the amount attributable to Ramey and Ramey LLP be $3,000,000, or 100% of any lesser amount ultimately upheld and legally enforceable. Alternatively, if further segregation is required, Plaintiff requests the task-level procedure described above. Nothing in this statement should be construed as consent to, acceptance of, or waiver of any challenge to the fee award itself.

Dated: August 31, 2026

Respectfully submitted,
/s/ Lauri Valjakka
Lauri Valjakka
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I certify that on August 31, 2026, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system. The CM/ECF system will send a Notice of Electronic Filing to all registered counsel of record.

/s/ Lauri Valjakka