Sarah E. Piepmeier, Bar No. 227094
Sarah.Piepmeier@ashurstperkins.com
ASHURST PERKINS COIE US LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Janice L. Ta (appearance *pro hac vice*)
Janice.Ta@ashurstperkins.com
ASHURST PERKINS COIE US LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

***Attorneys for Defendant***
***NETFLIX, INC.***

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

LAURI VALJAKKA,

Plaintiff,

v.

NETFLIX, INC.,

Defendant.

**Case No. 4:22-cv-01490-JST**

**DEFENDANT NETFLIX, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL [SEPARATE PROPOSAL RE: RAMEY ATTORNEYS' FEE LIABILITY]**

# I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Netflix, Inc. ("Netflix") hereby submits this administrative request for a narrowly tailored Order authorizing the sealing of certain materials filed in connection with Netflix's Separate Proposal Regarding Attorneys' Fee Liability of William Ramey and Ramey LLP (re: ECF No. 416) ("Netflix's Motion"). As part of its Motion for Attorneys' Fees, Netflix previously sought (and was granted) a request to seal redacted versions of Exhibits A-C to the Declaration of Adam Hester in support of Netflix's Separate Proposal ("Hester Fee Declaration"); these versions differ only in that they include additional highlighting and mark-up to make clear the fees Netflix incurred based on certain misconduct by William Ramey and Ramey LLP. *See* ECF Nos. 386 (administrative motion to file under seal), 391 (order granting administrative motion). Exhibit D to the Hester Fee Declaration summarizes information found in in Exhibits A-C.

Netflix submits this Motion and the Declaration of Adam Hester ("Hester Sealing Declaration") and refers the Court to the Declarations of Sarah E. Piepmeier and Rachael D. Lamkin in support of Netflix's Motion for Attorneys' Fees (ECF Nos. 386-02 ("Piepmeier Sealing Declaration") and 386-03 ("Lamkin Sealing Declaration"), respectively) to protect the confidentiality of the information contained in declarations and exhibits to Netflix's Motion.

The supporting exhibits to Netflix's Motion contain three categories of sealable information: (1) billing rates of Netflix's outside counsel (and other information from which those rates may be derived); (2) information describing privileged and/or confidential work performed by Netflix's outside counsel; and (3) bank account, tax identification, routing transactional information, client-matter, and similar information for Netflix and/or its outside counsel. Below, Netflix explains why there is good cause to seal unredacted copies of documents that include these categories of information.

Specifically, Netflix seeks to seal:

| Document | Entirety Or Redacted | Designating Party | Basis for Request to File Under Seal |
|---|---|---|---|
| Exhibits A and B to the Hester Fee Declaration. | Yellow Highlighted Redactions on the Following Pages:<br><br>Exhibit A: 1-3, 8-9, 14-15, 21-23, 28-29, 34-36, 41-42, 46-48, 56-57, 64-65, 72-74, 83-84, 90-92, 100-101, 108-110, 119-120, 128-130, 137-138, 146-149, 158-160, 173-75, 188-190, 200-202, 216-217, 228-231, 241-243, 250-251, 254-256, 260-262, 265-269, 271-272, 274-275, 277-284, 286-290, 292-293, 298-300, 304-306, 312-313, 318-320, 324-325, 328-329, 332-333, 339-340, 344-345, 347-349, 351-356.<br><br>Exhibit B: 1-3 (All Pages). | Netflix (with its outside counsel Ashurst Perkins Coie) | Exhibits A and B to the Hester Fee Declaration contain highly confidential business information of Netflix and its outside counsel, Ashurst Perkins Coie.<br><br>The limited portions that Netflix seeks to seal on these pages include negotiated billing rates for outside counsel at Ashurst Perkins Coie as well as information that could be used to derive those rates. *See* 386-02 (Piepmeier Sealing Decl.), ¶¶3-4 (discussing versions of same documents submitted as Exhibits ZV and ZW).<br><br>Netflix respectfully requests that the highlighted portions of these exhibits be redacted. |
| Exhibit A to the Hester Fee Declaration. | Yellow Highlighted Redactions on the Following Pages: 4-5, 7-8, 10-14, 16-21, 24-28, 30-34, 37-40, 43-46, 49-56, 58, 61-64, 66-72, 75-79, 81-82, 85, 87-90, 93-99, 102-104, 107-08, 111-118,<br>121, 123, 125-128, 133-137, 139-146, 152-157, 162, 164, 168-172, 176-187, 191-194, 196-200, 203-215, 220-221, 224-227, 232-234, 236-241, 244, 247-250, 257-260, 270, 273, 279, 282, 288, 303, 308, 317-318, 321-322, 326, 350, 355. | Netflix (with its outside counsel Ashurst Perkins Coie) | Exhibit A to the Hester Fee Declaration contains highly confidential business information of Netflix and its outside counsel, Ashurst Perkins Coie.<br><br>The limited portions that Netflix seeks to seal to seal on these pages include information that is confidential, attorney-client privileged, attorney work product, or describes any of the foregoing. *See* Hester Sealing Decl., ¶3.<br><br>Netflix respectfully requests that the highlighted portions of this exhibit be redacted. |
| Exhibit A to the Hester Fee Declaration. | Yellow Highlighted Redactions on All Pages. | Netflix (with its outside counsel Ashurst Perkins Coie) | Exhibit A to the Hester Fee Declaration contains highly confidential business information of Netflix and its outside counsel, Ashurst Perkins Coie. |

