CUAUHTEMOC ORTEGA (SBN 257443)
cortega@stris.com
**STRIS & MAHER LLP**
17785 Center Court Dr. N., Ste 600
Cerritos, CA 90703
Tel: (213) 995-6800

*Counsel for William P. Ramey, III and Ramey LLP*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| LAURI VALJAKKA<br>Plaintiff,<br>v.<br>NETFLIX INC.,<br>Defendant. | Case No. 4:22-cv-01490-JST<br>**RESPONDENTS WILLIAM P. RAMEY, III AND RAMEY LLP'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES (ECF NO. 416); EXHIBITS 1-2**<br>Judge: Hon. Jon S. Tigar |

TABLE OF CONTENTS

PAGE

I. INTRODUCTION .......... 2
II. LEGAL STANDARD .......... 4
III. ARGUMENT .......... 5
A. Diligence .......... 5
B. Grounds for Reconsideration .......... 5
1. Leave to Seek Reconsideration Is Warranted Because Prior Counsel's Newly Located Email Materially Bears on the Bad Faith Findings .......... 6
2. Leave to Seek Reconsideration Is Warranted Because the Specific Timing of the Finnish Opinions' Disclosure, Which Was Ambiguous in the Fee Motion Briefing, Bears Directly on the Concealment and Bad Faith Issues .......... 9
IV. CONCLUSION .......... 11

TABLE OF AUTHORITIES

PAGE(S)

**Federal Cases**

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,
254 F.3d 882 (9th Cir. 2001) .................... 4, 5, 9, 10

*Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*,
833 F.2d 208–12 (9th Cir. 1987) .................... 8

*Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.*,
873 F.2d 1327 (9th Cir. 1989) .................... 4

*In re Downs,*
No. 8:16-BK-12589-SC, 2020 WL 7483142, at *16 (Bankr. C.D. Cal. Nov. 17, 2020.................... 8

*In re Worlds of Wonder Sec. Litig.*,
814 F. Supp. 850 (N.D. Cal. 1993) .................... 5

*R.E. Serv. Co. v. Johnson & Johnston Assocs., Inc.,*
No. C-92-20672 RPA, 1995 WL 540072 (N.D. Cal. Sept. 6, 1995) .................... 4-5

*Winn v. Amerititle, Inc.,*
No. 1:10-CV-016-BLW,2011 WL 863508 (D. Idaho Mar. 10, 2011) .................... 9

**Federal Statutes**

28 U.S.C. § 1927 .................... 1

**Miscellaenous**

Civil L. Rule 7-9 .................... *passim*

Fed. R. Civ. Pro. 54(b) .................... 1, 4, 5

Fed. R. Civ. Pro. 59 .................... 5, 8, 9

Fed. R. Civ. Pro. 60 .................... 9

TABLE OF ABBREVIATIONS

| | |
|---|---|
| Valjakka | Plaintiff Lauri Valjakka |
| Netflix | Defendant Netflix, Inc. |
| ’167 Patent | U.S. Patent No. 8,495,167 |
| AiPi | AiPi, LLC |
| Finnish Opinion(s) | March 24, 2010 Helsinki Court of Appeal Order (affirming Helsinki District Court order of January 26, 2009) (ECF Nos. 441-5, 441-7) |
| Fee Hr’g Tr. | Transcript of July 2, 2026, Hearing on the Fee Motion |
| Fee Motion | Netflix, Inc.’s Motion for Attorney’s Fees (ECF No. 388) |
| Fee Opposition | Opposition of William P. Ramey, III and Ramey LLP to Netflix, Inc.’s Motion for Attorney’s Fees (ECF No. 402) |
| Fee Order | Order Granting Defendant’s Motion for Attorney’s Fees (ECF No. 416) |
| Ramey Decl. | Declaration of William P. Ramey, III in Support of Respondents’ Proposal re: Order Granting Defendant’s Motion for Attorney’s Fees (ECF No. 441-1) |
| Ramey Supp. Decl. | Declaration of William P. Ramey, III in Support of Respondents’ Motion for Leave to File Motion for Reconsideration (filed concurrently herewith) |
| Respondents | William P. Ramey, III and Ramey LLP |