| Document | Entirety Or Redacted | Designating Party | Basis for Request to File Under Seal |
|---|---|---|---|
| | | | The limited portions that Netflix seeks to seal on these pages include bank account, tax identification, routing instructions, client-matter and similar information. *See* Hester Sealing Decl., ¶3.<br><br>Netflix respectfully requests that the highlighted portions of this exhibit be redacted. |
| Exhibit C to the Hester Fee Declaration. | Yellow Highlighted Redactions on the Following Pages:<br><br>Exhibit C: 1, 3-6, 13-17, 23-27, 30-35, 39-55, 59-74, 76-81, 83-87, 89-99, 103-109, 112-115, 121-126, 141-147, 152-157, 175-180, 188-193, 203-209, 214-219, 223-228, 234-238, 242-265. | Netflix (with its outside counsel Baker Botts) | Exhibit C to the Hester Fee Declaration contains highly confidential business information of Netflix and its outside counsel, Baker Botts.<br><br>The limited portions that Netflix seeks to seal on these pages include negotiated billing rates for outside counsel at Baker Botts, as well as information that could be used to derive those rates. *See* ECF No. 386-03 (Lamkin Sealing Decl.), ¶¶5-6 (discussing versions of same documents submitted as Exhibit 1).<br><br>Netflix respectfully requests that the highlighted portions of this exhibit be redacted. |
| Exhibit C to the Hester Fee Declaration. | Yellow Highlighted Redactions on the Following Pages:<br><br>Exhibit C: 2-3, 7-11, 18-20, 23, 28, 131, 137, 170, 181, 184-88, 200, 203, 210-211, 241, 263. | Netflix (with its outside counsel Baker Botts) | Exhibit C to the Hester Fee Declaration contains highly confidential business information of Netflix and its outside counsel, Baker Botts.<br><br>The limited portions that Netflix seeks to seal on these pages include information that is confidential, attorney-client privileged, attorney work product, or describes any of the foregoing. *See* ECF No. 386-03 (Lamkin Sealing Decl.), ¶7.<br><br>Netflix respectfully requests that the highlighted portions of this exhibit be redacted. |
| Exhibit C to the Hester | Yellow Highlighted Redactions on All Pages. | Netflix (with its | Exhibit C to the Hester Fee Declaration contains highly |

| Document | Entirety Or Redacted | Designating Party | Basis for Request to File Under Seal |
|---|---|---|---|
| Fee Declaration. | | outside counsel Baker Botts) | confidential business information of Netflix and its outside counsel, Baker Botts.<br><br>The limited portions that Netflix seeks to seal on these pages include Tax ID numbers, invoice numbers, matter numbers, bank account and similar information. *See* ECF No. 386-03 (Lamkin Sealing Decl.), ¶7.<br><br>Netflix respectfully requests that the highlighted portions of this exhibit be redacted. |
| Exhibit D to the Hester Fee Declaration. | Entirely | Netflix (with its outside counsel Ashurst Perkins Coie and Baker Botts) | Exhibit D to the Hester Fee Declaration contains highly confidential business information of Netflix and its outside counsel, Ashurst Perkins Coie and Baker Botts. *See* Hester Sealing Decl., ¶4.<br><br>The information in Exhibit D that Netflix seeks to seal includes information that could be used to derive negotiated billing rates for outside counsel at Ashurst Perkins Coie and Baker Botts.<br><br>Netflix respectfully requests that this exhibit be redacted. |

## II. RELEVANT LEGAL STANDARDS

Under Ninth Circuit law, a party seeking permission to file documents under seal in support of a motion that is "unrelated, or only tangentially related to the underlying cause of action" must meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c). *See Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1179-80 (9th Cir. 2006) (internal quotations omitted). Motions subject to the "good cause" standard are generally non-dispositive motion, such as a motion for attorneys' fees. *See, e.g., Glob. Indus. Invest. Ltd. v. 1955 Cap. Fund I GP LLC*, No. 21-cv-08924-HSG, 2023 WL 6165695, at *2 & *4 (N.D. Cal. Sept. 20, 2023) ("The Court [] applies the good cause standard to those documents related to ancillary and non-dispositive

motions," including the parties "respective motions for attorneys' fees.").