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Respondents William P. Ramey, III and Ramey LLP move under Civil Local Rule 7-9, Federal Rule of Civil Procedure 54(b), and the Court's inherent authority for leave to file a limited motion for reconsideration of the Court's Order Granting Defendant's Motion for Attorney's Fees (ECF No. 416). The proposed motion for reconsideration and proposed order are attached hereto as Exhibit 1. The transcript of the July 2, 2026, hearing on the Fee Motion is attached as Exhibit 2. Respondents' proposed motion addresses the Fee Order's bad faith findings regarding Mr. Ramey under 28 U.S.C. § 1927 and the Court's inherent authority, and the resulting conclusion to hold respondents liable for attorney's fees. Because the fee award amount is pending, the Fee Order is not final and the proposed motion is properly raised under Local Rule 7-9. Respondents respectfully request that the Court consider the motion before fixing a final attorney's fees amount as to them. The proposed motion for reconsideration does not address the Fee Order as to Valjakka.

This motion is based on the attached Memorandum of Points and Authorities, the Supplemental Declaration of William P. Ramey, III, the accompanying exhibits, the prior Fee Motion-related briefing, hearing, and order, and the remaining record in this action. Pursuant to Local Rule 7-9(d), this motion does not propose a date for hearing or briefing schedule.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This motion seeks leave to file a motion for reconsideration of the Court's Fee Order limited to its bad faith findings as to Respondents and the resulting conclusion to hold them liable for attorney's fees. The Fee Order rests on the central finding that Mr. Ramey knowingly pursued claims he understood to be baseless from the inception of the case, and that he failed to disclose relevant evidence. Specifically, regarding the '167 patent, the Court concluded that Mr. Ramey "found out about the ownership defect when he joined the case in November 2021 after prior outside counsel resigned because of it." ECF No. 416 at 13-14. The Court further concluded that Mr. Ramey "concealed" the fact that "two competent courts had rejected Valjakka's ownership theory." *Id.* at 15. Though Mr. Ramey, in opposition to the Fee Motion, asserted that prior counsel had not told him the '167 ownership issue was defective, the Court did not credit Mr. Ramey's explanation, citing to a November 16, 2021 email where Mr. Ramey states that "[t]his is a mess" and "[t]he Appeals Court decision and district court decision do seem to address ownership." *Id.* at 14; *see* Exhibit 2 ("Fee Hr'g Tr.") at 21:3-22:3; ECF No. 402 at 2-4.

As referenced in Respondents' Proposal Re: Order Granting Defendant's Motion for Attorney's Fees, ECF No. 441, there exist important facts that were not presented to the Court but that bear directly on the substance and accuracy of the conclusion that Mr. Ramey acted in bad faith and require reconsideration and denial of Netflix's Fee Motion as to Respondents.

First, Respondents, after the July 2, 2026 hearing on the Fee Motion and the subsequent July 13, 2026 issuance of the Fee Order, located a contemporaneous email from prior counsel Erick Robinson, sent immediately before Mr. Ramey entered the case, squarely addressing the '167 patent ownership issue. In the November 13-14, 2021, email exchange, Mr. Ramey pointedly asked prior counsel regarding the '167 patent: "Ok and there is a title problem?" Mr. Robinson answered, having already exchanged substantive correspondence with AiPi and opposing counsel for another party

regarding the issue: "Have Eric explain it. *It may be okay.* They have an opinion of counsel from a Finnish law firm." ECF No. 441-3 at 2 (emphasis added).[1]

This key email exchange contradicts the position and arguments Netflix made both in the pleadings and at the hearing, where it accused Mr. Ramey of frivolousness and mischaracterization for asserting that Mr. Robinson told him the ownership issue was not foreclosed. But it was not before the Court when it ruled on the Fee Motion. It bears directly, however, on Mr. Ramey's state of mind and the resulting bad faith finding, and warrants reconsideration of the Fee Order.