Under the "good cause" standard, a court may issue "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c). Rule 26(c) "gives the district court much flexibility in balancing and protecting the interests of private parties." *See Kamakana,* 447 F.3d at 1180.

## III. THE COURT SHOULD GRANT NETFLIX'S REQUEST AS TO PORTIONS OF ITS SUPPORTING EXHIBITS.

### A. Good Cause Exists to Seal Netflix's Unredacted Outside Counsel Billing Records.

Netflix respectfully requests that the Court seal three categories of information in the billing records Netflix submits in support of its Motion: (1) billing rates of Netflix's outside counsel (and other information from which those rates may be derived); (2) information describing privileged and/or confidential work performed by Netflix's outside counsel; and (3) bank account, tax identification, routing transactional information, client-matter, and similar information for Netflix and/or its outside counsel. Courts in this circuit have sealed the entirety of a party's confidential outside counsel billing records. *See, e.g., Quackenbush v. Am. Honda Motor Co.,* No. C 20-05599, 2023 WL 8360045, at *12 (N.D. Cal. Dec. 1, 2023), *In re Maxwell Techs Inc.*, No. 13CV966, 2015 WL 12791166, at *7 (S.D. Cal. Jul. 13, 2015). But Netflix seeks only to seal a narrowly tailored portion of its hundreds of pages of billing records related to these categories of sensitive confidential and/or privileged information. And neither William Ramey nor Ramey LLP will be prejudiced in their ability to respond to Netflix's request for an award of fees against them, as each has previously and will be permitted to see the unredacted information. The Court has previously sealed the same information in versions of Exhibits A-C filed with Netflix's Motion for Attorneys' Fees. *See* ECF No. 391.

#### 1. Netflix's outside counsel billing rates

The Court has previously granted Netflix's request to seal its outside counsel billing rates (and information that could be used to drive the rates). *See* ECF No. 337 (granting ECF No. 332); ECF No. 391 (granting ECF No. 386) The good cause for sealing the rates now is the same as before: these billing rates are the product of negotiations between Netflix and each of its outside

counsel, are discounted relative to outside counsel's standard billing rates, and, to the extent these rates are made public, each of Netflix and its outside counsel could be competitively disadvantaged in subsequent negotiations with their outside counsel and clients, respectively. *See* ECF No. 386-02 (Piepmeier Sealing Decl.), ¶¶3-4; ECF No. 386-03 (Lamkin Sealing Decl.), ¶¶5-6; *see also* ECF No. 332 at 3-4. In similar circumstances, courts in the Ninth Circuit have found at least good cause to seal outside counsel's billing rates. *See, e.g., Glob. Indus Invest.*, 2023 WL 6165695, at *4 (finding good cause to seal billing rate information where public disclosure "regarding the discount the [attorneys] have provided" to their respective clients through "individual[] negotiat[ions]" "could cause them competitive harm if made public."), *Clark v. Incomm Fin. Servs., Inc.*, No. 22-1839, 2024 WL 4744041, *2-3 (C.D. Cal. Sept. 13, 2024) (finding "compelling reason to seal Counsel's billing rates" which were "negotiated," "competitively sensitive[,] and not publicly known."). As such, Netflix respectfully requests that the Court seal the portions of the billing record exhibits (Exs. A-C) or summaries of billing information (Ex. D) to the Hester Fee Declaration that either state Netflix's outside counsel billing rates, could be used to derive the billing rate, or which otherwise provide information about the billing rate. *See supra*, 2:1-14, 3:7-18, 4:10-19 (identifying pages of unredacted documents including billing rates and related information).

**2. Confidential and/or privileged information**

Even applying the higher "compelling reasons" standard for sealing, Courts in this District will grant motions to seal confidential legal advice, attorney work product, or other confidential information found in outside counsel billing records. *See, e.g., In re Anthem Inc.*, No. 15-MD-02617, 2018 WL 3960068, at *33 (N.D. Cal. Aug. 17, 2018) (granting motion to seal "billing records … to the extent that they reveal confidential legal advice or attorney work product"); *see also Quackenbush,* 2023 WL 8360045, at *11 (sealing attorney billing records "[b]ecause such records may implicate privileged information."), *In re Maxwell*, 2015 WL 12791166, at *7 (sealing "very detailed billing records of counsel and their activities [which] could disclose confidential and privileged information.")