Second, the disclosure chronology of the Finnish Opinions was ambiguous in Netflix's moving papers and inaccurately stated at the July 2, 2026 hearing. These omissions materially bear on the accuracy of the bad faith findings as well and warrant reconsideration. The Court found that Respondents "concealed" the Finnish court decisions regarding the '167 patent. ECF No. 416 at 15. But the Finnish Opinions were produced to Netflix on August 20, 2022 and again later that month, on August 31, 2022. ECF Nos. 441-4, 441-5, 441-6, 441-7. Though the Fee Order acknowledged that a Finnish-language opinion was produced at some point in time, ECF No. 416 at 3, it did not address the exact timing of that production, which is critically important to assessing the intent to conceal. At the Fee Motion hearing, Netflix aggravated the ambiguity by misstating the chronology of the productions, stating, "[w]e only received [the Finnish court opinions] in Finnish *a couple of years later*, and we had to have them translated to figure out what the significance was." Fee Hr'g Tr. at 9:14-16 (emphasis added). The fact, however, is the Finnish court opinions were produced within 60 days of Netflix's first set of requests for production. Ramey Supp. Decl. ¶ 4. The email correspondence conveying the productions confirms this fact, ECF Nos. 441-4, 441-5, 441-6, 441-7, and Netflix itself confirms it in correspondence attached to its motion. ECF No. 388-26 at 2 (acknowledging receipt of the Finnish-language opinions in August 2022).

Respondents do not ask the Court to revisit the broader merits of the Fee Motion, and they do not seek to repeat "any oral or written argument" already made in the moving papers or at the

[1] Page numbers here, and with respect to subsequently discussed email exhibits, are to the CM/ECF pagination of the exhibits, as opposed to the original pagination used for briefs and other cited materials.

July 2, 2026 hearing. Civil L. R. 7-9(c). Moreover, they are mindful that certain of these facts could have been elaborated on and clarified during the briefing and argument of the underlying Fee Motion. However, some of these facts were either not readily available or were not addressed by either party, and Local Rule 7-9 and the Court's broader inherent authority to correct error, permits the Court to revisit its findings as a result. The Court's bad faith findings may have significant financial, professional, and reputational consequences for Respondents. Thus, the Court should permit Respondents to file their motion for reconsideration so that the Court may evaluate the issues with a complete, accurate record.

## II. LEGAL STANDARD

Local Rule 7-9 permits a party to seek leave to file a motion for reconsideration of an interlocutory order. The party must show diligence in bringing the motion and the motion must be based on one of three grounds:

> (b)(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L. R. 7-9(b). The Fee Order remains interlocutory because the amount of fees has not yet been fixed. *See Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.*, 873 F.2d 1327, 1329 (9th Cir. 1989). The Court, therefore, retains authority to reconsider it at this juncture. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Local Rule 7-9 cross references Federal Rule of Civil Procedure 54(b), which permits courts to revise an interlocutory order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In addition to Local Rule 7-9 and Rule 54(b), the Court "has the inherent power to modify or change its orders to correct a mistake or error." *See R.E. Serv. Co. v. Johnson & Johnston Assocs., Inc.*, No. C-92-20672 RPA, 1995 WL 540072, at *3

(N.D. Cal. Sept. 6, 1995) (citing *In re Worlds of Wonder Sec. Litig.*, 814 F. Supp. 850, 874 (N.D. Cal. 1993); *Santa Monica Baykeeper*, 254 F.3d at 885 ("The general rule regarding the power of a district court to rescind an interlocutory order is as follows: 'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, *rescind*, or modify an interlocutory order for cause seen by it to be sufficient.'") (citation omitted).

Respondents bring this motion pursuant to Local Rule 7-9(b)(1) specifically, Federal Rule of Civil Procedure 54(b), and the Court's inherent authority to correct mistakes and errors.

## III. ARGUMENT

### A. Diligence

Respondents file this motion following entry of the Court's Fee Order and after the parties submitted their respective proposals regarding how attorney's fees should be allocated as to Respondents. Because the Court has not ruled on the attorney's fees amount, the Fee Order remains interlocutory, and this motion is timely brought. Respondents choose to bring this motion now, as opposed to after the fee question is resolved pursuant to Federal Rules of Civil Procedure 59 and/or 60, because it may save the Court resources to consider the issue prior to resolving the parties' fee amount dispute. The Court initially issued the Fee Order on July 13, 2026. Respondents' time since entry of the order has been spent analyzing the fee amount question, as ordered by the Court, and preparing its proposal. Having filed their fee proposal, they then turned to evaluating this motion. Respondents respectfully request that the Court find they exercised reasonable diligence in bringing this motion.