Netflix seeks to have discrete portions of its outside counsel billing records sealed because

the information implicates or relates to confidential legal advice, attorney work product, or is otherwise confidentially disclosed or discussed as part of the attorney-client relationship. As set forth in the Hester Sealing Declaration and the Lamkin Sealing Declaration (ECF No. 386-03), the redactions include discussion of confidential work product, recommendations to clients, discussion of proposed strategy and related research, and other confidential information (i.e., confidential communications, or information about confidential documents and information, such as licensees). *See* Hester Sealing Decl., ¶3; Lamkin Sealing Decl., ¶7. Netflix has narrowly tailored its redactions: the vast majority of the entries found in Netflix's roughly 600 pages of billing records are not subject to Netflix's request to seal. As such, Netflix respectfully requests that the Court seal the portions of the billing record exhibits to Hester Fee Declaration that describe confidential and/or privileged communications and information. *See supra*, 2:14-24, 3:18-27 (identifying pages of unredacted documents including such information).

**3. Bank account, tax identification, and similar information.**

Courts in this district routinely grant motions to seal bank account, tax identification, wire transfer instructions, and similar sensitive financial information. *See, e.g., Grouse River Outfitters Ltd. v. Oracle Corp.*, No. 16-cv-02954, 2019 WL 8752333, at *2 (N.D. Cal. Sept. 27, 2019) (granting motion to seal with respect to "the tax identification numbers and wire transfer instructions" in attorney billing records). How Netflix pays its invoices has no bearing on the merits of Netflix's motion (i.e., is irrelevant to the reasons why Netflix is entitled to its reasonable attorneys' fees against Mr. Ramey and Ramey LLP). Netflix respectfully requests that the Court seal the portions of the billing record exhibits to Hester Fee Declaration include Netflix and/or outside counsel's financial information such as bank account, tax identification number, wire transfer instructions, client-matter numbers etc. *See supra*, 2:24-3:7, 3:27-4:10 (identifying pages of unredacted documents including such information).

## IV. STATEMENT OF COMPLIANCE

Defendant has reviewed and complied with the Standing Order Governing Administrative Motions to File Materials Under Seal Before District Judge Jon S. Tigar. Defendant has also reviewed and complied with Civil Local Rule 79-5, including the requirement to file separate motions if a party seeks to file under seal a document containing "portions that more than one party bears the burden of showing is sealable."

## V. CONCLUSION

For the foregoing reasons, Netflix respectfully requests that the unredacted versions of the aforementioned documents be filed under seal.

Dated: August 31, 2026

**PERKINS COIE LLP**

By: */s/ Adam Hester*

Sarah E. Piepmeier, Bar No. 227094
ASHURST PERKINS COIE US LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Sarah.Piepmeier@ashurstperkins.com
Telephone: +1.415.644.7000
Facsimile: +1.415.344.7050

Janice L. Ta (appearance *pro hac vice*)
ASHURST PERKINS COIE US LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Janice.Ta@ashurstperkins.com
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Adam Hester, Bar No. 311206
ASHURST PERKINS COIE US LLP
33 E. Main Street, Suite 201
Madison, WI 53703
Adam.Hester@ashurstperkins.com
Telephone: +1.650.838.4311

Rachael D. Lamkin, Bar No. 246066
rachael.lamkin@bakerbotts.com
Karan Singh Dhadialla, Bar No. 296313
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

***Attorneys for Defendant NETFLIX, INC.***

## CERTIFICATE OF SERVICE

I, Kate Rose, declare:

I am a citizen of the United States and employed by the firm of Ashurst Perkins Coie US LLP in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. On August 31, 2026, I caused to be served a true copy of the sealed version of the following documents

- **DECLARATION OF ADAM HESTER IN SUPPORT OF DEFENDANT NETFLIX, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL [SEPARATE PROPOSAL RE: RAMEY ATTORNEYS' FEE LIABILITY];**
- **UNREDACTED EXHIBITS 1-4;**
- **ECF NO. 386-02; and**
- **ECF NO. 386-03.**

upon counsel as listed below via electronic mail:

William P. Ramey, III
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
wramey@rameyfirm.com

Cuauhtemoc Ortega
cortega@stris.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 31, 2026.

*/s/ Kate Rose*
Kate Rose