### B. Grounds for Reconsideration

Respondents seek leave to file for reconsideration under Local Rule 7-9(b)(1). The rule permits a motion for reconsideration if a "material difference in fact . . . exists from that which was presented to the Court before entry of the interlocutory order." Civil L.R. 7-9(b)(1). The material difference in fact here pertains to the existence and content of the November 13-14, 2021 email exchange between Mr. Robinson and Mr. Ramey, ECF No. 441-3, and the chronology of the Finnish Opinions' disclosure. Respondents' diligence in learning each of these facts is addressed in turn below. Respondents submit that there are fairness and due process reasons beyond those on the face

of Local Rule 7-9 regarding why reconsideration is warranted, which the Court may correct through its inherent authority to revise interlocutory orders for mistake or error. As set forth below, Netflix incorrectly stated when it received the Finnish opinions, even though it was in possession of the exact dates through discovery correspondence to which it was a party and through correspondence it attached as exhibits to its motion. And, it accused Mr. Ramey of "frivolous and mischaracterized" arguments when he asserted that Mr. Robinson did not alert him about a potentially fatal ownership issue, when there is now an email that directly corroborates Mr. Ramey's memory, and which was not addressed in the declaration filed by Mr. Robinson in support of Netflix's motion.

**1. Leave to Seek Reconsideration Is Warranted Because Prior Counsel's Newly Located Email Materially Bears on the Bad Faith Findings**

The question of what Mr. Robinson communicated to Mr. Ramey about the ownership issue was a contested matter during the litigation. The subject is important because prior counsel's statements and actions were used by Netflix to support its argument that Mr. Ramey acted in bad faith. They were also cited by the Court as part of its ultimate bad faith findings. In opposing the Fee Motion, Mr. Ramey stated by declaration that "Mr. Robinson did not communicate to [him] at the time that the Valjakka cases were fundamentally defective or incapable of being maintained in good faith as [he] would not have taken the case." ECF No. 402-1 ¶ 5. He went on to say: "To the contrary, during our communications November 2021 [sic], Mr. Robinson expressed that the ownership issues raised by Akamai were contestable and capable of being successfully addressed through legal argument and supporting evidence, including expert and foreign law submissions." *Id.* ¶ 6.

At the July 2, 2026, hearing, Netflix asserted that Mr. Ramey's "statements regarding Mr. Robinson are . . . mischaracterizations at best." Fee Hr'g Tr. at 13:10-11. It referred to an email Mr. Robinson sent on November 13, 2021, and to his declaration, which Netflix submitted in support of the Fee Motion, where Mr. Robinson states that he withdrew because of concerns with the ownership issue, without reference to any communications with Mr. Ramey expressing that there was a potential pathway forward with the litigation. Fee Hr'g Tr. at 13:15-23, 14:4-8. In light of these two items, Netflix went on to say at the hearing: "And, yet, Mr. Ramey comes back and says, oh, yeah,

well, what I remember from our phone call five years ago is something completely different that *controverts the literal contemporaneous written record* of what happened at that time." Fee Hr'g Tr. at 14:8-12 (emphasis added). Netflix described Mr. Ramey's assertion as "frivolous" and "mischaracterized." *Id.* at 14:13-14.

After the argument, the Fee Order concluded that Mr. Ramey "found out about the ownership defect when he joined the case in November 2021 after prior outside counsel resigned because of it." ECF No. 416 at 13-14. It rejected the assertions in Mr. Ramey's declaration that prior counsel did not raise ownership concerns and represented the patent was capable of being litigated, ECF No. 416 at 14, citing to a portion of the November 16, 2021 email in which Mr. Ramey states that "[t]his is a mess" and "[t]he Appeals Court decision and district court decision do seem to address ownership." *Id.* at 14. These findings went on to become the central pillar for the Court's bad faith determinations, underscoring why the newly submitted email from Mr. Robinson is important to a correct analysis. In the email, Mr. Ramey directly asked: "Ok and there is a title problem?" Mr. Robinson said: "Have Eric explain it. *It may be okay.* They have an opinion of counsel from a Finnish law firm." ECF No. 441-3 at 2 (emphasis added). Mr. Robinson asserted that the ownership issue "may be okay" after corresponding with Akamai counsel about ownership-related concerns on November 11, 2021, ECF No. 388-10 at 3-5, and after emailing AiPi on November 13, 2021, saying the "ownership issue is troubling to me" and that he would "contact [Mr. Ramey] today." ECF No. 388-6 at 23. When he contacted Mr. Ramey, he told him "it may be okay," ECF No. 441-3, and *not* that Mr. Ramey should decline to take the case (which he was offering him, after all) because of fundamental concerns about the ownership question.

Certainly, respondents do not claim that the new Mr. Robinson email standing alone is dispositive, but it does significantly change the analysis when paired with the other parts of the record. There is now contemporaneous evidence of what Mr. Robinson actually communicated to Mr. Ramey, which rebuts Netflix's claims that Mr. Ramey was frivolously mischaracterizing Mr. Robinson's view of the ownership issue. The email reflects Mr. Robinson's own contemporaneous words. And they matter: there is a world of difference between a new lawyer taking on a case after exiting counsel says there are fatal problems with the patent's ownership, and a new lawyer taking

on a case after exiting counsel says the issues "may be okay." Accordingly, the Court should permit Respondents to file their proposed motion for reconsideration analyzing the import of the email exchange and its effect on the bad faith findings.

Under Local Rule 7-9(b)(1), a party needs to show that "in the exercise of reasonable diligence" it "did not know" the facts upon which reconsideration is sought. Neither Mr. Ramey nor Mr. Robinson identified the November 13-14, 2021 email exchange in their declarations discussing the case transfer submitted as part of the Fee Motion briefing. On July 14, 2026, the day after the Court's Fee Order, Mr. Ramey requested access through the firm's information-technology support provider to its archived 2021 emails and searched for messages to and from Mr. Robinson. Ramey Supp. Decl. ¶ 3. That search located the email exchange, which appeared under the subject "Transfer of Morehouse cases." *Id.* ¶¶ 2-3; ECF No. 441-3. Once located, Respondents promptly placed the email before the Court with their attorney's fee proposal. ECF Nos. 441, 441-3.

Respondents do not suggest that the email could not possibly have been located earlier. It existed within an email archive that was within Mr. Ramey's control, even if he needed technical assistance to access it. But reasonable diligence must be assessed in context. Before the Fee Order's issuance, Mr. Ramey had provided sworn evidence of what Mr. Robinson told him. The significance of locating documentary corroboration became materially different once the Fee Order rejected Mr. Ramey's account based on emails in the record. After reviewing the Fee Order, Mr. Ramey then searched the archived correspondence with Mr. Robinson, located the exchange, and brought it to the Court's attention in his fee proposal filing. ECF No. 441-3. Respondents respectfully submit that these circumstances warrant consideration of the email under Local Rule 7-9 in conjunction with the Court's broader authority to correct mistake or error.

Decisions applying the reconsideration provisions of Federal Rules of Civil Procedure 59 and 60, which apply to final orders, generally require that newly discovered evidence could not have been obtained earlier through reasonable diligence. *See, e.g.*, *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211–12 (9th Cir. 1987). But the standard for reconsidering an interlocutory order is more flexible. *See In re Downs*, No. 8:16-BK-12589-SC, 2020 WL 7483142, at *16 (Bankr. C.D. Cal. Nov. 17, 2020) ("[I]nterlocutory orders may be reconsidered and reviewed

at any time prior to final judgment." (cleaned up)); *Winn v. Amerititle, Inc.*, No. 1:10-CV-016-BLW, 2011 WL 863508, at *1 (D. Idaho Mar. 10, 2011) ("A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency demands forward progress."). Reasonable diligence is called for by Local Rule 7-9, but the stricter standards governing reconsideration under Rules 59 and 60 do not foreclose the Court's authority to revisit an interlocutory ruling before final judgment.

To the extent the Court considers that Respondents' reconsideration motion is not properly brought under Local Rule 7-9(b)(1) alone, it should still permit the motion under its broader inherent authority to correct mistakes and errors. *Santa Monica Baykeeper*, 254 F.3d at 885. Netflix here asked the Court to infer conclusions about Mr. Ramey's intent when he took over the case based on Mr. Robinson's declaration and a selection of emails from the time period. When Mr. Ramey offered that Mr. Robinson did not tell him the ownership issues were fatal, Netflix accused Mr. Ramey of frivolousness and mischaracterization. The Court ultimately agreed with Netflix's position. The newly submitted email shows that there existed a material omission in the record which now renders the inferences Netflix asked the Court to make incorrect. Fairness and due process require that the Court permit Respondents to seek reconsideration of the issue with the newly submitted email.

**2. Leave to Seek Reconsideration Is Warranted Because the Specific Timing of the Finnish Opinions' Disclosure, Which Was Ambiguous in the Fee Motion Briefing, Bears Directly on the Concealment and Bad Faith Issues**

The Fee Order also found that Respondents "concealed" the fact that two Finnish courts had rejected Mr. Valjakka's ownership theory. ECF No. 416 at 15. Though the Fee Order acknowledged that Mr. Valjakka "produced a Finnish-language copy of the Finnish court order," *id.* at 3, it did not state when this happened, because neither party clearly supplied the date or evidence of production in the Fee Motion briefing. But the date of production makes all the difference. Respondents request that the Court allow reconsideration of this issue pursuant to its inherent authority to correct errors.

At the July 2, 2026, hearing, Netflix made the inaccurate claim that they "only received [the Finnish court opinions] in Finnish *a couple of years later*, and [they] had to have them translated to figure out what the significance was." Fee Hr'g Tr. at 9:14-16 (emphasis added). That is not accurate.

After, Netflix served its first requests for production, the Finnish Opinions followed in Plaintiff's first document production. Ramey Supp. Decl. ¶ 4. The Helsinki District Court and Court of Appeal judgments were produced on August 20, 2022, roughly two months after Netflix served its first requests, and were produced again on August 31. *Id.* ECF Nos. 441-4, 441-5, 441-6, 441-7.

The chronology of the Finnish opinions' production, regardless of the language in which they were produced, is relevant to rebutting claims of concealment. The judgments were not produced after protracted discovery litigation. They were included in Respondents' first document production. *Id.* If Netflix had possession of the orders, but simply took no steps to review or understand them by, for example, using any number of publicly available tools that could have expeditiously generated a translation, that does not equate to concealment. The Court should have been able to analyze this issue with exact dates. Netflix, however, misstated the timeline of production, claiming it occurred *years* after it actually did (and in its moving papers, by not clearly stating the date of receipt). Netflix knows it had the opinions in August 2022; it stated so in a letter appended to its motion. ECF No. 388-26 at 2.[2] Nonetheless, the ambiguity and mistake are part of the record that the Court relied on for its findings, and it requires not just correction but reconsideration given the importance of the disclosure timeline for the concealment issue.

While Respondents identified the Finnish Opinions' production dates in their subsequent fee submission (ECF No. 441), that submission addressed the amount of fees recoverable after the Court's bad-faith finding. This motion asks the Court to consider the chronology for a related but different purpose: whether it bears on the predicate finding of bad faith and knowing concealment.

[2] During the meet and confer process for the parties' fee proposals, ECF No. 441 at 5 n.3, Respondents asked Netflix to confirm it received the Finnish language opinions in August 2022. As of the date of this filing, Netflix has still not responded to the query.

## IV. CONCLUSION

The newly located November 13-14, 2021 Robinson email exchange bears directly on what Mr. Ramey understood about the '167 patent when he entered the case. The production chronology likewise provides material context for the Court's concealment analysis. Because both bear on the knowledge and intent underlying the Court's sanctions ruling, and the appropriateness of the resulting attorney's fee award. Respondents respectfully request leave to file their motion for reconsideration.

DATED: September 21, 2026

Respectfully submitted

*/s/ Cuauhtemoc Ortega*

CUAUHTEMOC ORTEGA
STRIS & MAHER LLP
17785 Center Court Dr. N., Ste 600
Cerritos, CA 90703
Tel: (213) 995-6800
cortega@stris.com

COUNSEL FOR WILLIAM P. RAMEY, III AND RAMEY LLP

## CERTIFICATE OF SERVICE

I hereby certify that on this 21 day of September, 2026, I electronically filed the foregoing:

- **RESPONDENTS WILLIAM P. RAMEY, III AND RAMEY LLP'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; and**
- **EXHIBITS 1-2**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Cuauhtemoc Ortega*
CUAUHTEMOC ORTEGA